UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CORECIVIC, INC., a Maryland corporation,<br><br>    Defendant. | Case No.: 17-CV-1112 JLS (NLS)<br><br>**ORDER STAYING CASE AND DEFERRING RULING ON MOTION TO DISMISS**<br><br>(ECF No. 18) |

Presently before the Court in the above-captioned action is Defendant CoreCivic, Inc.'s Motion to Dismiss Complaint, ("MTD," ECF No. 18). Pending before the Court in the related case *Gonzalez v. CoreCivic, Inc.*, 17-cv-2573-JLS (NLS), is a Motion to Consolidate the present case (*Owino*) with *Gonzalez*. The Motion to Consolidate is set for hearing on March 22, 2018. The Court **STAYS** the present case until the Motion to Consolidate is resolved and **DEFERS RULING ON** Defendant's Motion to Dismiss.

Courts have the power to stay proceedings sua sponte. *Ali v Trump*, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. 2017); *Fed. Home Loan Mortg. Corp. v. Karma*, No. 14-00137 ACK-KSC, 2016 WL 922780, at *8–9 (D. Haw. Mar. 9, 2016). The issues involved in the pending proceedings need not be "controlling of the action before the court" for the court

to issue a stay. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). Indeed, for a court to issue a stay, the parties in the two cases need not be the same and the issues need not be identical. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

In determining whether to grant a motion to stay, "the competing interests [that] will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Those interests include: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

Here, as to the first factor, the Court finds no damage to Defendant from the imposition of a stay in *Owino*. The Court anticipates Defendant will file an opposition to the Motion to Consolidate in *Gonzalez*, regardless of whether or not the Court were to rule on the pending Motion to Dismiss in the present case. The only damage Defendant faces is a short delay in the resolution of its Motion to Dismiss. As to the second factor, the Court finds no hardship to either party in being required to go forward. The Motion to Dismiss is briefed by both Parties and a stay will not harm the Parties. As to the third factor, the Court finds the stay may lead to the simplification of issues. If the Court grants the Motion to Consolidate, it is logical that Defendant will file a Motion to Dismiss in *Gonzalez*, and the present Motion to Dismiss will be moot. If the Court denies the Motion to Consolidate, the stay in *Owino* will be lifted and the Court will rule on the Motion to Dismiss. The Court finds the imposition of a stay will promote judicial economy. It is logical for the Court to determine whether the two cases will be consolidated before the Court determines whether one of the cases should be dismissed. The Court exercises its inherent power to stay the proceeding in order to promote the efficiency of its docket. *See Landis*, 299 U.S. at 254 (holding a court has the inherent power to stay proceedings in order "to control the disposition of the causes on its docket with economy of time and effort for

itself, for counsel, and for litigants."); *Levya*, 593 F.2d at 863–64 ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

## CONCLUSION

The Court **STAYS** the present case and **DEFERS RULING** on the Motion to Dismiss, (ECF No. 18), until the Motion to Consolidate is resolved.

**IT IS SO ORDERED.**

Dated: February 16, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

3

17-CV-1112 JLS (NLS)