# EXHIBIT 1

STATE OF CALIFORNIA

PETE WILSON, Governor

DEPARTMENT OF INDUSTRIAL RELATIONS
## DIVISION OF LABOR STANDARDS ENFORCEMENT
*LEGAL SECTION*
45 Fremont Street, Suite 3220
San Francisco, CA 94105
(415) 975-2060

H. THOMAS CADELL, JR., *Chief Counsel*

July 22 1997

Kent Mannis
LawLine
1700 N. Broadway, Suite 305
Walnut Creek, CA  94596

      Re:  Occupation Wage Orders v. Order 5

Dear Mr. Mannis:

    Your letter of July 15, 1997, seeking clarification regarding the wage order to apply to the certain occupations and/or industries, has been referred to this office for response.

    In your letter you point out that the provisions of Wage Order 5 define the "Public Housekeeping Industry" as:

        "any industry, business, or establishment which <u>provides</u> meals, housing or maintenance services whether operated as a primary business or when incidental to other operations in an establishment not covered by an industry order of the Commission..." (Emphasis added)

That definition is followed by seven examples.  The Division feels that the key to the definition is the word "provide" by which the Commission intended to mean provided to the public or other businesses and that the examples are illustrative of this definition.

    Obviously, a law firm which, incidentally, hired a janitor would not be transformed into a Public Housekeeping Industry firm. Were that the case, all insurance companies, banks, public utilities and professional firms which hired a janitor would be transformed into Order 5 employers. If, on the other hand, a legal firm also hired janitors and groundskeepers as part of a janitorial or maintenance service which they offered to other firms, that law firm would be under Order 5 even though the maintenance service would only be incidental to other operations in the establishment.

**EXHIBIT 1**
**Page 1**

Kent Mannis
July 22, 1997
Page 2

This same discussion (see paragraph above) is applicable to an insurance company that employs a small kitchen staff to have a commissary on its premises **for its employees**. On the other hand, as with the law firm, if the insurance firm hired these individuals to provide restaurant services for the general public, the insurance firm would be subject to Order 5.

Order 5, section 2, subsection (C)(5) provides that the Order covers "[P]rivate schools, colleges, or universities, and similar establishments which provide board or lodging in addition to educational facilities." The example you cite in your letter at numbered paragraph (2), seems to fit that category. Thus, a private school which provides lunch service to pupils would be providing "board" and would be covered by Order 5.

Your example (3) involves medical clinics where no one resides which would normally be under Order 4. However, since it also operates a school which provides board, the whole of the operation would be under Order 5.

In your example (5) a cook employed by a farmer to make lunch for the farmer's field workers would be under Order 4. Agriculture is not an industry, but "agricultural" employees are under Order 14, an occupation Order. However, if the worker does not meet the definition of agricultural employee, the worker is under Order 4. Such classifications as cook, secretary, bookkeeper, etc. employed on a farm, would be subject to Order 4. (See *Harris Feeding Co. v. Dept. of Industrial Relations* (1990) 224 Cal.App.3d 464 for discussion of this issue.)

I hope this adequately addresses the questions you raised in your letter of July 15th. Incidentally, your experience of receiving differing opinions from different District Offices of the DLSE is sometimes attributable to differing factual scenarios offered.

Yours truly,

H. THOMAS CADELL, JR.
Chief Counsel

c.c. John Duncan, Chief Deputy Director
Nance Steffen, Assistant Labor Commissioner
Greg Rupp, Assistant Labor Commissioner
Tom Grogan, Assistant Labor Commissioner
Abigael Calva, Assistant Labor Commissioner

**EXHIBIT 1**
**Page 2**