| | |
|---|---|
| J. MARK WAXMAN (CA Bar #58579)<br>  mwaxman@foley.com<br>NICHOLAS J. FOX (CA Bar #279577)<br>  nfox@foley.com<br>**FOLEY & LARDNER LLP**<br>3579 VALLEY CENTRE DRIVE, SUITE 300<br>SAN DIEGO, CA 92130<br>T: 858.847.6700 // F: 858.792.6773 | ROBERT L. TEEL (CA Bar #127081)<br>  lawoffice@rlteel.com<br>**LAW OFFICE OF ROBERT L. TEEL**<br>1425 BROADWAY, MAIL CODE: 20-6690<br>SEATTLE, WASHINGTON 98122<br>T: 866. 833.5529 // F: 855.609.6911 |
| EILEEN R. RIDLEY (CA Bar #151735)<br>  eridley@foley.com<br>ALAN R. OUELLETTE<br>(CA Bar #272745)<br>  aouellette@foley.com<br>**FOLEY & LARDNER LLP**<br>555 CALIFORNIA STREET, SUITE 1700<br>SAN FRANCISCO, CA 94104-1520<br>T: 415.434.4484 // F: 415.434.4507 | GEOFFREY RAUX (*pro hac vice*)<br>  graux@foley.com<br>**FOLEY & LARDNER LLP**<br>111 HUNTINGTON AVENUE, SUITE 2500<br>BOSTON, MA 02199-7610<br>T: 617.342.4000 // F: 617.342.4001 |

Attorneys for Plaintiffs and Counter-Defendants SLYVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLYVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br>                Plaintiffs,<br>vs.<br>CORECIVIC, INC.,<br>                Defendant.<br><br>CORECIVIC, INC.,<br>                Counter-Claimant,<br>Vs.<br>SLYVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br>                Counter-Defendants. | Case No. 17-CV-01112-JLS-NLS<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS AND COUNTER DEFENDANTS' OPPOSITION TO DEFENDANT AND COUNERCLAIMANT'S MOTION FOR RECONSIDERATION AND CERTIFICATION FOR INTERLOCUTORY APPEAL**<br><br>Date: August 2, 2018<br>Time: 1:30 p.m.<br>Place: Courtroom 4D<br>Judge: Hon. Janis L. Sammartino<br><br><br>DEMAND FOR JURY TRIAL |

**TABLE OF CONTENTS**

I. INTRODUCTION ..........................................................................................................1

II. ARGUMENT ................................................................................................................2

    A. THERE IS NO BASIS FOR THE COURT TO RECONSIDER ITS RULING ON THE APPLICATION OF WAGE ORDER 5-2001 .............2

        1. There Is No New Evidence Warranting Reconsideration. ..............2

        2. There Is No Intervening Change In Controlling Law Warranting Reconsideration. ........................................................3

        3. Defendant Has Presented No Clear Error or Manifest Injustice Warranting Reconsideration. ............................................4

    B. THE COURT SHOULD NOT CERTIFY THE PREEMPTION ISSUE FOR INTERLOCUTORY APPEAL. ...............................................7

        1. The Preemption Issue Does Not Involve A Controlling Question Of Law. ...............................................................................8

        2. An Absence Of Case Law Does Not Create Substantial Ground For Difference Of Opinion Under § 1292(b). ....................9

        3. Interlocutory Certification Will Not Materially Advance Resolution Of The Litigation. .......................................................11

III. CONCLUSION ...........................................................................................................12

CERTIFICATE OF SERVICE ........................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*389 Orange St. Partners v. Arnold*,
  179 F.3d 656 (9th Cir. 1999) .................................................................................... 3

*Ahrenholz v. Board of Trustees of the University of Illinois*,
  219 F.3d 674 (7th Cir. 2000) .................................................................................... 7

*Arizona v. United States*,
  567 U.S. 387 (2012).................................................................................................. 9

