J. MARK WAXMAN  (SBN 58579)
   mwaxman@foley.com
NICHOLAS J. FOX (SBN 279577)
   nfox@foley.com
**FOLEY & LARDNER LLP**
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
T:  858.847.6700 // F:   858.792.6773

EILEEN R. RIDLEY (SBN 151735)
   eridley@foley.com
ALAN R. OUELLETTE (SBN 272745)
   aouellette@foley.com
**FOLEY & LARDNER LLP**
555 California Street, Suite 1700
San Francisco, CA 94104-1520
T:  415.434.4484 // F: 415.434.4507

ROBERT L. TEEL  (SBN 127081)
   lawoffice@rlteel.com
**LAW OFFICE OF ROBERT L. TEEL**
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
T: 866. 833.5529 // F:855.609.6911

GEOFFREY RAUX (pro hac vice)
   graux@foley.com
**FOLEY & LARDNER LLP**
111 Huntington Ave., Suite 2500
Boston, MA 02199-7610
T: 617.342.4000 // F: 617.342.4001

Attorneys for Plaintiffs SLYVESTER OWINO,
JONATHAN GOMEZ, and the Proposed Class(es)

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLYVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CORECIVIC, INC.,<br><br>Defendant. | Case No. 3:17-CV-01112-JLS-NLS<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Date:   October 18, 2018<br>Time:  1:30 p.m.<br>Place:  Courtroom 4D<br><br>Judge:  Hon. Janis L. Sammartino<br>Magistrate:  Hon. Nita L. Stormes<br><br>DEMAND FOR JURY TRIAL |
| CORECIVIC, INC.,<br><br>Counter-Claimant,<br><br>vs.<br><br>SLYVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>Counter-Defendants. | |

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................. 1

II.     LEGAL STANDARD ........................................................................... 1

III.    ARGUMENT ....................................................................................... 2

        A.      PLAINTIFFS' PROPOSED AMENDMENT IS TIMELY UNDER
                THE SCHEDULING ORDER. ................................................... 2

        B.      PLAINTIFFS' PROPOSED AMENDMENT WILL NOT HAVE
                ANY EFFECT ON THE SCHEDULING OF THIS MATTER. ................. 4

        C.      THERE IS NO BAD FAITH OR IMPROPER MOTIVE. .......................... 4

        D.      GRANTING LEAVE TO AMEND WILL NOT PREJUDICE
                DEFENDANT. .......................................................................... 5

        E.      PLAINTIFFS' PROPOSED AMENDMENT IS NOT FUTILE. ................ 6

IV.     CONCLUSION .................................................................................... 6

CERTIFICATE OF SERVICE ......................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Bell v. Allstate Life Ins. Co.*,
   160 F.3d 452 (8th Cir. 1998) ........................................................................ 6

*DCD Programs, Ltd. v. Leighton*,
   833 F.2d 183 (9th Cir. 1987) ....................................................................... 2

*Eminence Capital, LLC v. Aspeon, Inc.*,
   316 F.2d 1048 (9th Cir. 2003) ..................................................................... 5

*Foman v. Davis*,
   371 U.S. 178 (1962) ..................................................................................... 2

*Genentech, Inc. v. Abbott Labs.*,
   127 F.R.D. 529 (N.D. Cal. 1989) ............................................................... 2

*Griggs v. Pace Am. Grp., Inc.*,
   170 F.3d 877 (9th Cir. 1999) ...................................................................... 4

*Howey v. United States*,
   481 F.2d 1187 (9th Cir. 1973) ..................................................................... 3

*Lockheed Martin Corp. v. Network Solutions, Inc.*,
   175 F.R.D. 640 (C.D. Cal. 1997) ........................................................... 2, 5

*Miller v. Rykoff-Sexton, Inc.*,
   845 F.2d 209 (9th Cir. 1988) ...................................................................... 6

