UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO, JONATHAN GOMEZ, on behalf of themselves, and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CORECIVIC, INC., a Maryland corporation,<br><br>Defendant. | Case No.: 3:17-cv-1112-JLS-NLS<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 1**<br><br>**[ECF No. 68]** |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute No. 1. ECF No. 68. For the reasons set forth below, the Court will **GRANT IN PART** and **DENY IN PART** the Plaintiffs' motion to set production deadlines.

## I. RELEVANT BACKGROUND AND SUMMARY OF DISPUTE

This case presents a putative class action regarding Defendant's use of civil immigration detainees for labor at their facilities, either unpaid entirely or underpaid in the "one dollar a day" program. *See* ECF No. 67. In sum, there are three proposed classes, (1) the Nationwide Forced Labor class, consisting of all detainees who performed unpaid work at any Corecivic facility; (2) the California Forced Labor class, identical to the nationwide class, but limited to the state of California; and (3) the California Labor

Law class, for those who participated in the "one dollar a day" program and so were underpaid for labor.

Discovery is currently in progress and pursuant to the Scheduling Order, the close of class discovery is March 15, 2019. ECF No. 57. Plaintiffs' deadline to file their motion for class certification is April 15, 2019. *Id.* Plaintiffs propounded requests for production of documents, to which Defendant responded and has since produced various documents and spreadsheets of relevant data. ECF No. 68 at 6.

The present discovery dispute arises not over the content of any specific requests for production, but instead, the timing for production of documents by Defendant.[1] Plaintiffs are primarily concerned that production at the current rate may not provide enough time for review and subsequent depositions within the time allotted by the Scheduling Order for completion of class discovery. Plaintiffs request the Court set interim deadlines for production to ensure sufficient time for review and depositions.

Defendant argues in response that many documents and spreadsheets of the relevant information have been, and continue to be, produced, and the timeline proposed by Plaintiffs would impose an undue burden in light of the volume of documents and number of facilities involved in the process. Defendant also indicates that some of the records sought may not exist because the nature of the work involved (e.g., time records for members of the forced labor classes who participated in cleaning of common areas as part of their daily duties as detainees) and is concerned that Plaintiffs appear not to have reviewed the contents of produced documents thus far to determine whether the information provided is adequate.

///

///

---

[1] In the introduction of the parties' joint motion, Plaintiffs explain that because the individual requests and responses "are not germane to this discovery dispute" the parties did not strictly adhere to the format contemplated by the Chambers' Rules. Defendant does not, at any point in the joint motion, lodge any objection to this characterization or identify a particular request as problematic. ECF No. 68 at 1, n. 1


## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 26 permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "The 2015 amendments to Rule 26(b)(1) emphasize the need to impose 'reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.'" *Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016) (internal citation omitted). The fundamental principle of amended Rule 26(b)(1) is "that lawyers must size and shape their discovery requests to the requisites of a case." *Id*. Both discovery and Rule 26 are intended to provide parties with "efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Id.* To the extent that the discovery sought is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive," the court is directed to limit the scope of the request. Fed. R. Civ. P. 26(b)(2). Limits should also be imposed where the burden or expense outweighs the likely benefits. *Id.* How and when to so limit discovery, or to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," remains in the court's discretion. Fed. R. Civ. P. 26(c)(1).

District courts also have the inherent authority to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630–631 (1962); *see also Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016); *In re Fannie Mae Securities Litig.*, 552 F.3d 814, 822–23 (D.C. Cir. 2009) (District judges must have authority to manage their dockets, especially during massive litigation…"). Trial courts "set schedules and establish deadlines to foster the efficient treatment and resolution of cases." *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060, 1062

(9th Cir. 2005). "Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to." *Id.* Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999).

