STRUCK LOVE BOJANOWSKI & ACEDO, PLC
Daniel P. Struck, AZ Bar #012377
*(admitted pro hac vice)*
Rachel Love, AZ Bar #019881
*(admitted pro hac vice)*
Nicholas D. Acedo, AZ Bar #021644
*(admitted pro hac vice)*
Ashlee B. Hesman, AZ Bar #028874
*(admitted pro hac vice)*
Jacob B. Lee, AZ Bar #030371
*(admitted pro hac vice)*
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Tel.:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com

LAW OFFICE OF ETHAN H. NELSON
Ethan H. Nelson, CA Bar #262448
4 Park Plaza, Suite 1025
Irvine, California 92614
Tel.: (949) 229-0961
Fax: (949) 861-7122
ethannelsonesq@gmail.com

Attorneys for Defendant/Counter-Claimant
CoreCivic, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sylvester Owino and Jonathan Gomez, on behalf of themselves, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CoreCivic, Inc., a Maryland corporation,<br><br>Defendant. | NO. 3:17-cv-01112-JLS-NLS<br><br>**CORECIVIC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>**and**<br><br>**CORECIVIC'S COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Answer to First Amended Complaint                     17cv01112-JLS-NLS
and Counterclaims

CoreCivic, Inc., a Maryland corporation,

Counter-Claimant,

v.

Sylvester Owino and Jonathan Gomez, on behalf of themselves, and all others similarly situated,

Counter-Defendants.

Defendant/Counter-Claimant CoreCivic, Inc. ("CoreCivic"), submits its Answer to Plaintiffs' First Amended Complaint and admits, denies, and alleges as follows:

CoreCivic denies each and every allegation in the First Amended Complaint and each and every claim for relief that is not expressly admitted or otherwise pled to.

## INTRODUCTION

1. In answering Paragraph 1 of the First Amended Complaint, CoreCivic denies Plaintiffs have standing to seek declaratory and/or injunctive relief. CoreCivic further denies ever forcing detainees to work in violation of state or federal law. CoreCivic is without sufficient knowledge or information to form a belief regarding the remaining allegations in Paragraph 1, and on that basis denies the same.

## JURISDICTION AND VENUE

2. In answering Paragraph 2 of the First Amended Complaint, CoreCivic admits only that this Court has subject matter jurisdiction over Plaintiffs' claims arising under 18 U.S.C. § 1589, et seq. By so admitting, CoreCivic does not admit the sufficiency of the allegations or the validity of the claims, both of which are specifically denied. CoreCivic denies all remaining allegations in Paragraph 2, and specifically denies any violation of 18 U.S.C. § 1589, et seq.

Answer to First Amended Complaint and Counterclaims

2

17cv01112-JLS-NLS

3.      In answering Paragraph 3 of the First Amended Complaint, CoreCivic admits only that this Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(d). By so admitting, CoreCivic does not admit the sufficiency of the allegations or the validity of the claims, both of which are specifically denied. CoreCivic denies all remaining allegations in Paragraph 3, and specifically denies all allegations of wrongdoing.

4.      In answering Paragraph 4 of the First Amended Complaint, CoreCivic admits only that this Court has supplemental jurisdiction over the state law claims alleged in the First Amended Complaint pursuant to 28 U.S.C. § 1367. By so admitting, CoreCivic does not admit the sufficiency of the allegations or the validity of the claims, both of which are specifically denied. CoreCivic denies all remaining allegations in Paragraph 4, and specifically denies all allegations of wrongdoing.

5.      In answering Paragraph 5 of the First Amended Complaint, CoreCivic admits only that this Court has specific personal jurisdiction over CoreCivic as to the claims arising out of CoreCivic's California facilities. By so admitting, CoreCivic does not admit the sufficiency of the allegations or the validity of the claims, both of which are specifically denied. CoreCivic denies that this Court has general personal jurisdiction over CoreCivic as to the claims arising out of CoreCivic's non-California facilities. CoreCivic further denies all remaining allegations in Paragraph 5.

6.      In answering Paragraph 6 of the First Amended Complaint, CoreCivic admits only that venue is proper in this Court as to the claims arising out of CoreCivic's California facilities in the Southern District of California. By so admitting, CoreCivic does not admit the sufficiency of the allegations or the validity of the claims, both of which are specifically denied. CoreCivic denies that venue is proper in this Court as to the claims arising out of CoreCivic's California facilities located outside of the Southern District of California as well as its non-

California facilities. CoreCivic is without sufficient knowledge or information to form a belief regarding the remaining allegations in Paragraph 6, and on that basis denies the same.

## PARTIES

7. In answering Paragraph 7 of the First Amended Complaint, CoreCivic admits only that Plaintiff Owino was an Immigration and Customs Enforcement ("ICE") detainee at CoreCivic's Otay Mesa Detention Center ("OMDC"), located in San Diego, California, at various times from November 7, 2005 to March 9, 2015. CoreCivic is without sufficient knowledge or information to form a belief regarding the remaining allegations in Paragraph 7, and on that basis denies the same.

8. In answering Paragraph 8 of the First Amended Complaint, CoreCivic admits only that Plaintiff Gomez was an ICE detainee at OMDC at various times from June 18, 2012 to September 18, 2013. CoreCivic is without sufficient knowledge or information to form a belief regarding the remaining allegations in Paragraph 8, and on that basis denies the same.

9. In answering Paragraph 9 of the First Amended Complaint, CoreCivic admits the allegations contained therein.

## SUMMARY AND COMMON FACTUAL ALLEGATIONS

10. In answering Paragraph 10 of the First Amended Complaint, CoreCivic admits only that it is a publicly-traded corporation that owns and operates prisons and detention facilities. CoreCivic denies ever forcing ICE detainees to work at any of its facilities in violation of state or federal law. CoreCivic is without sufficient knowledge or information to form a belief regarding the remaining allegations in Paragraph 10, and on that basis denies the same.

11. In answering Paragraph 11 of the First Amended Complaint, CoreCivic admits that it owns and operates detention facilities around the country, including OMDC, and that it reported $1.79 billion in total revenue in 2016 for the

Answer to First Amended Complaint and Counterclaims

4

17cv01112-JLS-NLS

previous year. CoreCivic further admits that detainees at its detention facilities, including OMDC, who participate in the Detainee Voluntary Work Program are paid at least $1 per day. CoreCivic denies all remaining allegations in Paragraph 11.

12.   In answering Paragraph 12 of the First Amended Complaint, CoreCivic denies Plaintiffs have standing to seek declaratory and/or injunctive relief. CoreCivic further denies all allegations that it violated laws and regulations applicable to its operation of detention facilities. The remaining allegations are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations.

