1    J. MARK WAXMAN  (SBN 58579)
        mwaxman@foley.com
2    NICHOLAS J. FOX (SBN 279577)
        nfox@foley.com
3    **FOLEY & LARDNER LLP**
     3579 VALLEY CENTRE DRIVE, SUITE 300
4    SAN DIEGO, CA 92130
     T:  858.847.6700 // F:   858.792.6773
5
     EILEEN R. RIDLEY (SBN 151735)
6        eridley@foley.com
     ALAN R. OUELLETTE (SBN 272745)
7        aouellette@foley.com
     **FOLEY & LARDNER LLP**
8    555 CALIFORNIA STREET, SUITE 1700
     SAN FRANCISCO, CA 94104-1520
9    T:  415.434.4484 // F: 415.434.4507

     ROBERT L. TEEL  (SBN 127081)
        lawoffice@rlteel.com
     **LAW OFFICE OF ROBERT L. TEEL**
     1425 BROADWAY, MAIL CODE: 20-6690
     SEATTLE, WASHINGTON 98122
     T: 866. 833.5529 // F:855.609.6911

     GEOFFREY M. RAUX (*pro hac vice*)
        graux@foley.com
     **FOLEY & LARDNER LLP**
     111 HUNTINGTON AVENUE
     BOSTON, MA 02199-7610
     T: 617.342.4000 // F: 617.342.4001

10   Attorneys for Plaintiffs SLYVESTER OWINO,
     JONATHAN GOMEZ, and the Proposed Class(es)

11

12                  **UNITED STATES DISTRICT COURT**

13                  **SOUTHERN DISTRICT OF CALIFORNIA**

14   SLYVESTER OWINO and JONATHAN )   Case No. 17-CV-01112-JLS-NLS
     GOMEZ, on behalf of themselves and all )
15   others similarly situated,             )   **CLASS ACTION**
                                            )
16                          Plaintiffs,     )   **PLAINTIFFS' AND COUNTER-**
                                            )   **DEFENDANTS' ANSWER TO**
17             vs.                          )   **CORECIVIC'S COUNTERCLAIMS**
                                            )
18   CORECIVIC, INC.,                       )
                                            )
19                          Defendant..     )
     ───────────────────────────────       )
20   CORECIVIC, INC.,                       )
                                            )
21             Counter-Claimant,            )
                                            )
                                            )
22             vs.                          )
                                            )
23   SLYVESTER OWINO and JONATHAN )   Judge:  Hon. Janis L. Sammartino
     GOMEZ, on behalf of themselves and all )   Magistrate:  Hon. Nita L. Stormes
24   others similarly situated,             )
                                            )   DEMAND FOR JURY TRIAL
25                  Counter-Defendants.     )

26

27

28

                                            Case No. 17-CV-01112-JLS-NLS

Plaintiffs and Counter-Defendants Sylvester Owino and Jonathan Gomez, on behalf of themselves and the putative classes ("Plaintiffs"), hereby answer the Counterclaims filed by Defendant CoreCivic, and admit, deny, and allege as follows (references herein are to the numbered paragraphs of the Defendant's Counterclaims, unless otherwise indicated):

## JURISDICTION AND VENUE

1.     Plaintiffs deny that jurisdiction is proper under 28 U.S.C. § 1332(a)(2) insofar as the alleged amount in controversy cannot reasonably be determined to exceed the jurisdictional amount.  The remaining allegations in paragraph 1 are admitted.

2.     The allegations set forth in paragraph 2 are admitted.

3.     The allegations set forth in paragraph 3 are admitted.

## PARTIES

4.     Plaintiffs admit that CoreCivic is a Maryland corporation with its principal place of business in Tennessee, and that Defendant owned and operated the Otay Mesa Detention Center ("OMDC") located in San Diego, California; the San Diego Correctional Facility ("SDCF"), located in San Diego, California; and the California City Correctional Center ("CACCC"), located in California City, California.  Plaintiff further admits that CoreCivic currently houses immigration detainees at OMDC and that SDCF and CACCC also housed immigration detainees. The remaining allegations of paragraph 4 are denied. Plaintiffs do not have sufficient knowledge to admit or deny the allegations contained in Footnote 1, and to that extent those allegations are denied.

