

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO, JONATHAN GOMEZ, on behalf of themselves, and all other similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CORECIVIC, INC., a Maryland corporation, <br><br> Defendant. | Case No.:  3:17-cv-1112-JLS-NLS <br><br> **ORDER ON JOINT MOTION FOR DETERMINTION OF DISCOVERY DISPUTE NO. 2** <br><br> **[ECF No. 78]** |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute No. 2. ECF No. 78. The parties disagree about two distinct issues: (1) whether there is good cause for the court to pre-emptively permit a deposition of Defendant's 30(b)(6) representative to exceed the 7 hour limit; and (2) whether the court should issue a deadline for the production of remaining unproduced policies and procedures for some facilities. *Id.* As explained below, the court will **grant in part** and **deny in part** the joint motion.

///

///

///

1

## I.    The 30(b)(6) Deposition May Proceed for a Total of 11 hours over 2 Days

Plaintiffs request the court pre-emptively grant an extension of time to complete the deposition of a 30(b)(6) witness, scheduled to occur on March 4, 2019, regarding 15 identified topics.  Plaintiffs cite to voluminous documents, the numerous topics, and the areas of questioning necessary to support their motion for nationwide class certification as the basis for their request.  They also point to the deposition location, occurring in Nashville, Tennessee, and efficiency of completing the deposition over two days, preventing additional coordination of scheduling and costs of travel.  ECF No. 78, 4-5.

Defendant responds that Plaintiff's have not shown good cause, and that they will not be able to until the conclusion of the 8 hours of time agreed to by the parties for this deposition.  Defendant also points to the list of documents provided that may be covered in deposition and cites concerns with how Plaintiffs may proceed with the deposition, citing to the deposition of 30(b)(6) witnesses that spent significant time on line by line review of documents and irrelevant topics.

While the Court agrees with Defendant that line-by-line review of documents does not appear appropriate to gather the type of information necessary for class certification or the claims alleged in this case, there are sufficient documents, topics, and issues to present good cause to **grant** the request to extend the deposition time to the requested 11 hours over two days.  This also promotes the conservation of resources and costs preventing a second deposition with additional travel, scheduling or need for judicial intervention.  The parties are, as always, encouraged to meet and confer and use deposition time wisely, keeping in mind the relevance requirements Rule 26, the claims alleged, and the class certification deadline.

## II.    Document Production Must be Complete By March 15, 2019

Plaintiffs argue that Defendant has failed to produce all policies and procedures by January 15, 2019 as required by prior order of this Court.  Plaintiff identified policies that appeared to be missing for some facilities.  Defendants respond that there was an inadvertent failure, and that they are working to correct the issue.

There is no indication that the policies for the unproduced facilities will differ in any meaningful way from the policies and procedures already produced. The Court finds that Defendants were in substantial compliance with the Court's order, but also that a rolling production is not sufficient in light of the close of class discovery and deadline for filing a motion for class certification. The Plaintiffs' motion to compel production is **granted in part and denied in denied in part**; Defendant must produce the outstanding policies and procedures by **March 15, 2019**.

### III.   Conclusion

For the reasons stated, the deposition of Defendant's 30(b)(6) witness may proceed for up to 11 hours over 2 days. Defendants must produce remaining policies and procedures by **March 15, 2019.**

IT IS SO ORDERED.

Dated:  March 1, 2019

Hon. Nita L. Stormes
United States Magistrate Judge