UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>CORECIVIC, INC., a Maryland corporation,<br><br>          Defendant. | Case No.: 17-CV-1112 JLS (NLS)<br><br>**ORDER: (1) DENYING MOTION FOR RECONSIDERATION; AND (2) DENYING CERTIFICATION FOR INTERLOCUTORY APPEAL**<br><br>(ECF No. 47) |

Presently before the Court is Defendant CoreCivic, Inc.'s Motion for Reconsideration and Certification for Interlocutory Appeal ("Mot.," ECF No. 47). Plaintiffs' filed an Opposition to ("Opp'n," ECF No. 52) and Defendant filed a Reply in Support of ("Reply," ECF No. 55) the Motion. After considering the parties' arguments and the law, the Court rules as follows.

## BACKGROUND

The Court's Prior Order Granting in Part and Denying in Part Defendant's Motion to Dismiss Plaintiffs' Complaint ("Prior Order," ECF No. 38) contains an extensive summary of this case's factual background, which the Court incorporates here by reference. Relevant to this Motion: On May 14, 2018, the Court issued its ruling on Defendant's

Motion to Dismiss Plaintiffs' Complaint. *See generally* Prior Order. The Court held that Plaintiffs' claims under the California Labor Code were not preempted by federal immigration law, *id.* at 31–37, and that Wage Order 5-2001 ("Wage Order 5") applied to Defendant's civil immigration detention facility, *id.* at 47–48. On June 11, 2018, Defendant filed the present Motion for Reconsideration and Certification for Interlocutory Appeal.

## ANALYSIS

### I. Motion for Reconsideration

In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." Civ. L. R. 7.1(i)(1). The moving party must provide an affidavit or certified statement of an attorney setting forth, *inter alia*, new or different facts and circumstances which previously did not exist. *Id.*

Generally, reconsideration of a prior order is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Defendant bases its motion on only one ground for reconsideration: that the Court "committed clear error or the initial decision was manifestly unjust." Mot. at 2–5. "Clear error or manifest injustice occurs when 'the reviewing court on the entire record is left with

the definite and firm conviction that a mistake has been committed.'" *Young v. Wolfe,* CV 07-03190 RSWL-AJWx, 2017 WL 2798497, at *5 (C.D. Cal. June 27, 2017) (quoting *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)).

Defendant argues that the Court's interpretation of Wage Order 5's applicability is contrary to the California Division of Labor Standards Enforcement's ("DLSE") interpretation. Mot. at 3. Defendant points to DLSE's opinion letter from July 22, 1998, in which DLSE explained that Wage Order 5 only applies when an "industry, business, or establishment" provides "meals, housing or maintenance services" to the public or other businesses. Mot. at 4 (citing Dep't of Labor Standards Enforcement, *Occupation Wage Orders v. Order 5*, at 1 (July 22, 1997), ECF No. 47-3). Although Wage Order 5 covers services that are incidental to an entity's primary business and Plaintiffs' Complaint included allegations that they provided services covered in the Wage Order—e.g., janitorial services, landscaping, catering, boarding, and cleaning of facilities—Defendant argues that, because it does not provide those services to the public, pursuant to DLSE's interpretation, Wage Order 5 does not apply. *Id.* at 4–5.

In further support of this argument, Defendant cites to *Construction Protective Services, Inc. v. Superior Court,* No. 5183445, 2006 WL 164995 (Cal. Ct. App. Jan. 24, 2006), an unpublished California Court of Appeal decision that found that Wage Order 5 did not apply where the defendant employer provided housing to its employees, which was a service incidental to its primary business purpose. The Court held that, because the employer did not provide these incidental services "to individuals other than its own employees," Wage Order 5 did not apply. *Id.* at *4. According to Defendant, these authorities should lead the Court to "reconsider its analysis, defer to the DLSE's and California Court of Appeals' consistent interpretation of [Wage Order 5], and dismiss Plaintiffs' claims to the extent they are based on that Wage Order." Mot at 5.

The Court is not convinced that it clearly erred in determining that Wage Order 5 applies to Defendant's civil immigration detention facility. To begin with, the Court notes that none of the authority in which Defendant relies as the basis for its arguments is binding

authority. With regard to the opinion letter, California courts "have concluded that DLSE enforcement policies are not entitled to deference because they were not adopted in compliance with the Administrative Procedure Act." *Kilby v. CVS Pharmacy, Inc.*, 63 Cal. 4th 1, 13 (2016). Instead, courts are to "give DLSE opinion letters consideration and respect." *Harris v. Super. Ct.*, 53 Cal. 4th 170, 190 (2011). Thus, although such opinion letters "may be persuasive as precedents in similar subsequent cases," *Kilby*, 63 Cal. 4th at 13, "it is ultimately the judiciary's role to construe the language." *Harris*, 53 Cal. 4th at 190. As for Defendant's reliance on *Construction Protective Services, Inc. v. Superior Court*, as an unpublished decision, it may have "persuasive value," but it has no "precedential value." *Emp'rs Ins. of Wausau v. Granite St. Ins. Co.*, 330 F.3d 1214, 1220 n.8 (9th Cir. 2003); *see also Holt v. Noble House Hotels & Resort, LTD*, No. 17cv2246-MMA (BLM), 2019 WL 969437, at *4 (S.D. Cal. Feb. 28, 2019) (holding that although California Rule of Court 8.1115(a) precludes citing or relying on unpublished state court opinions, federal courts may still consider unpublished state court decisions as persuasive authority).

