J. MARK WAXMAN (SBN 58579)
mwaxman@foley.com
NICHOLAS J. FOX (SBN 279577)
nfox@foley.com
**FOLEY & LARDNER LLP**
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
T: 858.847.6700 // F: 858.792.6773

EILEEN R. RIDLEY (SBN 151735)
eridley@foley.com
ALAN R. OUELLETTE (SBN 272745)
aouellette@foley.com
**FOLEY & LARDNER LLP**
555 California Street, Suite 1700
San Francisco, CA 94104-1520
T: 415.434.4484 // F: 415.434.4507

ROBERT L. TEEL (SBN 127081)
lawoffice@rlteel.com
**LAW OFFICE OF ROBERT L. TEEL**
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
T: 866. 833.5529 // F:855.609.6911

GEOFFREY M. RAUX (pro hac vice)
graux@foley.com
**FOLEY & LARDNER LLP**
111 Huntington Avenue
Boston, MA 02199-7610
T: 617.342.4000 // F: 617.342.4001

Attorneys for Plaintiffs SYLVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>CORECIVIC, INC.,<br><br>　　　　　　　　Defendant.<br><br>―――――――――――――――――<br>CORECIVIC, INC.,<br><br>　　　　　　　　Counter-Claimant,<br><br>vs.<br><br>SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Counter-Defendants. | Case No. 3:17-CV-01112-JLS-NLS<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION**<br><br>Date: July 11, 2019<br>Time: 1:30 p.m.<br>Place: Courtroom 4D<br><br>Judge: Hon. Janis L. Sammartino<br>Magistrate: Hon. Nita L. Stormes<br><br>DEMAND FOR JURY TRIAL |

# NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 11, 2019, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 4D of the above-entitled Court, Plaintiffs Sylvester Owino and Jonathan Gomez ("Plaintiffs"), individually and on behalf of the putative classes, by and through their undersigned counsel, will and hereby do move this Court, pursuant to Federal Rule of Civil Procedure 23, to certify the following five classes:

**CA Labor Law Class**: For Plaintiffs' claims for violations of the California Labor Code, violations of California Industrial Welfare Commission's (the "IWC") Wage Order No. 5-2001, violations of California's Unfair Competition Law, California Business and Professions Code § 17200, *et seq*. (the "UCL"), unjust enrichment and negligence, Plaintiffs seek to certify the following class: All ICE detainees who (i) were detained at a CoreCivic facility located in California between May 31, 2013 and the present, and (ii) worked through CoreCivic's voluntary work program (the "VWP") during their period of detention in California (the "**CA Labor Law Class**").

**CA Forced Labor Class**: For Plaintiffs' claims for violations of the California Trafficking Victims Protection Act, Cal. Civil Code § 52.5 (the "California TVPA"), violations of the UCL, unjust enrichment and negligence, Plaintiffs seek to certify the following class: All ICE detainees who (i) were detained at a CoreCivic facility located in California between January 1, 2006 and the present, (ii) cleaned areas of the facilities above and beyond the personal housekeeping tasks enumerated in ICE's Performance-Based National Detention Standards 2011 (the "ICE PBNDS"), and (iii) performed such work under threat of discipline irrespective of whether the work was paid or unpaid (the "**CA Forced Labor Class**").

**CA Basic Necessities Class**: For Plaintiffs' claims for violations of the CA TVPA, violations of the UCL, unjust enrichment and negligence, Plaintiffs seek to certify the following class: All ICE detainees who (i) were detained at a CoreCivic facility located in

1  California between January 1, 2006 and the present, (ii) worked through CoreCivic's
2  VWP, and (iii) purchased basic living necessities through CoreCivic's commissary
3  during their period of detention in California (the "**CA Basic Necessities Class**").
4      **National Forced Labor Class**: For Plaintiffs' claims for violations of the
5  Trafficking Victims Protection Act, 18 U.S.C. § 1589, *et seq.* (the "Federal TVPA"),
6  Plaintiffs seek to certify the following class: All ICE detainees who (i) were detained at a
7  CoreCivic facility between December 23, 2008 and the present, (ii) cleaned areas of the
8  facilities above and beyond the personal housekeeping tasks enumerated in the ICE
9  PBNDS, and (iii) performed such work under threat of discipline irrespective of whether
10 the work was paid or unpaid (the "**National Forced Labor Class**").
11     **National Basic Necessities Class**: For Plaintiffs' claim for violations of the
12 Federal TVPA, Plaintiffs seek to certify the following class: All ICE detainees who (i)
13 were detained at a CoreCivic facility between December 23, 2008 to the present, (ii)
14 worked through CoreCivic's VWP, and (iii) purchased basic living necessities through
15 CoreCivic's commissary during their period of detention (the "**National Basic**
16 **Necessities Class**").
17     Plaintiffs' Motion is made on the grounds that all of the requirements for
18 certification in Rule 23(a) and Rule 23(b)(3) are satisfied for each of the five proposed
19 classes.
20     **Numerosity:** Rule 23(a)(1)'s requirement of numerosity is satisfied for each of
21 the proposed classes on the grounds that CoreCivic's document productions and
22 discovery responses establish that there are at least 8,346 members of the CA Labor Law
23 Class. The CA Basic Necessities Class is comprised of most, if not all of the
24 approximately 17,319 ICE detainees that worked through CoreCivic's voluntary work
25 program between January 1, 2006 and the present. The National Basic Necessities Class
26 is comprised of most, if not all, of the approximately 123,815 ICE detainees that worked
27 in CoreCivic's California and non-California facilities between December 23, 2008 and
28 the present. The CA Forced Labor Class and the National Forced Labor Class arise out

of CoreCivic's policy and practice of requiring all ICE detainees at its facilities to perform cleaning work outside of the ICE detainees' immediate living areas under threat of discipline.  Therefore, the CA and National Forced Labor Classes and Basic Necessities Classes necessarily include several thousands of former and current ICE detainees, and the requirement of numerosity is satisfied.

