J. MARK WAXMAN (SBN 58579)
  mwaxman@foley.com
NICHOLAS J. FOX (SBN 279577)
  nfox@foley.com
**FOLEY & LARDNER LLP**
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130
T: 858.847.6700 // F: 858.792.6773

EILEEN R. RIDLEY (SBN 151735)
  eridley@foley.com
ALAN R. OUELLETTE (SBN 272745)
  aouellette@foley.com
**FOLEY & LARDNER LLP**
555 California Street, Suite 1700
San Francisco, CA 94104-1520
T: 415.434.4484 // F: 415.434.4507

ROBERT L. TEEL (SBN 127081)
  lawoffice@rlteel.com
**LAW OFFICE OF ROBERT L. TEEL**
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
T: 866.833.5529 // F:855.609.6911

GEOFFREY M. RAUX (pro hac vice)
  graux@foley.com
**FOLEY & LARDNER LLP**
111 Huntington Avenue
Boston, MA 02199-7610
T: 617.342.4000 // F: 617.342.4001

Attorneys for Plaintiffs SYLVESTER OWINO,
JONATHAN GOMEZ, and the Proposed Class(es)

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br>vs.<br>CORECIVIC, INC.,<br>　　　　　　　　Defendant.<br>_____<br>CORECIVIC, INC.,<br>　　　　　　　　Counter-Claimant,<br>vs.<br>SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br>　　　　　　　　Counter-Defendants.<br>_____ | Case No. 3:17-CV-01112-JLS-NLS<br><br>**CLASS ACTION**<br><br>**DECLARACIÓN DE NEHEMIAS EMMANUEL NUNEZ CARRILLO**<br><br>Judge: Hon. Janis L. Sammartino<br>Magistrate: Hon. Nita L. Stormes |

Case No. 17-CV-01112-JLS-NLS

Yo, Nehemias Emmanuel Nunez Carrillo, declaro lo siguiente:

1. Tengo más de dieciocho años de edad. Tengo conocimiento personal sobre el contenido de esta declaración. Si me piden hacerlo, yo podría testificar sobre el contenido de esta declaración, y testificaría al respecto de manera competente bajo juramento.

2. Yo fui detenido en el centro de detención en Otay Mesa entre aproximadamente el 2 de agosto, del año 2017, hasta el 18 de abril del año 2018.

3. Durante mi detención en el centro de detención en Otay Mesa, me obligaron a seguir todos los pedidos e instrucciones emitidos por los guardias y empleados de CoreCivic, incluyendo realizar tareas de limpieza en áreas comunes y privadas sin pago. Si me negaba a seguir los pedidos e instrucciones emitidos por los guardias y empleados de CoreCivic, estaría sujeta a castigo, incluyendo siendo puesta en un régimen de aislamiento/incomunicación.

4. Yo entendí que podría ser castigada si me negaba a obedecer cualquier pedido e instrucciones emitidos por los guardias y empleados de CoreCivic.  Mi entendimiento estaba basado en mi conocimiento de las reglas y políticas escritas y emitidas por CoreCivic, en mi observación personal de otros detenidos que fueron castigados por negarse a seguir los pedidos e instrucciones, en conversaciones que tuve con otros detenidos que me informaron que cualquier falta de obedecer los pedidos e instrucciones emitidos por los guardias y empleados de CoreCivic resultaría en un castigo como segregación, y en mi experiencia personal cuando fui castigada mientras estuve detenida.  Por ejemplo, a mí me obligaban a trabajar en mi día libre, y en caso de que me negara, me amenazaban de ser removida de unidad y someterme a aislamiento.

5. De aproximadamente desde octubre del 2017 hasta abril del 2018, yo trabajé en la cocina para el programa de CoreCivic conocido como "Voluntary Work Program." Tuve que aplicar para este trabajo y mi supervisor era un empleado de CoreCivic.  Los empleados de CoreCivic que trabajaban en el centro de detención determinaron mi salario, horas de trabajo, horario de trabajo, y capacitación.  Mi supervisor revisaba mi

-1- Case No. 17-CV-01112-JLS-NLS

4811-8557-7620.1

desempeño en el trabajo. Si hice mal mi trabajo, podría ser terminada. Generalmente, yo trabajaba siete (7) horas al día. Solo me pagaban $1.50 cada día que trabajaba, a pesar de cuantas horas trabajé ese día.

