J. MARK WAXMAN (SBN 58579)
mwaxman@foley.com
NICHOLAS J. FOX (SBN 279577)
nfox@foley.com
**FOLEY & LARDNER LLP**
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
T: 858.847.6700 // F: 858.792.6773

EILEEN R. RIDLEY (SBN 151735)
eridley@foley.com
ALAN R. OUELLETTE (SBN 272745)
aouellette@foley.com
**FOLEY & LARDNER LLP**
555 California Street, Suite 1700
San Francisco, CA 94104-1520
T: 415.434.4484 // F: 415.434.4507

ROBERT L. TEEL (SBN 127081)
lawoffice@rlteel.com
**LAW OFFICE OF ROBERT L. TEEL**
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
T: 866.833.5529 // F:855.609.6911

GEOFFREY M. RAUX (pro hac vice)
graux@foley.com
**FOLEY & LARDNER LLP**
111 Huntington Avenue
Boston, MA 02199-7610
T: 617.342.4000 // F: 617.342.4001

Attorneys for Plaintiffs SYLVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CORECIVIC, INC.,<br><br>Defendant.<br><br>CORECIVIC, INC.,<br><br>Counter-Claimant,<br><br>vs.<br><br>SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>Counter-Defendants. | Case No. 3:17-CV-01112-JLS-NLS<br><br>**CLASS ACTION**<br><br>**DECLARACIÓN DE JONATHAN ORTIZ DUBON**<br><br>Judge: Hon. Janis L. Sammartino<br>Magistrate: Hon. Nita L. Stormes |

Case No. 17-CV-01112-JLS-NLS

4843-8904-2836.1

Yo, Jonathan Ortiz Dubon, declaro lo siguiente:

1. Tengo más de dieciocho años de edad. Tengo conocimiento personal sobre el contenido de esta declaración. Si me piden hacerlo, yo podría testificar sobre el contenido de esta declaración, y testificaría al respecto de manera competente bajo juramento.

2. Yo fui detenido en el centro de detención en Otay Mesa entre aproximadamente el 8 de abril, del año 2017, hasta el 18 de noviembre del año 2017.

3. Durante mi detención en el centro de detención en Otay Mesa, me obligaron a seguir todos los pedidos e instrucciones emitidos por los guardias y empleados de CoreCivic, incluyendo realizar tareas de limpieza en áreas comunes y privadas sin pago. Si me negaba seguir los pedidos e instrucciones emitidos por los guardias y empleados de CoreCivic, estaría sujeto a castigo, incluyendo siendo puesto en un régimen de aislamiento/incomunicación.

4. Yo entendí que podría ser castigado si me negaba a obedecer cualquier pedido o instrucción emitidos por los guardias y empleados de CoreCivic. Mi entendimiento estaba basado en mi conocimiento de las reglas y políticas escritas y emitidas por CoreCivic, en mi observación personal de otros detenidos que fueron castigados por negarse a seguir los pedidos e instrucciones, en conversaciones que tuve con otros detenidos que me informaron que cualquier falta de obedecer los pedidos e instrucciones emitidos por los guardias y empleados de CoreCivic resultaría en un castigo como segregación, y en mi experiencia personal cuando fui castigado mientras estuve detenido. Por ejemplo, yo presencie cuando otro detenido de identidad transgenero y en lo adelante referida como "ella" a quien la obligaban a trabajar en su día libre, y en caso de que ella se negara, iba a ser removida de unidad y someterla a aislamiento.

5. De aproximadamente el mes de mayo del 2017 hasta noviembre del 2017, yo trabajé en la cocina para el programa de CoreCivic conocido como "Voluntary Work Program." Tuve que aplicar para este trabajo y mi supervisor era un empleado de CoreCivic. Los empleados de CoreCivic que trabajaban en el centro de detención

-1-  Case No. 17-CV-01112-JLS-NLS

4843-8904-2836.1

determinaron mi salario, horas de trabajo, horario de trabajo, y capacitación. Mi supervisor revisaba mi desempeño en el trabajo. Si hice mal mi trabajo, podría ser terminado. Generalmente, yo trabajaba siete (7) horas al día. Solo me pagaban $1.50 cada día que trabajaba, a pesar de cuantas horas trabajé ese día.

