J. MARK WAXMAN (SBN 58579)
mwaxman@foley.com
NICHOLAS J. FOX (SBN 279577)
nfox@foley.com
**FOLEY & LARDNER LLP**
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
T: 858.847.6700 // F: 858.792.6773

EILEEN R. RIDLEY (SBN 151735)
eridley@foley.com
ALAN R. OUELLETTE (SBN 272745)
aouellette@foley.com
**FOLEY & LARDNER LLP**
555 California Street, Suite 1700
San Francisco, CA 94104-1520
T: 415.434.4484 // F: 415.434.4507

ROBERT L. TEEL (SBN 127081)
lawoffice@rlteel.com
**LAW OFFICE OF ROBERT L. TEEL**
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
T: 866. 833.5529 // F:855.609.6911

GEOFFREY M. RAUX (pro hac vice)
graux@foley.com
**FOLEY & LARDNER LLP**
111 Huntington Avenue
Boston, MA 02199-7610
T: 617.342.4000 // F: 617.342.4001

Attorneys for Plaintiffs SYLVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>      vs.<br><br>CORECIVIC, INC.,<br><br>            Defendant.<br><br>CORECIVIC, INC.,<br><br>            Counter-Claimant,<br><br>      vs.<br><br>SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>            Counter-Defendants. | Case No. 3:17-CV-01112-JLS-NLS<br><br>**CLASS ACTION**<br><br>**DECLARATION OF EILEEN R. RIDLEY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date: July 11, 2019<br>Time: 1:30 p.m.<br>Place: Courtroom 4D<br><br>Judge: Hon. Janis L. Sammartino<br>Magistrate: Hon. Nita L. Stormes<br><br>DEMAND FOR JURY TRIAL |

Pursuant to 28 U.S.C. § 1746, I, Eileen R. Ridley, hereby declare and state:

1.  I am over the age of eighteen and am a member in good standing of the State Bar of California and the United States District Court for the Southern District of California. I am a partner and trial attorney with the law firm of Foley & Lardner LLP ("Foley"). I, along with my co-counsel, represent Plaintiffs Sylvester Owino and Jonathan Gomez ("Plaintiffs") and the proposed class(es) in the above-captioned matter. I am one of the attorneys principally responsible for the representation of Plaintiffs in this matter. I am familiar with the file, the documents, and the history related to the action. I make this Declaration in support of Plaintiffs' Motion for Class Certification. This Declaration is based on my own personal knowledge, and if called to testify, I could and would do so competently on the matters stated herein.

2.  I am a former member of Foley's Management Committee and a current Vice Chair for Foley's national Litigation Department. I am the current Co-Chair of Foley's Privacy, Security & Information Management Practice and am a member of the Consumer Law, Finance and Class Action practice group and the Labor and Employment practice group. Foley is an international law firm currently with over 1,100 attorneys. Foley provides a wide range of legal services to its clients in high-stakes litigation, including complex litigation and class action work in both state and federal courts in California as well as nationally. Foley has offices throughout California and the United States, and my practice includes matters in state and federal court in California and across the United States.

3.  I received a Bachelor of Arts from the University of Notre Dame in in 1986. I received my Juris Doctorate degree from the Santa Clara University School of Law in 1990 and was an Emory Law Scholar.

4.  I was admitted to the Bar of the State of California in 1990, and have been an active member in good standing and eligible to practice before all State and Federal Courts in California since that time to the present. I was admitted to the Bar of the State of Hawaii in 1997, and have been an active member in good standing and eligible to

practice before all State and Federal Courts in Hawaii since that time to the present.  I am also admitted to and am an active member in good standing and eligible to practice law in a number of Federal and Appellate Courts.  A true and correct listing of all the Courts wherein I have been admitted to practice law is attached hereto as **Exhibit 1**.   A true and correct copy of my current biography is attached hereto as **Exhibit 2**.

5. I have never faced any discipline nor received any sanction from a State or Federal bar association or court for misconduct or an ethical violation.

