UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CORECIVIC, INC., a Maryland corporation,<br><br>Defendant. | Case No.: 17-CV-1112 JLS (NLS)<br><br>**ORDER: (1) DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO FILE DOCUMENTS UNDER SEAL, AND (2) GRANTING JOINT MOTION FOR EXTENSION OF TIME**<br><br>(ECF Nos. 86, 95) |

Presently before the Court are Plaintiffs and Counter-Defendants Sylvester Owino and Jonathan Gomez's Motion for Leave to File Documents Under Seal ("Mot. to Seal," ECF No. 86) and Plaintiffs and Defendant and Counter-Claimant CoreCivic, Inc.'s Joint Motion to Extend Deadline for Plaintiffs to File Reply Brief in Support of Motion for Class Certification ("Joint Mot.," ECF No. 95). Having carefully considered the Parties' arguments and the law, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion to Seal and **GRANTS** the Parties' Joint Motion.

///

///

///

# MOTION TO SEAL

## I. Legal Standard

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound

discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

## II. Analysis

Plaintiffs seek leave to file the following documents under seal: (1) an unredacted Memorandum of Points and Authorities in support of their Motion for Class Certification; and (2) unredacted Exhibits 4 through 7, 9, 11 through 20, 27 through 43, and 45 through 88 to the Declaration of Eileen R. Ridley in Support of Plaintiffs' Motion for Class Certification. Mot. to Seal at 1. Although "Plaintiffs do not believe that the listed documents are required to be filed under seal because they do not contain confidential information . . . , Plaintiffs seek the Court's permission to file the listed documents under seal because they contain material designated by Defendant . . . as 'CONFIDENTIAL' under the Protective Order (Dkt. 60)." *Id.*

The Court is troubled by the breadth of the documents sought to be filed under seal, particularly given Plaintiffs' position that the documents do not contain confidential information. The Court therefore **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion to Seal and **GRANTS** Defendant leave to file a renewed motion to file under seal any documents for which "compelling reasons" exist. *See, e.g.*, *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 326 F.R.D. 592, 617 (N.D. Cal. 2018) (applying compelling reasons standard in evaluating motion to seal materials filed in opposition to motion for class certification); *Racies v. Quincy Biosci., LLC*, No. 15-CV-00292-HSG, 2017 WL 6405612, at *2 (N.D. Cal. Dec. 15, 2017) (applying compelling reasons standard in evaluating motions to seal materials filed in support of motion for class certification). Should Defendant fail to file a renewed motion on or before June 13, 2019, Plaintiffs **SHALL FILE PUBLICLY** the underlying proposed documents, currently filed under seal at ECF No. 87.

## JOINT MOTION

A hearing on Plaintiffs' pending Motion for Class Certification (ECF No. 84) is set for July 11, 2019. Plaintiffs and Defendant have agreed to an extension of time for

Plaintiffs to file their reply brief in support of their motion from July 3 to July 12, 2019. *See* Joint Mot. at 1.  Good cause appearing, the Court **GRANTS** the Joint Motion.  To accommodate the extended briefing and its own schedule, the Court **CONTINUES** the hearing on Plaintiffs' Motion for Class Certification to <u>August 22, 2019, at 2:00 p.m., in Courtroom 4D</u>.  Defendant **SHALL FILE** its Opposition to Plaintiffs' Motion for Class Certification <u>on or before July 11, 2019</u>, and Plaintiffs **MAY FILE** their Reply in support of their Motion for Class Certification <u>on or before August 1, 2019</u>.

  **IT IS SO ORDERED.**

Dated:  May 29, 2019

Hon. Janis L. Sammartino
United States District Judge