J. MARK WAXMAN  (SBN 58579)
   mwaxman@foley.com
NICHOLAS J. FOX (SBN 279577)
   nfox@foley.com
**FOLEY & LARDNER LLP**
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
T:  858.847.6700 // F:   858.792.6773

EILEEN R. RIDLEY (SBN 151735)
   eridley@foley.com
ALAN R. OUELLETTE (SBN 272745)
   aouellette@foley.com
**FOLEY & LARDNER LLP**
555 California Street, Suite 1700
San Francisco, CA 94104-1520
T:  415.434.4484 // F: 415.434.4507

ROBERT L. TEEL  (SBN 127081)
   lawoffice@rlteel.com
**LAW OFFICE OF ROBERT L. TEEL**
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
T: 866. 833.5529 // F:855.609.6911

GEOFFREY RAUX (*pro hac vice*)
   graux@foley.com
**FOLEY & LARDNER LLP**
111 Huntington Ave., Suite 2500
Boston, MA 02199-7610
T: 617.342.4000 // F: 617.342.4001

Attorneys for Plaintiffs SYLVESTER OWINO,
JONATHAN GOMEZ, and the Proposed Class(es)

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>                      Plaintiffs,<br><br>    vs.<br><br>CORECIVIC, INC.,<br><br>               Defendant.<br><br>CORECIVIC, INC.,<br><br>           Counter-Claimant,<br><br>    vs.<br><br>SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>           Counter-Defendants. | Case No. 3:17-CV-01112-JLS-NLS<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:   October 10, 2019<br>Time:  1:30 p.m.<br>Place:  Courtroom 4D<br><br>Judge:  Hon. Janis L. Sammartino<br>Magistrate:  Hon. Nita L. Stormes<br><br>DEMAND FOR JURY TRIAL |

Case No. 17-CV-01112-JLS-NLS

## NOTICE OF MOTION AND MOTION

### TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on October 10, 2019, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 4D of the above-entitled Court, Plaintiffs Sylvester Owino and Jonathan Gomez, on behalf of themselves and the California Labor Law Class (defined below), by and through their undersigned counsel, will and hereby do move this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an Order granting Plaintiffs' Motion For Partial Summary Judgment, and ruling as a matter if law that (1) Plaintiffs and the California Labor Law Class are "employees" of Defendant CoreCivic, Inc. ("Defendant"), and therefore are entitled to the protections afforded employees under the California Labor Code and Industrial Welfare Commission ("I.W.C.") Wage Order No. 5-2001; (2) Defendant violated California Labor Code section 226 when it failed to provide Plaintiffs and the California Labor Law Class with wage statements as required by that Code section; and (3) Defendant violated California Labor Code section 1194 when it failed to compensate Plaintiffs and the California Labor Law Class with a minimum hourly wage as required by that Code section (the "Motion").

Plaintiffs bring this Motion individually and on behalf of the putative "California Labor Law Class," defined in Plaintiffs' pending Motion For Class Certification as follows:

> "All I.C.E. detainees who (i) were detained at a CoreCivic facility located in California between May 31, 2013, and the present, and (ii) worked through CoreCivic's Volunteer Work Program during their period of detention in California (the **"CA Labor Law Class"**)."[1]

On May 14, 2018, in denying Defendant's motion to dismiss, this Court held that ". . . at a minimum, Defendant controls the wages, hours and working conditions of Plaintiffs and putative class members.  As such, Defendant employed Plaintiffs and putative class members for purposes of California Labor Code § 1194."  (ECF No. 38

---

[1] Alternatively, should the CA Labor Law Class not be certified such that partial summary judgment cannot be granted as to that class of detainee workers, Plaintiffs still proceed with this Motion as to their individual claims.

1    [Order] at 40; *see also id.* at 37 – 44 (citing *Martinez v. Combs*, 49 Cal. 4th 35 (2010)).)

2    The undisputed facts establish not only that Plaintiffs and the CA Labor Law Class were

3    employees of Defendant because Defendant controlled the working environment, hours,

4    wages, and conditions to which Plaintiffs and the CA Labor Law Class were subject, but

5    also that Defendant admittedly failed to comply with various provisions of the California

6    Labor Code regarding the work done by Plaintiffs and the CA Labor Law Class, including

7    failure to comply with the requirements of section 226 (wage statements) and section 1194

8    (minimum wage), as well as related provisions in I.W.C. Wage Order 5-2001.

9        Therefore, Plaintiffs and the CA Labor Law Class are entitled to partial summary

10   judgment in their favor determining that, as a matter of law, Plaintiffs and the CA Labor

11   Law Class were (or still are) "employees" of Defendant, and that Defendant is liable to

12   Plaintiffs and the CA Labor Law Class for violations of California Labor Code sections

13   226 and 1194, as well as related provisions in I.W.C. Wage Order No. 5-2001.[2]

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26

27   _____

28   [2] Although Plaintiffs allege additional violations of other California Labor Code provisions in their operative Complaint, the focus of this Motion is on the two identified Code sections and the overall question of whether Plaintiffs and the CA Labor Law Class are "employees" under California law.

The Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Eileen R. Ridley and all exhibits and evidence attached thereto, the Separate Statement of Undisputed Material Facts, Plaintiffs' previously filed Motion For Class Certification and all evidence submitted in support thereof (*see* ECF Nos. 84 – 86), the Proposed Order, the pleadings and papers on file herein, and on such other matters and oral argument as may be presented to the Court at the time of the hearing on this Motion.

DATED:  June 5, 2019

**FOLEY & LARDNER LLP**
J. Mark Waxman
Eileen R. Ridley
Geoffrey Raux
Nicholas J. Fox
Alan R. Ouellette


*/s/ J. Mark Waxman*
J. Mark Waxman
Eileen R. Ridley
Attorneys for Plaintiffs SYLVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)


**LAW OFFICE OF ROBERT L. TEEL**
Robert L. Teel
  lawoffice@rlteel.com
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
Telephone:  (866) 833-5529
Facsimile:  (855) 609-6911

Attorneys for Plaintiffs SYLVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 5, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

*/s/ J. Mark Waxman*
J. Mark Waxman