J. MARK WAXMAN  (SBN 58579)
  mwaxman@foley.com
NICHOLAS J. FOX (SBN 279577)
  nfox@foley.com
**FOLEY & LARDNER LLP**
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
T:  858.847.6700 // F:   858.792.6773


EILEEN R. RIDLEY (SBN 151735)
  eridley@foley.com
ALAN R. OUELLETTE (SBN 272745)
  aouellette@foley.com
**FOLEY & LARDNER LLP**
555 California Street, Suite 1700
San Francisco, CA 94104-1520
T:  415.434.4484 // F: 415.434.4507

ROBERT L. TEEL  (SBN 127081)
  lawoffice@rlteel.com
**LAW OFFICE OF ROBERT L. TEEL**
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
T: 866. 833.5529 // F:855.609.6911


GEOFFREY RAUX (*pro hac vice*)
  graux@foley.com
**FOLEY & LARDNER LLP**
111 Huntington Ave., Suite 2500
Boston, MA 02199-7610
T: 617.342.4000 // F: 617.342.4001

Attorneys for Plaintiffs SYLVESTER OWINO,
JONATHAN GOMEZ, and the Proposed Class(es)

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>                                    Plaintiffs,<br><br>        vs.<br><br>CORECIVIC, INC.,<br><br>                                    Defendant. | Case No. 3:17-CV-01112-JLS-NLS<br><br>**[PUBLIC REDACTED VERSION]**<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| CORECIVIC, INC.,<br><br>                            Counter-Claimant,<br><br>        vs.<br><br>SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>                        Counter-Defendants. | Date:   October 10, 2019<br>Time:  1:30 p.m.<br>Place:  Courtroom 4D<br><br>Judge:  Hon. Janis L. Sammartino<br>Magistrate:  Hon. Nita L. Stormes<br><br>DEMAND FOR JURY TRIAL |

Case No. 17-CV-01112-JLS-NLS

1    Plaintiffs Sylvester Owino and Jonathan Gomez, on behalf of themselves and the
2  California Labor Law Class (as defined in Plaintiffs' Motion) ("Plaintiffs"), by and through
3  their undersigned counsel, submit the following Statement of Undisputed Material Facts in
4  support of their Motion For Partial Summary Judgment as to whether (1) Plaintiffs and
5  members of the California Labor Law Class are "employees" of Defendant CoreCivic, Inc.
6  ("Defendant"), under the California Labor Code and Industrial Welfare Commission Wage
7  Order 5-2001; (2) Defendant violated California Labor Code section 226 when it failed to
8  provide Plaintiffs and the California Labor Law Class with wage statements as required by
9  that Code section; and (3) Defendant violated California Labor Code section 1194 when it
10  failed to compensate Plaintiffs and the California Labor Law Class with a minimum hourly
11  wage as required by that Code section.

12    In denying Defendant's prior Motion To Dismiss, and based upon the allegations set
13  forth in the operative Complaint, this Court previously ruled that Plaintiffs and members
14  of the putative classes who performed work as part of Defendant's so-called "Voluntary
15  Work Program" were "employees" of Defendant under California law.  (ECF No. 38
16  [Order] at 37 – 44 (citing *Martinez v. Combs*, 49 Cal. 4th 35 (2010)).)  In so ruling, the
17  Court held that ". . . at a minimum, Defendant controls the wages, hours and working
18  conditions of Plaintiffs and putative class members.  As such, Defendant employed
19  Plaintiffs and putative class members for purposes of California Labor Code § 1194."
20  (ECF No. 38 [Order] at 40.)

21    The following uncontroverted material facts now confirm the Court's prior
22  conclusion that Plaintiffs are "employees" who are "employed by" Defendant under
23  California law, thus warranting entry of partial summary judgment establishing Plaintiffs'
24  status as "employees" of Defendant.

25  ///
26  ///
27  ///
28  ///

## <u>STATEMENT OF UNDISPUTED MATERIAL FACTS</u>

**Adjudication No. 1:  Plaintiffs and the CA Labor Law Class who performed work for Defendant through Defendant's "Voluntary Work Program" in Defendant's California detention facilities are "employees" who are "employed by" Defendant under the California Labor Code and I.W.C. Wage Order 5-2001.**

