# EXHIBIT 40

STRUCK LOVE BOJANOWSKI & ACEDO, PLC
Daniel P. Struck, AZ Bar #012377
*(admitted pro hac vice)*
Rachel Love, AZ Bar #019881
*(admitted pro hac vice)*
Nicholas D. Acedo, AZ Bar #021644
*(admitted pro hac vice)*
Ashlee B. Hesman, AZ Bar #028874
*(admitted pro hac vice)*
Jacob B. Lee, AZ Bar #030371
*(admitted pro hac vice)*
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Tel.: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com

LAW OFFICE OF ETHAN H. NELSON
Ethan H. Nelson, CA Bar #262448
4 Park Plaza, Suite 1025
Irvine, California 92614
Tel.: (949) 229-0961
Fax: (949) 861-7122
ethannelsonesq@gmail.com

Attorneys for Defendant/Counter-Claimant
CoreCivic, Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Sylvester Owino and Jonathan Gomez, on behalf of themselves, and all others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>CoreCivic, Inc., a Maryland corporation,<br><br>            Defendant. | NO. 3:17-cv-01112-JLS-NLS<br><br>**DEFENDANT CORECIVIC'S RESPONSE TO PLAINTIFFS'** *AMENDED* **REQUEST FOR ADMISSION, SET ONE** |

CoreCivic, Inc., a Maryland corporation,

    Counter-Claimant,

v.

Sylvester Owino and Jonathan Gomez, on behalf of themselves, and all others similarly situated,

    Counter-Defendants.

Defendant CoreCivic, Inc. ("CoreCivic"), through counsel, responds to Plaintiffs' Amended Request for Admission, Set One, pursuant to Rule 36, Federal Rules of Civil Procedure. CoreCivic reserves the right to supplement these responses as necessary.

## GENERAL OBJECTIONS

1. The information supplied in the following Responses to Plaintiffs' Amended Request for Admission, Set One, is not based upon personal knowledge of the individual signing this document, but upon information resulting from inquiry made of the person(s) with personal knowledge. The word use and sentence structure may be that of the attorney(s) assisting in the preparation of the Responses to the Amended Request for Admission, and thus does not necessarily purport to be the precise language of the responding party.

2. By responding or providing any information in response to Plaintiffs' Amended Request for Admission, Set One, CoreCivic does not concede materiality or relevancy of the subject to which it refers.

3. CoreCivic objects to each request to the extent the instructions/ definitions purport to impose obligations greater than those created by the Rules of Civil Procedure.

4. In addition, the inadvertent disclosure of privileged information or release of privileged documents shall not constitute a waiver of any applicable privilege.

5. CoreCivic objects to each request to the extent it seeks to require CoreCivic to make admissions on behalf of an individual or entity other than CoreCivic.

In addition to the general objections set forth above, CoreCivic will also state other specific objections to requests where appropriate, including objections that are not generally applicable to all of the requests. By setting forth such specific objections, CoreCivic does not intend to limit the general objections set forth herein. To the extent that CoreCivic responds to Requests to which it objects, such objections are not waived by providing information.

## REQUEST FOR ADMISSION

## REQUEST FOR ADMISSION NO. 1:

Admit that You did not furnish detainees who performed work at one or more of Your California detention facilities with an itemized statement in writing showing the information set forth in Cal. Labor Code § 226(a) during the Relevant Time Period. This Request is limited solely to the factual inquiry of whether CoreCivic provided the itemized statements described in Cal. Labor Code § 226(a) to detainees during the Relevant Time Period, and does not seek a legal conclusion regarding the applicability of Cal. Labor Code § 226(a) to CoreCivic, assume that CoreCivic is an employer of the detainees, or seek an admission that CoreCivic is such an employer.

