1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11   SYLVESTER OWINO and JONATHAN          Case No.: 17-CV-1112 JLS (NLS)
     GOMEZ, on behalf of themselves and all
12   others similarly situated,
                                           **ORDER DENYING WITHOUT**
13                             Plaintiffs,  **PREJUDICE PLAINTIFFS' MOTION**
                                           **TO FILE DOCUMENTS UNDER**
14   v.                                    **SEAL**

15   CORECIVIC, INC., a Maryland
     corporation,                          (ECF No. 98)
16

17                             Defendant.

18

19        Presently before the Court is Plaintiffs and Counter-Defendants Sylvester Owino

20   and Jonathan Gomez's Motion for Leave to File Documents Under Seal ("Mot." ECF No.

21   98).  As explained in the Court's May 29, 2019 Order, *see* ECF No. 96 at 2–3, "the courts

22   of this country recognize a general right to inspect and copy public records and documents,

23   including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S.

24   589, 597 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a

25   'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty.*

26   *of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto*

27   *Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  "The presumption of access is 'based on

28   the need for federal courts, although independent—indeed, particularly because they are

1  independent—to have a measure of accountability and for the public to have confidence in

2  the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092,

3  1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

4        A party seeking to seal a judicial record bears the burden of overcoming the strong

5  presumption of access. *Foltz*, 331 F.3d at 1135.  The showing required to meet this burden

6  depends upon whether the documents to be sealed relate to a motion that is "more than

7  tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When

8  the underlying motion is more than tangentially related to the merits, the "compelling

9  reasons" standard applies. *Id.* at 1096–98.  When the underlying motion does not surpass

10  the tangential relevance threshold, the "good cause" standard applies.  *Id.*

11        "In general, 'compelling reasons' sufficient to outweigh the public's interest in

12  disclosure and justify sealing court records exists when such 'court files might have

13  become a vehicle for improper purposes,' such as the use of records to gratify private spite,

14  promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*,

15  447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).  However, "[t]he mere fact that the

16  production of records may lead to a litigant's embarrassment, incrimination, or exposure

17  to further litigation will not, without more, compel the court to seal its records." *Id.* (citing

18  *Foltz*, 331 F.3d at 1136).  The decision to seal documents is "one best left to the sound

19  discretion of the trial court" upon consideration of "the relevant facts and circumstances of

20  the particular case." *Nixon*, 435 U.S. at 599.

21        Plaintiffs seek leave to file over 450 pages of documents under seal, including: (1) an

22  unredacted Memorandum of Points and Authorities in support of their Motion for Partial

23  Summary Judgment; (2) an unredacted Separated Statement of Undisputed Material Facts

24  in support of their Motion for Partial Summary Judgment; and (3) unredacted Exhibits 4

25  through 10, 12 through 18, 21 through 24, 26 through 39, 41, and 42 to the Declaration of

26  Eileen R. Ridley in Support of Plaintiffs' Motion for Partial Summary Judgment.  Mot. at

27  1–7.  As before, Plaintiffs do not "believe that the listed documents are required to be filed

28  under seal because they do not contain 'confidential' information," but nonetheless seek

"the Court's permission to file the documents . . . under seal because they contain material designated by Defendant . . . as 'Confidential' under the Protective Order entered in this case." *Id.* at 7.

Again, the Court is troubled by the breadth of the documents sought to be filed under seal, particularly given Plaintiffs' position that the documents do not contain confidential information. The Court therefore **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion and **GRANTS** Defendant leave to file a renewed motion to file under seal any documents for which "compelling reasons" exist. *See, e.g., Foltz*, 331 F.3d at 1136 ("[T]he presumption of access is not rebutted where, as here, documents subject to a protective order are filed under seal as attachments to a dispositive motion."). Should Defendant fail to file a renewed motion on or before June 21, 2019, Plaintiffs **SHALL FILE PUBLICLY** the underlying proposed documents, currently filed under seal at ECF No. 99.

**IT IS SO ORDERED.**

Dated:  June 10, 2019

Hon. Janis L. Sammartino
United States District Judge

17-CV-1112 JLS (NLS)