# ATTACHMENT 1

# ATTACHMENT 1

J. MARK WAXMAN (SBN 58579)
  mwaxman@foley.com
NICHOLAS J. FOX (SBN 279577)
  nfox@foley.com
**FOLEY & LARDNER LLP**
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130
T: 858.847.6700 // F: 858.792.6773

EILEEN R. RIDLEY (SBN 151735)
  eridley@foley.com
ALAN R. OUELLETTE (SBN 272745)
  aouellette@foley.com
**FOLEY & LARDNER LLP**
555 California Street, Suite 1700
San Francisco, CA 94104-1520
T: 415.434.4484 // F: 415.434.4507

ROBERT L. TEEL (SBN 127081)
  lawoffice@rlteel.com
**LAW OFFICE OF ROBERT L. TEEL**
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
T: 866. 833.5529 // F:855.609.6911

GEOFFREY M. RAUX (pro hac vice)
  graux@foley.com
**FOLEY & LARDNER LLP**
111 Huntington Avenue
Boston, MA 02199-7610
T: 617.342.4000 // F: 617.342.4001

Attorneys for Plaintiffs SYLVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>           Plaintiffs,<br><br>vs.<br><br>CORECIVIC, INC.,<br><br>           Defendant.<br><br>CORECIVIC, INC.,<br><br>           Counter-Claimant,<br><br>vs.<br><br>SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>           Counter-Defendants. | Case No. 3:17-CV-01112-JLS-NLS<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' AMENDED NOTICE OF DEPOSITION OF DEFENDANT CORECIVIC, INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)**<br><br>Judge: Hon. Janis L. Sammartino<br>Magistrate: Hon. Nita L. Stormes<br><br>DEMAND FOR JURY TRIAL |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition upon oral examination of Defendant CoreCivic, Inc. on March 4 – 5, 2019 at 9:00 a.m., at the offices of Alpha Reporting Corp., 1 Vantage Way, Suite D115, Nashville, TN 37228.  The deposition will be taken stenographically before a certified shorthand reporter authorized to administer oaths, as provided by Federal Rule of Civil Procedure 28.  Said deposition may also be recorded by a certified videographer, and subject to real time reporting via live video stream and telephone.

Reference is made to the "Description of Matters on Which Examination is Requested" attached hereto as **Exhibit A** and incorporated herein by this reference.  In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant CoreCivic, Inc. is hereby notified of its obligation to designate one or more officers, directors, or managing agents (or other persons who consent to do so) to testify on their behalf as to all matters embraced in the "Description of Matters on Which Examination is Requested" and known or reasonably available to Defendant.

DATED:  February 25, 2019

**FOLEY & LARDNER LLP**
J. Mark Waxman
Eileen R. Ridley
Geoffrey M. Raux
Nicholas J. Fox
Alan R. Ouellette



Alan R. Ouellette
Attorneys for Plaintiffs SYLVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)

**LAW OFFICE OF ROBERT L. TEEL**
Robert L. Teel
   lawoffice@rlteel.com
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
Telephone:  (866) 833-5529

Facsimile: (855) 609-6911

Attorneys for Plaintiffs SYLVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)

# EXHIBIT A

## DESCRIPTION OF MATTERS ON WHICH EXAMINATION IS REQUESTED

### DEFINITIONS

A. "DEFENDANT," "YOU," and "YOUR" means Defendant CoreCivic, Inc., as well as its subsidiaries, divisions, affiliates, assigns, present and former officers, employees, attorneys, related corporations and agents.

B. "RELEVANT TIME PERIOD" means the time period from January 1, 2006 through the present.

### MATTERS ON WHICH EXAMINATION IS REQUESTED

1. YOUR policies, procedures, practices, manuals, and rules, and their creation, development, review and approval, intent, implementation and meaning, concerning work performed by detainees at YOUR California facilities during the RELEVANT TIME PERIOD, and YOUR California facilities' compliance or lack of compliance with the same.

2. YOUR policies, procedures, practices, manuals, and rules, and their creation, development, review and approval, intent, implementation and meaning, concerning work performed by detainees at YOUR facilities outside of California during the RELEVANT TIME PERIOD, and YOUR facilities outside of California's compliance or lack of compliance with the same.

3. YOUR policies, procedures, practices, manuals, and rules, and their creation, development, review and approval, intent, implementation and meaning, concerning disciplinary action against detainees arising out of the work performed by detainees, or the refusal to work by detainees, at YOUR California facilities during the RELEVANT TIME PERIOD, and YOUR California facilities' compliance or lack of compliance with the same.

4. YOUR policies, procedures, practices, manuals, and rules, and their creation, development, review and approval, intent, implementation and meaning, concerning disciplinary action against detainees arising out of the work performed by detainees, or

the refusal to work by detainees, at YOUR facilities outside of California during the RELEVANT TIME PERIOD, and YOUR facilities outside of California's compliance or lack of compliance with the same.

5. YOUR policies, procedures, practices, manuals, and rules, and their creation, development, review and approval, intent, implementation and meaning, concerning how detainees are compensated and the amount of compensation paid to detainees for work performed at YOUR California facilities during the RELEVANT TIME PERIOD, and YOUR California facilities' compliance or lack of compliance with the same.

