**ATTACHMENT 2**

**ATTACHMENT 2**

J. MARK WAXMAN  (SBN 58579)
    mwaxman@foley.com
NICHOLAS J. FOX (SBN 279577)
    nfox@foley.com
**FOLEY & LARDNER LLP**
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130
T:  858.847.6700 // F:   858.792.6773

EILEEN R. RIDLEY (SBN 151735)
    eridley@foley.com
ALAN R. OUELLETTE (SBN 272745)
    aouellette@foley.com
**FOLEY & LARDNER LLP**
555 California Street, Suite 1700
San Francisco, CA 94104-1520
T:  415.434.4484 // F: 415.434.4507

ROBERT L. TEEL (SBN 127081)
    lawoffice@rlteel.com
**LAW OFFICE OF ROBERT L. TEEL**
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
T: 866. 833.5529 // F:855.609.6911

GEOFFREY M. RAUX (pro hac vice)
    graux@foley.com
**FOLEY & LARDNER LLP**
111 Huntington Avenue
Boston, MA 02199-7610
T: 617.342.4000 // F: 617.342.4001

Attorneys for Plaintiffs SLYVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SLYVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>CORECIVIC, INC.,<br><br>　　　　　　　　　　Defendant.<br><br>CORECIVIC, INC.,<br><br>　　　　　　　Counter-Claimant,<br><br>vs.<br><br>SLYVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>　　　　　　Counter-Defendants. | Case No. 3:17-CV-01112-JLS-NLS<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CORECIVIC, SET THREE**<br><br>Judge:  Hon. Janis L. Sammartino<br>Magistrate:  Hon. Nita L. Stormes<br><br>DEMAND FOR JURY TRIAL |

Case No. 17-CV-01112-JLS-NLS

| | | |
|---|---|---|
| PROPOUNDING PARTY: | | Plaintiffs, SYLVESTER OWINO and JONATHAN GOMEZ |
| RESPONDING PARTY: | | Defendant, CORECIVIC, INC. |
| SET NO: | | Three |

PLEASE TAKE NOTICE that pursuant to Rules 26(d)(2) and 34 of the Federal Rules of Civil Procedure, Plaintiffs Sylvester Owino and Jonathan Gomez ("Plaintiffs"), by and through their undersigned counsel of record, hereby request that Defendant CoreCivic, Inc. ("CoreCivic" or "Defendant") answer the following Requests for Production of Documents separately and fully in writing and under oath, and produce the requested Documents within thirty (30) at the offices of Foley & Lardner LLP, 3579 Valley Centre Dr., Suite 300, San Diego, CA 92130, or at such other time and place as may be mutually agreed between the parties.

## DEFINITIONS

1. The term "Plaintiffs" means, refers to, and includes Plaintiffs Sylvester Owino and Jonathan Gomez and any agents, employees, attorneys, accountants, investigators, partners, representatives, and any other person or entity acting on Plaintiffs' behalf.

2. The terms "You," "Your," and "Defendant," means CoreCivic, Inc. To the extent any of Your responses to the Requests set forth herein are different based on an individual Plaintiff, such response should so state.

3. "California and non-California detention facilities" means all contract detention facilities operated by CoreCivic, Inc., whether located in California or any other State within the United States, including the Otay Mesa Detention Center located in San Diego, California. To the extent any of Your responses to the Requests set forth herein are in any way different depending on the State in which Your contract detention facility operates, such response should so state.

4. The term "ICE" means U.S. Immigration and Customs Enforcement.

5. The term "ERO" means Enforcement and Removal Operations.

Case No. 17-CV-01112-JLS-NLS

6. "Volunteer Work Program(s)" means any volunteer work program that You have operated or are currently operating in Your California and non-California detention facilities during the Relevant Time Period, including, without limitation, any detainee volunteer work program that You operate as required by Your detention services agreement with ICE.

7. "Relevant Time Period" is the time period from January 1, 2006, through the present.

8. "Answer" means the Answer You filed as ECF Docket No. 44 in this lawsuit on June 8, 2018.

9. "Counterclaims" means the Counterclaims You filed as ECF Docket No. 44 in this lawsuit on June 8, 2018.

10. "Solitary Confinement" means the isolation of a detainee in a separate cell or room as a form of punishment, corrective action, or discipline.

11. The term "Document" includes, but is not limited to, all written, printed, typed, computerized, recorded or graphic matter of any type or description, including electronically stored information, in any form, however and by whomever prepared, produced, reproduced, disseminated or made, including without limitation notes, time records, correspondence, diary and calendar entries, e-mails, instant messages, facsimiles, tape and video recordings, summaries, invoices, expense accounts, corporate policy statements, minutes, memoranda, drafts, agreements, contracts, analyses, opinions, studies, reports, telegrams, telecopies, notebooks, calendars, transcripts, routing slips, computer print-outs, invoices, charts, photographs, checks, financial records, brochures, pamphlets, press releases, advertisements, computer-downloaded materials, articles, trade or industry announcements, and translations, and all copies of any of the above containing any comments, modifications, revisions, alterations or notations.

