UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CORECIVIC, INC., a Maryland corporation,<br><br>Defendant. | Case No.: 17-CV-1112 JLS (NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S RENEWED MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>(ECF Nos. 101, 104) |

Presently before the Court are Defendant CoreCivic, Inc.'s Renewed Motions for Leave to File Documents Under Seal ("1st Mot.," ECF No. 101; "2nd Mot.," ECF No. 104), filed in response to the Court's May 29, 2019 Order Denying Without Prejudice Plaintiffs Sylvester Owino and Jonathan Gomez's Motion for Leave to File Documents Under Seal, *see* ECF No. 96 at 2–3, as well as Plaintiffs' Response in Opposition ("Opp'n," ECF No. 103) and Defendant's Reply in Support of ("Reply," ECF No. 105) the First Motion. Having carefully reviewed the lodged documents, the Parties' arguments, and the law, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motions.

/ / /

/ / /

# BACKGROUND

On April 15, 2019, Plaintiffs sought to file under seal in support of its Motion for Class Certification approximately 900 pages of documents designated by Defendant as "CONFIDENTIAL" under the Protective Order in this action (ECF No. 60). *See* ECF Nos. 86–87. On May 29, 2019, "[t]he Court[,] . . . troubled by the breadth of the documents sought to be filed under seal, particularly given Plaintiffs' position that the documents do not contain confidential information," denied without prejudice Plaintiffs' motion and granted Defendant "leave to file a renewed motion to file under seal any documents for which 'compelling reasons' exist." ECF No. 96 at 3 (citing *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 326 F.R.D. 592, 617 (N.D. Cal. 2018); *Racies v. Quincy Biosci., LLC*, No. 15-CV-00292-HSG, 2017 WL 6405612, at *2 (N.D. Cal. Dec. 15, 2017)).

On June 5, 2019, Plaintiffs sought to file under seal in support of their Motion for Partial Summary Judgment approximately 450 pages of documents designated by Defendant as "CONFIDENTIAL" under the Protective Order in this action (ECF No. 60). *See* ECF Nos. 98–99. On June 10, 2019, "[a]gain troubled by the breadth of the documents sought to be filed under seal, particularly given Plaintiffs' position that the documents do not contain confidential information," the Court denied without prejudice Plaintiffs' motion and granted Defendant "leave to file a renewed motion to file under seal any documents for which 'compelling reasons' exist." ECF No. 100 at 3 (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)).

The First Motion followed on June 13, 2019, *see generally* ECF No. 101 and the Second Motion on June 21, 2019.

# LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz*

*v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

## ANALYSIS

### I. First Motion

Defendant has consented to the filing on the public docket of Exhibits 5 through 7, 9, 12 through 20, 43, and all but 455:13–15 of Exhibit 4 to Declaration of Eileen R. Ridley in Support of Plaintiffs' Motion for Class Certification ("Ridley Class Declaration").

1st Mot. at 2. Nonetheless, Defendant still seeks leave to file the following documents under seal: (1) Exhibits 4 (at 455:13–15 only), 11, 27 through 42, and 45 through 88 to the Ridley Class Declaration; and (2) those portions of Plaintiffs' Motion for Class Certification discussing the contents of those exhibits, 1st Mot. at 2, representing approximately 750 pages of evidence filed in support of Plaintiffs' Motion for Class Certification.

### A. *Exhibits 11, 27–42, 45–88 and Exhibit 4 at 455:13–15*

Defendant contends that the entirety of Exhibits 11, 27 through 42, and 45 through 88 and Exhibit 4 at page 455, lines 13 through 15 of the Ridley Class Declaration should remain under seal pursuant to Section 236.6 of Title 8 of the Code of Federal Regulations, *see* 1st Mot. at 4, which provides:

> No person, including any state or local government entity or any privately operated detention facility, that houses, maintains, provides services to, or otherwise holds any detainee on behalf of the Service (whether by contract or otherwise), and no other person who by virtue of any official or contractual relationship with such person obtains information relating to any detainee, shall disclose or otherwise permit to be made public the name of, or other information relating to, such detainee. Such information shall be under the control of the Service and shall be subject to public disclosure only pursuant to the provisions of applicable federal laws, regulations and executive orders. Insofar as any documents or other records contain such information, such documents shall not be public records. This section applies to all persons and information identified or described in it, regardless of when such persons obtained such information, and applies to all requests for public disclosure of such information, including requests that are the subject of proceedings pending as of April 17, 2002.

8 C.F.R. § 236.6. Alternatively, Defendant contends that "the Court should require Plaintiffs to redact any information that could be used to personally identify individual detainees and file the redacted documents on the public docket." 1st Mot. at 5.

/ / /

Plaintiffs counter that "Defendant does not provide any supporting declaration demonstrating 'compelling reasons' for sealing these documents," Opp'n at 3, and, "even if section 236.6 did apply, it should only apply to current detainees, not former detainees." *Id.* at 4.  Further, "information about current detainees is publicly available so long as the person using the detainee locator system has basic information about the detainee in question." *Id.* "In any event, if the Court does conclude that some personally identifying information should be redacted from these exhibits, it should only require redaction of any information that could reveal the identity of the detainees." *Id.*  "Should the Court require further redactions . . . , then Defendant as the producing party should be responsible for making such redactions." *Id.* at 5.

