UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO, JONATHAN GOMEZ, on behalf of themselves, and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CORECIVIC, INC., a Maryland corporation,<br><br>Defendant. | Case No.: 3:17-cv-1112-JLS-NLS<br><br>**ORDER ON DISCOVERY DISPUTE NO. 3**<br><br>**[ECF No. 102]** |
| AND RELATED CROSS ACTION | |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute No. 3. ECF No. 102. Defendant also filed a Notice of Supplemental Authority, to which Plaintiffs submitted a response. ECF Nos. 108, 109. In sum, Plaintiffs request leave to proceed with and/or an order compelling a second deposition of Defendant pursuant to Rule 30(b)(6). For the reasons explained below, the court will **deny without prejudice** Plaintiffs' motion.

///

///

I. RELEVANT BACKGROUND AND SUMMARY OF DISPUTE

This case presents a putative class action regarding Defendant's use of civil immigration detainees for labor at their facilities, either unpaid entirely or underpaid in the "one dollar a day" program. *See* ECF No. 67. Plaintiffs timely filed a motion to certify five proposed classes: (1) a California Labor Law Class; (2) a California Forced Labor Class; (3) a California Basic Necessities Class; (4) a National Forced Labor class; and (5) a National Basic Necessities Class. ECF No. 84.

While the motion to certify the classes is pending before the District Judge, the parties have reached disagreement on the continued scope of discovery, specifically 30(b)(6) depositions of Defendant while the parties await a decision on class certification. Plaintiffs argue that because discovery was not bifurcated, following the conclusion of class discovery they have turned to merits discovery. ECF No. 102 at 2-3; *see also,* ECF No. 57 ("Fact and class discovery are not bifurcated but class discovery must be completed by March 15, 2019"). Plaintiffs seek to depose Defendant regarding its negotiations and other "financial considerations and profitability of Defendant's contracts with I.C.E."[1] ECF No. 102 at 3. Plaintiffs assert that this topic was not previously covered because the deposition that occurred was focused on class discovery. *Id.* at 4. Thus, Plaintiffs seek, to the extent necessary, leave of court to conduct a second deposition of a 30(b)(6) witness regarding financial information relevant to Defendant's unjust enrichment defense. *Id.* at 4-7.

Defendant counters that Plaintiff already deposed its 30(b)(6) representative and did so for an extended period of time as permitted by this Court in response to Discovery Dispute No. 2. ECF No. 102 at 13; *see also,* ECF No. 80 ("there are sufficient

---

[1] Specifically, the topics identified for the second deposition are:
    (a) The process of negotiation of the contract, i.e. the steps in the process;
    (b) The determination of the costs or charges to be proposed to ICE; and
    (c) The elements that go into determining the economic factors involved in the contract, including overhead, profit targets or goals, costs of goods and labor, and costs of supplies.
ECF No. 102 at 20.

documents, topics, and issues to present good cause to grant the request to extend the deposition time to the requested 11 hours over two days. This also promotes the conservation of resources and costs preventing a second deposition with additional travel, scheduling or need for judicial intervention…."). Defendant submits that leave is required to take a second deposition under these circumstances, and that the Court should not permit any further deposition to proceed because the discovery would be cumulative, duplicative, available via other less burdensome means of discovery, and should have been pursued in the prior deposition. ECF No. 102 at 11-13. Defendant also avers that the deposition notice topics are overbroad, vague, and fail to identify relevant information. *Id.* at 14-15.

II. DISCUSSION[2]

"A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2): (A) if the parties have not stipulated to the deposition and ... the deponent has already been deposed in the case." Fed. R. Civ. P. 30(b)(2). It is undisputed that Plaintiffs have already deposed Defendant's corporate representative once. In reviewing Plaintiffs' representations in seeking extended time for that deposition, it also appears that Plaintiffs intended to complete all discovery from Defendant's 30(b)(6) witness in one sitting. *See*, ECF No. 78 at 5 (arguing extended deposition time would "promote efficiency and conserve party resources so that the deposition may be completed on March 4-5, 2019 *without counsel for the parties undertaking a second trip to Nashville* to complete the deposition at a later date.") (emphasis added). Plaintiffs acknowledge that the first deposition "did elicit some testimony regarding contracts between I.C.E. and Defendant" but argue testimony on that topic was limited. ECF No. 102 at 7. Thus, Plaintiffs concede they had some opportunity to obtain the information they now seek. *See also,* ECF No. 102-4 at 7, ¶ 11

---

[2] The parties raise a timeliness argument. The Court finds the trigger date of this dispute to be the date objections to the deposition notice were served. The dispute is therefore timely submitted.

(topic for first deposition: "YOUR budgeting process as it related to the use of detainee labor"). Under these circumstances, the Court agrees that leave is required to conduct a second deposition under Rule 30(a)(2)(A)(ii).

