STRUCK LOVE BOJANOWSKI & ACEDO, PLC
Daniel P. Struck, AZ Bar #012377
*(admitted pro hac vice)*
Rachel Love, AZ Bar #019881
*(admitted pro hac vice)*
Nicholas D. Acedo, AZ Bar #021644
*(admitted pro hac vice)*
Ashlee B. Hesman, AZ Bar #028874
*(admitted pro hac vice)*
Jacob B. Lee, AZ Bar #030371
*(admitted pro hac vice)*
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Tel.: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com

LAW OFFICE OF ETHAN H. NELSON
Ethan H. Nelson, CA Bar #262448
4 Park Plaza, Suite 1025
Irvine, California 92614
Tel.: (949) 229-0961
Fax: (949) 861-7122
ethannelsonesq@gmail.com

Attorneys for Defendant/Counter-Claimant
CoreCivic, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sylvester Owino and Jonathan Gomez, on behalf of themselves, and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CoreCivic, Inc., a Maryland corporation,<br><br>    Defendant. | NO. 3:17-cv-01112-JLS-NLS<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS.**<br><br>Date: August 22, 2019<br>Time: 2:00 p.m.<br>Courtroom: 4D<br>Judge: Honorable Janis L. Sammartino |

| | |
|---|---|
| 1 | CoreCivic, Inc., a Maryland corporation, |
| 2 | |
| 3 | Counter-Claimant, |
| 4 | v. |
| 5 | Sylvester Owino and Jonathan Gomez, on behalf of themselves, and all others similarly situated, |
| 6 | |
| 7 | Counter-Defendants. |

Pursuant to Fed. R. Civ. P. ("Rule") 12(c), Defendant/Counter-Claimant CoreCivic, Inc. moves for judgment on the pleadings dismissing all putative class claims that arose outside California because this Court lacks personal jurisdiction over CoreCivic for those claims. Although challenging personal jurisdiction over class claims before they have been certified may be viewed as premature, courts have approved such jurisdictional challenges at the class-certification stage. *See*, *e.g.*, *Gasser v. Kiss My Face, LLC*, No. 17-CV-01675-JSC, 2018 WL 4538729, at *2 (N.D. Cal. Sept. 21, 2018).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

As set forth in CoreCivic's Response to Plaintiffs' Motion for Class Certification, filed contemporaneously with this Motion and incorporated by reference herein, Plaintiffs' Amended Complaint (Dkt. 67) raises 13 claims, and Plaintiffs have moved to certify five Classes: CA Labor Law Class; CA Forced Labor Class; CA Basic Necessities Class; National Forced Labor Class; and National Basic Necessities Class. (Dkt. 84.)

Plaintiffs root their National Forced Labor Class and National Basic Necessities Class in California, claiming they are "nationwide classes" arising out of a single set of "general policies and practices." (Dkt. 84-1 at 6.) But the putative class members' claims in facilities outside of California do not arise out of

California. Plaintiffs concede that any CoreCivic policies were created in Tennessee, and any alleged practices (or policy implementation) occurred in the forums where the facilities sit. (*Id*. at 10.) This Court cannot adjudicate claims arising out of those non-California facilities simply because CoreCivic also operates a facility in California.

## II. THIS COURT LACKS PERSONAL JURISDICTION OVER CLAIMS ARISING OUTSIDE CALIFORNIA.

### A. Standard

Judgment on the pleadings is proper if, taking all of the plaintiff's allegations as true, the defendant is entitled to judgment as a matter of law. *Compton Unified School Dist. v. Addison*, 598 F.3d 1181, 1185 (9th Cir. 2010). Because a Rule 12(c) motion and a Rule 12(b) motion "are functionally identical," they are reviewed under the same standard. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing.").

