**EXHIBIT 11**

**REDACTED**

**EXHIBIT 11**

1  STRUCK LOVE BOJANOWSKI & ACEDO, PLC
   Daniel P. Struck, AZ Bar #012377
2  *(admitted pro hac vice)*
   Rachel Love, AZ Bar #019881
3  *(admitted pro hac vice)*
   Nicholas D. Acedo, AZ Bar #021644
4  *(admitted pro hac vice)*
   Ashlee B. Hesman, AZ Bar #028874
5  *(admitted pro hac vice)*
   Jacob B. Lee, AZ Bar #030371
6  *(admitted pro hac vice)*
   3100 West Ray Road, Suite 300
7  Chandler, Arizona 85226
   Tel.: (480) 420-1600
8  Fax: (480) 420-1695
   dstruck@strucklove.com
9  rlove@strucklove.com
   nacedo@strucklove.com
10 ahesman@strucklove.com
   jlee@strucklove.com
11
   LAW OFFICE OF ETHAN H. NELSON
12 Ethan H. Nelson, CA Bar #262448
   4 Park Plaza, Suite 1025
13 Irvine, California 92614
   Tel.: (949) 229-0961
14 Fax: (949) 861-7122
   ethannelsonesq@gmail.com
15
   Attorneys for Defendant/Counter-Claimant
16 CoreCivic, Inc.

17            **UNITED STATES DISTRICT COURT**

18           **SOUTHERN DISTRICT OF CALIFORNIA**

19 | Sylvester Owino and Jonathan Gomez, | NO. 3:17-cv-01112-JLS-NLS
20 | on behalf of themselves, and all others similarly situated, |
21 |                                      | **DECLARATION OF T. MOHN IN SUPPORT OF DEFENDANT'S**
   |            Plaintiffs,               | **MEMORANDUM IN OPPOSITION**
22 |                                      | **TO PLAINTIFFS' MOTION FOR**
   | v.                                   | **CLASS CERTIFICATION**
23 |
   | CoreCivic, Inc., a Maryland
24 | corporation,
   |            Defendant.
25

26

27

28

Declaration of T. Mohn                              17cv01112-JLS-NLS

**EXHIBIT 11**
**Page 0139**

CoreCivic, Inc., a Maryland
corporation,

                    Counter-Claimant,

v.

Sylvester Owino and Jonathan Gomez,
on behalf of themselves, and all others
similarly situated,

                    Counter-Defendants.

I, T. Mohn, make the following Declaration:

1.      I am over the age of 18 years and competent to testify to the matters set forth in this Declaration. I make this Declaration in support of CoreCivic's Memorandum in Opposition to Plaintiffs' Motion for Class Certification based on my own personal knowledge and my review of the relevant documents as maintained by CoreCivic in the usual course of business.

2.      I began my employment in corrections as a Corrections Officer, working for Concept, Inc., a private correctional services provider, in July 1989. I subsequently was promoted to the ranks of Lieutenant and Captain.

3.      When Concept, Inc. constructed and opened the Eloy Detention Center ("EDC") in 1994, I transferred to that facility as the Disciplinary Hearing Officer ("DHO").

4.      When Corrections Corporation of America (now CoreCivic) acquired Concept, Inc. in 1995, I became an employee of CoreCivic.

5.      As an employee of CoreCivic, I have remained the DHO at EDC at all times through the present.

6.      Until 2007, EDC was a split-population facility, serving both Federal Bureau of Prisons ("BOP") and ICE populations; since then, it has served exclusively ICE populations.

7.      As DHO, my responsibilities include general oversight of the disciplinary process at EDC, maintaining and logging all disciplinary reports,

**EXHIBIT 11**
**Page 0140**

1   rendering disciplinary decisions at the Institutional Disciplinary Panel ("IDP")
2   level, training staff regarding the disciplinary process and disciplinary code, and
3   liaising as needed with facility administration and ICE Field Office personnel
4   regarding disciplinary decisions.

5       8.    I successfully completed training at a contractually-required multi-day
6   training program for Disciplinary Hearing Officers provided by the BOP at the
7   National Corrections Academy, Management and Specialty Training Center in
8   Aurora, CO.

9       9.    CoreCivic is required to follow and comply with the ICE disciplinary
10  policies and detainee regulations which are set forth in the applicable version of
11  ICE's Performance-Based National Detention Standards ("PBNDS"), formerly the
12  INS National Detention Standards.

13      10.    CoreCivic is not permitted to add, remove, or change the disciplinary
14  offenses outlined in the PBNDS.

15      11.    ICE disciplinary offenses are divided into the following four
16  categories, based upon severity, with corresponding offense codes: Greatest (100-
17  series offense codes); High (200-series offense codes); High Moderate (300-series
18  offense codes); and Low Moderate (400-series offense codes).

19      12.    The disciplinary process begins when a staff member observes a
20  detainee committing an infraction of the discipline code.

21      13.    The staff member completes an Incident of Prohibited Acts and Notice
22  of Charges on ICE Form I-884, specifying the prohibited act(s) and offense code(s)
23  as defined by the PBNDS. The form is then reviewed by the staff member's
24  supervisor for accuracy and completeness.

25      14.    Once a supervisor has approved the report, it is provided to an
26  Investigating Officer, who provides notice of the charges to the detainee, interviews
27  the detainee about the charges, and provides conclusions and recommendations
28  about the report on ICE Form I-890.

Declaration of T. Mohn        3        17cv01112-JLS-NLS

**EXHIBIT 11**
**Page 0141**

15.     A charged detainee is then referred to the Unit Disciplinary Committee ("UDC") for consideration of the report.

16.     The UDC provides notice to the detainee of their rights and prepares a Report of Findings & Actions on ICE Form I-891.

17.     The UDC may find that the detainee committed the prohibited act as charged, committed a different prohibited act, or did not commit a prohibited act.

18.     If the UDC finds that the detainee committed a prohibited act, it may impose the sanctions of a warning, reprimand, confiscation of contraband, removal from program (in the case of offenses arising from programs participation); loss of job (in case of offenses occurring during a job); change of quarters to another general population housing unit; restriction to housing unit (and prohibition from attending off-unit activities); restriction of access to property; and loss of other privileges such as commissary, telephone, and visitation.

19.     UDC sanctions of restriction to housing unit, impounding property, and loss of privileges are typically of short duration.

20.     The UDC is not authorized to impose any sanction of segregation or financial restitution. Those sanctions may only be imposed at the Institution Disciplinary Panel ("IDP") level.

21.     If the UDC believes that the detainee committed a disciplinary offense, and that a more severe sanction, such as disciplinary segregation, is appropriate, they may refer the report to the IDP for a second hearing.

22.     If the UDC refers a charge to the IDP, the detainee is provided a Notice of IDP Hearing on ICE Form I-893 and a notice of Detainee Rights on ICE Form I-892.

23.     The IDP hearing may be conducted by panel of uninvolved staff or by a single DHO. At EDC, I conduct all IDP hearings as facility DHO.

24.     The IDP may find that the detainee committed the act as charged, committed a different disciplinary act, or did not commit any prohibited act.

25.     IDP hearings require documentation of the notice of charges and advisement of detainee rights, presentation of evidence, summary of detainee statement, specific evidence relied upon to support finings, and reason for sanction or action taken on ICE Form I-894.

26.      Decisions on any disciplinary sanction to be imposed are individually made for each disciplinary report, based upon the nature and severity of the infraction; the number of prior disciplinary infractions by the detainee; the recency of any prior disciplinary infractions; the detainee's acknowledgement and acceptance of responsibility; and the institutional adjustment of the detainee.

27.     Beginning in approximately July 2011, EDC began an online disciplinary tracking system, from which individual detainee reports can be run listing a detainee's prior disciplinary infractions. Before this date, the entire disciplinary log needed to be reviewed to determine an individual detainee's disciplinary history.

28.     Following the IDP decision, the report, sanction, and justification for the specific findings and sanction imposed are reviewed and approved prior to service upon the detainee. At certain times at EDC, this review and approval was done by ICE Field Office personnel assigned to EDC.

29.     Currently, review and approval is made by the Warden or Warden's Designee.

30.     At all relevant times, detainees may appeal any disciplinary decision, with the ultimate decision being made by ICE Field Office personnel, who may sustain the appeal and reverse the decision or reject the appeal and let the imposed disciplinary sanction stand.

31.     At EDC, 300- and 400-series offenses are expected to be resolved at the UDC level, with a minor consequence to remind the detainee to engage in pro-social, appropriate behavior.

Declaration of T. Mohn                    5                    17cv01112-JLS-NLS

**EXHIBIT 11**
**Page 0143**

32.   Disciplinary infractions at the 300- and 400- series are only referred to the IDP for consideration of imposition of disciplinary segregation under a progressive discipline policy when previously imposed minor consequences have been ineffective at modifying detainee behavior.

33.   I was provided and have reviewed Exhibits 30, 32, and 33 to the April 15, 2019 Declaration of Eileen R. Ridley in Support of Plaintiff's Motion for Class Certification, which I believe to be excerpts from the EDC Disciplinary Log for 2012 (CCOG00025046 – Exhibit 30); 2015 (CCOG00025049 – Exhibit 32); and 2011 (CCOG00025045 – Exhibit 33).

34.   The EDC Disciplinary Log is maintained in a proprietary integrated web-based platform, known as CCANet, which permits the export of records in Excel format.

35.   The "Discipline No." listed in Column A of the Disciplinary Log is a system-generated number that reflects the four-digit year, a three- or four-digit facility identifying number, and an assigned sequential number.

36.   The "Status" listed in Column B of the Disciplinary Log, indicates that a disciplinary report is either completed ("CLOSED") or incomplete ("OPEN").

37.   The "Local No." listed in Column C of the Disciplinary Log is the number used to track disciplinary records at the facility level. At EDC, it is a five- or six-digit number, where the first two digits are the calendar year, and the next three or four digits are sequentially assigned for each disciplinary report. At EDC, those numbers are written on the first page of each disciplinary packet.

38.   The "Offense" and "Offense Severity" in Columns D and E of the Disciplinary Log do not reflect the PBNDS prohibited acts and offense codes; rather, they are required drop-down selections which correspond to the standard CoreCivic disciplinary code.

39.   Although I try to select a CoreCivic offense that corresponds to the PBNDS prohibited acts and offense codes as closely as possible, there is not always

Declaration of T. Mohn                              6                          17cv01112-JLS-NLS

**EXHIBIT 11**
**Page 0144**

1  an exact match, such that the "Offense" descriptions are not necessarily indicative

2  of the charged offense as stated in the Incident of Prohibited Acts and Notice of

3  Charges.

4      40.    The "Offense Date/Time" and "Offense Location" in Columns F and

5  G of the Disciplinary Log reflect the date/time and location of the offense as written

6  by the reporting staff member.

7      41.    Columns H, I J, K, M, and N contain information regarding when the

8  detainee was notified of the charges, the date a hearing was held, the hearing

9  disposition, the method of delivery of the sanction, when an appeal was received,

10  and the appeal disposition.

11      42.    In Column M, "Sanction," of the EDC Disciplinary Log, I record the

12  PBNDS offense code as stated in the Incident of Prohibited Acts and Notice of

13  Charges, as well as the sanction which was imposed.

14      43.    The offense code listed in Column M does not provide a complete

15  description of the circumstances of the underlying disciplinary offense. To

16  understand the specific conduct charged, one must refer to the individual

17  disciplinary reports, which at EDC are maintained by the DHO, with copies placed

18  in individual detainees' detention files.

19      44.    Columns O and P reflect the CCA ID and Agency ID Number. When

20  entering these, I usually enter the Agency ID number, which is provided by the

21  reporting officer. Based upon that number, the CCA ID as well as other biographic

22  information in the remaining columns is populated automatically as it is recorded in

23  CoreCivic's Offender Management System.

24      45.    The following **Attachment A** is a true and correct copy of EDC

25  records pertaining to Local Disciplinary Report No. 11591, which corresponds to

26  the entry identified as Row 69 on Exhibit 33 to the Declaration of Eileen Ridley,

27  pertaining to ICE Detainee **Begin Confidential Information*** REDACTED

28  REDACTED ***End Confidential Information,** relating to a July 4, 2011

Declaration of T. Mohn        7        17cv01112-JLS-NLS

**EXHIBIT 11**
**Page 0145**

disciplinary report for 307, Refusing to Obey an Order Given by Any Staff Member.

46.   On July 4, 2011, ICE Detainee **Begin Confidential Information\*\*\*** REDACTED **\*\*\*End Confidential Information,** refused an order to stop talking to other detainees in the unit and report to medical, which delayed other facility staff. *See* Exhibit A at CCOG00096971 and CCOG00096968-69.

47.    The following **Attachment B** is a true and correct copy of EDC records pertaining to Local Disciplinary Report No. 11977, which corresponds to the entry identified as Row 392 on Exhibit 33 to the Declaration of Eileen Ridley, pertaining to ICE Detainee **Begin Confidential Information\*\*\*** REDACTED REDACTED **\*\*\*End Confidential Information,** relating to a November 26, 2011 disciplinary report for 307, Refusing to Obey an Order.

48.   The following **Attachment C** is a true and correct copy of the EDC Disciplinary Summary report for ICE Detainee **Begin Confidential Information\*\*\*** REDACTED **\*\*\*End Confidential Information.**

49.   ICE Detainee **Begin Confidential Information\*\*\*** REDACTED REDACTED **\*\*\*End Confidential Information,** was already housed in Segregation at the time of the offense on November 26, 2011, when she refused an order to remove a clothes line, which interfered with the ability of facility staff to have a clear field of view into the cell. *See* Attachment B at CCOG00096971 and CCOG00096968-69; Attachment C.

50.   The following **Attachment D** is a true and correct copy of EDC records pertaining to Local Disciplinary Report No. 11999, which corresponds to the entry identified as Row 412 on Exhibit 33 to the Declaration of Eileen Ridley, pertaining to ICE Detainee **Begin Confidential Information\*\*\*** REDACTED REDACTED **\*\*\*End Confidential Information,** relating to a

December 3, 2011 disciplinary report for 307, Refusal to Obey a Direct Order, and 310, Failure to Follow Safety Regulations.

51.     On   December   3,   2011,   ICE   Detainee   **Begin   Confidential Information\*\*\*** REDACTED **\*\*\*End Confidential Information,** refused an order to refrain from running and walk for his safety and the safety of others. *See* Attachment D at CCOG00097334-35.

52.     The following **Attachment E** is a true and correct copy of EDC records pertaining to Local Disciplinary Report No. 12287, which corresponds to the entry identified as Row 246 on Exhibit 30 to the Declaration of Eileen Ridley, pertaining  to  ICE  Detainee  **Begin  Confidential  Information\*\*\*** REDACTED **\*\*\*End Confidential Information,** relating to a May 2, 2012 disciplinary report for 305, Possession of Anything Not Authorized, and 301, Stealing.

53.     On May 2, 2012, ICE Detainee **Begin Confidential Information\*\*\*** REDACTED **\*\*\*End Confidential Information,** was observed returning from the barber with a 1 gallon bottle of shampoo, which was prohibited in the housing unit. *See* Attachment E at CCOG00097204-05.

54.     The following **Attachment F** is a true and correct copy of EDC records pertaining to Local Disciplinary Report No. 12323, which corresponds to the entry identified as Row 278 on Exhibit 30 to the Declaration of Eileen Ridley, pertaining to ICE Detainee **Begin Confidential Information\*\*\*** REDACTED REDACTED **\*\*\*End Confidential Information,** relating to a May 23, 2012 disciplinary report for 410, Failure to Follow Safety or Sanitation Regulations.

55.     The following **Attachment G** is a true and correct copy of the EDC Disciplinary  Summary  report  for  ICE  Detainee  **Begin   Confidential Information\*\*\*** REDACTED **\*\*\*End  Confidential Information.**

Declaration of T. Mohn                              9                              17cv01112-JLS-NLS

**EXHIBIT 11**
**Page 0147**

56.     ICE Detainee **Begin Confidential Information*** REDACTED REDACTED ***End Confidential Information,** was already housed in Segregation at the time of the offense on May 23, 2012, when he defecated in the shower. *See* Attachment F at CCOG00097061 and CCOG00097059; Attachment G at CCOG00097025.

57.     The following **Attachment H** is a true and correct copy of EDC records pertaining to Local Disciplinary Report No. 12374, which corresponds to the entry identified as Row 327 on Exhibit 30 to the Declaration of Eileen Ridley, pertaining to ICE Detainee **Begin Confidential Information*** REDACTED REDACTED ***End Confidential Information,** relating to a June 16, 2012 disciplinary report for 410, Failure to Follow Safety or Sanitation Regulations.

58.     ICE Detainee **Begin Confidential Information*** REDACTED REDACTED ***End Confidential Information,** was already housed in Segregation at the time of the offense on June 16, 2012, when he was observed defecating on the floor of his cell. *See* Attachment H at CCOG00097069 and CCOG00097067; Attachment G at CCOG00097026-29.

59.     The following **Attachment I** is a true and correct copy of EDC records pertaining to Local Disciplinary Report No. 12424, which corresponds to the entry identified as Row 366 on Exhibit 30 to the Declaration of Eileen Ridley, pertaining to ICE Detainee **Begin Confidential Information*** REDACTED REDACTED ***End Confidential Information,** relating to a July 4, 2012 disciplinary report for 301, Stealing (Theft).

60.     On July 4, 2012, ICE Detainee **Begin Confidential Information*** REDACTED ***End Confidential Information,** was charged and admitted to stealing property from another detainee. *See* Attachment I at CCOG00097002-06.

61.     The following **Attachment J** hereto is a true and correct copy of EDC records pertaining to Local Disciplinary Report No. 12453, which corresponds to

1   the entry identified as Row 391 on Exhibit 30 to the Declaration of Eileen Ridley,

2   pertaining to ICE Detainee **Begin Confidential Information*** REDACTED**

3   REDACTED ***End Confidential Information,** relating to a July 13, 2012

4   disciplinary report for 413, Being Unsanitary.

5       62.    ICE Detainee **Begin Confidential Information*** REDACTED**

6   REDACTED ***End Confidential Information,** was already housed in

7   Segregation at the time of the offense on July 18, 2012, when he was observed

8   urinating through the food trap slot on his cell door and also throwing food and

9   trash out of the cell into the pod area. *See* Attachment J at CCOG00097077 and

10  CCOG00097075; Attachment G at CCOG00097032-34.

11      63.    The following **Attachment K** is a true and correct copy of EDC

12  records pertaining to Local Disciplinary Report No. 12493, which corresponds to

13  the entry identified as Row 427 on Exhibit 30 to the Declaration of Eileen Ridley,

14  pertaining to ICE Detainee **Begin Confidential Information*** REDACTED

15  REDACTED ***End Confidential Information,** relating to an

16  August 8, 2012 disciplinary report for 312, Being in an Unauthorized Area.

17      64.    On    August    8,    2012,    ICE    Detainee    **Begin   Confidential**

18  **Information*** REDACTED ***End Confidential**

19  **Information,** was charged and admitted to being in a different housing unit than

20  the one he was assigned in violation of facility rules. *See* Attachment K at

21  CCOG00096994-95.

22      65.    The following **Attachment L** is a true and correct copy of EDC

23  records pertaining to Local Disciplinary Report No. 12517, which corresponds to

24  the entry identified as Row 449 on Exhibit 30 to the Declaration of Eileen Ridley,

25  pertaining to ICE Detainee **Begin Confidential Information*** REDACTED**

26  REDACTED ***End Confidential Information,** relating to an August 20,

27  2012 disciplinary report for 307, Refusing Direct Order.

28

Declaration of T. Mohn                        11                        17cv01112-JLS-NLS

**EXHIBIT 11**
**Page 0149**

66.     ICE Detainee **Begin Confidential Information*** REDACTED REDACTED ***End Confidential Information,** was already housed in Segregation at the time of the offense on August 20, 2012, when he refused a direct order from security staff to submit to restraints prior to movement from his cell. *See* Attachment L at CCOG00097085 and CCOG00097083; Attachment G at CCOG00097037.

