# ATTACHMENT K

# ATTACHMENT K

EXHIBIT 11
Page 0253

12493

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## UNIT DISCIPLINARY COMMITTEE REPORT OF FINDINGS & ACTIONS

REDACTED

REDACTED

Name of Detainee _____ A-Number _____ Date of Incident: 8/8/12

Place of Incident: Alpha Unit   Prohibited Act(s) Code: 312

Committee Action: Comments to Committee from Detainee Regarding the above Incident: Claims he
was not playing cards

It Is the Finding of the Unite Disciplinary Committee that:

1. You Committed the Prohibited Act as Charged: Code(s) 312
2. You Committed the Following Prohibited Act: Code(s)
3. You Did Not Commit a Prohibited Act as Charged:

Committee Findings Are Based on the Following Information: Based on the write up
and Sgt's report

**Committee Action:**

☐ Waives IDP Hearing and Accepts the UDCs Sanction:
_____ Name of Detainee

☐ Refer to IDP   Date & Time: 8/10/12 / 1405
☒ Loss of Privileges   ☐ Loss of job   ☐ Quarter Changes
☐ Restrict to Dorm   ☐ Remove from Program   ☐ Reprimand
☐ Warning   ☐ Confiscate Contraband   ☐ Impound Personal Property

Comments: 1 week loss of Rec

UDC Chairpersons Signature: Clck. Reinado

UDC Member's Signature: Clck. Reinado

UDC Time and Date: 1405 / 8/10/12

ICE Form I-891 (09/09)

CCOG00096994

**EXHIBIT 11**

#12493

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INCIDENT OF PROHIBITED ACTS AND NOTICE OF CHARGES

Detainee Name: REDACTED                          A-Number: REDACTED

Nationality: Mexico                              Date & Time of Incident: 8-08-12 1100Hr

Incident Location: Alpha Building                Work Assignment: N/A

Classification Level: Low                         Quarters: B-619

**PROHIBITED ACTS:**

1. Being in an unauthorized          Code: 312
2. _____          Code: _____
3. _____          Code: _____
4. _____          Code: _____

Description of Incident: On 8/8/12 at approximately 1100 Hrs I C/O A. Liles was posted in
Bravo 600 when I received a call from Unit Manager R. Bishop in Alpha Building
stating that detainee REDACTED               was found in Alpha building playing
cards

Staff Witnesses?  ☒ Yes ☐ No          Evidence Attached?  ☐ Yes ☒ No ☐ N/A

Supporting Memoranda  ☐ Yes ☒ No ☐ N/A

A. Liles                          8/8/12 1145 Hr        REDACTED  _____
Name of Reporting Officer        Date & Time                    Signature

Reviewed for accuracy prior to investigation by: R. m^c cauly                    8/8/12
                                                  Supervisor                     Date & Time

Incident Recorded on D.C.S?  ☐ Yes ☐ No          Classification Level Change?  ☐ Yes ☐ No

Level change from _____ To _____

ICE Form I-884 (09/09)

CCOG00096995

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INVESTIGATION REPORT

REDACTED
Name of Detainee

REDACTED
A-Number

8/8/12
Date of Incident

Alpha Unit
Place of Incident

3-618
Quarters

8/8/12
Date/Investigation

312
Code(s)

Name of Investigating Officer: D Garcia   has advised   REDACTED
Detainee

that he/she has the right to remain silent at stages of the disciplinary process, but, that silence may be used to draw an adverse inference against him/her at any stage of the disciplinary process. However, silence alone may not be used to support a finding that he/she comitted a prohibited act.

Detainee Statement and Attitude During the Interview: DETAINEE REDACTED WAS COOPERATIVE AND LAUGHED WHEN CONFRONTED STATING "YEAH I WAS OVER THERE PLAYING CARDS."

Other Facts about the Incident: DETAINEE REDACTED WAS fully AWARE THAT HE WAS IN AN UNAUTHORIZED AREA.

Investigator's Comments and Conclusions: DETAINEE REDACTED HAS BEEN properly CHARGED BY HIS OWN ADMISSION. REFER TO UDC.

Date and Time Investigation Began: 8/8/12 1518
Date and Time Investigation Ended: 8/8/12 1526

REDACTED
Signature of Investigating Officer

N/A
Reviewed for Accuracy by: (Supervisor Name and Title)

ICE Form I-890 (09/09)

CCOG00096996

**EXHIBIT 11**

The detainee in UDC proceedings shall have the right to:

Remain silent at any stage of the disciplinary process.

Present statements and evidence, including witness testimony on his or her own behalf.

Appeal the committee's determination through the detainee grievance process.

I hereby acknowledge that I have been advised of the rights afforded me at the Unit Disciplinary Committee

hearing.

Signed ███ REDACTED ███_____A-Number ███ REDACTED ███____Date: 8/10/12

Notice of Rights given to the detainee by C.  L. Peinado 8/10/12 Staff Member & Date

_____

Refusal to Sign

I have personally advised_____of the rights afforded detainees at the Unit
Disciplinary Committee  hearing. The detainee refused to sign the acknowledgment.

Staff member and date:_____

# ATTACHMENT L

# ATTACHMENT L

EXHIBIT 11
Page 0258

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INSTITUTION DISCIPLINARY PANEL REPORT

Name of Detainee: REDACTED                    A-Number: REDACTED

Date of Incident: 08/20/2012                  Code(s): 307

**I.** Notice of Charge(s):

  **A.** Advance written notice of charge(s) (copy of Incident Report) was given to the detainee on

    08/21/2012 .   at   6:00 AM
      date            time

  **B.** The IDP hearing was held on   08/28/2012   at   8:35 AM
                           date            time

  **C.** The detainee was advised of his/her rights before this IDP by   J. Escarcega
                                                           officer
  on 08/23/2012                    and a copy of the advisement of rights form is attached.

**II.** Staff Representative

  **A.** Detainee waived his/her right to staff representative: Yes

  **B.** Detainee requested staff representative and N/A                               appeared.
                                                 staff representative

  **C.** Requested staff representative declined or could not appear but detainee was advised of option to postpone hearing to
  obtain an alternative staff representative with the result: N/A

**III.** Presentation of Evidence:

  **A.** Detainee has been advised of his/her right to present a statement or to remain silent, to present document, including written
  statements of unavailable witnesses, and for relevant and material witnesses to appear on his/her behalf.

  **B.** Summary of detainee's statement: I didn't refuse the leg irons.   I refused to raise my feet
  for the leg irons.

  **C.** Witnesses:

  **1.** The following persons were called as witnesses at this hearing and appeared: N/A

  **2.** A summary of testimony of each witness is attached.

  **3.** The following person requested were not called for the reason(s) given N/A

  **4.** Unavailable witnesses were requested to submit written statements and those statements received were considered
  (statements attached)

  **5.** Documentary evidence: In addition to the incident report and investigation, the panel considered the following
  documents: Incident Statement from CO F. Felix

  **6.** Confidential information was considered by the IDP and was not provided to the detainee on
    N/A
    date

ICE Form I-894 (09/09)

CCOG00097082

**EXHIBIT 11**

REDACTED                                                          Report #12517

### Section V  Specific Evidence Relied on to Support Findings:

This report was received on 08/27/12 and the hearing was completed on 08/27/12. *28 Jm*

It is found that detainee REDACTED did violate prohibited act #307 – Refusing to Obey an Order.

This is based upon the written Incident Report from G. Rodriguez stating on 08/20/12 at approximately 7:40 a.m. he gave detainee REDACTED a direct order to have leg irons placed on him. The detainee replied that he didn't need them and he didn't want them on. At that time detainee REDACTED was placed back into his cell with no further incident.

This DHO also considered an Incident Statement from F. Felix stating he was assisting CO G. Rodriguez with moving detainee REDACTED from his cell to the shower. After handcuffing detainee REDACTED CO Rodriguez gave REDACTED an order to submit to leg irons. REDACTED refused. CO Rodriguez again gave him a direct order to put the leg irons on and again he refused saying he did not need them on and did not want them on. At that time REDACTED was placed back into his cell with no further incident.

When given the opportunity to make a statement at this hearing this detainee stated "I didn't refuse the leg irons. I refused to raise my feet for the leg irons."

Although this detainee states that he didn't refuse the leg irons he did say that he refused to raise his feet for the leg irons which in itself constitutes refusing an order.

Therefore, due to the greater weight of the evidence this DHO finds that detainee REDACTED violated prohibited act #307 as charged.

### Section VII:   Reason for Sanction or Action Taken

When a staff member gives a detainee an order to do something it is expected that the detainee comply with the order. It must be impressed upon this detainee that misconduct of this nature will not be tolerated. This detainee has an extensive disciplinary record and, therefore, this was considered as a High category offense. Due to this detainee's extensive disciplinary record the maximum amount of disciplinary segregation was recommended. This sanction is recommended to hopefully deter this detainee and others from future misconduct of this nature.

CCOG00097083

**EXHIBIT 11**

12517

IV. Findings:

    X  A. The Act Was Committed as Charged

    ____  B. The Following Act Was Committed: _____

    ____  C. No Prohibited Act Committed.

V. Specific Evidence Relied on to Support Findings:
See Attached

VI. Sanctions or Action Taken:  Offense Severity:
High Due to Past Disciplinary Record    30 Days Disciplinary Segregation

VII. Reason for Sanction or Action Taken:
See Attached

_____      _____      _____
Chairperson                              Member                           Member

VIII. Review and Concur:

    A. Concur with findings: _____

    B. Proceedings terminated: _____

    C. Discipline Imposed: _____

Signature _____  Date: _____  Time: _____
Officer In Charge

Copy delivered to detainee by: _____  on _____
Signature and Title                      Date

ICE Form I-894 (09/09)

CCOG00097084

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INCIDENT OF PROHIBITED ACTS AND NOTICE OF CHARGES

Detainee Name: REDACTED

A-Number: REDACTED

Nationality: United Kingdom

Date & Time of Incident: 8/20/12 / 7:40 AM

Incident Location: E600

Work Assignment: N/A

Classification Level: HIGH

Quarters: DI-107

**PROHIBITED ACTS:**

1. REFUSING DIRECT ORDER     Code: 307
2. _____     Code: _____
3. _____     Code: _____
4. _____     Code: _____

Description of Incident: AT APPROXIMATELY 7:40AM ON 8/20/12 I C/O G. RODRIGUEZ GAVE DETAINEE REDACTED A DIRECT ORDER TO HAVE LEG IRONS PLACED ON HIM. DETAINEE REPLIED THAT HE DIDN'T NEED THEM AND HE DIDN'T WANT THEM ON. AT THAT TIME DETAINEE REDACTED WAS PLACED BACK INTO HIS CELL WITH NO FURTHER INCIDENT.

Staff Witnesses? ☒ Yes ☐ No     Evidence Attached? ☐ Yes ☒ No ☐ N/A

Supporting Memoranda ☒ Yes ☐ No ☐ N/A

G REDACT RODRIGUEZ
Name of Reporting Officer

8/20/12 7:40AM
Date & Time

_G. Rodriguez_
Signature

Reviewed for accuracy prior to investigation by: REDACTED
Supervisor

8-20-12 / 1415 hrs.
Date & Time

Incident Recorded on D.C.S? ☒ Yes ☐ No

Level change from _____ To _____

Classification Level Change? ☐ Yes ☐ No
Rcvd 8/27/12

ICE Form I-884 (09/09)

# INCIDENT STATEMENT

5-1C

| Facility | ELOY DETENTION CENTER | | Incident Number | |
|---|---|---|---|---|

| Incident Date | 8-20-12 | | Incident Time (HRS) | 7:40AM |
|---|---|---|---|---|

| Person Name | ID Number (Employee/Inmate/Civilian ID) | Person Type (Employee/Inmate/Civilian) | Person Role (Witness or Participant) |
|---|---|---|---|
| F. FELIX | REDACTED | EMPLOYEE | WITNESS |

| Housing Location (For Inmates/Residents Only) | E600 |
|---|---|

**Based on your own knowledge, what did you see, hear, and do?**

ON 8/20/12 AT APPROXIMATELY 7:40AM I C/O FELIX WAS ASSISTING C/O G. RODRIGUEZ WITH MOVING DETAINEE REDACTED FROM HIS CELL TO THE SHOWER. AFTER HANDCUFFING DETAINEE REDACTED C/O RODRIGUEZ GAVE REDACTED AN ORDER TO SUBMIT TO LEG IRONS. REDACTED REFUSED. C/O RODRIGUEZ AGAIN GAVE HIM A DIRECT ORDER TO PUT THE LEG IRONS ON AND AGAIN HE REFUSED SAYING HE DID NOT NEED THEM ON AND DID NOT WANT THEM ON. AT THAT TIME REDACTED WAS PLACED BACK INTO HIS CELL WITH NO FURTHER INCIDENT.

| Did you receive any injuries? YES or NO (If YES Explain Below) | NO |
|---|---|

| Were you evaluated by medical? YES or NO | N/A |
|---|---|

| Printed Name: | F. FELIX | | |
|---|---|---|---|
| Signature: | *F. Felix* | Date: | 8-20-12 |
| Typed By: | | Date: | |

**This section to be completed by CCA staff if the civilian/other or inmate/resident refused to complete the 5-1C.**

Place an "X" in the appropriate box:

| Inmate/Resident refused to complete this 5-1C | |
|---|---|
| Civilian/Other refused to complete this 5-1C | |

| Employee/Witness Printed Name | | Date: | |
|---|---|---|---|
| Employee/Witness Signature | | | |

| Employee/Witness Printed Name | | Date: | |
|---|---|---|---|
| Employee/Witness Signature | | | |

02/03/11

Proprietary Information – Not For Distribution – Copyrighted - Property of CCA

CCOG00097086

**EXHIBIT 11**

CONFIDENTIAL

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INVESTIGATION REPORT

| REDACTED | REDACTED | 8-20-12 |
|---|---|---|
| Name of Detainee | A-Number | Date of Incident |

| Eloo | DI 107 | 8-21-12 | 307 |
|---|---|---|---|
| Place of Incident | Quarters | Date/Investigation | Code(s) |

Name of Investigating Officer: LT Haynes   has advised [REDACTED]
Detainee

that he/she has the right to remain silent at stages of the disciplinary process, but, that silence may be used to draw an adverse inference against him/her at any stage of the disciplinary process. However, silence alone may not be used to support a finding that he/she comitted a prohibited act.

Detainee Statement and Attitude During the Interview: Detainee refused to make a statement and Continued to lay on his bed humming.

Other Facts about the Incident:

Investigator's Comments and Conclusions: Based on written report Code 307 stand.

Date and Time Investigation Began: 8-21-12 / 0600

Date and Time Investigation Ended: 8-21-12 / 0950

Signature of Investigating Officer

N/A
Reviewed for Accuracy by: (Supervisor Name and Title)

ICE Form I-890 (09/0

CCOG00097087

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## UNIT DISCIPLINARY COMMITTEE REPORT OF FINDINGS & ACTIONS

REDACTED                        REDACTED                        8-20-12
_____             _____             _____
Name of Detainee                A-Number                        Date of Incident

Place of Incident: E-600        Prohibited Act(s) Code:  307

Committee Action: Comments to Committee from Detainee Regarding the above Incident: Detainee states
we have no jurisdiction over him and that
he is detained illegally.

It Is the Finding of the Unite Disciplinary Committee that:

1.  You Committed the Prohibited Act as Charged: Code(s)    307
2.  You Committed the Following Prohibited Act: Code(s) _____
3.  You Did Not Commit a Prohibited Act as Charged: _____

Committee Findings Are Based on the Following Information: _____

Committee Action:

☐ Waives IDP Hearing and Accepts the UDCs Sanction: _____
                                                    Name of Detainee
☒ Refer to IDP          Date & Time: _____ / _____
☐ Loss of Privileges    ☐ Loss of job          ☐ Quarter Changes
☐ Restrict to Dorm      ☐ Remove from Program   ☐ Reprimand
☐ Warning               ☐ Confiscate Contraband ☐ Impound Personal Property

Comments:  Based upon the detainees past
disciplinary record greater sanctions
should be imposed than are available
at the UDC level.

UDC Chairpersons Signature: _____

UDC Member's Signature: _____ N/A

UDC Time and Date: 1015 , 8·24-12

ICE Form I-891 (09/09)

CCOG00097088

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

# DETAINEE RIGHTS AT THE INSTITUTION DISCIPLINARY PANEL HEARING(IDP)

### Detainee Rights at The Institution Disciplinary Panel Hearing (IDP)

As a detainee charged with a prohibited act(s), you have been referred to the Institution Disciplinary Panel for disposition. While at the IDP hearing, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the IDP.

2. The right to have a full time member of staff who is reasonably available to assist you before the IDP.

3. The right to call witnesses and present documentary evidence in your behalf, provided institutional safety would not be jeopardized.

4. The right to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act.

5. The right to be present throughout the IDP decision, except during committee deliberations and where institutional safety would be in jeopardy.

6. The right to be advised of the IDP decision in writing and the facts supporting the panel's decision, except where institutional safety would be jeopardized.

7. The right to appeal the decision of the IDP by means of the Detainee Grievance Procedure to the Officer in Charge, within 15 days of the notice of the panel's decision and disposition.

**I hereby acknowledge that I have been advised of the rights afforded me at the Institution Disciplinary Panel hearing.**

Signed: _____  A-Number: _____  Date: _____

Notice of Rights given to the detainee by _____
                                         Staff Member & Date

---

**Refusal to Sign**

I have personally advised REDACTED _____ of the rights afforded detainees at the Institution Disciplinary Panel hearing. The detainee refused to sign the acknowledgment.

Staff member and date: _J. Escary_ _____  _8-23-12_

---

**Waiver of 24 hours Notice:**

I have been advised that I have at least a 24 hour notice prior to before the IDP. At this time, I wish to waive this right and proceed with the IDP hearing.

Detainee Signature, Date and Time: _____

ICE Form I-892 (09/09)

CCOG00097089

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## NOTICE OF INSTITUTION DISCIPLINARY PANEL HEARING

| REDACTED | REDACTED | 8-23-12 |
|---|---|---|
| Name of Detainee | A-Number | Date |

Alleged Disciplinary Code Violation(s): _____ 307 _____

Date of Offense: _____ 8-20-12 _____

You are being referred to the Institution Disciplinary panel for the above mentioned charge(s).

The hearing will be held on _____ 8-28-12 _____, at _____ TBD _____ (time) at the following location
_____ 8600 _____.

You are entitled to have a full time staff member represent you at the hearing. Please indicate below if you desire to have a staff member assist you, and if so, his or her name.

I (do) _____ (do not) _____ wish to have a staff representative.

If so, the staff representative's name is _____.

