# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CORECIVIC, INC., a Maryland corporation,<br><br>　　　　　　　　　　Defendant. | Case No.: 17-CV-1112 JLS (NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**<br><br>(ECF No. 119) |

　　　Presently before the Court is Defendant CoreCivic, Inc.'s Motion for Leave to File Documents Under Seal re: Memorandum in Opposition to Plaintiffs' Motion for Class Certification ("Mot.," ECF No. 119). Having carefully considered Defendant's arguments, the documents in question, and the law, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion.

　　　"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz*

*v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Defendant seeks leave to file under seal unredacted copies of Exhibits 4, 11, 24 through 26, and 32 to its memorandum in opposition to Plaintiffs' motion for class certification. Mot. at 2. Defendant contends that compelling reasons exist to file portions of these documents under seal because "Exhibits 4, 11, 24–26, and 32 contain identifying information of detainees that is protected from public disclosure by [8 C.F.R.] § 236.6,"

*id.*, while Exhibit 29 "consists of excerpts of the deposition of Troy Pollock . . . regarding Policy 10-100, Segregation/Restrictive Housing Unit Management," which "contains security-sensitive information regarding the operation of SDC's segregation unit, including but not limited to information regarding searches and restrain and movement that could be used to defeat CoreCivic's security measures for purposes of escape or assault on staff of other detainees." *Id.* at 3.

For the reasons provided in the Court's June 24, 2019 Order, *see* ECF No. 107 at 4–5, the Court agrees that compelling reasons exist to file under seal identifying information concerning Defendant's detainees. Having reviewed Defendant's proposed redactions to Exhibits 4, 11, 24 through 26, and 32, the Court concludes that Defendant's proposed redactions are narrowly tailored to effect this purpose. Accordingly, the Court **GRANTS** Defendant's Motion as to Exhibits 4, 11, 24 through 26, and 32.

As for Exhibit 29, the Court recognizes that compelling reasons may exist to file under seal policies that may jeopardize the safety or security of the facility of the people working in it. *See* ECF No. 107 at 5–6. Having reviewed Defendant's proposed redactions to Exhibit 29, however, the Court is not convinced that discussion of when reviews of segregation placements are mandated to be conducted meets these criteria. Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion as to Exhibit 29. Within three (3) days of the electronic docketing of this Order, Defendant **SHALL FILE** either an unredacted version of Exhibit 29 or a renewed motion further explaining why "compelling reasons" exist to file the specified portions of Exhibit 29 under seal.

**IT IS SO ORDERED.**

Dated: July 16, 2019

Hon. Janis L. Sammartino
United States District Judge