STRUCK LOVE BOJANOWSKI & ACEDO, PLC
Daniel P. Struck, AZ Bar #012377
*(admitted pro hac vice)*
Rachel Love, AZ Bar #019881
*(admitted pro hac vice)*
Nicholas D. Acedo, AZ Bar #021644
*(admitted pro hac vice)*
Ashlee B. Hesman, AZ Bar #028874
*(admitted pro hac vice)*
Jacob B. Lee, AZ Bar #030371
*(admitted pro hac vice)*
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Tel.:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com

LAW OFFICE OF ETHAN H. NELSON
Ethan H. Nelson, CA Bar #262448
4 Park Plaza, Suite 1025
Irvine, California 92614
Tel.: (949) 229-0961
Fax: (949) 861-7122
ethannelsonesq@gmail.com

Attorneys for Defendant/Counter-Claimant
CoreCivic, Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Sylvester Owino and Jonathan Gomez, on behalf of themselves, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CoreCivic, Inc., a Maryland corporation,<br><br>Defendant. | Case No. 3:17-cv-01112-JLS-NLS<br><br>**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE EVIDENCE FROM CLASS CERTIFICATION DECISION**<br><br>Date: October 10, 2019<br>Time: 1:30 pm<br>Courtroom: 4D<br>Judge:  Hon. Janis L. Sammartino |

CoreCivic, Inc., a Maryland corporation,

     Counter-Claimant,

v.

Sylvester Owino and Jonathan Gomez, on behalf of themselves, and all others similarly situated,

     Counter-Defendants.

## INTRODUCTION

Plaintiffs' Motion to Exclude Evidence From Class Certification Decision ("Motion to Exclude") fails to show that Defendant, CoreCivic, violated either the original Scheduling Order or the Court's Orders regarding the parties' Joint Motions for Determination of Discovery Disputes ("Joint Motions"). CoreCivic produced the challenged exhibits in direct response to arguments and evidence raised for the first time in Plaintiffs' Motion for Class Certification. CoreCivic had no prior notice that Plaintiffs would rely on that evidence, and thus could not have produced the exhibits prior to the March 15, 2019 class discovery deadline.[1] Moreover, Plaintiffs' request to exclude the exhibits is hypocritical, given that Plaintiffs never disclosed certain evidence used to support their Motion for Class Certification and Reply, including the names of: two detainees who submitted declarations in support of their Motion; any of the detainees listed in the disciplinary log excerpts filed in support of their Motion; and two detainees who submitted untimely and improper declarations in support of their Reply. Plaintiffs' Motion to Exclude was clearly an attempt to create additional work for CoreCivic while its Response to their Motion for Partial Summary Judgment was due. Finally, Plaintiffs fail to demonstrate any prejudice resulting from the exhibits. The Court should deny the Motion to Exclude.

---

[1] Plaintiffs concede these documents "were not . . . the subject of, class discovery." (Doc. 128-1 at 1:8-9.)

# BACKGROUND

## I. Plaintiffs' Requests For Production Of Documents

The Court's July 27, 2018 Scheduling Order set a general class discovery deadline of March 15, 2019. (Doc. 57.) Plaintiffs argue that Attachment B to Exhibit 1, and all attachments to Exhibits 4, 6, 7, 8, 11, and 13,[2] submitted in support of CoreCivic's Opposition to Plaintiffs' Motion for Class Certification, should have been produced by the March 15 deadline. But they fail to identify any Requests for Production to which the exhibits were responsive, or demonstrate that CoreCivic failed to produce the exhibits despite their efforts to obtain them.

On June 26, 2018, Plaintiffs served their Requests for Production of Documents, Set One. (Declaration of Jacob B. Lee, Ex. 1, ¶3.) Request Nos. 17-19 asked for various documents related to detainee misconduct. (Id. at ¶4.) During the parties' meet and confer efforts, the parties agreed that CoreCivic would initially produce: policies, procedures, manuals, and rules regarding discipline; disciplinary logs; and detainee files for the named Plaintiffs, the plaintiffs in the *C. Gonzalez* matter (No. 3:17-cv-02573-JLS-NLS, S.D. Cal.), and the detainees who signed a letter posted to Facebook regarding conditions at Otay Mesa Detention Center ("OMDC"). (Id.) The parties agreed that production of detainee files beyond these 41 detainee files would be deferred. (Id. at ¶5.) None of the detainees in the disciplinary log excerpts attached to Plaintiffs' Motion for Class Certification were in these groups, and Plaintiffs did not otherwise request that CoreCivic produce those specific files prior to the class certification discovery deadline. (Id. at ¶6.)

