STRUCK LOVE BOJANOWSKI & ACEDO, PLC
Daniel P. Struck, AZ Bar #012377
*(admitted pro hac vice)*
Rachel Love, AZ Bar #019881
*(admitted pro hac vice)*
Nicholas D. Acedo, AZ Bar #021644
*(admitted pro hac vice)*
Ashlee B. Hesman, AZ Bar #028874
*(admitted pro hac vice)*
Jacob B. Lee, AZ Bar #030371
*(admitted pro hac vice)*
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Tel.:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com

LAW OFFICE OF ETHAN H. NELSON
Ethan H. Nelson, CA Bar #262448
4 Park Plaza, Suite 1025
Irvine, California 92614
Tel.: (949) 229-0961
Fax: (949) 861-7122
ethannelsonesq@gmail.com

Attorneys for Defendant/Counter-Claimant
CoreCivic, Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Sylvester Owino and Jonathan Gomez, on behalf of themselves, and all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>CoreCivic, Inc., a Maryland corporation,<br><br>  Defendant. | NO. 3:17-cv-01112-JLS-NLS<br><br>**DECLARATION OF JACOB B. LEE**<br><br>Date: October 10, 2019<br>Time: 1:30 pm<br>Courtroom: 4D<br>Judge:  Hon. Janis L. Sammartino |

|   |   |
|---|---|
| 1 | CoreCivic, Inc., a Maryland corporation, |
| 2 | |
| 3 | Counter-Claimant, |
| 4 | v. |
| 5 | Sylvester Owino and Jonathan Gomez, on behalf of themselves, and all others similarly situated, |
| 6 | |
| 7 | Counter-Defendants. |

I, Jacob B. Lee, make the following Declaration:

1. I am over the age of 18 years and competent to testify to the matters set forth in this Declaration.

2. I am counsel of record for Defendant CoreCivic ("CoreCivic") in the above-referenced matter. I am licensed to practice in Arizona and Nevada, and have been admitted *pro hac vice* in this matter. (Doc. 40.) I make this Declaration in support of CoreCivic's Memorandum in Opposition to Plaintiffs' Motion to Exclude Evidence from Class Certification Decision.

3. On June 26, 2018, Plaintiffs served their Requests for Production of Documents, Set One.

4. Request Nos. 17-19 asked for various documents related to detainee misconduct. During the parties' meet and confer efforts, the parties agreed that CoreCivic would initially produce policies, procedures, manuals, and rules regarding discipline; disciplinary logs; and detainee files for the named Plaintiffs, the plaintiffs in the *C. Gonzalez* matter (No. 3:17-cv-02573-JLS-NLS, S.D. Cal.), and the detainees who signed a letter posted to Facebook regarding conditions at Otay Mesa Detention Center ("OMDC").

5. The parties agreed that production of detainee files beyond these select few (approximately 41 detainee files) would be deferred to a later date, most likely during merits discovery.

6. None of the detainees in the disciplinary log excerpts attached to Plaintiffs' Motion for Class Certification were in these groups, and Plaintiffs did not otherwise request that CoreCivic produce those specific detainee files prior to the class certification discovery deadline.

7. Plaintiffs' Request Nos. 23-24 asked for documents regarding "basic necessities" provided to detainees. During the parties' meet and confer efforts, the parties agreed that CoreCivic would produce policies, procedures, manuals, and rules regarding detainee property, hygiene supplies, and other similar topics.

8. Plaintiffs did not request that CoreCivic produce representative photographs of the clothing and hygiene supplies issued to detainees. Nevertheless, CoreCivic produced a representative photograph of the hygiene supplies issued to detainees at OMDC in its Initial Disclosure Statement, served on July 13, 2018, and Plaintiffs' counsel observed the hygiene and clothing kits issued to detainees during their tour of OMDC on January 17, 2019.

9. After receiving Plaintiffs' Motion for Class Certification, which sought for the first time to certify classes based upon the alleged deprivation of "basic necessities" to coerce detainees to participate in the Voluntary Work Program ("VWP"), CoreCivic attached representative photographs of clothing and hygiene supplies issued to detainees to its Opposition, and produced them to Plaintiffs before filing.

10. Plaintiffs' Request Nos. 25-26 asked for documents regarding commissary items and pricing. During the parties' meet and confer efforts, the parties agreed that CoreCivic would produce item lists for each facility.

11. Although those lists had not yet been produced as of March 15, 2019, as the parties were focused on other documents, including voluminous policies and procedures, Plaintiffs never raised it as a discovery issue.

12. Moreover, Plaintiffs did not seek to certify a "basic necessities" class in their Complaint or otherwise disclose that they intended to certify one until they

filed their Motion for Class Certification; thus, CoreCivic had no notice that the commissary lists were relevant to class certification until it received the Motion for Class Certification on April 15, 2019. CoreCivic therefore attached the lists to its Opposition and produced them to Plaintiffs before filing.