*Brown v. Hain Celestial Grp., Inc.*,
  No. C 11-03082 LB, 2012 U.S. Dist. LEXIS 136702
  (N.D. Cal. Sept. 20, 2012) ........................................................................................ 8

*Carroll v. Nakatani*,
  342 F.3d 934 (9th Cir. 2003) .................................................................................... 3

*In re Cement Antitrust Litig.*,
  673 F.2d 1020 (9th Cir. 1982) .................................................................................. 8

*Christensen v. Harris County*,
  529 U.S. 576 (2000)............................................................................................. 4, 5

*Coopers & Lybrand v. Livesay*,
  437 U.S. 463 (1978) ................................................................................................. 8

*Couch v. Telescope Inc.*,
  611 F.3d 629 (9th Cir. 2010) ........................................................................ 7, 9, 10

*Fort Halifax Packing Co. v. Coyne*,
  482 U.S. 1 (1987)................................................................................................... 10

*Hansen Bev. Co. v. Innovation Ventures, LLC*,
  No. 08-CV-1166-IEG (POR), 2010 U.S. Dist. LEXIS 18003
  (S.D. Cal. Feb. 25, 2010) ........................................................................... 10, 11, 12

*James v. Price Stern Sloan, Inc.*,
  283 F.3d 1064 (9th Cir. 2002) .................................................................................. 7

*Kona Enters., Inc. v. Estate of Bishop*,
  229 F.3d 877 (9th Cir. 2000) ............................................................................... 2, 3

*Maryland v. Louisiana*,
  451 U.S. 725 (1981) ................................................................................................ 9

*McFarlin v. Conseco Servs., LLC*,
  381 F.3d 1251 (11th Cir. 2004) ............................................................................. 7

*Paz v. AG Adriano Goldschmeid, Inc.*,
  No. 14cv1372 DMS (DHB), 2015 U.S. Dist. LEXIS 188638
  (S.D. Cal. Jan. 27, 2015) ................................................................................. 9, 11

*Rice v. Santa Fe Elevator Corp.*,
  331 U.S. 218 (1947) ................................................................................................ 9

*Sch. Dist. No. 1J v. ACandS, Inc.*,
  5 F.3d 1255 (9th Cir. 1993) ................................................................................... 2

*Smith v. Clark Cty. Sch. Dist.*,
  727 F.3d 950 (9th Cir. 2013) ................................................................................. 5

*United States Rubber Co. v. Wright*,
  359 F.2d 784 (9th Cir. 1966) ................................................................................. 7

*United States v. Woodbury*,
  263 F.2d 784 (9th Cir. 1959) ................................................................................. 8

*Wash. v. Geo Group, Inc.*,
  283 F.Supp.3d 967 (W.D. Wash. 2017) ............................................................. 10

*White v. Nix*,
  43 F.3d 374 (8th Cir. 1994) ............................................................................ 9, 10

*Wyeth v. Levine*,
  555 U.S. 555 (2009) ................................................................................................ 9

*Young v. Wolfe*,
  CV 07-03190 RSWL-AJWx, 2017 U.S. Dist. LEXIS 100545
  (C.D. Cal. June 27, 2017) ...................................................................................... 5

**California Cases**

*Alvarado v. Dart Container Corp. of California*,
 411 P.3d 528 (Cal. 2018) .................................................................................. 3, 4, 5

*Constr. Protective Servs., Inc. v. Superior Court*,
 No. B183445, 2006 Cal. App. Unpub. LEXIS 595
 (Cal. App. Jan. 24, 2006) ................................................................................ 3, 4, 5, 6

**Federal Statutes**

8 U.S.C. § 1555(d) ...................................................................................................... 10

28 U.S.C. § 1292(b) ........................................................................................... 7, 8, 9, 11

Dept. of Justice Appropriation Act, Pub. L. No. 95-86, 91 Stat. 426 (1978) ................. 10