*Thornton v. McClatchy Newspapers, Inc.*,
   261 F.3d 789 (9th Cir. 2001) (*superseded by statute on other grounds*) ..................... 5

*Trans Video Elecs., LTD v. Sony Elecs., Inc.*,
   278 F.R.D. 505 (N.D Cal. 2011) ................................................................ 4

*Union P.R. Co. v. Nevada Power Co.*,
   950 F.2d 1429 (9th Cir. 1991) ..................................................................... 2

**California Statutes**

Cal. Labor Code § 2699.3(a)(2) ..................................................................... 2, 3

Private Attorney General Act, Cal. Labor Code §§ 2698, *et seq*................................*passim*

**Federal Rules**

Fed. R. Civ. P. 15 (a)(1) ...................................................................................... 1

Fed. R. Civ. P. 15(a)(2) ........................................................................................ 1

Fed. R. Civ. P. 15 (a)............................................................................................ 5

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs Slyvester Owino and Jonathan Gomez bring the instant Motion for leave to file a First Amended Complaint (the "FAC") for the limited purpose of adding a claim for violations of the Private Attorney General Act ("PAGA"), Cal. Labor Code §§ 2698, *et seq*., by Defendant CoreCivic, Inc. ("Defendant").[1]   Plaintiffs' PAGA claim is predicated on the same violations of the California Labor Code and IWC Wage Order 5-2001 set forth in Plaintiffs' original pleading, which the Court determined were actionable in its Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (the "Motion to Dismiss Order").   Thus, Plaintiffs' proposed amendment would not materially alter the nature of the case, as it does not seek to augment the factual allegations underpinning Plaintiffs' claims or advance an independent theory of liability.

Further, Plaintiffs informed both the Court and Defendant of their intent to seek leave to add a claim under PAGA prior to the Court's issuance of the Scheduling Order governing discovery and class certification.   As a result, the Scheduling Order in this matter specifically contemplates the addition of a PAGA claim and the timeframes established therein account for the likelihood that Plaintiffs would file an amended pleading.   Accordingly, granting leave to amend would not have any impact on the scheduling or this matter, cause undue delay, or prejudice Defendant.   In view of the liberal policy favoring leave to amend, the Court should grant Plaintiffs leave to file their FAC for the purpose of adding a PAGA claim.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with the court's leave.   Fed. R. Civ. P. 15 (a)(1).   "The court should freely give leave when justice so requires."   *Id*.   In the Ninth Circuit, "rule 15's policy of favoring

---

[1] A copy of Plaintiffs' proposed FAC is attached as Exhibit 1 to the Declaration of Eileen R. Ridley and a redline showing the differences between Plaintiffs' original complaint and their proposed FAC is attached as Exhibit 2.

-1-                          Case No. 17-CV-01112-JLS-NLS

amendments to pleadings should be applied with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Accordingly, leave is generally granted unless the court finds (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178 (1962). These factors are to be applied with a view toward "the strong policy in favor of allowing amendment." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 175 F.R.D. 640, 643 (C.D. Cal. 1997).

Courts "differentiate between pleadings attempting to amend claims from those seeking to amend parties. Amendments seeking to add claims are to be granted more freely than amendments adding parties." *Union P.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991). The non-moving party bears the burden of showing why leave to amend should not be granted. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989).

## III.  ARGUMENT

### A.  Plaintiffs' Proposed Amendment Is Timely Under The Scheduling Order.

Plaintiffs' request to file an amended complaint is timely, and the procedural history of the case cannot support a finding of undue delay. As an initial matter, this case is at a relatively early stage, and Plaintiffs have not previously filed an amended pleading. Further, under the Scheduling Order, "[a]ny motion to join other parties, to amend the pleadings, or to file additional pleadings must be filed by **October 26, 2018**." [Dkt. 57 at 1 (Scheduling Order) (emphasis in original).] At the July 26, 2018 Early Neutral Evaluation and Case Management Conference, Plaintiffs advised the Court that they would seek leave to file an amended pleading for the purpose of adding a PAGA claim after the expiration of the statutory notice period in Cal. Labor Code § 2699.3(a)(2). Because of this, the Court set an earlier deadline of "30 days following a notice from the Labor and Workforce Development Agency that it will not take action" for Plaintiffs to

"add a PAGA specific claim."  [*Id.* at 1-2.]