### III. DISCUSSION

Plaintiffs present their motion as having four issues: (1) a deadline for production of documents related to establishing the class; (2) a deadline for production of documents reflecting policies and procedures; (3) a deadline for all remaining document production; and (4) an extension to submit a discovery dispute related to ESI. Defendant agrees that the first three issues are in dispute, and agrees with the requested extension for ESI. But, Defendant also requests in the introductory section of the joint motion that the Court establish "relevant time periods" based on the statutes of limitations for the various claims alleged in the complaint, and limit production accordingly. ECF No. 68 at 4-5. Plaintiffs reply that the claims all arise from the same unlawful practices and that the motion to dismiss establishes the relevant time frame. *Id.*

The Court declines to opine on the relevant time periods because Defendant has not pointed to any specific request in dispute for which definition of the relevant time period is necessary. The Court cannot offer advisory opinions. *See eMove, Inc. v. Hire a Helper LLC*, 17CV0535-CAB-JLB, 2017 WL 6541249, at *3 (S.D. Cal. Dec. 20, 2017). If Defendant wished to challenge the scope of production, it was required to identify a problematic request, show that Defendant included an objection in its response and/or seek a protective order as part of this discovery dispute. A blanket request to limit the scope of production without identifying a specific request(s) in dispute fails to identify a dispute that the Court can reasonably adjudicate. Defendant's request in this regard is **DENIED**.

///

///

4

3:17-cv-1112-JLS-NLS

## A. Documents re Class Members and Employment History

Plaintiffs move to compel the production of documents to establish the identity and employment history of the putative class members. ECF No. 68 at 6-7. The seven categories of information sought by Plaintiffs include: (1) the names of the detainees that performed compensated or uncompensated work at Defendant's California facilities from January 1, 2006 to the present; (2) the names of the detainees that performed compensated or uncompensated work at Defendant's facilities outside of California from December 23, 2008 to the present; (3) the dates and hours worked for each detainee; (4) the work performed by each detainee; (5) the compensation accrued by each detainee; (6) the compensation actually delivered to each detainee; and (7) when such compensation was actually delivered to each detainee. *Id.* at 7. Plaintiffs request the Court order production of documents sufficient to establish each enumerated item by November 1, 2018. *Id.* at 8. Plaintiffs also argue that the production made to date is "incomplete and insufficient in the context of a national class." *Id.*

Defendant responds first that most of the information sought by Plaintiffs has already been produced in excel spreadsheet form for the last five years; and is in the process of being compiled and produced for the time period dating back to 2006. *Id.* at 12, n.5.[2] Defendant also produced at least 33 spreadsheets for 20 facilities detailing payments made to participants in the Voluntary Work Program. *Id.* at 13. These spreadsheets are represented to show upwards of two million separate transactions for the participating detainees.[3] *Id.* at 13. Defendant argues that some of the requested documents/categories of information may not exist, for instance, the detainees were never

---

[2] The excel spreadsheet is represented to contain the facility, full name, date of birth, place of birth, ethnicity, gender, last known address, booking date, and release date for a total of 470,157 detainees. ECF No. 68 at 12.

[3] These spreadsheets contain the name, agency number, receipt number, reason for deposit, amount, date and description. Defendant explains the spreadsheets are so voluminous because there is a separate transaction for each day for each participating detainee; for example, there may be 30 separate single dollar transactions for the same detainee if he participated in the dollar a day program for 30 days.

considered employees and so facilities did not keep time records (i.e., documents for item 3), and in some cases, what work was performed may only exist if schedules identifying what common areas detainees were assigned to clean were retained or if grievances were filed related to their assignments. *Id.* at 13-14.

The Court will **GRANT** Plaintiffs' motion. Defendant must produce, by **November 9, 2018**, documents sufficient to establish the members of the class, i.e., (1) the names of the detainees that performed compensated or uncompensated work at Defendant's California facilities from January 1, 2006 to the present and (2) the names of the detainees that performed compensated or uncompensated work at Defendant's facilities outside of California from December 23, 2008 to the present. This is consistent with Defendant's representation and timeline that it is in the process of gathering the remaining information and expects to produce it "in the next week or two." ECF No. 68-2, ¶ 8.

As to the remaining categories (3-7), it appears that Defendant is actively and diligently gathering the information requested, to the extent it exists. While Plaintiffs argue that Defendant's responses did not contain objections, the written responses to the requests for production were not provided to the Court for review, so the Court cannot evaluate the responses. Plaintiffs also argue that Defendant had at least three months since the requests were issued and over a year since this case was filed to gather documents and information. The Court does not find fault with Defendant for waiting until the pleadings were set before beginning to search for and gather responsive documents.[4] Had the motion to dismiss been successful, the scope of the document production may have been significantly different. However, to the extent these documents exist they are directly relevant to class certification. Defendant must produce

---

[4] This is, of course, distinct from the obligation to preserve documents. There is no argument presented by Plaintiffs that there was any delay by Defendant in implementing or executing a litigation hold.