13.   In answering Paragraph 13 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

14.   In answering Paragraph 14 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

15.   In answering Paragraph 15 of the First Amended Complaint, CoreCivic admits only that detainees at its detention facilities, including OMDC, who participate in the Detainee Voluntary Work Program are paid at least $1 per day. CoreCivic denies the remaining allegations in Paragraph 15.

16.   In answering Paragraph 16 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

17.   In answering Paragraph 17 of the First Amended Complaint, CoreCivic admits only that detainees at its detention facilities, including OMDC, who participate in the Detainee Voluntary Work Program are paid at least $1 per day. CoreCivic denies the remaining allegations in Paragraph 17.

18.   In answering Paragraph 18 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

19.   In answering Paragraph 19 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

20. In answering Paragraph 20 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

21. In answering Paragraph 21 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

22. In answering Paragraph 22 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

23. The allegations in Paragraph 23 of the First Amended Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations.

24. The allegations in Paragraph 24 of the First Amended Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations.

25. In answering Paragraph 25 of the First Amended Complaint, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies the same.

26. In answering Paragraph 26 of the First Amended Complaint, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies the same.

## PLAINTIFFS' EXPERIENCE

27. In answering Paragraph 27 of the First Amended Complaint, CoreCivic admits only that Plaintiff Owino was an ICE detainee at OMDC at various times from November 7, 2005 to March 9, 2015, and that he at times participated in the Detainee Voluntary Work Program. CoreCivic denies Plaintiff Owino was ever forced or coerced to work, or that such work occurred in an unsafe environment. CoreCivic is without sufficient knowledge or information to form a belief regarding the remaining allegations in Paragraph 27, and on that basis denies the same.

Answer to First Amended Complaint                    6                    17cv01112-JLS-NLS
and Counterclaims

28. In answering Paragraph 28 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

29. In answering Paragraph 29 of the First Amended Complaint, CoreCivic admits only that Plaintiff Gomez was an ICE detainee at OMDC at various times from June 18, 2012 to September 18, 2013, and that he at times participated in the Detainee Voluntary Work Program. CoreCivic denies Plaintiff Gomez was ever forced or coerced to work, or that such work occurred in an unsafe environment. CoreCivic is without sufficient knowledge or information to form a belief regarding the remaining allegations in Paragraph 29, and on that basis denies the same.

## CLASS ACTION ALLEGATIONS

30. The allegations in Paragraph 30 of the First Amended Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations. CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiffs lack standing to assert claims on behalf of other individuals, that Plaintiffs lack standing to seek declaratory and/or injunctive relief, and that Plaintiffs are not proper class representatives.

31. The allegations in Paragraph 31 of the First Amended Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations. CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiffs lack standing to assert claims on behalf of other individuals, that Plaintiffs lack standing to seek declaratory and/or injunctive relief, and that Plaintiffs are not proper class representatives. CoreCivic further affirmatively alleges that this Court lacks personal jurisdiction over CoreCivic as to Plaintiffs' claims arising out of CoreCivic's non-California facilities.

32.   The allegations in Paragraph 32 of the First Amended Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations. CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiffs lack standing to assert claims on behalf of other individuals, that Plaintiffs lack standing to seek declaratory and/or injunctive relief, and that Plaintiffs are not proper class representatives.

33.   In answering Paragraph 33 of the First Amended Complaint, CoreCivic denies the allegations contained therein. CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiffs lack standing to assert claims on behalf of other individuals, that Plaintiffs lack standing to seek declaratory and/or injunctive relief, and that Plaintiffs are not proper class representatives.

34.   In answering Paragraph 34 of the First Amended Complaint, CoreCivic denies the allegations contained therein. CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiffs lack standing to assert claims on behalf of other individuals, that Plaintiffs lack standing to seek declaratory and/or injunctive relief, and that Plaintiffs are not proper class representatives.

35.   In answering Paragraph 35 of the First Amended Complaint, CoreCivic denies the allegations contained therein. CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiffs lack standing to assert claims on behalf of other individuals, that Plaintiffs lack standing to seek declaratory and/or injunctive relief, and that Plaintiffs are not proper class representatives.

36.   In answering Paragraph 36 of the First Amended Complaint, CoreCivic denies the allegations contained therein. CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that

Plaintiffs lack standing to assert claims on behalf of other individuals, that Plaintiffs lack standing to seek declaratory and/or injunctive relief, and that Plaintiffs are not proper class representatives.

37. In answering Paragraph 37 of the First Amended Complaint, CoreCivic denies the allegations contained therein. CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiffs lack standing to assert claims on behalf of other individuals, that Plaintiffs lack standing to seek declaratory and/or injunctive relief, and that Plaintiffs are not proper class representatives.

38. In answering Paragraph 38 of the First Amended Complaint, CoreCivic denies the allegations contained therein, including the allegations in subsections (a)-(c). CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiffs lack standing to assert claims on behalf of other individuals, that Plaintiffs lack standing to seek declaratory and/or injunctive relief, and that Plaintiffs are not proper class representatives.

39. In answering Paragraph 39 of the First Amended Complaint, CoreCivic denies the allegations contained therein, including the allegations in subsections (a)-(c). CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiffs lack standing to assert claims on behalf of other individuals, that Plaintiffs lack standing to seek declaratory and/or injunctive relief, and that Plaintiffs are not proper class representatives.

## FIRST CAUSE OF ACTION[1]

### Violation of the Trafficking Victims Protection Act

---

[1] The Court previously dismissed with prejudice all claims asserted in the First Cause of Action that rely on § 1595(a)'s "financial benefit" element and arose prior to December 23, 2008. (Doc. #38.)

Answer to First Amended Complaint and Counterclaims                9                17cv01112-JLS-NLS

**18 U.S.C. §§ 1589, *et seq.***

**(On Behalf of the Plaintiffs Individually and the Putative Class)**

40.     In answering Paragraph 40 of the First Amended Complaint, CoreCivic incorporates by reference its responses to Paragraphs 1-39, above.

41.     In answering Paragraph 41 of the First Amended Complaint, the statute speaks for itself, and CoreCivic denies any violation of the same.

42.     In answering Paragraph 42 of the First Amended Complaint, CoreCivic denies the allegations contained therein, including the allegations in subsections (a)-(c).

43.     In answering Paragraph 43 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

44.     In answering Paragraph 44 of the First Amended Complaint, the statute speaks for itself, and CoreCivic denies any violation of the same.