5.     Plaintiff Owino admits he is a citizen of Kenya and a resident of California, and that he was a detainee at a CoreCivic facility in California at various times during the period from November 7, 2005 to March 9, 2015.  He did receive food and clothing, and there were recreational moments during his stay.  Except as herein as specifically admitted, the remaining allegations of paragraph 5 are denied.

6.     Plaintiff Gomez admits that he is a citizen of Mexico, and a resident of California, and that he was a detainee at CoreCivic facility in California during the period

from June 18, 2012 to September 18, 2013.  He did receive food and clothing, and there were recreational moments during his stay.  Except as herein specifically admitted, the remaining allegations of paragraph 6 are denied.

## FIRST CAUSE OF ACTION:  UNJUST ENRICHMENT

7.      With respect to the allegations in paragraph 7, Plaintiffs state that any applicable agreements between Defendant and ICE speak for themselves.  To the extent the allegations set forth facts or statements that vary from the agreements or mischaracterize their terms, those allegations are denied.  Plaintiffs do not have sufficient knowledge to admit or deny the remaining allegations, and to that extent those allegations are denied.

8.      With respect to the allegations in paragraph 8, Plaintiffs state that any applicable agreements between Defendant and ICE speak for themselves.  To the extent the allegations set forth facts or statements that vary from the agreements or mischaracterize their terms, those allegations are denied.

9.      Plaintiffs admit that Defendant has operated a Voluntary Work Program at various California facilities, which is referred to in Plaintiffs' Complaint as the program for "Dollar-A-Day Work."   All references to the "Voluntary Work Program" in Plaintiffs' Answer are made based on the understanding that it is simply a different name given to the program for "Dollar-A-Day Work" described in the Complaint.  Plaintiffs further state that any applicable agreements between Defendant and ICE speak for themselves.  To the extent the allegations set forth facts or statements that vary from the agreements or mischaracterize their terms, those allegations are denied.  The remaining allegations set forth in paragraph 9, including any characterization of the Voluntary Work Program, are denied.

10.     Plaintiffs admit that the Voluntary Work Program is distinct from generally applicable maintenance requirements Defendant imposes upon detainees.  The remaining allegations set forth in paragraph 10 are denied.

11.     The allegations set forth in paragraph 11 are denied.

12.     Plaintiffs deny that the Voluntary Work Product does not include the traditional characteristics of a standard employment relationship.  Detainees participating in the Voluntary Work Program are employees under California law.  Plaintiffs lack knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 12, and on that basis, the allegations are denied.

13.     Plaintiffs admit that they received shelter (insofar as they were in an enclosed detention center), and certain food, clothing, and moments of recreation. Plaintiffs were forcibly detained during the period in which they received this shelter, food, and clothing and did not chose or otherwise seek out such services from Defendant. The circumstances of their detention was imposed upon them.  Except for the foregoing, the allegations of paragraph 13 are denied.

14.     With respect to the allegations set forth in paragraph 14, to the extent the allegations are a repetition of documents purportedly bearing the signature of Plaintiffs, the documents cited speak for themselves.  To the extent the allegations in paragraph 14 conflict with such documents or such documents do not exist, such allegations are denied. Answering further, Plaintiffs recall certain paperwork during their intake at OMDC, but lack knowledge or information sufficient to form a belief as to allegations regarding the contents of any specific paperwork.

15.     With respect to the allegations set forth in paragraph 15, to the extent the allegations are a repetition of documents purportedly bearing the signature of Plaintiffs, the documents cited speak for themselves.  To the extent the allegations in paragraph 15 conflict with such documents or such documents do not exist, such allegations are denied. Answering further, Plaintiffs recall certain paperwork during their intake at OMDC, but lack knowledge or information sufficient to form a belief as to allegations regarding the contents of any specific paperwork.

16.     Plaintiffs admit that they each participated in the Detainee Voluntary Work Program at various times while housed in a CoreCivic detention facility.

17.     With respect to the allegations of paragraph 17, Plaintiffs admit that some of

the putative class members performed work at CoreCivic detention facilities, for which they were not compensated as required by applicable law, and otherwise were the subject of the conduct and violations of applicable law as set forth in the Complaint. Answering further, Plaintiffs state that the putative class extends beyond CoreCivic's California facilities and beyond detainees who participated in Defendant's Voluntary Work Program(s).  The allegations in paragraph 17 which imply a more limited class are denied.