Other DLSE guidance materials lessens the persuasive weight of Defendant's authority. In DLSE's guide for determining the classification of businesses and occupations under wage orders, DLSE stated that "new types of businesses and occupations are constantly coming into existence" and that, "as industry practices and business structures evolve, circumstances may dictate the change in classification of a particular occupation from one wage order to another wage order." California Division of Labor Standards and Enforcement, *Which IWC Order? Classifications* 2 (2013). The opinion letter relied on by Defendant, which is over twenty years old, is based on former industry practices and business structures that do not necessarily reflect the current realities.

Finally, case law from both before and after the Court's Prior Order supports its conclusion. The California Supreme Court previously held that, "'in light of the remedial nature of the legislative enactments authorizing the regulation of wages, hours and working conditions for the protection and benefit of employees, the statutory provisions [of the

1 Labor Code] are to be liberally construed with an eye to promoting such protection.'" *Brinker Rest. Corp. v. Super. Ct.*, 53 Cal. 4th 1004, 1026–27 (2012) (quoting *Indus. Welfare Com. v. Super. Ct.*, 27 Cal. 3d 690, 702 (1980)); *see also Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1103 (2007) ("[S]tatutes governing conditions of employment are to be construed broadly in favor of protecting employees."). Because "wage orders are to be accorded the same dignity as statutes," these same interpretation principles apply here and this Court must construe Wage Order 5 broadly in favor of protecting employees. *See Brinker*, 53 Cal. 4th at 527. This cuts against the DLSE's narrow reading of the statute and in favor of this Court's conclusion in its Prior Order.

Following this Court's Prior Order, the Honorable Jesus Bernal of the Central District of California faced a case directly on point both factually and legally with this case and came to the same conclusion. In *Novoa v. GEO Group, Inc.*, No. EDCV 17-2514 JGB (SHKx), 2018 WL 3343494 (C.D. Cal. June 21, 2018), the plaintiffs argued that Wage Order 5 applied to a civil immigration detention facility that operated a voluntary work program. *Id.* at *2. The court concluded that "Wage Order 5's broad language encompass[ed]" the civil immigration detention facility because "it provid[ed] housing and board for the detainees, in addition to offering medical services." *Id.*, at *8. Addressing the defendant's arguments concerning the same DLSE opinion letter at issue here, the court concluded that "DLSE's July 22, 1997 letter reads meaning into Wage Order 5 that is contrary to its plain language" and found DLSE's interpretation to be contrary to "the California Supreme Court's advice to 'liberally construe[]' statutory provisions concerning the regulation of wages and hours 'with an eye to promoting such protection.'" *Id.* at *9 (citing *Brinker*, 53 Cal. 4th at 1026–27).

Based on the foregoing, the Court is convinced that Defendant has not proven any clear error or manifest injustice in the Court's determination that Wage Order 5 applies to the detention center. The Court therefore **DENIES** Defendant's Motion for Reconsideration.

///

## II. Certification for Interlocutory Appeal

Defendant moves the Court to certify the following issue for interlocutory appeal: "whether federal law—and specifically, the Immigration and Nationality Act ("INA"), the Immigration Reform and Control Act ("IRCA"), and 8 U.S.C. § 1555—preempt Plaintiffs' California labor law claims." Mot. at 5.

Section 1292(b) of title 28 of the United States Code provides, in pertinent part, that a district judge may certify an order for immediate interlocutory appeal if the judge is "of the opinion" that: (1) the order "involves a controlling question of law," (2) there is "substantial ground for difference of opinion" as to the resolution of that question, and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation[]." *See Kaltwasser v. AT&T Mobility*, No. C 07-00411 JW, 2011 WL 5417085, at *1 (N.D. Cal. Nov. 8, 2011). The Court should only grant certification "in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966).

The Court agrees with Defendant that the preemption issue is "a controlling question of law" and that there is "substantial ground for difference of opinion" as to the resolution of that question. Defendant has not demonstrated, however, that an immediate appeal would materially advance the ultimate termination of the litigation. Even if the preemption issue is resolved favorably for Defendant on appeal, this litigation would continue on Plaintiffs' remaining claims. Instead of a resolution of this case, an immediate appeal would significantly delay final resolution of the entire action and result in unnecessary trouble and expense. The Court thus finds the circumstances presented in this case do not overcome the general policy disfavoring piecemeal appeals, and that they do not merit Section 1292(b) certification. Accordingly, the Court **DENIES** Defendant's request for interlocutory appeal.

///

///

///

## CONCLUSION

For the reasons stated above, the Court (1) **DENIES** Defendant's Motion for Reconsideration, and (2) **DENIES** Defendant's request for interlocutory appeal.

**IT IS SO ORDERED.**

Dated: March 26, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

7

17-CV-1112 JLS (NLS)