**Commonality:**  Fed. R Civ. P. 23(a)(2)'s requirement of commonality has been satisfied because whether the Class may recover on its claims hinges on questions of law and fact common to the proposed classes, including as follows:

<u>**CA Labor Law Class**</u>: Plaintiffs' claims on behalf of the CA Labor Law Class for violations of the California Labor Code, violations of the IWC's Wage Order No. 5-2001, violations of the UCL, unjust enrichment and negligence all turn on a common legal question: whether ICE detainees that worked through the voluntary work program at CoreCivic's facilities in California are employees of CoreCivic under California law and entitled to the protections for employees set forth in the California Labor Code and the IRC's Wage Order No. 5-2001.

<u>**CA Forced Labor Class & CA Basic Necessities Class**</u>: Plaintiffs' claims on behalf of the CA Forced Labor Class and CA Basic Necessities Class for violations of the CA TVPA, violations of the UCL, unjust enrichment and negligence all depend on the resolution of a common legal question:

- Whether CoreCivic's policy and practice of requiring ICE detainees in its California facilities to clean areas of the facility above and beyond the personal housekeeping tasks enumerated in the ICE PBNDS under threat of discipline constitutes "human trafficking" within the meaning of California Penal Code § 236.1(a).
- Whether CoreCivic's practice of withholding basic living necessities from ICE detainees such that the only way they can obtain them is by working through CoreCivic's voluntary work program so that they can afford to purchase them from CoreCivic's commissary constitutes "human trafficking" within the meaning of California Penal Code § 236.1(a).

<u>**National Forced Labor Class & National Basic Necessities Class**</u>: As with the CA Forced Labor Class and the CA Basic Necessities Class, Plaintiffs' claims on behalf

of the National Forced Labor Class and National Basic Necessities Class for violations of the Federal TVPA depend on the resolution of common issues arising from the same policies and practices which were implemented at CoreCivic's facilities throughout the United States, to wit:

- Whether CoreCivic's policy and practice of requiring ICE detainees in its California facilities to clean areas of the facility above and beyond the personal housekeeping tasks enumerated in the ICE PBNDS under threat of discipline constitutes "human trafficking" within the meaning of California Penal Code § 236.1(a).
- Whether CoreCivic's practice of withholding basic living necessities from ICE detainees such that the only way they can obtain them is by working through CoreCivic's voluntary work program so that they can afford to purchase them from CoreCivic's commissary constitutes "human trafficking" within the meaning of California Penal Code § 236.1(a).

**Typicality and Adequacy:** Rule 23(a)(3)'s requirements of typicality and adequacy are met in that Plaintiffs' claims are typical of the other members of the proposed classes because Plaintiffs were subject to CoreCivic's uniform policies and practices. Further, Plaintiffs and their counsel, The Law Office of Robert L. Teel and Foley & Lardner, LLP, will fairly and adequately protect the interests of the proposed class members. Plaintiffs have no interests antagonistic to those of the proposed class members, and their counsel have the requisite experience and resources to litigate class actions and this action in particular.

**Predominance and Superiority:** Rule 23(b)(3)'s predominance and superiority requirements are also satisfied. The questions of law and fact common to the proposed classes predominate over any questions that may affect members of the proposed classes on an individual basis, and the class action mechanism is superior to any other available method to reach a fair and efficient adjudication of the issues in the matter.

Further, Plaintiffs move the Court to certify (1) Plaintiffs Sylvester Owino and Jonathan Gomez as representatives of the proposed class(es), and (2) Plaintiffs' counsel of record, The Law Office of Robert L. Teel and Foley & Lardner, LLP, as class counsel for the five proposed classes.

Plaintiffs' Motion is based on this Notice of Motion and Motion For Class Certification, the accompanying Memorandum of Points and Authorities and Declarations of Eileen R. Ridley, Robert L. Teel, Sylvester Owino, Jonathan Gomez, Jonathan Ortiz Dubon, and Emmanuel Nunez Carrillo, the pleadings and other papers on file in this matter, discovery produced to date, and upon any evidence or argument that may be presented at or before the hearing on this Motion.

DATED:  April 15, 2019

**FOLEY & LARDNER LLP**
J. Mark Waxman
Eileen R. Ridley
Geoffrey Raux
Nicholas J. Fox
Alan R. Ouellette


*/s/ Eileen R. Ridley*
Eileen R. Ridley
Attorneys for Plaintiffs SYLVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)

**LAW OFFICE OF ROBERT L. TEEL**
Robert L. Teel
  lawoffice@rlteel.com
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
Telephone:  (866) 833-5529
Facsimile:  (855) 609-6911

Attorneys for Plaintiffs SYLVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 15, 2019 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

/s/ Eileen R. Ridley
Eileen R. Ridley