6. Yo generalmente trabajaba siete (7) días a la semana en mi trabajo como parte del Voluntary Work Program. Este trabajo era distinto al trabajo de limpieza que tenía que hacer sin pago en las áreas de vivienda. Era requerido que diario limpiáramos nuestra área de vivienda, incluyendo haciendo la cama y limpiando el piso, el escusado, el lavabo, las paredes, los muebles, y las salidas de aire. También tuvimos que limpiar las áreas comunes cuando nos ordenaban los guardias y empleados de CoreCivic. Nos requerían hacer más trabajo de limpieza en las áreas comunes cuando venían visitantes al centro de detención. Esto incluye, cuando venía el Director de ICE, el Supervisor del CoreCivic o personas interesadas en adquirir franquicias de CoreCivic, entonces me tocaba lavar las duchas, barrer la cancha de basquetbol "yarda", aspirar los pisos, limpiar las salidas de los aires acondicionado, labores asignadas dependiendo el grupo en el que me tocara.

6. Me uní al Voluntary Work Program porque era la única manera en que podía ganar dinero durante mi detención en el centro de detención en Otay Mesa. No hubiera podido comprar comida, ropa, o artículos de higiene básica en la comisaria sin el trabajo en el Voluntary Work Program. Tampoco hubiera podido comprar tarjetas de teléfonos para llamar a mi familia.

7. Durante mi detención en el centro de detención en Otay Mesa, CoreCivic me proporcionó una cantidad limitada de ropa, incluyendo calcetines, ropa interior, y camisetas. No se hacía la lavandería todos los días, entonces muchas veces tuve que usar ropa sucia varios días seguidos. La única manera de no tener que usar ropa sucia fue comprar ropa, incluyendo ropa interior, en la comisaria.

8. Además de ropa, CoreCivic me proporcionó artículos de higiene básica como jabón, champú, papel de baño, y pasta de dientes. Estos artículos se reponían cada semana, pero muy siguiente se me acababan los artículos que nos daba CoreCivic antes

-2-   Case No. 17-CV-01112-JLS-NLS

del fin de la semana.  Se tardaba CoreCivic mucho tiempo en reponer los artículos de higiene cuando se acababan, y generalmente tenía que esperar hasta emisión semanal. Entonces, muchas veces me quedé sin estos artículos por varios días. La única manera de evitar que se me acabaran estos artículos durante la semana fue comprar artículos adicionales en la comisaria.

9. Me permitieron hacer llamadas telefónicas a mis amigos y familia durante mi detención en el centro de detención en Otay Mesa.  Estas llamadas costaban dinero. La única manera de estar segura que podía llamar a mis amigos y familia fue comprar tarjetas de teléfono en la comisaria.

10. Yo declaro bajo pena de perjurio bajo las leyes de los estados unidos que lo anterior es verdad y correcto.

Ejecutado este día 14 de Abril, 2019, en Houston, Texas.

1
2
3   _____
    Nehemias Emmanuel Nunez Carrillo
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

J. MARK WAXMAN (SBN 58579)
mwaxman@foley.com
NICHOLAS J. FOX (SBN 279577)
nfox@foley.com
**FOLEY & LARDNER LLP**
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130
T: 858.847.6700 // F: 858.792.6773

EILEEN R. RIDLEY (SBN 151735)
eridley@foley.com
ALAN R. OUELLETTE (SBN 272745)
aouellette@foley.com
**FOLEY & LARDNER LLP**
555 California Street, Suite 1700
San Francisco, CA 94104-1520
T: 415.434.4484 // F: 415.434.4507

ROBERT L. TEEL (SBN 127081)
lawoffice@rlteel.com
**LAW OFFICE OF ROBERT L. TEEL**
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
T: 866.833.5529 // F: 855.609.6911

GEOFFREY M. RAUX (pro hac vice)
graux@foley.com
**FOLEY & LARDNER LLP**
111 Huntington Avenue
Boston, MA 02199-7610
T: 617.342.4000 // F: 617.342.4001

Attorneys for Plaintiffs SYLVESTER OWINO,
JONATHAN GOMEZ, and the Proposed Class(es)

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>CORECIVIC, INC.,<br><br>    Defendant.<br><br>CORECIVIC, INC.,<br><br>    Counter-Claimant,<br><br>vs.<br><br>SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>    Counter-Defendants. | Case No. 3:17-CV-01112-JLS-NLS<br><br>**CLASS ACTION**<br><br>**DECLARATION OF NEHEMIAS EMMANUEL NUNEZ CARRILLO**<br><br>Judge: Hon. Janis L. Sammartino<br>Magistrate: Hon. Nita L. Stormes |

Case No. 17-CV-01112-JLS-NLS

1  I, Nehemias Emmanuel Nunez Carrillo, hereby declare as follows:

2  1. I am over eighteen years of age. I have personal knowledge of the content of this declaration. If requested to do so, I could testify on the content of this declaration, and would testify with respect to this in a competent manner under oath.