5. Yo generalmente trabajaba siete (7) días a la semana en mi trabajo como parte del Voluntary Work Program. Este trabajo era distinto al trabajo de limpieza que tenía que hacer sin pago en las áreas de vivienda. Era requerido que diario limpiáramos nuestra área de vivienda, incluyendo haciendo la cama y limpiando el piso.
Nos tocaba hacer más trabajo de limpieza en las áreas comunes cuando venían visitantes al centro de detención. Esto incluye, cuando venía el Director de ICE nos tocaba limpiar los filtros de los aires, la cancha de básquetbol llamada "yarda", los escusados, las paredes, las duchas, entre otras cosas.

6. Me uní al Voluntary Work Program porque era la única manera en que podía ganar dinero durante mi detención en el centro de detención en Otay Mesa. No hubiera podido comprar comida, ropa, o artículos de higiene básica en la comisaria sin el trabajo en el Voluntary Work Program. Tampoco hubiera podido comprar tarjetas de teléfonos para llamar a mi familia.

7. Durante mi detención en el centro de detención en Otay Mesa, CoreCivic me proporcionó una cantidad limitada de ropa, incluyendo calcetines, ropa interior, y camisetas. No se hacía la lavandería todos los días, entonces muchas veces tuve que usar ropa sucia varios días seguidos y hasta lavarla yo mismo a mano y ponerla a secar colgada en la cama.

8. Me permitieron hacer llamadas telefónicas a mis amigos y familia durante mi detención en el centro de detención en Otay Mesa. Estas llamadas costaban dinero. La única manera de estar seguro que podía llamar a mis amigos y familia fue comprar tarjetas de teléfono en la comisaria.

9. Yo declaro bajo pena de perjurio bajo las leyes de los estados unidos que lo anterior es verdad y correcto.

4843-8904-2836.1

1  Ejecutado este día $\underline{14}$ de Abril, 2019, en Houston, Texas.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3       *Jonathan Ortiz.*
        Jonathan Ortiz Dubon
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| J. MARK WAXMAN (SBN 58579)<br>   mwaxman@foley.com<br>NICHOLAS J. FOX (SBN 279577)<br>   nfox@foley.com<br>**FOLEY & LARDNER LLP**<br>3579 VALLEY CENTRE DRIVE, SUITE 300<br>SAN DIEGO, CA 92130<br>T: 858.847.6700 // F: 858.792.6773 | ROBERT L. TEEL (SBN 127081)<br>   lawoffice@rlteel.com<br>**LAW OFFICE OF ROBERT L. TEEL**<br>1425 Broadway, Mail Code: 20-6690<br>Seattle, Washington 98122<br>T: 866.833.5529 // F: 855.609.6911 |
| EILEEN R. RIDLEY (SBN 151735)<br>   eridley@foley.com<br>ALAN R. OUELLETTE (SBN 272745)<br>   aouellette@foley.com<br>**FOLEY & LARDNER LLP**<br>555 California Street, Suite 1700<br>San Francisco, CA 94104-1520<br>T: 415.434.4484 // F: 415.434.4507 | GEOFFREY M. RAUX (pro hac vice)<br>   graux@foley.com<br>**FOLEY & LARDNER LLP**<br>111 Huntington Avenue<br>Boston, MA 02199-7610<br>T: 617.342.4000 // F: 617.342.4001 |

Attorneys for Plaintiffs SYLVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br>                Plaintiffs,<br>vs.<br>CORECIVIC, INC.,<br>                Defendant.<br><br>CORECIVIC, INC.,<br>                Counter-Claimant,<br>vs.<br>SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br>                Counter-Defendants. | Case No. 3:17-CV-01112-JLS-NLS<br><br>**CLASS ACTION**<br><br>**DECLARATION OF JONATHAN ORTIZ DUBON**<br><br>Judge: Hon. Janis L. Sammartino<br>Magistrate: Hon. Nita L. Stormes |

Case No. 17-CV-01112-JLS-NLS

I, Jonathan Ortiz Dubon, declare as follows:

1. I am over eighteen years of age. I have personal knowledge of the content of this declaration. If requested to do so, I could testify on the content of this declaration, and would testify with respect to this in a competent manner under oath.