6. I am a member of Foley's Consumer Law, Finance, and Class Action practice group, as well as the Business Litigation and Dispute Resolution practice group and the Labor and Employment practice group.  My practice focuses on class actions in California and across the nation in both State and Federal Court, including claims concerning antitrust, unfair competition, employment issues, ERISA litigation, trade secret and copyright matters, product liability claims, privacy and cybersecurity matters, and consumer disputes.  The Southern District of California has previously appointed myself, J. Mark Waxman, and Foley as class counsel in a class action involving claims against a prison technology company on behalf of detainees/prisoners.  *See Romero v. Securus Techs.*, Case No. 16-cv-1283 JM (MDD), 2018 U.S. Dist. LEXIS 198922, at *49-50 (S.D. Cal. Nov. 21, 2018).

7. I have handled in excess of 200 cases involving California Business & Professions Code § 17200, *et. seq.*, and have co-authored Chapter 19, The Consumers Legal Remedies Act of the Antitrust and Unfair Competition Law Section, The State Bar of California, CALIFORNIA STATE ANTITRUST AND UNFAIR COMPETITION LAW (Cheryl Lee Johnson, ed., Matthew Bender & Co. 2009), which discusses, *inter alia*, the handling of class actions under Business & Professions Code 17200, *et. seq.*

8. I have tried to verdict in excess of 30 cases (both bench and jury trials) in State and Federal Courts.  I have tried in excess of 200 matters in arbitration and/or private trials.

9. I have handled in excess of 100 putative and court-approved class actions involving a variety of subject matters, including claims for violations of California's Labor Code and unfair competition claims.

10. I also have extensive experience handling large cross-jurisdictional litigation including multi-district litigation as well as California Judicial Council ("CJC") cases. Recent multi-jurisdictional experience includes the *In re Reglan/Metoclopramide Cases* (CJC-10-004631) and *In Re: Pre-Filled Propane Tank Marketing and Sales Practices Litigation* (4:09-md-02086-GAF).

11. I also have extensive appellate experience, working on over 30 appeals in California State and Federal appellate courts and having been named as one of the "Bay Area's Best Lawyers in Appellate Practice" by Bay Area Lawyer Magazine. I also serve on the Ninth Circuit's pro bono panel.

12. In addition to the core team for Plaintiffs, there are numerous other attorneys at Foley & Lardner with extensive class action experience who will be a resource to Plaintiffs in this matter if needed.

13. I associated into this case on February 28, 2018. [Dkt. 35.] Since my association, Foley has been actively engaged in strategy and decision-making, briefing substantive motions to the Court, conducting written and deposition discovery and other fact investigation, briefing numerous discovery dispute motions to the Court, and preparing the instant Motion for Class Certification. Our litigation team for this case has substantial experience and resources to bring to bear in the prosecution of claims on behalf of Plaintiffs and the putative class(es). Further, the firm has adequate resources to support the pursuit of the class action which is at the core of this case. Both the Firm and the litigation team are committed to the pursuit of this action on behalf of Plaintiffs and any certified Class.

14. After a diligent review, to my knowledge, neither Plaintiffs nor our firm has any conflicts of interest with any putative class members.

15. Plaintiffs' legal team, including Foley, is well staffed to handle a complex lawsuit of this size and nature. Currently on Plaintiffs' legal team from Foley (in addition to myself and co-counsel Robert Teel) are J. Mark Waxman and Geoffrey Raux, two litigation partners, Alan Ouellette, a Senior Counsel in San Francisco, and Nicholas Fox, a Senior Counsel in San Diego, whose practices all include work in the class action space. There are also a multitude of additional available resources to support Plaintiffs' legal team. Foley is a nationwide firm of approximately 1,100 attorneys. The Foley Litigation Department contains approximately 330 attorneys firm-wide.

16. In conclusion, both the firm and the litigation team assigned to this matter have substantial experience and resources to bring to bear in the prosecution of claims on behalf of Plaintiffs and the putative class(es). Further, the firm has adequate resources to support the pursuit of the class action which is at the core of this case.

17. Attached hereto as **Exhibit 3** is a true and correct copy of excerpts from the transcript of the deposition of Jason Ellis taken on March 4, 2019.

18. Attached hereto as **Exhibit 4** is a true and correct copy of excerpts from the transcript of the deposition of Jason Ellis taken on March 5, 2019.

19. Attached hereto as **Exhibit 5** is a true and correct copy of excerpts from the transcript of the deposition of Susan Huffman taken on January 21, 2019.

20. Attached hereto as **Exhibit 6** is a true and correct copy of excerpts from the transcript of the deposition of Fred Figueroa taken on February 19, 2019.