| Uncontroverted Fact: | Supporting Evidence |
|---|---|
| 1.  I.C.E. detainees at Defendant's California detention facilities have worked, and continue to work, as part of Defendant's "Voluntary Work Program ("VWP"). | Declaration of Eileen R. Ridley ("Ridley Decl."), Ex. 2 (Ellis Depo. Vol. 1), at 80:21 – 81:3. |
| 2.  If there is a shortage of I.C.E. Detainee Workers to perform particular work, Defendant uses its own non-detainee employees to perform the same work that the I.C.E. Detainee Workers would have performed. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 52:1 – 53:15, 81:6-9. |
| 3.  Because of the work performed by I.C.E. Detainee Workers, Defendant is able to reduce the number of non-detainee employees and contractors it must hire to perform the same work that I.C.E. Detainee Workers perform. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 52:1 – 54:17, 81:6-9 (discussing non-detainee employee compensation and use of non-detainee employees to perform work when there is a shortage of I.C.E. Detainee Workers). |
| 4.  Absent I.C.E. Detainee Workers, Defendant would have to hire more employees or have its contractors hire more employees to complete the work of I.C.E. Detainee Workers. | Ridley Decl., Ex. 2 (Ellis Depo. Vol. 1), at 105:12 – 106:13; *accord* Ridley Decl., Ex. 1 (Figueroa Depo.), at 52:1 – 53:15, 81:6-9 (discussing use of non-detainee employees). |

| | |
|---|---|
| 5. Absent I.C.E. Detainee Workers, Defendant would have incurred additional costs to operate its facilities. | Ridley Decl., Ex. 2 (Ellis Depo. Vol. 1), at 106:14 – 107:11; *accord* Ridley Decl., Ex. 1 (Figueroa Depo.), at 52:1 – 53:15, 81:6-9 (discussing use of non-detainee employees and their compensation); Ridley Decl., Ex. 4 (Huffman Depo.), at 76:9 – 80:17. |
| 6. Defendant's operating budgets actually assume I.C.E. Detainee Workers will comprise part of Defendant's labor force. | Ridley Decl., Ex. 2 (Ellis Depo. Vol. 1), at 103:19 – 105:11; *accord* Ridley Decl., Ex. 1 (Figueroa Depo.), at 28:9-25, 30:10-25, 37:25 – 38:8. |
| 7. Defendant's third-party contractors are "required to meet [Defendant's] standards" such that "the contractor is an extension of [Defendant]." | Ridley Decl., Ex. 2 (Ellis Depo. Vol. 1), at 107:18 – 108:17; *accord* Ridley Decl., Ex. 4 (Huffman Depo.), at 81:9 – 82:15 ██████████████████ ██████████████████ ██████████████████ ██████████████ |
| 8. While in operation, all three California detention facilities had a substantially similar policy applicable to the VWP: Policy No. 19-100, which governed the "Inmate / Detainee Employment System." | Ridley Decl., Ex. 5 (OMDC Inmate Detainee Employment System 2015); Ex. 6 (OMDC Inmate Detainee Employment System 2017); Ex. 7 (SDCF Inmate/Detainee Employment System 2011); Ex. 8 (CCCF Inmate/Resident Work Assignment Participation Policy 2010). |
| 9. The stated purpose of Policy No. 19-100 and its various iterations over time and at each California facility was ████████ ██████████████████ ████████████ | Ridley Decl., Ex. 5 (OMDC Inmate Detainee Employment System 2015), at § 19-100.1; Ex. 6 (OMDC Inmate Detainee Employment System 2017), at § 19-100.1; Ex. 7 (SDCF Inmate/Detainee Employment System 2011), at § 19- |



| | |
|---|---|
| | 100.1; Ex. 8 (CCCF Inmate/Resident Work Assignment Participation Policy 2010), at § 19-100.1 (noting purpose of work program is ██████████) |
| 10.   Defendant ██████████████ | Ridley Decl., Ridley Decl., Ex. 1 (Figueroa Depo.), at 152:23 – 153:6; Ex. 5 (OMDC Inmate Detainee Employment System 2015), at § 19-100.4(D); Ex. 6 (OMDC Inmate Detainee Employment System 2017), at § 19-100.4(D); Ex. 7 (SDCF Inmate/Detainee Employment System 2011), at § 19-100.4(A); Ex. 8 (CCCF Inmate/Resident Work Assignment Participation Policy 2010), at § 19-100.4(B), (D). |
| 11.   Policy No. 19-100 ██████████ | Ridley Decl., Ex. 5 (OMDC Inmate Detainee Employment System 2015), at § 19-100.4(F); Ex. 6 (OMDC Inmate Detainee Employment System 2017), at § 19-100.4(F); Ex. 7 (SDCF Inmate/Detainee Employment System 2011), at § 19-100.4(A)(5) – (6); Ex. 8 (CCCF Inmate/Resident Work Assignment Participation Policy 2010), at § 19-100.1. |
| 12.   An I.C.E. detainee ██████████ | Ridley Decl., Ex. 5 (OMDC Inmate Detainee Employment System 2015), at § 19-100.4(D); Ex. 6 (OMDC Inmate Detainee Employment System 2017), at § 19-100.4(D); Ex. 7 (SDCF Inmate/Detainee Employment System 2011), at § 19-100.4(A); Ex. |