**Objection: Compound. Vague and ambiguous as to "performed work," which does not distinguish between "work performed" as part of the Detainee Voluntary Work Program and "work performed" as part of each detainee's responsibility to keep their own living area clean. Overbroad and unduly burdensome as to time, as the "Relevant Time Period," as that term is defined in the Request for Admission, exceeds both the applicable statutes of**

1  **limitations for Plaintiffs' claims and CoreCivic's document retention periods,**
2  **and has not been certified as the applicable class period by the Court.**
3      **Without waiving these objections:**

4
      **__X__  Admit          _____ Deny**
5

6      **By so admitting, CoreCivic does not admit that it employed the detainees**
7  **who participated in the Detainee Voluntary Work Program; that such**
8  **detainees are or were its employees; or that it had any obligation to provide**
9  **itemized statements under Cal. Labor Code § 226(a). These issues, which are**
10 **central to this matter, remain in dispute.** *See K.C.R. v. County of Los Angeles*,
11 **No. CV 13–3806 PSG (SSx), 2014 WL 3433925, at \*3 (C.D. Cal. July 14, 2014)**
12 **("Because requests for admission also clarify which issues are 'genuinely**
13 **contested,' where issues in dispute 'are requested to be admitted, a denial is a**
14 **perfectly reasonable response.'") (quoting** *United Coal Companies v. Powell*
15 *Const. Co.*, **839 F.2d 958, 967 (3rd Cir.1988));** *California v. The Jules Fribourg*,
16 **19 F.R.D. 432, 434 (N.D. Cal. 1955) ("Requests for admissions are designed to**
17 **eliminate from the case issues which are not really in dispute between the**
18 **parties, and thus to limit the case to the vital and disputed issues.");** *A. Farber*
19 *& Partners, Inc. v. Garber*, **237 F.R.D. 250, 254 (C.D. Cal. 2006) ("In short,**
20 **'[t]he purpose of Rule 36(a) is to expedite trial by establishing certain material**
21 **facts as true and thus narrowing the range of issues for trial.'") (quoting** *Asea,*
22 *Inc. v. Southern Pacific Transportation Co.*, **669 F.2d 1242, 1245 (9th Cir.**
23 **1982)) (alteration in original).**

24
25
26 / / /
27 / / /
28

Response to Amended RFA, Set One          4          17cv01112-JLS-NLS

Exhibit 40 Page 434

Dated: December 11, 2018

By s/ Jacob B. Lee
Daniel P. Struck
dstruck@strucklove.com
Rachel Love
rlove@strucklove.com
Nicholas D. Acedo
nacedo@strucklove.com
Ashlee B. Hesman
ahesman@strucklove.com
Jacob B. Lee
jlee@strucklove.com
STRUCK LOVE BOJANOWSKI & ACEDO, PLC

Ethan H. Nelson
LAW OFFICE OF ETHAN H. NELSON
ethannelsonesq@gmail.com

Attorneys for Defendant/Counter-Claimant CoreCivic, Inc.

3523398.1

# PROOF OF SERVICE

I am a citizen of the United States and am over the age of eighteen years, and not a party to the within action. My business address is Struck Love Bojanowski & Acedo, PLC, 3100 West Ray Road, Suite 300, Chandler, AZ 85226. On December 11, 2018, I served the following document(s):

**DEFENDANT CORECIVIC'S RESPONSE TO PLAINTIFFS' AMENDED REQUEST FOR ADMISSION, SET ONE**

☐ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Phoenix, Arizona addressed as set forth below.

☒ **BY ELECTRONIC MAIL:**

LAW OFFICE OF ROBERT L. TEEL
Robert L. Teel
1425 Broadway, Mail Code: 20-6690
Seattle, WA 98122
Telephone: (866) 833-5529
Facsimile: (855) 609-6911
Email: lawoffice@rlteel.com
Attorney for Plaintiffs

FOLEY & LARDNER LLP
J. Mark Waxman
Nicholas J. Fox
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 847-6700
Facsimile: (858) 792-6773
Email: mwaxman@foley.com;
nfox@foley.com

FOLEY & LARDNER LLP
Eileen R. Ridley
Alan R. Ouellette
555 California Street, Suite 1700
San Francisco, CA 94104-1520
Telephone: (415) 434-4484
Facsimile: (415) 434-4507
Email: eridley@foley.com
aouellette@foley.com

FOLEY & LARDNER LLP
Geoffrey M. Raux
111 Huntington Avenue
Boston, MA 02199-07610
Telephone: (617) 342-4000
Facsimile: (617) 342-4001
Email: graux@foley.com

Attorneys for Plaintiffs and the Proposed Class

I declare that I am employed in the office of a member who is admitted pro hac vice in this Court at whose direction the service was made. I declare under penalty of perjury that the forgoing is true and correct.

Executed on December 11, 2018, at Chandler, Arizona.

s/ Sherri Wolford