6. YOUR policies, procedures, practices, manuals, and rules, and their creation, development, review and approval, intent, implementation and meaning, concerning how detainees are compensated and the amount of compensation for work performed at YOUR facilities outside of California during the RELEVANT TIME PERIOD, and YOUR facilities outside of California's compliance or lack of compliance with the same.

7. YOUR policies, procedures, practices, manuals, and rules, and their creation, development, review and approval, intent, implementation and meaning, concerning the manner in which YOU recorded or documented the following for detainees that worked at YOUR facilities during the RELEVANT TIME PERIOD, and YOUR facilities' compliance or lack of compliance with the same: (1) the names of the detainees; (2) the dates and hours worked by the detainees; (3) the work performed by the detainees; (4) the compensation accrued by the detainees; (5) the compensation actually delivered to the detainees; and (6) when such compensation was actually delivered to the detainees.

8. The creation, development, meaning, completeness and accuracy of the reports that YOU generated from the Offender Management System ("OMS") concerning payments made by YOU to detainees that worked at YOUR facilities that were produced to counsel for Plaintiffs in the above-captioned action.

9. YOUR policies, procedures, practices, manuals, and rules, and their creation, development, review and approval, intent, implementation and meaning, concerning any documents or agreements relating to the performance of work by detainees that YOU

presented to detainees for signature at YOUR California facilities during the RELEVANT TIME PERIOD, and YOUR California facilities' compliance or lack of compliance with the same.

10. YOUR policies, procedures, practices, manuals, and rules, and their creation, development, review and approval, intent, implementation and meaning, concerning any documents or agreements relating to the performance of work by detainees that YOU presented to detainees for signature at YOUR facilities outside of California during the RELEVANT TIME PERIOD, and YOUR facilities outside of California's compliance or lack of compliance with the same.

11. YOUR budgeting process as it relates to the use of detainee labor at YOUR facilities during the RELEVANT TIME PERIOD.

12. YOUR policies, procedures, practices, manuals, and rules, and their creation, development, review and approval, intent, implementation and meaning, concerning the commissaries at YOUR facilities, including the access to and use of the commissaries by detainees and the inventory maintained at the commissaries, during the RELEVANT TIME PERIOD, and YOUR facilities' compliance or lack of compliance with the same.

13. YOUR policies, procedures, practices, manuals, and rules, and their creation, development, review and approval, intent, implementation and meaning, concerning how basic living items were dispensed to and replenished for detainees at YOUR facilities during the RELEVANT TIME PERIOD, and YOUR facilities' compliance or lack of compliance with the same.

14. YOUR policies, procedures, practices, manuals, and rules, and their creation, development, review and approval, intent, implementation and meaning, concerning complaints by detainees regarding their working conditions at YOUR facilities during the RELEVANT TIME PERIOD, and YOUR facilities' compliance or lack of compliance with the same.

15. YOUR policies, procedures, practices, manuals, and rules, and their creation, development, review and approval, intent, implementation and meaning, concerning

1  complaints about detainees arising out of their performance of work at YOUR facilities
2  during the RELEVANT TIME PERIOD, including complaints by employees of Trinity
3  Services Group, Inc, and YOUR facilities' compliance or lack of compliance with the
4  same.

# PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to this action; my current business address is 555 California Street, Suite 1700, San Francisco, CA 94104-1520

On February 25, 2019, I served the foregoing document(s) described as:

**PLAINTIFFS' AMENDED NOTICE OF DEPOSITION OF DEFENDANT CORECIVIC, INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)**

on the interested parties in this action as follows:

| | |
|---|---|
| Daniel P. Struck (dstruck@strucklove.com) <br> Rachel Love (rlove@strucklove.com) <br> Nicholas D. Acedo (nacedo@strucklove.com) <br> Ashlee B. Hesman (ahesman@strucklove.com) <br> Jacob B. Lee (jlee@strucklove.com) <br> **STRUCK LOVE BOJANOWSKI & ACEDO, PLC** <br> 3100 West Ray Road, Suite 300 <br> Chandler, Arizona 85226 <br><br> *Attorneys for Defendant CoreCivic, Inc.* | Ethan H. Nelson (ethannelsonesq@gmail.com) <br> **LAW OFFICE OF ETHAN H. NELSON** <br> 4 Park Plaza, Suite 1025 <br> Irvine, California 92614 <br><br> *Attorney for Defendant CoreCivic, Inc.* |

__X__ BY MAIL
  __X__ I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service; the firm deposits the collected correspondence with the United States Postal Service that same day, in the ordinary course of business, with postage thereon fully prepaid, at San Francisco, California. I placed the envelope(s) for collection and mailing on the above date following ordinary business practices.

__X__ BY E-MAIL
  __X__ I served the foregoing document via e-mail to the addressees above at the e-mail addresses listed therein.

__X__ Executed on February 25, 2019, at San Francisco, California.

__X__ I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Wendy A. DelValle* (signature)

Wendy A. DelValve