12. The term "Communication" means: (a) any and all recordings of any transfer of information, ideas, opinions, or thoughts, made by any means, at any time or place, under any circumstances; and (b) direct exchanges between Persons, and may be

embodied in any means or media; and (c) any other communications between individuals on the topics indicated.

13. The term "Person" means any natural person, entity or organization, including any divisions, departments, subsidiaries or other units thereof.

14. The term "Relating" means relating, regarding, concerning, referring or pertaining to, or reflecting, describing, constituting, evidencing and/or supporting.

15. The term "Identify" with respect to Person(s) means to state the name and address of any Person, as well as that Person's last known business address, residential address, and telephone number.

16. The words "and" and "or" should be read inclusively, as "and/or."

17. The words "any" and "all" should be read inclusively, as "any/all."

18. References to the singular shall include the plural and references to the plural shall include the singular.

19. The use of a verb in any tense shall be construed as the use of the verb in that and all other tenses.

### FORM OF PRODUCTION

Except when specified in the Request, all documents and things responsive to these Requests should, to the extent possible, be imaged and produced in electronic form stored on CD ROMs, DVDs, or USB Flash Storage. All materials not able to be imaged and produced on CD ROMs, DVDs, or USB Flash Storage should be produced physically in paper form. You may produce a photocopy in lieu of the original or any document that has been demanded above. As to any document or thing that cannot be photocopied, please identify the location and custodian of such document or thing, as well as the time and conditions upon which it will be made available for inspection.

### INSTRUCTIONS

When responding to these Requests for Production, You are asked to furnish all information in Your possession, custody, and control. A Document is deemed to be in Your possession, custody, or control if You have physical custody of the Document, if

You have a right, by agreement or otherwise, to inspect and examine the Document or if, as a practical matter, You have been granted access to the Document.

If a Document is withheld on the basis of privilege or other claimed legal protection from discovery, please state, with respect to each such Document:

a. Its title, if any;

b. The claim or claims of privilege under which production is being withheld;

c. The date it was first prepared;

d. Its author and the address and telephone number of that individual;

e. Its addressee and the address and telephone number of that individual;

f. Each person or entity who has seen or reviewed or is likely to have seen or reviewed the Document, as well as the address and telephone number of each such individual; and

g. A description of the subject matter of the Document you consider adequate to support your claim of privilege or protection from discovery.

The following Requests each include all attachments to the specifically described Documents, and all envelopes, explanatory notes or memoranda, and all material that accompanied the Document. If the specific Document elicited a response, that response is included in the Request. If the Document was itself a response, the Document to which it is responding is included in the Request.

Unless otherwise indicated, the timeframe for each Document Request is the Relevant Time Period.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and Communications that indicate the financial performance, and any analysis thereof, of any contract Defendant, or any of its subsidiaries or joint ventures entered, with any third party for the care, treatment, housing, or holding of any ICE detainees, including any contracts or agreements of any kind with ICE, for each year during the Relevant Time Period. For purposes of this request, financial performance

includes, without limitation, revenue, expenses, overhead, margin, profitability, costs of performance, yield and earnings. Such documents may be produced in an .xls, .xlxs, or .csv file format.

DATED: May 29, 2019

**FOLEY & LARDNER LLP**
J. Mark Waxman
Eileen R. Ridley
Geoffrey M. Raux
Nicholas J. Fox
Alan R. Ouellette

_____
J. Mark Waxman
Attorneys for Plaintiffs SLYVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)

**LAW OFFICE OF ROBERT L. TEEL**
Robert L. Teel
  lawoffice@rlteel.com
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
Telephone: (866) 833-5529
Facsimile: (855) 609-6911

Attorneys for Plaintiffs SLYVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)

# PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to this action; my current business address is 555 California Street, Suite 1700, San Francisco, CA 94104-1520.

On May 29, 2019, I caused the foregoing document described as:

**PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CORECIVIC, SET THREE**

to be served on the interested parties in this action as follows:

| | |
|---|---|
| Daniel P. Struck (dstruck@strucklove.com) | Ethan H. Nelson |
| Rachel Love (rlove@strucklove.com) | (ethannelsonesq@gmail.com) |
| Nicholas D. Acedo (nacedo@strucklove.com) | **LAW OFFICE OF ETHAN H. NELSON** |
| Ashlee B. Hesman (ahesman@strucklove.com) | 4 Park Plaza, Suite 1025 |
| Jacob B. Lee (jlee@strucklove.com) | Irvine, California 92614 |
| **STRUCK LOVE BOJANOWSKI & ACEDO, PLC** | ***Attorney for Defendant CoreCivic, Inc.*** |
| 3100 West Ray Road, Suite 300 | |
| Chandler, Arizona 85226 | |
| ***Attorneys for Defendant CoreCivic, Inc.*** | |

　X　　BY MAIL
　　　X　　I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service; the firm deposits the collected correspondence with the United States Postal Service that same day, in the ordinary course of business, with postage thereon fully prepaid, at San Francisco, California. I placed the envelope(s) for collection and mailing on the above date following ordinary business practices.

　X　　BY E-MAIL
　　　X　　I served the foregoing document via e-mail to the addressees above at the e-mail addresses listed therein.

　X　　Executed on May 29, 2019, at San Francisco, California.

　X　　I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Wendy A. DelValle