The Court concludes that identifying information concerning detainees must remain under seal pursuant to Section 236.6.  Although Plaintiffs urge that this requirement should apply only to current detainees, other courts have persuasively reasoned that Section 236.6 "is not temporally limited."  *See, e.g.*, *Voces De La Frontera, Inc. v. Clarke*, 373 Wis. 2d 348, 362–73 (2017); *Comm'r of Corr. v. Freedom of Info. Comm'n*, 307 Conn. 53, 63– 83 (2012).  Because "compelling reasons" do not exist to keep the remainder of these exhibits under seal, however, those portions of Exhibits 4 at page 455, lines 13 through 15; 11; 27 through 42; and 45 through 88 to the Ridley Class Declaration that do not contain identifying information of past or present detainees of Immigration and Customs Enforcement ("ICE") should be part of the public record.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's First Motion as to Exhibits 4 at page 455, lines 13 through 15; 11; 27 through 42; and 45 through 88 to the Ridley Class Declaration.  Within <u>three (3) business days</u> of the electronic docketing of this Order, Plaintiffs and Defendant **SHALL MEET AND CONFER** regarding what identifying information must be redacted pursuant to Section 236.6.

### B.     *Exhibits 27–29*

Defendant also seeks to file Exhibits 27 through 29 to the Ridley Class Declaration under seal on the grounds that they "contain detailed instructions of a highly sensitive

nature to the detention officers posted in the Food Service area of each facility regarding searches and inspections, area security, tool and equipment control, and other security-related issues," which "could be used be detainees to circumvent facility security procedures, putting the safety and security of the officers, other staff members, and other detainees at risk." 1st Mot. at 6 (citing *Castillon v. Corrs. Corp. of Am.*, No. 1:12-cv-00559-EJL-CWD, 2015 WL 3948459, at *3 (D. Idaho June 29, 2015); *Grassi v. Corrs. Corp. of Am.*, No. 07-cv-00944-MSK-KMT, 2008 WL 5172154, at *1 n.2 (D. Colo. Dec. 9, 2008)). "Alternatively, the Court should require Plaintiffs to meet and confer with CoreCivic to identify those sections of the Post Orders that require redaction, and to file redacted versions of the Post Orders on the public docket." *Id.*

Plaintiffs respond that "Defendant again paints with a broad brush in describing these Post Orders," which "are not security sensitive." Opp'n at 5. "[S]hould the Court require further redactions such that some of the exhibits need to remain under seal, then Defendant should apply the redactions prior to Plaintiffs re-filing any documents." *Id.* at 6.

A review of the Exhibits 27 through 29 to the Ridley Class Declaration indicates that much—if not all—of the information contained therein is not security sensitive. Nonetheless, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's First Motion as to Exhibits 27 through 29 to the Ridley Class Declaration. Within three (3) business days of the electronic docketing of this Order, Plaintiffs and Defendant **SHALL MEET AND CONFER** regarding what specific portions of those exhibits—if any—must redacted for legitimate security concerns.

II.   **Second Motion**

Defendant has consented to the filing on the public docket of Exhibits 5 through 10, 21 through 24, 26 through 37, and 41 through 42 to the Declaration of Eileen R. Ridley in Support of Plaintiffs' Motion for Partial Summary Judgment ("Ridley MSJ Declaration"). Mot. at 2. Nonetheless, Defendant still seeks leave to file the following documents under seal: (1) Exhibits 12 through 18 and 38 through 39 the Ridley MSJ Declaration; and

(2) those portions of Plaintiffs' Motion for Partial Summary Judgment discussing the contents of those exhibits, 2nd Mot. at 2, representing approximately 200 pages of evidence filed in support of Plaintiffs' Motion for Partial Summary Judgment.

### A.     *Exhibits 12–18*

As with Exhibits 11, 27 through 42, and 45 through 88 and Exhibit 4 at page 455, lines 13 through 15 of the Ridley Class Declaration, Defendant contends that Exhibits 12 through 18 to the Ridley MSJ Declaration should remain under seal pursuant to Section 236.6.  *See* 2nd Mot. at 5–8.  As discussed above, *see supra* Section I.A, the Court agrees with Defendant that identifying information concerning past and present detainees of ICE must remain under seal pursuant to Section 236.6 but concludes that "compelling reasons" do not exist to keep the remainder of these exhibits under seal.  Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Second Motion as to Exhibits 12 through 18 to the Ridley MSJ Declaration.  Within three (3) business days of the electronic docketing of this Order, Plaintiffs and Defendant **SHALL MEET AND CONFER** regarding what identifying information must be redacted from these exhibits pursuant to Section 236.6.