Leave should be granted under Rule 26(b)(2)(C) unless the discovery sought is unreasonably cumulative or duplicative or can be obtained from a more convenient, less burdensome or less expensive source; the party seeking the discovery has had ample opportunity to obtain the information through discovery; or the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ P. 26(b)(2)(C); *Zamora v. D'Arrigo Brother Co.*, 2006 U.S. Dist. LEXIS 83106 *3-*4 (N.D. Cal. 2006). Whether to allow a second deposition is a discretionary decision. *FCC v. Mizuho Medy Co. Ltd.,* 07CV189 JAH (NLS), 2009 WL 10672927, at *3 (S.D. Cal. Sept. 24, 2009) (*objections overruled sub nom. FCC, LLC v. Mizuho Medy Co. Ltd.,* 07CV00189-MMA (NLS), 2009 WL 10672944 (S.D. Cal. Dec. 17, 2009)) (citing *Tramm v. Porter Memorial Hosp.*, 128 F.R.D. 666, 668 (N.D. Ind. 1989)).

Plaintiffs seek an order permitting the second deposition of Defendant's corporate representative regarding budgeting and financial considerations. Plaintiffs argue that the prior deposition focused on class discovery and this deposition would turn towards merits discovery, testing the veracity of the counter-claims and defenses asserted by Defendant, and is permissible because discovery was not bifurcated. Defendant counters that the information sought is beyond the bounds of Rule 26, irrelevant, cumulative and duplicative, and can be obtained from other sources. In addition, Defendant argues the topics as listed in the deposition notice are overbroad.

While federal policy generally favors a party's right to discovery, special considerations apply to discovery during the pre-certification stage of a putative class action. *Francisco v. Emeritus Corp.*, CV 17-2871 BRO (SSX), 2017 WL 11036693, at *1–2 (C.D. Cal. Sept. 5, 2017). Generally, discovery in a putative class action at the pre-certification stage is limited to such certification issues as the number of class members, the existence of common questions, typicality of claims, and the representative's ability to

represent the class. *Shaw v. Experian Info. Sols., Inc.*, 306 F.R.D. 293, 297 (S.D. Cal. 2015); *Gusman v. Comcast Corp.,* 298 F.R.D. 592, 595 (S.D. Cal. 2014). "Although discovery on the merits is usually deferred until it is certain that the case will proceed as a class action, the merits/certification distinction is not always clear," because the facts that are relevant to the class determination frequently overlap with the facts that are relevant to the merits of the case. *Gusman,* 298 F.R.D. at 595 (citing *Wal–Mart Stores Inc. v. Dukes,* 564 U.S. 338, 351 (2011) (explaining that often the "rigorous analysis" under Rule 23(a) "will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped.")).

First, the discovery sought is relevant to "a claim or defense," specifically the counterclaims and affirmative defenses alleged. However, the scope of these claims may change depending upon the outcome of the class certification motion. Defendant is also correct that, to some extent, a deposition is cumulative and/or duplicative of the contracts produced and budgeting questions already asked. ECF No. 102 at 12. In addition, the topics listed in the notice do not have date limitations or a tailored, limited scope. Defendants also represent that responses to pending written discovery will address some of the listed topics. *Id.*

Under these circumstances, the Court will exercise its discretion to **deny without prejudice** a second deposition at this pre-certification juncture as not proportional to the needs of the case at this time. *Shaw v. Experian Information Solutions, Inc.*, 306 F.R.D. 293, 297 (S.D. Cal. 2015) ("District courts have broad discretion to control the class certification process, and '[w]hether or not discovery will be permitted ... lies within the sound discretion of the trial court.'") (quoting *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009)). The Court does not foreclose the possibility of a second deposition in the future, which may be appropriate if the first deposition was primarily focused on class discovery and to ask follow-up questions that are not available via written discovery. *See FCC v. Mizuho Medy,* 2009 WL 10672927, at *3 ("Allowing only written discovery of these subjects would deprive [the party of] the opportunity to

ask reasonable follow-up questions."). However, the scope of any second deposition is likely to be affected by the decision on class certification; for instance, only the contracts and financial information for the facilities where named plaintiffs stayed would fall within Rule 26. In the meantime and as Defendant suggests, Plaintiffs may continue to pursue written discovery. Finally, waiting for a decision on the class certification motion prevents the possibility that as the case progresses, any additional topics for deposition may arise that could lead to a third request to depose a corporate representative.

III. CONCLUSION

Plaintiff's motion for leave to take a second deposition is **denied without prejudice**.

IT IS SO ORDERED.

Dated: July 3, 2019

Hon. Nita L. Stormes
United States Magistrate Judge