"In determining a motion to dismiss for lack of personal jurisdiction, the court may consider evidence outside the pleadings, including affidavits and other materials submitted on the motion." *Lindora, LLC v. Isagenix Int'l, LLC*, 198 F. Supp. 3d 1127, 1135 (S.D. Cal. 2016). This Court should "accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). But this Court "need not assume the truth of conclusory allegations," *Chira v. Columbia Univ.*, 2005 WL 8156561, at *9 (C.D. Cal. May 3, 2005), and "mere allegations … when contradicted by affidavits, are not enough to confer personal jurisdiction over a non-resident defendant," *Chem Lab Prods., Inc. v. Stepanek,* 554 F.2d 371, 372 (9th Cir.1977).

In "a federal question case, the district court must determine that a rule or statute potentially confers jurisdiction over the defendant and then conclude that

asserting jurisdiction does not offend the principles of Fifth Amendment due process." *Go-Video, Inc. v. Akai Elec. Co., Ltd.*, 885 F.2d 1406, 1413 (9th Cir. 1989). Where, as here, no federal rule or statute governs the court's personal jurisdiction, district courts apply California's long-arm statute, which requires compliance with federal due process requirements. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (referring to Fed.R.Civ.P. 4(k)(2) as a "federal long-arm statute."). A plaintiff bears the burden of proving that district courts have personal jurisdiction over the defendant. *Id*. at 1154.

To establish personal jurisdiction over CoreCivic for claims arising outside California, Plaintiffs must establish either that CoreCivic's contacts with California are "so constant and pervasive" that it can be haled into court there "for any of its activities anywhere in the world (general jurisdiction), or that the claims of the putative class members in the other states "arise[] out of or relate[] to" CoreCivic's contact with California (specific jurisdiction). *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014) (citations omitted). Plaintiff cannot establish either general or specific jurisdiction.

**B.    This Court Lacks General Jurisdiction Over CoreCivic.**

The paradigm forums for general jurisdiction are the corporation's place of incorporation and its principal place of business. *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549 (2017). General jurisdiction does not exist simply because a corporation "engages in a substantial, continuous, and systemic course of business" in another state. *Daimler AG v. Bauman*, 571 U.S. 117, 137-38 (2014). "General jurisdiction instead calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide." *Id*. at 139 n.20. Only in a rare case will a corporation's operations in a state "other than its formal place of incorporation or principal place of business" be sufficient to render the corporation "at home" in that State." *Id*. at n.19. "This is an exacting standard, as it should be." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

Here, general jurisdiction lies in Maryland or Tennessee because it is undisputed that CoreCivic is a Maryland corporation with its principal place of business in Tennessee. (Dkt. 67 at ¶ 9.) On the date Plaintiffs filed their Complaint, CoreCivic owned or controlled 46 correctional and detention facilities, and 28 residential reentry centers, and managed an additional 10 correctional and detention facilities owned by its government partners, with a total design capacity of approximately 87,400 beds in 20 states. (Ex. 1, Simmons, ¶ 6.) CoreCivic operated only one detention facility in California, Otay Mesa Detention Center, with 1,482 beds; and two residential reentry facilities, CAI-Boston Avenue (State of California), with 120 beds, and CAI Ocean View (primarily Federal Bureau of Prisons), with 483 beds. (*Id*., ¶ 7.) CoreCivic leased out, but did not operate, eight of its facilities: four in Pennsylvania, three in California, and one in Oklahoma. (*Id*., ¶ 8.) Only one of those facilities, the California City Correctional Center, was leased to the California Department of Corrections and Rehabilitation ("CDCR"). (*Id*., ¶ 8.) CoreCivic also owned and/or operated two correctional facilities outside California that incarcerated CDCR inmates: La Palma Correctional Center in Arizona; and Tallahatchie County Correctional Facility in Mississippi. (*Id*., ¶ 9.)

Plaintiffs filed suit on May 31, 2017. (Dkt. 1.) For the six months ending June 30, 2017, CoreCivic generated less than eight percent of its nationwide total business revenue from its business affiliations with the State of California—only a small portion of CoreCivic's corporate "activities in their entirety, nationwide." *Daimler*, 571 U.S. at 139 n.20. (*Id*., ¶¶ 9-10.) Moreover, although CoreCivic employed 13,120 employees at facilities across the United States, only 459 of these employees were in California. (Ex. 2, Peaks, ¶¶ 5-6.) CoreCivic is no more "at home" in California than any of the other states where it owns and/or operates a facility or otherwise conducts business from its headquarters in Tennessee. *See id*. ("A corporation that operates in many places can scarcely be deemed at home in all of them."); *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1021 (9th Cir. 2017)

(holding that *Daimler* "rejected a theory that would permit the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business") (internal quotation marks omitted).