67.     The following **Attachment N** is a true and correct copy of EDC records pertaining to Local Disciplinary Report No. 12528, which corresponds to the entry identified as Row 451 on Exhibit 30 to the Declaration of Eileen Ridley, pertaining to ICE Detainee **Begin Confidential Information*** REDACTED REDACTED ***End Confidential Information,** relating to an August 23, 2012 disciplinary report for 300, Indecent Exposure, and 413, Being Unsanitary.

68.     ICE Detainee **Begin Confidential Information*** REDACTED REDACTED ***End Confidential Information,** was already housed in Segregation at the time of the offense on August 23, 2012, when he was observed urinating through the grate in his cell door into the hallway of his housing unit. *See* Attachment M at CCOG00097102 and CCOG00097100; Attachment G at CCOG00097037-38.

69.     The following **Attachment N** is a true and correct copy of EDC records pertaining to Local Disciplinary Report No. 12559, which corresponds to the entry identified as Row 484 on Exhibit 30 to the Declaration of Eileen Ridley, pertaining to ICE Detainee **Begin Confidential Information*** REDACTED REDACTED ***End Confidential Information,** relating to a September 5, 2012 disciplinary report for 307, Refusing Direct Order.

70.     ICE Detainee **Begin Confidential Information*** REDACTED REDACTED ***End Confidential Information,** was already housed in Segregation at the time of the offense on September 5, 2012, when he refused a direct order from security staff to submit to restraints during movement to his cell.

**EXHIBIT 11**
**Page 0150**

*See* Attachment N at CCOG00097110 and CCOG00097108; Attachment G at CCOG00097037-39.

71.     The following **Attachment O** is a true and correct copy of EDC records pertaining to Local Disciplinary Report No. 12566, which corresponds to the entry identified as Row 492 on Exhibit 30 to the Declaration of Eileen Ridley, pertaining to ICE Detainee **Begin Confidential Information\*\*\*** REDACTED REDACTED **\*\*\*End Confidential Information,** relating to a September 10, 2012 disciplinary report for 300, Indecent Exposure, and 413, Being Unsanitary.

72.     ICE Detainee **Begin Confidential Information\*\*\*** REDACTED REDACTED **\*\*\*End Confidential Information,** was already housed in Segregation at the time of the offense on September 10, 2012, when he was observed urinating through the grate in his cell door into the hallway of his housing unit. *See* Attachment O at CCOG00097126 and CCOG00097124; Attachment G at CCOG00097038-39.

73.     The following **Attachment P** is a true and correct copy of the Eloy Detention Center records pertaining to Local Disciplinary Report No. 12582, which corresponds to the entry identified as Row 504 on Exhibit 30 to the Declaration of Eileen Ridley, pertaining to ICE Detainee **Begin Confidential Information\*\*\*** REDACTED **\*\*\*End Confidential Information,** relating to a September 16, 2012 disciplinary report for 413, Being Unsanitary, and 307, Refusing Direct Order.

74.     ICE Detainee **Begin Confidential Information\*\*\*** REDACTED REDACTED **\*\*\*End Confidential Information,** was already housed in Segregation at the time of the offense on September 16, 2012, when he was observed to have collected his feces in his cell on a Styrofoam dining tray, and then refused a direct order to flush the feces down the toilet in his cell. *See* Attachment P at CCOG00097134 and CCOG00097132; Attachment G at CCOG00097039-40.

Declaration of T. Mohn                              13                              17cv01112-JLS-NLS

**EXHIBIT 11**
**Page 0151**

75.     The following **Attachment Q** is a true and correct copy of EDC records pertaining to Local Disciplinary Report No. 12594, which corresponds to the entry identified as Row 516 on Exhibit 30 to the Declaration of Eileen Ridley, pertaining to ICE Detainee **Begin Confidential Information*** REDACTED REDACTED ***End Confidential Information,** relating to a September 24, 2012 disciplinary report for 307, Refusing Order, and 308, Insolence Towards Staff.

76.     ICE Detainee **Begin Confidential Information*** REDACTED REDACTED ***End Confidential Information,** was already housed in Segregation at the time of the offense on September 24, 2012, when he refused a direct order from staff to submit to restraints and was verbally abusive to staff when he was removed from his cell so that facility security staff could remove accumulated trash from his cell. *See* Attachment Q at CCOG00097158 and CCOG00097156; Attachment G at CCOG00097041.

77.     The following **Attachment R** is a true and correct copy of EDC records pertaining to Local Disciplinary Report No. 12601, which corresponds to the entry identified as Row 519 on Exhibit 30 to the Declaration of Eileen Ridley, pertaining to ICE Detainee **Begin Confidential Information*** REDACTED REDACTED ***End Confidential Information,** relating to a September 28, 2012 disciplinary report for 413, Being Unsanitary.

78.     ICE Detainee **Begin Confidential Information*** REDACTED REDACTED ***End Confidential Information,** was already housed in Segregation at the time of the offense on September 28, 2012, when he was observed defecating on the floor of the shower. *See* Attachment R at CCOG00097166 and CCOG00097164; Attachment G at CCOG00097041-42.

79.     The following **Attachment S** is a true and correct copy of EDC records pertaining to Local Disciplinary Report No. 12592, which corresponds to the entry identified as Row 522 on Exhibit 30 to the Declaration of Eileen Ridley,

**EXHIBIT 11**
**Page 0152**

pertaining to ICE Detainee **Begin Confidential Information\*\*\*** REDACTED REDACTED **\*\*\*End Confidential Information,** relating to a September 21, 2012 disciplinary report for 307, Refusing Order.

80.   ICE Detainee **Begin Confidential Information\*\*\*** REDACTED REDACTED **\*\*\*End Confidential Information,** was already housed in Segregation at the time of the offense on September 21, 2012, when he refused a direct order from security staff to submit to restraints during movement to his cell. *See* Attachment S at CCOG00097150 and CCOG00097148; Attachment G at CCOG00097040-41.

81.   The following **Attachment T** is a true and correct copy of EDC records pertaining to Local Disciplinary Report No. 15946, which corresponds to the entry identified as Row 864 on Exhibit 32 to the Declaration of Eileen Ridley, pertaining to ICE Detainee **Begin Confidential Information\*\*\*** REDACTED REDACTED **\*\*\*End Confidential Information,** relating to an October 9, 2015 disciplinary report for 413, Failing to Keep One's Quarters in Accordance with Posted Standards.

82.   The following **Attachment U** is a true and correct copy of the EDC Disciplinary Summary report for ICE Detainee **Begin Confidential Information\*\*\*** REDACTED **\*\*\*End Confidential Information**

83.   On October 9, 2015, ICE Detainee **Begin Confidential Information\*\*\*** REDACTED **\*\*\*End Confidential Information,** was observed not to have made the bed in his assigned cell, in violation of posted standards and multiple reminders of facility staff of those standards for personal housekeeping. *See* Attachment T at CCOG00097326 and CCOG00097324.

84.   The following **Attachment V** is a true and correct copy of EDC records pertaining to Local Disciplinary Report No. 151133, which corresponds to

the entry identified as Row 1024 on Exhibit 32 to the Declaration of Eileen Ridley, pertaining to ICE Detainee **Begin Confidential Information*** REDACTED REDACTED ***End Confidential Information,** relating to a November 19, 2015 disciplinary report for 398, Interfering with a Staff Member in the Performance of Duties, which was subsequently reduced by the IDP to Disciplinary Offense 413, Failing to Keep One's Quarters in Accordance with Posted Standards.

85.     The following **Attachment W** is a true and correct copy of the EDC Disciplinary Summary report for ICE Detainee **Begin Confidential Information*** REDACTED ***End Confidential Information.**

86.     ICE Detainee **Begin Confidential Information*** REDACTED REDACTED ***End Confidential Information,** was already housed in Segregation at the time of the offense on November 19, 2015, when he was observed throwing water out of his cell door into the hallway of his housing unit. *See* Attachment V at CCOG00097182 and CCOG00097180; Attachment W at CCOG00097175-76.

87.     All of the documents identified as Attachments A-W were created and are maintained in the normal course of business during the operation of EDC.

88.     None of the Disciplinary Reports identified in the excerpted disciplinary log entries submitted as Exhibits 30, 32, and 33 to the April 15, 2019 Declaration of Eileen R. Ridley in Support of Plaintiff's Motion for Class Certification were written because any detainee refused or otherwise failed to comply with any order to clean areas of the facility above and beyond personal housekeeping tasks enumerated in the ICE PBNDS; rather, the reports were written because the detainees disobeyed orders which interfered with security operations of the facility and/or engaged in other conduct that posed a risk to the health, safety, and well-being of other detainees and EDC staff.

89.   Having served as the DHO at EDC for more than 20 years, I am unaware of any ICE detainee at EDC receiving any discipline simply for failure to report to an assigned job under the Voluntary Work Program.

90.   Likewise, I am unaware of any ICE detainee at EDC ever receiving any discipline for failing to clean any portion of the facility, aside from his or her assigned living area.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

EXECUTED this 8th day of July, 2019 at Eloy, Arizona.

T. Mohn

3596360.1

Declaration of T. Mohn                    17                    17cv01112-JLS-NLS

EXHIBIT 11
Page 0155

# ATTACHMENT A

# ATTACHMENT A

EXHIBIT 11
Page 0156

11586

**U.S. Department of Justice**
Immigration and Naturalization Service          **Institution Disciplinary Panel Report**

Name of Detainee: REDACTED                          A-Number: REDACTED

Date of Incident: 07/04/11                          Code(s): 307

I.   Notice of Charge(s):
    A.   Advance written notice of charge(s) (copy of Incident Report) was given to the detainee on
         07/05/11              at  9:00 a.m.
              date                    time
    B.   The IDP hearing was held on   07/13/11              at   12:40 p.m.
                                           date                       time
    C.   The detainee was advised of his/her rights before this IDP by  K. Lillie
                                                                                  officer
         on  07/06/11          and a copy of the advisement of rights form is attached.

II   Staff Representative:
    A.   Detainee waived his/her right to staff representative:   Yes
    B.   Detainee requested staff representative and   N/A                           appeared.
                                                           staff representative
    C.   Requested staff representative declined or could not appear but detainee was advised of option
         to postpone hearing to obtain an alternative staff representative with the result:  N/A

III.  Presentation of Evidence:
    A.   Detainee has been advised of his/her right to present a statement or to remain silent, to present
         documents, including written statements of unavailable witnesses, and for relevant and material
         witnesses to appear on his/her behalf.
    B.   Summary of detainee's statement:
         See attached

    C.   Witnesses:
        1.   The following persons were called as witnesses at this hearing and appeared:
             N/A
        2..  A summary of testimony of each witness is attached
        3.   The following persons requested were not called for the reason(s) given
             N/A

        4.   Unavailable witnesses were requested to submit written statements and those statements
             received were considered (statements attached)
        5.   Documentary evidence: In addition to the incident report and investigation, the panel
             considered the following documents:
             N/A

        6.   Confidential information was considered by the IDP and was not provided to the
             detainee on   N/A          .
                              Date

**EXHIBIT 11**

REDACTED    REDACTED                                        **Report #11586**

**Section III.B  Summary of detainee's statement:**

I wasn't paying attention to her.

**Section V  Specific Evidence Relied on to Support Findings:**

This report was received on 07/12/11and the hearing was held on 07/13/11.

It is found that detainee REDACTED did violate prohibited act #307 – Refusing to Obey an Order.

This is based upon the written Incident Report from CO Harville stating on July 4, 2011 at approximately 12:15 she ordered detainee REDACTED to stop talking to the girls in 400 pod and go to med line as the officer was waiting for her.  She continued to talk to the girls in pod #400.

When given the opportunity to make a statement at this hearing this detainee stated "I wasn't paying attention to her."  It was noted that during the investigation this detainee stated she remembers coming back from rec and was told to go to the med line.  She stated that she did follow that direction and she did not remember standing and talking.

This DHO also viewed the PELCO coverage and at 12:17:03 detainee REDA is seen coming out of pod #300.  She lingers in the immediate area and at 12:17:31 she is at the screen on pod #400.  She is there until 12:18:18 at which time she starts walking away but she lingers nearby.  At 12:18:29 she walks away leaving the building.

This detainee's stated that she wasn't paying attention and does not remember standing and talking.  PELCO clearly showed this detainee at or near the pod #400 screen for nearly a minute and, therefore, this DHO can not believe that she does not remember standing and talking.  The coverage of PELCO clearly substantiates the officer's report and the actions described clearly constitute refusing an order.

Therefore, due to the greater weight of the evidence, it is found that detainee REDA did violate prohibited act #307 as charged.

**Section VII:   Reason for Sanction or Action Taken**

When a staff member gives a detainee an order to do something it is expected that the detainee comply with the order.  It must be impressed upon this detainee that misconduct of this nature will not be tolerated.  This is this detainee's 8th offense overall and her 3rd 300 category offense within the last 90 days.  Additionally this is this detainee's 7th offense for refusing an order .  Based upon this, this was considered as a High category offense and due to this detainee's continued refusals to obey staff orders a sanction of suspended segregation and loss of

CCOG00096968

**EXHIBIT 11**

commissary was recommended.  This sanction is recommended to hopefully deter this detainee and others from future misconduct of this nature.

CCOG00096969

**EXHIBIT 11**

IV.   Findings:

    __XX__   A. The Act Was Committed as Charged
    _____   B. The Following Act Was Committed:_____
    _____   C. No Prohibited Act Was Committed.

V.    Specific Evidence Relied on to Support Findings:
  See Attached _____

VI.   Sanctions or Action Taken:      Offense Severity:  High Due to Past Disciplinary Record
  __15 Days Disciplinary Segregation Suspended 90 Days__
  __30 Days Loss of Commissary__

VII.  Reason for Sanction or Action Taken:
  See Attached _____

    _____      _____      _____
    Chairperson                                  Member                                  Member

VIII. Review and Concur:

    A.   Concur with findings: _____
    B.   Proceedings terminated: _____
    C.   Discipline Imposed: _____

Signature _____  Date: _8/9/11_  Time: _1000_
    Officer in Charge

Copy delivered to detainee by: _____ on _8/9/11_
    signature and title                                  date

Form I-894 (02/08/00)

CCOG00096970

**EXHIBIT 11**

| U.S. Department of Justice<br>Immigration and Naturalization Service | Incident of Prohibited Acts<br>And Notice of Charges |
|---|---|

Detainee Name **REDACTED**                    A-Number **REDACTED**

Nationality:_____   Date & Time of Incident: 12:15  7-4-11

Incident Location: A400 Slider Window   Work Assignment:_____

Classification Level:_____2_____   Quarters: A309

**PROHIBITED ACTS:**

1. Refusing to obey an order  Code: 307
2. given by any Staff member  Code:_____
3._____  Code:_____
4._____  Code:_____

Description of Incident: On July 4 2011 at approx 12:15 1Clo Harville ordered detainee **REDACTED** to stop talking to the girls in 400 pod and go to med-line the officer was waiting for her she continued to talk to the girls in pod 400.

Nothing else follows

Staff Witnesses?    Y    N              Evidence Attached?   Y    N    NA

Supporting Memoranda           Y    N    NA

Harville
Name of Reporting Officer

12:29/7/4/11
Date & Time

H Harville
Signature

Reviewed for accuracy prior to investigation by : W. Kronne
                                                    Supervisor

7-4-11 / 1425
Date & Time

Incident Recorded on D.C.S.?        (Y)    N        Classification Level Change?   Y   N
                                                    Revd 7/12/11 Jm
Level change from _____ To _____

Form No I-884 (02/08/00)

CCOG00096971

**EXHIBIT 11**

**U.S. Department of Justice**
Immigration and Naturalization Service

**Investigation Report**

REDACTED                REDACTED                    7-4-11
Name of Detainee          A-Number              Date of Incident

A-402 Slider        A-309         7/5/11        307
Place of Incident      Quarters     Date/Investigation    Code(s)

Name of Investigating Officer : R. McCauly has advised REDACTED
                                                      Detainee

that he/she has the right to remain silent at stages of the disciplinary process, but, that silence may be used to draw an adverse inference against him/her at any stage of the disciplinary process. However, silence alone may not be used to support a finding that he/she committed a prohibited act.

Detainee Statement and Attitude During the Interview: DETAINEE REDACTED STATED she Remembers coming Back from Rec and was told to go so wed tine and did Follow That Direction she does not Remember standing and Pointing

Other Facts about the Incident: DETOINEE REDACTED Feels That This Report was in Response to a reduced Sentence from another charge

Investigator's Comments and Conclusions: Properly charged

Date and Time Investigation Began: 7/5/11  0900
Date and Time Investigation Ended: 7/5/11  0905

R. McCauly
Signature of Investigating Officer

N/A
Reviewed for Accuracy by: (SDEO/DOS)

Form I-890 (02/09/00)

CCOG00096972

EXHIBIT 11

**U.S. Department of Justice**
Immigration and Naturalization Service

**Unit Disciplinary Committee**
**Report of Findings & Actions**

| REDACTED | REDACTED | 7/4/11 |
|---|---|---|
| Name of Detainee | A-Number | Date of Incident |

Place of Incident: A400 Slider    Prohibited Act(s)Code: 307

Committee Action: Comments to Committee from Detainee Regarding the above Incident: _____
I don't remember her telling me anything.
Havar wrote me up on this matter before.
Havar told me she was gonna to get me next time.

It Is the Finding of the Unite Disciplinary Committee That:
1.    You Committed the Prohibited Act as Charged: Code(s) _____
2.    You Committed the Following Prohibited Act : Codes(s) _____
3.    You Did Not Commit a Prohibited Act as Charged: _____
Committee Findings Are Based on the Following Information: _____

_____
_____
_____

Committee Action:
[ ]    Waives IDP Hearing and Accepts the UDCs Sanction: _____
                                                                Name of Detainee

[X]    Refer to IDP                Date & Time:_____ / _____
[ ]    Loss of Privileges          [ ] Loss of Job           [ ] Quarter Changes
[ ]    Restrict to Dorm            [ ] Remove from Program    [ ] Reprimand
[ ]    Warning                     [ ] Confiscate Contraband  [ ] Impound Personal Property

Comments:_____
_____
_____

UDC Chairpersons Signature: _____

UDC Member's Signature: _____ N/A

UDC Time and Date: 7/6/11 / 1:18

Form I-891 (02/08/00)

CCOG00096973

**EXHIBIT 11**

**The detainee in UDC proceedings shall have the right to:**

Remain silent at any stage of the disciplinary process.

Present statements and evidence, including witness testimony on his or her own behalf.

Appeal the committee's determination through the detainee grievance process.

I hereby acknowledge that I have been advised of the rights afforded me at the Unit Disciplinary Committee hearing REDACTED

Signed: _____ A-Number REDACTED Date: 7/6/11

Notice of Rights given to the detainee by _____ 7/6/11 ____ Staff Member & Date

**Refusal to Sign**

I have personally advised_____of the rights afforded detainees at the Unit Disciplinary Committee  hearing. The detainee refused to sign the acknowledgment.

Staff member and date:_____

CCOG00096974

**EXHIBIT 11**

**U.S. Department of Justice**
Immigration and Naturalization Service

**Detainee Rights**

## Detainee Rights at The Institution Disciplinary Panel Hearing (IDP)

As a detainee charged with a prohibited act(s), you have been referred to the  Institution Disciplinary Panel for disposition. While at the IDP hearing, you have the following rights:

1.  The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the IDP.

2.  The right to have a full time member of staff who is reasonably available to assist you before the IDP.

3.  The right to call witnesses and present documentary evidence in your behalf, provided institutional safety would not be jeopardized.