You also have the right to call witnesses at the hearing and to present documentary evidence in your behalf, provided, that calling your witnesses will not jeopardize facility security. Names of witnesses you wish to call should be listed below. State below what each proposed witnesses would be able to testify to:

Name: _____ non _____ Can testify to: _____

Name: _____ Can testify to: _____

Name: _____ Can testify to: _____

The chairperson of the Institution Disciplinary Panel will call those listed above as witnesses (staff or detainee) who are reasonably available, and who are determined by the chairperson to be necessary for an appreciation of all of the circumstances surround the charge(s). Repetitive witnesses need not be called. Unavailable witnesses may be asked to submit written statements. If additional space is required, use the reverse side of the form.

ICE Form I-893 (09/09)

CCOG00097090

**EXHIBIT 11**

# ATTACHMENT M

# ATTACHMENT M

EXHIBIT 11
Page 0268

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INSTITUTION DISCIPLINARY PANEL REPORT

Name of Detainee: REDACTED    A-Number: REDACTED

Date of Incident: 08/23/2012    Code(s): 300, 413

**I.    Notice of Charge(s):**

A.    Advance written notice of charge(s) (copy of Incident Report) was given to the detainee on

      08/23/2012    at    8:00 PM
      date             time

B.    The IDP hearing was held on    08/28/2012    at    8:45 AM
                              date             time

C.    The detainee was advised of his/her rights before this IDP by    J. Escarcega
                                                       officer

  on 08/24/2012    and a copy of the advisement of rights form is attached.

**II.    Staff Representative**

A.    Detainee waived his/her right to staff representative: Yes

B.    Detainee requested staff representative and N/A                 appeared.
                                      staff representative

C.    Requested staff representative declined or could not appear but detainee was advised of option to postpone hearing to
    obtain an alternative staff representative with the result: N/A

**III.    Presentation of Evidence:**

A.    Detainee has been advised of his/her right to present a statement or to remain silent, to present document, including written
    statements of unavailable witnesses, and for relevant and material witnesses to appear on his/her behalf.

B.    Summary of detainee's statement: I've only used the phone twice. Why does it matter if you
    urinate out the door if you are a citizen.

C.    Witnesses:
    1.    The following persons were called as witnesses at this hearing and appeared: N/A

    2.    A summary of testimony of each witness is attached.
    3.    The following person requested were not called for the reason(s) given N/A

    4.    Unavailable witnesses were requested to submit written statements and those statements received were considered
       (statements attached)
    5.    Documentary evidence: In addition to the incident report and investigation, the panel considered the following
       documents: N/A

    6.    Confidential information was considered by the IDP and was not provided to the detainee on
          N/A
          date

ICE Form I-894 (09/09)

**EXHIBIT 11**

CCOG00097099

REDACTED                                                              Report #12528

### Section V  Specific Evidence Relied on to Support Findings:

This report was received on 08/27/12 and the hearing was completed on 08/28/12.

It is found that detainee REDACTED did violate prohibited act #413 – Being Unsanitary.

This is based upon the written Incident Report from A. Velasco stating on 08/23/12 at approximately 0125 he witnessed detainee REDACTED urinating through the grate of the cell door of DI-107 of Echo 600.  Detainee REDACTED again urinated at 3:45 a.m..  He advised Lt. Haynes.

When given the opportunity to make a statement at this hearing this detainee stated "I've only used the phone twice.  Why does it matter if you urinate out the door if you are a citizen."

This detainee's own statement indicates that he did urinate out the door as charged.  This is clearly being unsanitary.

Therefore, due to the greater weight of the evidence this DHO finds that detainee REDACTED violated prohibited act #413 as charged.  He was additionally charged with #300 – Indecent Exposure.  Although it is clear that this detainee urinated out the grate of the door the report does not indicate that this detainee exposed himself to anybody and, therefore, the charge of #300 was expunged.

### Section VII:   Reason for Sanction or Action Taken

It must be impressed upon this detainee that misconduct of this nature will not be tolerated.  This detainee has an extensive disciplinary record and, therefore, this was considered as a High category offense as dictated by ICE disciplinary policy.  Due to this detainee's extensive past disciplinary record the maximum amount of disciplinary segregation was recommended.  This sanction is recommended to hopefully deter this detainee and others from future misconduct of this nature.

CCOG00097100

**EXHIBIT 11**

IV. Findings:

_____ A. The Act Was Committed as Charged

__X__ B. The Following Act Was Committed: 413 _____

_____ C. No Prohibited Act Was Committed.

V. Specific Evidence Relied on to Support Findings:
See Attached

VI. Sanctions or Action Taken: Offense Severity:
High Due to Past Disciplinary Record     30 Days Disciplinary Segregation

VII. Reason for Sanction or Action Taken:
See Attached

| _____ Chairperson | _____ N/A Member | _____ N/A Member |

VIII. Review and Concur:

A. Concur with findings: _____

B. Proceedings terminated: _____

C. Discipline Imposed: _____

Signature _____ Date: 8/28/12 Time: 10:10 Am
          Officer in Charge

Copy delivered to detainee by: _____ -DHO     on 9/6/12
                               Signature and Title              Date

ICE Form I-894 (09/09)

CCOG00097101

**EXHIBIT 11**

## 12528

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INCIDENT OF PROHIBITED ACTS AND NOTICE OF CHARGES

Detainee Name: REDACTED                                A-Number: REDACTED

Nationality: United Kingdom        Date & Time of Incident: 8/23/12 @ 125 AM

Incident Location: DI 107           Work Assignment: None

Classification Level: 3              Quarters: DT 107

**PROHIBITED ACTS:**

1. INDECENT EXPOSURE         Code: 300
2. Being Unsanitary           Code: 413
3. _____           Code: _____
4. _____           Code: _____

Description of Incident: On 8/23/12 @ 0125 I S/O A Velasco WITNESSED
Detainee REDACTED              URINATING though the grate of
The Cell door of DI 107 of Echo 600, Detainee REDACTED
again URINATED at 345 am. Advised Lt Haynes

Staff Witnesses? ☐ Yes ☒ No          Evidence Attached? ☐ Yes ☐ No ☒ N/A

Supporting Memoranda ☐ Yes ☒ No ☐ N/A

S/O A Velasco                    8/23/12 440 am
Name of Reporting Officer         Date & Time                    Signature

Reviewed for accuracy prior to investigation by: LT                  8-23-12
                                   Supervisor                    Date & Time

Incident Recorded on D.C.S? ☒ Yes ☐ No      Classification Level Change? ☐ Yes ☐ No

Level change from _____ To _____

ICE Form I-884 (09/09)

CCOG00097102

**EXHIBIT 11**

CONFIDENTIAL

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INVESTIGATION REPORT

REDACTED
**Name of Detainee**

REDACTED
**A-Number**

08-23-12
**Date of Incident**

E-600
**Place of Incident**

DI-107
**Quarters**

08-23-12
**Date/Investigation**

300, 413
**Code(s)**

Name of Investigating Officer: J. Ibarra    has advised    REDACTED
**Detainee**

that he/she has the right to remain silent at stages of the disciplinary process, but, that silence may be used to draw an adverse inference against him/her at any stage of the disciplinary process. However, silence alone may not be used to support a finding that he/she comitted a prohibited act.

Detainee Statement and Attitude During the Interview: Detainee REDACTED displays bad attitude. Will not respond to questions or acknowledge rights.

Other Facts about the Incident:

Investigator's Comments and Conclusions: The charges are reflected in the report.

Date and Time Investigation Began: 8-23-12 / 2000 hrs.

Date and Time Investigation Ended: 8-23-12 / 2010 hrs.

REDACTED
Signature of Investigating Officer

N/A
Reviewed for Accuracy by: (Supervisor Name and Title)

ICE Form I-890 (09/0

CCOG00097103

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## UNIT DISCIPLINARY COMMITTEE REPORT OF FINDINGS & ACTIONS

REDACTED

Name of Detainee

REDACTED

A-Number

08/23/2012
Date of Incident

Place of Incident: North Rec.          Prohibited Act(s) Code: **300, 413**

Committee Action: Comments to Committee from Detainee Regarding the above Incident: Detainee states that he is being held illegally and that we have no jurisdiction over him.

It Is the Finding of the Unite Disciplinary Committee that:

1. You Committed the Prohibited Act as Charged: Code(s) _____
2. You Committed the Following Prohibited Act: Code(s) _____
3. You Did Not Commit a Prohibited Act as Charged: _____

Committee Findings Are Based on the Following Information: _____

**Committee Action:**

☐ Waives IDP Hearing and Accepts the UDCs Sanction: _____

| | | |
|---|---|---|
| ☒ Refer to IDP | Date & Time: ___ / ___ | Name of Detainee |
| ☐ Loss of Privileges | ☐ Loss of job | ☐ Quarter Changes |
| ☐ Restrict to Dorm | ☐ Remove from Program | ☐ Reprimand |
| ☐ Warning | ☐ Confiscate Contraband | ☐ Impound Personal Property |

Comments: Based upon the detainees past disciplinary record greater sanctions should be imposed than are available at the UDC level.

UDC Chairpersons Signature: _____

UDC Member's Signature: _____ N/A _____

UDC Time and Date: 1030 , 8-24-12

ICE Form I-891 (09/09)

CCOG00097104

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

# DETAINEE RIGHTS AT THE INSTITUTION DISCIPLINARY PANEL HEARING(IDP)

### Detainee Rights at The Institution Disciplinary Panel Hearing (IDP)

As a detainee charged with a prohibited act(s), you have been referred to the Institution Disciplinary Panel for disposition. While at the IDP hearing, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the IDP.

2. The right to have a full time member of staff who is reasonably available to assist you before the IDP.

3. The right to call witnesses and present documentary evidence in your behalf, provided institutional safety would not be jeopardized.

4. The right to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act.

5. The right to be present throughout the IDP decision, except during committee deliberations and where institutional safety would be in jeopardy.

6. The right to be advised of the IDP decision in writing and the facts supporting the panel's decision, except where institutional safety would be jeopardized.

7. The right to appeal the decision of the IDP by means of the Detainee Grievance Procedure to the Officer in Charge, within 15 days of the notice of the panel's decision and disposition.

I hereby acknowledge that I have been advised of the rights afforded me at the Institution Disciplinary Panel hearing.

Signed: _____   A-Number: _____   Date: _____

Notice of Rights given to the detainee by _____
                                          Staff Member & Date

**Refusal to Sign**

I have personally advised [REDACTED] [REDACTED] of the rights afforded detainees at the Institution Disciplinary Panel hearing.
The detainee refused to sign the acknowledgment.

Staff member and date:  J. Escarcy _____ 8-24-12

**Waiver of 24 hours Notice:**

I have been advised that I have at least a 24 hour notice prior to before the IDP. At this time, I wish to waive this right and proceed with the IDP hearing.

Detainee Signature, Date and Time: _____

ICE Form I-892 (09/09)

CCOG00097105

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## NOTICE OF INSTITUTION DISCIPLINARY PANEL HEARING

REDACTED                          REDACTED                    8-24-12

Name of Detainee                  A-Number                    Date

Alleged Disciplinary Code Violation(s): _____ 300, 413 _____

Date of Offense: _____ 8-23-12 _____

You are being referred to the Institution Disciplinary panel for the above mentioned charge(s).

The hearing will be held on _____ 8-28-12 _____, at _____ TBD _____ (time) at the following location _____ E600 _____.

You are entitled to have a full time staff member represent you at the hearing. Please indicate below if you desire to have a staff member assist you, and if so, his or her name.

I (do) _____ (do not) _____ wish to have a staff representative.

If so, the staff representative's name is _____.

You also have the right to call witnesses at the hearing and to present documentary evidence in your behalf, provided, that calling your witnesses will not jeopardize facility security. Names of witnesses you wish to call should be listed below. State below what each proposed witnesses would be able to testify to:

Name: _____ none _____   Can testify to: _____

Name: _____   Can testify to: _____

Name: _____   Can testify to: _____

The chairperson of the Institution Disciplinary Panel will call those listed above as witnesses (staff or detainee) who are reasonably available, and who are determined by the chairperson to be necessary for an appreciation of all of the circumstances surround the charge(s). Repetitive witnesses need not be called. Unavailable witnesses may be asked to submit written statements. If additional space is required, use the reverse side of the form.

ICE Form I-893 (09/09)

# ATTACHMENT N

# ATTACHMENT N

EXHIBIT 11
Page 0277

CONFIDENTIAL

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INSTITUTION DISCIPLINARY PANEL REPORT

Name of Detainee: REDACTED          A-Number: REDACTED

Date of Incident: 09/05/2012          Code(s): 307

**I.**  Notice of Charge(s):

A.  Advance written notice of charge(s) (copy of Incident Report) was given to the detainee on
09/05/2012      at      2:10 PM
date                           time

B.  The IDP hearing was held on      09/13/2012      at      10:50 AM
date                           time

C.  The detainee was advised of his/her rights before this IDP by      J. Escarcega
officer

on 09/07/2012      and a copy of the advisement of rights form is attached.

**II.**  Staff Representative

A.  Detainee waived his/her right to staff representative: Yes

B.  Detainee requested staff representative and N/A      appeared.
staff representative

C.  Requested staff representative declined or could not appear but detainee was advised of option to postpone hearing to obtain an alternative staff representative with the result: N/A

**III.**  Presentation of Evidence:

A.  Detainee has been advised of his/her right to present a statement or to remain silent, to present document, including written statements of unavailable witnesses, and for relevant and material witnesses to appear on his/her behalf.

B.  Summary of detainee's statement: No Statement

C.  Witnesses:

1.  The following persons were called as witnesses at this hearing and appeared: N/A

2.  A summary of testimony of each witness is attached.

3.  The following person requested were not called for the reason(s) given N/A

4.  Unavailable witnesses were requested to submit written statements and those statements received were considered (statements attached)

5.  Documentary evidence: In addition to the incident report and investigation, the panel considered the following documents: N/A

6.  Confidential information was considered by the IDP and was not provided to the detainee on
N/A
date

ICE Form I-894 (09/09)

CCOG00097107

**EXHIBIT 11**

REDACTED                                                    Report #12559

### Section V  Specific Evidence Relied on to Support Findings:

This report was received on 09/12/12 and the hearing was completed on 09/13/12.

It is found that detainee REDACTED did violate prohibited act #307 – Refusing to Obey an Order.

This is based upon the written Incident Report from G. Rodriguez stating on 09/05/12 at approximately 11:35 a.m. he was attempting to escorted detainee REDACTED from the shower back to his cell. He gave REDACTED two direct orders to submit to leg irons. REDACTED refused saying "No I am refusing to put leg irons on today". REDACTED was escorted back to his cell by him and Lt. Ibarra without further incident.

When given the opportunity to make a statement at this hearing this detainee refused to respond to make any statement. He just stood by the west wall in his cell and did not say anything. It was also noted that this detainee declined to make any statements during the investigation and UDC hearing on this report.

Since he has failed to make any statements during the entire disciplinary process on this report he has failed to provide any evidence to dispute the officer's report. The actions in the report clearly constitute refusing an order.

Therefore, due to the greater weight of the evidence this DHO finds that detainee REDACTED violated prohibited act #307 as charged.

### Section VII:   Reason for Sanction or Action Taken

It must be impressed upon this detainee that misconduct of this nature will not be tolerated.  This detainee has an extensive disciplinary record and, therefore, this was considered as a High category offense as dictated by ICE disciplinary policy. Due to this detainee's extensive past disciplinary record the maximum amount of disciplinary segregation was recommended.  This sanction is recommended to hopefully deter this detainee and others from future misconduct of this nature.

CCOG00097108

**EXHIBIT 11**

CONFIDENTIAL

12559

**IV. Findings:**

    X  A. The Act Was Committed as Charged

    _____  B. The Following Act Was Committed: _____

    _____  C. No Prohibited Act Was Committed.

**V. Specific Evidence Relied on to Support Findings:**

See Attached

**VI. Sanctions or Action Taken: Offense Severity:**

High Due to Past Disciplinary Record    30 Days Disciplinary Segregation

**VII. Reason for Sanction or Action Taken:**

See Attached

_Chairperson_    _N/A_  Member    _N/A_  Member

**VIII. Review and Concur:**

  A. Concur with findings: _____

  B. Proceedings terminated: _____

  C. Discipline Imposed: _____

Signature _____   Officer in Charge    Date: _9/17/12_  Time: _12 PM_

Copy delivered to detainee by: _____   Signature and Title    on _9/18/12_  Date

ICE Form I-894 (09/09)

CCOG00097109

**EXHIBIT 11**

17559

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INCIDENT OF PROHIBITED ACTS AND NOTICE OF CHARGES

Detainee Name: REDACTED                         A-Number: REDACTED

Nationality: UNITED KINGDOM                      Date & Time of Incident: 9/5/12 11:35AM

Incident Location: E600                          Work Assignment: N/A

Classification Level: LEVEL 3                     Quarters: DI-107

**PROHIBITED ACTS:**

1. REFUSING DIRECT ORDER        Code: 307

2. _____       Code: _____

3. _____       Code: _____

4. _____       Code: _____

Description of Incident:   ON 9/5/12 AT 11:35AM I C/O G. RODRIGUEZ WAS ATTEMPTING TO ESCORT
REDACTED                            FROM THE SHOWER BACK TO HIS CELL. I GAVE
REDACTED TWO DIRECT ORDERS TO SUBMIT TO LEG IRONS. REDACTED REFUSED SAYING "NO I AM
REFUSING TO PUT LEG IRONS ON TODAY." REDACTED WAS ESCORTED BACK TO HIS CELL BY
MYSELF AND LT. IBARRA WITHOUT FURTHER INCIDENT.

Staff Witnesses?  ☒ Yes ☐ No              Evidence Attached?  ☐ Yes ☐ No  ☒ N/A

Supporting Memoranda   ☐ Yes ☐ No  ☒ N/A

G REDAC RODRIGUEZ              9/5/12 11:35AM        _G. Rodriguez_
Name of Reporting Officer        Date & Time            Signature

Reviewed for accuracy prior to investigation by:                     9-5-12/1340
                                    Supervisor                       Date & Time

Incident Recorded on D.C.S?  ☒ Yes ☐ No        Classification Level Change?  ☐ Yes ☐ No
Level change from _____ To _____              Rcvd 9/12/12  Jm

ICE Form I-884 (09/09)

CCOG00097110

**EXHIBIT 11**

**DEPARTMENT OF HOMELAND SECURITY**
U.S. Immigration and Customs Enforcement

## INVESTIGATION REPORT

| REDACTED | REDACTED | 9-5-12 |
|---|---|---|
| Name of Detainee | A-Number | Date of Incident |

| E 600 | Di 107 | 9-5-12 | 307. |
|---|---|---|---|
| Place of Incident | Quarters | Date/Investigation | Code(s) |

Name of Investigating Officer: LT Haynes   has advised   REDACTED
Detainee

that he/she has the right to remain silent at stages of the disciplinary process, but, that silence may be used to draw an adverse inference against him/her at any stage of the disciplinary process. However, silence alone may not be used to support a finding that he/she comitted a prohibited act.