---

[2] Attachment B to Ex. 1, Attachments D-E to Ex. 4, and the attachments to Ex. 6, 7, and 13 are representative photographs of clothing and hygiene supplies issued to ICE detainees at CoreCivic facilities. Attachments A-C to Ex. 4 and the attachments to Ex. 11 are disciplinary records for detainees in the disciplinary log excerpts attached to Plaintiffs' Motion for Class Certification. The attachments to Ex. 8 are representative commissary item/price lists for seven CoreCivic facilities.

Memorandum in Opposition to Motion to Exclude Evidence 3 17cv01112-JLS-NLS

Plaintiffs' Request Nos. 23-24 asked for documents regarding "basic necessities" provided to detainees. (Id. at ¶7.) During the parties' meet and confer efforts, the parties agreed that CoreCivic would produce policies, procedures, manuals, and rules regarding detainee property, hygiene supplies, and other similar topics. (Id.) Plaintiffs did not request that CoreCivic produce representative photographs of the clothing and hygiene supplies issued to detainees. (Id. at ¶8.) Nevertheless, CoreCivic produced a representative photograph of the hygiene supplies issued to detainees at OMDC in its Initial Disclosure Statement, served on July 13, 2018, and Plaintiffs' counsel observed the hygiene and clothing kits issued to detainees during their tour of OMDC on January 17, 2019. (Id.) After receiving Plaintiffs' Motion for Class Certification, which sought for the first time to certify classes based upon the alleged deprivation of "basic necessities" to coerce detainees to participate in the Voluntary Work Program ("VWP"), CoreCivic attached representative photographs of clothing and hygiene supplies issued to detainees to its Opposition, and produced them to Plaintiffs before filing. (Id. at ¶9.)

Plaintiffs' Request Nos. 25-26 asked for documents regarding commissary items and pricing. (Id. at ¶10.) During the parties' meet and confer efforts, the parties agreed that CoreCivic would produce item lists for each facility. (Id.) Although those lists had not yet been produced as of March 15, 2019, as the parties were focused on other documents, including voluminous policies and procedures, Plaintiffs never raised it as a discovery issue, such that the Court's Orders regarding the parties' Joint Motions did not address them. (Doc. 69, 80; Ex. 1 at ¶11.) Moreover, Plaintiffs did not seek to certify a "basic necessities" class in their Complaint or otherwise disclose that they intended to certify one until they filed their Motion for Class Certification; thus, CoreCivic had no notice that the commissary lists were relevant to class certification until it received the Motion for Class Certification. (Ex. 1 at ¶12; Doc. 1, 84-1.) CoreCivic therefore attached the lists to its Opposition and produced them to Plaintiffs before filing. (Ex. 1 at ¶12.)

On February 13, 2019, Plaintiffs served their Requests for Production of Documents, Set Two. (Id. at ¶13.) Request No. 38 asked for all detainee files for all detainees that were in ICE custody at any CoreCivic facility during the "Relevant Time Period." (Id. at ¶14.) On March 8, 2019, Plaintiffs' counsel requested that CoreCivic prioritize the production of 60 detainee files from San Diego Correctional Facility ("SDCF") and California City Correctional Center ("CaCCC"). (Id. at ¶15.) The list did not include any of the declarants Plaintiffs relied on in their Motion for Class Certification and Reply or any of the detainees on the disciplinary log excerpts. (Id.)

On March 15, 2019, CoreCivic served its response to the Second Requests for Production, asserting various objections, including that the requested production would be unduly burdensome and disproportionate to the needs of the case. (Id. at ¶16.) CoreCivic proposed that Plaintiffs review the previously-produced detainee rosters and identify a targeted group of detainees from each facility for whom detainee files should be produced, and invited Plaintiffs to meet and confer regarding the appropriate size of each group, to be produced if and to the extent the Court were to certify one or more classes. (Id.) Instead, the parties jointly moved to extend the deadline to raise a discovery dispute with the Court at Plaintiffs' request. (Id. at ¶17; Doc. 91-92.) The parties later jointly moved to extend the deadline again until after the Court rules on the Motion for Class Certification. (Ex. 1 at ¶18; Doc. 130-131.)