13. On February 13, 2019, Plaintiffs served their Requests for Production of Documents, Set Two.

14. Request No. 38 asked for all detainee files for all detainees that were in ICE custody at any CoreCivic facility during the "Relevant Time Period."

15. On March 8, 2019, Plaintiffs' counsel requested that CoreCivic prioritize the production of 60 detainee files from San Diego Correctional Facility ("SDCF") and California City Correctional Center ("CaCCC"). The list did not include any of the declarants Plaintiffs relied on in their Motion for Class Certification and Reply or any of the detainees on the disciplinary log excerpts.

16. On March 15, 2019, CoreCivic served its response to the Second Requests for Production, asserting various objections, including that the requested production would be unduly burdensome and disproportionate to the needs of the case. CoreCivic proposed that Plaintiffs review the previously-produced detainee rosters and identify a targeted group of detainees from each facility for whom detainee files should be produced, and invited Plaintiffs to meet and confer regarding the appropriate size of each group, to be produced if and to the extent the Court were to certify one or more classes.

17. Instead, the parties jointly moved to extend the deadline to raise a discovery dispute with the Court at Plaintiffs' request.

18. The parties later jointly moved to extend the deadline again until after the Court rules on the Motion for Class Certification.

19. On July 13, 2018, Plaintiffs served their Rule 26(a) Initial Disclosures. Plaintiffs disclosed themselves, the *C. Gonzalez* plaintiffs, and unidentified

1  California and nationwide putative class members as persons likely to have
2  discoverable information.

3      20.    On January 25, 2019, CoreCivic served its First Interrogatories to
4  Plaintiffs Owino and Gomez. On February 25, 2019—three weeks prior to the class
5  certification discovery deadline, and seven weeks prior to the class certification
6  motion deadline—both Plaintiffs served their responses.

7      21.    Interrogatory No. 1 asked Plaintiffs to identify the witnesses they may
8  or will call at trial or any hearing or deposition, including for class certification;
9  Plaintiffs objected to the request as overbroad, unduly burdensome, harassing, and
10  premature. Plaintiffs identified only themselves, the *C. Gonzalez* plaintiffs, and
11  "[c]urrently unknown members of the putative classes."

12      22.    Plaintiffs never supplemented their responses to identify the particular
13  detainees they intended to rely on in their Motion for Class Certification, either
14  before the March 15, 2019 deadline or the April 15, 2019 deadline.

15      23.    Interrogatory Nos. 2 and 4-19 are contention interrogatories asking
16  Plaintiffs to state the bases for various claims asserted in their Complaint, including
17  the witnesses Plaintiffs may or will call in support of them; each Plaintiff refused to
18  identify specific witnesses, stating instead: "Plaintiff will not identify specific
19  individuals who 'may' be able to support Plaintiff's allegations because such a
20  request is overbroad, unduly burdensome, and harassing." Plaintiffs again identified
21  only the detainees listed in response to Interrogatory No. 1.

22      24.    On April 15, 2019, Plaintiffs filed their Motion for Class Certification.
23  Plaintiffs attached the declarations of two detainees, neither of whom had been
24  disclosed previously as witnesses Plaintiffs intended to rely on for class
25  certification.

26      25.    Plaintiffs also attached four disciplinary log excerpts regarding
27  disciplinary reports issued to detainees at Eloy Detention Center ("EDC") and
28  Stewart Detention Center ("SDC"); Plaintiffs had not previously disclosed any of

these detainees as witnesses they intended to rely on for class certification or otherwise requested that CoreCivic produce their disciplinary files.

26. CoreCivic attached the disciplinary files for these detainees to its Opposition, and produced the files to Plaintiffs before filing.

27. On August 1, 2019, Plaintiffs filed their Reply in Support of Motion for Class Certification. Plaintiffs attached as exhibits various documents that had not been attached to their Motion for Class Certification. Plaintiffs also attached the declarations of two more detainees, neither of whom had been disclosed as a witness Plaintiffs intended to rely on for class certification.

28. Declarant SJ was not an ICE detainee, and therefore was not included in Plaintiffs' "disclosure" of putative class members.

29. Rather, she admits she was a City of Mesa detainee at Central Arizona Florence Correctional Complex ("CAFCC"), which does not house female ICE detainees.

30. Maricopa County Superior Court records show that she pleaded guilty to making a false terrorism report, a third degree felony, and false emergency reporting, a class one misdemeanor, in October 2018.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

EXECUTED this 5th day of September, 2019 at Chandler, Arizona.

s/ Jacob B. Lee
JACOB B. LEE

3617650.1