**Federal Rules**

Fed. R. Civ. P. 60 ............................................................................................................ 2

**California Authorities**

Cal. R. Ct. 8.1115 ............................................................................................................ 4

Cal.Code Regs., tit.8, § 11050 (2)(P) .............................................................................. 5

## I. INTRODUCTION

The Motion for Reconsideration and Certification for Interlocutory Appeal (the "Motion")[1] by Defendant and Counter-Claimant CoreCivic, Inc. ("Defendant") seeks extraordinary relief without meeting the basic threshold requirements to seek such relief. Defendant fails to advance any grounds for this Court to reconsider its ruling on Defendant's motion to dismiss or to certify any issue for interlocutory appeal.

First, Defendant's request that the Court reconsider its ruling concerning Wage Order 5-2001 fails because: (i) it presents no new evidence or intervening change in controlling law warranting reconsideration; and (ii) Defendant cannot show any clear error or manifest injustice resulting from the Court's ruling.

Second, Defendant's request that the Court certify the issue of whether Plaintiffs' California state law labor claims are preempted by federal immigration law is similarly baseless and should be denied. Plaintiffs have brought twelve separate claims against Defendant under both state and federal law. As such, whether certain state law claims are preempted by federal law is not a "controlling question of law" over this litigation. In addition, an immediate appeal would not materially advance this litigation's ultimate resolution because a number of Plaintiffs' claims would remain to be litigated regardless of the preemption determination. Defendant also cannot show any substantial ground for difference of opinion on this issue.

Simply put, Defendant fails to show that this Court's initial ruling creates an "extraordinary situation" justifying either reconsideration or interlocutory certification and the Motion should be denied in its entirety.

///

///

///

---

[1] Defendant seeks reconsideration and/or interlocutory appeal from a portion of the Court's May 14, 2018 Order Granting In Part And Denying In Part Defendant's Motion to Dismiss (the "May 14th Order") [Dkt. 38].

II. **ARGUMENT**

### A. There Is No Basis For The Court To Reconsider Its Ruling On The Application Of Wage Order 5-2001.

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). Because of this, reconsideration of a prior order is only "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). As applied here, none of the three requirements for reconsideration are satisfied, and the Court should deny the Motion.[2]

### 1. There Is No New Evidence Warranting Reconsideration.

The Motion fails to identify any new evidence warranting reconsideration. Defendant merely points to nearly twenty-one-year-old correspondence from the California Division of Labor Standards Enforcement (the "DLSE") responding to an inquiry concerning whether Wage Order 5-2001 applies to "certain occupations and/or industries" that are not at issue here. Dkt. 47-3 at 1. The correspondence, dated July 22,

---

[2] Notably, Defendant does not reference or rely upon Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 60 as the basis of its Motion. Even if Defendant did rely on Fed. R. Civ. P. 60, it has failed to establish the basis of such relief (*i.e.*, Defendant has not shown mistake, inadvertence, surprise or excusable negligent much less newly discovered facts or fraud). While Defendant appears to rely solely upon Civ. L. R. 7.1(i)(1) for the Motion, that rule requires a showing of new or different facts or circumstances. Civ. L.R. 7.1(i)(1)(3). At most, Defendant contends that it did not get the opportunity to address what Defendant characterizes as the Court's "incidental services" argument as to the applicability of WO 5-2001. Motion [Dkt. 47-1], p. 3. However, Defendant had the opportunity to address the issue at length in its motion to dismiss. Moreover, both the Court's May 14th Order and the present Motion note that Plaintiffs argued that WO 5-2001 was applicable given the similarity of the work in question and the work described in WO 5-2001. (*See*, May 14th Order, [Dkt. 38], pp. 47-48 and Motion, [Dkt. 47-1], pp. 2-3). Significantly, in determining the issue, the Court noted that "WO 5-2001's plain language answers this issue." May 14th Order [Dkt. 38], p. 48, line 2. The language of WO 5-2001 was neither a new fact nor circumstance that would support a motion under Civ. L.R. 7.1(i)(1)(3).