Here, Plaintiffs provided written notice by certified mail to the Labor and Workforce Development Agency (the "LWDA") of the legal claims and theories of this case on June 11, 2018 and, on the same day, received an email confirming receipt of the notice by the LWDA.  [Declaration of Eileen R. Ridley ("Ridley Decl."), Ex. 3 (PAGA Notice to LWDA); Ex. 5 (LWDA Email Confirming Receipt).]  Plaintiffs simultaneously provided a copy of that notice by certified mail to Defendant and their counsel of record in this action.  [*Id.* at Ex. 4 (PAGA Notice to Defendant).]  Under PAGA, the LWDA "shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 60 calendar days of the postmark date of the notice received pursuant to paragraph (1)."  Cal. Labor Code § 2699.3(a)(2).  Alternatively, "if no notice is provided within 65 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699."  *Id.*  The LWDA did not provide notice on or before August 15, 2018, *i.e.,* "within 65 calendar days of the postmark date of" Plaintiffs' notice.  [Ridley Decl., ¶ 6.]  Thus, Plaintiffs' Motion is timely under the Scheduling Order.

Moreover, in view of the broader procedural history of the case and the statutory notice period required for PAGA claims, there was no undue delay in seeking leave to amend.  The strong policy favoring liberal amendment is such that, even if Defendant could somehow establish some form of delay, "[w]here there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion."  This is because the "purpose of the litigation process is to vindicate meritorious claims" and "[r]efusing, solely because of delay, to permit an amendment to a pleading in order to state a potentially valid claim would hinder this purpose while not promoting any other sound judicial policy."  *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973).  ///

**B.      Plaintiffs' Proposed Amendment Will Not Have Any Effect On The Scheduling Of This Matter.**

Plaintiffs' proposed amendment will have no effect on the scheduling of the case. Indeed, Plaintiffs notified Defendant of their intent to file a claim under PAGA on June 11, 2018. [Ridley Decl., Ex. 4 (PAGA Notice to Defendant).]  Plaintiffs also informed the Court of its intent to seek leave to file their FAC and to bring a claim under PAGA at the July 26, 2018 Early Neutral Evaluation and Case Management Conference.  As a result, the Scheduling Order in this matter specifically accounted for the filing of an amended pleading and the addition of a PAGA claim, and Plaintiffs bring this Motion in compliance with the deadlines set by the Court under the Scheduling Order.  [Dkt. 57 at 1 (Scheduling Order) at 1-2.]  Plaintiffs do not seek any modification of the Scheduling Order by way of this Motion.

Additionally, Plaintiffs' PAGA claim would not change the nature of the lawsuit in any way, as the PAGA claim arises from the exact same factual allegations as the original pleading.  [*See* Ridley Decl., Ex. 1 (First Amended Complaint).]  Therefore, granting Plaintiffs leave to amend will not have any effect on the case management deadlines previously set by the Court.

**C.      There Is No Bad Faith Or Improper Motive.**

Plaintiffs have not acted in bad faith or with an improper motive in bringing this Motion or seeking to add a claim under PAGA.  Bad faith exists where the proposed amendment "will not save the complaint or the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories."  *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999)).  Bad faith may also exist when a party represents to the court that the party will not move to amend its complaint, and subsequently moves to amend once "the proverbial writing was on the wall," *i.e.,* that the party will suffer an adverse judgment.  *Trans Video Elecs., LTD v. Sony Elecs., Inc.*, 278 F.R.D. 505, 510 (N.D Cal. 2011)).  A court may also find bad faith when the moving party has a "history of dilatory tactics."  *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th

Cir. 2001) (*superseded by statute on other grounds*).