6

3:17-cv-1112-JLS-NLS

documents or supplement its responses to the requests for production appropriately to state, via declaration under oath, that no such documents exist, by **January 15, 2018.**

### B. Documents re Policies and Procedures

Plaintiffs next request an order compelling production of "policies, procedures, practices, manual, and rules concerning unpaid and paid labor" for Defendant's facilities dating back to 2006 for California facilities and 2008 for the remainder of the nation, by November 9, 2018. ECF No. 68 at 8-9. Plaintiffs submit that thus far, Defendant has only produced responsive documents for 4 of 27 facilities for the past 5 years. *Id.* at 9.

Defendant responds that there is no indication that Plaintiffs have reviewed the documents produced to date, either the policies from the last five years or the tables of contents pages for policy and procedure manuals from many other facilities. Defendant argues Plaintiffs' lack of review leaves Defendant unclear as to whether productions of documents similar to those produced by the 4 facilities from the remaining 23 facilities "would fully and adequately respond to the production requests at issue." *Id.* at 15. This guidance is important to Defendant because there are "approximately 27,782 policies and procedures currently in effect at the 27 facilities." *Id.* Nonetheless, Defendant argues an order compelling production is unnecessary because Defendant has taken action to gather documents from all facilities and will continue to roll out production. *Id.* at 16.

The Court tends to agree with Plaintiffs that production of the policies and procedures should be prioritized as relevant to class certification, but Defendant's representations regarding their actions and the documents involved demonstrate diligence and appropriate understanding of the importance of the task at hand.

Plaintiffs' motion is **GRANTED IN PART**. The Court hereby sets a deadline for production of the policies and procedures of **January 15, 2019**. This date ensures 60 days for Plaintiff to continue with discovery, and is 90 days prior to the deadline for class certification. The Court strongly encourages Plaintiffs to review the tables of contents produced and that the parties continue to meet and confer regarding the appropriate production.

**C. Remaining Document Production**

Plaintiffs' third request is that the Court impose a firm deadline for production of all remaining responsive documents. ECF No. 68 at 9. Plaintiffs assert that Defendant has not produced documents responsive to many of the requests and the timeline proposed by Defendant during the meet and confer process does not contemplate production being complete before March 1, 2019. *Id.* at 10. Plaintiffs argue in light of the March 15 discovery cut-off, production this late would be prejudicial. *Id.*

Defendant submits that the current deadline for fact discovery is sufficient and that the production and participation in discovery has been diligent. Defendant argues Plaintiffs' expectations are unrealistic, and that the volume of documents at issue necessitates time, and that the requests are overbroad and unduly burdensome.[5]

It appears to the Court that Defendant is actively and diligently gathering and producing information and documents. The document collection and data compilation occurring is a vast undertaking, and in light of the information provided about the documents and spreadsheets Defendant has produced and the nature of the documents and records sought, it is not appropriate at this juncture to impose the deadline requested by Plaintiffs. While discovery is not bifurcated, Plaintiffs have not yet established a class. Thus, the Court finds it appropriate to direct that Defendants continue their diligent efforts and that all remaining document production continue on a rolling basis with haste, but will not impose a hard and fast deadline beyond the present **March 15, 2018** close of class discovery.

**D. Request for Extension re ESI Dispute**

Finally, the parties jointly request a 45 day extension of time to submit a discovery dispute regarding ESI production, custodians, and search terms. ECF No. 68 at 11. The

---

[5] The dispute presented to the Court did not challenge the language or scope of any specific request, and time has now passed for Defendant to raise such a challenge. *See* Hon. Nita L. Stormes Civil Case Procedures, § VII (C)(2)(b).

parties represent they continue to meet and confer, and Defendant indicates that a list of proposed custodians and search terms has been provided. *Id.* at 11, 16.

The parties' request for an extension is **GRANTED**.

### IV. CONCLUSION

Plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART** consistent with this Order.

**IT IS SO ORDERED.**

Dated: October 26, 2018

Hon. Nita L. Stormes
United States Magistrate Judge