45.     In answering Paragraph 45 of the First Amended Complaint, the statute speaks for itself, and CoreCivic denies any violation of the same.

46.     In answering Paragraph 46 of the First Amended Complaint, CoreCivic denies the allegations contained therein. CoreCivic affirmatively alleges that Plaintiffs lack standing to assert claims on behalf of other individuals, that Plaintiffs lack standing to seek declaratory and/or injunctive relief, and that Plaintiffs are not proper class representatives.

47.     In answering Paragraph 47 of the First Amended Complaint, CoreCivic denies the allegations contained therein. CoreCivic affirmatively alleges that Plaintiffs lack standing to assert claims on behalf of other individuals, that Plaintiffs lack standing to seek declaratory and/or injunctive relief, and that Plaintiffs are not proper class representatives.

48.     The allegations in Paragraph 48 of the First Amended Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations, including the

allegations in subsections (a)-(e). CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiffs lack standing to assert claims on behalf of other individuals, that Plaintiffs lack standing to seek declaratory and/or injunctive relief, and that Plaintiffs are not proper class representatives.

49.   In answering Paragraph 49 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

50.   In answering Paragraph 50 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

51.   In answering Paragraph 51 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

## SECOND CAUSE OF ACTION[2]

### Violation of the California Trafficking Victims Protection Act

### Cal. Civ. Code § 52.5

### (On Behalf of the Plaintiffs Individually and the Putative Class)

52.   In answering Paragraph 52 of the First Amended Complaint, CoreCivic incorporates by reference its responses to Paragraphs 1-51, above.

53.   In answering Paragraph 53 of the First Amended Complaint, the statute speaks for itself, and CoreCivic denies any violation of the same.

54.   In answering Paragraph 54 of the First Amended Complaint, the statute speaks for itself, and CoreCivic denies any violation of the same.

55.   In answering Paragraph 55 of the First Amended Complaint, the statute speaks for itself, and CoreCivic denies any violation of the same.

56.   In answering Paragraph 56 of the First Amended Complaint, CoreCivic denies the allegations contained therein, including the allegations in subsections (a)-(d).

---

[2] The Court previously dismissed with prejudice all claims asserted in the Second Cause of Action that arose prior to January 1, 2006. (Doc. #38.)

Answer to First Amended Complaint                    11                    17cv01112-JLS-NLS
and Counterclaims

57.   In answering Paragraph 57 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

58.   In answering Paragraph 58 of the First Amended Complaint, CoreCivic denies the allegations contained therein. CoreCivic affirmatively alleges that Plaintiffs lack standing to assert claims on behalf of other individuals, that Plaintiffs lack standing to seek declaratory and/or injunctive relief, and that Plaintiffs are not proper class representatives.

59.   In answering Paragraph 59 of the First Amended Complaint, CoreCivic denies the allegations contained therein. CoreCivic affirmatively alleges that Plaintiffs lack standing to assert claims on behalf of other individuals, that Plaintiffs lack standing to seek declaratory and/or injunctive relief, and that Plaintiffs are not proper class representatives.

60.   The allegations in Paragraph 60 of the First Amended Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations, including the allegations in subsections (a)-(e). CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiffs lack standing to assert claims on behalf of other individuals, that Plaintiffs lack standing to seek declaratory and/or injunctive relief, and that Plaintiffs are not proper class representatives.

61.   In answering Paragraph 61 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

62.   In answering Paragraph 62 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

### THIRD CAUSE OF ACTION

**Violation of California's Unfair Competition Law**

**Cal. Bus. & Prof. Code §§ 17200, *et seq.***

**(On Behalf of the Plaintiffs Individually and the Putative Class)**

63. In answering Paragraph 63 of the First Amended Complaint, CoreCivic incorporates by reference its responses to Paragraphs 1-62, above.

64. In answering Paragraph 64 of the First Amended Complaint, the statute speaks for itself, and CoreCivic denies any violation of the same.

65. In answering Paragraph 65 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

66. In answering Paragraph 66 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

67. In answering Paragraph 67 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

68. In answering Paragraph 68 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

69. In answering Paragraph 69 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

70. In answering Paragraph 70 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

## FOURTH CAUSE OF ACTION

### Failure to Pay Minimum Wage

### Cal. Labor Code §§ 1194, 1197, 1197.1

### & I.W.C. Wage Order No. 5-2001

### (On Behalf of Plaintiffs Individually and the Putative Class)

71. In answering Paragraph 71 of the First Amended Complaint, CoreCivic incorporates by reference its responses to Paragraphs 1-70, above.

72. In answering Paragraph 72 of the First Amended Complaint, the statutes and Wage Order 5-2001 speak for themselves, and CoreCivic denies any violation of the same.

73. In answering Paragraph 73 of the First Amended Complaint, CoreCivic denies that it is or ever has been required to pay ICE detainees minimum

Answer to First Amended Complaint                13                17cv01112-JLS-NLS
and Counterclaims

wage for work performed as part of the Detainee Voluntary Work Program, and denies any violation of the statutes and wage order referenced in Paragraph 72.

74.    In answering Paragraph 74 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

75.    In answering Paragraph 75 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

## FIFTH CAUSE OF ACTION

### Failure to Pay Overtime Wages

### Cal. Labor Code §§ 204, 510, 1194, and Wage Order 5-2001

### (On behalf of Plaintiffs Individually and the Putative Class)

76.    In answering Paragraph 76 of the First Amended Complaint, CoreCivic incorporates by reference its responses to Paragraphs 1-75, above.

77.    In answering Paragraph 77 of the First Amended Complaint, the statutes and Wage Order 5-2001 speak for themselves, and CoreCivic denies any violation of the same. Additionally, the Court previously dismissed Plaintiff's claims to the extent they rely on Wage Order 15-2001 (Doc. #38), such that no response is required and none is given as to those claims.

78.    In answering Paragraph 78 of the First Amended Complaint, CoreCivic denies the allegations contained therein. CoreCivic further denies that it is or ever has been required to pay ICE detainees overtime wages for work performed as part of the Detainee Voluntary Work Program.

79.    In answering Paragraph 79 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

## SIXTH CAUSE OF ACTION

### Failure to Provide Mandated Meal Periods

### Cal. Labor Code §§ 226.7, 512, and I.W.C. Wage Order 5-2001

### (On behalf of Plaintiffs Individually and the Putative Class)

Answer to First Amended Complaint      14                    17cv01112-JLS-NLS
and Counterclaims

80.    In answering Paragraph 80 of the First Amended Complaint, CoreCivic incorporates by reference its responses to Paragraphs 1-79, above.