18.   The allegations set forth in paragraph 18 are denied.

19.   Plaintiffs state that the putative class extends beyond CoreCivic's California facilities and beyond detainees who participated in Defendant's Voluntary Work Program(s).  The allegations in paragraph 19 which imply a more limited class are denied.  As to the remaining allegations, Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 19, and on that basis, the allegations are denied.

20.   Plaintiffs state that the putative class extends beyond detainees who participated in Defendant's Voluntary Work Program(s).  The allegations in paragraph 20 which imply a more limited class are denied.  The remaining allegations set forth in paragraph 20 are also denied.

21.   Plaintiffs admit that once their detention ceased, and they were released from OMDC, and other facilities of Defendant, they ceased to perform work in the various facilities.  Answering further, Plaintiffs state that the putative class extends beyond CoreCivic's California facilities and beyond detainees who participated in Defendant's Voluntary Work Program(s).  The allegations in paragraph 21 which imply a more limited class are denied.  Except as admitted in the foregoing, the remaining allegations of paragraph 21 are also denied.

22.   Plaintiffs state that the putative class extends beyond CoreCivic's California facilities and beyond detainees who participated in Defendant's Voluntary Work Program(s).  The allegations in paragraph 22 which imply a more limited class are

1   denied.  The remaining allegations set forth in paragraph 22 are also denied.

2       23.    Plaintiffs admit that, without paying Defendant or ICE, they received shelter

3   (insofar as they were in an enclosed detention center), and certain food, clothing, and

4   moments of recreation.  Plaintiffs and the putative class members were forcibly detained

5   during the period in which they received this shelter, food, and clothing and did not

6   choose or otherwise seek out such services from Defendant.  The circumstances of their

7   detention was imposed upon them.  Answering further, Plaintiffs state that the putative

8   class extends beyond CoreCivic's California facilities and beyond detainees who

9   participated in Defendant's Voluntary Work Program(s).  The allegations in paragraph 23

10  which imply a more limited class are denied.  Except as admitted in the foregoing, the

11  allegations of paragraph 23 are denied.

12      24.    The allegations set forth in paragraph 24 are denied.

13      25.    The allegations set forth in paragraph 25 are denied.

14  **SECOND CAUSE OF ACTION:  DECLARATORY RELIEF**

15      26.    With respect to the allegations set forth in paragraph 26, Plaintiffs

16  incorporate by reference their responses to the allegations set forth in paragraphs 1-25

17  above, as if fully stated herein.

18      27.    With respect to the allegations of paragraph 27, Plaintiffs state that the

19  allegations with respect to action taken by Congress and ICE, and the meaning thereof,

20  are conclusions of law for which no answer is required.  Plaintiffs lack knowledge or

21  information sufficient to form a belief as to the allegations concerning ICE's

22  reimbursement payments to Defendants, and on that basis, the allegations are denied.

23  Plaintiffs deny any and all allegations in paragraph 27 to the extent they purport to imply

24  that Defendant was not required to or was prohibited from complying with federal and

25  state laws, including California labor laws.

26      28.    Plaintiffs lack knowledge or information sufficient to form a belief as to the

27  allegations concerning any prohibition—contractual or otherwise—ICE imposes on

28  Defendant, and on that basis, the allegations are denied.  Plaintiffs further deny any and

all allegations in paragraph 28 to the extent they purport to imply that Defendant was not required to or was prohibited from complying with federal and state laws, including California labor laws.

29.     With respect to the allegations of paragraph 29, Plaintiffs admit that some of the putative class members performed work at OMDC or other CoreCivic detention facilities, for which they were not compensated as required by applicable law, and otherwise were the subject of the conduct and violations of applicable law as set forth in the Complaint.  Answering further, Plaintiffs state that the putative class extends beyond CoreCivic's California facilities and beyond detainees who participated in Defendant's Voluntary Work Program(s).  The allegations in paragraph 29 which imply a more limited class are denied.  In addition, Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations related to Defendant's internal processes or its communications with ICE, and on that basis, those allegations are denied.

30.     Plaintiffs admit that they initiated this lawsuit and that, instead of compensating them and the putative class members for numerous violations of law, Defendant has chosen to incur attorneys' fees defending the claims against them.  The remaining allegations set forth in paragraph 30 are denied.