2. I was detained at the Otay Mesa detention center between approximately August 2, 2017, and April 18, 2018.

3. During my detention at the Otay Mesa detention center, I was obliged to follow all the orders and instructions issued by the guards and employees of CoreCivic, including performing cleaning tasks and communal and private areas without payment. If I refused to follow the orders and instructions issued by the guards and employees of CoreCivic, I would be subject to punishment, including being placed in an isolation/incommunicado regime.

4. I understood that I could be punished if I refused to obey any order or instruction issued by the guards and employees of CoreCivic. My understanding is based on my knowledge of the written regulations and policies issued by CoreCivic, on my personal observation of other detainees who were punished for refusing to follow orders and instructions, on conversations I had with other detainees who informed me that any failure to observe the orders and instructions issued by the guards and employees of CoreCivic would result in punishment such as segregation, and on my personal experience when I was punished while I was detained. For example, they obliged me to work on my free day, and if I refused they threatened to remove me from the unit and submit me to isolation.

5. From approximately October 2017 to April 2018 I worked in the kitchen for the CoreCivic program known as the "Voluntary Work Program." I had to apply for this work and my supervisor was an employee of CoreCivic. The employees of CoreCivic who worked in the detention center calculated my salary, working hours, work schedule, and training. My supervisor reviewed my job performance. If I performed my work

-1-   Case No. 17-CV-01112-JLS-NLS

4811-8557-7620.1

1  poorly I could be terminated. I generally worked seven (7) hours a day. I was only paid
2  $1.50 for each day I worked regardless of the number of hours I worked that day

3  6.  I generally worked seven (7) days a week at my job as part of the Voluntary Work
4  Program. This work was different from the unpaid cleaning work I had to do in the living
5  areas. We were required to clean our living area each day, including making our bed and
6  cleaning the floor, the toilet, the basin, the walls, the furniture, and the air outlets. We
7  also had to clean the communal areas when ordered by the CoreCivic guards and
8  employees. We had to do additional cleaning work in the communal areas when visitors
9  came to the detention center. This included when the Director of ICE, the Supervisor of
10 CoreCivic or individuals interested in acquiring CoreCivic franchises visited, and it was
11 my turn to clean the showers, sweep the basketball court known as the yard, vacuum the
12 floors, clean the air conditioning outlets, which tasks were assigned depending on the
13 group I was in.

14 6.  I joined the Voluntary Work Program because it was the only means by
15 which I could earn money during my detention at the Otay Mesa detention center. I
16 would have been unable to buy food, clothing, or basic hygiene items from the store
17 without working in the Voluntary Work Program. Nor would I have been able to buy
18 telephone cards to call my family.

19 7.  During my detention at the Otay Mesa detention center, CoreCivic provided
20 me with a limited amount of clothing, including socks, underwear, and vests. Laundry
21 wasn't done every day, so I frequently had to use soiled clothing for several days. The
22 only way to avoid having to wear dirty clothing was to buy clothing, including
23 underwear, from the store.

24 8.  Aside from clothing, CoreCivic provided me with basic hygiene items such
25 as soap, shampoo, toilet paper, and toothpaste. These items were replaced each week, but
26 I frequently ran out of the items CoreCivic gave us before the end of the week. CoreCivic
27 took a long time to replace hygiene items when they ran out, and we generally had to wait
28 for the weekly issue. So I frequently had to go several days without these articles. The

only means of preventing these items running out during the week was to buy additional items from the store.

9. They allowed me to make telephone calls to my friends and family during my detention in the Otay Mesa detention center. These calls cost money. The only means of being certain that I could call my friends and family was to buy phone cards from the store.

10. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 14th day of April, 2019, in Houston, Texas.

1
2
3                              _____
                               Nehemias Emmanuel Nunez Carrillo
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



City of New York, State of New York, County of New York

I, Jordan Johnson, hereby certify that the document, **"Emmanuel- Spanish Declaration in Support of Motion for Class Certificati..."** is, to the best of my knowledge and belief, a true and accurate translation from Spanish (MX) into English (US).

_Jordan Johnson_

Sworn to before me this
April 15, 2019

_____
Signature, Notary Public

WENDY POON
NOTARY
NO. 01PO6358754
QUALIFIED IN
QUEENS COUNTY
COMM. EXP.
04-03-2021
STATE OF NEW YORK
PUBLIC

_____
Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

THREE PARK AVENUE, 40TH FLOOR, NEW YORK, NY 10016 | T 212.689.5555 | F 212.689.1059 | WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 15, 2019 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

*/s/* Eileen R. Ridley
Eileen R. Ridley