2. I was detained at the Otay Mesa detention center between approximately April 8, 2017, and November 18, 2017.

3. During my detention at the Otay Mesa detention center, I was obliged to follow all the orders and instructions issued by the guards and employees of CoreCivic, including performing cleaning tasks and communal and private areas without payment. If I refused to follow the orders and instructions issued by the guards and employees of CoreCivic, I would be subject to punishment, including being placed in an isolation/incommunicado regime.

4. I understood that I could be punished if I refused to obey any order or instruction issued by the guards and employees of CoreCivic. My understanding is based on my knowledge of the written regulations and policies issued by CoreCivic, on my personal observation of other detainees who were punished for refusing to follow orders and instructions, on conversations I had with other detainees who informed me that any failure to observe the orders and instructions issued by the guards and employees of CoreCivic would result in punishment such as segregation, and on my personal experience when I was punished while I was detained. For example, I witnessed another transgender detainee who shall hereafter be referred to as "she" who was obliged to work on her free day, and if she refused to do so was to be removed from the unit and put into isolation.

5. From approximately May 2017 to November 2017 I worked in the kitchen for the CoreCivic program known as the "Voluntary Work Program." I had to apply for this work and my supervisor was an employee of CoreCivic. The employees of CoreCivic who worked in the detention center calculated my salary, working hours, work schedule, and training. My supervisor reviewed my job performance. If I performed my work

4843-8904-2836.1

poorly I could be terminated. I generally worked seven (7) hours a day. I was only paid $1.50 for each day I worked regardless of the number of hours I worked that day

5. I generally worked seven (7) days a week at my job as part of the Voluntary Work Program. This work was different from the unpaid cleaning work I had to do in the living areas. We were required to clean our living area each day, including making our bed and cleaning the floor.
We had to do additional cleaning work in the communal areas when visitors came to the detention center. This included cleaning the air filters, the basketball court known as the yard, the toilets, the walls, the showers etc. when the Director of ICE visited.

6. I joined the Voluntary Work Program because it was the only means by which I could earn money during my detention at the Otay Mesa detention center. I would have been unable to buy food, clothing, or basic hygiene items from the store without working in the Voluntary Work Program. Nor would I have been able to buy telephone cards to call my family.

7. During my detention at the Otay Mesa detention center, CoreCivic provided me with a limited amount of clothing, including socks, underwear, and vests. Laundry wasn't done every day, so I frequently had to use soiled clothing for several days and even wash it myself by hand and hang it out to dry on my bed.

8. They allowed me to make telephone calls to my friends and family during my detention in the Otay Mesa detention center. These calls cost money. The only means of being certain that I could call my friends and family was to buy phone cards from the store.

9. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

4843-8904-2836.1

Case 3:17-cv-01112-JLS-NLS   Document 84-6   Filed 04/15/19   PageID.1322   Page 9 of 12

1  Executed this $\underline{14}$ day of April, 2019, in Houston, Texas.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-   Case No. 17-CV-01112-JLS-NLS
4843-8904-2836.1

1
2
3           _Jonathan Ortiz._
            Jonathan Ortiz Dubon
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



City of New York, State of New York, County of New York

I, Jordan Johnson, hereby certify that the document, **"Jonathan - Spanish Declaration in Support of Motion for Class Certificat..."** is, to the best of my knowledge and belief, a true and accurate translation from Spanish (MX) into English (US).



Jordan Johnson

Sworn to before me this
April 15, 2019



Signature, Notary Public

Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

THREE PARK AVENUE, 40TH FLOOR, NEW YORK, NY 10016 | T 212.689.5555 | F 212.689.1059 | WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 15, 2019 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

*/s/* Eileen R. Ridley
Eileen R. Ridley