21. Attached hereto as **Exhibit 7** is a true and correct copy of excerpts from the transcript of the deposition of Troy G. Pollock taken on February 26, 2019.

22. Attached hereto as **Exhibit 8** is a true and correct copy of excerpts from the transcript of the deposition of Robert Lacy, Jr. taken on March 13, 2019.

23. Attached hereto as **Exhibit 9** is a true and correct copy of Defendant's Detainee Voluntary Work Program Agreement Form, Bates No. CCOG22900, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

24. Attached hereto as **Exhibit 10** is a true and correct copy of Defendant's Detainee Voluntary Work Program Agreement Form, signed by Plaintiff Jonathan Gomez, Bates No. CCOG25320, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

25. Attached hereto as **Exhibit 11** is a true and correct copy of a detainee file, Bates Nos. CCOG43011 through CCOG43166, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

26. Attached hereto as **Exhibit 12** is a true and correct copy of Otay Mesa Detention Center's Sanitation and Hygiene Policy, effective September 1, 2015, Bates Nos. CCOG2711 through CCOG2714, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

27. Attached hereto as **Exhibit 13** is a true and correct copy of Stewart Detention Center's Sanitation and Hygiene Policy, effective April 1, 2013, Bates Nos. CCOG7912 through CCOG7915, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

28. Attached hereto as **Exhibit 14** is a true and correct copy of San Diego Correctional Facility's Sanitation and Hygiene Policy, effective February 17, 2004, Bates Nos. CCOG8558 through CCOG8561, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

29. Attached hereto as **Exhibit 15** is a true and correct copy of North Georgia Detention Center's Sanitation and Hygiene Policy, effective April 1, 2009, Bates Nos. CCOG32093 through CCOG32096, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

30. Attached hereto as **Exhibit 16** is a true and correct copy of Northeast Ohio Correctional Center's Sanitation and Hygiene Policy, effective June 1, 2004, Bates Nos. CCOG31605 through CCOG31607, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

31. Attached hereto as **Exhibit 17** is a true and correct copy of T. Don Hutto Residential Center's Sanitation and Hygiene Policy, effective May 8, 2006, Bates Nos. CCOG76351 through CCOG76356, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

32. Attached hereto as **Exhibit 18** is a true and correct copy of Stewart Detention Center's Sanitation and Hygiene Policy, effective October 1, 2006, Bates Nos. CCOG8881 through CCOG8884, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

33. Attached hereto as **Exhibit 19** is a true and correct copy of San Diego Correctional Facility's Sanitation and Hygiene Policy, effective April 11, 2003, Bates Nos. CCOG30664 through CCOG30668, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

34. Attached hereto as **Exhibit 20** is a true and correct copy of La Palma Correctional Center's Sanitation and Hygiene Policy, effective January 22, 2018, Bates Nos. CCOG32688 through CCOG32691, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

35. Attached hereto as **Exhibit 21** is a true and correct copy of Otay Mesa Detention Facility's Detainee Admission and Orientation Handbook, dated January 2018, Bates Nos. CCOG19841 through CCOG19891, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

36. Attached hereto as **Exhibit 22** is a true and correct copy of Florence Correctional Center's Detainee Handbook, dated July 10, 2012, Bates Nos. CCOG21859 through CCOG21894, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

37. Attached hereto as **Exhibit 23** is a true and correct copy of San Diego Correctional Facility's Inmate/Detainee Admission and Orientation Handbook, dated October 2007, Bates Nos. CCOG2222 through CCOG2253, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

38. Attached hereto as **Exhibit 24** is a true and correct copy of Laredo Processing Center's Detainee Handbook, dated November 2016, Bates Nos. CCOG19498 through CCOG19573, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

39. Attached hereto as **Exhibit 25** is a true and correct copy of Eloy Detention Center's 2013 Admissions Handbook, Bates Nos. CCOG21164 through CCOG21220, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

40. Attached hereto as **Exhibit 26** is a true and correct copy of Houston Processing Center's 2013 Admissions Handbook, Bates Nos. CCOG22121 through CCOG22146, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

41. Attached hereto as **Exhibit 27** is a true and correct copy of Otay Mesa Detention Center's Food Service Post Orders, Bates Nos. CCOG2833 through CCOG2838, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

42. Attached hereto as **Exhibit 28** is a true and correct copy of Laredo Processing Center's Food Service Post Orders, Bates Nos. CCOG7637 through CCOG7642, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