| | |
|---|---|
| | 8 (CCCF Inmate/Resident Work Assignment Participation Policy 2010), at § 19-100.4(B) – (D). |
| 13.  The primary factors ███████████████████████████████████████████████ | Ridley Decl., Ex. 5 (OMDC Inmate Detainee Employment System 2015), at § 19-100.4(D)(2); Ex. 6 (OMDC Inmate Detainee Employment System 2017), at § 19-100.4(D)(2); Ex. 7 (SDCF Inmate/Detainee Employment System 2011), at § 19-100.4(A); Ex. 8 (CCCF Inmate/Resident Work Assignment Participation Policy 2010), at § 19-100.4(C)(2). |
| 14.  An I.C.E. Detainee Worker's ████████████████████████████ | Ridley Decl., Ex. 1 (Figueroa Depo.), at 152:17-18; Ex. 5 (OMDC Inmate Detainee Employment System 2015), at § 19-100.4(A)(6); Ex. 6 (OMDC Inmate Detainee Employment System 2017), at § 19-100.4(A)(4); Ex. 7 (SDCF Inmate/Detainee Employment System 2011), at § 19-100.4(A)(10). |
| 15.  An I.C.E. Detainee ████████████████████████████████████████ | Ridley Decl., Ex. 1 (Figueroa Depo.), at 152:19-22; Ex. 5 (OMDC Inmate Detainee Employment System 2015), at § 19-100.4(L); Ex. 6 (OMDC Inmate Detainee Employment System 2017), at § 19-100.4(L); Ex. 7 (SDCF Inmate/Detainee Employment System 2011), at § 19-100.4(D); Ex. 8 (CCCF Inmate/Resident Work Assignment Participation Policy 2010), at § 19-100.4(E); *see also* Ex. 9 (SDCF Work/Program Guidelines 2008); Ex. 10 (SDCF Removal From Work Detail Form). |

| | |
|---|---|
| 16. If selected by Defendant to participate in the VWP, I.C.E. detainees "are required to sign a work agreement stating that they are volunteering to work." | Ridley Decl., Ex. 1 (Figueroa Depo.), at 110:16-23; Ex. 2 (Ellis Depo. Vol. 1), at 83:5-20; Ex. 11 (SDCF Inmate/Detainee Voluntary Work Program Agreement); *see also* Ex. 7 at § 19-100.4(A)(2) (SDCF Inmate/Detainee Employment System 2011) (requiring execution of Voluntary Work Program Agreement before commencing work). |
| 17. Defendant is "responsible" for paying the daily wages to the I.C.E. Detainee Workers in the VWP. | Ridley Decl., Ex. 2 (Ellis Depo. Vol. 1), at 100:22 – 101:2. |
| 18. Although slightly varied based on the year, particular iteration of Policy No. 19-100, and particular job, I.C.E. Detainee Workers in Defendant's California facilities were paid between $0.75 and $1.50 per day for their work through the VWP. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 27:19-24; Ex. 2 (Ellis Depo. Vol. 1), at 91:11-15; *see also* Exs. 12 – 18 (OMS Reports). |
| 19. Defendant or its facility-specific staff, including facility wardens, can set daily pay for I.C.E. Detainee Workers in the VWP higher than $1.00 per day. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 152:2-11; Ex. 2 (Ellis Depo. Vol. 1), at 114:20 – 115:9. |
| 20. There is no limit as to what I.C.E. Detainee Workers in the VWP can be paid for a day's work. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 152:2-11; Ex. 2 (Ellis Depo. Vol. 1), at 114:20 – 115:9. |
| 21. Some facilities, such as OMDC, provide $1.50 per day in pay for certain jobs as incentives for I.C.E. Detainee Workers to work those jobs. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 27:19 – 28:8, 31:8-16; Ex. 2 (Ellis Depo. Vol. 1), at 92:7 – 94:18. |