### B.     *Exhibits 38–39*

Finally, Defendant contends that Exhibits 38 and 39 to the Ridley MSJ Declaration must be kept under seal because they "contain privileged and confidential financial information regarding the unit prices agreed upon by CoreCivic and the Office of the Federal Trustee," information that is not required to be made public under the Freedom of Information Act ("FOIA").  2nd Mot. at 8–9 (citing 5 U.S.C. § 552(b)(4)).  Further, compelling reasons justify sealing the documents because "releasing the unit price information contained in the . . . contracts would harm the competitive position of CoreCivic . . . by allowing its competitors to underbid it in responding to future requests for proposals."  *Id.* at 9.

Defendant's FOIA argument is undercut by the very case it cites to support it.  *See id.* at 9.  In *Kamakana*, the Ninth Circuit cautioned that it would not "suffice to show . . .

that a document merits sealing because it would be exempt from disclosure under the Freedom of Information Act." 447 F.3d at 1185. It would be erroneous to "import wholesale FOIA exemptions as new categories of documents 'traditionally kept secret'" because "FOIA is a statutory scheme directed to regulating the public access to documents held by the federal government," without consideration of "the public's 'need' for a document," whereas "the public right of access to court documents is grounded on principles related to the public's right and need to access court proceedings." *Id.* Consequently, that the pricing information in Defendant's contracts is protected from disclosure under FOIA does not suffice as a compelling reason to keep that information under seal in the present proceeding.

Defendant is correct, however, that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Kamakana*, 447 F.3d at 1179). As the Ninth Circuit has recognized, "[a] 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'" *Id.* at 569–70 (quoting Restatement of Torts § 757, cmt. B) (citing *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972); *Whyte v. Schlage Lock Co.*, 101 Cal. App. 4th 1443, 1455–56 (2002)). This definition may encompass confidential pricing terms in contracts, *see id.* at 569, although a copy of the agreement with the confidential information redacted "need not be filed under seal and may be made available to the public." *Id.* at 570.

In accordance with the Ninth Circuit's guidance in *In re Electronic Arts*, the Court therefore concludes that Defendant has presented compelling reasons to file under seal the unit pricing information contained in Exhibits 38 and 39 to the Ridley MSJ Declaration; however, the remainder of those exhibits must be filed publicly. Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Second Motion as to Exhibits

38 and 39 to the Ridley MSJ Declaration. Within three (3) business days of the electronic docketing of this Order, Plaintiffs and Defendant **SHALL MEET AND CONFER** regarding what confidential pricing information contained in Exhibits 38 and 39 to the Ridley MSJ Declaration must be filed under seal pursuant to *In re Electronic Arts*.

## CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motions. Within three (3) business days of the electronic docketing of this Order, Plaintiffs and Defendant **SHALL MEET AND CONFER** regarding what information must be redacted from Exhibits 4 at page 455, lines 13 through 15; 11; 27 through 42; and 45 through 88 to the Ridley Class Declaration and Exhibits 12 through 18 and 38 through 39 to the Ridley MSJ Declaration, as specified above. Plaintiff **SHALL PUBLICLY FILE** redacted versions of the exhibits within fourteen (14) days of the electronic docketing of this Order. Because both Parties share the fault for this current disputes, the Court determines that they **SHALL ALLOCATE** responsibility for complying with this Order as they see fit.[1]

Also within three (3) business days of the electronic docketing of this Order, Plaintiffs **SHALL PUBLICLY FILE** the entirety of Exhibits 5 through 7, 9, 12 through

---

[1] Under the terms of the Protective Order, Plaintiffs were required to notify Defendant's counsel of their intent to file the exhibits in question "at least three business days before doing so," following which "counsel for both parties [was required to] confer in good faith to determine whether redactions are necessary and to agree on appropriate redactions." *See* ECF No. 60 ¶ 10. Although Plaintiffs appear to have timely given notice to Defendant, it appears that counsel failed to "confer in good faith" concerning appropriate redactions. *See* 1st Mot. at 3 n.1; 2nd Mot. at 3–4. At the same time, Plaintiffs' argument that Defendant "does not tailor 'Confidential' designations appropriately to only that material that warrants such treatment," *see* Opp'n at 2–3, is well-taken: Pursuant to the Protective Order, Defendant was obligated to "take care to limit any such designation to specific material that qualifies for protection" and "designate for protection only those parts of material, documents, items, or oral or written communications that qualify." *See* ECF No. 60 ¶ 6. Of course, the Protective Order also provides a mechanism for challenging such overbroad designations well before a motion for leave to file those documents under seal is filed, *see id.* ¶ 16, a procedure Plaintiffs declined to follow here.

The short of it is that the Court is now faced with wasteful motion practice concerning issues that should have been resolved before any motions to seal—much less renewed motions to seal—were even filed.

1  20, 43, and all but 455:13–15 of Exhibit 4 to the Ridley Class Declaration and Exhibits 5
2  through 10, 21 through 24, 26 through 37, and 41 through 42 to the Ridley MSJ
3  Declaration.
4      **IT IS SO ORDERED.**

6  Dated: June 24, 2019

                                              Hon. Janis L. Sammartino
                                              United States District Judge