Although Plaintiffs allege that CoreCivic is "registered to, and in fact does, conduct business in California," "has sufficient minimum contacts in California," and "intentionally availed itself by participating in the markets within California through the sale and provision of its services" (Dkt. 67 at ¶ 5), these conclusory allegations are not entitled to any assumption of truth in light of the above evidence, and they do not establish general jurisdiction over CoreCivic in California. *See BNSF.*, 137 S. Ct. at 1554, 1559 (holding Montana court lacked general jurisdiction over railroad company that operated railroad lines in 28 States); *Daimler*, 571 U.S. at 123 (no general jurisdiction over New Jersey subsidiary of German automobile manufacturer even though it had multiple California-based facilities and was the largest supplier of luxury vehicles to the California market); *Schwarzenegger*, 374 F.3d at 801 (no general jurisdiction in California over Ohio company that regularly purchased automobiles imported by California importers, regularly retained the services of a California marketing company, and hired a California sales-training company for consulting services).

### C. This Court Lacks Specific Jurisdiction Over Putative Class Claims That Arose Outside of California.

Specific jurisdiction of a nonresident defendant violates due process unless: (1) the defendant either purposefully directed its activities toward the forum or purposefully availed itself of the privileges of conducting activities in the forum; (2) the claim arose out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). The plaintiff must establish the first two prongs of this test. *Id.* If so, the burden shifts to the defendant to "present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.*

(internal quotation marks and citation omitted).

Plaintiffs cannot establish specific jurisdiction under the first prong. The first prong fails because there is no allegation or evidence that, in operating the non-California facilities, CoreCivic intentionally directed that conduct toward California or purposefully availed itself of the privilege of conducting business in California through that conduct. *See Schwarzenegger*, 374 F.3d at 805-06.

Plaintiffs cannot establish specific jurisdiction under the second prong either. The Supreme Court recently enhanced a plaintiff's burden in establishing the second prong. *See Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1780-83 (2017). In *Bristol-Myers*, hundreds of plaintiffs from 34 states, most with no connection to California, filed a mass-tort action in California seeking damages from injuries caused by a drug that the defendant manufactured and distributed nationally. *Id*. at 1778. The Supreme Court held that exercising personal jurisdiction over the claims brought by the non-California plaintiffs violated the defendant's right to due process. *Id*. at 1781. For a court to exercise specific jurisdiction over a claim, the Court held, "there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Id*. (internal quotation marks and citation omitted). That affiliation did not exist because the nonresidents were not prescribed the drug in California, did not purchase the drug in California, did not ingest the drug in California, and were not injured in California. *Id*. "The mere fact that other plaintiffs were prescribed, obtained, and ingested [the drug] in California—and allegedly sustained the same injuries as did the nonresidents—[did] not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id*.

Courts have applied *Bristol-Myers* in analogous cases where, as here, the forum lacks general jurisdiction and the putative class members' claims did not arise out of conduct in California. *See*, *e.g.*, *Petersen v. Costco Wholesale Co. Inc.*, 2019 WL 1715485, at *5 (C.D. Cal., Jan. 17, 2019) (dismissing multi-state class

claims which arose outside California, finding: "While the *Bristol-Myers* decision was in the context of a state court mass tort action, the holding resonates here in the absence of any federal claim and in the absence of a putative nationwide class [based on the conduct in the forum]. Because the nonresident plaintiffs do not 'claim to have suffered harm in' California and the 'conduct giving rise to [their] claims occurred elsewhere,' it follows that 'the California courts cannot claim specific jurisdiction' over those claims."); *Reitman v. Champion Petfoods USA, Inc.*, 2018 WL 4945645, at *6 (C.D. Cal. Oct. 10, 2018) ("This Court finds that *Bristol-Myers* does apply where, as here, nonresident class representatives assert state-law claims against nonresident defendants on behalf of multistate classes as opposed to a nationwide class. This Court joins the line of cases applying the Supreme Court decision to federal class actions in this context.").[1]