4.  The right to remain silent.  Your silence may be used to draw an adverse inference against you.  However, your silence alone may not be used to support a finding that you committed a prohibited act.

5.  The right to be present throughout the IDP decision, except during committee deliberations and where institutional safety would be in jeopardy.

6.  The right to be advised of the IDP decision in writing and the facts supporting the panel's decision, except where institutional safety would be jeopardized.

7.  The right to appeal the decision of the IDP by means of the Detainee Grievance Procedure to the Officer in Charge, within 15 days of the notice of the panel's decision and disposition.

**I hereby acknowledge that I have been advised of the rights afforded me at the Institution Disciplinary Panel hearing** REDACTED

Signed [REDACTED]_____ A-Number [REDACTED]____ Date: 7/6/11

Notice of Rights given to the detainee by _____

_____ 7/6/11
Staff Member & Date

---

**Refusal to Sign**

I have personally advised_____of the rights afforded detainees at the Institution Disciplinary Panel hearing.  The detainee refused to sign the acknowledgment.

Staff member and date:_____

---

**Waiver of 24 hours Notice:**

I have been advised that I have at least a 24 hour notice prior to appearing before the IDP.  At this time, I wish to waive this right and proceed with the IDP hearing

Detainee Signature, Date and Time:_____

Form No. I-892 (02/08/00)

U.s. Department of Justice
Immigration and Naturalization Service

**Notice of Institution
Disciplinary Panel Hearing**

REDACTED

REDACTED

7/6/11

Name of Detainee                    A-Number                    Date

Alleged Disciplinary Code Violation(s):  ⊕ 307

Date of Offense:  7/4/11

You are being referred to the Institution Disciplinary panel for the above mentioned charge(s).

The hearing will be held on  1-13-11 , at  TBD  (time) at the following
location  A Bldg .

You are entitled to have a full time staff member represent you at the hearing.  Please indicate below if you desire
to have a staff member assist you, and if so, his or her name.

I (do)_____ (do not)  ✗  wish to have a staff representative.

If so, the staff representative's name is _____.

You also have the right to call witnesses at the hearing and to present documentary evidence in your behalf;
provided, that calling your witnesses will not jeopardize facility security.  Names of witnesses you wish to call
should be listed below.  State below what each proposed witness would be able to testify to:

Name:  none  Can testify to : _____

Name:_____Can testify to : _____

Name:_____Can testify to : _____

The chairperson of the Institution Disciplinary Panel will call those listed above as witnesses (staff or detainee)
who are reasonably available, and who are determined by the chairperson to be necessary for an appreciation of
all of the circumstances surround the charge(s).  Repetitive witnesses need not be called.  Unavailable witnesses
may be asked to submit written statements.  If additional space is required, use the reverse side of the form.

Form I-893 (02/08/00)

# ATTACHMENT B

# ATTACHMENT B

EXHIBIT 11
Page 0167

**U.S. Department of Justice**
Immigration and Naturalization Service                    **Institution Disciplinary Panel Report**

Name of Detainee: REDACTED                             A-Number: REDACTED

Date of Incident:  11/26/11                             Code(s):  307

I.    Notice of Charge(s):
      A.    Advance written notice of charge(s) (copy of Incident Report) was given to the detainee on
            11/27/11          at  9:30 a.m.     .
            date                    time
      B.    The IDP hearing was held on   11/29/11            at   9:30 a.m.
                                          date                     time
      C.    The detainee was advised of his/her rights before this IDP by  M. Johnson
                                                                            officer
            on  11/28/11            and a copy of the advisement of rights form is attached.

II    Staff Representative:
      A.    Detainee waived his/her right to staff representative:    Yes
      B.    Detainee requested staff representative and   N/A                              appeared.
                                                          staff representative
      C.    Requested staff representative declined or could not appear but detainee was advised of option
            to postpone hearing to obtain an alternative staff representative with the result:  N/A

III.  Presentation of Evidence:
      A.    Detainee has been advised of his/her right to present a statement or to remain silent, to present
            documents, including written statements of unavailable witnesses, and for relevant and material
            witnesses to appear on his/her behalf.
      B.    Summary of detainee's statement:
            See attached

      C.    Witnesses:
            1.    The following persons were called as witnesses at this hearing and appeared:
                  N/A
            2..   A summary of testimony of each witness is attached
            3.    The following persons requested were not called for the reason(s) given
                  N/A

            4.    Unavailable witnesses were requested to submit written statements and those statements
                  received were considered (statements attached)
            5.    Documentary evidence: In addition to the incident report and investigation, the panel
                  considered the following documents:
                  N/A

            6.    Confidential information was considered by the IDP and was not provided to the
                  detainee on   N/A          .
                               Date

CCOG00096859

**EXHIBIT 11**

REDACTED                                                        Report #11977

### Section III.B  Summary of detainee's statement:

Detainee REDACTE refused to respond.   She just stood by the sink staring at the door and would not respond to any questioning.

### Section V  Specific Evidence Relied on to Support Findings:

This report was received on 11/29/11and the hearing was held on 11/29/11.

It is found that detainee REDACTED did violate prohibited act #307 – Refusing to Obey an Order

This is based upon the written Incident Report from CO C. Nieto stating on 11/26/11 at approximately 1306 Ms. Sween came on site to check on segs.  She noticed A-410 REDACTED had her clothes line on.  She (CO Nieto)  directed her to take it down REDACTED ignored her.  She directed her again.  At that time count was called.  She locked down the pod and did count. She went to see if she took the clothes line down and she was in bed.  Detainee REDACTE knows the rules about the clothes line between 8:00 a.m. and 4:00 p.m.

When given the opportunity to make a statement at this hearing this detainee refused to respond.   She just stood by the sink staring at the door and would not respond to any questioning.  It was noted that this detainee also declined to respond during the investigation.  During the UDC hearing it was noted that this detainee stated that it does not matter if she puts up a clothes line or not as she is already in segregation.

This detainee's statement during the UDC hearing indicates that she did have a clothes line up as reported.  It can only be determined, therefore, that she did refuse to take it down as reported which does constitute refusing an order.

Therefore, due to the greater weight of the evidence, it is found that detainee REDACTED did violate prohibited act #307 as charged.

### Section VII:   Reason for Sanction or Action Taken

When a staff member gives a detainee an order to do something it is expected that the detainee comply with the order.  It must be impressed upon this detainee that misconduct of this nature will not be tolerated.  This is this detainee's 7th offense overall and her 4th 300 category offense within a month.  This was, therefore, considered as a High category offense as dictated by ICE disciplinary policy. This sanction is recommended to hopefully deter this detainee and others from future misconduct of this nature.

CCOG00096860

**EXHIBIT 11**

11977

IV.   Findings:

    __XX__   A. The Act Was Committed as Charged
    _____   B. The Following Act Was Committed:_____
    _____   C. No Prohibited Act Was Committed.

V.   Specific Evidence Relied on to Support Findings:
   See Attached

VI.   Sanctions or Action Taken:   Offense Severity:  High Due to Past Disciplinary record
   **15 Days Disciplinary Segregation  (Concurrent to previous disc seg)**

VII.   Reason for Sanction or Action Taken:
   See Attached

_Chairperson_   _N/A_ Member   _N/A_ Member

VIII.   Review and Concur:

   A.   Concur with findings: _____X_____
   B.   Proceedings terminated: _____
   C.   Discipline Imposed: _____

Signature _____   Date: _11/30/11_   Time: _11 35_
   Assistant Field Office Director
   Officer in Charge

Copy delivered to detainee by: _____   on _12/1/11_
   signature and title               date

Form I-894 (02/08/00)

CCOG00096861

**EXHIBIT 11**

IR# 11977

**U.S. Department of Justice**
Immigration and Naturalization Service

**Incident of Prohibited Acts
And Notice of Charges**

Detainee Name: REDACTED                    A-Number REDACTED

Nationality: _____    Date & Time of Incident: 11/26/11 / 1306 hrs

Incident Location: A410          Work Assignment: _____

Classification Level: 3          Quarters: A410

**PROHIBITED ACTS:**

1. Refusing to obey an        Code: 307
2. order                      Code: _____
3. _____            Code: _____
4. _____            Code: _____

Description of Incident: On 11/26/11 at approximate 1306 hrs. Mrs. Tween came on site to check on Segs. She noticed A410 REDACTED had her clothes line on. I direct her to take it down the clothes line REDACTED ignore me, I direct her again at that time count was call. To lock down the pod and did count. I went to see if she took the clothes line. She was led. REDACTED has been here for over on year. She knows the Unit rules about the clothes line between 800 Amand 400 pm

Staff Witnesses?  (Y)  N          Evidence Attached?  Y  N  **NA**

Supporting Memoranda          Y  N  **NA**

C. Nieto          11/26/11 / 1340          C. Nieto
Name of Reporting Officer      Date & Time                Signature

Reviewed for accuracy prior to investigation by : _____  11/27/11  0605 hrs
                                    Supervisor          Date & Time

Incident Recorded on D.C.S.?   (Y)  N          Classification Level Change?  Y  N

Level change from _____ To_____

Form No I-884 (02/08/00)

CCOG00096862

**EXHIBIT 11**

**U.S. Department of Justice**
Immigration and Naturalization Service

**Investigation Report**

| REDACTED | REDACTED | 11/26/11 |
|---|---|---|
| Name of Detainee | A-Number | Date of Incident |

| A-410 | A-410 | 11/27/11 | 307 |
|---|---|---|---|
| Place of Incident | Quarters | Date/Investigation | Code(s) |

Name of Investigating Officer : R. McCAULEY has advised REDACTED

Detainee

that he/she has the right to remain silent at stages of the disciplinary process, but, that silence may be used to draw an adverse inference against him/her at any stage of the disciplinary process. However, silence alone may not be used to support a finding that he/she committed a prohibited act.

Detainee Statement and Attitude During the Interview: DETAINEE REDACTED accepted her copy of the written report and would not respond in any way.

UN Cooperative. Fair attitude

Other Facts about the Incident: _____

_____

_____

Investigator's Comments and Conclusions: Property Charged

_____

_____

Date and Time Investigation Began: 11/27/11 0930

Date and Time Investigation Ended: 11/27/11 0937

R. McCauley

Signature of Investigating Officer

N/A

Reviewed for Accuracy by: (SDEO/DOS)

Form I-890 (02/09/99)

CCOG00096863

**EXHIBIT 11**

CONFIDENTIAL

U.S. Department of Justice
Immigration and Naturalization Service

**Unit Disciplinary Committee**
**Report of Findings & Actions**

REDACTED

Name of Detainee                    A-Number              11/26/2011
                                                          Date of Incident

Place of Incident: _Alpha cell 410_   Prohibited Act(s)Code: ___.307___

Committee Action: Comments to Committee from Detainee Regarding the above Incident: _Detainee_
REDACTED _stated that it does not matter, if she puts up a_
_clothes line or not. she is already in "Segregation"_

It Is the Finding of the Unite Disciplinary Committee That:
1. You Committed the Prohibited Act as Charged: Code(s) ___307___
2. You Committed the Following Prohibited Act : Codes(s) _____
3. You Did Not Commit a Prohibited Act as Charged: _____

Committee Findings Are Based on the Following Information: _____

Committee Action:
[ ]   Waives IDP Hearing and Accepts the UDCs Sanction: _____
                                    11-28-11                Name of Detainee
[X]   Refer to IDP          Date & Time: _11-28-11_  _4:18 p_
[X]   Loss of Privileges    [ ] Loss of Job          [ ] Quarter Changes
[ ]   Restrict to Dorm      [ ] Remove from Program   [ ] Reprimand
[ ]   Warning               [ ] Confiscate Contraband [ ] Impound Personal Property

Comments: _Due to the number of disciplinary reports on detainee_
REDACTED _Refer to IDP._

UDC Chairpersons Signature: ___N/A___

UDC Member's Signature: REDACTED

UDC Time and Date: _4:18pm_  /  _11/28/11_

Form I-891 (02/08/00)

CCOG00096864

**EXHIBIT 11**

The detainee in UDC proceedings shall have the right to:

Remain silent at any stage of the disciplinary process.

Present statements and evidence, including witness testimony on his or her own behalf.

Appeal the committee's determination through the detainee grievance process.

I hereby acknowledge that I have been advised of the rights afforded me at the Unit Disciplinary Committee

hearing.

Signed:_____A-Number_____Date:_____

Notice of Rights given to the detainee by_____ Staff Member & Date

Refusal to Sign

I have personally advised _*detainee* REDACTED_____of the rights afforded detainees at the Unit
Disciplinary Committee  hearing. The detainee refused to sign the acknowledgment.

Staff member and date: _M. Johnson_____ 11-28-2011_____

CCOG00096865

**EXHIBIT 11**

**U.S. Department of Justice**
Immigration and Naturalization Service

**Detainee Rights**

## Detainee Rights at The Institution Disciplinary Panel Hearing (IDP)

As a detainee charged with a prohibited act(s), you have been referred to the Institution Disciplinary Panel for disposition. While at the IDP hearing, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the IDP.

2. The right to have a full time member of staff who is reasonably available to assist you before the IDP.

3. The right to call witnesses and present documentary evidence in your behalf, provided institutional safety would not be jeopardized.

4. The right to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act.

5. The right to be present throughout the IDP decision, except during committee deliberations and where institutional safety would be in jeopardy.

6. The right to be advised of the IDP decision in writing and the facts supporting the panel's decision, except where institutional safety would be jeopardized.

7. The right to appeal the decision of the IDP by means of the Detainee Grievance Procedure to the Officer in Charge, within 15 days of the notice of the panel's decision and disposition.

**I hereby acknowledge that I have been advised of the rights afforded me at the Institution Disciplinary Panel hearing.**

Signed:_____ A-Number_____ Date:_____

Notice of Rights given to the detainee by_____

Staff Member & Date

---

**Refusal to Sign**

I have personally advised ___*Detainee*___ REDACTED _____of the rights afforded detainees at the Institution Disciplinary Panel hearing. The detainee refused to sign the acknowledgment.

Staff member and date: ___M. Johnson___  ___11-28-2011___

---

**Waiver of 24 hours Notice:**

I have been advised that I have at least a 24 hour notice prior to appearing before the IDP. At this time, I wish to waive this right and proceed with the IDP hearing

Detainee Signature, Date and Time:_____

Form No. I-892 (02/08/00)

**EXHIBIT 11**

**U.S. Department of Justice**
Immigration and Naturalization Service

**Notice of Institution
Disciplinary Panel Hearing**

REDACTED

_____        _____        $11-28-2011$
Name of Detainee                        A-Number               Date

Alleged Disciplinary Code Violation(s):  _410_

Date of Offense:  _11-26-2011_

You are being referred to the Institution Disciplinary panel for the above mentioned charge(s).

The hearing will be held on _11-29-11_, at _TBD_ (time) at the following
location _A400_.

You are entitled to have a full time staff member represent you at the hearing. Please indicate below if you desire to have a staff member assist you, and if so, his or her name.

I (do)_____ (do not) _⟨_ wish to have a staff representative.

If so, the staff representative's name is _____.

You also have the right to call witnesses at the hearing and to present documentary evidence in your behalf; provided, that calling your witnesses will not jeopardize facility security. Names of witnesses you wish to call should be listed below. State below what each proposed witness would be able to testify to:

Name: _none_ Can testify to : _____

Name: _____ Can testify to : _____

Name: _____ Can testify to : _____

The chairperson of the Institution Disciplinary Panel will call those listed above as witnesses (staff or detainee) who are reasonably available, and who are determined by the chairperson to be necessary for an appreciation of all of the circumstances surround the charge(s). Repetitive witnesses need not be called. Unavailable witnesses may be asked to submit written statements. If additional space is required, use the reverse side of the form.

Form I-893 (02/08/00)

# ATTACHMENT C

# ATTACHMENT C

EXHIBIT 11
Page 0177

## Disciplinary Summary

**Name:** REDACTED     **CCA ID:** REDACTED    **Agency ID:** REDACTE

### 2011-902-00373-D

**Status:** CLOSED     **Facility:** Eloy Detention

**Offense**

| | |
|---|---|
| **Local No.:** | 11953 |
| **Date / Time:** | 11/13/2011 13:27 |
| **Offense:** | USE OF VULGAR, ABUSIVE OR OBSCENE LANGUAGE |
| **Severity:** | Minor |
| **Location:** | Facility Property \ Section: A \ Block: 4 \ Cell: 18 |
| **Inmate Notified Date:** | 11/14/2011 |

**Hearing**

| | |
|---|---|
| **Date / Time:** | 11/18/2011 10:15 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #308    30 Days Loss of Commissary |

**Appeal**

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

### 2011-902-00374-D

**Status:** CLOSED     **Facility:** Eloy Detention

**Offense**

| | |
|---|---|
| **Local No.:** | 11954 |
| **Date / Time:** | 11/14/2011 11:20 |
| **Offense:** | THREATENING ANOTHER WITH HARM |
| **Severity:** | Major |
| **Location:** | Facility Property \ Section: A \ Block: 4 |
| **Inmate Notified Date:** | 11/15/2011 |

**Hearing**

| | |
|---|---|
| **Date / Time:** | 11/18/2011 10:20 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #109 and #308    30 Days Disciplinary Segregation |

**Appeal**

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

Proprietary Information - Not For Distribution - Copyrighted

11/29/11 12:30 PM

Property of Corrections Corporation of America

CCOG00096856

**EXHIBIT 11**

**Name:** REDACTED  **CCA ID:** REDACT  **Agency ID:** REDACTE

## 2011-902-00375-D

**Status:** CLOSED          **Facility:** Eloy Detention

### Offense

**Local No.:** 11956

**Date / Time:** 11/15/2011 07:45

**Offense:** THREATENING ANOTHER WITH HARM

**Severity:** Major

**Location:** Facility Property \ Section: A \ Block: 4 \ Cell: 10 \ Bed: L

**Inmate Notified Date:** 11/15/2011

### Hearing

**Date / Time:** 11/18/2011 10:25

**Disposition:** Guilty

**Sanction Delivery:** Verbal

**Sanction:** #109 and #308     60 Days Disciplinary Segregation

### Appeal

**Date Received:**

**Disposition:**

## 2011-902-00385-D

**Status:** CLOSED          **Facility:** Eloy Detention

### Offense

**Local No.:** 11977

**Date / Time:** 11/26/2011 13:06

**Offense:** FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS

**Severity:** Major

**Location:** Facility Property \ Section: A \ Block: 4 \ Cell: 10 \ Bed: L

**Inmate Notified Date:** 11/27/2011

### Hearing

**Date / Time:** 11/29/2011 09:30

**Disposition:** Guilty

**Sanction Delivery:** Custodial

**Sanction:** #307     15 Days Disciplinary Segregation  (Concurrent)

### Appeal

**Date Received:**

**Disposition:**

Proprietary Information - Not For Distribution - Copyrighted

11/29/11 12:30 PM
Property of Corrections Corporation of America

CCOG00096857

**EXHIBIT 11**

# ATTACHMENT D

# ATTACHMENT D

EXHIBIT 11
Page 0180

11444

U.S. Department of Justice
Immigration and Naturalization Service

**Unit Disciplinary Committee**
**Report of Findings & Actions**

REDACTED

Name of Detainee                    A-Number

Date of Incident: _12.3.11_

Place of Incident: SOUTH YARD SHU/L Prohibited Act(s) Code: _307 - 410_

Committee Action: Comments to Committee from Detainee Regarding the above Incident: _____

_____

_____

_____

It Is the Finding of the Unite Disciplinary Committee That:
1. You Committed the Prohibited Act as Charged: Code(s) _307 - 416_
2. You Committed the Following Prohibited Act : Codes(s) _____
3. You Did Not Commit a Prohibited Act as Charged: _____

Committee Findings Are Based on the Following Information: _Based on the written report_
_of the officer, and a statement from the detainee that he_
_did do the prohibited act. I find the detainee did commit_
_the prohibited act._