Detainee Statement and Attitude During the Interview: Refused to Make Statment

Other Facts about the Incident:

Investigator's Comments and Conclusions: Based on Written report code 807 Stand Conclusions are 30 days loss of Recreation.

Date and Time Investigation Began: 9-5-12 / 1410

Date and Time Investigation Ended: 9-5-12 / 1530

Signature of Investigating Officer   LT

Reviewed for Accuracy by: (Supervisor Name and Title)   N/A

ICE Form I-890 (0

CCOG00097111

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## UNIT DISCIPLINARY COMMITTEE REPORT OF FINDINGS & ACTIONS

| REDACTED | REDACTED | 9-5-12 |
|---|---|---|
| Name of Detainee | A-Number | Date of Incident |

Place of Incident: _E-600_   Prohibited Act(s) Code: _307_

Committee Action: Comments to Committee from Detainee Regarding the above Incident: No Statement
—Detainee refused to get out of Bed.

It Is the Finding of the Unite Disciplinary Committee that:

1. You Committed the Prohibited Act as Charged: Code(s) _____
2. You Committed the Following Prohibited Act: Code(s) _____
3. You Did Not Commit a Prohibited Act as Charged: _____

Committee Findings Are Based on the Following Information: _____

**Committee Action:**

☐ Waives IDP Hearing and Accepts the UDCs Sanction: _____

☒ Refer to IDP          Date & Time: _____ / _____          Name of Detainee
☐ Loss of Privileges    ☐ Loss of job            ☐ Quarter Changes
☐ Restrict to Dorm      ☐ Remove from Program    ☐ Reprimand
☐ Warning               ☐ Confiscate Contraband  ☐ Impound Personal Property

Comments: Based upon the detainee's past disciplinary record greater sanctions should be imposed than are available at the UDC Level.

UDC Chairpersons Signature: _____

UDC Member's Signature: ___N/A___

UDC Time and Date: _12/0_ , _9-7-12_

ICE Form I-891 (09/09)

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## DETAINEE RIGHTS AT THE INSTITUTION DISCIPLINARY PANEL HEARING(IDP)

**Detainee Rights at The Institution Disciplinary Panel Hearing (IDP)**

As a detainee charged with a prohibited act(s), you have been referred to the Institution Disciplinary Panel for disposition. While at the IDP hearing, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the IDP.

2. The right to have a full time member of staff who is reasonably available to assist you before the IDP.

3. The right to call witnesses and present documentary evidence in your behalf, provided institutional safety would not be jeopardized.

4. The right to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act.

5. The right to be present throughout the IDP decision, except during committee deliberations and where institutional safety would be in jeopardy.

6. The right to be advised of the IDP decision in writing and the facts supporting the panel's decision, except where institutional safety would be jeopardized.

7. The right to appeal the decision of the IDP by means of the Detainee Grievance Procedure to the Officer in Charge, within 15 days of the notice of the panel's decision and disposition.

**I hereby acknowledge that I have been advised of the rights afforded me at the Institution Disciplinary Panel hearing.**

Signed: _____    A-Number: _____    Date: _____

Notice of Rights given to the detainee by _____
Staff Member & Date

---

**Refusal to Sign**   REDACTED

I have personally advised _____ of the rights afforded detainees at the Institution Disciplinary Panel hearing. The detainee refused to sign the acknowledgment.

Staff member and date:  REDACTED  Escance,  9-7-12

---

**Waiver of 24 hours Notice:**

I have been advised that I have at least a 24 hour notice prior to before the IDP. At this time, I wish to waive this right and proceed with the IDP hearing.

Detainee Signature, Date and Time: _____

ICE Form I-892 (09/09)

CCOG00097113

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## NOTICE OF INSTITUTION DISCIPLINARY PANEL HEARING

REDACTED                              REDACTED                          9 - 7 - 12
_____                 _____            _____
Name of Detainee                      A-Number                         Date

Alleged Disciplinary Code Violation(s): _____ 307 _____

Date of Offense: _____ 9 - 5 - 12 _____

You are being referred to the Institution Disciplinary panel for the above mentioned charge(s).

The hearing will be held on ____ 9-13-12 ____, at ___ TBD ___ (time) at the following location
_____ E600 _____.

You are entitled to have a full time staff member represent you at the hearing. Please indicate below if you desire to have
a staff member assist you, and if so, his or her name.

I (do) ____ (do not) ____ wish to have a staff representative.

If so, the staff representative's name is _____.

You also have the right to call witnesses at the hearing and to present documentary evidence in your behalf, provided,
that calling your witnesses will not jeopardize facility security. Names of witnesses you wish to call should be listed below.
State below what each proposed witnesses would be able to testify to:

Name: _____ None _____ Can testify to: _____

Name: _____ Can testify to: _____

Name: _____ Can testify to: _____

The chairperson of the Institution Disciplinary Panel will call those listed above as witnesses (staff or detainee) who are
reasonably available, and who are determined by the chairperson to be necessary for an appreciation of all of the
circumstances surround the charge(s). Repetitive witnesses need not be called. Unavailable witnesses may be asked
to submit written statements. If additional space is required, use the reverse side of the form.

ICE Form I-893 (09/09)

CCOG00097114

**EXHIBIT 11**

# ATTACHMENT O

# ATTACHMENT O

EXHIBIT 11
Page 0286

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INSTITUTION DISCIPLINARY PANEL REPORT

Name of Detainee: REDACTED                    A-Number: REDACTED

Date of Incident: 09/10/2012                  Code(s): 300, 413

---

**I.   Notice of Charge(s):**

A.   Advance written notice of charge(s) (copy of Incident Report) was given to the detainee on

09/10/2012          at          2:55 PM
date                              time

B.   The IDP hearing was held on          09/13/2012          at          10:55 AM
                                           date                            time

C.   The detainee was advised of his/her rights before this IDP by          F. Sena
                                                                            officer

on 09/11/2012          and a copy of the advisement of rights form is attached.

---

**II.  Staff Representative**

A.   Detainee waived his/her right to staff representative: Yes

B.   Detainee requested staff representative and N/A                                        appeared.
                                                 staff representative

C.   Requested staff representative declined or could not appear but detainee was advised of option to postpone hearing to
     obtain an alternative staff representative with the result: N/A

---

**III. Presentation of Evidence:**

A.   Detainee has been advised of his/her right to present a statement or to remain silent, to present document, including written
     statements of unavailable witnesses, and for relevant and material witnesses to appear on his/her behalf.

B.   Summary of detainee's statement: No Statement

C.   Witnesses:

1.   The following persons were called as witnesses at this hearing and appeared: N/A

2.   A summary of testimony of each witness is attached.

3.   The following person requested were not called for the reason(s) given  N/A

4.   Unavailable witnesses were requested to submit written statements and those statements received were considered
     (statements attached)

5.   Documentary evidence: In addition to the incident report and investigation, the panel considered the following
     documents:  N/A

6.   Confidential information was considered by the IDP and was not provided to the detainee on
     N/A
     date

ICE Form I-894 (09/09)

REDACTED

Report #12566

## Section V  Specific Evidence Relied on to Support Findings:

This report was received on 09/12/12 and the hearing was completed on 09/13/12.

It is found that detainee REDACTED did violate prohibited act #413 – Being Unsanitary or Untidy.

This is based upon the written Incident Report from A. Velasco stating on 09/10/12 at approximately 0500 he observed detainee REDACTED urinating through the grate of the cell door of cell DI-107 of Echo 600.

When given the opportunity to make a statement at this hearing this detainee refused to respond to make any statement. He just stood by the west wall in his cell and did not say anything. It was also noted that this detainee declined to make any statements during the investigation and UDC hearing on this report.

Since he has failed to make any statements during the entire disciplinary process on this report he has failed to provide any evidence to dispute the officer's report. The actions in the report clearly constitute being unsanitary or untidy.

Therefore, due to the greater weight of the evidence this DHO finds that detainee REDACTED violated prohibited act #413. He was additionally charged with #300 – Indecent Exposure. There was insufficient evidence to substantiate this charge and the charge of #300 was, therefore, expunged.

## Section VII:   Reason for Sanction or Action Taken

It must be impressed upon this detainee that misconduct of this nature will not be tolerated. This detainee has an extensive disciplinary record and, therefore, this was considered as a High category offense as dictated by ICE disciplinary policy. Due to this detainee's extensive past disciplinary record the maximum amount of disciplinary segregation was recommended. This sanction is recommended to hopefully deter this detainee and others from future misconduct of this nature.

CCOG00097124

EXHIBIT 11

12566

IV.  Findings:

_____  A. The Act Was Committed as Charged

__X__  B. The Following Act Was Committed: 413 _____

_____  C. No Prohibited Act Was Committed.

V.  Specific Evidence Relied on to Support Findings:
See Attached

VI.  Sanctions or Action Taken:  Offense Severity:
High Due to Past Disciplinary Record      30 Days Disciplinary Segregation

VII.  Reason for Sanction or Action Taken:
See Attached

_____    _____    _____
            Chairperson                      Member                       Member

VIII.  Review and Concur:

A. Concur with findings: _____

B. Proceedings terminated: _____

C. Discipline Imposed: _____

Signature _____  Date: 9/17/12  Time: 12 PM
        Officer in Charge

Copy delivered to detainee by: _____  on 9/18/12
                          Signature and Title                    Date

ICE Form I-894 (09/09)

CCOG00097125

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INCIDENT OF PROHIBITED ACTS AND NOTICE OF CHARGES

Detainee Name: REDACTED                          A-Number: REDACTED

Nationality: United Kingdom        Date & Time of Incident: 9/10/12 @ 500 Am

Incident Location: Echo 600.   DI 107    Work Assignment: N/A

Classification Level: 3                Quarters: DI 107

**PROHIBITED ACTS:**

1. 300 INApcent Exposure   Code: 300
2. Being UN SANITARY   Code: 413
3. _____   Code: _____
4. _____   Code: _____

Description of Incident: ON 9/10/12 @ 0500 I S/O A Ucksco observed
Delainee REDACTED URINATING through the grate
OF The Cell door OF Cell DEIO7 of Echo 600

Staff Witnesses? ☒ Yes ☐ No                Evidence Attached? ☐ Yes ☒ No ☐ N/A

Supporting Memoranda ☐ Yes ☐ No ☐ N/A

S/o A Uchsco                    9/10/12 e528
Name of Reporting Officer        Date & Time              Signature

Reviewed for accuracy prior to investigation by: W. Kimm   LT.   9-10-12 / 0550
                                    Supervisor                    Date & Time

Incident Recorded on D.C.S? ☒ Yes ☐ No        Classification Level Change? ☐ Yes ☐ No

Level change from _____ To _____          Rcvd 9/12/12 Jm

ICE Form I-884 (09/09)

CCOG00097126

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INVESTIGATION REPORT

REDACTED                          REDACTED                          09/10/2012
Name of Detainee                  A-Number                          Date of Incident

Echo 600 DI 107          Echo 600 DI 107          09/10/2012          300, 413
Place of Incident          Quarters          Date/Investigation          Code(s)

Name of Investigating Officer: R REDA McCauley          has advised REDACTED
Detainee

that he/she has the right to remain silent at stages of the disciplinary process, but, that silence may be used to draw an adverse
inference against him/her at any stage of the disciplinary process. However, silence alone may not be used to support a finding
that he/she comitted a prohibited act.

Detainee Statement and Attitude During the Interview: Detainee REDACTED          stated that when CCA
follows the policies they set then he will follow the rules. detainee REDACTED refused
comment further stating he was being held illegally
fair Attitude uncooperative

Other Facts about the Incident: _____

Investigator's Comments and Conclusions: Appropriately Charged

Date and Time Investigation Began: 9/10/12 1455

Date and Time Investigation Ended: 9/10/12 1509

_R - my "Mr /_
Signature of Investigating Officer

N/A
Reviewed for Accuracy by: (Supervisor Name and Title)

ICE Form I-890 (09/09)

CCOG00097127

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## UNIT DISCIPLINARY COMMITTEE REPORT OF FINDINGS & ACTIONS

REDACTED      REDACTED      09/10/2012

Name of Detainee      A-Number      Date of Incident

Place of Incident: Echo 600      Prohibited Act(s) Code: 300, 413

Committee Action: Comments to Committee from Detainee Regarding the above Incident: Detainee refused to comment.

It Is the Finding of the Unite Disciplinary Committee that:

1. You Committed the Prohibited Act as Charged: Code(s) _____
2. You Committed the Following Prohibited Act: Code(s) _____
3. You Did Not Commit a Prohibited Act as Charged: _____

Committee Findings Are Based on the Following Information: _____

Committee Action:

☐ Waives IDP Hearing and Accepts the UDCs Sanction: _____

☒ Refer to IDP    Date & Time: _____ / _____    Name of Detainee
☐ Loss of Privileges    ☐ Loss of job    ☐ Quarter Changes
☐ Restrict to Dorm    ☐ Remove from Program    ☐ Reprimand
☐ Warning    ☐ Confiscate Contraband    ☐ Impound Personal Property

Comments: Due to the seriousness of the charges greater sanctions should be imposed than are available at the UDC level.

UDC Chairpersons Signature: _____

UDC Members Signature: ___ N/A

UDC Time and Date: 1248 hours / 09/11/2012

ICE Form I-891 (09/09)

CCOG00097128

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## DETAINEE RIGHTS AT THE INSTITUTION DISCIPLINARY PANEL HEARING(IDP)

**Detainee Rights at The Institution Disciplinary Panel Hearing (IDP)**

As a detainee charged with a prohibited act(s), you have been referred to the Institution Disciplinary Panel for disposition. While at the IDP hearing, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the IDP.

2. The right to have a full time member of staff who is reasonably available to assist you before the IDP.

3. The right to call witnesses and present documentary evidence in your behalf, provided institutional safety would not be jeopardized.

4. The right to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act.

5. The right to be present throughout the IDP decision, except during committee deliberations and where institutional safety would be in jeopardy.

6. The right to be advised of the IDP decision in writing and the facts supporting the panel's decision, except where institutional safety would be jeopardized.

7. The right to appeal the decision of the IDP by means of the Detainee Grievance Procedure to the Officer in Charge, within 15 days of the notice of the panel's decision and disposition.

**I hereby acknowledge that I have been advised of the rights afforded me at the Institution Disciplinary Panel hearing.**

Signed: _____  A-Number: _____  Date: _____

Notice of Rights given to the detainee by  Unit MGR F. Sena 9/11/12 _____
                                              Staff Member & Date

---

**Refusal to Sign**

I have personally advised _____ of the rights afforded detainees at the Institution Disciplinary Panel hearing.
The detainee refused to sign the acknowledgment.

Staff member and date: _____

---

**Waiver of 24 hours Notice:**

I have been advised that I have at least a 24 hour notice prior to before the IDP. At this time, I wish to waive this right and proceed with the IDP hearing.

Detainee Signature, Date and Time: _____

ICE Form I-892 (09/09)

CCOG00097129

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## NOTICE OF INSTITUTION DISCIPLINARY PANEL HEARING

REDACTED       REDACTED       09/11/2012
_____ _____ _____
Name of Detainee      A-Number      Date

Alleged Disciplinary Code Violation(s): 300, 413

Date of Offense: 09/10/2012

You are being referred to the Institution Disciplinary panel for the above mentioned charge(s).

The hearing will be held on _____9-13-12_____, at ____TBD____ (time) at the following location
____E600____.

You are entitled to have a full time staff member represent you at the hearing. Please indicate below if you desire to have a staff member assist you, and if so, his or her name.

I (do) _____ (do not) ⚊✗ wish to have a staff representative.

If so, the staff representative's name is _____.

You also have the right to call witnesses at the hearing and to present documentary evidence in your behalf, provided, that calling your witnesses will not jeopardize facility security. Names of witnesses you wish to call should be listed below. State below what each proposed witnesses would be able to testify to:

Name: ____none____    Can testify to: _____

Name: _____    Can testify to: _____

Name: _____    Can testify to: _____

The chairperson of the Institution Disciplinary Panel will call those listed above as witnesses (staff or detainee) who are reasonably available, and who are determined by the chairperson to be necessary for an appreciation of all of the circumstances surround the charge(s). Repetitive witnesses need not be called. Unavailable witnesses may be asked to submit written statements. If additional space is required, use the reverse side of the form.

ICE Form I-893 (09/09)

CCOG00097130

**EXHIBIT 11**

# ATTACHMENT P

# ATTACHMENT P

**EXHIBIT 11**
**Page 0295**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INSTITUTION DISCIPLINARY PANEL REPORT

Name of Detainee: REDACTED        A-Number: REDACTED

Date of Incident: 09/16/2012        Code(s): 307, 413

**I.**  **Notice of Charge(s):**

  A.  Advance written notice of charge(s) (copy of Incident Report) was given to the detainee on
      09/17/2012    at    3:10 PM
      _____date_____      _____time_____

  B.  The IDP hearing was held on    09/19/2012    at    12:30 PM
                                     _____date_____      _____time_____

  C.  The detainee was advised of his/her rights before this IDP by    D. Marrufo
                                                                        _____officer_____

      on 09/18/2012    and a copy of the advisement of rights form is attached.

**II.**  **Staff Representative**

  A.  Detainee waived his/her right to staff representative: Yes

  B.  Detainee requested staff representative and N/A                              appeared.
                                                  _____staff representative_____

  C.  Requested staff representative declined or could not appear but detainee was advised of option to postpone hearing to
      obtain an alternative staff representative with the result: N/A

**III.**  **Presentation of Evidence:**

  A.  Detainee has been advised of his/her right to present a statement or to remain silent, to present document, including written
      statements of unavailable witnesses, and for relevant and material witnesses to appear on his/her behalf.

  B.  Summary of detainee's statement: No Statement

  C.  Witnesses:

      1.  The following persons were called as witnesses at this hearing and appeared: N/A

      2.  A summary of testimony of each witness is attached.

      3.  The following person requested were not called for the reason(s) given N/A

      4.  Unavailable witnesses were requested to submit written statements and those statements received were considered
          (statements attached)

      5.  Documentary evidence: In addition to the incident report and investigation, the panel considered the following
          documents: N/A

      6.  Confidential information was considered by the IDP and was not provided to the detainee on
          N/A
          _____date_____

ICE Form I-894 (09/09)

CCOG00097131

**EXHIBIT 11**

REDACTED                                                                  Report #12582

**Section V  Specific Evidence Relied on to Support Findings:**

This report was received on 09/19/12 and the hearing was completed on 09/19/12.