**II.   The Parties' Joint Motions For Determination Of Discovery Disputes**

On October 15, 2018, the parties filed their first Joint Motion regarding CoreCivic's production of documents in response to Plaintiffs' Requests for Production. (Doc. 68.) On October 26, 2018, the Court set the following production deadlines:

- November 9, 2018—documents to identify putative class members;

- January 15, 2019—documents to establish dates and hours worked by putative class members, work performed, compensation accrued, amount of compensation delivered, and policies and procedures; and

- March 15, 2019—remaining documents responsive to Plaintiffs' Requests for Production.

(Doc. 69.) There was no discussion, in either the Joint Motion or the Order, of disciplinary reports, representative photographs of clothing and hygiene supplies, or commissary item/price lists. (Doc. 68, 69.)

On February 28, 2019, the parties filed their second Joint Motion regarding, in relevant part, production of policies and procedures that had not been produced as of January 15, 2019. (Doc. 78.) On March 1, 2018, the Court found that CoreCivic was in substantial compliance with the January 15, 2019 deadline and declined to set the interim deadline Plaintiffs requested, instead requiring that the remaining policies and procedures be produced by the March 15, 2019 deadline. (Doc. 80.) There was no discussion, in either the Joint Motion or the Order, of disciplinary reports, representative photographs of clothing and hygiene supplies, or commissary item/price lists. (Doc. 78, 80.)

### III. Plaintiffs' Rule 26(a) Disclosures And Discovery Responses

On July 13, 2018, Plaintiffs served their Rule 26(a) Initial Disclosures. (Ex. 1 at ¶19.) Plaintiffs disclosed themselves, the *C. Gonzalez* plaintiffs, and unidentified California and nationwide putative class members as persons likely to have discoverable information. (Id.)

On January 25, 2019, CoreCivic served its First Interrogatories to Plaintiffs Owino and Gomez. (Id. at ¶20.) On February 25, 2019, both Plaintiffs served their responses. (Id.) Interrogatory No. 1 asked Plaintiffs to identify the witnesses they may or will call at trial or any hearing or deposition, including for class certification; Plaintiffs objected to the request as overbroad, unduly burdensome, harassing, and premature. (Id. at ¶21.) Plaintiffs identified only themselves, the

*C. Gonzalez* plaintiffs, and "[c]urrently unknown members of the putative classes." (Id.) Plaintiffs never supplemented their responses to identify particular detainees they intended to rely on in their Motion for Class Certification. (Id. at ¶22.)

Interrogatory Nos. 2 and 4-19 are contention interrogatories asking Plaintiffs to state the bases for various claims asserted in their Complaint, including the witnesses Plaintiffs may or will call in support of them; each Plaintiff refused to identify specific witnesses, stating instead: "Plaintiff will not identify specific individuals who 'may' be able to support Plaintiff's allegations because such a request is overbroad, unduly burdensome, and harassing." (Id. at ¶23.) Plaintiffs again identified only the detainees listed in response to Interrogatory No. 1. (Id.)

On April 15, 2019, Plaintiffs filed their Motion for Class Certification. (Doc. 84.) Plaintiffs attached the declarations of two detainees, neither of whom had been disclosed previously as witnesses Plaintiffs intended to rely on for class certification. (Doc. 84-5 and 84-6; Ex. 1 at ¶24.) Plaintiffs also attached four disciplinary log excerpts regarding disciplinary reports issued to detainees at Eloy Detention Center ("EDC") and Stewart Detention Center ("SDC"); Plaintiffs had not previously disclosed any of these detainees as witnesses they intended to rely on for class certification or otherwise requested that CoreCivic produce their disciplinary files. (Doc. 87, Ex. 30-33; Ex. 1 at ¶25.) CoreCivic attached the disciplinary files for these detainees to its Opposition, and produced the files to Plaintiffs before filing. (Ex. 1 at ¶26; Doc. 128-1 at 1:27-2:4.)