1997, plainly does not constitute new evidence that can support reconsideration of the Court's motion to dismiss ruling. Any such argument to the contrary would strain credulity for the simple reason that the DLSE correspondence obviously predates this litigation, and was readily available to Defendant at the time of briefing on the motion to dismiss. A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when such arguments or evidence ***could reasonably have been raised earlier in the litigation***." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (emphasis added); *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Reconsideration is thus not warranted on this basis.

## 2. There Is No Intervening Change In Controlling Law Warranting Reconsideration.

Defendant similarly does not contend that there is any intervening change in controlling law warranting reconsideration. Indeed, the Motion relies exclusively on an unpublished decision by the California Court of Appeal from 2006 – *Constr. Protective Servs., Inc. v. Superior Court*, No. B183445, 2006 Cal. App. Unpub. LEXIS 595 (Cal. App. Jan. 24, 2006). Dkt. 47-1 at 4-5. That decision does not support Defendant's request for reconsideration. *See supra* at II.A.3. More importantly for purposes of the question of whether there has been an intervening change in controlling law, Defendant simply cannot contend that a twelve-year-old, non-binding decision is tantamount to an intervening change in law. Accordingly, reconsideration is also not warranted on this basis.[3]

///

---

[3] The Motion also cites to *Alvarado v. Dart Container Corp. of California*, 411 P.3d 528 (Cal. 2018) for the general proposition that the "DLSE is the state agency charged with enforcing California's labor laws." Dkt. 47-1 at 3. Such an observation does not represent an intervening change in law, nor does Defendant contend that it does. Further, as discussed below, *Alvarado* does not provide any basis for reconsideration. *See supra* at II.A.3.

### 3. **Defendant Has Presented No Clear Error or Manifest Injustice Warranting Reconsideration.**

As with the first two inquiries, Defendant does not contend that the Court committed clear error or that the Court's ruling with respect to the application of Wage Order 5-2001 represents a manifest injustice. Nor does the Motion cite to any authority remotely capable of supporting such a finding. In support of its Motion, Defendant principally relies on the DLSE's July 27, 1997 correspondence and *Constr. Protective Servs*. Neither citation is capable of unsettling the Court's ruling as to Wage Order 5-2001.

First, the July 27, 1997 DLSE correspondence and *Constr. Protective Servs.* do not constitute authorities that are binding on this Court. Because the California Court of Appeal did not certify *Constr. Protective Servs.* for publication, it may not be cited as an authority or relied on as precedent. Cal. R. Ct. 8.1115 (providing that California appellate decisions may not be cited to or relied on as precedent unless certified for publication except under limited circumstances not at issue here).

Similarly, the July 27, 1997 DLSE correspondence may only be considered if this Court found that Wage Order 5-2001 is ambiguous. *See Christensen v. Harris County*, 529 U.S. 576, 588 (2000) (holding that deference to an agency's interpretation of its regulation "is warranted only when the language of the regulation is ambiguous."). Here, however, this Court relied on "WO 5-2001's plain language" in holding that Wage Order 5-2001 supports Plaintiffs' state labor law claims. Dkt. 38 at 48. Even the purported authorities relied on by Defendant provide that Wage Order 5-2001 is "clear and unambiguous." *Constr. Protective Servs.*, 2006 Cal. App. Unpub. LEXIS 595, at *11-12; *see also Alvarado*, 411 P.3d at 534 (noting that "enforcement of a law, ***especially an ambiguous law***, necessarily requires interpretation of that law, and with the benefit of many years' experience, the DLSE has developed numerous interpretations of California's labor laws, which it has compiled in a series of policy manuals") (emphasis added). As a result, there is no basis for the Court to consider the DLSE's July 27, 1997

correspondence because the plain meaning of Wage Order 5-2001 is unambiguous. *See Christensen*, 529 U.S. at 588. Moreover, DLSE interpretive guidance is not entitled to any "special deference" where, as here, the guidance was not adopted in accordance with the Administrative Procedure Act, Gov. Code, § 11340 *et seq*. As a result, this Court must rely on its "independent judgment," which is exactly what this Court did in relying on the plain language of Wage Order 5-2001 in its ruling. *Alvarado*, 411 P.3d at 538.