None of these facts are present in this action.  Under PAGA, an aggrieved employee, on behalf of him or herself and other current or former employees as well as the general public, may bring a representative action as a private attorney general to recover penalties for an employer's violations of the California Labor Code and IWC Wage Orders.  Cal. Labor Code § 2698, *et seq*.  Plaintiffs' proposed PAGA claim is not an attempt to advance a fundamentally different legal theory than those that are already at issue.  Indeed, Plaintiffs' proposed PAGA claim is predicated on the same facts and same violations of the California Labor Code and IWC Wage Order 5-2001 that gave rise to Plaintiffs' Fourth through Twelfth causes of action in their original pleading.

Moreover, Plaintiff is not facing an adverse judgment nor has it represented to the Court or Defendant that it would not seek to amend its original pleading.  The exact opposite is true.  Plaintiffs informed Defendant of their intent to seek leave to amend to add a PAGA claim on June 11, 2018 and this Court on July 26, 2018.  As there are no dilatory tactics from Plaintiffs, this factor weighs in favor of granting leave to amend.

### D.     Granting Leave To Amend Will Not Prejudice Defendant.

"Prejudice is the 'touchstone of the inquiry under rule 15(a).  Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.2d 1048, 1052 (9th Cir. 2003).  Prejudice can be found "where new claims radically shift the nature of the case, requiring the opposing party to engage in substantial new discovery or to undertake an entirely new course of argument late in the case." *Lockheed Martin Corp.*, 175 F.R.D. at 644.

As applied here, no prejudice will occur to Defendant as a result of Plaintiffs' proposed amendment.  Plaintiffs are seeking to add a PAGA claim at a relatively early stage in the litigation and are not seeking to modify the Scheduling Order issued by the Court.  Additionally, no new discovery will be necessary, as Plaintiffs' PAGA claim is based on the same violations of the California Labor Code and IWC Wage Order 5-2001

set forth in their original pleading.  More importantly, "[a]ny prejudice to the nonmovant must be weighed against the prejudice to the moving party by not allowing amendment." *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998).  Denying Plaintiffs leave to amend would deprive them of their ability to fully vindicate their rights resulting from Defendant's unlawful conduct and business practices.  Given the absence of any prejudice to Defendant, and the prejudice that would result to Plaintiffs if leave to amend were denied, this factor weighs heavily in favor of granting leave to amend to add a PAGA claim.

### E.   Plaintiffs' Proposed Amendment Is Not Futile.

As set forth above, Plaintiffs' proposed PAGA claim is based on the same facts and claims set forth in Plaintiffs' original complaint.  "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  Here, the Court already determined that each claim asserted in Plaintiffs' original complaint, including their Fourth through Twelfth causes of action for violations of the California Labor Code and IWC Wage Order 5-2001, are actionable. [Dkt. 38 (Motion to Dismiss Order).]  Therefore, Plaintiffs' proposed PAGA claim is not futile, and Plaintiffs should be afforded leave to amend.

## IV.   **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave for Plaintiffs to file their FAC to add a claim under PAGA.

DATED:  September 11, 2018

**FOLEY & LARDNER LLP**
J. Mark Waxman
Eileen R. Ridley
Geoffrey Raux
Nicholas J. Fox
Alan R. Ouellette


*/s/* Eileen R. Ridley
Eileen R. Ridley
Attorneys for Plaintiffs SLYVESTER OWINO,
JONATHAN GOMEZ, and the Proposed
Class(es)

**LAW OFFICE OF ROBERT L. TEEL**
Robert L. Teel
  lawoffice@rlteel.com
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
Telephone:  (866) 833-5529
Facsimile:  (855) 609-6911

Attorneys for Plaintiffs SLYVESTER OWINO,
JONATHAN GOMEZ, and the Proposed
Class(es)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 11, 2018 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

<u>*/s/* Eileen R. Ridley</u>
Eileen R. Ridley