81.    In answering Paragraph 81 of the First Amended Complaint, the statutes and Wage Order 5-2001 speak for themselves, and CoreCivic denies any violation of the same. CoreCivic further denies that it is or ever has been required to provide meal breaks to ICE detainees who participate in the Detainee Voluntary Work Program.

82.    In answering Paragraph 82 of the First Amended Complaint, CoreCivic denies the allegations contained therein. The statutes and Wage Order 5-2001 speak for themselves, and CoreCivic denies any violation of the same. CoreCivic further denies that it is or ever has been required to provide meal breaks to ICE detainees who participate in the Detainee Voluntary Work Program.

83.    In answering Paragraph 83 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

## SEVENTH CAUSE OF ACTION

**Failure to Provide Mandated Rest Periods**

**Cal. Labor Code § 226.7 and I.W.C. Wage Order 5-2001**

**(On behalf of Plaintiffs Individually and the Putative Class)**

84.    In answering Paragraph 84 of the First Amended Complaint, CoreCivic incorporates by reference its responses to Paragraphs 1-83, above.

85.    In answering Paragraph 85 of the First Amended Complaint, CoreCivic denies the allegations contained therein. The statute and Wage Order 5-2001 speak for themselves, and CoreCivic denies any violation of the same. CoreCivic further denies that it is or ever has been required to provide rest periods to ICE detainees who participate in the Detainee Voluntary Work Program.

86.    In answering Paragraph 86 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

Answer to First Amended Complaint and Counterclaims                15                17cv01112-JLS-NLS

## EIGHTH CAUSE OF ACTION

### Failure to Furnish Timely and Accurate Wage Statements

### Cal. Labor Code § 226

### (On behalf of Plaintiffs Individually and the Putative Class)

87. In answering Paragraph 87 of the First Amended Complaint, CoreCivic incorporates by reference its responses to Paragraphs 1-86, above.

88. In answering Paragraph 88 of the First Amended Complaint, the statute speaks for itself, and CoreCivic denies any violation of the same.

89. In answering Paragraph 89 of the First Amended Complaint, CoreCivic denies the allegations contained therein. CoreCivic further denies that it does or ever has "employed" ICE detainees, as that term is defined by California state law, and that it is or ever has been required to provide itemized wage statements to ICE detainees for work performed as part of the Detainee Voluntary Work Program.

90. In answering Paragraph 90 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

91. In answering Paragraph 91 of the First Amended Complaint, CoreCivic denies the allegations contained therein. CoreCivic further denies that it is or ever has been required to provide itemized wage statements to ICE detainees for work performed as part of the Detainee Voluntary Work Program.

92. In answering Paragraph 92 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

93. In answering Paragraph 93 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

## NINTH CAUSE OF ACTION

### Failure to Pay Compensation Upon Termination/Waiting Time Penalties

### Cal. Labor Code § 201-2031

### (On behalf of Plaintiffs Individually and the Putative Class)

Answer to First Amended Complaint and Counterclaims          16          17cv01112-JLS-NLS

94. In answering Paragraph 94 of the First Amended Complaint, CoreCivic incorporates by reference its responses to Paragraphs 1-93, above.

95. In answering Paragraph 95 of the First Amended Complaint, the statutes speak for themselves, and CoreCivic denies any violation of the same. CoreCivic denies that it does or ever has "employed" ICE detainees, as that term is defined by California state law.

96. In answering Paragraph 96 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

## TENTH CAUSE OF ACTION

### Imposition of Unlawful Terms and Conditions of Employment

### Cal. Labor Code § 432.5

### (On behalf of Plaintiffs Individually and the Putative Class)

97. In answering Paragraph 97 of the First Amended Complaint, CoreCivic incorporates by reference its responses to Paragraphs 1-96, above.

98. In answering Paragraph 98 of the First Amended Complaint, the statute speaks for itself, and CoreCivic denies any violation of the same.

99. In answering Paragraph 99 of the First Amended Complaint, CoreCivic admits only that participants in the Detainee Voluntary Work Program are required to sign a Detainee Voluntary Work Program Agreement in order to participate. CoreCivic denies that it does or ever has "employed" ICE detainees, as that term is defined by California state law, and that it is or ever has been required to pay ICE detainees minimum wage or overtime wages for work performed as part of the Detainee Voluntary Work Program. CoreCivic further denies all remaining allegations in Paragraph 99.

100. In answering Paragraph 100 of the First Amended Complaint, CoreCivic denies that it does or ever has "employed" ICE detainees, as that term is defined by California state law, and that the Detainee Voluntary Work Program Agreement detainees are required to sign before the participate in the Detainee

Answer to First Amended Complaint       17                 17cv01112-JLS-NLS
and Counterclaims

Voluntary Work Program is an "employment contract." CoreCivic further denies all remaining allegations in Paragraph 100.

101. In answering Paragraph 101 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

## ELEVENTH CAUSE OF ACTION

### Negligence

### (On behalf of Plaintiffs Individually and the Putative Class)

102. In answering Paragraph 102 of the First Amended Complaint, CoreCivic incorporates by reference its responses to Paragraphs 1-101, above.

103. Paragraph 103 of the First Amended Complaint calls for a legal conclusion to which no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations contained therein. CoreCivic further denies that it does or ever has "employed" ICE detainees, as that term is defined by California state law.

104. Paragraph 104 of the First Amended Complaint calls for a legal conclusion to which no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations contained therein. CoreCivic denies any violation of the referenced statutes. CoreCivic further denies that it does or ever has "employed" ICE detainees, as that term is defined by California state law.

105. Paragraph 105 of the First Amended Complaint calls for a legal conclusion to which no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations contained therein. CoreCivic denies any violation of the referenced statutes. CoreCivic further denies that it does or ever has "employed" ICE detainees, as that term is defined by California state law.

106. In answering Paragraph 106 of the First Amended Complaint, CoreCivic denies the allegations contained therein. CoreCivic denies any violation

of the referenced statutes. CoreCivic further denies that it does or ever has "employed" ICE detainees, as that term is defined by California state law.

107. Paragraph 107 of the First Amended Complaint calls for a legal conclusion to which no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations contained therein. CoreCivic denies any violation of the referenced statutes.

108. Paragraph 108 of the First Amended Complaint calls for a legal conclusion to which no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations contained therein. CoreCivic denies any violation of the referenced statutes, rules, and regulations. CoreCivic further denies that it does or ever has "employed" ICE detainees, as that term is defined by California state law.

109. Paragraph 109 of the First Amended Complaint is confusing as written, such that CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations contained therein, and on that basis denies the same. CoreCivic further denies that it does or ever has "employed" ICE detainees, as that term is defined by California state law.