31.     Plaintiffs admit that they and other members of the putative class were federal immigration detainees housed at detention facilities owned and operated by Defendant.  The remaining allegations set forth in paragraph 31 are denied.

32.     With respect to the allegations set forth in paragraph 32, Plaintiffs state that the requests made by Defendant seek a determination which is inconsistent with the legal requirements applicable to the facts alleged in the Complaint, and assert legal conclusions for which no answer is required.  To the extent an answer is required, the allegations set forth in paragraph 32 are denied.

**AFFIRMATIVE DEFENSES**

Plaintiffs, and each of them, assert the following separate and distinct affirmative defenses to Defendant's Counterclaims:

## FIRST AFFIRMATIVE DEFENSE

Each and every cause of action contained therein, fails to set forth facts sufficient to constitute a cause of action upon which relief may be granted against Plaintiffs, or either, or any, of them.

## SECOND AFFIRMATIVE DEFENSE

Defendant is barred in whole or in part from recovering any alleged damages, which damages are specifically denied, because Defendant, by its own acts and omissions, waived its rights.

## THIRD AFFIRMATIVE DEFENSE

Defendant is barred in whole or in part from recovering any alleged damages, which damages are specifically denied, because such damages were caused and are the result, either in whole or in part, of Defendant's own culpable conduct and its assumption of risk.

## FOURTH AFFIRMATIVE DEFENSE

Defendant is barred in whole or in part from recovering any alleged damages, which damages are specifically denied, as a result of laches.

## FIFTH AFFIRMATIVE DEFENSE

Defendant is barred in whole or in part from recovering any alleged damages, which damages are specifically denied, under the doctrine of unclean hands and other related equitable defenses.

## SIXTH AFFIRMATIVE DEFENSE

Any valid claims alleged by Defendant are barred, in whole or in part, by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Any injury caused to Defendant, if any, was the result of acts or failures to act of persons other than Plaintiffs and/or is the responsibility of persons other than Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant is barred in whole or in part from recovering any alleged damages,

which damages are specifically denied, as a result of accord and satisfaction.

## NINTH AFFIRMATIVE DEFENSE

Defendant cannot recover for any purported unjust enrichment insofar as Plaintiffs were forcibly detained during the period in which they received the shelter, food, clothing, and other services from Defendant that form the basis of Defendant's claims. Plaintiffs did not voluntarily chose or otherwise seek out such services from Defendant. The circumstances of their detention was imposed upon them.

## TENTH AFFIRMATIVE DEFENSE

The allegations of the Complaint are incorporated herein by reference, and bar any recovery or judgment for Defendant on its Counterclaims.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant's Second Cause of Action for Declaratory Relief fails for lack of a present case or controversy.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs hereby asserts all additional affirmative defenses that may be revealed in the course of discovery, by further investigation, or at trial. Plaintiffs reserve the right to supplement these Affirmative Defenses as additional facts and information come to their attention in the course of this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs/Counter -Defendants, and each of them, pray for relief as follows:

1. That Defendant takes nothing by way of its Counterclaims;

2. That judgment on the Counterclaims be entered in favor of Plaintiffs/Counter-Defendants and the class they represent;

3. That Plaintiffs/Counter-Defendants be awarded their costs of this suit;

4. That Plaintiffs/Counter-Defendants be awarded attorneys' fees as applicable; and

5. For such other and further relief as the Court deems just and proper.

1   DATED:  November 16, 2018          **FOLEY & LARDNER LLP**
                                        J. Mark Waxman
2                                       Eileen R. Ridley
                                        Geoffrey Raux
3                                       Nicholas J. Fox
                                        Alan R. Ouellette
4

5

6
                                        */s/* Eileen R. Ridley
7                                       Eileen R. Ridley

8                                       **LAW OFFICE OF ROBERT L. TEEL**
                                        ROBERT L. TEEL
9                                       Robert L. Teel

10
                                        Attorneys for Plaintiffs/ Counter-Defendants
11                                      SLYVESTER OWINO, JONATHAN GOMEZ,
                                        and the Proposed Class(es)
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 16, 2018 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

*/s/* Eileen R. Ridley
Eileen R. Ridley