43. Attached hereto as **Exhibit 29** is a true and correct copy of Stewart Detention Center's Food Service Post Orders, Bates Nos. CCOG8028 through CCOG8033, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

44. Attached hereto as **Exhibit 30** is a true and correct copy of an excerpt from a Disciplinary Log, Bates No. CCOG25046, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

45.	Attached hereto as **Exhibit 31** is a true and correct copy of an excerpt from a Disciplinary Log, Bates No. CCOG25153, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

46.	Attached hereto as **Exhibit 32** is a true and correct copy of an excerpt from a Disciplinary Log, Bates No. CCOG25049, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

47.	Attached hereto as **Exhibit 33** is a true and correct copy of an excerpt from a Disciplinary Log, Bates No. CCOG25045, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

48.	Attached hereto as **Exhibit 34** is a true and correct copy of Plaintiff Jonathan Gomez's Commissary Purchase Record, Bates Nos. CCOG45309 through CCOG45327, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

49.	Attached hereto as **Exhibit 35** is a true and correct copy of a detainee Commissary Purchase Record, Bates Nos. CCOG56592 through CCOG56601, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

50.	Attached hereto as **Exhibit 36** is a true and correct copy of a detainee Commissary Purchase Record, Bates Nos. CCOG57056 through CCOG57059, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

51.	Attached hereto as **Exhibit 37** is a true and correct copy of Plaintiff Sylvester Owino's Commissary Purchase Record, Bates Nos. CCOG45345 through CCOG45347, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

52.	Attached hereto as **Exhibit 38** is a true and correct copy of a detainee Commissary Purchase Record, Bates Nos. CCOG74453 through CCOG74454, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

53. Attached hereto as **Exhibit 39** is a true and correct copy of a detainee Commissary Purchase Record, Bates Nos. CCOG54219 through CCOG54220, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

54. Attached hereto as **Exhibit 40** is a true and correct copy of a detainee Commissary Purchase Record, Bates Nos. CCOG54050 through CCOG54051, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

55. Attached hereto as **Exhibit 41** is a true and correct copy of a detainee Commissary Purchase Record, Bates Nos. CCOG74650 through CCOG74654, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

56. Attached hereto as **Exhibit 42** is a true and correct copy of a detainee Commissary Purchase Record, Bates Nos. CCOG74564 through CCOG746566, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

57. Attached hereto as **Exhibit 43** is a true and correct copy of Otay Mesa Detention Center's Facility Commissary Checking Account Policy, effective September 1, 2015, Bates Nos. CCOG2503 through CCOG2506, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

58. Attached hereto as **Exhibit 44** is a true and correct copy of Defendant's response to Plaintiffs Request for Admission, Set One, dated December 11, 2018.

59. During the course of discovery, Defendant produced various reports that identify ICE detainees that were confined at Defendant's facilities and worked through Defendant's so-called "voluntary work program." Excerpts of the spreadsheets are attached hereto at Exhibit 45 through Exhibit 88. Due to their size, Plaintiffs have excerpted the documents, but can and will provide the Court with complete spreadsheets in native format upon request. Further, based on my analysis of the spreadsheets, the spreadsheets identify approximately 17,319 ICE detainees that worked through Defendant's voluntary work program while confined at a CoreCivic facility in California between January 1, 2006 and the present:

///

| Facility | ICE Detainee Workers |
|---|---|
| California City Correctional Facility | 1,094 |
| Otay Mesa Detention Center | 4,719 |
| San Diego Correctional Facility | 11,506 |
| **Total** | **17,319** |

The spreadsheets identify approximately 110,826 ICE detainees that worked through Defendant's voluntary work program while confined at a CoreCivic facility outside of California between December 23, 2008 and the present.

| Facility | ICE Detainee Workers |
|---|---|
| Central Arizona Florence Complex | 2,731 |
| Citrus County Detention Center | No Documents Produced |
| Cibola County Correctional Center | 2,629 |
| Elizabeth Detention Center | 3,301 |
| Eloy Detention Center | 15,551 |
| Florence Correctional Center | 10,531 |
| Hernando County Detention Center | No Documents Produced |
| Houston Processing Center | 13,496 |
| T. Don Hutto Residential Center | 11,735 |
| La Palma Correctional Facility | 48 |
| Laredo Processing Center | 12,386 |
| Nevada Southern Detention Center | 814 |
| Northeast Ohio Correctional Center | 624 |
| North Georgia Detention Center | 7,215 |
| Stewart Detention Center | 27,686 |
| South Texas Family Residential Center | 1,098 |
| Tallahatchie County Correctional Facility | 45 |
| Torrance County Detention Center | 465 |
| Webb County Detention Center | 298 |
| West Tennessee Detention Facility | 173 |
| **Total** | **110,826** |