| | |
|---|---|
| 22. Defendant or its facility-specific staff, including facility wardens, can provide "bonuses" or "incentives" for I.C.E. Detainee Workers in the VWP, including bonus pay or "perks" such as extra food, snacks, pre-paid phone cards, or movies. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 24:18 – 26:15; Ex. 2 (Ellis Depo. Vol. 1), at 92:7 – 94:18. |
| 23. "Bonuses" or "incentives" are awarded by facility-specific staff, such as the warden or other management-level officers. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 25:22 – 26:1; Ex. 2 (Ellis Depo. Vol. 1), at 92:7 – 94:18. |
| 24. I.C.E. Detainee Workers ███████ ███████████████████████████ ███████████████████████████ ███████████████████████████ ███████████████████ | Ridley Decl., Ex. 5 (OMDC Inmate Detainee Employment System 2015), at § 19-100.4(H); Ex. 6 (OMDC Inmate Detainee Employment System 2017), at § 19-100.4(H); Ex. 7 (SDCF Inmate/Detainee Employment System 2011), at § 19-100.4(B)(2), (C); Ex. 8 (CCCF Inmate/Resident Work Assignment Participation Policy 2010), at § 19-100.4(H). |
| 25. Defendant paid I.C.E. Detainee Workers their daily wages for shifts lasting up to eight hours. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 33:14 – 34:24, 152:6-13; Ex. 2 (Ellis Depo. Vol. 1), at 129:23 – 130:3; *see also* Ridley Decl., Ex. 5 (OMDC Inmate Detainee Employment System 2015), at § 19-100.4(K) (noting daily compensation); Ex. 6 (OMDC Inmate Detainee Employment System 2017), at § 19-100.4(K) (same); Ex. 7 (SDCF Inmate/Detainee Employment System 2011), at § 19-100.4(C) (same). |



| | |
|---|---|
| 26. Defendant did not provide regularly scheduled rest and meal breaks to I.C.E. Detainee Workers who worked through the VWP. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 34:2-8; Ex. 2 (Ellis Depo. Vol. 1), at 129:23 – 130:15; *see also* Owino Decl. Supp. Class Cert. [ECF No. 84-3], at ¶¶ 7-9; Gomez Decl. Supp. Class Cert. [ECF No. 84-4], at ¶ 7. |
| 27. Policy 19-100 requires I.C.E. Detainee Workers ████████████████████████████████████████████████████████████████████████████████ | Ridley Decl., Ex. 5 (OMDC Inmate Detainee Employment System 2015), at § 19-100.4(M); Ex. 6 (OMDC Inmate Detainee Employment System 2017), at § 19-100.4(M). |
| 28. I.C.E. Detainee Workers ████████████████████████████████████████████████████████████████████ | Ridley Decl., Ex. 1 (Figueroa Depo.), at 152:14-16; Ex. 5 (OMDC Inmate Detainee Employment System 2015), at § 19-100.4(N); Ex. 6 (OMDC Inmate Detainee Employment System 2017), at § 19-100.4(N); Ex. 7 (SDCF Inmate/Detainee Employment System 2011), at § 19-100.4(A)(7) – (8); *see also* Ex. 19 (SDCF Inmate/Detainee Safety Rules); Ex. 20 (SDCF Hazardous Chemical Training); Ex. 21 (SDCF Inmate/Detainee Pre-Assignment Training Record); Ex. 22 (CCCF Control of Hazardous Chemicals Policy 2006). |

| | |
|---|---|
| 29. Defendant provides I.C.E. Detainee Workers ███████████████████████████████ | Ridley Decl., Ex. 5 (OMDC Inmate Detainee Employment System 2015), at § 19-100.4(N); Ex. 6 (OMDC Inmate Detainee Employment System 2017), at § 19-100.4(N); Ex. 7 (SDCF Inmate/Detainee Employment System 2011), at § 19-100.4(A)(7) – (8). |
| 30. Each detention facility ████████████████████████████████████ | Ridley Decl., Ex. 23 (OMDC Work / Program Plan Guidelines 2013); Ex. 24 (OMDC Work / Program Plan Guidelines 2016); Ex. 8 (CCCF Inmate/Resident Work Assignment Participation Policy). |
| 31. Through the VWP, I.C.E. Detainee Workers have worked, and continue to work, in a variety of jobs, including housemen / housewomen, cleaning people, floor buffers, dining hall porters, laundry room workers, pod porters, windows and doors cleaners, shower porters, food service, and maintenance workers. | Ridley Decl., Ex. 2 (Ellis Depo. Vol. 1), at 82:1 – 83:4; Ex. 26 (OMDC Buffer Job Description); Ex. 27 (OMDC Dining Hall Porter Job Description); Ex. 28 (OMDC Laundry Job Description); Ex. 29 (OMDC Pod Porter Job Description); Ex. 30 (OMDC Recreation Windows and Doors Job Description); Ex. 31 (OMDC Shower Porter Job Description). |
| 32. Some jobs available to I.C.E. Detainee Workers through the VWP ████████████ | Ridley Decl., Ex. 5 (OMDC Inmate Detainee Employment System 2015), at § 19-100.4(N)(6); Ex. 6 (OMDC Inmate Detainee Employment System 2017), at § 19-100.4(N)(6). |