Like *Bristol-Meyers*, the claims of the putative class members who were detained in 10 states outside California did not arise out of any conduct in California. It does not matter whether CoreCivic had other unrelated business contacts in California. *See Matus v. Premium Nutraceuticals, LLC*, 715 F. App'x 662 (9th Cir. 2018) ("When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State."). Because their claims have no connection to California, exercising specific jurisdiction over CoreCivic for the "national" classes would offend due process. *See Bristol-Myers*, 137 S. Ct. at 1781; *Axiom Foods*, 874 F.3d at 1068; *see also Schwarzenegger*, 374 F.3d at 802 ("If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state.").

---

[1] Some courts have declined to follow *Bristol-Myers* in putative class actions, but those cases, unlike this one, involved challenges of specific jurisdiction based on the putative class members' residency or claims arising *inside* California. *See*, *e.g.*, *Branca v. Bai Brands, LLC*, 2019 WL 1082562, at *13 (S.D. Cal. Mar. 7, 2019); *Cabrera v. Bayer Healthcare, LLC*, 2019 WL 1146828, at *1 (C.D. Cal. Mar. 6, 2019).

Nevertheless, the third prong also requires a finding of no jurisdiction. Courts consider the following factors to determine whether exercising specific jurisdiction is reasonable: (i) the extent of purposeful interjection into the forum state; (ii) the burden on the defendant of defending in the forum; (iii) the extent of conflict with the sovereignty of the defendant's state; (iv) the forum state's interest in the dispute; (v) the most efficient forum for judicial resolution of the dispute; (vi) the importance of the forum to plaintiff's interest in convenient and effective relief; and (vii) the existence of an alternative forum. *Fed. Deposit Ins. Corp. v. British-Am. Ins. Co., Ltd.*, 828 F.2d 1439, 1442 (9th Cir. 1987). This inquiry "focuses on the relationship among the defendant, the forum, and the litigation," and specifically the defendant's "suit-related conduct." *Id.* (internal quotation marks and citation omitted). *Axiom Foods*, 874 F.3d at 1068. Moreover, the Court's "primary concern" should be "the burden on the defendant." *Id*.

These factors all weigh against exercising specific jurisdiction. First, the extent of CoreCivic's operations in California is limited to one detention center, two re-entry facilities, and one leased correctional facility to the CDCR. (Ex. 1, ¶¶ 7-8.) Second, the burden on CoreCivic to defend a nationwide class in this forum is "asymmetrical" to its limited operations in California. *Fed. Deposit Ins.*, 828 F.2d at 1444. Third, the 10 other states involving the National Classes have just as strong of an interest in regulating the conduct that occurs at those other facilities. Fourth, California's interest is no greater than those other states' interest. Fifth, California is no more convenient or efficient to adjudicate claims of non-California putative class members. And sixth, the states with non-California facilities provide alternative forums for the non-California putative class members.

Personal jurisdiction over CoreCivic thus fails under all three prongs of the traditional test for specific jurisdiction.

///

## III. CONCLUSION

This Court lacks personal jurisdiction over any and all putative class claims that arose outside California. CoreCivic is entitled to judgment on the pleadings dismissing those claims.

Dated: July 11, 2019

By s/ Daniel P. Struck
Daniel P. Struck
dstruck@strucklove.com
Rachel Love
rlove@strucklove.com
Nicholas D. Acedo
nacedo@strucklove.com
Ashlee B. Hesman
ahesman@strucklove.com
Jacob B. Lee
jlee@strucklove.com
STRUCK LOVE BOJANOWSKI & ACEDO, PLC

Ethan H. Nelson
LAW OFFICE OF ETHAN H. NELSON
ethannelsonesq@gmail.com

Attorneys for Defendant/Counter-Claimant CoreCivic, Inc.