Committee Action:
[ ]   Waives IDP Hearing and Accepts the UDC's Sanction: _____

Name of Detainee

[ ]   Refer to IDP             Date & Time: _____  _____
[X]   Loss of Privileges       [ ] Loss of Job           [ ] Quarter Changes
[ ]   Restrict to Dorm         [ ] Remove from Program   [ ] Reprimand
[ ]   Warning                  [ ] Confiscate Contraband [ ] Impound Personal Property

Comments: _30 days loss of RoP._

_____

_____

UDC Chairpersons Signature: REDACTED

UDC Member's Signature: _____

UDC Time and Date: _1300_  _12·6·11_

Form I-471 (02.96.00)

CCOG00097334

**EXHIBIT 11**

*11999*

**U.S. Department of Justice**
Immigration and Naturalization Service

**Incident of Prohibited Acts**
**And Notice of Charges**

Detainee Name: REDACTED _____ A-Number REDACTED

Nationality: _____ Date & Time of Incident: *12-3-11 : 1658 hs.*

Incident Location: *South Yard Shack* Work Assignment: _____

Classification Level: _____ Quarters: *CHARLIE #25*

**PROHIBITED ACTS:**
1. *REFUSING TO OBEY A* Code: *307*
2. *DIRECT ORDER . . .* Code: _____
3. _____ Code: _____
4. *FAILURE TO FOLLOW SAFETY..* Code: *410*

Description of Incident: *ON 12-3-11 AT 1658 hrs AT THE SOUTH YARD
SHACK, DETAINEE* REDACTED *REFUSED TO OBEY
A DIRECT ORDER FROM C/o HUTCHERSON "Do NOT RUN; WALK!" C/o GRAHAM
WITNESSED THE REFUSAL OF THE DETAINEE* REDACTED *TO FOLLOW INSTRUCTIONS
FROM C/o HUTCHERSON. DETAINEE* REDACTED *RECEIVED THREE ORDERS FROM
C/o HUTCHERSON NOT TO RUN BETWEEN SOUTH DINING POST AND SOUTH
YARD SHACK. DETAINEE* REDACTED *WAS ARGUMENTATIVE
TOWARDS STAFF, EVEN IN THE PRESENCE OF TWO OFFICERS.*

Staff Witnesses?  (Y)   N          Evidence Attached?  Y   N   NA

Supporting Memoranda          Y   N   NA

*C/o HUTCHERSON*          *12-3-11 1716*          *C/o*
Name of Reporting Officer          Date & Time          Signature

Reviewed for accuracy prior to investigation by _____     *12/03/2011 2000HRS*
                                                  Supervisor          Date & Time

Incident Recorded on D.C.S.?          Y   N          Classification Level Change?   Y   N

Level change from _____ To_____

Form No I-884 (02/08/00)

CCOG00097335

**EXHIBIT 11**

5-1C

## INCIDENT STATEMENT

| Facility | EDC. | | Incident Number | |
|---|---|---|---|---|
| **Incident Date** | 12-3-11 | | **Incident Time (HRS)** | 16:58 pm |

| Person Name | ID Number (Employee #/Inmate #/Civilian ID) | Person Type (Employee/Inmate/Civilian) | Person Role (Witness or Participant) |
|---|---|---|---|
| E. Graham | REDACTED | Employee | Witness |

| Housing Location (For Inmates/Residents Only) | 5. yard |
|---|---|

**Based on your own knowledge, what did you see, hear, and do?**

On 12-3-11 at Apx. 16:58 I c/o Graham ∓ REDACTED witness
c/o Hutcherson oRded Detanice REDACTED
For His ID c/o Hutcherson gave the oRder 4 times Detanice
REDACTED Refused To give up His ID FoR Running ∓ I then
oRder c/o Graham oRded detanice REDACTED FoR His ID
∓He did not Refuse my oRdeR Then c/o Hutcherson oRder
The Detanice Back To His unit He started back to His
unit He got about 30 Feet away FRom c/o Hutcherson an I
an Took oFF Running Took my Back an smilling all the way
Back To His unit "End of Report"

**Did you receive any injuries?  YES or (NO) (If YES, Explain Below)**

**Were you evaluated by medical?  YES or (NO)**

| Printed Name: | E. GRaham | | |
|---|---|---|---|
| Signature: | E. Graham | Date: | 12-3-11 |
| Typed By: | | Date: | |

**This section to be completed by CCA staff if the civilian/other or inmate/resident refused to complete the 5-1C.**

Place an "X" in the appropriate box:

| | |
|---|---|
| Inmate/Resident refused to complete this 5-1C | |
| Civilian/Other refused to complete this 5-1C | |

| Employee/Witness Printed Name | | Date: | |
|---|---|---|---|
| Employee/Witness Signature | | | |

| Employee/Witness Printed Name | | Date: | |
|---|---|---|---|
| Employee/Witness Signature | | | |

02/03/11

Proprietary Information – Not For Distribution – Copyrighted - Property of CCA

CCOG00097336

**EXHIBIT 11**

U.S. Department of Justice
Immigration and Naturalization Service

**Investigation Report**

REDACTED

Name of Detainee      A-Number      Date of Incident _12-3-11_

South Yard      C425      12-4-11      307/410
Place of Incident      Quarters      Date/Investigation      Code(s)

Name of Investigating Officer : _LT Haynes_      has advised REDACTED
                                                                   Detainee

that he/she has the right to remain silent at stages of the disciplinary process, but, that silence may be used to
draw an adverse inference against him/her at any stage of the disciplinary process. However, silence alone may
not be used to support a finding that he/she committed a prohibited act.

Detainee Statement and Attitude During the Interview: _Detainee stated he only ran to catch_
_up to his pod and was hopping over the water puddles. Detainee also stated_
_he didn't argue with the officer just didn't feel he should talk to him_
_like that_

Other Facts about the Incident:_____

Investigator's Comments and Conclusions: _Based on officers written report codes_
_307/410 Stand_

Date and Time Investigation Began: _12-4-11 / 1730_

Date and Time Investigation Ended: _12-4-11 / 2045_

_LT_
Signature of Investigating Officer

Reviewed for Accuracy by: (SDEO/DOS)

Form I-820 (02/09/90)

CCOG00097337

**EXHIBIT 11**

**The detainee in UDC proceedings shall have the right to:**

Remain silent at any stage of the disciplinary process.

Present statements and evidence, including witness testimony on his or her own behalf.

Appeal the committee's determination through the detainee grievance process.

I hereby acknowledge that I have been advised of the rights afforded me at the Unit Disciplinary Committee

hearing **REDACTED**

Signed: [REDACTED]     A-Number [REDACTED]     Date: _12·6·11_

Notice of Rights given to the detainee by _[REDACTED] Evans_     _22·6·11_     Staff Member & Date

---

Refusal to Sign

I have personally advised_____of the rights afforded detainees at the Unit

Disciplinary Committee  hearing. The detainee refused to sign the acknowledgment.

Staff member and date:_____

CCOG00097338

**EXHIBIT 11**

# ATTACHMENT E

## ATTACHMENT E

EXHIBIT 11
Page 0186

12287

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## UNIT DISCIPLINARY COMMITTEE REPORT OF FINDINGS & ACTIONS

| REDACTED | | 5·2-12 |
|---|---|---|
| Name of Detainee | A-Number | Date of Incident |

Place of Incident: Delta OIC Area   Prohibited Act(s) Code: 305

Committee Action: Comments to Committee from Detainee Regarding the above Incident: REDACTED   Stated
he was Sorry and it was a foolish thing to do.

It Is the Finding of the Unite Disciplinary Committee that:

1. You Committed the Prohibited Act as Charged: Code(s) __305__
2. You Committed the Following Prohibited Act: Code(s) _____
3. You Did Not Commit a Prohibited Act as Charged: _____

Committee Findings Are Based on the Following Information: REDACTED   admitted he did commit
the prohibited act of a 305

Committee Action:
☐ Waives IDP Hearing and Accepts the UDCs Sanction: _____

Name of Detainee

☐ Refer to IDP            Date & Time: _____ / _____
☐ Loss of Privileges   ☐ Loss of job              ☐ Quarter Changes
☐ Restrict to Dorm     ☐ Remove from Program      ☐ Reprimand
☑ Warning              ☐ Confiscate Contraband    ☐ Impound Personal Property

Comments: REDACTED   has never given Staff a problem before this and
was embarrassed.

UDC Chairpersons Signature: _____

UDC Member's Signature: __N/A__

UDC Time and Date: __1000__ / __5-3-12__

ICE Form I-891 (09/09)

CCOG00097204

**EXHIBIT 11**

\# 12287

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INCIDENT OF PROHIBITED ACTS AND NOTICE OF CHARGES

Detainee Name: REDACTED                           A-Number: REDACTED

Nationality: _____                      Date & Time of Incident: 5-2-2012

Incident Location: DELTA UNIT DESK AREA           Work Assignment: _____

Classification Level: _____             Quarters: D301

**PROHIBITED ACTS:**

1. POSSESSION Anything not AVTHORIZE  Code: 305
2. STEALING                           Code: 301
3. _____                    Code: _____
4. _____                    Code: _____

Description of Incident: ON 5.2.2012 at about 1200pm, I Sco mntijo had detainee REDACTED D301 OUT to get a hair cut. When he was done and heading back to his pod, I noticed he had something hiding under his shirt. I stopped him and searched him, he had a 1-gallon Bottle of shampoo that he was trying to take into the pod. Detainees are not Allowed to take these items into the pod, Also this detainee is not a porter.

Staff Witnesses? ☒ Yes ☐ No                       Evidence Attached? ☐ Yes ☒ No ☐ N/A

Supporting Memoranda ☐ Yes ☒ No ☐ N/A

REDACTE mntijo        5/2/2012 100pm    REDACTED [signature]
Name of Reporting Officer    Date & Time              Signature

Reviewed for accuracy prior to investigation by: REDACT [signature]    05-02-12 / 1425 hrs.
                                                  Supervisor            Date & Time

Incident Recorded on D.C.S? ☒ Yes ☐ No            Classification Level Change? ☐ Yes ☐ No

Level change from _____ To _____

ICE Form I-884 (09/09)

CCOG00097205

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INVESTIGATION REPORT

REDACTED                REDACTED                            05-02-12
Name of Detainee            A-Number                      Date of Incident

D-Unit Desk          D-301          05-02-12          305,301
Place of Incident        Quarters      Date/Investigation        Code(s)

Name of Investigating Officer: REDA Ibawn  has advised  REDACTED
                                                              Detainee

that he/she has the right to remain silent at stages of the disciplinary process, but, that silence may be used to draw an adverse inference against him/her at any stage of the disciplinary process. However, silence alone may not be used to support a finding that he/she comitted a prohibited act.

Detainee Statement and Attitude During the Interview: Detainee REDACTED has no statement.
Attitude is calm.

Other Facts about the Incident: _____

Investigator's Comments and Conclusions: The charges are reflected in the report and detainee offers nothing to disprove the charges.

Date and Time Investigation Began: 5-2-12/1515 hrs.

Date and Time Investigation Ended: 5-2-12/1525 hrs.

REDACTED
Signature of Investigating Officer

N/A
Reviewed for Accuracy by: (Supervisor Name and Title)

ICE Form I-890 (09/09)

CCOG00097206

**EXHIBIT 11**

**The detainee in UDC proceedings shall have the right to:**

Remain silent at any stage of the disciplinary process.

Present statements and evidence, including witness testimony on his or her own behalf.

Appeal the committee's determination through the detainee grievance process.

I hereby acknowledge that I have been advised of the rights afforded me at the Unit Disciplinary Committee

hearing [REDACTED]

Signed _____   Date: 5/3/02

Notice of Rights given to the detainee by _T. Cvellur_____   Staff Member & Date

---

Refusal to Sign

I have personally advised_____of the rights afforded detainees at the Unit
Disciplinary Committee  hearing. The detainee refused to sign the acknowledgment.

Staff member and date:_____

CCOG00097207

**EXHIBIT 11**

# ATTACHMENT F

# ATTACHMENT F

**EXHIBIT 11**
**Page 0191**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INSTITUTION DISCIPLINARY PANEL REPORT

Name of Detainee: REDACTED          A-Number: REDACTED

Date of Incident: 05/23/2012          Code(s): 410

I.   Notice of Charge(s):

A.   Advance written notice of charge(s) (copy of Incident Report) was given to the detainee on
     05/24/2012        at        7:00 PM
     date                        time

B.   The IDP hearing was held on        05/30/2012    at        1:05 PM
                                        date                    time

C.   The detainee was advised of his/her rights before this IDP by        J. Escarcega
                                                                           officer
     on 05/26/2012             and a copy of the advisement of rights form is attached.

II.  Staff Representative

A.   Detainee waived his/her right to staff representative: Yes

B.   Detainee requested staff representative and N/A                                      appeared.
                                                         staff representative

C.   Requested staff representative declined or could not appear but detainee was advised of option to postpone hearing to
     obtain an alternative staff representative with the result: N/A

III. Presentation of Evidence:

A.   Detainee has been advised of his/her right to present a statement or to remain silent, to present document, including written
     statements of unavailable witnesses, and for relevant and material witnesses to appear on his/her behalf.

B.   Summary of detainee's statement: No Statement - Detainee refused to respond

C.   Witnesses:

     1.   The following persons were called as witnesses at this hearing and appeared: CO Magallanes

     2.   A summary of testimony of each witness is attached.

     3.   The following person requested were not called for the reason(s) given  N/A

     4.   Unavailable witnesses were requested to submit written statements and those statements received were considered
          (statements attached)

     5.   Documentary evidence: In addition to the incident report and investigation, the panel considered the following
          documents:  N/A

     6.   Confidential information was considered by the IDP and was not provided to the detainee on
          N/A
          date

ICE Form I-894 (09/09)

CCOG00097058

**EXHIBIT 11**

REDACTED                                        Report #12323

## Section V  Specific Evidence Relied on to Support Findings:

This report was received on 05/29/12 and the hearing was held on 05/30/12.

It is found that detainee REDACTED did violate prohibited act #410 – Failure to Follow Safety/Sanitation Regulations.

This is based upon the written Incident Report from J. Lorona stating on May 23, 2012 at approximately 10:00 a.m. while escorting detainees back from E-100 rec CO Magallanes advised him that he had found feces in shower #7 where detainee REDACTED had taken a shower. After detainee REDACTED was placed in his cell shower number 7 was cleaned and sanitized.

When given the opportunity to make a statement at this hearing this detainee refused to respond.

CO Magallenes was listed as a witness to this case. This officer stated that there were feces in shower #7 where detainee REDACTED had been.

Since he declined to make any statement he has failed to provide any evidence to dispute the report. This action is clearly a sanitation issue.

Therefore, due to the greater weight of the evidence this DHO finds that detainee REDACTED violated prohibited act #410 as charged.

## Section VII:  Reason for Sanction or Action Taken

It must be impressed upon this detainee that misconduct of this nature will not be tolerated. This is this detainee's 11th disciplinary infraction in less then 2 months. He has had multiple previous 300 category offense and, therefore, this was considered as a High category offense. Due to this detainee's extensive disciplinary pattern the maximum amount of disciplinary segregation was recommended. This sanction is recommended to hopefully deter this detainee and others from future misconduct of this nature.

12323

IV.   Findings:

    X   A.  The Act Was Committed as Charged

    _____   B.  The Following Act Was Committed: _____

    _____   C.  No Prohibited Act Was Committed.

V.   Specific Evidence Relied on to Support Findings:
See Attached

VI.   Sanctions or Action Taken:  Offense Severity:
High Due to Past Disciplinary Record       30 Days Disciplinary Segregation

VII.   Reason for Sanction or Action Taken:
See Attached

_____        _____        _____
       Chairperson                                    Member                                         Member

VIII.   Review and Concur:

A.  Concur with findings: _____

B.  Proceedings terminated: _____

C.  Discipline Imposed: _____

Signature _____   Date: 6/7/12   Time: 0840
       Officer in Charge

Copy delivered to detainee by: _____   on  6/12/12
                                    Signature and Title                                   Date

ICE Form I-894 (09/09)

CCOG00097060

**EXHIBIT 11**

12323

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INCIDENT OF PROHIBITED ACTS AND NOTICE OF CHARGES

Detainee Name: REDACTED                          A-Number: REDACTED

Nationality: _United Kingdom_        Date & Time of Incident: _5-23-12   10:00Am_

Incident Location: _E 100_           Work Assignment: _____

Classification Level: _3_            Quarters: _E 103_

PROHIBITED ACTS:
                                     sanitation regulations
1. _failure To follow Safety or_   Code: _410_
2. _____  Code: _____
3. _____  Code: _____
4. _____  Code: _____

Description of Incident: _On   May  23  2012   at   approximently  10:00 Am_
_While escorting Detainees back from E 100 Rec c/o Magallanes_
_advised me c/o Lorona That he had found feses in shower_
_number 7 where Detainee REDACTED had taken a_
_Shower. After Detainee REDACTED was Placed in his cell_
_Shower number 7 was clean and Sanitized_

Staff Witnesses? ☐ Yes ☐ No

Supporting Memoranda  ☐ Yes ☐ No ☐ N/A      Evidence Attached?  ☐ Yes ☐ No ☐ N/A

REDACT Lorona                  5-24-12 12:40 Pm
Name of Reporting Officer      Date & Time              Signature

Reviewed for accuracy prior to investigation by:                    5-24-12
                                          Supervisor             Date & Time

Incident Recorded on D.C.S? ☒ Yes ☐ No      Classification Level Change? ☐ Yes ☐ No
Level change from _____ To _____          Revd 5/29/12 Fm

ICE Form I-884 (09/09)

CCOG00097061

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INVESTIGATION REPORT

| REDACTED | REDACTED | 5/23/12 |
|---|---|---|
| Name of Detainee | A-Number | Date of Incident |

| ECHO - 100 | E - 103 | 5/24/12 | 410 |
|---|---|---|---|
| Place of Incident | Quarters | Date/Investigation | Code(s) |

Name of Investigating Officer: _BOLLENBORK_ has advised REDACTED
Detainee

that he/she has the right to remain silent at stages of the disciplinary process, but, that silence may be used to draw an adverse inference against him/her at any stage of the disciplinary process. However, silence alone may not be used to support a finding that he/she comitted a prohibited act.

Detainee Statement and Attitude During the Interview: _DETAINEE DID NOT WANT TO SPEAK WITH_
_ME_

Other Facts about the Incident: 

Investigator's Comments and Conclusions: _CHARGED ACCURATELY_

Date and Time Investigation Began: _5/24/12   1900_

Date and Time Investigation Ended: _5/24/12   1910_

Signature of Investigating Officer

_N/A_
Reviewed for Accuracy by: (Supervisor Name and Title)

ICE Form I-890 (09/09)

CCOG00097062

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## UNIT DISCIPLINARY COMMITTEE REPORT OF FINDINGS & ACTIONS

| REDACTED | REDACTED | 5-23-12 |
|---|---|---|
| Name of Detainee | A-Number | Date of Incident |

Place of Incident: _E-100_    Prohibited Act(s) Code: _410_

Committee Action: Comments to Committee from Detainee Regarding the above Incident: The detainee stated that he did not want his rights read to him. He also stated that he wanted all officer around the incident called as witnesses to the incident.

It Is the Finding of the Unite Disciplinary Committee that:

1. You Committed the Prohibited Act as Charged: Code(s) _____
2. You Committed the Following Prohibited Act: Code(s) _____
3. You Did Not Commit a Prohibited Act as Charged: _____

Committee Findings Are Based on the Following Information: _____

Committee Action:

☐ Waives IDP Hearing and Accepts the UDCs Sanction: _____

☒ Refer to IDP          Date & Time: _____ / _____        Name of Detainee
☐ Loss of Privileges    ☐ Loss of job              ☐ Quarter Changes
☐ Restrict to Dorm      ☐ Remove from Program      ☐ Reprimand
☐ Warning               ☐ Confiscate Contraband    ☐ Impound Personal Property

Comments: Based upon the detainee's past disciplinary record greater sanctions should be imposed than are available at the UDC level.