It is found that detainee REDACTED did violate prohibited acts #307 – Refusing to Obey an Order and #413 – Being Unsanitary.

This is based upon the written Incident Report from R. Licano stating on 09/16/12 at approximately 1630 hours he observed a Styrofoam tray on the cell floor of Echo 607 filled with feces. Echo 607 houses only detainee REDACTED REDACTED He gave the detainee direct orders to flush the feces. Detainee REDACTED refused.

When given the opportunity to make a statement at this hearing this detainee refused to respond to make any statement. It was also noted that this detainee declined to make any statements during the investigation and UDC hearing on this report.

Since he has failed to make any statements during the entire disciplinary process on this report he has failed to provide any evidence to dispute the officer's report. The actions in the report clearly constitute refusing an order and being unsanitary.

Therefore, due to the greater weight of the evidence this DHO finds that detainee REDACTED violated prohibited acts #307 and #413 as charged.

**Section VII:   Reason for Sanction or Action Taken**

It must be impressed upon this detainee that misconduct of this nature will not be tolerated. This detainee has an extensive disciplinary record and, therefore, this was considered as a High category offense as dictated by ICE disciplinary policy. Due to this detainee's extensive past disciplinary record the maximum amount of disciplinary segregation was recommended. This sanction is recommended to hopefully deter this detainee and others from future misconduct of this nature.

CCOG00097132

**EXHIBIT 11**

IV. Findings:

     X   A. The Act Was Committed as Charged

     _____ B. The Following Act Was Committed: _____

     _____ C. No Prohibited Act Was Committed.

V. Specific Evidence Relied on to Support Findings:
See Attached

VI. Sanctions or Action Taken: Offense Severity:
High Due to Past Disciplinary Record     30 Days Disciplinary Segregation

VII. Reason for Sanction or Action Taken:
See Attached

_____    N/A    N/A
Chairperson        Member        Member

VIII. Review and Concur:

    A. Concur with findings: _____

    B. Proceedings terminated: _____

    C. Discipline Imposed: _____

Signature _____ Date: 9/24/12 Time: 6 15 AL

            Officer in Charge

Copy delivered to detainee by: _____ - DHO _____ on 9/24/12
                Signature and Title             Date

ICE Form I-894 (09/09)

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

1 2582

## INCIDENT OF PROHIBITED ACTS AND NOTICE OF CHARGES

Detainee Name: REDACTED     A-Number: REDACTED

Nationality: United Kingdom     Date & Time of Incident: 9/16/12 at 1630pm

Incident Location: Echo 400     Work Assignment: NONE

Classification Level: 3     Quarters: DZ/07

**PROHIBITED ACTS:**

1. Being Unsanitary   Code: 413
2. Refusing Direct order   Code: 307
3. _____ Code: _____
4. _____ Code: _____

Description of Incident: On 9/16/12 at approximately 1630 Hours I C/o Licen observed a Styrofoam tray on the cell floor of Echo 407 filled with feces. Echo 407 Houses only DetazNee REDACTED This C/o Licen0, gave DetazNee Direct orders order to flush the feces. Detaznee REDACTED Refused.

Staff Witnesses? ☐ Yes ☒ No     Evidence Attached? ☐ Yes ☒ No ☐ N/A

Supporting Memoranda ☐ Yes ☐ No ☐ N/A

R Licen     09/16/12 @ 1657

Name of Reporting Officer    Date & Time     Signature

Reviewed for accuracy prior to investigation by: REDACTED     9/16/12 1945
    Supervisor     Date & Time

Incident Recorded on D.C.S? ☒ Yes ☐ No     Classification Level Change? ☐ Yes ☐ No

Level change from _____ To _____     Rcvd 9/19/12 Jm

ICE Form I-884 (09/09)

CCOG00097134

**EXHIBIT 11**

**DEPARTMENT OF HOMELAND SECURITY**
**U.S. Immigration and Customs Enforcement**

## INVESTIGATION REPORT

| REDACTED | REDACTED | 9-16-12 |
|---|---|---|
| Name of Detainee | A-Number | Date of Incident |

| Echo 600 | DS 107 | 9-17-12 | 4131 307 |
|---|---|---|---|
| Place of Incident | Quarters | Date/Investigation | Code(s) |

Name of Investigating Officer: *Hancock*    has advised REDACTED
Detainee

that he/she has the right to remain silent at stages of the disciplinary process, but, that silence may be used to draw an adverse inference against him/her at any stage of the disciplinary process. However, silence alone may not be used to support a finding that he/she comitted a prohibited act.

Detainee Statement and Attitude During the Interview: Detainee would not make any statement just stood staring at the wall.

Other Facts about the Incident: Detainee still has a stryofoam tray sitting on the floor with feces.

Investigator's Comments and Conclusions: Detainee has a history of throwing items at the Door and staff. Unit smells of feces and urin.

Date and Time Investigation Began: 9-17-12  1510

Date and Time Investigation Ended: 9-17-12  1512

*Hancock*    SCO
Signature of Investigating Officer

N/A
Reviewed for Accuracy by: (Supervisor Name and Title)

ICE Form I-890 (0

12582

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## UNIT DISCIPLINARY COMMITTEE REPORT OF FINDINGS & ACTIONS

REDACTED         REDACTED         09/16/2012
_____      _____      _____
Name of Detainee               A-Number                Date of Incident


Place of Incident: ECHO 600 _____    Prohibited Act(s) Code: 413, 307 _____

Committee Action: Comments to Committee from Detainee Regarding the above Incident: REDACTED REFUSED TO
MAKE A STATEMENT. _____
_____
_____
_____

It Is the Finding of the Unite Disciplinary Committee that:

1.   You Committed the Prohibited Act as Charged: Code(s) _____
2.   You Committed the Following Prohibited Act: Code(s) _____
3.   You Did Not Commit a Prohibited Act as Charged: _____

Committee Findings Are Based on the Following Information: _____
_____
_____
_____
_____

Committee Action:

☐   Waives IDP Hearing and Accepts the UDCs Sanction: _____

| | | Name of Detainee |
|---|---|---|
| ☒ Refer to IDP | Date & Time: _____ / _____ | |
| ☐ Loss of Privileges | ☐ Loss of job | ☐ Quarter Changes |
| ☐ Restrict to Dorm | ☐ Remove from Program | ☐ Reprimand |
| ☐ Warning | ☐ Confiscate Contraband | ☐ Impound Personal Property |

Comments: Due the seriousness of the charges greater sanctions should be imposed than
are available at the UDC level. _____
_____
_____

UDC Chairpersons Signature: _____

UDC Member's Signature: _____ N/A _____

UDC Time and Date: 1:00PM _____ / 09/18/2012 _____

ICE Form I-891 (09/09)

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## DETAINEE RIGHTS AT THE INSTITUTION DISCIPLINARY PANEL HEARING(IDP)

### Detainee Rights at The Institution Disciplinary Panel Hearing (IDP)

As a detainee charged with a prohibited act(s), you have been referred to the Institution Disciplinary Panel for disposition. While at the IDP hearing, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the IDP.

2. The right to have a full time member of staff who is reasonably available to assist you before the IDP.

3. The right to call witnesses and present documentary evidence in your behalf, provided institutional safety would not be jeopardized.

4. The right to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act.

5. The right to be present throughout the IDP decision, except during committee deliberations and where institutional safety would be in jeopardy.

6. The right to be advised of the IDP decision in writing and the facts supporting the panel's decision, except where institutional safety would be jeopardized.

7. The right to appeal the decision of the IDP by means of the Detainee Grievance Procedure to the Officer in Charge, within 15 days of the notice of the panel's decision and disposition.

**I hereby acknowledge that I have been advised of the rights afforded me at the Institution Disciplinary Panel hearing.**

Signed: _____   A-Number: _____   Date: _____

Notice of Rights given to the detainee by  Case Manager D. Marrufo 09-18-12
                                             Staff Member & Date

---

**Refusal to Sign**    REDACTED          REDACTED

I have personally advised _____   of the rights afforded detainees at the Institution Disciplinary Panel hearing.
The detainee refused to sign the acknowledgment.

Staff member and date: _Case Manager D Marrufo   9/18/12_

---

**Waiver of 24 hours Notice:**

I have been advised that I have at least a 24 hour notice prior to before the IDP. At this time, I wish to waive this right and proceed with the IDP hearing.

Detainee Signature, Date and Time: _____

ICE Form I-892 (09/09)

CCOG00097137

**EXHIBIT 11**

**DEPARTMENT OF HOMELAND SECURITY**
U.S. Immigration and Customs Enforcement

## NOTICE OF INSTITUTION DISCIPLINARY PANEL HEARING

| REDACTED | REDACTED | 09/18/2012 |
|---|---|---|
| Name of Detainee | A-Number | Date |

Alleged Disciplinary Code Violation(s): 413, 307

Date of Offense: 09/16/2012

You are being referred to the Institution Disciplinary panel for the above mentioned charge(s).

The hearing will be held on _9-19-12_ , at _TBD_ (time) at the following location E600

You are entitled to have a full time staff member represent you at the hearing. Please indicate below if you desire to have a staff member assist you, and if so, his or her name.

I (do) ____ (do not) ⟋ wish to have a staff representative.

If so, the staff representative's name is _____.

You also have the right to call witnesses at the hearing and to present documentary evidence in your behalf, provided, that calling your witnesses will not jeopardize facility security. Names of witnesses you wish to call should be listed below. State below what each proposed witnesses would be able to testify to:

Name: _none_  Can testify to: _____

Name: _____  Can testify to: _____

Name: _____  Can testify to: _____

The chairperson of the Institution Disciplinary Panel will call those listed above as witnesses (staff or detainee) who are reasonably available, and who are determined by the chairperson to be necessary for an appreciation of all of the circumstances surround the charge(s). Repetitive witnesses need not be called. Unavailable witnesses may be asked to submit written statements. If additional space is required, use the reverse side of the form.

ICE Form I-893 (09/09)

# ATTACHMENT Q

# ATTACHMENT Q

EXHIBIT 11
Page 0304

12S94

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INSTITUTION DISCIPLINARY PANEL REPORT

Name of Detainee: REDACTED                    A-Number: REDACTED

Date of Incident: 09/24/2012                  Code(s): 307, 308

---

**I.   Notice of Charge(s):**

A.   Advance written notice of charge(s) (copy of Incident Report) was given to the detainee on

       09/24/2012    at    4:25 PM
           date           time

B.   The IDP hearing was held on    09/28/2012    at    10:00 AM
                              date           time

C.   The detainee was advised of his/her rights before this IDP by    B. DeGirolamo
                                                 officer

on 09/26/2012     and a copy of the advisement of rights form is attached.

---

**II.   Staff Representative**

A.   Detainee waived his/her right to staff representative: Yes

B.   Detainee requested staff representative and N/A               appeared.
                                           staff representative

C.   Requested staff representative declined or could not appear but detainee was advised of option to postpone hearing to
obtain an alternative staff representative with the result: N/A

---

**III.   Presentation of Evidence:**

A.   Detainee has been advised of his/her right to present a statement or to remain silent, to present document, including written
statements of unavailable witnesses, and for relevant and material witnesses to appear on his/her behalf.

B.   Summary of detainee's statement: Refused to respond to make a statement

C.   Witnesses:

1.   The following persons were called as witnesses at this hearing and appeared: N/A

2.   A summary of testimony of each witness is attached.

3.   The following person requested were not called for the reason(s) given N/A

4.   Unavailable witnesses were requested to submit written statements and those statements received were considered
(statements attached)

5.   Documentary evidence: In addition to the incident report and investigation, the panel considered the following
documents: N/A

6.   Confidential information was considered by the IDP and was not provided to the detainee on
       N/A
       date

ICE Form I-894 (09/09)

CCOG00097155

**EXHIBIT 11**

REDACTED

**Report #12594**

**Section V  Specific Evidence Relied on to Support Findings:**

This report was received on 09/27/12 and the hearing was completed on 09/28/12.

It is found that detainee REDACTED did violate prohibited acts #307 – Refusing to Obey an Order and #308 – Insolence.

This is based upon the written Incident Report from G. Rodriguez stating on 09/24/12 at approximately 8:25 a.m. Lt. Haynes and Sgt. Fouch removed detainee REDACTED from his cell to take the trash out and put him in the shower. He gave REDACTED a direct order to submit to leg irons which he refused. The detainee was cuffed and placed up against the wall while he went into his cell and took out his trash. The detainee began calling him a "fucking faggot" and yelling "Leave my stuff there". When they attempted to put the detainee back into his cell he removed one of the cuffs. At that time the detainee attempted to grab his wrist with his free hand. He, SCO Fouch and Lt. Haynes were able to completely remove the cuffs and close his cell door without further incident.

When given the opportunity to make a statement at this hearing this detainee refused to respond to make any statement. It was also noted that he refused to make any statements about this incident during the investigation and UDC hearing on this report.

Since he has failed to make any statements during the entire disciplinary process on this report he has failed to provide any evidence to dispute the officer's report. The actions in the report clearly constitute refusing an order and insolence.

Therefore, due to the greater weight of the evidence this DHO finds that detainee REDACTED violated prohibited acts #307 and #308 as charged.

**Section VII:   Reason for Sanction or Action Taken**

It must be impressed upon this detainee that misconduct of this nature will not be tolerated. This detainee has an extensive disciplinary record and, therefore, this was considered as a High category offense as dictated by ICE disciplinary policy. Due to this detainee's extensive past disciplinary record the maximum amount of disciplinary segregation was recommended. This sanction is recommended to hopefully deter this detainee and others from future misconduct of this nature.

IV.   Findings:

    X  A. The Act Was Committed as Charged

    _____  B. The Following Act Was Committed: _____

    _____  C. No Prohibited Act Was Committed.

V.   Specific Evidence Relied on to Support Findings:
See Attached

VI.   Sanctions or Action Taken:  Offense Severity:
High Due to Past Disciplinary Record     30 Days Disciplinary Segregation

VII.   Reason for Sanction or Action Taken:
See Attached

_____    _____    _____
          Chairperson                           Member                              Member

VIII.   Review and Concur:

A. Concur with findings: _____

B. Proceedings terminated: _____

C. Discipline Imposed: _____

Signature _____   Date: 10-2-12   Time: 12:30PM
          Officer in Charge

Copy delivered to detainee by: _____ -DHO     on  10/4/12
                          Signature and Title                              Date

ICE Form I-894 (09/09)

CCOG00097157

**EXHIBIT 11**

**DEPARTMENT OF HOMELAND SECURITY**
**U.S. Immigration and Customs Enforcement**

## INCIDENT OF PROHIBITED ACTS AND NOTICE OF CHARGES

Detainee Name: REDACTED                          A-Number: REDACTED

Nationality: UNITED KINGDOM                     Date & Time of Incident: 9/24/12 8:25AM

Incident Location: E600                          Work Assignment: N/A

Classification Level: HIGH CUSTODY               Quarters: E-607

**PROHIBITED ACTS:**

1. REFUSING ORDER                    Code: 307
2. INSOLENCE TOWARDS STAFF           Code: 308
3. _____               Code: _____
4. _____               Code: _____

Description of Incident:  ON 9/24/12 AT APPROXIMATELY 8:25AM LT HAYNES AND SCO FOUCH REMOVED
DETAINEE REDACTED                 FROM HIS CELL TO TAKE THE TRASH OUT AND PUT HIM
IN THE SHOWER. I C/O G. RODRIGUEZ GAVE REDACTED A DIRECT ORDER TO SUBMIT TO LEG
IRONS WHICH HE REFUSED. DETAINEE WAS CUFFED AND PLACED UP AGAINST THE WALL WHILE I
WENT INTO HIS CELL AND TOOK OUT HIS TRASH. DETAINEE BEGAN CALLING ME A "FUCKING
FAGGOT" AND YELLING "LEAVE MY STUFF THERE". WHEN WE ATTEMPTED TO PUT DETAINEE BACK
INTO HIS CELL, I REMOVED ONE OF HIS CUFFS, AT THAT TIME DETAINEE ATTEMPTED TO GRAB MY
WRIST WITH HIS FREE HAND. MYSELF, SCO FOUCH AND LT HAYNES WERE ABLE TO COMPLETELY
REMOVE THE CUFFS AND CLOSE HIS CELL DOOR WITHOUT FURTHER INCIDENT.

Staff Witnesses? ☒ Yes ☐ No                    Evidence Attached? ☐ Yes ☐ No ☒ N/A

Supporting Memoranda  ☒ Yes ☐ No ☐ N/A

G. REDACTED RODRIGUEZ                9/24/12 8:25AM        G. Rodriguez
Name of Reporting Officer            Date & Time           Signature

Reviewed for accuracy prior to investigation by: REDACTED            9-24-12 / 1405
                                                  Supervisor          Date & Time

Incident Recorded on D.C.S? ☒ Yes ☐ No          Classification Level Change? ☐ Yes ☐ No

Level change from _____ To _____        Rcvd 9/27/12 Sm

ICE Form I-884 (09/09)

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INVESTIGATION REPORT

| REDACTED | REDACTED | 09/24/2012 |
|---|---|---|
| Name of Detainee | A-Number | Date of Incident |

| E-600 | E-607 | 09/24/2012 | 307,308 |
|---|---|---|---|
| Place of Incident | Quarters | Date/Investigation | Code(s) |

Name of Investigating Officer: J Ibarra           has advised REDACTED _____
                                                              Detainee

that he/she has the right to remain silent at stages of the disciplinary process, but, that silence may be used to draw an adverse inference against him/her at any stage of the disciplinary process. However, silence alone may not be used to support a finding that he/she comitted a prohibited act.

Detainee Statement and Attitude During the Interview: Detainee REDACTED displays a bad attitude. When I served him his copy of the report and attempted to explain his rights, he stated "It's all the same shit and I don't care". He then walked away ignoring me.

Other Facts about the Incident: _____

Investigator's Comments and Conclusions: The charges are reflected in the report and detainee offers nothing to dispute them.