On August 1, 2019, Plaintiffs filed their Reply in Support of Motion for Class Certification. (Doc. 127.) Plaintiffs attached as exhibits various documents that had not been attached to their Motion for Class Certification. (Doc. 127-2 and 127-3.) Plaintiffs also attached the declarations of two more detainees, neither of

Memorandum in Opposition to Motion to Exclude Evidence       7       17cv01112-JLS-NLS

whom had been disclosed as a witness they intended to rely on for class certification. (Doc. 127-4 and 127-5; Ex. 1 at ¶27.)[3]

## LEGAL ARGUMENT

Neither the original Scheduling Order nor either of the Orders on the parties' first two Joint Motions address the exhibits Plaintiffs complain were untimely disclosed. The Scheduling Order set only a general class certification discovery deadline (Doc. 57), and the Orders on the Joint Motions dealt with detainee rosters, payment logs, and policies and procedures. (Doc. 69, 80.)

At the time the Scheduling Order was entered, Plaintiffs had identified only three putative classes, none of which had anything to do with the provision of "basic necessities" to detainees, or the alleged withholding of such necessities to coerce detainees into participating in the VWP. (Doc. 1 at ¶¶30-32.) There was therefore no reason for CoreCivic to anticipate that it needed to produce either representative photographs of the clothing and hygiene supplies it provides to detainees or commissary lists by the March 15, 2019 deadline (i.e., Attachment B to Ex. 1, Attachments D-E to Ex. 4, and the attachments to Ex. 6, 7, and 13). *See* Fed. R. Civ. P. 26(a)(1)(A)(ii) (requiring a party to disclose "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses").

Nor was there any reason for CoreCivic to anticipate that it needed to produce either the photographs or the commissary lists in response to Plaintiffs' Requests for Production. The photographs were never discussed at all. (Ex. 1 at

---

[3] Declarant SJ was not an ICE detainee, and therefore was not included in Plaintiffs' "disclosure" of putative class members. (Ex. 1 at ¶28.) Rather, she admits she was a City of Mesa detainee at Central Arizona Florence Correctional Complex ("CAFCC"), which does not house female ICE detainees. (Doc. 127-5 at ¶2; Ex. 1 at ¶29.) Maricopa County Superior Court records show that she pleaded guilty to making a false terrorism report, a third degree felony, and false emergency reporting, a class one misdemeanor, in October 2018. (Ex. 1 at ¶30.)

¶¶7-8.) Although the commissary lists were discussed, Plaintiffs never made them a priority, including by raising their non-production as a discovery issue. (Id. at ¶¶10-11.) Rather, the focus of CoreCivic's productions and the parties' disputes was primarily the policies and procedures. (Id. at ¶¶4-11.)

Plaintiffs did not propose the "basic necessities" classes until April 15, 2019, a full month after the close of class certification discovery. (Doc. 84-1 at 13:25-14:20.) It was only in preparing its Opposition to the Motion for Class Certification that CoreCivic realized the need for the representative photographs and commissary lists, and produced them accordingly.[4] (Ex. 1 at ¶¶9, 12.)

Similarly, there was no reason for CoreCivic to anticipate that it needed to produce the detainee disciplinary files by the March 15, 2019 deadline (i.e., Attachments A-C to Ex. 4 and the attachments to Ex. 11). *See* Fed. R. Civ. P. 26(a)(1)(A)(ii). Plaintiffs did not disclose their intent to rely on the detainees in the disciplinary log excerpts until they filed their Motion for Class Certification on April 15, 2019. (Ex. 1 at ¶¶4-6; Doc. 84-1 at 10:11-28). Indeed, the parties agreed to initially produce only 41 files, none of which included the detainees on the disciplinary log excerpts, and to defer the rest. (Id.) Plaintiffs' subsequent request that CoreCivic produce 60 more specific detainee files did not include the detainees in the disciplinary log excerpts. (Id. at ¶15.) After receiving Plaintiffs' Motion for Class Certification, which relied on those detainees, CoreCivic produced the relevant files prior to filing its Opposition. (Id. at ¶¶25-26.) CoreCivic therefore did not violate any applicable orders, and Plaintiffs have not shown otherwise.

Any untimeliness in CoreCivic's productions was caused by Plaintiffs' failure to timely and fully disclose their putative classes and refusal to timely disclose the witnesses they intended to rely on in seeking to certify those classes. (Ex. 1 at ¶¶12, 19-26.) . Plaintiffs' Complaint alleged only three classes, none of

---

[4] Plaintiffs concede this was not "by [itself] improper." (Doc. 128-1 at 2:16.)