Second, the July 27, 1997 DLSE correspondence and *Constr. Protective Servs.* cannot support a finding that the Court committed clear error or that its ruling as to the application of Wage Order 5-2001 results in a "manifest injustice." "Clear error or manifest injustice occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Young v. Wolfe*, CV 07-03190 RSWL-AJWx, 2017 U.S. Dist. LEXIS 100545, at *5 (C.D. Cal. June 27, 2017) (quoting *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)). As applied here, the DLSE's July 27, 1997 correspondence confirms that the seven examples included in Wage Order 5-2001 are non-exhaustive. Dkt. 47-3 at 2.[4] The correspondence goes on to opine on whether industries that are not at issue here, such as law firms and insurance companies, fall within the purview of Wage Order 5-2001. *Id*. Notably, the DLSE correspondence supports this Court's reasoning that the non-exhaustive examples set forth in Wage Order 5-2001 "call to mind an institution where people remain for long periods of time for a purpose (education or healthcare) while receiving meals and lodging that are incidental to that purpose" where "each institution provides essential services for those under their charge." *Id*. at 2-3 (confirming that a "private school which provides lunch services to pupils would be providing 'board'" and would therefore "be covered by Order 5").

---

[4] The Court in its May 14th Order notes (and the Defendant admits) that WO 5-2001 is "not exhaustive." *See* May 14th Order [Dkt. 38], p. 48, lines 21-22. Indeed, when reviewed, the regulation which defines "public housekeeping" is extremely broad and includes services that echo the categories of work Defendant forced Plaintiffs to perform. *See* Cal. Code Regs., tit. 8, § 11050 (2)(P), *and compare* Compl., ¶14.

To the extent that Defendant contends that WO 5-2001does not apply because the services provided are not offered to the public or other businesses, that argument also fails. *See* Motion [Dkt. 47-1], p. 4. The plain language of WO 5-2001 does not contain such requirements. However, even if it did, the allegations asserted by Plaintiffs regarding the nature of the forced work establishes the breadth of those services, including activities that provided services to the public or other businesses. *See* Compl., ¶14(j), p. 4 (*e.g.*, plaintiffs were required to ". . . assist in preparing catered meals for law enforcement events sponsored by CoreCivic").[5]

As with the July 27, 1997 DLSE correspondence, *Constr. Protective Servs.* discusses an industry that is not at issue in this lawsuit (*i.e.*, trailer guards that reside in trailers placed on construction sites). *Constr. Protective Servs.*, 2006 Cal. App. Unpub. LEXIS 595, at *2-3. Further, the California Court of Appeal's decision – which, again, was not certified for publication and was not intended to be relied on as precedent – expressly held that trailer guards do not fall within the purview of Wage Order 5-2001 because the trailer guard business is not "similar" to any of the establishments listed in Wage Order 5-2001. *Id.* at *13. In contrast, this Court has already rejected the contention that Defendant "is not 'remotely similar' to the examples listed in the wage order." Dkt. 38 at 48. Further, unlike children, students, and the elderly who are under the charge of institutions such as private schools, hospitals, and nursing homes, and are provided with essential board and lodging by those institutions, trailer guards voluntarily contract to work at and reside on construction sites as a condition of their employment. Defendant's attempt at drawing an analogy between trailer guards and civil detainees (who obviously did not volunteer to be detained or housed in Defendant's facilities) misapprehends this critical distinction and is entirely misplaced. Where, as here, an

---

[5] Defendant's argument that the services in question are not provided to the public or other businesses is specious given Defendant's business model. Defendant enters into *federal contracts* to run the detention facilities and thus their operation (and the work Plaintiffs were forced to do as part of those operations) are provided to the public in that they are pursuant to contract made with the government of the United States. *See* Compl., ¶¶ 25-26.