110. The allegations in Paragraph 110 of the First Amended Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations.

111. In answering Paragraph 111 of the First Amended Complaint, CoreCivic denies the allegations contained therein. CoreCivic further denies that it does or ever has "employed" ICE detainees, as that term is defined by California state law.

112. In answering Paragraph 112 of the First Amended Complaint, CoreCivic denies the allegations contained therein. CoreCivic further denies that it does or ever has "employed" ICE detainees, as that term is defined by California state law, or that it does or ever has forced ICE detainees to work.

113. In answering Paragraph 113 of the First Amended Complaint, CoreCivic denies the allegations contained therein. CoreCivic further denies that it does or ever has "employed" ICE detainees, as that term is defined by California state law.

114. In answering Paragraph 114 of the First Amended Complaint, CoreCivic denies the allegations contained therein. CoreCivic further denies that it does or ever has "employed" ICE detainees, as that term is defined by California state law.

115. In answering Paragraph 115 of the First Amended Complaint, CoreCivic denies the allegations contained therein. CoreCivic further denies that it does or ever has "employed" ICE detainees, as that term is defined by California state law, or that it does or ever has forced ICE detainees to work.

116. In answering Paragraph 116 of the First Amended Complaint, CoreCivic denies the allegations contained therein. CoreCivic further denies that it does or ever has "employed" ICE detainees, as that term is defined by California state law, or that it does or ever has forced ICE detainees to work.

117. In answering Paragraph 117 of the First Amended Complaint, CoreCivic denies the allegations contained therein. CoreCivic further denies that it does or ever has "employed" ICE detainees, as that term is defined by California state law, or that it does or ever has forced ICE detainees to work.

118. In answering Paragraph 118 of the First Amended Complaint, CoreCivic denies the allegations contained therein. CoreCivic further denies that it does or ever has "employed" ICE detainees, as that term is defined by California state law, or that it does or ever has forced ICE detainees to work.

119. In answering Paragraph 119 of the First Amended Complaint, CoreCivic denies that Plaintiffs and the Class Members are entitled to any of the relief they seek.

Answer to First Amended Complaint and Counterclaims

20

17cv01112-JLS-NLS

# TWELFTH CAUSE OF ACTION

## Unjust Enrichment

### (On behalf of Plaintiffs Individually and the Putative Class)

120. In answering Paragraph 120 of the First Amended Complaint, CoreCivic incorporates by reference its responses to Paragraphs 1-119, above.

121. In answering Paragraph 121 of the First Amended Complaint, the cases speak for themselves, and CoreCivic denies any violation of the same.

122. In answering Paragraph 122 of the First Amended Complaint, the cases speak for themselves, and CoreCivic denies any violation of the same.

123. In answering Paragraph 123 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

124. In answering Paragraph 124 of the First Amended Complaint, CoreCivic denies the allegations contained therein. CoreCivic further denies that it does or ever has "employed" ICE detainees, as that term is defined by California state law, or that it does or ever has forced ICE detainees to work.

125. In answering Paragraph 125 of the First Amended Complaint, CoreCivic denies the allegations contained therein. CoreCivic further denies that it does or ever has "employed" ICE detainees, as that term is defined by California state law, or that it does or ever has forced ICE detainees to work.

126. In answering Paragraph 126 of the First Amended Complaint, CoreCivic denies the allegations contained therein. CoreCivic further denies that it does or ever has "employed" ICE detainees, as that term is defined by California state law, or that it does or ever has forced ICE detainees to work.

127. In answering Paragraph 127 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

128. In answering Paragraph 128 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

## **THIRTEENTH CAUSE OF ACTION**

### **Violation of Labor Code §§ 2698, *et seq.*, Private Attorney General Act**

### **(On behalf of Plaintiffs Individually and the Class)**

129.   In answering Paragraph 129 of the First Amended Complaint, CoreCivic incorporates by reference its responses to Paragraphs 1-128, above.

130.   In answering Paragraph 130 of the First Amended Complaint, the statutes speak for themselves, and CoreCivic denies any violation of the same.

131.   The allegations in Paragraph 131 of the First Amended Complaint are not directed at CoreCivic, such that no response is required and none is provided. To the extent a response is required, CoreCivic denies the allegations, and specifically denies any allegations of wrongdoing.

132.   In answering Paragraph 132 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

133.   The allegations in Paragraph 133 of the First Amended Complaint are not directed at CoreCivic, such that no response is required and none is provided. To the extent a response is required, CoreCivic denies the allegations, and specifically denies any allegations of wrongdoing.

134.   In answering Paragraph 134 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

135.   In answering Paragraph 135 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

136.   In answering Paragraph 136 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

137.   In answering Paragraph 137 of the First Amended Complaint, CoreCivic denies the allegations contained therein.

138.   The allegations in Paragraph 138 of the First Amended Complaint are not directed at CoreCivic, such that no response is required and none is provided.

To the extent a response is required, CoreCivic denies the allegations, and specifically denies any allegations of wrongdoing.

## PLAINTIFFS' PRAYER FOR RELIEF

In answering the Prayer for Relief, CoreCivic denies that Plaintiffs and the Class Members are entitled to any of the relief they seek. CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiffs lack standing to assert claims on behalf of other individuals, that Plaintiffs lack standing to seek declaratory and/or injunctive relief, that Plaintiffs are not proper class representatives, and that this Court lacks personal jurisdiction over CoreCivic as to Plaintiffs' claims arising out of CoreCivic's non-California facilities.

## AFFIRMATIVE DEFENSES

1. As a separate defense, and in the alternative, CoreCivic alleges that the First Amended Complaint fails to state claims upon which relief can be granted.

2. As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs have failed to join a necessary party or parties under Fed. R. Civ. P. 19.

3. As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs' and the putative class members' alleged injuries and damages, if any, were caused by the acts of a third party who has not been named a party to this action and over whom CoreCivic had no control.

4. As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs' action is not certifiable as a class action pursuant to Fed. R. Civ. P. 23 et. seq.

5. As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs lack standing to maintain this action as a class action.

6. As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs lack standing to seek declaratory and/or injunctive relief.

7.     As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs lack standing to bring claims under 18 U.S.C. § 1595 and Cal. Civ. Code § 52.5.

8.     As a separate defense, and in the alternative, CoreCivic alleges that this Court lacks personal jurisdiction over CoreCivic as to Plaintiffs' claims arising out of Plaintiffs' non-California facilities.

9.     As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs and the putative class members failed to exhaust administrative remedies prior to filing suit in accordance with the Prison Litigation Reform Act, thereby precluding all claims asserted under federal law.