60. Attached hereto as **Exhibit 45** is a true and correct copy of an excerpt of a spreadsheet for California City Correctional Facility, Bates No. CCOG9314, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

61. Attached hereto as **Exhibit 46** is a true and correct copy of an excerpt of a spreadsheet for California City Correctional Facility, Bates No. CCOG25034, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

62. Attached hereto as **Exhibit 47** is a true and correct copy of an excerpt of a spreadsheet for Otay Mesa Detention Center, Bates No. CCOG9326, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

63. Attached hereto as **Exhibit 48** is a true and correct copy of an excerpt of a spreadsheet for San Diego Correctional Facility, Bates No. CCOG9327, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

64. Attached hereto as **Exhibit 49** is a true and correct copy of an excerpt of a spreadsheet for San Diego Correctional Facility, Bates No. CCOG25043, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

65. Attached hereto as **Exhibit 50** is a true and correct copy of an excerpt of a spreadsheet for San Diego Correctional Facility, Bates No. CCOG25044, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

66. Attached hereto as **Exhibit 51** is a true and correct copy of an excerpt of a spreadsheet for Central Arizona Florence Complex, Bates No. CCOG9302, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

67. Attached hereto as **Exhibit 52** is a true and correct copy of an excerpt of a spreadsheet for Central Arizona Florence Complex, Bates No. CCOG9303, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

68. Attached hereto as **Exhibit 53** is a true and correct copy of an excerpt of a spreadsheet for Central Arizona Florence Complex, Bates No. CCOG9304, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

69. Attached hereto as **Exhibit 54** is a true and correct copy of an excerpt of a spreadsheet for Central Arizona Florence Complex, Bates No. CCOG9305, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

70. Attached hereto as **Exhibit 55** is a true and correct copy of an excerpt of a spreadsheet for Central Arizona Florence Complex, Bates No. CCOG9306, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

71. Attached hereto as **Exhibit 56** is a true and correct copy of an excerpt of a spreadsheet for Cibola County Correctional Center, Bates No. CCOG9315, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

72. Attached hereto as **Exhibit 57** is a true and correct copy of an excerpt of a spreadsheet for Elizabeth Detention Center, Bates No. CCOG9317, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

73. Attached hereto as **Exhibit 58** is a true and correct copy of an excerpt of a spreadsheet for Elizabeth Detention Center, Bates No. CCOG25035, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

74. Attached hereto as **Exhibit 59** is a true and correct copy of an excerpt of a spreadsheet for Eloy Detention Center, Bates No. CCOG9316, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

75. Attached hereto as **Exhibit 60** is a true and correct copy of an excerpt of a spreadsheet for Florence Correctional Center, Bates No. CCOG9307, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

76. Attached hereto as **Exhibit 61** is a true and correct copy of an excerpt of a spreadsheet for Florence Correctional Center, Bates No. CCOG9308, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

77. Attached hereto as **Exhibit 62** is a true and correct copy of an excerpt of a spreadsheet for Florence Correctional Center, Bates No. CCOG9309, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

78. Attached hereto as **Exhibit 63** is a true and correct copy of an excerpt of a spreadsheet for Florence Correctional Center, Bates No. CCOG9310, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

79. Attached hereto as **Exhibit 64** is a true and correct copy of an excerpt of a spreadsheet for Florence Correctional Center, Bates No. CCOG9311, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

80. Attached hereto as **Exhibit 65** is a true and correct copy of an excerpt of a spreadsheet for Florence Correctional Center, Bates No. CCOG9312, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

81. Attached hereto as **Exhibit 66** is a true and correct copy of an excerpt of a spreadsheet for Florence Correctional Center, Bates No. CCOG9313, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

82. Attached hereto as **Exhibit 67** is a true and correct copy of an excerpt of a spreadsheet for Florence Correctional Center, Bates No. CCOG25041, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