| 33. | Other jobs available to I.C.E. Detainee Workers through the VWP have further job requirements and specifications, ▮▮▮▮▮▮▮▮▮▮▮▮ | Ridley Decl., Ex. 32 (OMDC Food Service Operations Policy 2017); Ex. 33 (Memorandum Dated July 11, 2016); Ex. 34 (Memorandum Dated October 3, 2016); Ex. 35 (Memorandum Dated October 19, 2016); Ex. 36 (SDCF Food Service Operations Policy 2010); Ex. 37 (CCCF Food Service Operations Policy 2011). |
| --- | --- | --- |
| 34. | The contracts between Defendant and the Federal government for the operation of Defendant's detention facilities ▮▮▮▮▮▮▮▮▮▮▮▮ | Ridley Decl., Ex. 38 (SDCF Contract with Office of Fed. Detention Trustee, July 2005), at § C.2.1; Ex. 39 (CCCF Contract with U.S. Dept. of Justice, Sept. 2010), at p. 4. |
| 35. | Defendant did not pay I.C.E. Detainee Workers who performed work through the VWP the prevailing minimum wage during each applicable pay period as mandated by California law, including California Labor Code § 1194 and I.W.C. Wage Order No. 5-2001. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 27:19-24; Ex. 2 (Ellis Depo. Vol. 1), at 91:11-15; *see also* Exs. 12 – 18 (OMS Reports). |
| 36. | Defendant did not provide I.C.E. Detainee Workers who performed work through the VWP with complaint wage statements for each applicable pay period as mandated by California Labor Code § 226. | Ridley Decl., Ex. 40 (Defendant's Response To Plaintiffs' Amended Request for Admission). |
| 37. | During his periods of detention at SDCF / OMDC, Plaintiff Owino worked for at least part of his detention through the "Voluntary Work Program." | Ridley Decl., Ex. 41 (Excerpts from Plaintiff Owino Detention File).[1] |

---

[1] For security and privacy reasons, only relevant portions of Plaintiffs' detention files are submitted in support of Plaintiffs' Motion, and some information has been redacted (such as signatures, fingerprints, birthdates, file or detainee identification numbers, and names or contact information of third parties (including detention officers).

| | |
|---|---|
| 38. Plaintiff Owino completed ███████ ████████████████ ██████ | Ridley Decl., Ex. 41 (Excerpts from Plaintiff Owino Detention File). |
| 39. At least one job for which Plaintiff Owino was hired was a kitchen worker. | Ridley Decl., Ex. 41 (Excerpts from Plaintiff Owino Detention File). |
| 40. Plaintiff Owino signed ███████ ████████████████ ██████ | Ridley Decl., Ex. 41 (Excerpts from Plaintiff Owino Detention File). |
| 41. During his period of detention at SDCF / OMDC, Plaintiff Gomez worked for at least part of his detention through the "Voluntary Work Program." | Ridley Decl., Ex. 42 (Excerpts from Plaintiff Gomez Detention File). |
| 42. Plaintiff Gomez underwent ████ ████████████████ ██████ | Ridley Decl., Ex. 42 (Excerpts from Plaintiff Gomez Detention File). |
| 43. Plaintiff Gomez signed ████ ████████████████ ██████ | Ridley Decl., Ex. 42 (Excerpts from Plaintiff Gomez Detention File). |
| 44. Plaintiff Gomez received ████ ████████████████ ██████ | Ridley Decl., Ex. 42 (Excerpts from Plaintiff Gomez Detention File). |
| 45. Plaintiff Gomez signed ████ ████████████████ ██████ | Ridley Decl., Ex. 42 (Excerpts from Plaintiff Gomez Detention File). |

**Adjudication No. 2:  Defendant violated California Labor Code section 226 when it failed to provide Plaintiffs and the CA Labor Law Class who performed work for Defendant through Defendant's "Voluntary Work Program" in Defendant's California detention facilities with an accurate, itemized wage statement containing the information required by that Code section.**