UDC Chairpersons Signature: _____

UDC Member's Signature: _____N/A_____

UDC Time and Date: _1125_ , _5-26-12_

ICE Form I-891 (09/09)

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## DETAINEE RIGHTS AT THE INSTITUTION DISCIPLINARY PANEL HEARING(IDP)

**Detainee Rights at The Institution Disciplinary Panel Hearing (IDP)**

As a detainee charged with a prohibited act(s), you have been referred to the Institution Disciplinary Panel for disposition. While at the IDP hearing, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the IDP.

2. The right to have a full time member of staff who is reasonably available to assist you before the IDP.

3. The right to call witnesses and present documentary evidence in your behalf, provided institutional safety would not be jeopardized.

4. The right to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act.

5. The right to be present throughout the IDP decision, except during committee deliberations and where institutional safety would be in jeopardy.

6. The right to be advised of the IDP decision in writing and the facts supporting the panel's decision, except where institutional safety would be jeopardized.

7. The right to appeal the decision of the IDP by means of the Detainee Grievance Procedure to the Officer in Charge, within 15 days of the notice of the panel's decision and disposition.

**I hereby acknowledge that I have been advised of the rights afforded me at the Institution Disciplinary Panel hearing.**

Signed: _____   A-Number: _____   Date: _____

Notice of Rights given to the detainee by _____
Staff Member & Date

---

**Refusal to Sign**

I have personally advised  REDACTED          REDACTED  of the rights afforded detainees at the Institution Disciplinary Panel hearing.
The detainee refused to sign the acknowledgment.

Staff member and date:  _J. Escarcega_ _____ S/C   5-26-12_
   * Refused to have his rights read.

**Waiver of 24 hours Notice:**

I have been advised that I have at least a 24 hour notice prior to before the IDP. At this time, I wish to waive this right and proceed with the IDP hearing.

Detainee Signature, Date and Time: _____

ICE Form I-892 (09/09)

CCOG00097064

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## NOTICE OF INSTITUTION DISCIPLINARY PANEL HEARING

| REDACTED | REDACTED | 5-26-12 |
|---|---|---|
| Name of Detainee | A-Number | Date |

Alleged Disciplinary Code Violation(s): _____ 4 | 0 _____

Date of Offense: _____ 5 - 23 - 1 2 _____

You are being referred to the Institution Disciplinary panel for the above mentioned charge(s).

The hearing will be held on _____ 5/30/12 _____, at _____ TBD _____ (time) at the following location _____ 8:00 _____.

You are entitled to have a full time staff member represent you at the hearing. Please indicate below if you desire to have a staff member assist you, and if so, his or her name.

I (do) _____ (do not) _____ wish to have a staff representative.

If so, the staff representative's name is _____.

You also have the right to call witnesses at the hearing and to present documentary evidence in your behalf, provided, that calling your witnesses will not jeopardize facility security. Names of witnesses you wish to call should be listed below. State below what each proposed witnesses would be able to testify to:

Name: C/o Magallenas Can testify to: Saw the incident.

Name: _____ Can testify to: _____

Name: _____ Can testify to: _____

The chairperson of the Institution Disciplinary Panel will call those listed above as witnesses (staff or detainee) who are reasonably available, and who are determined by the chairperson to be necessary for an appreciation of all of the circumstances surround the charge(s). Repetitive witnesses need not be called. Unavailable witnesses may be asked to submit written statements. If additional space is required, use the reverse side of the form.

ICE Form I-893 (09/09)

**EXHIBIT 11**

# ATTACHMENT G

# ATTACHMENT G

EXHIBIT 11
Page 0200

## Disciplinary Summary

Name: REDACTED                                                    CCA ID: REDACTED   Agency ID: REDACTED

### 2012-902-00216-D

**Status:** CLOSED          **Facility:** Eloy Detention

| | |
|---|---|
| **Offense** | **Local No.:** 12234 |
| | **Date / Time:** 04/09/2012 07:22 |
| | **Offense:** UNSANITARY AND DISORDERLY HOUSING CONDITIONS |
| | **Severity:** Minor |
| | **Location:** Facility Property \ Section: SHU \ Block: N \ Cell: 06 \ Bed: L |
| | **Inmate Notified Date:** 04/10/2012 |

| | |
|---|---|
| **Hearing** | **Date / Time:** 04/11/2012 16:15 |
| | **Disposition:** Guilty |
| | **Sanction Delivery:** Verbal |
| | **Sanction:** #300 and #413    10 Days Loss of Commissary |

| | |
|---|---|
| **Appeal** | **Date Received:** |
| | **Disposition:** |

### 2012-902-00217-D

**Status:** CLOSED          **Facility:** Eloy Detention

| | |
|---|---|
| **Offense** | **Local No.:** 12236 |
| | **Date / Time:** 04/10/2012 07:56 |
| | **Offense:** FAILURE TO MAINTAIN PERSONAL HYGIENE |
| | **Severity:** Minor |
| | **Location:** Facility Property \ Section: SHU \ Block: N \ Cell: 06 \ Bed: L |
| | **Inmate Notified Date:** 04/10/2012 |

| | |
|---|---|
| **Hearing** | **Date / Time:** 04/11/2012 16:05 |
| | **Disposition:** Guilty |
| | **Sanction Delivery:** Verbal |
| | **Sanction:** #300 and #410    10 Days Loss of Commissary |

| | |
|---|---|
| **Appeal** | **Date Received:** |
| | **Disposition:** |

Proprietary Information - Not For Distribution - Copyrighted

12/3/12 3:19 PM
Property of Corrections Corporation of America

CCOG00097022

**EXHIBIT 11**



Name: REDACTED                                           CCA ID: REDACTED  Agency ID: REDACTED

**2012-902-00218-D**

Status: CLOSED          Facility: Eloy Detention

**Offense**
Local No.: 12237
Date / Time: 04/10/2012 07:38
Offense: FAILURE TO MAINTAIN PERSONAL HYGIENE
Severity: Minor
Location: Facility Property \ Section: SHU \ Block: N \ Cell: 06 \ Bed: L
Inmate Notified Date: 04/10/2012

**Hearing**
Date / Time: 04/11/2012 16:10
Disposition: Guilty
Sanction Delivery: Verbal
Sanction: #300 and #410    10 Days Loss of Commissary

**Appeal**
Date Received:
Disposition:

**2012-902-00219-D**

Status: CLOSED          Facility: Eloy Detention

**Offense**
Local No.: 12238
Date / Time: 04/10/2012 15:05
Offense: FAILURE TO MAINTAIN PERSONAL HYGIENE
Severity: Minor
Location: Facility Property \ Section: SHU \ Block: N \ Cell: 06 \ Bed: L
Inmate Notified Date: 04/10/2012

**Hearing**
Date / Time: 04/11/2012 16:00
Disposition: Not Guilty
Sanction Delivery: Verbal
Sanction: #300 and #410    Dismissed - No investigation attached

**Appeal**
Date Received:
Disposition:

Proprietary Information - Not For Distribution - Copyrighted

12/3/12 3:19 PM
Property of Corrections Corporation of America

CCOG00097023

**EXHIBIT 11**

Name: REDACTED                                        CCA ID: REDACTED  Agency ID: REDACTED

## 2012-902-00260-D

**Status:** CLOSED          **Facility:** Eloy Detention

| | |
|---|---|
| **Offense** | **Local No.:** 12271 |
| | **Date / Time:** 04/25/2012 16:50 |
| | **Offense:** FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS |
| | **Severity:** Major |
| | **Location:** Facility Property \ Section: E \ Block: 1 \ Cell: 03 \ Bed: U |
| | **Inmate Notified Date:** 04/26/2012 |

| | |
|---|---|
| **Hearing** | **Date / Time:** 05/14/2012 10:35 |
| | **Disposition:** Guilty |
| | **Sanction Delivery:** Verbal |
| | **Sanction:** #307    30 Days Disciplinary Segregation |

| | |
|---|---|
| **Appeal** | **Date Received:** |
| | **Disposition:** |

## 2012-902-00272-D

**Status:** CLOSED          **Facility:** Eloy Detention

| | |
|---|---|
| **Offense** | **Local No.:** 12289 |
| | **Date / Time:** 05/03/2012 10:00 |
| | **Offense:** UNSANITARY AND DISORDERLY HOUSING CONDITIONS |
| | **Severity:** Minor |
| | **Location:** Facility Property \ Section: E \ Block: 1 \ Cell: 03 \ Bed: U |
| | **Inmate Notified Date:** 05/04/2012 |

| | |
|---|---|
| **Hearing** | **Date / Time:** 05/14/2012 10:40 |
| | **Disposition:** Guilty |
| | **Sanction Delivery:** Verbal |
| | **Sanction:** #413    30 Days Disciplinary Segregation |

| | |
|---|---|
| **Appeal** | **Date Received:** |
| | **Disposition:** |

Proprietary Information - Not For Distribution - Copyrighted

12/3/12 3:19 PM
Property of Corrections Corporation of America

CCOG00097024

**EXHIBIT 11**

Name: REDACTED    CCA ID: REDACTED   Agency ID: REDACTED



**2012-902-00273-D**

| | |
|---|---|
| **Status:** CLOSED | **Facility:** Eloy Detention |

**Offense**

**Local No.:** 12290

**Date / Time:** 05/04/2012 12:03

**Offense:** FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS

**Severity:** Major

**Location:** Facility Property \ Section: E \ Block: 1 \ Cell: 03 \ Bed: U

**Inmate Notified Date:** 05/04/2012

**Hearing**

**Date / Time:** 05/14/2012 10:45

**Disposition:** Guilty

**Sanction Delivery:** Verbal

**Sanction:** #307    30 Days Disciplinary Segregation

**Appeal**

**Date Received:**

**Disposition:**

**2012-902-00288-D**

| | |
|---|---|
| **Status:** CLOSED | **Facility:** Eloy Detention |

**Offense**

**Local No.:** 12306

**Date / Time:** 05/15/2012 09:00

**Offense:** FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS

**Severity:** Major

**Location:** Facility Property \ Section: E \ Block: 1

**Inmate Notified Date:** 05/15/2012

**Hearing**

**Date / Time:** 05/21/2012 09:25

**Disposition:** Guilty

**Sanction Delivery:** Verbal

**Sanction:** #307    30 Days Disciplinary Segregation

**Appeal**

**Date Received:**

**Disposition:**

Proprietary Information - Not For Distribution - Copyrighted

12/3/12 3:19 PM

Property of Corrections Corporation of America

CCOG00097025

**EXHIBIT 11**

**Name:** REDACTED                                    **CCA ID:** REDACTED **Agency ID:** REDACTED

## 2012-902-00305-D

**Status:** CLOSED        **Facility:** Eloy Detention

| | |
|---|---|
| **Offense** | **Local No.:** 12322 |
| | **Date / Time:** 05/23/2012 21:00 |
| | **Offense:** ASSAULT |
| | **Severity:** Major |
| | **Location:** Facility Property \ Section: E \ Block: 1 \ Cell: 03 \ Bed: U |
| | **Inmate Notified Date:** 05/24/2012 |

| | |
|---|---|
| **Hearing** | **Date / Time:** 05/30/2012 13:00 |
| | **Disposition:** Guilty |
| | **Sanction Delivery:** Verbal |
| | **Sanction:** #101    60 Days Disciplinary Segregation |

| | |
|---|---|
| **Appeal** | **Date Received:** |
| | **Disposition:** |

## 2012-902-00306-D

**Status:** CLOSED        **Facility:** Eloy Detention

| | |
|---|---|
| **Offense** | **Local No.:** 12323 |
| | **Date / Time:** 05/23/2012 10:00 |
| | **Offense:** UNSANITARY AND DISORDERLY HOUSING CONDITIONS |
| | **Severity:** Minor |
| | **Location:** Facility Property \ Section: E \ Block: 1 \ Cell: 03 \ Bed: U |
| | **Inmate Notified Date:** 05/24/2012 |

| | |
|---|---|
| **Hearing** | **Date / Time:** 05/30/2012 13:05 |
| | **Disposition:** Guilty |
| | **Sanction Delivery:** Verbal |
| | **Sanction:** #410    30 Days Disciplinary Segregation |

| | |
|---|---|
| **Appeal** | **Date Received:** |
| | **Disposition:** |

Proprietary Information - Not For Distribution - Copyrighted

12/3/12 3:19 PM
Property of Corrections Corporation of America

CCOG00097026

**EXHIBIT 11**

Name: REDACTED      CCA ID: REDACTED   Agency ID: REDACTED



**2012-902-00307-D**

**Status:** CLOSED      **Facility:** Eloy Detention

**Offense**

**Local No.:** 12324

**Date / Time:** 05/24/2012 09:55

**Offense:** THREATENING ANOTHER WITH HARM

**Severity:** Major

**Location:** Facility Property \ Section: E \ Block: 1 \ Cell: 03 \ Bed: U

**Inmate Notified Date:** 05/24/2012

**Hearing**

**Date / Time:** 05/30/2012 13:10

**Disposition:** Guilty

**Sanction Delivery:** Verbal

**Sanction:** #109    60 Days Disciplinary Segregation

**Appeal**

**Date Received:**

**Disposition:**

**2012-902-00322-D**

**Status:** CLOSED      **Facility:** Eloy Detention

**Offense**

**Local No.:** 12351

**Date / Time:** 05/28/2012 12:32

**Offense:** FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS

**Severity:** Major

**Location:** Facility Property \ Section: E \ Block: 1 \ Cell: 03 \ Bed: U

**Inmate Notified Date:** 05/28/2012

**Hearing**

**Date / Time:** 06/05/2012 08:40

**Disposition:** Guilty

**Sanction Delivery:** Verbal

**Sanction:** #307    30 Days Disciplinary Segregation

**Appeal**

**Date Received:**

**Disposition:**

Proprietary Information - Not For Distribution - Copyrighted

12/3/12 3:19 PM
Property of Corrections Corporation of America

CCOG00097027

**EXHIBIT 11**

Name: REDACTED _____   CCA ID: REDACTED   Agency ID: REDACTED

## 2012-902-00326-D

**Status:** CLOSED            **Facility:** Eloy Detention

### Offense

**Local No.:** 12343

**Date / Time:** 05/24/2012 17:05

**Offense:** ASSAULT

**Severity:** Major

**Location:** Facility Property \ Section: E \ Block: 1 \ Cell: 03 \ Bed: L

**Inmate Notified Date:** 05/31/2012

### Hearing

**Date / Time:** 06/05/2012 08:50

**Disposition:** Guilty

**Sanction Delivery:** Verbal

**Sanction:** #108    60 Days Disciplinary Segregation

### Appeal

**Date Received:**

**Disposition:**

## 2012-902-00327-D

**Status:** CLOSED            **Facility:** Eloy Detention

### Offense

**Local No.:** 12338

**Date / Time:** 05/29/2012 10:45

**Offense:** FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS

**Severity:** Major

**Location:** Facility Property \ Section: E \ Block: 1 \ Cell: 03 \ Bed: L

**Inmate Notified Date:** 05/29/2012

### Hearing

**Date / Time:** 06/05/2012 08:45

**Disposition:** Guilty

**Sanction Delivery:** Verbal

**Sanction:** #307 and #308    30 Days Disciplinary Segregation

### Appeal

**Date Received:**

**Disposition:**

Proprietary Information - Not For Distribution - Copyrighted

12/3/12 3:19 PM

Property of Corrections Corporation of America

CCOG00097028

**EXHIBIT 11**

Name: REDACTED _____  CCA ID: REDACTED  Agency ID: REDACTED

## 2012-902-00328-D

**Status:** CLOSED  **Facility:** Eloy Detention

**Offense**

**Local No.:** 12350

**Date / Time:** 05/31/2012 22:50

**Offense:** DESTRUCTION, ALTERATION OR DAMAGE TO PROPERTY

**Severity:** Major

**Location:** Facility Property \ Section: E \ Block: 1 \ Cell: 03 \ Bed: L

**Inmate Notified Date:** 06/01/2012

**Hearing**

**Date / Time:** 06/05/2012 08:55

**Disposition:** Guilty

**Sanction Delivery:** Verbal

**Sanction:** #322  30 Days Disciplinary Segregation

**Appeal**

**Date Received:**

**Disposition:**

## 2012-902-00337-D

**Status:** CLOSED  **Facility:** Eloy Detention

**Offense**

**Local No.:** 12353

**Date / Time:** 06/02/2012 19:30

**Offense:** DESTRUCTION, ALTERATION OR DAMAGE TO PROPERTY

**Severity:** Major

**Location:** Facility Property \ Section: E \ Block: 1 \ Cell: 07

**Inmate Notified Date:** 06/03/2012

**Hearing**

**Date / Time:** 06/14/2012 09:09

**Disposition:** Guilty

**Sanction Delivery:** Verbal

**Sanction:** #219 and #307  30 Days Disciplinary Segregation

**Appeal**

**Date Received:**

**Disposition:**

Proprietary Information - Not For Distribution - Copyrighted

12/3/12 3:19 PM
Property of Corrections Corporation of America

CCOG00097029

**EXHIBIT 11**

Name: REDACTED                                    CCA ID: REDACTED   Agency ID: REDACTED

## 2012-902-00338-D

**Status:** CLOSED                    **Facility:** Eloy Detention

| | |
|---|---|
| **Local No.:** | 12359 |
| **Date / Time:** | 06/08/2012 11:20 |
| **Offense:** | FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS |
| **Severity:** | Major |
| **Location:** | Facility Property \ Section: E \ Block: 1 \ Cell: 03 \ Bed: L |
| **Inmate Notified Date:** | 06/09/2012 |

_Offense_

| | |
|---|---|
| **Date / Time:** | 06/14/2012 09:15 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #307    30 Days Disciplinary Segregation |

_Hearing_

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

_Appeal_

## 2012-902-00342-D

**Status:** CLOSED                    **Facility:** Eloy Detention

| | |
|---|---|
| **Local No.:** | 12366 |
| **Date / Time:** | 06/11/2012 22:45 |
| **Offense:** | FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS |
| **Severity:** | Major |
| **Location:** | Facility Property \ Section: E \ Block: 1 \ Cell: 03 \ Bed: L |
| **Inmate Notified Date:** | 06/12/2012 |

_Offense_

| | |
|---|---|
| **Date / Time:** | 06/19/2012 11:38 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #307 and #413    30 Days Disciplinary Segregation |

_Hearing_

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

_Appeal_

Proprietary Information - Not For Distribution - Copyrighted

12/3/12 3:19 PM
Property of Corrections Corporation of America

CCOG00097030

**EXHIBIT 11**

Name: REDACTED                                    CCA ID: REDACTED Agency ID: REDACTED



**2012-902-00346-D**

| Status: CLOSED | Facility: Eloy Detention |

**Offense**

Local No.: 12368

Date / Time: 06/13/2012 11:30

Offense: ASSAULT

Severity: Major

Location: Facility Property \ Section: E \ Block: 1 \ Cell: 03 \ Bed: L

Inmate Notified Date: 06/14/2012

**Hearing**

Date / Time: 06/20/2012 11:23

Disposition: Guilty

Sanction Delivery: Verbal

Sanction: #108    60 Days Disciplinary Segregation

**Appeal**

Date Received:

Disposition:

**2012-902-00347-D**

| Status: CLOSED | Facility: Eloy Detention |

**Offense**

Local No.: 12374

Date / Time: 06/16/2012 15:40

Offense: UNSANITARY AND DISORDERLY HOUSING CONDITIONS

Severity: Minor

Location: Facility Property \ Section: E \ Block: 1 \ Cell: 03 \ Bed: L

Inmate Notified Date: 06/17/2012

**Hearing**

Date / Time: 06/20/2012 11:20

Disposition: Guilty

Sanction Delivery: Verbal

Sanction: #410    30 Days Disciplinary Segregation

**Appeal**

Date Received:

Disposition:

Proprietary Information - Not For Distribution - Copyrighted

12/3/12 3:19 PM

Property of Corrections Corporation of America

CCOG00097031

**EXHIBIT 11**

Name: REDACTED                                    CCA ID: REDACTED  Agency ID: REDACTED

## 2012-902-00365-D

**Status:** CLOSED          **Facility:** Eloy Detention

**Offense**
| | |
|---|---|
| **Local No.:** | 12394 |
| **Date / Time:** | 06/26/2012 11:15 |
| **Offense:** | ASSAULT |
| **Severity:** | Major |
| **Location:** | Facility Property \ Main Building |
| **Inmate Notified Date:** | 06/27/2012 |

**Hearing**
| | |
|---|---|
| **Date / Time:** | 06/29/2012 12:50 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #108     60 Days Disciplinary Segregation |

**Appeal**
| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

## 2012-902-00396-D

**Status:** CLOSED          **Facility:** Eloy Detention

**Offense**
| | |
|---|---|
| **Local No.:** | 12435 |
| **Date / Time:** | 07/09/2012 10:30 |
| **Offense:** | DISORDERLY CONDUCT |
| **Severity:** | Minor |
| **Location:** | Facility Property \ Section: E \ Block: 1 |
| **Inmate Notified Date:** | 07/10/2012 |

**Hearing**
| | |
|---|---|
| **Date / Time:** | 07/13/2012 09:35 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #223 and #307     30 Days Disciplinary Segregation |

**Appeal**
| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

Proprietary Information - Not For Distribution - Copyrighted

12/3/12 3:19 PM
Property of Corrections Corporation of America

CCOG00097032

**EXHIBIT 11**

Name: REDACTED     CCA ID: REDACTED   Agency ID: REDACTED



**2012-902-00401-D**

**Status:** CLOSED     **Facility:** Eloy Detention

**Offense**

| | |
|---|---|
| **Local No.:** | 12420 |
| **Date / Time:** | 07/02/2012 15:30 |
| **Offense:** | ASSAULT |
| **Severity:** | Major |
| **Location:** | Facility Property \ Section: E \ Block: 1 \ Cell: 03 \ Bed: L |
| **Inmate Notified Date:** | 07/03/2012 |

**Hearing**

| | |
|---|---|
| **Date / Time:** | 07/13/2012 09:30 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #108 and #307    60 Days Disciplinary Segregation |

**Appeal**

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

**2012-902-00408-D**

**Status:** CLOSED     **Facility:** Eloy Detention

**Offense**

| | |
|---|---|
| **Local No.:** | 12442 |
| **Date / Time:** | 07/13/2012 18:05 |
| **Offense:** | DESTRUCTION, ALTERATION OR DAMAGE TO PROPERTY |
| **Severity:** | Major |
| **Location:** | Facility Property \ Section: E \ Block: 1 \ Cell: 03 |
| **Inmate Notified Date:** | 07/15/2012 |

**Hearing**

| | |
|---|---|
| **Date / Time:** | 07/19/2012 09:35 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #219    30 Days Disciplinary Segregation, Restitution $285.00 |

**Appeal**

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

Proprietary Information - Not For Distribution - Copyrighted

12/3/12 3:19 PM

Property of Corrections Corporation of America

CCOG00097033

**EXHIBIT 11**

**Name:** REDACTED _____ **CCA ID:** REDACTED **Agency ID:** REDACTED

## 2012-902-00410-D

**Status:** CLOSED     **Facility:** Eloy Detention

| Offense | | |
|---|---|---|
| | **Local No.:** | 12446 |
| | **Date / Time:** | 07/16/2012 04:30 |
| | **Offense:** | USE OF VULGAR, ABUSIVE OR OBSCENE LANGUAGE |
| | **Severity:** | Minor |
| | **Location:** | Facility Property \ Section: E \ Block: 1 \ Cell: 12 |
| | **Inmate Notified Date:** | 07/16/2012 |

| Hearing | | |
|---|---|---|
| | **Date / Time:** | 07/19/2012 09:40 |
| | **Disposition:** | Guilty |
| | **Sanction Delivery:** | Verbal |
| | **Sanction:** | #307, #308 and #413    30 Days Disciplinary Segregation |

| Appeal | | |
|---|---|---|
| | **Date Received:** | |
| | **Disposition:** | |

## 2012-902-00412-D

**Status:** CLOSED     **Facility:** Eloy Detention

| Offense | | |
|---|---|---|
| | **Local No.:** | 12447 |
| | **Date / Time:** | 07/16/2012 10:33 |
| | **Offense:** | FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS |
| | **Severity:** | Major |
| | **Location:** | Facility Property \ Section: E \ Block: 1 |
| | **Inmate Notified Date:** | 07/16/2012 |

| Hearing | | |
|---|---|---|
| | **Date / Time:** | 07/19/2012 09:45 |
| | **Disposition:** | Guilty |
| | **Sanction Delivery:** | Verbal |
| | **Sanction:** | #223 and #307    30 Days Disciplinary Segregation |

| Appeal | | |
|---|---|---|
| | **Date Received:** | |
| | **Disposition:** | |

Proprietary Information - Not For Distribution - Copyrighted

12/3/12 3:19 PM
Property of Corrections Corporation of America

CCOG00097034

**EXHIBIT 11**

Name: REDACTED                                           CCA ID: REDACTED  Agency ID: REDACTED

## 2012-902-00418-D

**Status:** CLOSED            **Facility:** Eloy Detention

**Offense**

| | |
|---|---|
| **Local No.:** | 12453 |
| **Date / Time:** | 07/18/2012 04:45 |
| **Offense:** | UNSANITARY AND DISORDERLY HOUSING CONDITIONS |
| **Severity:** | Minor |
| **Location:** | Facility Property \ Section: SHU \ Block: N \ Cell: 07 \ Bed: L |
| **Inmate Notified Date:** | 07/18/2012 |

**Hearing**

| | |
|---|---|
| **Date / Time:** | 07/23/2012 12:50 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #413    30 Days Disciplinary Segregation |

**Appeal**

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

## 2012-902-00420-D

**Status:** CLOSED            **Facility:** Eloy Detention

**Offense**

| | |
|---|---|
| **Local No.:** | 12454 |
| **Date / Time:** | 07/19/2012 12:20 |
| **Offense:** | FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS |
| **Severity:** | Major |
| **Location:** | Facility Property \ Section: SHU \ Block: N |
| **Inmate Notified Date:** | 07/20/2012 |

**Hearing**

| | |
|---|---|
| **Date / Time:** | 07/23/2012 12:45 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #223 and #307    30 Days Disciplinary Segregation |

**Appeal**

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

Proprietary Information - Not For Distribution - Copyrighted

12/3/12 3:19 PM

Property of Corrections Corporation of America

CCOG00097035

**EXHIBIT 11**

**Name:** REDACTED **CCA ID:** REDACTED **Agency ID:** REDACTED

## 2012-902-00433-D

**Status:** CLOSED **Facility:** Eloy Detention

**Offense**

| | |
|---|---|
| **Local No.:** | 12479 |
| **Date / Time:** | 07/30/2012 09:45 |
| **Offense:** | DISORDERLY CONDUCT |
| **Severity:** | Minor |
| **Location:** | Facility Property \ Section: SHU \ Block: N |
| **Inmate Notified Date:** | 07/30/2012 |

**Hearing**

| | |
|---|---|
| **Date / Time:** | 08/01/2012 12:55 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #223 and #413    30 Days Disciplinary Segregation |

**Appeal**

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

## 2012-902-00452-D

**Status:** CLOSED **Facility:** Eloy Detention

**Offense**

| | |
|---|---|
| **Local No.:** | 12491 |
| **Date / Time:** | 08/07/2012 12:15 |
| **Offense:** | FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS |
| **Severity:** | Major |
| **Location:** | Facility Property \ Section: SHU \ Block: N \ Rec Cages |
| **Inmate Notified Date:** | 08/08/2012 |

**Hearing**

| | |
|---|---|
| **Date / Time:** | 08/10/2012 09:50 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #307    30 Days Disciplinary Segregation,  30 Days Loss of Recreation |

**Appeal**

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

Proprietary Information - Not For Distribution - Copyrighted

12/3/12 3:19 PM

Property of Corrections Corporation of America

CCOG00097036

**EXHIBIT 11**

Name: REDACTED                                    CCA ID: REDACTED  Agency ID: REDACTED



**2012-902-00464-D**

Status: CLOSED          Facility: Eloy Detention

**Offense**

Local No.: 12507

Date / Time: 08/13/2012 10:50

Offense: FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS

Severity: Major

Location: Facility Property \ Section: SHU \ Block: N \ Cell: 07 \ Bed: L

Inmate Notified Date: 08/14/2012

**Hearing**

Date / Time: 08/21/2012 08:45

Disposition: Guilty

Sanction Delivery: Verbal

Sanction: #307    30 Days Disciplinary Segregation

**Appeal**

Date Received:

Disposition:

**2012-902-00465-D**

Status: CLOSED          Facility: Eloy Detention

**Offense**

Local No.: 12508

Date / Time: 08/13/2012 16:23

Offense: ASSAULT

Severity: Major

Location: Facility Property \ Section: SHU \ Block: N \ Cell: 07 \ Bed: L

Inmate Notified Date: 08/14/2012

**Hearing**

Date / Time: 08/21/2012 08:40

Disposition: Guilty

Sanction Delivery: Verbal

Sanction: #101    60 Days Disciplinary Segregation

**Appeal**

Date Received:

Disposition:

Proprietary Information - Not For Distribution - Copyrighted

12/3/12 3:19 PM
Property of Corrections Corporation of America

**EXHIBIT 11**

CCOG00097037

Name: REDACTED                                        CCA ID: REDACTED   Agency ID: REDACTED

## 2012-902-00477-D

**Status:** CLOSED          **Facility:** Eloy Detention

**Offense**
- **Local No.:** 12517
- **Date / Time:** 08/20/2012 07:40
- **Offense:** FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS
- **Severity:** Major
- **Location:** Facility Property \ Section: SHU \ Block: N
- **Inmate Notified Date:** 08/21/2012

**Hearing**
- **Date / Time:** 08/28/2012 08:35
- **Disposition:** Guilty
- **Sanction Delivery:** Verbal
- **Sanction:** #307    30 Days Disciplinary Segregation

**Appeal**
- **Date Received:**
- **Disposition:**

## 2012-902-00479-D

**Status:** CLOSED          **Facility:** Eloy Detention

**Offense**
- **Local No.:** 12522
- **Date / Time:** 08/23/2012 11:10
- **Offense:** DISORDERLY CONDUCT
- **Severity:** Minor
- **Location:** Facility Property \ Section: SHU \ Block: N \ Cell: 07 \ Bed: L
- **Inmate Notified Date:** 08/23/2012

**Hearing**
- **Date / Time:** 08/28/2012 08:40
- **Disposition:** Guilty
- **Sanction Delivery:** Verbal
- **Sanction:** #223    30 Days Disciplinary Segregation

**Appeal**
- **Date Received:**
- **Disposition:**

Proprietary Information - Not For Distribution - Copyrighted

12/3/12 3:19 PM

Property of Corrections Corporation of America

CCOG00097038

**EXHIBIT 11**

Name: REDACTED                                    CCA ID: REDACTED   Agency ID: REDACTED



**2012-902-00484-D**

| **Status:** CLOSED | **Facility:** Eloy Detention |

Offense

**Local No.:** 12528
**Date / Time:** 08/23/2012 01:25
**Offense:** UNSANITARY AND DISORDERLY HOUSING CONDITIONS
**Severity:** Minor
**Location:** Facility Property \ Section: SHU \ Block: N \ Cell: 07 \ Bed: L
**Inmate Notified Date:** 08/23/2012

Hearing

**Date / Time:** 08/28/2012 08:45
**Disposition:** Guilty
**Sanction Delivery:** Verbal
**Sanction:** #413    30 Days Disciplinary Segregation

Appeal

**Date Received:**
**Disposition:**

**2012-902-00509-D**

| **Status:** CLOSED | **Facility:** Eloy Detention |

Offense

**Local No.:** 12559
**Date / Time:** 09/05/2012 11:35
**Offense:** FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS
**Severity:** Major
**Location:** Facility Property \ Section: SHU \ Block: N
**Inmate Notified Date:** 09/05/2012

Hearing

**Date / Time:** 09/13/2012 10:50
**Disposition:** Guilty
**Sanction Delivery:** Verbal
**Sanction:** #307    30 Days Disciplinary Segregation

Appeal

**Date Received:**
**Disposition:**

Proprietary Information - Not For Distribution - Copyrighted

12/3/12 3:19 PM

Property of Corrections Corporation of America

CCOG00097039

**EXHIBIT 11**

**Name:** REDACTED _____ **CCA ID:** REDACTED **Agency ID:** REDACTED



**2012-902-00515-D**

**Status:** CLOSED          **Facility:** Eloy Detention

**Offense**
- **Local No.:** 12566
- **Date / Time:** 09/10/2012 05:00
- **Offense:** UNSANITARY AND DISORDERLY HOUSING CONDITIONS
- **Severity:** Minor
- **Location:** Facility Property \ Section: SHU \ Block: N \ Cell: 07 \ Bed: L
- **Inmate Notified Date:** 09/10/2012

**Hearing**
- **Date / Time:** 09/13/2012 10:55
- **Disposition:** Guilty
- **Sanction Delivery:** Verbal
- **Sanction:** #413    30 Days Disciplinary Segregation

**Appeal**
- **Date Received:**
- **Disposition:**

**2012-902-00516-D**

**Status:** CLOSED          **Facility:** Eloy Detention

**Offense**
- **Local No.:** 12563
- **Date / Time:** 09/08/2012 11:00
- **Offense:** FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS
- **Severity:** Major
- **Location:** Facility Property \ Section: SHU \ Block: N \ Cell: 07 \ Bed: L
- **Inmate Notified Date:** 09/08/2012

**Hearing**
- **Date / Time:** 09/13/2012 11:00
- **Disposition:** Guilty
- **Sanction Delivery:** Verbal
- **Sanction:** #305, #307 and #404    30 Days Disciplinary Segregation

**Appeal**
- **Date Received:**
- **Disposition:**

Proprietary Information - Not For Distribution - Copyrighted

12/3/12 3:19 PM
Property of Corrections Corporation of America

CCOG00097040

**EXHIBIT 11**

Name: REDACTED                                    CCA ID: REDACTED  Agency ID: REDACTED



**2012-902-00527-D**

**Status:** CLOSED          **Facility:** Eloy Detention

**Offense**

| | |
|---|---|
| **Local No.:** | 12582 |
| **Date / Time:** | 09/16/2012 16:30 |
| **Offense:** | FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS |
| **Severity:** | Major |
| **Location:** | Facility Property \ Section: SHU \ Block: N \ Cell: 07 \ Bed: L |
| **Inmate Notified Date:** | 09/17/2012 |

**Hearing**

| | |
|---|---|
| **Date / Time:** | 09/19/2012 12:30 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #307 and #413     30 Days Disciplinary Segregation |

**Appeal**

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

**2012-902-00537-D**

**Status:** CLOSED          **Facility:** Eloy Detention

**Offense**

| | |
|---|---|
| **Local No.:** | 12586 |
| **Date / Time:** | 09/19/2012 09:10 |
| **Offense:** | DISORDERLY CONDUCT |
| **Severity:** | Minor |
| **Location:** | Facility Property \ Section: SHU \ Block: N \ Rec Cages |
| **Inmate Notified Date:** | 09/19/2012 |

**Hearing**

| | |
|---|---|
| **Date / Time:** | 09/25/2012 09:20 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #300 and #413     30 Days Disciplinary Segregation |

**Appeal**

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

Proprietary Information - Not For Distribution - Copyrighted

12/3/12 3:19 PM
Property of Corrections Corporation of America

CCOG00097041

**EXHIBIT 11**

Name: REDACTED                          CCA ID: REDACTED   Agency ID: REDACTED

## 2012-902-00539-D

| Status: CLOSED | Facility: Eloy Detention |

**Offense**

Local No.: 12592

Date / Time: 09/29/2012 11:50

Offense: FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS

Severity: Major

Location: Facility Property \ Section: SHU \ Block: N \ Showers

Inmate Notified Date: 09/21/2012

**Hearing**

Date / Time: 09/25/2012 09:25

Disposition: Guilty

Sanction Delivery: Verbal

Sanction: #307   30 Days Disciplinary Segregation

**Appeal**

Date Received:

Disposition:

## 2012-902-00542-D

| Status: CLOSED | Facility: Eloy Detention |

**Offense**

Local No.: 12594

Date / Time: 09/24/2012 08:25

Offense: FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS

Severity: Major

Location: Facility Property \ Section: SHU \ Block: N

Inmate Notified Date: 09/24/2012

**Hearing**

Date / Time: 09/28/2012 10:00

Disposition: Guilty

Sanction Delivery: Verbal

Sanction: #307 and #308   30 Days Disciplinary Segregation

**Appeal**

Date Received:

Disposition:

Proprietary Information - Not For Distribution - Copyrighted

12/3/12 3:19 PM
Property of Corrections Corporation of America

CCOG00097042

**EXHIBIT 11**

Name: REDACTED                                    CCA ID: REDACTED  Agency ID: REDACTED

## 2012-902-00550-D

**Status:** CLOSED                  **Facility:** Eloy Detention

**Offense**

| | |
|---|---|
| **Local No.:** | 12601 |
| **Date / Time:** | 09/28/2012 10:45 |
| **Offense:** | UNSANITARY AND DISORDERLY HOUSING CONDITIONS |
| **Severity:** | Minor |
| **Location:** | Facility Property \ Section: SHU \ Block: S \ Showers |
| **Inmate Notified Date:** | 09/28/2012 |

**Hearing**

| | |
|---|---|
| **Date / Time:** | 10/03/2012 09:30 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #413    30 Days Disciplinary Segregation |

**Appeal**

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

## 2012-902-00555-D

**Status:** CLOSED                  **Facility:** Eloy Detention

**Offense**

| | |
|---|---|
| **Local No.:** | 12607 |
| **Date / Time:** | 10/03/2012 16:20 |
| **Offense:** | DISORDERLY CONDUCT |
| **Severity:** | Minor |
| **Location:** | Facility Property \ Section: SHU \ Block: N \ Cell: 07 \ Bed: L |
| **Inmate Notified Date:** | 10/04/2012 |

**Hearing**

| | |
|---|---|
| **Date / Time:** | 10/16/2012 13:15 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #223, #305 and #307    30 Days Disciplinary Segregation |

**Appeal**

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

Proprietary Information - Not For Distribution - Copyrighted

12/3/12 3:19 PM
Property of Corrections Corporation of America

CCOG00097043

**EXHIBIT 11**

Name: REDACTED     CCA ID: REDACTED Agency ID: REDACTED

## 2012-902-00563-D

**Status:** CLOSED     **Facility:** Eloy Detention

### Offense

**Local No.:** 12618

**Date / Time:** 10/11/2012 10:08

**Offense:** ASSAULT

**Severity:** Major

**Location:** Facility Property \ Section: SHU \ Block: N \ Rec Cages

**Inmate Notified Date:** 10/11/2012

### Hearing

**Date / Time:** 10/16/2012 13:10

**Disposition:** Guilty

**Sanction Delivery:** Verbal

**Sanction:** #101    60 Days Disciplinary Segregation

### Appeal

**Date Received:**

**Disposition:**

## 2012-902-00566-D

**Status:** CLOSED     **Facility:** Eloy Detention

### Offense

**Local No.:** 12611

**Date / Time:** 10/05/2012 09:15

**Offense:** FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS

**Severity:** Major

**Location:** Facility Property \ Section: SHU \ Block: N \ Cell: 07 \ Bed: L

**Inmate Notified Date:** 10/05/2012

### Hearing

**Date / Time:** 10/16/2012 13:05

**Disposition:** Guilty

**Sanction Delivery:** Verbal

**Sanction:** #307    30 Days Disciplinary Segregation

### Appeal

**Date Received:**

**Disposition:**

Proprietary Information - Not For Distribution - Copyrighted

12/3/12 3:19 PM

Property of Corrections Corporation of America

CCOG00097044

**EXHIBIT 11**

**Name:** REDACTED                                    **CCA ID:** REDACTED **Agency ID:** REDACTED

## 2012-902-00575-D

**Status:** CLOSED          **Facility:** Eloy Detention

**Offense**

| | |
|---|---|
| **Local No.:** | 12629 |
| **Date / Time:** | 10/18/2012 04:20 |
| **Offense:** | FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS |
| **Severity:** | Major |
| **Location:** | Facility Property \ Section: SHU \ Block: N \ Cell: 07 \ Bed: L |
| **Inmate Notified Date:** | 10/18/2012 |