Date and Time Investigation Began: 09-24-12/1625

Date and Time Investigation Ended: 09-24-12/1635

REDACTED _____
Signature of Investigating Officer

N/A _____
Reviewed for Accuracy by: (Supervisor Name and Title)

ICE Form I-890 (09/09)

CCOG00097159

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## UNIT DISCIPLINARY COMMITTEE REPORT OF FINDINGS & ACTIONS

| REDACTED | REDACTED | 9-24-12 |
|---|---|---|
| Name of Detainee | A-Number | Date of Incident |

Place of Incident: ____C-6W____    Prohibited Act(s) Code: __307 / 308__

Committee Action: Comments to Committee from Detainee Regarding the above Incident: _No Comment Other than_
"Fuck iff"

It Is the Finding of the Unite Disciplinary Committee that:

1. You Committed the Prohibited Act as Charged: Code(s) _____
2. You Committed the Following Prohibited Act: Code(s) _____
3. You Did Not Commit a Prohibited Act as Charged: _____

Committee Findings Are Based on the Following Information: _____

**Committee Action:**

☐ Waives IDP Hearing and Accepts the UDCs Sanction: _____

| | | Name of Detainee |
|---|---|---|
| ☑ Refer to IDP | Date & Time: _____ / ____ | |
| ☐ Loss of Privileges | ☐ Loss of job | ☐ Quarter Changes |
| ☐ Restrict to Dorm | ☐ Remove from Program | ☐ Reprimand |
| ☐ Warning | ☐ Confiscate Contraband | ☐ Impound Personal Property |

Comments: _Based upon the Detainees Past disciplinary record greater Sanctions_
_Should be imposed than are available at the UDC level._

UDC Chairpersons Signature: _[signature]_

UDC Member's Signature: ____N/A____

UDC Time and Date: __9-26__ 1155, 9-26-12

ICE Form I-891 (09/09)

CCOG00097160

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## DETAINEE RIGHTS AT THE INSTITUTION DISCIPLINARY PANEL HEARING(IDP)

### Detainee Rights at The Institution Disciplinary Panel Hearing (IDP)

As a detainee charged with a prohibited act(s), you have been referred to the Institution Disciplinary Panel for disposition. While at the IDP hearing, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the IDP.

2. The right to have a full time member of staff who is reasonably available to assist you before the IDP.

3. The right to call witnesses and present documentary evidence in your behalf, provided institutional safety would not be jeopardized.

4. The right to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act.

5. The right to be present throughout the IDP decision, except during committee deliberations and where institutional safety would be in jeopardy.

6. The right to be advised of the IDP decision in writing and the facts supporting the panel's decision, except where institutional safety would be jeopardized.

7. The right to appeal the decision of the IDP by means of the Detainee Grievance Procedure to the Officer in Charge, within 15 days of the notice of the panel's decision and disposition.

**I hereby acknowledge that I have been advised of the rights afforded me at the Institution Disciplinary Panel hearing.**

Signed: _____   A-Number: _____   Date: _____

Notice of Rights given to the detainee by _____
                                              Staff Member & Date

Refusal to Sign   *Detainee told me to Fuck off and wouldn't talk about this*

I have personally advised _____ of the rights afforded detainees at the Institution Disciplinary Panel hearing.
The detainee refused to sign the acknowledgment.

Staff member and date: *Bofitter*   9-26-16

**Waiver of 24 hours Notice:**

I have been advised that I have at least a 24 hour notice prior to before the IDP. At this time, I wish to waive this right and proceed with the IDP hearing.

Detainee Signature, Date and Time: _____

ICE Form I-892 (09/09)

CCOG00097161

**EXHIBIT 11**

CONFIDENTIAL

Case 3:17-cv-01112-JLS-NLS   Document 118-4   Filed 07/11/19   PageID.5664   Page 60 of 114

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## NOTICE OF INSTITUTION DISCIPLINARY PANEL HEARING

| REDACTED | REDACTED | 9-26-12 |
|---|---|---|
| Name of Detainee | A-Number | Date |

Alleged Disciplinary Code Violation(s): __307 / 308__

Date of Offense: __9-24-12__

You are being referred to the Institution Disciplinary panel for the above mentioned charge(s).

The hearing will be held on __9-28-12__ , at __TBD__ (time) at the following location __E600__.

You are entitled to have a full time staff member represent you at the hearing. Please indicate below if you desire to have a staff member assist you, and if so, his or her name.

I (do) ____ (do not) X wish to have a staff representative.

If so, the staff representative's name is _____.

You also have the right to call witnesses at the hearing and to present documentary evidence in your behalf, provided, that calling your witnesses will not jeopardize facility security. Names of witnesses you wish to call should be listed below. State below what each proposed witnesses would be able to testify to:

Name: __non__ Can testify to: _____

Name: _____ Can testify to: _____

Name: _____ Can testify to: _____

The chairperson of the Institution Disciplinary Panel will call those listed above as witnesses (staff or detainee) who are reasonably available, and who are determined by the chairperson to be necessary for an appreciation of all of the circumstances surround the charge(s). Repetitive witnesses need not be called. Unavailable witnesses may be asked to submit written statements. If additional space is required, use the reverse side of the form.

ICE Form I-893 (09/09)

CCOG00097162

**EXHIBIT 11**

# ATTACHMENT R

# ATTACHMENT R

EXHIBIT 11
Page 0313

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INSTITUTION DISCIPLINARY PANEL REPORT

Name of Detainee: REDACTED        A-Number: REDACTED

Date of Incident: 09/28/2012      Code(s): 413

---

**I.**  Notice of Charge(s):

   **A.**  Advance written notice of charge(s) (copy of Incident Report) was given to the detainee on
       09/28/2012    at    8:20 PM
       date            time

   **B.**  The IDP hearing was held on    10/03/2012    at    9:30 AM
                           date            time

   **C.**  The detainee was advised of his/her rights before this IDP by    B. DeGirolamo
                                                      officer

      on 10/02/2012      and a copy of the advisement of rights form is attached.

---

**II.**  Staff Representative

   **A.**  Detainee waived his/her right to staff representative: Yes

   **B.**  Detainee requested staff representative and N/A                  appeared.
                                          staff representative

   **C.**  Requested staff representative declined or could not appear but detainee was advised of option to postpone hearing to
       obtain an alternative staff representative with the result: N/A

---

**III.**  Presentation of Evidence:

   **A.**  Detainee has been advised of his/her right to present a statement or to remain silent, to present document, including written
       statements of unavailable witnesses, and for relevant and material witnesses to appear on his/her behalf.

   **B.**  Summary of detainee's statement: No Statement - Refused to respond

   **C.**  Witnesses:

      **1.**  The following persons were called as witnesses at this hearing and appeared: N/A

      **2.**  A summary of testimony of each witness is attached.

      **3.**  The following person requested were not called for the reason(s) given N/A

      **4.**  Unavailable witnesses were requested to submit written statements and those statements received were considered
         (statements attached)

      **5.**  Documentary evidence: In addition to the incident report and investigation, the panel considered the following
         documents: N/A

      **6.**  Confidential information was considered by the IDP and was not provided to the detainee on
         N/A
         date

ICE Form I-894 (09/09)

CCOG00097163

**EXHIBIT 11**

REDACTED

Report #12601

### Section V  Specific Evidence Relied on to Support Findings:

This report was received on 10/03/12 and the hearing was completed on 10/03/12.

It is found that detainee REDACTED did violate prohibited act #413 – Being Unsanitary.

This is based upon the written Incident Report from A. Hargrove stating on 09/28/12 at approximately 1045 detainee REDACTED defecated on the floor while taking a shower in E-600.

When given the opportunity to make a statement at this hearing this detainee refused to respond to make any statement.  It was also noted that he refused to make any statements about this incident during the investigation and UDC hearing on this report.

Since he has failed to make any statements during the entire disciplinary process on this report he has failed to provide any evidence to dispute the officer's report. The actions in the report clearly constitute being unsanitary.

Therefore, due to the greater weight of the evidence this DHO finds that detainee REDACTED violated prohibited act #413 as charged.

### Section VII:   Reason for Sanction or Action Taken

It must be impressed upon this detainee that misconduct of this nature will not be tolerated.  This detainee has an extensive disciplinary record and, therefore, this was considered as a High category offense as dictated by ICE disciplinary policy. Due to this detainee's extensive past disciplinary record the maximum amount of disciplinary segregation was recommended.  This sanction is recommended to hopefully deter this detainee and others from future misconduct of this nature.

CCOG00097164

**EXHIBIT 11**

IV.  Findings:

   X   A. The Act Was Committed as Charged

_____ B. The Following Act Was Committed: _____

_____ C. No Prohibited Act Was Committed.

V.  Specific Evidence Relied on to Support Findings:
See Attached

VI.  Sanctions or Action Taken:  Offense Severity:
High Due to Past Disciplinary Record      30 Days Disciplinary Segregation

VII.  Reason for Sanction or Action Taken:
See Attached

_____          _____          _____
       Chairperson                                  Member                                        Member

VIII.  Review and Concur:

A. Concur with findings: _____

B. Proceedings terminated: _____

C. Discipline Imposed: _____

Signature _____    Date: 10-5-17  Time: 1500
      Officer-in Charge

Copy delivered to detainee by: [REDACTED] _____ on 10/10/17
                               Signature and Title                                                      Date

ICE Form I-894 (09/09)

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY 
U.S. Immigration and Customs Enforcement

## INCIDENT OF PROHIBITED ACTS AND NOTICE OF CHARGES

Detainee Name: REDACTED                          A-Number: REDACTED

Nationality: _UNITED KINGDOM_          Date & Time of Incident: _09.28.12 / 1045_

Incident Location: _EOHO 600  SHOWERS_          Work Assignment: _N/A_

Classification Level: _HIGH_          Quarters: _DI 107_

**PROHIBITED ACTS:**

1. _BEING UNSANITARY_          Code: _413_
2. _____          Code: _____
3. _____          Code: _____
4. _____          Code: _____

Description of Incident: _ON 09.28.12 AT APPROXIMATELY 1045 DETAINEE_ REDACTED
REDACTED          _DEFICATED IN THE FLOOR WHILE TAKING A SHOWER IN_
_E600._

Staff Witnesses? ☐ Yes ☐ No          Evidence Attached? ☐ Yes ☐ No ☐ N/A

Supporting Memoranda ☐ Yes ☐ No ☐ N/A

_A. HARGROVE_          _09.2812 / 1107_
Name of Reporting Officer          Date & Time          Signature

Reviewed for accuracy prior to investigation by: _W. KIMM_          LT.          _9-28-12 / 1230_
                                                      Supervisor          Date & Time

Incident Recorded on D.C.S? ☒ Yes ☐ No          Classification Level Change? ☐ Yes ☐ No

Level change from _____ To _____          _Rcvd 10/3/12_

ICE Form I-884 (09/09)

CCOG00097166

**EXHIBIT 11**

**DEPARTMENT OF HOMELAND SECURITY**
**U.S. Immigration and Customs Enforcement**

## INVESTIGATION REPORT

REDACTED                    REDACTED                    9/28/12
_____     _____     _____
Name of Detainee            A-Number                    Date of Incident

ECHO 600 SHOWERS           DI 107          9/28/12          413
_____    _____    _____    _____
Place of Incident          Quarters           Date/Investigation   Code(s)

Name of Investigating Officer: D-Garcia  has advised  REDACTED
                                                       _____
                                                       Detainee

that he/she has the right to remain silent at stages of the disciplinary process, but, that silence may be used to draw an adverse inference against him/her at any stage of the disciplinary process. However, silence alone may not be used to support a finding that he/she comitted a prohibited act.

Detainee Statement and Attitude During the Interview: DETAINEE REDACTED DID NOT WISH TO MAKE A STATEMENT OR ACKNOWLEDGE THIS INCIDENT REPORT.

Other Facts about the Incident: DETAINEE REDACTED HAS DISPLAYED THIS TYPE OF BEHAVIOR ON SEVERAL OTHER OCCASIONS.

Investigator's Comments and Conclusions: DETAINEE REDACTED HAS BEEN properly CHARGED, REFER TO DHO.

Date and Time Investigation Began: 9/28/12 2020

Date and Time Investigation Ended: 9/28/12 2021

REDACTED
_____
Signature of Investigating Officer

N/A
_____
Reviewed for Accuracy by: (Supervisor Name and Title)

ICE Form I-890

CCOG00097167

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## UNIT DISCIPLINARY COMMITTEE REPORT OF FINDINGS & ACTIONS

REDACTED                          REDACTED                          9-28-12

Name of Detainee                 A-Number                          Date of Incident

Place of Incident: DZ 107        Prohibited Act(s) Code: 413

Committee Action: Comments to Committee from Detainee Regarding the above Incident: Detainee Refused to Communicate Just Stood at the Door and would not acknowledge me.

It Is the Finding of the Unite Disciplinary Committee that:

1. You Committed the Prohibited Act as Charged: Code(s) _____
2. You Committed the Following Prohibited Act: Code(s) _____
3. You Did Not Commit a Prohibited Act as Charged: _____

Committee Findings Are Based on the Following Information: _____

Committee Action:

☐ Waives IDP Hearing and Accepts the UDCs Sanction: _____

☑ Refer to IDP              Date & Time: _____ / _____     Name of Detainee
☐ Loss of Privileges       ☐ Loss of Job                ☐ Quarter Changes
☐ Restrict to Dorm         ☐ Remove from Program        ☐ Reprimand
☐ Warning                  ☐ Confiscate Contraband      ☐ Impound Personal Property

Comments: Due Based upon the Detainees Past Disciplinary record Greater Sanctions Should be imposed than are available at the UDC level

UDC Chairpersons Signature: Botula

UDC Member's Signature: N/A

UDC Time and Date: 12:00 , 10-2-12

ICE Form I-891 (09/09)

CCOG00097168

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

# DETAINEE RIGHTS AT THE INSTITUTION DISCIPLINARY PANEL HEARING(IDP)

### Detainee Rights at The Institution Disciplinary Panel Hearing (IDP)

As a detainee charged with a prohibited act(s), you have been referred to the Institution Disciplinary Panel for disposition. While at the IDP hearing, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the IDP.

2. The right to have a full time member of staff who is reasonably available to assist you before the IDP.

3. The right to call witnesses and present documentary evidence in your behalf, provided institutional safety would not be jeopardized.

4. The right to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act.

5. The right to be present throughout the IDP decision, except during committee deliberations and where institutional safety would be in jeopardy.

6. The right to be advised of the IDP decision in writing and the facts supporting the panel's decision, except where institutional safety would be jeopardized.

7. The right to appeal the decision of the IDP by means of the Detainee Grievance Procedure to the Officer in Charge, within 15 days of the notice of the panel's decision and disposition.

**I hereby acknowledge that I have been advised of the rights afforded me at the Institution Disciplinary Panel hearing.**

Signed: _____   A-Number: _____   Date: _____

Notice of Rights given to the detainee by _____

Staff Member & Date

Refusal to Sign   Detainee Refused to Communicate

I have personally advised _____ of the rights afforded detainees at the Institution Disciplinary Panel hearing.
The detainee refused to sign the acknowledgment.

Staff member and date: _BJinter_   10.21 L

**Waiver of 24 hours Notice:**

I have been advised that I have at least a 24 hour notice prior to before the IDP. At this time, I wish to waive this right and proceed with the IDP hearing.

Detainee Signature, Date and Time: _____

ICE Form I-892 (09/09)

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## NOTICE OF INSTITUTION DISCIPLINARY PANEL HEARING

REDACTED                          REDACTED                    *10-2-12*
_____          _____          _____
Name of Detainee                    A-Number                       Date

Alleged Disciplinary Code Violation(s): *413* _____

Date of Offense: *9-28-12* _____

You are being referred to the Institution Disciplinary panel for the above mentioned charge(s).

The hearing will be held on ___*10-3-12*___, at ___*TBD*___ (time) at the following location
___*8600*___.

You are entitled to have a full time staff member represent you at the hearing. Please indicate below if you desire to have a staff member assist you, and if so, his or her name.

I (do) ____ (do not) *X* wish to have a staff representative.

If so, the staff representative's name is _____.

You also have the right to call witnesses at the hearing and to present documentary evidence in your behalf, provided, that calling your witnesses will not jeopardize facility security. Names of witnesses you wish to call should be listed below. State below what each proposed witnesses would be able to testify to:

Name: ___*me*___ Can testify to: _____
_____

Name: _____ Can testify to: _____
_____

Name: _____ Can testify to: _____
_____

The chairperson of the Institution Disciplinary Panel will call those listed above as witnesses (staff or detainee) who are reasonably available, and who are determined by the chairperson to be necessary for an appreciation of all of the circumstances surround the charge(s). Repetitive witnesses need not be called. Unavailable witnesses may be asked to submit written statements. If additional space is required, use the reverse side of the form.

ICE Form I-893 (09/09)

# ATTACHMENT S

# ATTACHMENT S

EXHIBIT 11
Page 0322

12892

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INSTITUTION DISCIPLINARY PANEL REPORT

| Name of Detainee: REDACTED | A-Number: REDACTED |
|---|---|

Date of Incident: 09/21/2012          Code(s): 307

**I.  Notice of Charge(s):**

   A.  Advance written notice of charge(s) (copy of Incident Report) was given to the detainee on

       09/21/2012          at          6:50 PM
            date              time

   B.  The IDP hearing was held on          09/25/2012          at          9:25 AM
                         date             time

   C.  The detainee was advised of his/her rights before this IDP by          B. DeGirolamo
                                         officer

      on  09/23/2012          and a copy of the advisement of rights form is attached.

**II.  Staff Representative**

   A.  Detainee waived his/her right to staff representative: Yes

   B.  Detainee requested staff representative and  N/A                                    appeared.
                                     staff representative

   C.  Requested staff representative declined or could not appear but detainee was advised of option to postpone hearing to
      obtain an alternative staff representative with the result: N/A

**III.  Presentation of Evidence:**

   A.  Detainee has been advised of his/her right to present a statement or to remain silent, to present document, including written
      statements of unavailable witnesses, and for relevant and material witnesses to appear on his/her behalf.

   B.  Summary of detainee's statement: Refused to respond

   C.  Witnesses:

      1.  The following persons were called as witnesses at this hearing and appeared: N/A

      2.  A summary of testimony of each witness is attached.

      3.  The following person requested were not called for the reason(s) given  N/A

      4.  Unavailable witnesses were requested to submit written statements and those statements received were considered
         (statements attached)

      5.  Documentary evidence: In addition to the incident report and investigation, the panel considered the following
         documents:  N/A

      6.  Confidential information was considered by the IDP and was not provided to the detainee on
         N/A
         date

ICE Form I-894 (09/09)

CCOG00097147

**EXHIBIT 11**

REDACTED                                                    Report #12592

**Section V  Specific Evidence Relied on to Support Findings:**

This report was received on 09/24/12 and the hearing was completed on 09/25/12.

It is found that detainee REDACTED did violate prohibited act #307 – Refusing to Obey an Order.

This is based upon the written Incident Report from G. Rodriguez stating he was attempting to place leg irons on detainee REDACTED to move him from the shower back to his cell.  He Gave REDACTED two direct orders to submit to leg irons.  He refused saying he would not put them on.  This was witnessed by Lt. Ibarra and CO Blowers.  The detainee was placed back in his cell without further incident.

When given the opportunity to make a statement at this hearing this detainee refused to respond to make any statement.  It was also noted that he refused to make any statements during the investigation and UDC hearing on this report.

Since he has failed to make any statements during the entire disciplinary process on this report he has failed to provide any evidence to dispute the officer's report. The actions in the report clearly constitute refusing an order.