1  which had anything to do with the "basic necessities" classes they asked the Court
2  to certify in their Motion for Class Certification. (Doc. 1 at ¶¶30-32; Doc. 84-1 at
3  13:25-14:20.)

4  Rule 26(a)(1)(A)(i) required Plaintiffs to disclose "the name . . . of each
5  individual likely to have discoverable information—along with the subjects of that
6  information—that the disclosing party may use to support its claims or defenses,"
7  but Plaintiffs disclosed only themselves, the *C. Gonzalez* plaintiffs, and unidentified
8  putative class members. (Ex. 1 at ¶¶19-22.) When CoreCivic asked Plaintiffs to
9  identify the witnesses they intended to rely on for class certification, Plaintiffs
10 refused, objecting—three weeks before the end of class certification discovery, and
11 seven weeks before the class certification motion deadline—that the requests were
12 premature, overbroad, unduly burdensome, and harassing. (Id. at ¶23.) Rule
13 26(e)(1)(A) required Plaintiffs to timely supplement their Rule 26(a) disclosures
14 and discovery responses "if the party learns that in some material respect the
15 disclosure or response is incomplete or incorrect," but Plaintiffs never did so—
16 either before the March 15, 2019 class certification discovery deadline or before the
17 April 15, 2019 class certification motion deadline. (Id. at ¶22.)

18 And yet, Plaintiffs filed a Motion to Exclude, accusing CoreCivic of not
19 producing exhibits by these same deadlines, even though the only way CoreCivic
20 could have done so would have been to predict that Plaintiffs would add two
21 previously unmentioned putative classes and rely on the declarations and
22 disciplinary reports of previously unidentified detainees. Plaintiffs' Motion to
23 Exclude is especially egregious because they attached new documents to their
24 Reply, as well as declarations from two previously undisclosed detainees, all of
25 which could have—and should have—been attached to the original Motion for
26 Class Certification. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (the
27 Court should not consider new evidence presented in a reply brief without giving
28 the non-movant an opportunity to respond); *see also Wallace v. Countrywide Home*

1  *Loans, Inc.*, No. SACV 08-1463 AG (MLGx), 2009 WL 4349534, at *7 (C.D. Cal. Nov. 23, 2009) ("A district court may refuse to consider new evidence submitted for the first time in a reply if the evidence should have been presented with the opening brief.") (citing cases).

Nor have Plaintiffs shown any prejudice as a result of CoreCivic's alleged violations. Plaintiffs do not even attempt to do so, instead arguing that the documents should be excluded based solely on the alleged technical violations, an implicit acknowledgement that they suffered no prejudice.

Plaintiffs were aware of the types of hygiene supplies CoreCivic gives to ICE detainees as early as July 13, 2018, when they received CoreCivic's Initial Disclosure Statement, which included a representative photograph of hygiene supplies given to ICE detainees at OMDC. (Id. at ¶9.) Comparison of that photograph to the others listed in Plaintiffs' Motion to Exclude shows that essentially the same items are given to ICE detainees at all CoreCivic facilities at issue. Plaintiffs' counsel then saw both the hygiene items and clothing given to ICE detainees at OMDC on January 17, 2019, when they toured OMDC. (Id.) And CoreCivic had no reason to produce the disciplinary files and commissary lists earlier than it did, as Plaintiffs failed to disclose either their intended "basic necessities" classes or the detainees in the disciplinary log excerpts.

If Plaintiffs needed more time to review and address these documents in their Reply, they could have requested it. Instead, they filed a Motion to Exclude that fails to show either a violation of any applicable Orders or any harm to Plaintiffs.

## CONCLUSION

The Court should deny Plaintiffs' Motion to Exclude in its entirety.

Dated: September 5, 2019

By s/ Jacob B. Lee
Daniel P. Struck
dstruck@strucklove.com
Rachel Love
rlove@strucklove.com
Nicholas D. Acedo
nacedo@strucklove.com
Ashlee B. Hesman
ahesman@strucklove.com
Jacob B. Lee
jlee@strucklove.com
STRUCK LOVE BOJANOWSKI & ACEDO, PLC

Ethan H. Nelson
LAW OFFICE OF ETHAN H. NELSON
ethannelsonesq@gmail.com

Attorneys for Defendant/Counter-Claimant CoreCivic, Inc.

3607736.1