"institution provides essential services for those *under their charge*," such as board and lodging, Wage Order 5-2001 applies. *Id.* (emphasis added). As Defendant has chosen to be in the business of running detention centers where individuals are housed for long periods of time, it has placed itself in a business environment where it must provide essential services to the detainees – *e.g.*, such as board and lodging – which, in turn, subjects its services to Wage Order 5-2001.

Reconsideration is, therefore, not warranted on the grounds of clear error or manifest injustice, and Defendant's Motion should be denied.

### B. The Court Should Not Certify The Preemption Issue For Interlocutory Appeal.

A 28 U.S.C. § 1292(b) interlocutory certification is appropriate only when an order involves "a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal . . . may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).[6] The district court must expressly find in writing that all three § 1292(b) certification requirements are met. *Id.*; *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Section 1292(b) "must be construed narrowly" because it is "a departure from the normal rule that only final judgments are appealable." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). Section 1292(b) is "not intended merely to provide review of difficult rulings in hard cases." *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966).

The party moving for interlocutory certification under § 1292(b) bears the burden of demonstrating "that exceptional circumstances justify a departure from the basic

---

[6] As used in section 1292(b), "question of law" refers to "pure" questions of law—something the Court of Appeals can decide "quickly and cleanly without having to study the record . . . ." *Ahrenholz v. Board of Trustees of the University of Illinois*, 219 F.3d 674, 677 (7th Cir. 2000); *accord McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004). Here, the issues are, at best, a combination of the application of law to facts (some of which are still to be developed including the hours worked, the actual work performed, the amounts paid and the terms of the contractual relationship between Defendant and the government in relationship to the facts developed as to the work activities forced upon Plaintiffs).

policy of postponing appellate review until after the entry of a final judgment." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978));[7] *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959) (noting that § 1292(b) certifications should be "applied sparingly and only in exceptional cases"). As applied here, no "exceptional circumstances" justify interlocutory certification because (1) the preemption issue does not involve a controlling question of law, (2) no substantial ground for difference of opinion exists regarding the issue of federal preemption of state labor law claims, and (3) an immediate appeal would not materially advance the ultimate termination of this litigation.

### 1. The Preemption Issue Does Not Involve A Controlling Question Of Law.

An issue is controlling if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1027. A question is "not controlling simply because its immediate resolution may promote judicial economy." *Brown v. Hain Celestial Grp., Inc.*, No. C 11-03082 LB, 2012 U.S. Dist. LEXIS 136702, at *5 (N.D. Cal. Sept. 20, 2012).

Here, Plaintiffs' first, second, third, eleventh, and twelfth claims would proceed on a class basis irrespective of the Ninth Circuit's determination of the preemption issue. While a finding in favor of preemption may arguably serve to promote judicial economy if it results in the dismissal of some of Plaintiffs' causes of action, judicial economy alone is not sufficient to warrant certification of an interlocutory appeal. *Id.* at *5.

Accordingly, the preemption issue does not involve a controlling question of law, and Defendant's motion for certification of an interlocutory appeal fails on this basis.

---

[7] *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978), has been superseded by rule. *See Microsoft Corp. v. Baker*, No. 15-457, 137 S. Ct. 1702. However, the Court's discussion of interlocutory appeal in *Coopers* involved review of denial of class certification, which was subsequently superseded by the adoption of Rule 23(f) of the Federal Rules of Civil Procedure. Thus, the Court's discussion of interlocutory appeal in *Coopers* may be superseded to the extent it applies review of denial of class certification, but the general principles applicable to interlocutory review generally—including the need for exceptional circumstances—still remains valid.