10.     As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs and the putative class members failed to exhaust administrative remedies prior to filing suit in accordance with applicable state law or regulations, thereby precluding all claims asserted under state law.

11.     As a separate defense, and in the alternative, CoreCivic alleges that some or all of the named Plaintiffs' and putative class members' claims are barred by the statute of limitations.

12.     As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs have unreasonably delayed their request for relief, to CoreCivic's prejudice, such that their claims are barred by the defense of laches.

13.     As a separate defense, and in the alternative, CoreCivic alleges that it was acting under legal process, with good, sufficient, and probable cause to be so acting, and that the actions of CoreCivic were in good faith and without malice.

14.     As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs' requested relief violates the law, and is otherwise impossible to attain in conformance with the law. Neither Plaintiffs nor the putative class members have a legal right to work at minimum wage rates because none has sought approval from

ICE for employment with CoreCivic, and none are qualified to work for CoreCivic under ICE's contract terms.

15. As a separate defense, and in the alternative, CoreCivic alleges that its actions were objectively reasonable under the circumstances and that it was acting in good faith and without malice.

16. As a separate defense, and in the alternative, CoreCivic alleges that, as a federal government contractor, all claims against it are barred by the government contractor defense.

17. As a separate defense, and in the alternative, CoreCivic alleges that, as a federal government contractor, it is entitled to derivative immunity.

18. As a separate defense, and in the alternative, CoreCivic alleges that the Plaintiffs' and the putative class members' injuries, losses, and damages were the result of the assumption of risk by Plaintiffs and the putative class members.

19. As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs and the putative class members were responsible and/or negligent, which would diminish or eliminate Plaintiffs' and the putative class members' right to recover under certain or all claims for relief.

20. As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs and the putative class members knowingly waived their claims when they freely elected to participate in the Detainee Voluntary Work Program.

21. As a separate defense, and in the alternative, CoreCivic alleges that there existed no conduct in this case motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the rights of Plaintiffs and the putative class members.

22. As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs and the putative class members are not human trafficking victims, or victims of any criminal activity specified in Title 18, Chapter 77 of the United

States Code, such that the Trafficking Victims Protection Act, 18 U.S.C. § 1595, does not apply.

23. As a separate defense, and in the alternative, CoreCivic alleges that it did not knowingly obtain the labor or services of Plaintiffs or the putative class members in violation of 18 U.S.C. § 1589.

24. As a separate defense, and in the alternative, CoreCivic alleges that it did not knowingly benefit from participation in a venture that it knew or should have known was in violation of 18 U.S.C. § 1589.

25. As a separate defense, and in the alternative, CoreCivic alleges that, as a federal contractor, it is entitled to require a communal contribution by ICE detainees, including Plaintiffs and the putative class members, in the form of housekeeping tasks under the civic duty exception to the Thirteenth Amendment's prohibition against involuntary servitude.

26. As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs and the putative class members are not human trafficking victims, as that term is defined in Cal. Penal Code § 236.1, such that the California Trafficking Victims Protection Act, Cal. Civ. Code § 52.5, does not apply.

27. As a separate defense, and in the alternative, CoreCivic alleges that California's labor laws are pre-empted by federal law, including, but not limited to, the Immigration and Nationality Act and the Immigration Reform and Control Act.

28. As a separate defense, and in the alternative, CoreCivic alleges that ICE detainees, including Plaintiffs and the putative class members, who perform maintenance, cooking, laundry, and other assignments for $1 per day while detained are not employees of either CoreCivic or the facility in which they are being detained, such that state labor laws do not apply.

29. As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs and the putative class members were paid all money owed to them under the Detainee Voluntary Work Program pursuant to federal law.

30. As a separate defense, and in the alternative, CoreCivic alleges that it neither received nor unjustly retained any benefits at the expense of Plaintiffs or the putative class members.

31. As an affirmative defense, and in the alternative, CoreCivic alleges its conduct was not negligent and did not violate the applicable standard of care.

32. As an affirmative defense, and in the alternative, CoreCivic alleges it did not breach any duty to Plaintiffs or the putative class members.

33. As an affirmative defense, and in the alternative, CoreCivic alleges it acted reasonably under the circumstances.

34. As a separate defense, and in the alternative, CoreCivic alleges that it would be inequitable for Plaintiffs and the putative class members to recover any damages because the actions of each Plaintiff and putative class member caused him or her to be placed in an immigration detention facility; any work any such individual performed was voluntary and/or minor and consistent with work performed by detainees at ICE facilities throughout the United States; and Plaintiffs and the putative class members received other material benefits, including but not limited to housing, food, clothing, and recreation, from CoreCivic while detained.

35. As a separate defense, and in the alternative, CoreCivic alleges that it is entitled to an offset from any award to Plaintiffs and/or the putative class members for costs incurred by CoreCivic in providing material benefits, including but not limited to housing, food, clothing, and recreation, to Plaintiffs and the putative class members while detained, as well as costs incurred in operating the Detainee Voluntary Work Program.

36. As a separate defense, and in the alternative, CoreCivic alleges that requiring it to pay Plaintiffs and/or the putative class members state law minimum wages would make it impossible for CoreCivic to comply with its contractual obligations to ICE.

37. As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs and/or the putative class members are barred from seeking equitable relief to the extent an adequate remedy exists at law.

38. As a separate defense, and in the alternative, Plaintiffs and the putative class members are not entitled to attorney fees or costs.

39. CoreCivic reserves the right to amend its Answer to Plaintiffs' First Amended Complaint to assert additional defenses, withdraw defenses, and/or add counter-claims as may become necessary after reasonable opportunity, or discovery has occurred, up through and including trial in this matter.

40. Although CoreCivic does not have specific facts in support of its remaining defenses at this time, CoreCivic reserves the right to assert the following affirmative defenses pursuant to Fed. R. Civ. P. 8 should subsequent discovery disclose facts in support of the same, including, but not limited to: accord and satisfaction, estoppel, release, and res judicata.

WHEREFORE, having fully answered Plaintiffs' First Amended Complaint, CoreCivic prays that the First Amended Complaint be dismissed with prejudice, and that CoreCivic be awarded its reasonable attorneys' fees and costs incurred herein and for such other relief as this Court deems just and equitable.

## COUNTERCLAIMS

Defendant/Counter-Claimant CoreCivic ("CoreCivic"), through counsel, and pursuant to Fed. R. Civ. P. 15(a)(1)(B), brings the following counter-claims against Counter-Defendants Sylvester Owino and Jonathan Gomez (collectively, "Counter-Defendants").