83. Attached hereto as **Exhibit 68** is a true and correct copy of an excerpt of a spreadsheet for Houston Processing Center, Bates No. CCOG9318, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

84. Attached hereto as **Exhibit 69** is a true and correct copy of an excerpt of a spreadsheet for Houston Processing Center, Bates No. CCOG9319, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

85. Attached hereto as **Exhibit 70** is a true and correct copy of an excerpt of a spreadsheet for Houston Processing Center, Bates No. CCOG9320, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

86. Attached hereto as **Exhibit 71** is a true and correct copy of an excerpt of a spreadsheet for T. Don Hutto Residential Center, Bates No. CCOG9321, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

87. Attached hereto as **Exhibit 72** is a true and correct copy of an excerpt of a

spreadsheet for T. Don Hutto Residential Center, Bates No. CCOG25036, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

88. Attached hereto as **Exhibit 73** is a true and correct copy of an excerpt of a spreadsheet for La Palma Correctional Facility, Bates No. CCOG9323, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

89. Attached hereto as **Exhibit 74** is a true and correct copy of an excerpt of a spreadsheet for Laredo Processing Center, Bates No. CCOG9322, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

90. Attached hereto as **Exhibit 75** is a true and correct copy of an excerpt of a spreadsheet for Nevada Southern Detention Center, Bates No. CCOG9325, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

91. Attached hereto as **Exhibit 76** is a true and correct copy of an excerpt of a spreadsheet for Nevada Southern Detention Center, Bates No. CCOG25040, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

92. Attached hereto as **Exhibit 77** is a true and correct copy of an excerpt of a spreadsheet for Northeast Ohio Correctional Center, Bates No. CCOG9324, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

93. Attached hereto as **Exhibit 78** is a true and correct copy of an excerpt of a spreadsheet for Stewart Detention Center, Bates No. CCOG9328, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

94. Attached hereto as **Exhibit 79** is a true and correct copy of an excerpt of a spreadsheet for Stewart Detention Center, Bates No. CCOG9329, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

95. Attached hereto as **Exhibit 80** is a true and correct copy of an excerpt of a spreadsheet for South Texas Family Residential Center, Bates No. CCOG9330, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

96. Attached hereto as **Exhibit 81** is a true and correct copy of an excerpt of a spreadsheet for Tallahatchie County Correctional Facility, Bates No. CCOG25042, which

was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

97. Attached hereto as **Exhibit 82** is a true and correct copy of an excerpt of a spreadsheet for Torrance County Detention Center, Bates No. CCOG9331, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

98. Attached hereto as **Exhibit 83** is a true and correct copy of an excerpt of a spreadsheet for Torrance County Detention Center, Bates No. CCOG25037, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

99. Attached hereto as **Exhibit 84** is a true and correct copy of an excerpt of a spreadsheet for Webb County Detention Center, Bates No. CCOG9332, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

100. Attached hereto as **Exhibit 85** is a true and correct copy of an excerpt of a spreadsheet for Webb County Detention Center, Bates No. CCOG25038, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

101. Attached hereto as **Exhibit 86** is a true and correct copy of an excerpt of a spreadsheet for West Tennessee Detention Facility, Bates No. CCOG23010, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

102. Attached hereto as **Exhibit 87** is a true and correct copy of an excerpt of a spreadsheet for West Tennessee Detention Facility, Bates No. CCOG23011, which was produced by Defendant to Plaintiffs during the course of discovery in this litigation.

103. Attached hereto as **Exhibit 88** is a true and correct copy of an excerpt of a spreadsheet for California City Correctional Facility, Elizabeth Detention Center, Eloy Detention Center , Florence Correctional Center, Houston Processing Center, T. Don Hutto Residential Center, Laredo Processing Center, Nevada Southern Detention Center, North Georgia Detention Center, San Diego Correctional Facility, Stewart Detention Center, Tallahatchie County Correctional Facility, Torrance County Detention Center, which was produced by Defendant at Bates No. CCOG23006 during the course of discovery in this litigation.

I declare under penalty of perjury pursuant to the laws of the United States of

America that the foregoing is true and correct.

DATED:  April 15, 2019

                                        */s/ Eileen R. Ridley*  
                                        Eileen R. Ridley

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 15, 2019 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

*/s/* Eileen R. Ridley
Eileen R. Ridley