| Uncontroverted Fact: | Supporting Evidence |
|---|---|
| 1.  I.C.E. detainees at Defendant's California detention facilities have worked, and continue to work, as part of Defendant's "Voluntary Work Program ("VWP"). | Declaration of Eileen R. Ridley ("Ridley Decl."), Ex. 2 (Ellis Depo. Vol. 1), at 80:21 – 81:3. |
| 17.  Defendant is "responsible" for paying the daily wages to the I.C.E. Detainee Workers in the VWP. | Ridley Decl., Ex. 2 (Ellis Depo. Vol. 1), at 100:22 – 101:2. |
| 18.  Although slightly varied based on the year, particular iteration of Policy No. 19-100, and particular job, I.C.E. Detainee Workers in Defendant's California facilities were paid between $0.75 and $1.50 per day for their work through the VWP. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 27:19-24; Ex. 2 (Ellis Depo. Vol. 1), at 91:11-15; *see also* Exs. 12 – 18 (OMS Reports). |
| 19.  Defendant or its facility-specific staff, including facility wardens, can set daily pay for I.C.E. Detainee Workers in the VWP higher than $1.00 per day. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 152:2-11; Ex. 2 (Ellis Depo. Vol. 1), at 114:20 – 115:9. |
| 20.  There is no limit as to what I.C.E. Detainee Workers in the VWP can be paid for a day's work. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 152:2-11; Ex. 2 (Ellis Depo. Vol. 1), at 114:20 – 115:9. |
| 21.  Some facilities, such as OMDC, provide $1.50 per day in pay for certain jobs as incentives for I.C.E. Detainee Workers to work those jobs. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 27:19 – 28:8, 31:8-16; Ex. 2 (Ellis Depo. Vol. 1), at 92:7 – 94:18. |

| | |
|---|---|
| 22.  Defendant or its facility-specific staff, including facility wardens, can provide "bonuses" or "incentives" for I.C.E. Detainee Workers in the VWP, including bonus pay or "perks" such as extra food, snacks, pre-paid phone cards, or movies. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 24:18 – 26:15; Ex. 2 (Ellis Depo. Vol. 1), at 92:7 – 94:18. |
| 23.  "Bonuses" or "incentives" are awarded by facility-specific staff, such as the warden or other management-level officers. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 25:22 – 26:1; Ex. 2 (Ellis Depo. Vol. 1), at 92:7 – 94:18. |
| 24.  I.C.E. Detainee Workers ████████ ██████████████████████ ██████████████████████ ██████████████████████ ████████████████ | Ridley Decl., Ex. 5 (OMDC Inmate Detainee Employment System 2015), at § 19-100.4(H); Ex. 6 (OMDC Inmate Detainee Employment System 2017), at § 19-100.4(H); Ex. 7 (SDCF Inmate/Detainee Employment System 2011), at § 19-100.4(B)(2), (C); Ex. 8 (CCCF Inmate/Resident Work Assignment Participation Policy 2010), at § 19-100.4(H). |
| 25.  Defendant paid I.C.E. Detainee Workers their daily wages for shifts lasting up to eight hours. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 33:14 – 34:24, 152:6-13; Ex. 2 (Ellis Depo. Vol. 1), at 129:23 – 130:3; *see also* Ridley Decl., Ex. 5 (OMDC Inmate Detainee Employment System 2015), at § 19-100.4(K) (noting daily compensation); Ex. 6 (OMDC Inmate Detainee Employment System 2017), at § 19-100.4(K) (same); Ex. 7 (SDCF Inmate/Detainee Employment System 2011), at § 19-100.4(C) (same). |
| 26.  Defendant did not provide regularly scheduled rest and meal breaks to I.C.E. Detainee Workers who worked through the VWP. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 34:2-8; Ex. 2 (Ellis Depo. Vol. 1), at 129:23 – 130:15; *see also* Owino Decl. Supp. Class Cert. [ECF |

| | |
|---|---|
| | No. 84-3], at ¶¶ 7-9; Gomez Decl. Supp. Class Cert. [ECF No. 84-4], at ¶ 7. |
| 31.  Through the VWP, I.C.E. Detainee Workers have worked, and continue to work, in a variety of jobs, including housemen / housewomen, cleaning people, floor buffers, dining hall porters, laundry room workers, pod porters, windows and doors cleaners, shower porters, food service, and maintenance workers. | Ridley Decl., Ex. 2 (Ellis Depo. Vol. 1), at 82:1 – 83:4; Ex. 26 (OMDC Buffer Job Description); Ex. 27 (OMDC Dining Hall Porter Job Description); Ex. 28 (OMDC Laundry Job Description); Ex. 29 (OMDC Pod Porter Job Description); Ex. 30 (OMDC Recreation Windows and Doors Job Description); Ex. 31 (OMDC Shower Porter Job Description). |
| 34.  The contracts between Defendant and the Federal government for the operation of Defendant's detention facilities ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | Ridley Decl., Ex. 38 (SDCF Contract with Office of Fed. Detention Trustee, July 2005), at § C.2.1; Ex. 39 (CCCF Contract with U.S. Dept. of Justice, Sept. 2010), at p. 4. |
| 36.  Defendant did not provide I.C.E. Detainee Workers who performed work through the VWP with complaint wage statements for each applicable pay period as mandated by California Labor Code § 226. | Ridley Decl., Ex. 40 (Defendant's Response To Plaintiffs' Amended Request for Admission). |
| 37.  During his periods of detention at SDCF / OMDC, Plaintiff Owino worked for at least part of his detention through the "Voluntary Work Program." | Ridley Decl., Ex. 41 (Excerpts from Plaintiff Owino Detention File). |
| 41.  During his period of detention at SDCF / OMDC, Plaintiff Gomez worked for at least part of his detention through the "Voluntary Work Program." | Ridley Decl., Ex. 42 (Excerpts from Plaintiff Gomez Detention File). |