**Hearing**

| | |
|---|---|
| **Date / Time:** | 10/22/2012 12:20 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #223, #307 and #308    30 Days Disciplinary Segregation |

**Appeal**

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

## 2012-902-00585-D

**Status:** CLOSED          **Facility:** Eloy Detention

**Offense**

| | |
|---|---|
| **Local No.:** | 12640 |
| **Date / Time:** | 10/23/2012 16:20 |
| **Offense:** | FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS |
| **Severity:** | Major |
| **Location:** | Facility Property \ Section: SHU \ Block: N \ Cell: 07 \ Bed: L |
| **Inmate Notified Date:** | 10/24/2012 |

**Hearing**

| | |
|---|---|
| **Date / Time:** | 11/07/2012 11:40 |
| **Disposition:** | Not Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #307 and #308    Dismissed - Untimely IDP Hearing |

**Appeal**

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

Proprietary Information - Not For Distribution - Copyrighted

12/3/12 3:19 PM
Property of Corrections Corporation of America

CCOG00097045

**EXHIBIT 11**

Name: <mark>REDACTED</mark>                    CCA ID: <mark>REDACTED</mark>  Agency ID: <mark>REDACTED</mark>

## 2012-902-00593-D

**Status:** CLOSED        **Facility:** Eloy Detention

### Offense

| | |
|---|---|
| **Local No.:** | 12649 |
| **Date / Time:** | 10/29/2012 12:40 |
| **Offense:** | FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS |
| **Severity:** | Major |
| **Location:** | Facility Property \ Section: E \ Block: 1 |
| **Inmate Notified Date:** | 10/30/2012 |

### Hearing

| | |
|---|---|
| **Date / Time:** | 11/14/2012 13:45 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #307 and #308    30 Days Disciplinary Segregation |

### Appeal

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

## 2012-902-00597-D

**Status:** CLOSED        **Facility:** Eloy Detention

### Offense

| | |
|---|---|
| **Local No.:** | 12652 |
| **Date / Time:** | 11/02/2012 15:15 |
| **Offense:** | FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS |
| **Severity:** | Major |
| **Location:** | Facility Property \ Section: SHU \ Block: N |
| **Inmate Notified Date:** | 11/03/2012 |

### Hearing

| | |
|---|---|
| **Date / Time:** | 11/14/2012 13:40 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #307    30 Days Disciplinary Segregation |

### Appeal

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

Proprietary Information - Not For Distribution - Copyrighted

12/3/12 3:19 PM
Property of Corrections Corporation of America

CCOG00097046

**EXHIBIT 11**

**Name:** REDACTED _____ **CCA ID:** REDACTED **Agency ID:** REDACTED

## 2012-902-00599-D

**Status:** CLOSED          **Facility:** Eloy Detention

| Offense | |
|---|---|
| **Local No.:** | 12655 |
| **Date / Time:** | 11/06/2012 11:00 |
| **Offense:** | FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS |
| **Severity:** | Major |
| **Location:** | Facility Property \ Section: SHU \ Block: N \ Rec Cages |
| **Inmate Notified Date:** | 11/06/2012 |

| Hearing | |
|---|---|
| **Date / Time:** | 11/14/2012 13:50 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #223 and #307    30 Days Disciplinary Segregation |

| Appeal | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

## 2012-902-00622-D

**Status:** CLOSED          **Facility:** Eloy Detention

| Offense | |
|---|---|
| **Local No.:** | 12682 |
| **Date / Time:** | 11/22/2012 04:25 |
| **Offense:** | THREATENING ANOTHER WITH HARM |
| **Severity:** | Major |
| **Location:** | Facility Property \ Section: SHU \ Block: S \ Cell: 06 \ Bed: L |
| **Inmate Notified Date:** | 11/22/2012 |

| Hearing | |
|---|---|
| **Date / Time:** | 11/28/2012 13:20 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #109    60 Days Disciplinary Segregation |

| Appeal | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

Proprietary Information - Not For Distribution - Copyrighted

12/3/12 3:19 PM

Property of Corrections Corporation of America

CCOG00097047

**EXHIBIT 11**

CONFIDENTIAL

**Name:** REDACTED      **CCA ID:** REDACTED **Agency ID:** REDACTED

### 2012-902-00631-D

**Status:** CLOSED      **Facility:** Eloy Detention

**Offense**

**Local No.:** 12695

**Date / Time:** 11/26/2012 08:30

**Offense:** THREATENING ANOTHER WITH HARM

**Severity:** Major

**Location:** Facility Property \ Section: SHU \ Block: S \ Cell: 06

**Inmate Notified Date:** 11/26/2012

**Hearing**

**Date / Time:** 11/30/2012 14:18

**Disposition:** Adjudication Withheld

**Sanction Delivery:** Verbal

**Sanction:** #204 and #307     Detainee deported prior to hearing

**Appeal**

**Date Received:**

**Disposition:**

Proprietary Information - Not For Distribution - Copyrighted

12/3/12 3:19 PM
Property of Corrections Corporation of America

CCOG00097048

**EXHIBIT 11**

# ATTACHMENT H

# ATTACHMENT H

EXHIBIT 11
Page 0228

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INSTITUTION DISCIPLINARY PANEL REPORT

Name of Detainee: REDACTED                    A-Number: REDACTED

Date of Incident: 06/16/2012                  Code(s): 410

I.   Notice of Charge(s):

   A.   Advance written notice of charge(s) (copy of Incident Report) was given to the detainee on

        06/17/2012    at      10:00 AM
            date             time

   B.   The IDP hearing was held on      06/20/2012    at       11:20 AM
                                   date             time

   C.   The detainee was advised of his/her rights before this IDP by    B. DeGirolamo
                                                             officer

       on 06/19/2012          and a copy of the advisement of rights form is attached.

II.  Staff Representative

   A.   Detainee waived his/her right to staff representative: Yes

   B.   Detainee requested staff representative and N/A                    appeared.
                                                   staff representative

   C.   Requested staff representative declined or could not appear but detainee was advised of option to postpone hearing to
       obtain an alternative staff representative with the result: N/A

III. Presentation of Evidence:

   A.   Detainee has been advised of his/her right to present a statement or to remain silent, to present document, including written
       statements of unavailable witnesses, and for relevant and material witnesses to appear on his/her behalf.

   B.   Summary of detainee's statement: Declined to make any statement in reference to this report

   C.   Witnesses:

      1.   The following persons were called as witnesses at this hearing and appeared: N/A

      2.   A summary of testimony of each witness is attached.

      3.   The following person requested were not called for the reason(s) given N/A

      4.   Unavailable witnesses were requested to submit written statements and those statements received were considered
         (statements attached)

      5.   Documentary evidence: In addition to the incident report and investigation, the panel considered the following
         documents: N/A

      6.   Confidential information was considered by the IDP and was not provided to the detainee on
            N/A
             date

ICE Form I-894 (09/09)

CCOG00097066

**EXHIBIT 11**

REDACTED                                                      Report #12374

### Section V  Specific Evidence Relied on to Support Findings:

This report was received on 06/20/12 and the hearing was held on 06/20/12.

It is found that detainee REDACTED did violate prohibited act #410 – Failure to Follow Sanitation Regulations.

This is based upon the written Incident Report from R. Licano stating on June 14, 2012 at approximately 1540 hours he observed detainee REDACTED defecating on the cell floor in E-103.  Detainee REDACTED is housed in Echo 103 at this time and failed to use the toilet in his cell.  The shift supervisor was notified.

When given the opportunity to make a statement at this hearing this detainee refused to respond to make any statements in reference to the report.

Since this detainee has declined to make any statements in reference to the incident he has failed to provide any evidence to dispute the report.  This actions described in the report clearly constitutes failure to follow sanitation regulations.

Therefore, due to the greater weight of the evidence this DHO finds that detainee REDACTED violated prohibited act #410 as charged.

### Section VII:   Reason for Sanction or Action Taken

It must be impressed upon this detainee that misconduct of this nature will not be tolerated.  This detainee has an extensive disciplinary record since being detained at this facility including numerous 300 and 400 category offense within the last 90 days.  This was, therefore, considered as a High category offense as dictated by ICE disciplinary policy.  Due to this detainee's disciplinary record the maximum amount of disciplinary segregation was recommended.  This sanction is recommended to hopefully deter this detainee and others from future misconduct of this nature.

CCOG00097067

**EXHIBIT 11**

IV. Findings:

   X  A. The Act Was Committed as Charged

      B. The Following Act Was Committed: _____

      C. No Prohibited Act Was Committed.

V. Specific Evidence Relied on to Support Findings:
See Attached

VI. Sanctions or Action Taken:  Offense Severity:
High Due to Past Disciplinary Record    30 Days Disciplinary Segregation

VII. Reason for Sanction or Action Taken:
See Attached

| _Signature_ | _n/A_ | _n/A_ |
|---|---|---|
| Chairperson | Member | Member |

VIII. Review and Concur:

A. Concur with findings: _____

B. Proceedings terminated: _____

C. Discipline Imposed: _____

Signature ____  Assistant Field Office Director  Date: JUN 2 6 2012  Time: _____

Officer in Charge

Copy delivered to detainee by: _____  on 6/28/12

Signature and Title    Date

ICE Form I-894 (09/09)

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INCIDENT OF PROHIBITED ACTS AND NOTICE OF CHARGES

Detainee Name: REDACTED                     A-Number: REDACTED

Nationality: _United   Kingdom_           Date & Time of Incident: _06/14/12 at appoy 1540_

Incident Location: _Echo   100_            Work Assignment: _N/A_

Classification Level: _3_                   Quarters: _Cell   103_

**PROHIBITED ACTS:**

1. _410_                                    Code: _Failure to follow Sanitation Rules_
2. _____                                    Code: _____
3. _____                                    Code: _____
4. _____                                    Code: _____

Description of Incident: _On June 14, 2012 at approximately 1540 Hours,_
_this officer (COI Licano) observed Detaznee REDACTED_
_REDACTED   defecating on the cell floor in Echo 103._
_Detaznee REDACTED is housed in Echo 103 at_
_this time and fazied to use the toilet in the cell._
_Shift Supervisor Notified_

Staff Witnesses? ☐ Yes ☒ No                Evidence Attached? ☐ Yes ☒ No ☐ N/A

Supporting Memoranda  ☐ Yes ☒ No ☐ N/A

_R. Licano_                  _06/14/12 at 1603_                  _COI_
Name of Reporting Officer        Date & Time                        Signature

Reviewed for accuracy prior to investigation by _____        _6/17-12/0650_
                                    Supervisor                Date & Time

Incident Recorded on D.C.S? ☒ Yes ☐ No       Classification Level Change? ☐ Yes ☐ No
                                              _Rcvd 6/20/12 Jm_
Level change from _____ To _____

ICE Form I-884 (09/09)

CCOG00097069

**EXHIBIT 11**

**U.S. Department of Justice**
Immigration and Naturalization Service

**Investigation Report**

REDACTED

Name of Detainee

REDACTED

A-Number

6/18/12

Date of Incident

ECHO   103

Place of Incident

ECHO   103

Quarters

6.17.12

Date/Investigation

410

Code(s)

Name of Investigating Officer : BOLLENBERG_____ has advised REDACTED
Detainee

that he/she has the right to remain silent at stages of the disciplinary process, but, that silence may be used to draw an adverse inference against him/her at any stage of the disciplinary process. However, silence alone may not be used to support a finding that he/she committed a prohibited act.

Detainee Statement and Attitude During the Interview: DETAINEE  JUST  LAUGHED  WHEN  PRESENTED
WITH  THE  WRITE  UP.

Other Facts about the Incident: DETAINEE  HAS  BEEN  WRITTEN  UP  FOR
SIMILAR  OFFENCES.  THE  ROOM  WAS  UNDER  DEPLORABLE  CONDITIONS
AT  THE  TIME  OF  SERVING  THE  I.R.

Investigator's Comments and Conclusions: _CHARGES  ARE  ACCURATE._

Date and Time Investigation Began: 6.17.12  1000

Date and Time Investigation Ended: 6.17.12  1300

REDACTED

Signature of Investigating Officer

N/A

Reviewed for Accuracy by: (SDEO/DOS)

Form I-890 (02/09/00)

CCOG00097070

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## UNIT DISCIPLINARY COMMITTEE REPORT OF FINDINGS & ACTIONS

| REDACTED | REDACTED | 6-16-12 |
|---|---|---|
| Name of Detainee | A-Number | Date of Incident |

Place of Incident: 6-103     Prohibited Act(s) Code: 410

Committee Action: Comments to Committee from Detainee Regarding the above Incident: _____

_____

_____

_____

It Is the Finding of the Unite Disciplinary Committee that:

1.   You Committed the Prohibited Act as Charged: Code(s) _____
2.   You Committed the Following Prohibited Act: Code(s) _____
3.   You Did Not Commit a Prohibited Act as Charged: _____

Committee Findings Are Based on the Following Information: _____

_____

_____

_____

**Committee Action:**

☐ Waives IDP Hearing and Accepts the UDCs Sanction: _____

☒ Refer to IDP          Date & Time: _____ / _____     Name of Detainee
☐ Loss of Privileges    ☐ Loss of job                ☐ Quarter Changes
☐ Restrict to Dorm      ☐ Remove from Program        ☐ Reprimand
☐ Warning               ☐ Confiscate Contraband      ☐ Impound Personal Property

Comments: Based upon the Detainees last Disciplinary record greater sanctions
should be imposed than are available at the UDC level

_____

_____

UDC Chairpersons Signature: _____N/A_____

UDC Member's Signature: _Bodjure_

UDC Time and Date: 11:15 , 6-19-12

ICE Form I-891 (09/09)

CCOG00097071

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## DETAINEE RIGHTS AT THE INSTITUTION DISCIPLINARY PANEL HEARING(IDP)

**Detainee Rights at The Institution Disciplinary Panel Hearing (IDP)**

As a detainee charged with a prohibited act(s), you have been referred to the Institution Disciplinary Panel for disposition. While at the IDP hearing, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the IDP.

2. The right to have a full time member of staff who is reasonably available to assist you before the IDP.

3. The right to call witnesses and present documentary evidence in your behalf, provided institutional safety would not be jeopardized.

4. The right to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act.

5. The right to be present throughout the IDP decision, except during committee deliberations and where institutional safety would be in jeopardy.

6. The right to be advised of the IDP decision in writing and the facts supporting the panel's decision, except where institutional safety would be jeopardized.

7. The right to appeal the decision of the IDP by means of the Detainee Grievance Procedure to the Officer in Charge, within 15 days of the notice of the panel's decision and disposition.

**I hereby acknowledge that I have been advised of the rights afforded me at the Institution Disciplinary Panel hearing.**

Signed: _____  A-Number: _____  Date: _____

Notice of Rights given to the detainee by _____

Staff Member & Date

Refusal to Sign *of Detainee Refused to allow me to read him his rights and Process of IDP Process*

I have personally advised _____ of the rights afforded detainees at the Institution Disciplinary Panel hearing.
The detainee refused to sign the acknowledgment.

Staff member and date: _~~B. Whelan~~_  6-19-1~~√~~

**Waiver of 24 hours Notice:**

I have been advised that I have at least a 24 hour notice prior to before the IDP. At this time, I wish to waive this right and proceed with the IDP hearing.

Detainee Signature, Date and Time: _____

ICE Form I-892 (09/09)

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## NOTICE OF INSTITUTION DISCIPLINARY PANEL HEARING

REDACTED      REDACTED      6-19-12

_____     _____     _____
Name of Detainee      A-Number      Date

Alleged Disciplinary Code Violation(s): __4/0__

Date of Offense: __6-16-12__

You are being referred to the Institution Disciplinary panel for the above mentioned charge(s).

The hearing will be held on __6-20-12__, at __TBD__ (time) at the following location __E100__.

You are entitled to have a full time staff member represent you at the hearing. Please indicate below if you desire to have a staff member assist you, and if so, his or her name.

I (do) ___ (do not) _X_ wish to have a staff representative.

If so, the staff representative's name is _____.

You also have the right to call witnesses at the hearing and to present documentary evidence in your behalf, provided, that calling your witnesses will not jeopardize facility security. Names of witnesses you wish to call should be listed below. State below what each proposed witnesses would be able to testify to:

Name: __none__ Can testify to: _____

Name: _____ Can testify to: _____

Name: _____ Can testify to: _____

The chairperson of the Institution Disciplinary Panel will call those listed above as witnesses (staff or detainee) who are reasonably available, and who are determined by the chairperson to be necessary for an appreciation of all of the circumstances surround the charge(s). Repetitive witnesses need not be called. Unavailable witnesses may be asked to submit written statements. If additional space is required, use the reverse side of the form.