Therefore, due to the greater weight of the evidence this DHO finds that detainee REDACTED violated prohibited act #307 as charged.


**Section VII:   Reason for Sanction or Action Taken**

It must be impressed upon this detainee that misconduct of this nature will not be tolerated.  This detainee has an extensive disciplinary record and, therefore, this was considered as a High category offense as dictated by ICE disciplinary policy. Due to this detainee's extensive past disciplinary record the maximum amount of disciplinary segregation was recommended.  This sanction is recommended to hopefully deter this detainee and others from future misconduct of this nature.

CCOG00097148

**EXHIBIT 11**

12892†289

IV.  Findings:

     X  A.  The Act Was Committed as Charged

        B.  The Following Act Was Committed: _____

        C.  No Prohibited Act Was Committed.

V.  Specific Evidence Relied on to Support Findings:
See Attached

VI.  Sanctions or Action Taken:  Offense Severity:
High Due to Past Disciplinary Record      30 Days Disciplinary Segregation

VII.  Reason for Sanction or Action Taken:
See Attached

_____        _____        _____
          Chairperson                                    Member                                            Member

VIII.  Review and Concur:

     A.  Concur with findings: _____

     B.  Proceedings terminated: _____

     C.  Discipline Imposed: _____

Signature _____  Date: _____  Time: _____
         Officer in Charge

Copy delivered to detainee by: _____ on __9/27/12__
            Signature and Title                                              Date

ICE Form I-894 (09/09)

CCOG00097149

**EXHIBIT 11**

/2592

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INCIDENT OF PROHIBITED ACTS AND NOTICE OF CHARGES

Detainee Name: REDACTED                                    A-Number: REDACTED

Nationality: UNITED KINGDOM                    Date & Time of Incident: 9/21/12 11:50A

Incident Location: E600                        Work Assignment: NONE

Classification Level: HIGH CUSTODY             Quarters: E-607

**PROHIBITED ACTS:**

1. REFUSING ORDER                              Code: 307
2. _____                         Code: _____
3. _____                         Code: _____
4. _____                         Code: _____

Description of Incident: I C/O G. RODRIGUEZ WAS ATTEMPTING TO PLACE LEG IRONS ON DETAINEE
REDACTED                        TO MOVE HIM FROM THE SHOWER BACK TO HIS CELL. I GAVE
REDACTED        TWO DIRECT ORDERS TO SUBMIT TO LEG IRONS. DETAINEE REFUSED SAYING HE WOULD
NOT PUT THEM ON. THIS WAS WITNESSED BY LT IBARRA AND C/O BLOWERS. DETAINEE WAS PLACED
BACK INTO HIS CELL WITHOUT FURTHER INCIDENT.

Staff Witnesses? ☒ Yes ☐ No              Evidence Attached? ☐ Yes ☐ No ☒ N/A

Supporting Memoranda ☐ Yes ☐ No ☒ N/A

G REDACTED RODRIGUEZ              9/21/12 11:50A        G. Rodriguez
Name of Reporting Officer        Date & Time            Signature

Reviewed for accuracy prior to investigation by: REDACTED            9/21/12 19To
                                                 Supervisor            Date & Time

Incident Recorded on D.C.S?  ☒ Yes ☐ No       Classification Level Change?  ☐ Yes ☐ No

Level change from _____ To _____          Rcvd 9/24/12 Jm

ICE Form I-884 (09/09)

CONFIDENTIAL

12592

**DEPARTMENT OF HOMELAND SECURITY**
**U.S. Immigration and Customs Enforcement**

## INVESTIGATION REPORT

| REDACTED | REDACTED | 9-21-2012 |
|---|---|---|
| Name of Detainee | A-Number | Date of Incident |

| E-600 | E607 | 9-21-12 | 307 |
|---|---|---|---|
| Place of Incident | Quarters | Date/Investigation | Code(s) |

Name of Investigating Officer: Hancock   has advised   REDACTED
Detainee

that he/she has the right to remain silent at stages of the disciplinary process, but, that silence may be used to draw an adverse inference against him/her at any stage of the disciplinary process. However, silence alone may not be used to support a finding that he/she committed a prohibited act.

Detainee Statement and Attitude During the Interview: *Non cooperative, Detainee has no comment to be made.*

Other Facts about the Incident: *No Comment to be Made -*

Investigator's Comments and Conclusions: *Detainee has a history of refusing orders by any staff member*

Date and Time Investigation Began: 9-21-12   1850

Date and Time Investigation Ended: 9-21-12   1852

*Hancock*
Signature of Investigating Officer

**N/A**
Reviewed for Accuracy by: (Supervisor Name and Title)

ICE Form I-890 (0

CCOG00097151

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## UNIT DISCIPLINARY COMMITTEE REPORT OF FINDINGS & ACTIONS

| REDACTED | REDACTED | 9-21-12 |
|---|---|---|
| Name of Detainee | A-Number | Date of Incident |

Place of Incident: E-6 CW    Prohibited Act(s) Code: 307

Committee Action: Comments to Committee from Detainee Regarding the above Incident: Detainee Refused to come to the Door.

It Is the Finding of the Unite Disciplinary Committee that:

1. You Committed the Prohibited Act as Charged: Code(s) _____
2. You Committed the Following Prohibited Act: Code(s) _____
3. You Did Not Commit a Prohibited Act as Charged: _____

Committee Findings Are Based on the Following Information: _____

**Committee Action:**

☐ Waives IDP Hearing and Accepts the UDCs Sanction: _____

Name of Detainee

☑ Refer to IDP              Date & Time: _____ / _____
☐ Loss of Privileges       ☐ Loss of job              ☐ Quarter Changes
☐ Restrict to Dorm         ☐ Remove from Program      ☐ Reprimand
☐ Warning                  ☐ Confiscate Contraband    ☐ Impound Personal Property

Comments: Based upon the Detainees past disciplinary record greater Sanctions should be imposed than are available at the UDC level.

UDC Chairpersons Signature: _____

UDC Member's Signature: N/A

UDC Time and Date: 1352 / 9-23-12

ICE Form I-891 (09/09)

CCOG00097152

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## DETAINEE RIGHTS AT THE INSTITUTION DISCIPLINARY PANEL HEARING(IDP)

**Detainee Rights at The Institution Disciplinary Panel Hearing (IDP)**

As a detainee charged with a prohibited act(s), you have been referred to the Institution Disciplinary Panel for disposition. While at the IDP hearing, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the IDP.

2. The right to have a full time member of staff who is reasonably available to assist you before the IDP.

3. The right to call witnesses and present documentary evidence in your behalf, provided institutional safety would not be jeopardized.

4. The right to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act.

5. The right to be present throughout the IDP decision, except during committee deliberations and where institutional safety would be in jeopardy.

6. The right to be advised of the IDP decision in writing and the facts supporting the panel's decision, except where institutional safety would be jeopardized.

7. The right to appeal the decision of the IDP by means of the Detainee Grievance Procedure to the Officer in Charge, within 15 days of the notice of the panel's decision and disposition.

**I hereby acknowledge that I have been advised of the rights afforded me at the Institution Disciplinary Panel hearing.**

Signed:_____   A-Number:_____   Date:_____

Notice of Rights given to the detainee by _____

Staff Member & Date

**Refusal to Sign**

I have personally advised REDACTED _____ of the rights afforded detainees at the Institution Disciplinary Panel hearing.
The detainee refused to sign the acknowledgment.

Staff member and date: _____  9-23-12  - Detainee refused to come to the wall

**Waiver of 24 hours Notice:**

I have been advised that I have at least a 24 hour notice prior to before the IDP. At this time, I wish to waive this right and proceed with the IDP hearing.

Detainee Signature, Date and Time: _____

ICE Form I-892 (09/09)

CCOG00097153

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## NOTICE OF INSTITUTION DISCIPLINARY PANEL HEARING

REDACTED                    REDACTED                    9-23-12

Name of Detainee                A-Number                    Date

Alleged Disciplinary Code Violation(s): 307

Date of Offense: 9-21-12

You are being referred to the Institution Disciplinary panel for the above mentioned charge(s).

The hearing will be held on  9-25-12 , at  TBD  (time) at the following location
E600 .

You are entitled to have a full time staff member represent you at the hearing. Please indicate below if you desire to have a staff member assist you, and if so, his or her name.

I (do) ___ (do not) /\ wish to have a staff representative.

If so, the staff representative's name is _____.

You also have the right to call witnesses at the hearing and to present documentary evidence in your behalf, provided, that calling your witnesses will not jeopardize facility security. Names of witnesses you wish to call should be listed below. State below what each proposed witnesses would be able to testify to:

Name: None                Can testify to: _____

Name: _____        Can testify to: _____

Name: _____        Can testify to: _____

The chairperson of the Institution Disciplinary Panel will call those listed above as witnesses (staff or detainee) who are reasonably available, and who are determined by the chairperson to be necessary for an appreciation of all of the circumstances surround the charge(s). Repetitive witnesses need not be called. Unavailable witnesses may be asked to submit written statements. If additional space is required, use the reverse side of the form.

ICE Form I-893 (09/09)

CCOG00097154

**EXHIBIT 11**

# ATTACHMENT T

# ATTACHMENT T

EXHIBIT 11
Page 0331



DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INSTITUTION DISCIPLINARY PANEL REPORT

Name of Detainee: REDACTED                          A-Number: REDACTED

Date of Incident: 10/09/2015                         Code(s): 413

---

**I.  Notice of Charge(s):**

A.  Advance written notice of charge(s) (copy of Incident Report) was given to the detainee on

    10/09/2015    at    7:26 PM
       date            time

B.  The IDP hearing was held on    10/20/2015    at    1:25 PM
                         date           time

C.  The detainee was advised of his/her rights before this IDP by    M. Miranda
                                              officer

on 10/14/2015        and a copy of the advisement of rights form is attached.

---

**II.  Staff Representative**

A.  Detainee waived his/her right to staff representative: Yes

B.  Detainee requested staff representative and N/A                 appeared.
                                    staff representative

C.  Requested staff representative declined or could not appear but detainee was advised of option to postpone hearing to obtain an alternative staff representative with the result: N/A

---

**III.  Presentation of Evidence:**

A.  Detainee has been advised of his/her right to present a statement or to remain silent, to present document, including written statements of unavailable witnesses, and for relevant and material witnesses to appear on his/her behalf.

B.  Summary of detainee's statement: I made my bed.

C.  Witnesses:

1.  The following persons were called as witnesses at this hearing and appeared: N/A

2.  A summary of testimony of each witness is attached.

3.  The following person requested were not called for the reason(s) given N/A

4.  Unavailable witnesses were requested to submit written statements and those statements received were considered (statements attached)

5.  Documentary evidence: In addition to the incident report and investigation, the panel considered the following documents: N/A

6.  Confidential information was considered by the IDP and was not provided to the detainee on
        N/A
        date

ICE Form I-894 (09/09)

CCOG00097323

**EXHIBIT 11**

REDACTED

Report #15946

**Section V Specific Evidence Relied on to Support Findings:**

This report was received on 10/19/15 and the hearing was held on 10/20/15.

It is found that REDACTED did violate prohibited act #413 – Failing to keep one's quarters in accordance with posted standards.

This is based upon the written report from CO Stremel stating on 10/09/15 at approximately 0905 hours detainee REDACTED room D-407 lower bunk bed had not been made in accordance with posted standards. He had informed D-400 all beds and vent covers must be taken down and made at 0740, 0750 and 0818. At 0912 CO Maxson confirmed his bed was not made.

When given the opportunity to make a statement at this hearing this detainee stated "I made my bed."

Although this detainee denies the actions in the report, he has failed to provide any credible evidence to make this DHO disbelieve the officer's report. The officer was in the performance of his duties and has no reason nor nothing to gain by filing an untruthful report. This DHO spoke with Unit Manager Babuca due to this detainee's allegations that this officer was "picking on" this detainee. Unit Manager Babuca informed me that he has also seen detainee REDACTED cell in this condition and has informed this officer to file the report. The actions described in the report clearly constitutes a violation of the prohibited act.

Therefore, due to the greater weight of the evidence this DHO finds that detainee Morris did violate prohibited act #413 as charged.

**Section VII: Reason for Sanction or Action Taken**

It must be impressed upon this detainee that misconduct of this nature will not be tolerated. This is this detainee's 3rd 300 or 400 category offense within a month and, therefore, this was considered as a High category offense. This sanction is recommended to hopefully deter this detainee and others from future misconduct of this nature.

CCOG00097324

**EXHIBIT 11**

15946

IV. Findings:

    X  A. The Act Was Committed as Charged

    _____  B. The Following Act Was Committed: _____

    _____  C. No Prohibited Act Was Committed.

V. Specific Evidence Relied on to Support Findings:
See Attached

VI. Sanctions or Action Taken: Offense Severity:
High Due to Past Disciplinary Record
10 Days Disciplinary Segregation Suspended 90 Days
15 Days Loss of Commissary

VII. Reason for Sanction or Action Taken:
See Attached

| _____ | N/A | N/A |
| Chairperson | Member | Member |

VIII. Review and Concur:

A. Concur with findings: _____

B. Proceedings terminated: _____

C. Discipline Imposed: _____

Signature _____ Date: 10/21/15 Time: 35 14
    Officer in Charge

Copy delivered to detainee by: _____ DHO    on 10-22-15
    Signature and Title            Date

ICE Form I-894 (09/09)

CCOG00097325

**EXHIBIT 11**

15946

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INCIDENT OF PROHIBITED ACTS AND NOTICE OF CHARGES

Detainee Name: REDACTED                          A-Number: REDACTED

Nationality: UNKNOWN                             Date & Time of Incident: 10-9-15  0905

Incident Location: D400                          Work Assignment: Trash Porter

Classification Level: Level 2                    Quarters: D408

**PROHIBITED ACTS:**

1. failure to keep ones Quarters  Code: 413
2. in accordance with Poster standards Code: _____
3. _____ Code: _____
4. _____ Code: _____

Description of Incident: On 10-9-15 At 0905 Detainee REDACTED Room D407
Lower Bunk Bed has not been made in Accordence with posted
standards. I officer stromel had informed D400 All Beds and
Vent covers must be taken Down and made at 0740 and 0750
0418 At 0912 c/c Maxson Confiemed his Bed was not made.

Staff Witnesses? ☒ Yes ☐ No                      Evidence Attached? ☐ Yes ☐ No ☒ N/A

Supporting Memoranda  ☐ Yes ☐ No ☒ N/A

Stromel                         10-9-15  1145
Name of Reporting Officer       Date & Time                    Signature

Reviewed for accuracy prior to investigation by: _____        10.9.15 /1415
                                           Supervisor                    Date & Time

Incident Recorded on D.C.S? ☒ Yes ☐ No          Classification Level Change? ☐ Yes ☐ No

Level change from _____ To _____

ICE Form I-884 (09/09)

CCOG00097326

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INVESTIGATION REPORT

| REDACTED | REDACTED | 10-9-15 |
|---|---|---|
| Name of Detainee | A-Number | Date of Incident |

| D-400 | D-408 | 10-9-15 | 4/13 |
|---|---|---|---|
| Place of Incident | Quarters | Date/Investigation | Code(s) |

Name of Investigating Officer: _Hansel_   has advised REDACTED
                                                        Detainee

that he/she has the right to remain silent at stages of the disciplinary process, but, that silence may be used to draw an adverse inference against him/her at any stage of the disciplinary process. However, silence alone may not be used to support a finding that he/she committed a prohibited act.

Detainee Statement and Attitude During the Interview: _Cooperative: states he spoke to LT._
_Degetarino about this issue._

Other Facts about the Incident: _Detainee states that he is having an on going_
_problem with c/o Stroumel and wants the c/o to leave him alone._

Investigator's Comments and Conclusions: _Detainee is correctly charged._

Date and Time Investigation Began: _10-9-15   1926_

Date and Time Investigation Ended: _10-9-15   1932_

Signature of Investigating Officer

_N/A_
Reviewed for Accuracy by: (Supervisor Name and Title)

ICE Form I-890 (0

CCOG00097327

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## UNIT DISCIPLINARY COMMITTEE REPORT OF FINDINGS & ACTIONS

| REDACTED | REDACTED | 10/09/2015 |
|---|---|---|
| Name of Detainee | A-Number | Date of Incident |

Place of Incident: Delta 400          Prohibited Act(s) Code: 413

Committee Action: Comments to Committee from Detainee Regarding the above Incident: " I never refused to make my bed."

It Is the Finding of the Unite Disciplinary Committee that:

1. You Committed the Prohibited Act as Charged: Code(s) _____
2. You Committed the Following Prohibited Act: Code(s) _____
3. You Did Not Commit a Prohibited Act as Charged: _____

Committee Findings Are Based on the Following Information: _____

Committee Action:

☐ Waives IDP Hearing and Accepts the UDCs Sanction: _____

☒ Refer to IDP          Date & Time: _____ / _____          Name of Detainee
☐ Loss of Privileges    ☐ Loss of job              ☐ Quarter Changes
☐ Restrict to Dorm      ☐ Remove from Program      ☐ Reprimand
☐ Warning               ☐ Confiscate Contraband    ☐ Impound Personal Property

Comments: Refer to IDP _____

UDC Chairpersons Signature: _____

UDC Member's Signature: N/A

UDC Time and Date: 0 1 5  , 10/14/15

ICE Form I-891 (09/09)

CCOG00097328

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## DETAINEE RIGHTS AT THE INSTITUTION DISCIPLINARY PANEL HEARING(IDP)

**Detainee Rights at The Institution Disciplinary Panel Hearing (IDP)**

As a detainee charged with a prohibited act(s), you have been referred to the Institution Disciplinary Panel for disposition. While at the IDP hearing, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the IDP.

2. The right to have a full time member of staff who is reasonably available to assist you before the IDP.

3. The right to call witnesses and present documentary evidence in your behalf, provided institutional safety would not be jeopardized.

4. The right to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act.

5. The right to be present throughout the IDP decision, except during committee deliberations and where institutional safety would be in jeopardy.

6. The right to be advised of the IDP decision in writing and the facts supporting the panel's decision, except where institutional safety would be jeopardized.

7. The right to appeal the decision of the IDP by means of the Detainee Grievance Procedure to the Officer in Charge, within 15 days of the notice of the panel's decision and disposition.

I hereby acknowledge that I have been advised of the rights afforded me at the Institution Disciplinary Panel hearing.

Signed: [REDACTED]          A-Number: _78265000_  Date: _10/14/15_

Notice of Rights given to the detainee by ___O/u Miranda___
                                          Staff Member & Date   10/14/15

**Refusal to Sign**

I have personally advised _____ of the rights afforded detainees at the Institution Disciplinary Panel hearing.
The detainee refused to sign the acknowledgment.