## 2. An Absence Of Case Law Does Not Create Substantial Ground For Difference Of Opinion Under § 1292(b).

A substantial ground for difference of opinion exists where (1) circuit court of appeals are in dispute on the question and the governing circuit court for the case has not spoken on the point, (2) if complicated questions arise under foreign law, or (3) if novel and difficult questions of first impression are presented. *Couch*, 611 F.3d at 633.

No "substantial ground for difference of opinion" exists here.[8] Consistent with the Court's ruling, controlling authority holds that the "historic police powers of the States" are not displaced by federal law "unless that was the clear and manifest purpose of Congress." *Wyeth v. Levine*, 555 U.S. 555, 565 (2009). An absence of litigation on this particular issue does not indicate a "substantial ground for difference of opinion." A court being "the first to rule on a particular question . . . does not mean that there is such a substantial difference of opinion as will support an interlocutory appeal." *Couch*, 611 F.3d at 633; *see also Paz v. AG Adriano Goldschmeid, Inc.*, No. 14cv1372 DMS (DHB), 2015 U.S. Dist. LEXIS 188638 (S.D. Cal. Jan. 27, 2015) (denying interlocutory appeal of preemption issue because defendant's assertion that issue is one of first impression and other jurists may disagree with the court's conclusion is "insufficient to warrant certification under § 1292(b)"). Simply put, a "dearth of cases does not constitute substantial ground for difference of opinion." *Couch*, 611 F.3d at 634 (citing *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994)).

In its May 14th Order the Court found that the preemption analysis "starts with the basic assumption that Congress did not intend to displace state law." *Maryland v. Louisiana*, 451 U.S. 725, 746 (1981). Congressional intent to displace state law can be

---

[8] Defendant's suggestion that the Court stated that Defendant's position "has support in both the statute and state law" is misleading. *See* Motion [Dkt. 47-1], pp. 6-7. In point of fact, the Court stated in its May 14th Order that "[a]t a high level of generality" Defendant's proposition that the INA preempts any state immigration regulation has such support. However, the Court further noted that ". . . the high court defined the field very narrowly [and] [n]one of the statutory sections cited by Defendant discuss the detention of aliens." May 14th Order [Dkt. 38], pp. 32-33.
Case No. 17-CV-01112-JLS-NLS
OPPOSITION TO MOTION FOR
RECONSIDERATION

Case No. 17-CV-01112-JLS-NLS
OPPOSITION TO MOTION FOR RECONSIDERATION

inferred from a framework of regulation "so pervasive . . . that Congress left no room for the states to supplement it," or where there is a "federal interest . . . so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject." *Arizona v. United States*, 567 U.S. 387, 399 (2012) (citing *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)). The "establishment of labor standards falls within the traditional police power of the State." *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 21 (1987).

Congress has not indicated any intent to displace state law in the field of detainee wages. A reading of the applicable statutes shows only that Congress has, in the past, authorized congressional appropriations for "payment of allowances" to detainees. It has not (and accordingly Defendant has not provided any supporting citation) enacted any framework, comprehensive or otherwise, for regulating detainee wages. 8 U.S.C. § 1555(d). Further, Congress has not specified any rate for such allowances since 1979. *See* Dept. of Justice Appropriation Act, Pub. L. No. 95-86, 91 Stat. 426 (1978). In short, Congress has given no indication that it intends to preempt state law regarding detainee wages, "despite its awareness of how to do so." *Wash. v. Geo Group, Inc.*, 283 F.Supp.3d 967, 977 (W.D. Wash. 2017).