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over these counter-claims pursuant to 28 U.S.C. § 1332(a)(2). CoreCivic is a Maryland corporation with its principal place of business in Tennessee. Sylvester Owino is a citizen of Kenya, who alleges he is a resident of California. Jonathan Gomez is a citizen of Mexico, who alleges

Answer to First Amended Complaint and Counterclaims

28

17cv01112-JLS-NLS

he is a resident of California. The amount in controversy on the counter-claims exceeds $75,000.00.

2.      Alternatively, this Court has supplemental jurisdiction over these counter-claims pursuant to 28 U.S.C. § 1367(a), as these counter-claims form part of the same case or controversy as the claims asserted by Plaintiffs/Counter-Defendants under Article III of the United States Constitution.

3.      Venue is proper in this Court, as the events giving rise to these counter-claims occurred in this district.

## PARTIES

4.      CoreCivic is a Maryland corporation with its principal place of business in Tennessee. During part or all of the timeframes relevant to Plaintiffs/Counter-Defendants' claims, CoreCivic owned and operated the Otay Mesa Detention Center ("OMDC"), located in San Diego, California; the San Diego Correctional Facility ("SDCF"), located in San Diego, California; and the California City Correctional Center ("CACCC"), located in California City, California.[3] CoreCivic currently houses federal immigration detainees at OMDC, and housed such detainees at SDCF and CACCC during the timeframes noted above, consistent with the terms and conditions of its detention services agreements with United States Immigration and Customs Enforcement ("ICE"), including administration of the Detainee Voluntary Work Program, as well as all applicable state and federal statutes and regulations and detention facility standards.

5.      Sylvester Owino is a citizen of Kenya, who alleges he is a resident of California. Owino was an ICE detainee at SDCF at various times from

---

[3] OMDC first opened in October 2015. Prior to that, CoreCivic housed ICE detainees at SDCF, which closed in October 2015. The contract requirements, policies, and procedures in effect at both facilities are/were essentially identical, and many staff and detainees transferred from SDCF to OMDC. Indeed, the detention services agreement between ICE and CoreCivic, first entered into in July 2005, makes repeated references to the facility as "Otay Mesa."

Answer to First Amended Complaint         29         17cv01112-JLS-NLS
and Counterclaims

November 7, 2005 to March 9, 2015, during which time he received material benefits, including but not limited to housing, food, clothing, and recreation, at no cost to himself.

6. Jonathan Gomez is a citizen of Mexico, who alleges he is a resident of California. Gomez was an ICE detainee at SDCF at various times from June 18, 2012 to September 18, 2013, during which time he received material benefits, including but not limited to housing, food, clothing, and recreation, at no cost to himself.

## FIRST CAUSE OF ACTION

### Unjust Enrichment

7. CoreCivic's detention services agreements with ICE require all CoreCivic personnel to meet high standards of professionalism and integrity, and set specific requirements that must be met before a CoreCivic employee is permitted to enter on duty at the facility, including interviews, criminal history and other background checks, and employment eligibility verification. Pursuant to the agreements, ICE is the final approval authority for all CoreCivic personnel who work with federal detainees at CoreCivic facilities under the terms of the agreement. Proposed personnel with criminal convictions must be specifically approved by ICE; any such persons who are still under supervision or jurisdiction of any parole, probation, or correctional authority are prohibited from employment at CoreCivic facilities.

8. CoreCivic's detention services agreements with ICE also require CoreCivic to implement and maintain a voluntary work program for detainees, and require detainees who wish to participate in the program to sign a form acknowledging that participation in the program is voluntary. The agreements specifically prohibit detainees from being used to perform the responsibilities or duties of CoreCivic's employees.

9.     CoreCivic operates, and has operated at all times relevant to these counterclaims, the Detainee Voluntary Work Program at its California facilities as required by its detention services agreements with ICE. Participation in the program is purely voluntary. Detainees are not required or forced to participate in the Detainee Voluntary Work Program in any way.

10.    Participation in the Detainee Voluntary Work Program is separate from detainees' responsibility to maintain their immediate living areas in a neat and orderly manner pursuant to ICE's Performance-Based National Detention Standards, which all detainees are required to meet.

11.    The Detainee Voluntary Work Program is critical to the safe and secure operation of the facility. The intent of the program is to reduce detainee idleness, improve morale, and reduce the number of disciplinary incidents, while at the same time promoting institutional maintenance and efficiency, just as similar programs in ICE facilities and other correctional and detention facilities nationwide do. The Detainee Voluntary Work Program does not, and is not intended to, create an employment relationship between CoreCivic and detainees housed in CoreCivic's California facilities.

12.    As such, the Detainee Voluntary Work Program does not include the traditional characteristics of a standard employment relationship. For example, CoreCivic does not require detainees who wish to participate in the program to complete and submit job applications, submit to pre-employment interviews, prove their work eligibility under federal law, compete against non-detainee applicants, or complete any of the other pre-employment requirements CoreCivic employees at CoreCivic's California facilities must complete.

13.    Pursuant to its detention services agreements with ICE, CoreCivic provides basic necessities to all detainees housed in its California facilities, including but not limited to housing, food, clothing, and recreation. Detainees do not pay CoreCivic or ICE for these services, either in whole or in part.

Answer to First Amended Complaint    31    17cv01112-JLS-NLS
and Counterclaims

14. As part of their initial intake paperwork, Owino and Gomez each signed a "Voluntary Work Release," acknowledging that, while they "[could] not be compelled to work other than to perform housekeeping tasks in [their] own cell[s] and the community living area," they "would like to volunteer for work assignments in addition to [their] housekeeping tasks," and that "[b]y signing below [they were] volunteering to participate in work assignments."

15. Owino and Gomez also each signed an "Acknowledgment of Inmate/ Detainee Orientation" form as part of their initial intake paperwork, acknowledging that they had received, read, and understood the Inmate/Detainee Orientation Handbook, which included a description of the Detainee Work Program, including that participation in the program was voluntary.

16. Owino and Gomez each participated in the Detainee Voluntary Work Program at various times while at SDCF.

17. The putative class members, like Counter-Defendants, were detained by ICE, housed in one of CoreCivic's California facilities, and participated in the Detainee Voluntary Work Program at various times relevant to these counter-claims.

18. CoreCivic did not require or force Counter-Defendants or any other putative class members to participate in the Detainee Voluntary Work Program in any way.

19. Neither Counter-Defendants nor any of the putative class members filed formal job applications, sat for pre-employment interviews, proved their work eligibility as required by federal law, competed against non-detainee applicants, or completed any of the other pre-employment requirements CoreCivic employees at CoreCivic's California facilities must complete.