**Adjudication No. 3:  Defendant violated California Labor Code section 1194 when it failed to pay Plaintiffs and the CA Labor Law Class who performed work for Defendant through Defendant's "Voluntary Work Program" in Defendant's California detention facilities the prevailing minimum wage as guaranteed by California law.**

| Uncontroverted Fact: | Supporting Evidence |
|---|---|
| 1.  I.C.E. detainees at Defendant's California detention facilities have worked, and continue to work, as part of Defendant's "Voluntary Work Program ("VWP"). | Declaration of Eileen R. Ridley ("Ridley Decl."), Ex. 2 (Ellis Depo. Vol. 1), at 80:21 – 81:3. |
| 2.  If there is a shortage of I.C.E. Detainee Workers to perform particular work, Defendant uses its own non-detainee employees to perform the same work that the I.C.E. Detainee Workers would have performed. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 52:1 – 53:15, 81:6-9. |
| 3.  Because of the work performed by I.C.E. Detainee Workers, Defendant is able to reduce the number of non-detainee employees and contractors it must hire to perform the same work that I.C.E. Detainee Workers perform. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 52:1 – 54:17, 81:6-9 (discussing non-detainee employee compensation and use of non-detainee employees to perform work when there is a shortage of I.C.E. Detainee Workers). |
| 4.  Absent I.C.E. Detainee Workers, Defendant would have to hire more employees or have its contractors hire more employees to complete the work of I.C.E. Detainee Workers. | Ridley Decl., Ex. 2 (Ellis Depo. Vol. 1), at 105:12 – 106:13; *accord* Ridley Decl., Ex. 1 (Figueroa Depo.), at 52:1 – 53:15, 81:6-9 (discussing use of non-detainee employees). |

| | |
|---|---|
| 5.  Absent I.C.E. Detainee Workers, Defendant would have incurred additional costs to operate its facilities. | Ridley Decl., Ex. 2 (Ellis Depo. Vol. 1), at 106:14 – 107:11; *accord* Ridley Decl., Ex. 1 (Figueroa Depo.), at 52:1 – 53:15, 81:6-9 (discussing use of non-detainee employees and their compensation); Ridley Decl., Ex. 4 (Huffman Depo.), at 76:9 – 80:17. |
| 6.  Defendant's operating budgets actually assume I.C.E. Detainee Workers will comprise part of Defendant's labor force. | Ridley Decl., Ex. 2 (Ellis Depo. Vol. 1), at 103:19 – 105:11; *accord* Ridley Decl., Ex. 1 (Figueroa Depo.), at 28:9-25, 30:10-25, 37:25 – 38:8. |
| 17.  Defendant is "responsible" for paying the daily wages to the I.C.E. Detainee Workers in the VWP. | Ridley Decl., Ex. 2 (Ellis Depo. Vol. 1), at 100:22 – 101:2. |
| 18.  Although slightly varied based on the year, particular iteration of Policy No. 19-100, and particular job, I.C.E. Detainee Workers in Defendant's California facilities were paid between $0.75 and $1.50 per day for their work through the VWP. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 27:19-24; Ex. 2 (Ellis Depo. Vol. 1), at 91:11-15; *see also* Exs. 12 – 18 (OMS Reports). |
| 19.  Defendant or its facility-specific staff, including facility wardens, can set daily pay for I.C.E. Detainee Workers in the VWP higher than $1.00 per day. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 152:2-11; Ex. 2 (Ellis Depo. Vol. 1), at 114:20 – 115:9. |
| 20.  There is no limit as to what I.C.E. Detainee Workers in the VWP can be paid for a day's work. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 152:2-11; Ex. 2 (Ellis Depo. Vol. 1), at 114:20 – 115:9. |
| 21.  Some facilities, such as OMDC, provide $1.50 per day in pay for certain jobs as incentives for I.C.E. Detainee Workers to work those jobs. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 27:19 – 28:8, 31:8-16; Ex. 2 (Ellis Depo. Vol. 1), at 92:7 – 94:18. |