ICE Form I-893 (09/09)

CCOG00097073

**EXHIBIT 11**

# ATTACHMENT I

# ATTACHMENT I

EXHIBIT 11
Page 0237

12424

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## UNIT DISCIPLINARY COMMITTEE REPORT OF FINDINGS & ACTIONS

REDACTED

7·4·12
Date of Incident

Name of Detainee                    A-Number

Place of Incident: _F-219_        Prohibited Act(s) Code: _301_

Committee Action: Comments to Committee from Detainee Regarding the above Incident: _____

It Is the Finding of the Unite Disciplinary Committee that:

1. You Committed the Prohibited Act as Charged: Code(s) _301_
2. You Committed the Following Prohibited Act: Code(s) _____
3. You Did Not Commit a Prohibited Act as Charged: _____

Committee Findings Are Based on the Following Information: _Based upon the written report of the officers and a statement that from the Detainee, he did commit the prohibited act_

**Committee Action:**

☐ Waives IDP Hearing and Accepts the UDCs Sanction: _____

Name of Detainee

☐ Refer to IDP           Date & Time: _____/_____
☑ Loss of Privileges     ☐ Loss of job              ☐ Quarter Changes
☐ Restrict to Dorm       ☐ Remove from Program      ☐ Reprimand
☐ Warning                ☐ Confiscate Contraband    ☐ Impound Personal Property

Comments: _30 days loss commissary_

UDC Chairpersons Signature: _____

UDC Member's Signature: __REDACTED_ Obin

UDC Time and Date: _1205_ , _7·6·12_

ICE Form I-891 (09/09)

CCOG00097002

**EXHIBIT 11**

12424

**DEPARTMENT OF HOMELAND SECURITY**
U.S. Immigration and Customs Enforcement

## INCIDENT OF PROHIBITED ACTS AND NOTICE OF CHARGES

Detainee Name: [REDACTED]                      A-Number: [REDACTED]

Nationality: _GUATEMALAN_                  Date & Time of Incident: _7-2-17_

Incident Location: _F219_                   Work Assignment: _____

Classification Level: _1_                   Quarters: _C802_

**PROHIBITED ACTS:**
1. _STEALING (THEFT)_      Code: _301_
2. _____         Code: _____
3. _____         Code: _____
4. _____         Code: _____

Description of Incident: _DETAINEE_ [REDACTED] _F219 CAME TO MY OFFICE_
_AND ALLEGED THAT HIS SUNGLASSES WERE STOLEN BY_
_DETAINEE_ [REDACTED] _OF F217. I C/M TASKUS_
_SEARCHED_ [REDACTED] _CELL NOT FINDING THE SUNGLASSES._
_DETAINEE_ [REDACTED] _SEEMED VERY NERVOUS SO I ASKED_
_C/O NIETO (POD OFFICER FOR 200) TO TRANSLATE FOR ME AND ASK_
_DETAINEE_ [REDACTED] _IF HE STOLE THE SUNGLASSES. DETAINEE_
[REDACTED] _ADMITTED TO STEALING THEM ALONG W/ 2 SOUPS,_
[REDACTED] _STATED HE WAS SCARED TO GET BEAT UP AND_
_THEREFORE THREW THE SUNGLASSES IN THE TRASH. DETAINEE_
[REDACTED] _RESIDED IN F217 AND WAS MOVED TO C502 FOR HIS SAFETY._

Staff Witnesses? ☒ Yes ☐ No          Evidence Attached?  ☒ Yes ☐ No ☐ N/A

Supporting Memoranda  ☒ Yes ☐ No ☐ N/A

_C/M_ [REDACTED] _TASKUS_      _7-4-12  9:00AM._           [REDACTED] _P.L_
Name of Reporting Officer       Date & Time                    Signature

Reviewed for accuracy prior to investigation by: _____        _7/5/12  1435hRS_
                                    Supervisor                       Date & Time

Incident Recorded on D.C.S?  ☒ Yes ☐ No        Classification Level Change?  ☐ Yes ☐ No

Level change from _____ To _____

ICE Form I-884 (09/09)

CCOG00097003

**EXHIBIT 11**

5-1C

# INCIDENT STATEMENT

| Facility | E DC |
|---|---|

| Incident Number | |
|---|---|

| Incident Date | 07/04/2012 | Incident Time (HRS) | 0900 hrs |
|---|---|---|---|

| Person Name | ID Number (Employee #/Inmate #/Civilian ID) | Person Type (Employee/Inmate/Civilian) | Person Role (Witness or Participant) |
|---|---|---|---|
| C. Nieto | REDACTED | Employee | |

| Housing Location (For Inmates/Residents Only) | C217 | REDACTED |
|---|---|---|

**Based on your own knowledge, what did you see, hear, and do?**

**Did you receive any injuries?  YES or NO  (if YES, Explain Below)**

On 07/04/2012 at approximate 0900hrs, Counselor Pascual came into Fax 200 pod He ask me to go with him to C217. Pascual asked Detainee REDACTED if took a pair of sunglasses. I c/o Nieto translated for him. Detainee REDACTED admitted to me that he took the sunglasses and that he threw them in trash can at 6:00 pm yesterday 7/3/12

**Were you evaluated by medical?  YES or NO**

| Printed Name: | C. Nieto | | Date: | 7/4/12 |
|---|---|---|---|---|
| Signature: | C. Nieto | | Date: | |
| Typed By: | | | | |

This section to be completed by CCA staff if the civilian/other or inmate/resident refused to complete the 5-1C.

Place an "X" in the appropriate box:

| | Inmate/Resident refused to complete this 5-1C |
|---|---|
| | Civilian/Other refused to complete this 5-1C |

| Employee/Witness Printed Name | | Date: | |
|---|---|---|---|
| Employee/Witness Signature | | | |

| Employee/Witness Printed Name | | Date: | |
|---|---|---|---|
| Employee/Witness Signature | | | |

9/2/08

Proprietary Information – Not For Distribution – Copyrighted        Property of Corrections Corporation of America

CCOG00097004

**EXHIBIT 11**

5-1C

# INCIDENT STATEMENT

| Facility | ELOY DETENTION CENTER | Incident Number | |
|---|---|---|---|

| Incident Date | 7/4/12 | | Incident Time (HRS) | 0910 |
|---|---|---|---|---|

| Person Name | ID Number (Employee #/Inmate #/Civilian ID) | Person Type (Employee/Inmate/Civilian) | Person Role (Witness or Participant) |
|---|---|---|---|
| M. CASTELLANOS | REDACTED | CO | |

| Housing Location (For Inmates/Residents Only) | POX - 2M - REDACTED |
|---|---|

**Based on your own knowledge, what did you see, hear, and do?**

| Did you receive any injuries? YES or NO (If YES, Explain Below) | ON THE ABOVE DATE |
|---|---|

AND APPROXIMATE TIME I, C/O CASTELLANOS, TRANSLATED A CONVERSATION BETWEEN MR. PASKUS AND DETAINER REDACTED DURING THIS CONVERSATION REDACTED ADMITTED TO STEALING ONE PAIR OF SUNGLASSES AND TWO SOUPS IN POX 200.

**Were you evaluated by medical? YES or NO**

| Printed Name: | M CASTELLANOS | | |
|---|---|---|---|
| Signature: | Castellanos | Date: | 7/4/12 |
| Typed By: | | Date: | |

**This section to be completed by CCA staff if the civilian/other or inmate/resident refused to complete the 5-1C.**

Place an "X" in the appropriate box:

| | Inmate/Resident refused to complete this 5-1C. |
|---|---|
| | Civilian/Other refused to complete this 5-1C |

| Employee/Witness Printed Name | MR PASKUS | Date: | |
|---|---|---|---|
| Employee/Witness Signature | | | |

| Employee/Witness Printed Name | M REDA DE GARAVINI | Date: | |
|---|---|---|---|
| Employee/Witness Signature | | | |

9/2/08

roprietary Information – Not For Distribution – Copyrighted        Property of Corrections Corporation of America

CCOG00097005

**EXHIBIT 11**

**DEPARTMENT OF HOMELAND SECURITY**
U.S. Immigration and Customs Enforcement

**INVESTIGATION REPORT**

REDACTED

7/1[?]/12

| Name of Detainee | A-Number | Date of Incident |

F219                         C502                    7/5/12              301

| Place of Incident | Quarters | Date/Investigation | Code(s) |

Name of Investigating Officer: D. Solis   has advised   REDACTED

Detainee

that he/she has the right to remain silent at stages of the disciplinary process, but, that silence may be used to draw an adverse inference against him/her at any stage of the disciplinary process. However, silence alone may not be used to support a finding that he/she comitted a prohibited act.

Detainee Statement and Attitude During the Interview: Cooperative,
stated he took the sunglasses and then threw them away
because he was scared to got beat up.

Other Facts about the Incident: Detainee admitted to taking the sunglasses
because he liked them

Investigator's Comments and Conclusions: properly charged

Date and Time Investigation Began: 7/5/12 | 520

Date and Time Investigation Ended: 7/5/12 | 15

REDACTED

Signature of Investigating Officer

N/A

Reviewed for Accuracy by: (Supervisor Name and Title)

ICE Form I-890 (09/09)

**EXHIBIT 11**

**U.S. Department of Justice**
Immigration and Naturalization Service

**Detainee Rights**

### Detainee Rights at The Institution Disciplinary Panel Hearing (IDP)

As a detainee charged with a prohibited act(s), you have been referred to the Institution Disciplinary Panel for disposition. While at the IDP hearing, you have the following rights:

1.  The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the IDP.

2.  The right to have a full time member of staff who is reasonably available to assist you before the IDP.

3.  The right to call witnesses and present documentary evidence in your behalf, provided institutional safety would not be jeopardized.

4.  The right to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act.

5.  The right to be present throughout the IDP decision, except during committee deliberations and where institutional safety would be in jeopardy.

6.  The right to be advised of the IDP decision in writing and the facts supporting the panel's decision, except where institutional safety would be jeopardized.

7.  The right to appeal the decision of the IDP by means of the Detainee Grievance Procedure to the Officer in Charge, within 15 days of the notice of the panel's decision and disposition.

**I hereby acknowledge that I have been advised of the rights afforded me at the Institution Disciplinary Panel hearing.**

Signed: X **REDACTED**    A-Number **REDACTED**    Date: 7.6.12

Notice of Rights given to the detainee by **REDACTED**    _Cuee_    7.6.12
Staff Member & Date

**Refusal to Sign**

I have personally advised_____of the rights afforded detainees at the Institution Disciplinary Panel hearing. The detainee refused to sign the acknowledgment.

Staff member and date:_____

**Waiver of 24 hours Notice:**

I have been advised that I have at least a 24 hour notice prior to appearing before the IDP. At this time, I wish to waive this right and proceed with the IDP hearing

Detainee Signature, Date and Time:_____

Form No. 1892 (02.03.00)

**EXHIBIT 11**

CCOG00097007

# ATTACHMENT J

# ATTACHMENT J

**EXHIBIT 11**
**Page 0244**

12483

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INSTITUTION DISCIPLINARY PANEL REPORT

Name of Detainee: REDACTED          A-Number: REDACTED

Date of Incident: 07/18/2012          Code(s): 413

I.   Notice of Charge(s):

A.   Advance written notice of charge(s) (copy of Incident Report) was given to the detainee on

    07/18/2012    at     7:22 PM
        date               time

B.   The IDP hearing was held on    07/23/2012    at    12:50 PM
                                 date               time

C.   The detainee was advised of his/her rights before this IDP by    J. Escarcega
                                                             officer

    on 07/19/2012        and a copy of the advisement of rights form is attached.

II.  Staff Representative

A.   Detainee waived his/her right to staff representative: Yes

B.   Detainee requested staff representative and N/A                 appeared.
                                           staff representative

C.   Requested staff representative declined or could not appear but detainee was advised of option to postpone hearing to obtain an alternative staff representative with the result: N/A

III. Presentation of Evidence:

A.   Detainee has been advised of his/her right to present a statement or to remain silent, to present document, including written statements of unavailable witnesses, and for relevant and material witnesses to appear on his/her behalf.

B.   Summary of detainee's statement: No Statement

C.   Witnesses:

1.   The following persons were called as witnesses at this hearing and appeared: N/A

2.   A summary of testimony of each witness is attached.

3.   The following person requested were not called for the reason(s) given  N/A

4.   Unavailable witnesses were requested to submit written statements and those statements received were considered (statements attached)

5.   Documentary evidence: In addition to the incident report and investigation, the panel considered the following documents: N/A

6.   Confidential information was considered by the IDP and was not provided to the detainee on
         N/A
         date

ICE Form I-894 (09/09)

CCOG00097074

**EXHIBIT 11**

REDACTED

**Report #12453**

## Section V  Specific Evidence Relied on to Support Findings:

This report was received on 07/20/12 and the hearing was held on 07/23/12 (07/21 – Sat;  07/22 – Sun).

It is found that detainee REDACTED did violate prohibited act #413 – Being Unsanitary.

This is based upon the written Incident Report from K. Wead stating detainee REDACTED in Echo 607 threw a cup of oatmeal and 3 styros out of his food trap.  He also urinated out of the food trap on the floor.

When given the opportunity to make a statement at this hearing this detainee refused to make any statements in reference to the report.  When asked if he wanted to speak about this report he just sat on his bed looking at his cell door and refused to respond.

Since this detainee has declined to make any statements in reference to the incident he has failed to provide any evidence to dispute the report.  This actions described in the report clearly constitute being unsanitary.

Therefore, due to the greater weight of the evidence this DHO finds that detainee REDACTED violated prohibited act #413 as charged.

## Section VII:   Reason for Sanction or Action Taken

It must be impressed upon this detainee that misconduct of this nature will not be tolerated.  This detainee has an extensive disciplinary record since being detained at this facility including numerous 300 and 400 category offense within the last 90 days.  This was, therefore, considered as a High category offense.  Due to this detainee's disciplinary record the maximum amount of disciplinary segregation was recommended.  This sanction is recommended to hopefully deter this detainee and others from future misconduct of this nature.

IV.  Findings:

    __X__  A. The Act Was Committed as Charged

    _____  B. The Following Act Was Committed: _____

    _____  C. No Prohibited Act Was Committed.

V.  Specific Evidence Relied on to Support Findings:
See Attached

VI.  Sanctions or Action Taken: Offense Severity:
High Due to Past Disciplinary Record    30 Days Disciplinary Segregation

VII.  Reason for Sanction or Action Taken:
See Attached

_____    _____    _____
Chairperson                Member                Member

VIII.  Review and Concur:

A.  Concur with findings: _____

B.  Proceedings terminated: _____

C.  Discipline Imposed: _____

Signature _____  Date: 7/27/12  Time: 4 PM
Officer in Charge

Copy delivered to detainee by: _____  on 7/27/12
Signature and Title              Date

ICE Form I-894 (09/09)

CCOG00097076

**EXHIBIT 11**

12453

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INCIDENT OF PROHIBITED ACTS AND NOTICE OF CHARGES

Detainee Name: REDACTED

A-Number: REDACTED

Nationality: _____

Date & Time of Incident: 4:45 AM 7/18/12

Incident Location: ECHO 600 Room 107

Work Assignment: _____

Classification Level: _____

Quarters: E-600 Room 107

PROHIBITED ACTS:

1. UNSANITARY          Code: 413
2. _____     Code: _____
3. _____     Code: _____
4. _____     Code: _____

Description of Incident: About 4:45 AM inmate REDACTED
In Echo 600 Room 107. threw a cup of oatmeal and
3 styros out of his food trap. He also urinated out
of the food trap on the floor

Staff Witnesses?  ☑ Yes  ☐ No

Evidence Attached?  ☐ Yes  ☐ No  ☐ N/A

Supporting Memoranda  ☐ Yes  ☐ No  ☐ N/A

K Webb

Name of Reporting Officer

4:45 AM 7/18/12

Date & Time

K Webb

Signature

Reviewed for accuracy prior to investigation by: _____
Supervisor

7/18/12  1756

Date & Time

Incident Recorded on D.C.S?  ☑ Yes  ☐ No

Level change from _____ To _____

Classification Level Change?  ☐ Yes  ☐ No

Rcvd 7/20/12 Jm

ICE Form I-884 (09/09)

CCOG00097077

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INVESTIGATION REPORT

| REDACTED | REDACTED | 07/18/2012 |
|---|---|---|
| Name of Detainee | A-Number | Date of Incident |

| Echo-600 Cell #107 | Echo-600 Cell #107 | 07/18/2012 | 413 |
|---|---|---|---|
| Place of Incident | Quarters | Date/Investigation | Code(s) |

Name of Investigating Officer: R REDAC McCauley        has advised REDACTED
                                                                    Detainee

that he/she has the right to remain silent at stages of the disciplinary process, but, that silence may be used to draw an adverse inference against him/her at any stage of the disciplinary process. However, silence alone may not be used to support a finding that he/she comitted a prohibited act.

Detainee Statement and Attitude During the Interview: Detainee REDACTED refused to comment about this incident report and would not approach the door to discuss it. Detainee REDACTED was very uncooperative and exhibited a bad attitude.

Other Facts about the Incident:

Investigator's Comments and Conclusions: Appropriately charged

Date and Time Investigation Began: 7/18/12 1922 Hrs

Date and Time Investigation Ended: 7/18/12 1923 Hrs

Signature of Investigating Officer

N/A
Reviewed for Accuracy by: (Supervisor Name and Title)

ICE Form I-890 (09/09)

CONFIDENTIAL

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## UNIT DISCIPLINARY COMMITTEE REPORT OF FINDINGS & ACTIONS

| REDACTED | REDACTED | 7-18-12 |
|---|---|---|
| Name of Detainee | A-Number | Date of Incident |

Place of Incident: E-600     Prohibited Act(s) Code: 413

Committee Action: Comments to Committee from Detainee Regarding the above Incident: Detainee would not respond. Only made hand gestures indicating he did not want to talk.

It Is the Finding of the Unite Disciplinary Committee that:

1. You Committed the Prohibited Act as Charged: Code(s) _____
2. You Committed the Following Prohibited Act: Code(s) _____
3. You Did Not Commit a Prohibited Act as Charged: _____

Committee Findings Are Based on the Following Information: _____

Committee Action:
☐ Waives IDP Hearing and Accepts the UDCs Sanction: _____

Name of Detainee

☒ Refer to IDP     Date & Time: _____ / _____
☐ Loss of Privileges     ☐ Loss of job     ☐ Quarter Changes
☐ Restrict to Dorm     ☐ Remove from Program     ☐ Reprimand
☐ Warning     ☐ Confiscate Contraband     ☐ Impound Personal Property

Comments: Based upon the detainees past disciplinary record, greater sanctions should be imposed than are available at the UDC level.

UDC Chairpersons Signature: _____

UDC Member's Signature: N/A

UDC Time and Date: 1100 , 7-19-12

ICE Form I-891 (09/09)

CCOG00097079

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

# DETAINEE RIGHTS AT THE INSTITUTION DISCIPLINARY PANEL HEARING(IDP)

### Detainee Rights at The Institution Disciplinary Panel Hearing (IDP)

As a detainee charged with a prohibited act(s), you have been referred to the Institution Disciplinary Panel for disposition. While at the IDP hearing, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the IDP.

2. The right to have a full time member of staff who is reasonably available to assist you before the IDP.

3. The right to call witnesses and present documentary evidence in your behalf, provided institutional safety would not be jeopardized.

4. The right to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act.

5. The right to be present throughout the IDP decision, except during committee deliberations and where institutional safety would be in jeopardy.

6. The right to be advised of the IDP decision in writing and the facts supporting the panel's decision, except where institutional safety would be jeopardized.

7. The right to appeal the decision of the IDP by means of the Detainee Grievance Procedure to the Officer in Charge, within 15 days of the notice of the panel's decision and disposition.

**I hereby acknowledge that I have been advised of the rights afforded me at the Institution Disciplinary Panel hearing.**

Signed: _____   A-Number: _____   Date: _____

Notice of Rights given to the detainee by _____
                                                              Staff Member & Date

---

**Refusal to Sign**    REDACTED

I have personally advised ████████████████████ of the rights afforded detainees at the Institution Disciplinary Panel hearing.
The detainee refused to sign the acknowledgment.

Staff member and date: _J. Escurce_____ GC  7-19-12_
_Detainee refused to cooperate._

**Waiver of 24 hours Notice:**

I have been advised that I have at least a 24 hour notice prior to before the IDP. At this time, I wish to waive this right and proceed with the IDP hearing.

Detainee Signature, Date and Time: _____

ICE Form I-892 (09/09)

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## NOTICE OF INSTITUTION DISCIPLINARY PANEL HEARING

| REDACTED | REDACTED | 7-19-12 |
|---|---|---|
| Name of Detainee | A-Number | Date |

Alleged Disciplinary Code Violation(s): _____ 413 _____

Date of Offense: ___ 7-18-12 _____

You are being referred to the Institution Disciplinary panel for the above mentioned charge(s).

The hearing will be held on ___ 7-23-12 ___, at ___ TBD ___ (time) at the following location ___ E600 ___.

You are entitled to have a full time staff member represent you at the hearing. Please indicate below if you desire to have a staff member assist you, and if so, his or her name.

I (do) ___ (do not) ___ wish to have a staff representative.

If so, the staff representative's name is _____.

You also have the right to call witnesses at the hearing and to present documentary evidence in your behalf, provided, that calling your witnesses will not jeopardize facility security. Names of witnesses you wish to call should be listed below. State below what each proposed witnesses would be able to testify to:

Name: _*none*_____ Can testify to: _____

Name: _____ Can testify to: _____

Name: _____ Can testify to: _____

The chairperson of the Institution Disciplinary Panel will call those listed above as witnesses (staff or detainee) who are reasonably available, and who are determined by the chairperson to be necessary for an appreciation of all of the circumstances surround the charge(s). Repetitive witnesses need not be called. Unavailable witnesses may be asked to submit written statements. If additional space is required, use the reverse side of the form.

ICE Form I-893 (09/09)

CCOG00097081

**EXHIBIT 11**