Staff member and date: _____

**Waiver of 24 hours Notice:**

I have been advised that I have at least a 24 hour notice prior to before the IDP. At this time, I wish to waive this right and proceed with the IDP hearing.

Detainee Signature, Date and Time: _____

ICE Form I-892 (09/09)

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## NOTICE OF INSTITUTION DISCIPLINARY PANEL HEARING

REDACTED                              REDACTED                           10/14/5
_____                _____                _____
Name of Detainee                          A-Number                          Date

Alleged Disciplinary Code Violation(s): _____ 413 _____

Date of Offense: _____ 10/9/15 _____

You are being referred to the Institution Disciplinary panel for the above mentioned charge(s).

The hearing will be held on _____ 10-20-15 ___, at ____ TBD _____ (time) at the following location
_____ D Bldg _____.

You are entitled to have a full time staff member represent you at the hearing. Please indicate below if you desire to have
a staff member assist you, and if so, his or her name.

I (do) ____ (do not) __X__ wish to have a staff representative.

If so, the staff representative's name is _____.

You also have the right to call witnesses at the hearing and to present documentary evidence in your behalf, provided,
that calling your witnesses will not jeopardize facility security. Names of witnesses you wish to call should be listed below.
State below what each proposed witnesses would be able to testify to:

Name: _____ Can testify to: _____

Name: _____ Can testify to: _____
                                              N/A

Name: _____ Can testify to: _____

The chairperson of the Institution Disciplinary Panel will call those listed above as witnesses (staff or detainee) who are
reasonably available, and who are determined by the chairperson to be necessary for an appreciation of all of the
circumstances surround the charge(s). Repetitive witnesses need not be called. Unavailable witnesses may be asked
to submit written statements. If additional space is required, use the reverse side of the form.

ICE Form I-893 (09/09)

CCOG00097330

**EXHIBIT 11**

# ATTACHMENT U

# ATTACHMENT U

EXHIBIT 11
Page 0340

## Disciplinary Summary

**Name:** REDACTED                                    **CCA ID:** REDACTED  **Agency ID:** REDACTED

### 2013-902-00391-D

**Status:** CLOSED          **Facility:** Eloy Detention

**Offense**

| | |
|---|---|
| **Local No.:** | 13417 |
| **Date / Time:** | 09/03/2013 08:50 |
| **Offense:** | USE OF VULGAR, ABUSIVE OR OBSCENE LANGUAGE |
| **Severity:** | Minor |
| **Location:** | Facility Property \ Section: D \ Block: 1 |
| **Inmate Notified Date:** | 09/03/2013 |

**Hearing**

| | |
|---|---|
| **Date / Time:** | 09/05/2013 09:15 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #308    15 Days Loss of Commissary |

**Appeal**

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

### 2014-902-00348-D

**Status:** CLOSED          **Facility:** Eloy Detention

**Offense**

| | |
|---|---|
| **Local No.:** | 14365 |
| **Date / Time:** | 05/30/2014 11:30 |
| **Offense:** | FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS |
| **Severity:** | Major |
| **Location:** | Facility Property \ Section: D |
| **Inmate Notified Date:** | 05/31/2014 |

**Hearing**

| | |
|---|---|
| **Date / Time:** | 06/03/2014 11:15 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #307    3 Weeks Loss of Commissary |

**Appeal**

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

Proprietary Information - Not For Distribution - Copyrighted

2/11/16 7:55 AM

Property of Corrections Corporation of America

CCOG00097303

**EXHIBIT 11**

Name: REDACTED _____  CCA ID: REDACTED  Agency ID: REDACTED

## 2014-902-00360-D

**Status:** CLOSED  **Facility:** Eloy Detention

**Offense**

| | |
|---|---|
| **Local No.:** 14372 | |
| **Date / Time:** 06/05/2014 10:30 | |
| **Offense:** FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS | |
| **Severity:** Major | |
| **Location:** Facility Property \ Section: D | |
| **Inmate Notified Date:** 06/05/2014 | |

**Hearing**

**Date / Time:** 06/11/2014 13:35
**Disposition:** Guilty
**Sanction Delivery:** Verbal
**Sanction:** #307    15 Days Disciplinary Segregation

**Appeal**

**Date Received:**
**Disposition:**

## 2014-902-00362-D

**Status:** CLOSED  **Facility:** Eloy Detention

**Offense**

**Local No.:** 14378
**Date / Time:** 06/05/2014 10:35
**Offense:** THREATENING ANOTHER WITH HARM
**Severity:** Major
**Location:** Facility Property \ Section: D
**Inmate Notified Date:** 06/06/2014

**Hearing**

**Date / Time:** 06/11/2014 13:40
**Disposition:** Guilty
**Sanction Delivery:** Verbal
**Sanction:** #204 and #308    30 Days Disciplinary Segregation  (CC to #14372)

**Appeal**

**Date Received:**
**Disposition:**

Proprietary Information - Not For Distribution - Copyrighted

2/11/16 7:55 AM
Property of Corrections Corporation of America

CCOG00097304

**EXHIBIT 11**

Name: <span style="background:black;color:white">REDACTED</span>                    CCA ID: REDACTED Agency ID: REDACTED

## 2014-902-00489-D

| Status: CLOSED | Facility: Eloy Detention |
|---|---|

**Offense**

| | Local No.: 14493 |
|---|---|
| | Date / Time: 07/16/2014 10:17 |
| | Offense: POSSESSION OF CONTRABAND |
| | Severity: Major |
| | Location: Facility Property \ Section: D \ Block: 2 \ Cell: 20 \ Bed: L |
| | Inmate Notified Date: 07/16/2014 |

**Hearing**

| | Date / Time: 07/18/2014 13:30 |
|---|---|
| | Disposition: Guilty |
| | Sanction Delivery: Verbal |
| | Sanction: #302   1 Week Loss of Recreation |

**Appeal**

| | Date Received: |
|---|---|
| | Disposition: |

## 2014-902-00567-D

| Status: CLOSED | Facility: Eloy Detention |
|---|---|

**Offense**

| | Local No.: 14587 |
|---|---|
| | Date / Time: 08/13/2014 17:48 |
| | Offense: USE OF VULGAR, ABUSIVE OR OBSCENE LANGUAGE |
| | Severity: Minor |
| | Location: Facility Property \ Section: D \ Block: 2 |
| | Inmate Notified Date: 08/14/2014 |

**Hearing**

| | Date / Time: 08/21/2014 13:00 |
|---|---|
| | Disposition: Guilty |
| | Sanction Delivery: Verbal |
| | Sanction: #308   15 Days Disciplinary Segregation |

**Appeal**

| | Date Received: |
|---|---|
| | Disposition: |

Proprietary Information - Not For Distribution - Copyrighted

2/11/16 7:55 AM
Property of Corrections Corporation of America

CCOG00097305

**EXHIBIT 11**

**Name:** REDACTED                              **CCA ID:** REDACTED **Agency ID:** REDACTED

## 2014-902-00573-D

**Status:** CLOSED          **Facility:** Eloy Detention

### Offense

| | |
|---|---|
| **Local No.:** | 14600 |
| **Date / Time:** | 08/18/2014 10:45 |
| **Offense:** | FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS |
| **Severity:** | Major |
| **Location:** | Facility Property \ Section: D \ Block: 2 |
| **Inmate Notified Date:** | 08/19/2014 |

### Hearing

| | |
|---|---|
| **Date / Time:** | 08/21/2014 13:05 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #307    15 Days Disciplinary Segregation |

### Appeal

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

## 2014-902-00751-D

**Status:** CLOSED          **Facility:** Eloy Detention

### Offense

| | |
|---|---|
| **Local No.:** | 14840 |
| **Date / Time:** | 10/10/2014 14:50 |
| **Offense:** | DISORDERLY CONDUCT |
| **Severity:** | Minor |
| **Location:** | Facility Property \ Recreation Area \ North Rec Yard |
| **Inmate Notified Date:** | 10/10/2014 |

### Hearing

| | |
|---|---|
| **Date / Time:** | 10/15/2014 09:30 |
| **Disposition:** | Not Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #223    None - Case Expunged |

### Appeal

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

Proprietary Information - Not For Distribution - Copyrighted

2/11/16 7:55 AM
Property of Corrections Corporation of America

CCOG00097306

**EXHIBIT 11**

Name: REDACTED _____ CCA ID: REDACTED Agency ID: REDACTED

## 2014-902-00891-D

**Status:** CLOSED          **Facility:** Eloy Detention

**Offense**

| | |
|---|---|
| **Local No.:** | 14948 |
| **Date / Time:** | 11/12/2014 05:00 |
| **Offense:** | USE OF VULGAR, ABUSIVE OR OBSCENE LANGUAGE |
| **Severity:** | Minor |
| **Location:** | Facility Property \ General Areas |
| **Inmate Notified Date:** | 11/13/2014 |

**Hearing**

| | |
|---|---|
| **Date / Time:** | 11/18/2014 14:00 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #308   10 Days Disc Seg Suspended 90 days,  15 Days Loss of Commissary |

**Appeal**

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

## 2014-902-00892-D

**Status:** CLOSED          **Facility:** Eloy Detention

**Offense**

| | |
|---|---|
| **Local No.:** | 14947 |
| **Date / Time:** | 11/12/2014 19:00 |
| **Offense:** | FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS |
| **Severity:** | Major |
| **Location:** | Facility Property \ General Areas |
| **Inmate Notified Date:** | 11/13/2014 |

**Hearing**

| | |
|---|---|
| **Date / Time:** | 11/18/2014 14:10 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #307 and #404   10 Days Disc Seg Suspended 90 Days,  15 Days Loss of |

**Appeal**

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

Proprietary Information - Not For Distribution - Copyrighted

2/11/16 7:55 AM
Property of Corrections Corporation of America

CCOG00097307

**EXHIBIT 11**

**Name:** REDACTED        **CCA ID:** REDACTED   **Agency ID:** REDACTED

## 2015-902-00019-D

**Status:** CLOSED      **Facility:** Eloy Detention

**Offense**

**Local No.:** 141073
**Date / Time:** 12/19/2014 22:52
**Offense:** FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS
**Severity:** Major
**Location:** Facility Property \ Section: D \ Block: 4 \ Cell: 08 \ Bed: L
**Inmate Notified Date:** 12/20/2014

**Hearing**

**Date / Time:** 12/23/2014 10:00
**Disposition:** Guilty
**Sanction Delivery:** Verbal
**Sanction:** #307    Warning

**Appeal**

**Date Received:**
**Disposition:**

## 2015-902-00147-D

**Status:** CLOSED      **Facility:** Eloy Detention

**Offense**

**Local No.:** 15113
**Date / Time:** 02/10/2015 16:20
**Offense:** FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS
**Severity:** Major
**Location:** Facility Property \ Section: D \ Block: 4
**Inmate Notified Date:** 02/11/2015

**Hearing**

**Date / Time:** 02/13/2015 13:34
**Disposition:** Not Guilty
**Sanction Delivery:** Verbal
**Sanction:** #307 and #308    None - Case Expunged

**Appeal**

**Date Received:**
**Disposition:**

Proprietary Information - Not For Distribution - Copyrighted

2/11/16 7:55 AM
Property of Corrections Corporation of America

CCOG00097308

**EXHIBIT 11**

Name: REDACTED _____ CCA ID: REDACTED Agency ID: REDACTED

## 2015-902-00149-D

**Status:** CLOSED          **Facility:** Eloy Detention

### Offense

| | |
|---|---|
| **Local No.:** | 15114 |
| **Date / Time:** | 02/10/2015 19:36 |
| **Offense:** | USE OF VULGAR, ABUSIVE OR OBSCENE LANGUAGE |
| **Severity:** | Minor |
| **Location:** | Facility Property \ Section: D |
| **Inmate Notified Date:** | 02/11/2015 |

### Hearing

| | |
|---|---|
| **Date / Time:** | 02/13/2015 13:06 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #308    2 Weeks Loss of Recreation |

### Appeal

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

## 2015-902-00869-D

**Status:** CLOSED          **Facility:** Eloy Detention

### Offense

| | |
|---|---|
| **Local No.:** | 15885 |
| **Date / Time:** | 09/24/2015 08:15 |
| **Offense:** | POSSESSION OF CONTRABAND |
| **Severity:** | Major |
| **Location:** | Facility Property \ Section: D \ Block: 4 \ Cell: 08 \ Bed: L |
| **Inmate Notified Date:** | 09/25/2015 |

### Hearing

| | |
|---|---|
| **Date / Time:** | 09/30/2015 09:35 |
| **Disposition:** | Not Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #302    Dismissed - Different locations |

### Appeal

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

Proprietary Information - Not For Distribution - Copyrighted

Property of Corrections Corporation of America

CCOG00097309

**EXHIBIT 11**

CONFIDENTIAL

Name: REDACTED                                    CCA ID: REDACTED  Agency ID: REDACTED

## 2015-902-00870-D

| Status: CLOSED | Facility: Eloy Detention |
|---|---|

**Offense**

| | |
|---|---|
| Local No.: | 15884 |
| Date / Time: | 09/24/2015 08:30 |
| Offense: | FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS |
| Severity: | Major |
| Location: | Facility Property \ Section: D \ Block: 4 \ Dayroom |
| Inmate Notified Date: | 09/25/2015 |

**Hearing**

| | |
|---|---|
| Date / Time: | 09/30/2015 09:40 |
| Disposition: | Guilty |
| Sanction Delivery: | Verbal |
| Sanction: | #307 and #308    30 Days Loss of Commissary |

**Appeal**

| | |
|---|---|
| Date Received: | 10/05/2015 |
| Disposition: | Concur |

## 2015-902-00919-D

| Status: CLOSED | Facility: Eloy Detention |
|---|---|

**Offense**

| | |
|---|---|
| Local No.: | 15939 |
| Date / Time: | 10/08/2015 08:00 |
| Offense: | USE OF VULGAR, ABUSIVE OR OBSCENE LANGUAGE |
| Severity: | Minor |
| Location: | Facility Property \ Section: D \ Block: 4 |
| Inmate Notified Date: | 10/09/2015 |

**Hearing**

| | |
|---|---|
| Date / Time: | 10/20/2015 13:20 |
| Disposition: | Guilty |
| Sanction Delivery: | Verbal |
| Sanction: | #307 and #308  10 Days Disc Seg Susp 90 Days,  15 Days Loss of Commissary |

**Appeal**

| | |
|---|---|
| Date Received: | |
| Disposition: | |

Proprietary Information - Not For Distribution - Copyrighted

2/11/16 7:55 AM
Property of Corrections Corporation of America

CCOG00097310

**EXHIBIT 11**

**Name:** REDACTED                    **CCA ID:** REDACTED  **Agency ID:** REDACTED

## 2015-902-00921-D

| Status: CLOSED | Facility: Eloy Detention |
|---|---|

**Offense**

| | |
|---|---|
| **Local No.:** | 15946 |
| **Date / Time:** | 10/09/2015 09:05 |
| **Offense:** | UNSANITARY AND DISORDERLY HOUSING CONDITIONS |
| **Severity:** | Minor |
| **Location:** | Facility Property \ Section: D \ Block: 4 \ Cell: 08 \ Bed: L |
| **Inmate Notified Date:** | 10/09/2015 |

**Hearing**

| | |
|---|---|
| **Date / Time:** | 10/20/2015 13:25 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #413   10 Days Disc Seg Susp 90 Days,  15 Days Loss of Commissary |

**Appeal**

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

## 2015-902-00985-D

| Status: CLOSED | Facility: Eloy Detention |
|---|---|

**Offense**

| | |
|---|---|
| **Local No.:** | 151025 |
| **Date / Time:** | 10/23/2015 19:30 |
| **Offense:** | FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS |
| **Severity:** | Major |
| **Location:** | Facility Property \ Section: D |
| **Inmate Notified Date:** | 10/24/2015 |

**Hearing**

| | |
|---|---|
| **Date / Time:** | 10/26/2015 10:33 |
| **Disposition:** | Not Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #307    None - Case Expunged |

**Appeal**

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

Proprietary Information - Not For Distribution - Copyrighted

2/11/16 7:55 AM

Property of Corrections Corporation of America

CCOG00097311

**EXHIBIT 11**

**Name:** REDACTED **CCA ID:** REDACTED **Agency ID:** REDACTED

## 2015-902-01148-D

**Status:** CLOSED **Facility:** Eloy Detention

### Offense

**Local No.:** 151210
**Date / Time:** 12/04/2015 12:00
**Offense:** FIGHTING
**Severity:** Major
**Location:** Facility Property \ Section: D \ Block: 4 \ Dayroom
**Inmate Notified Date:** 12/05/2015

### Hearing

**Date / Time:** 12/10/2015 09:35
**Disposition:** Not Guilty
**Sanction Delivery:** Verbal
**Sanction:** #201 and #223   None - Case Expunged

### Appeal

**Date Received:**
**Disposition:**

## 2016-902-00193-D

**Status:** CLOSED **Facility:** Eloy Detention

### Offense

**Local No.:** 16113
**Date / Time:** 01/14/2016 19:50
**Offense:** FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS
**Severity:** Major
**Location:** Facility Property \ Section: D
**Inmate Notified Date:** 01/15/2016

### Hearing

**Date / Time:** 01/20/2016 14:50
**Disposition:** Guilty
**Sanction Delivery:** Verbal
**Sanction:** #302 and #307   5 Days Loss of Recreation

### Appeal

**Date Received:**
**Disposition:**

Proprietary Information - Not For Distribution - Copyrighted

2/11/16 7:55 AM
Property of Corrections Corporation of America

**EXHIBIT 11**

CCOG00097312

**Name:** REDACTED        **CCA ID:** REDACTED   **Agency ID:** REDACTED

## 2016-902-00264-D

**Status:** CLOSED      **Facility:** Eloy Detention

### Offense

**Local No.:** 16202

**Date / Time:** 01/24/2016 08:00

**Offense:** FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS

**Severity:** Major

**Location:** Facility Property \ Section: D \ Block: 4 \ Cell: 08 \ Bed: L

**Inmate Notified Date:** 01/24/2016

### Hearing

**Date / Time:** 01/26/2016 14:38

**Disposition:** Not Guilty

**Sanction Delivery:** Verbal

**Sanction:** #307    None - Case Expunged

### Appeal

**Date Received:**

**Disposition:**

Proprietary Information - Not For Distribution - Copyrighted

Property of Corrections Corporation of America

CCOG00097313

**EXHIBIT 11**

# ATTACHMENT V

# ATTACHMENT V

**EXHIBIT 11**
**Page 0352**

IS1133

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INSTITUTION DISCIPLINARY PANEL REPORT

Name of Detainee: REDACTED     A-Number: REDACTED

Date of Incident: 11/19/2015     Code(s): 398

**I.**   Notice of Charge(s):

   **A.**   Advance written notice of charge(s) (copy of Incident Report) was given to the detainee on
      <u>11/20/2015</u>   at   <u>8:07 AM</u>
      date              time

   **B.**   The IDP hearing was held on   <u>12/01/2015</u>   at   <u>10:05 AM</u>
                                date            time

   **C.**   The detainee was advised of his/her rights before this IDP by   <u>R. Paskus</u>
                                                     officer

      on <u>11/23/2015</u>       and a copy of the advisement of rights form is attached.