Defendant has not provided a single case conflicting with this Court's application of the preemption analysis to detainee wages. *See Couch*, 611 F.3d at 633 (finding no substantial ground for difference of opinion where "defendants have not provided a single case that conflicts with the district court's construction or application"); *see also White*, 43 F.3d at 378 (finding that "[w]hile identification of 'a sufficient number of conflicting and contradictory opinions' would provide substantial ground for disagreement . . . White has cited no law to the contrary"). Defendant disagrees with this Court's application and analysis of the preemption doctrine as it relates to California labor law. Dkt.47-1 at 5. However, "[a] party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'" *Couch*, 611 F.3d at 633. Defendant's request for certification of an interlocutory appeal fails on this independent ground.

### 3. Interlocutory Certification Will Not Materially Advance Resolution Of The Litigation.

"A party seeking interlocutory certification must show that an immediate appeal may 'materially advance,' rather than impede or delay, ultimate termination of the litigation." *Hansen Bev. Co. v. Innovation Ventures, LLC*, No. 08-CV-1166-IEG (POR), 2010 U.S. Dist. LEXIS 18003, at *12-13 (S.D. Cal. Feb. 25, 2010). An appeal does not "materially advance the ultimate termination of the litigation" when litigation "will be conducted in substantially the same manner regardless of our decision." *Id.* at *13 (citing *White*, 43 F.3d at 378-79).

An immediate appeal of the preemption issue would not advance the ultimate termination of this litigation. If interlocutory appeal was certified and the Ninth Circuit agreed with this Court's decision that California state labor law claims are not preempted by federal immigration law, then certification would serve only to delay proceedings. *See Paz*, 2015 U.S. Dist. LEXIS 188638 at *5 (finding that if the "Court of Appeals agreed with this Court's decision [against finding preemption of state law claims], then certification would not have advanced the termination of this litigation. Rather it would have delayed the progress of the case and its ultimate termination"). On the other hand, this litigation would not be terminated even if the Court of Appeals found that Plaintiffs' state law claims are preempted, as Plaintiffs' remaining claims would proceed. Indeed, the reality is that some of Plaintiffs' claims (*e.g.*, the unjust enrichment claim) would require discovery that will overlap with the discovery related to the labor claims – such as analysis of the type of work done by the detainees, the amount of work, and the prevailing wage for such work – such that even if the preemption argument succeeded, it would not materially reduce the scope of the case.

Granting interlocutory certification for only the preemption issue is disfavored because it would "violate the policy against piece-meal appeals" by giving rise to the possibility of multiple appeals. *See Hansen*, 2010 U.S. Dist. LEXIS 18003 at *13 (finding § 1292(b) certification for an order granting in part and denying in part a motion

to dismiss state law claims based on preemption inappropriate where "[g]ranting certification for the Ninth Circuit to address the issues raised by part of [defendants'] counterclaim would violate the policy against piece-meal appeals"). "Permitting piece-meal appeals is bad policy because such appeals most often result in additional burdens on both the court and the litigants." *Id.* at *5 (citations omitted). This is particularly concerning in this case because interlocutory certification of a subset of Plaintiffs' claims would necessarily and significantly delay litigation and resolution of Plaintiffs' remaining claims. *See id.* at *13-14 (finding it "likely that interlocutory appeal might take one to two years to resolve, and . . . will also delay resolution of [defendant's] valid . . . counterclaim"). Defendant's request for certification of an interlocutory appeal therefore fails on this independent ground, and the Motion should be denied.

### III. CONCLUSION

Plaintiffs respectfully request that Defendant's Motion be denied in its entirety.

DATED: July 19, 2018

**FOLEY & LARDNER LLP**
J. Mark Waxman
Eileen R. Ridley
Geoffrey Raux
Nicholas J. Fox
Alan R. Ouellette


*/s/ Eileen R. Ridley*
Eileen R. Ridley

Robert L. Teel
**LAW OFFICE OF ROBERT L. TEEL**
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
Telephone:(866) 833-5529
Facsimile: (855) 609-6911
E-mail lawoffice@rlteel.com

***Attorneys for Plaintiffs
and the Proposed Class(es)***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 19, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

/s/ *Eileen R. Ridley* _____

Eileen R. Ridley