20. Neither Counter-Defendants nor any of the putative class members participated in the Detainee Voluntary Work Program for more than eight hours per day or 40 hours per week, and in fact often volunteered significantly fewer hours

Answer to First Amended Complaint and Counterclaims                    32                    17cv01112-JLS-NLS

depending on their work assignment, some of which involved only one to two hours per day.

21. The participation of Counter-Defendants and the putative class members in the Detainee Voluntary Work Program was temporary and dependent upon their continued detention—they could not participate in the program after their detention ceased. Moreover, Counter-Defendants and the putative class members were free to withdraw from the Detainee Voluntary Work Program at any time.

22. During their detention at CoreCivic's California facilities, Counter-Defendants and the putative class members understood that they were not employed by CoreCivic, and chose to participate in the Detainee Voluntary Work Program with full knowledge that their participation was voluntary and that they would receive $1 per day regardless of their work assignment and number of hours volunteered per day. Neither Counter-Defendants nor the putative class members had, nor could they have had, any reasonable expectation of entitlement to the state law minimum wage in effect at the time of their detention.

23. During their detention at CoreCivic's California facilities, Counter-Defendants and the putative class members were provided basic necessities, including but not limited to housing, food, clothing, and recreation. Neither Counter-Defendants nor any other putative class members paid CoreCivic or ICE for these services.

24. Counter-Defendants and the putative class members would unjustly benefit from the receipt of damages under California labor laws, including but not limited to state law minimum wages, overtime wages, penalties, and other damages, at rates in excess of $1 per day for their participation in the Detainee Voluntary Work Program if they were permitted to keep the benefit of these services without offsetting such damages with the costs and expenses associated with their detention.

Answer to First Amended Complaint                    33                    17cv01112-JLS-NLS
and Counterclaims

25. In the event Counter-Defendants and the putative class members prevail on their theory that California labor laws, including but not limited to laws regarding minimum wage and overtime wages, apply to detention facility work programs like the Detainee Voluntary Work Program at CoreCivic's California facilities, CoreCivic is equitably entitled to recover its costs and expenses associated with detaining Counter-Defendants and the putative class members, including the administration of the Detainee Voluntary Work Program.

## SECOND CAUSE OF ACTION

### Declaratory Relief—28 U.S.C. § 2201(a)

26. CoreCivic incorporates the allegations in Paragraphs 1-25, above, by reference as if fully stated herein.

27. Pursuant to an express authorization from Congress that ICE may authorize allowances to immigration detainees for work performed while detained, ICE's pre-2011 Performance Based National Detention Standards ("PBNDS") authorized an allowance of $1 per day for each participant in the Detainee Voluntary Work Program. ICE's 2011 PBNDS authorized payment of at least $1 per day, but ICE has never reimbursed CoreCivic at rates sufficient to pay detainees state law minimum wages for participation in the Detainee Voluntary Work Program, or required CoreCivic to pay detainees such wages.

28. In fact, ICE prohibits CoreCivic from employing detainees. ICE must approve any CoreCivic staff that work with federal detainees at CoreCivic's California facilities.

29. Counter-Defendants and the putative class members were participants in the Detainee Voluntary Work Program at CoreCivic's California facilities. They were not authorized by ICE to work for CoreCivic, and did not complete the requirements for employment specified in CoreCivic's detention services agreements with ICE.

Answer to First Amended Complaint and Counterclaims 34 17cv01112-JLS-NLS

30. Counter-Defendants initiated this lawsuit, claiming California's labor laws apply to them and the putative class members, when they do not. CoreCivic has already incurred attorney fees and other costs defending against Counter-Defendants' claims, and will continue to do so.

31. ICE detainees at CoreCivic's California facilities, including Counter-Defendants and the putative class members, are federal immigration detainees housed at those facilities pursuant to CoreCivic's detention services agreements with ICE. They are not employed by CoreCivic, and are not employees of CoreCivic. The work performed by these detainees is performed for reasons other than compensation, as detainees participating in the Detainee Voluntary Work Program do not participate in commerce and do not depend on the wages they earn for basic necessities such as, for example, housing, food, clothing, and recreation, while detained, as those necessities are provided to them at taxpayer expense.

32. CoreCivic therefore seeks a declaration that: (1) no employment relationship exists between CoreCivic and detainees at CoreCivic's California facilities who participate in the Detainee Voluntary Work Program, including but not limited to Counter-Defendants and the putative class members; (2) such detainees, including but not limited to Counter-Defendants and the putative class members, are not employees of CoreCivic, and CoreCivic is not their employer; and (3) as a result, California's labor laws do not apply to such detainees, including but not limited to Counter-Defendants and the putative class members.

WHEREFORE, CoreCivic prays for the following relief:

A. An order enjoining Counter-Defendants and the putative class members from claiming California's labor laws apply to them;

B. An order declaring California's labor laws do not apply to ICE detainees at CoreCivic's California facilities, including but not limited to laws requiring payment of minimum wage and overtime wages;

Answer to First Amended Complaint
and Counterclaims

35

17cv01112-JLS-NLS

C.    An order declaring CoreCivic has no employment relationship with ICE detainees at its California facilities who participate in the Detainee Volunteer Work Program, namely that CoreCivic is not the employer of such detainees, and that such detainees are not employees of CoreCivic;

D.    In the event Counter-Defendants and the putative class members prevail on their theory that California labor laws, including but not limited to laws regarding minimum wage and overtime wages, apply to detention facility work programs like the Detainee Voluntary Work Program at CoreCivic's California facilities, an order awarding CoreCivic all costs and expenses incurred in providing basic necessities to Counter-Defendants and the putative class members, including but not limited to housing, food, clothing, and recreation;

E.    An award of attorney fees and costs; and

F.    Other and further relief as the Court deems just and equitable.

**CoreCivic demands a jury trial as to all triable issues raised in the First Amended Complaint and Counterclaims.**

Dated:  October 26, 2018

By s/ Jacob B. Lee
Daniel P. Struck
dstruck@strucklove.com
Rachel Love
rlove@strucklove.com
Nicholas D. Acedo
nacedo@strucklove.com
Ashlee B. Hesman
ahesman@strucklove.com
Jacob B. Lee
jlee@strucklove.com
STRUCK LOVE BOJANOWSKI & ACEDO, PLC

Ethan H. Nelson
LAW OFFICE OF ETHAN H. NELSON
ethannelsonesq@gmail.com

Attorneys for Defendant/Counter-Claimant CoreCivic, Inc.