| | |
|---|---|
| 22. Defendant or its facility-specific staff, including facility wardens, can provide "bonuses" or "incentives" for I.C.E. Detainee Workers in the VWP, including bonus pay or "perks" such as extra food, snacks, pre-paid phone cards, or movies. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 24:18 – 26:15; Ex. 2 (Ellis Depo. Vol. 1), at 92:7 – 94:18. |
| 23. "Bonuses" or "incentives" are awarded by facility-specific staff, such as the warden or other management-level officers. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 25:22 – 26:1; Ex. 2 (Ellis Depo. Vol. 1), at 92:7 – 94:18. |
| 24. I.C.E. Detainee Workers ███████████████████████████████████████ | Ridley Decl., Ex. 5 (OMDC Inmate Detainee Employment System 2015), at § 19-100.4(H); Ex. 6 (OMDC Inmate Detainee Employment System 2017), at § 19-100.4(H); Ex. 7 (SDCF Inmate/Detainee Employment System 2011), at § 19-100.4(B)(2), (C); Ex. 8 (CCCF Inmate/Resident Work Assignment Participation Policy 2010), at § 19-100.4(H). |
| 25. Defendant paid I.C.E. Detainee Workers their daily wages for shifts lasting up to eight hours. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 33:14 – 34:24, 152:6-13; Ex. 2 (Ellis Depo. Vol. 1), at 129:23 – 130:3; *see also* Ridley Decl., Ex. 5 (OMDC Inmate Detainee Employment System 2015), at § 19-100.4(K) (noting daily compensation); Ex. 6 (OMDC Inmate Detainee Employment System 2017), at § 19-100.4(K) (same); Ex. 7 (SDCF Inmate/Detainee Employment System 2011), at § 19-100.4(C) (same). |

| | |
|---|---|
| 26.  Defendant did not provide regularly scheduled rest and meal breaks to I.C.E. Detainee Workers who worked through the VWP. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 34:2-8; Ex. 2 (Ellis Depo. Vol. 1), at 129:23 – 130:15; *see also* Owino Decl. Supp. Class Cert. [ECF No. 84-3], at ¶¶ 7-9; Gomez Decl. Supp. Class Cert. [ECF No. 84-4], at ¶ 7. |
| 31.  Through the VWP, I.C.E. Detainee Workers have worked, and continue to work, in a variety of jobs, including housemen / housewomen, cleaning people, floor buffers, dining hall porters, laundry room workers, pod porters, windows and doors cleaners, shower porters, food service, and maintenance workers. | Ridley Decl., Ex. 2 (Ellis Depo. Vol. 1), at 82:1 – 83:4; Ex. 26 (OMDC Buffer Job Description); Ex. 27 (OMDC Dining Hall Porter Job Description); Ex. 28 (OMDC Laundry Job Description); Ex. 29 (OMDC Pod Porter Job Description); Ex. 30 (OMDC Recreation Windows and Doors Job Description); Ex. 31 (OMDC Shower Porter Job Description). |
| 34.  The contracts between Defendant and the Federal government for the operation of Defendant's detention facilities ████████ ████████████████████████████ | Ridley Decl., Ex. 38 (SDCF Contract with Office of Fed. Detention Trustee, July 2005), at § C.2.1; Ex. 39 (CCCF Contract with U.S. Dept. of Justice, Sept. 2010), at p. 4. |
| 35.  Defendant did not pay I.C.E. Detainee Workers who performed work through the VWP the prevailing minimum wage during each applicable pay period as mandated by California law, including California Labor Code § 1194 and I.W.C. Wage Order No. 5-2001. | Ridley Decl., Ex. 1 (Figueroa Depo.), at 27:19-24; Ex. 2 (Ellis Depo. Vol. 1), at 91:11-15; *see also* Exs. 12 – 18 (OMS Reports). |
| 37.  During his periods of detention at SDCF / OMDC, Plaintiff Owino worked for at least part of his detention through the "Voluntary Work Program." | Ridley Decl., Ex. 41 (Excerpts from Plaintiff Owino Detention File). |

| 41.  During his period of detention at SDCF / OMDC, Plaintiff Gomez worked for at least part of his detention through the "Voluntary Work Program." | Ridley Decl., Ex. 42 (Excerpts from Plaintiff Gomez Detention File). |
|---|---|

DATED:  June 5, 2019

**FOLEY & LARDNER LLP**
J. Mark Waxman
Eileen R. Ridley
Geoffrey Raux
Nicholas J. Fox
Alan R. Ouellette


*/s/ J. Mark Waxman*
J. Mark Waxman
Eileen R. Ridley
Attorneys for Plaintiffs SYLVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)


**LAW OFFICE OF ROBERT L. TEEL**
Robert L. Teel
   lawoffice@rlteel.com
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
Telephone:  (866) 833-5529
Facsimile:  (855) 609-6911

Attorneys for Plaintiffs SYLVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 5, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

<u>*/s/ J. Mark Waxman*                </u>
J. Mark Waxman