**II.**   Staff Representative

   **A.**   Detainee waived his/her right to staff representative: <u>Yes</u>

   **B.**   Detainee requested staff representative and <u>N/A</u>        appeared.
                                        staff representative

   **C.**   Requested staff representative declined or could not appear but detainee was advised of option to postpone hearing to obtain an alternative staff representative with the result: <u>N/A</u>

**III.**   Presentation of Evidence:

   **A.**   Detainee has been advised of his/her right to present a statement or to remain silent, to present document, including written statements of unavailable witnesses, and for relevant and material witnesses to appear on his/her behalf.

   **B.**   Summary of detainee's statement: <u>I was mad because I am here.</u>

   **C.**   Witnesses:

     1.   The following persons were called as witnesses at this hearing and appeared: <u>N/A</u>

     2.   A summary of testimony of each witness is attached.

     3.   The following person requested were not called for the reason(s) given <u>N/A</u>

     4.   Unavailable witnesses were requested to submit written statements and those statements received were considered (statements attached)

     5.   Documentary evidence: In addition to the incident report and investigation, the panel considered the following documents: <u>N/A</u>

     6.   Confidential information was considered by the IDP and was not provided to the detainee on
         <u>N/A</u>
         date

ICE Form I-894 (09/09)

CCOG00097179

**EXHIBIT 11**

REDACTED                                          **Report #151133**

### Section V Specific Evidence Relied on to Support Findings:

This report was received on 11/30/15 and the hearing was held on 12/01/15.

It is found that REDACTED did violate prohibited act #413 – Being Unsanitary/Untidy.

This is based upon the written report from CO Licano stating on November 19, 2015 at approximately 1720 hours he observed water being thrown out of the cell door of Echo 123. Detainee REDACTED is the only detainee housed in Echo 123 at that time. The water was shut off and the clean-up started in Echo 100. The shift supervisor was notified.

When given the opportunity to make a statement at this hearing this detainee stated "I was mad because I am here."

This detainee's own statement indicates the report is accurate and correct as written.

Therefore, due to the greater weight of the evidence this DHO finds that detainee REDACTED did violate prohibited act #413. He was initially charged with #398 – Interfering with Staff. The charge of #413 better describes the actions in the report and, therefore, the charge of #398 was lowered to the charge of #413.

### Section VII:   Reason for Sanction or Action Taken

It must be impressed upon this detainee that misconduct of this nature will not be tolerated. This detainee has numerous previous 300 and 400 category offenses within the last 90 days and, therefore, this was considered as a high category offense. This sanction is recommended to hopefully deter this detainee and others from future misconduct of this nature.

CCOG00097180

**EXHIBIT 11**

151133

IV.  Findings:

    ____ A.  The Act Was Committed as Charged

    _X_ B.  The Following Act Was Committed: 413 _____

    ____ C.  No Prohibited Act Was Committed.

V.  Specific Evidence Relied on to Support Findings:
See Attached

VI.  Sanctions or Action Taken:  Offense Severity:
High Due to Past Disciplinary Record
10 Days Disciplinary Segregation    (Concurrent to previous Disc Seg)

VII.  Reason for Sanction or Action Taken:
See Attached

| _____ | _____ | _____ |
| Chairperson | N/A | N/A |
| | Member | Member |

VIII.  Review and Concur:

    A.  Concur with findings: _____

    B.  Proceedings terminated: _____

    C.  Discipline Imposed: _____

Signature _____    Date: 12-8-11    Time: 12 11/pm

    Officer in Charge

Copy delivered to detainee by: _____ -DAO _____ on  12-10-15

    Signature and Title                Date

ICE Form I-894 (09/09)

CCOG00097181

**EXHIBIT 11**

151133

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## INCIDENT OF PROHIBITED ACTS AND NOTICE OF CHARGES

REDACTED

Detainee Name: REDACTED                                    A-Number: REDACTED

Nationality: CUBA                          Date & Time of Incident: 11/19/15 1720

Incident Location: ECHO 100                Work Assignment: N/A

Classification Level: 3                     Quarters: Echo 123

PROHIBITED ACTS:

1. Interfering with a staff        Code: 398
2. member in the performance       Code: _____
3. of duties.                      Code: _____
4. _____                       Code: _____

Description of Incident: On November 19, 2015 at Approximately 17:20
Hours, I coz Weand, observed water being thrown out
Cell Door of Echo 123. Detainee REDACTED
is the only Detainee Housed in Echo 123 at this time.
water shut off And Cleanup started in Echo 100
Shift Supervisor Notified.

Staff Witnesses? ☑ Yes ☐ No               Evidence Attached? ☐ Yes ☑ No ☐ N/A

Supporting Memoranda ☐ Yes ☑ No ☐ N/A

D. Weand                     11/19/15 1900          coz
Name of Reporting Officer     Date & Time                    Signature

Reviewed for accuracy prior to investigation by: _____    11-19-15 2130
                                          Supervisor            Date & Time

Incident Recorded on D.C.S? ☑ Yes ☐ No       Classification Level Change? ☐ Yes ☐ No

Level change from _____ To _____  ⅄

ICE Form I-884 (09/09)

CCOG00097182

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

INVESTIGATION REPORT

| REDACTED | REDACTED | 11-19-15 |
|---|---|---|
| Name of Detainee | A-Number | Date of Incident |

Echo 100          Echo-123          11-20-15          398
Place of Incident    Quarters    Date/Investigation    Code(

Name of Investigating Officer: B.Oesmland          has advised    REDACTED
                                                                    Detainee

that he/she has the right to remain silent at stages of the disciplinary process, but, that silence may be used to draw an adver:
inference against him/her at any stage of the disciplinary process. However, silence alone may not be used to support a findin
that he/she comitted a prohibited act.

Detainee Statement and Attitude During the Interview: he Refused to make Statement of incident.
Said he is always Guilty in here and he walked away.

bad attitude

Other Facts about the Incident: _____

Investigator's Comments and Conclusions: Properly charged, Refer to SDC

Date and Time Investigation Began: 11-20-15 / 0807

Date and Time Investigation Ended: 11-20-15 / 0809

Signature of Investigating Officer

N/A

Reviewed for Accuracy by: (Supervisor Name and Title).

ICE Form I-89i

CCOG00097183

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## UNIT DISCIPLINARY COMMITTEE REPORT OF FINDINGS & ACTIONS

REDACTED _____
Name of Detainee

REDACTED _____
A-Number

*11-19-15*
Date of Incident

Place of Incident: *E 123*    Prohibited Act(s) Code: *398*

Committee Action: Comments to Committee from Detainee Regarding the above Incident: *DETAINEE ALLEGE HE DID NOTHING WRONG AND THAT HE IS ALWAYS GUILTY.*

It Is the Finding of the Unite Disciplinary Committee that:

1. You Committed the Prohibited Act as Charged: Code(s) _____
2. You Committed the Following Prohibited Act: Code(s) _____
3. You Did Not Commit a Prohibited Act as Charged: _____

Committee Findings Are Based on the Following Information: _____

Committee Action:

☐ Waives IDP Hearing and Accepts the UDCs Sanction: _____
Name of Detainee

☑ Refer to IDP    Date & Time: _____ / _____
☐ Loss of Privileges    ☐ Loss of job    ☐ Quarter Changes
☐ Restrict to Dorm    ☐ Remove from Program    ☐ Reprimand
☐ Warning    ☐ Confiscate Contraband    ☐ Impound Personal Property

Comments: *DUE TO DETAINEE ALREADY IN SEGREGATION FOR DISCIPLINARY UDC REFERS TO IDP.*

UDC Chairpersons Signature: _____

UDC Member's Signature: *N/A*

UDC Time and Date: *11-23-15* / *16:15*

ICE Form I-891 (09/09)

CCOG00097184

**EXHIBIT 11**

CONFIDENTIAL

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

# DETAINEE RIGHTS AT THE INSTITUTION DISCIPLINARY PANEL HEARING(IDP)

### Detainee Rights at The Institution Disciplinary Panel Hearing (IDP)

As a detainee charged with a prohibited act(s), you have been referred to the Institution Disciplinary Panel for disposition. While at the IDP hearing, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the IDP.

2. The right to have a full time member of staff who is reasonably available to assist you before the IDP.

3. The right to call witnesses and present documentary evidence in your behalf, provided institutional safety would not be jeopardized.

4. The right to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act.

5. The right to be present throughout the IDP decision, except during committee deliberations and where institutional safety would be in jeopardy.

6. The right to be advised of the IDP decision in writing and the facts supporting the panel's decision, except where institutional safety would be jeopardized.

7. The right to appeal the decision of the IDP by means of the Detainee Grievance Procedure to the Officer in Charge, within 15 days of the notice of the panel's decision and disposition.

**I hereby acknowledge that I have been advised of the rights afforded me at the Institution Disciplinary Panel hearing.**

Signed: _____ A-Number: `REDACTED`      Date: _11-23-15_

Notice of Rights given to the detainee by _____ 11-23-15_
                                                        Staff Member & Date

**Refusal to Sign**

I have personally advised `REDACTED` _____ of the rights afforded detainees at the Institution Disciplinary Panel hearing.
The detainee refused to sign the acknowledgment.

Staff member and date: _____ 11-23-18_

**Waiver of 24 hours Notice:**

I have been advised that I have at least a 24 hour notice prior to before the IDP. At this time, I wish to waive this right and proceed with the IDP hearing.

Detainee Signature, Date and Time: _____

ICE Form I-892 (09/09)

CCOG00097185

**EXHIBIT 11**

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## NOTICE OF INSTITUTION DISCIPLINARY PANEL HEARING

REDACTED       REDACTED       _11-24-15_
_____    _____    Date
Name of Detainee       A-Number

Alleged Disciplinary Code Violation(s): _____ 398 _____

Date of Offense: _____ 11-19-15 _____

You are being referred to the Institution Disciplinary panel for the above mentioned charge(s).

The hearing will be held on ___ 12-1-15 ___ , at ___ TBD ___ (time) at the following location
_____ E100 _____ .

You are entitled to have a full time staff member represent you at the hearing. Please indicate below if you desire to have
a staff member assist you, and if so, his or her name.

I (do) ____ (do not) _✓_ wish to have a staff representative.

If so, the staff representative's name is _____.

You also have the right to call witnesses at the hearing and to present documentary evidence in your behalf, provided,
that calling your witnesses will not jeopardize facility security. Names of witnesses you wish to call should be listed below.
State below what each proposed witnesses would be able to testify to:

Name: _____ None _____ Can testify to: _____

Name: _____ Can testify to: _____

Name: _____ Can testify to: _____

The chairperson of the Institution Disciplinary Panel will call those listed above as witnesses (staff or detainee) who are
reasonably available, and who are determined by the chairperson to be necessary for an appreciation of all of the
circumstances surround the charge(s). Repetitive witnesses need not be called. Unavailable witnesses may be asked
to submit written statements. If additional space is required, use the reverse side of the form.

ICE Form I-893 (09/09)

CCOG00097186

## EXHIBIT 11

# ATTACHMENT W

# ATTACHMENT W

EXHIBIT 11
Page 0361

## Disciplinary Summary

Name: REDACTED                                    CCA ID: REDACTED  Agency ID: REDACTED

### 2015-902-00581-D

**Status:** CLOSED          **Facility:** Eloy Detention

**Offense**

| | |
|---|---|
| **Local No.:** | 15598 |
| **Date / Time:** | 07/13/2015 10:26 |
| **Offense:** | FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS |
| **Severity:** | Major |
| **Location:** | Facility Property \ Section: D \ Block: 4 |
| **Inmate Notified Date:** | 07/13/2015 |

**Hearing**

| | |
|---|---|
| **Date / Time:** | 07/15/2015 09:26 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #307    Change of Quarters |

**Appeal**

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

### 2015-902-00643-D

**Status:** CLOSED          **Facility:** Eloy Detention

**Offense**

| | |
|---|---|
| **Local No.:** | 15667 |
| **Date / Time:** | 07/31/2015 18:25 |
| **Offense:** | FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS |
| **Severity:** | Major |
| **Location:** | Facility Property \ Section: SHU \ Block: N \ Cell: 31 |
| **Inmate Notified Date:** | 08/01/2015 |

**Hearing**

| | |
|---|---|
| **Date / Time:** | 08/03/2015 12:30 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #307 and #313    1 Week Loss of Recreation |

**Appeal**

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

Proprietary Information - Not For Distribution - Copyrighted

12/1/15 3:39 PM

Property of Corrections Corporation of America

CCOG00097173

**EXHIBIT 11**

Name: REDACTED    CCA ID: REDACTED  Agency ID: REDACTED

## 2015-902-00691-D

**Status:** CLOSED    **Facility:** Eloy Detention

**Offense**

| | |
|---|---|
| **Local No.:** | 15711 |
| **Date / Time:** | 08/07/2015 15:30 |
| **Offense:** | FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS |
| **Severity:** | Major |
| **Location:** | Facility Property \ Section: SHU \ Block: N \ Dayroom |
| **Inmate Notified Date:** | 08/08/2015 |

**Hearing**

| | |
|---|---|
| **Date / Time:** | 08/11/2015 12:35 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #307    10 Days Disc Seg Suspended 90 days,  15 Days Loss of Commissary |

**Appeal**

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

## 2015-902-00823-D

**Status:** CLOSED    **Facility:** Eloy Detention

**Offense**

| | |
|---|---|
| **Local No.:** | 15845 |
| **Date / Time:** | 09/08/2015 11:30 |
| **Offense:** | FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS |
| **Severity:** | Major |
| **Location:** | Facility Property \ General Areas |
| **Inmate Notified Date:** | 09/09/2015 |

**Hearing**

| | |
|---|---|
| **Date / Time:** | 09/15/2015 13:13 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #307 and #308    1 Week Loss of Recreation |

**Appeal**

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

Proprietary Information - Not For Distribution - Copyrighted

12/1/15 3:39 PM
Property of Corrections Corporation of America

CCOG00097174

**EXHIBIT 11**

Name: REDACTED                                    CCA ID: REDACTED   Agency ID: REDACTED

## 2015-902-00857-D

**Status:** CLOSED          **Facility:** Eloy Detention

**Offense**

| | |
|---|---|
| **Local No.:** | 15898 |
| **Date / Time:** | 09/26/2015 16:40 |
| **Offense:** | POSSESSION OF CONTRABAND |
| **Severity:** | Major |
| **Location:** | Facility Property \ General Areas |
| **Inmate Notified Date:** | 09/27/2015 |

**Hearing**

| | |
|---|---|
| **Date / Time:** | 09/29/2015 09:00 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #305 and #309    10 Days Disciplinary Segregation |

**Appeal**

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

## 2015-902-00925-D

**Status:** CLOSED          **Facility:** Eloy Detention

**Offense**

| | |
|---|---|
| **Local No.:** | 15956 |
| **Date / Time:** | 10/12/2015 08:45 |
| **Offense:** | USE OF VULGAR, ABUSIVE OR OBSCENE LANGUAGE |
| **Severity:** | Minor |
| **Location:** | Facility Property \ Section: E \ Block: 1 |
| **Inmate Notified Date:** | 10/13/2015 |

**Hearing**

| | |
|---|---|
| **Date / Time:** | 10/21/2015 08:40 |
| **Disposition:** | Guilty |
| **Sanction Delivery:** | Verbal |
| **Sanction:** | #308    30 Days Disciplinary Segregation |

**Appeal**

| | |
|---|---|
| **Date Received:** | |
| **Disposition:** | |

Proprietary Information - Not For Distribution - Copyrighted

12/1/15 3:39 PM

Property of Corrections Corporation of America

CCOG00097175

**EXHIBIT 11**

**Name:** REDACTED  **CCA ID:** REDACTED  **Agency ID:** REDACTED

## 2015-902-01015-D

**Status:** CLOSED  **Facility:** Eloy Detention

### Offense

**Local No.:** 151046

**Date / Time:** 10/29/2015 07:50

**Offense:** THREATENING ANOTHER WITH HARM

**Severity:** Major

**Location:** Facility Property \ Section: E \ Block: 2 \ Cell: 23

**Inmate Notified Date:** 10/30/2015

### Hearing

**Date / Time:** 11/10/2015 10:20

**Disposition:** Guilty

**Sanction Delivery:** Verbal

**Sanction:** #204    30 Days Disciplinary Segregation

### Appeal

**Date Received:**

**Disposition:**

## 2015-902-01059-D

**Status:** CLOSED  **Facility:** Eloy Detention

### Offense

**Local No.:** 151119

**Date / Time:** 11/15/2015 08:50

**Offense:** FAILURE TO FOLLOW VERBAL OR POSTED RULES AND/OR ORDERS

**Severity:** Major

**Location:** Facility Property \ Section: E \ Block: 1 \ Cell: 13 ·

**Inmate Notified Date:** 11/16/2015

### Hearing

**Date / Time:** 11/19/2015 08:55

**Disposition:** Guilty

**Sanction Delivery:** Verbal

**Sanction:** #307    10 Days Disciplinary Segregation  (Concurrent)

### Appeal

**Date Received:**

**Disposition:**

Proprietary Information - Not For Distribution - Copyrighted

12/1/15 3:39 PM

Property of Corrections Corporation of America

CCOG00097176

**EXHIBIT 11**



**Name:** REDACTED                                    **CCA ID:** REDACTED   **Agency ID:** REDACTED

**2015-902-01086-D**

**Status:** CLOSED                    **Facility:** Eloy Detention

**Offense**

**Local No.:** 151133

**Date / Time:** 11/19/2015 17:20

**Offense:** UNSANITARY AND DISORDERLY HOUSING CONDITIONS

**Severity:** Minor

**Location:** Facility Property \ Section: E \ Block: 1 \ Cell: 23 \ Bed: L

**Inmate Notified Date:** 11/20/2015

**Hearing**

**Date / Time:** 12/01/2015 10:05

**Disposition:** Guilty

**Sanction Delivery:** Verbal

**Sanction:** #413    10 Days Disciplinary Segregation  (Concurrent)

**Appeal**

**Date Received:**

**Disposition:**

Proprietary Information - Not For Distribution - Copyrighted

12/1/15 3:39 PM
Property of Corrections Corporation of America

CCOG00097177

**EXHIBIT 11**