STRUCK LOVE BOJANOWSKI & ACEDO, PLC
Daniel P. Struck, AZ Bar #012377
*(admitted pro hac vice)*
Rachel Love, AZ Bar #019881
*(admitted pro hac vice)*
Nicholas D. Acedo, AZ Bar #021644
*(admitted pro hac vice)*
Ashlee B. Hesman, AZ Bar #028874
*(admitted pro hac vice)*
Jacob B. Lee, AZ Bar #030371
*(admitted pro hac vice)*
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Tel.:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com

LAW OFFICE OF ETHAN H. NELSON
Ethan H. Nelson, CA Bar #262448
4 Park Plaza, Suite 1025
Irvine, California 92614
Tel.: (949) 229-0961
Fax: (949) 861-7122
ethannelsonesq@gmail.com

Attorneys for Defendant/Counter-Claimant
CoreCivic, Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Sylvester Owino and Jonathan Gomez, on behalf of themselves, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CoreCivic, Inc., a Maryland corporation,<br><br>Defendant. | NO. 3:17-cv-01112-JLS-NLS<br><br>**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: October 10, 2019<br>Time: 1:30pm<br>Courtroom: 4D<br>Judge:  Honorable Janis L. Sammartino |

| | |
|---|---|
| 1 | CoreCivic, Inc., a Maryland corporation, |
| 2 | |
| 3 | Counter-Claimant, |
| 4 | v. |
| 5 | Sylvester Owino and Jonathan Gomez, on behalf of themselves, and all others similarly situated, |
| 6 | |
| 7 | Counter-Defendants. |

Defendant CoreCivic, Inc. opposes Plaintiffs' Motion for Partial Summary Judgment ("MPSJ"). Plaintiffs are barred from seeking summary judgment prior to resolution of class certification. Adjudicating the merits of their claims now, without CoreCivic's consent, will open the door to one-way intervention by putative class members and circumvent the protections that Rule 23(c)(2) was designed to provide. Plaintiffs' MPSJ is also premature. The parties were directed to defer merits litigation until after class certification. The Court should continue down that path, rule on class certification first, allow the parties to conduct discovery on all remaining claims, and resume summary-judgment briefing after merits discovery has ended. Finally, at a minimum, CoreCivic requests this Court to deny or defer ruling on the MPSJ until it has had a realistic opportunity to conduct discovery essential to refuting Plaintiffs' evidence.

## I. BACKGROUND.

Plaintiffs Sylvester Owino and Jonathan Gomez, both former ICE detainees, filed this lawsuit on May 31, 2017. (Dkt. 1.) Their Complaint raised 12 claims against CoreCivic, including 10 different statutory violations, and claims for negligence and unjust enrichment. (*Id.*) Plaintiffs' First Amended Complaint added a thirteenth claim under California's Private Attorney General Act, and sought to certify three classes. (Dkt. 67.)

CoreCivic moved to dismiss all claims, which the Court denied in part and granted in part on May 14, 2018. (Dkt. 18; Dkt. 37.) CoreCivic filed its Answer to the First Amended Complaint, along with counterclaims for unjust enrichment and declaratory relief, on October 26, 2018. (Dkt. 70.)

In the parties' Joint Rule 26(f) Report and Discovery Plan, CoreCivic requested "that discovery be conducted in two phases—limited pre-certification class discovery and post-certification merits discovery." (*See* Joint Rule 26(f) Report and Discovery Plan at 7 [lodged on July 13, 2018, pursuant to Dkt. 46, ¶ 4.b].) Instead, the Court set a class discovery deadline of March 15, 2019, and a

motion-for-class-certification deadline of April 15, 2019. (Dkt. 57 at 2.) While the parties could also conduct merits discovery, the Court admonished that it "expects the parties to prioritize discovery related to Plaintiff's motion for class certification and defer certain discovery that is not necessary for the class certification briefing." (*Id*.) The Court did not—and has not—set a deadline for merits discovery or dispositive motions. It ordered the parties to contact its chambers "within three court days of receiving a ruling on the class certification motion to set a date for a further Case Management Conference." (*Id*. at 3.)

Plaintiffs filed their Motion for Class Certification on April 15, 2019. (Dkt. 84, 84-1.) The 25-page Motion was supported by six Declarations and 88 Exhibits (totaling approximately 1,200 pages). (*See* Dkt. 84-2 to 84-6, 85 to 85-87.) The Motion seeks to certify five classes—two nationwide classes and three California classes. (Dkt. 84, 84-1.)

On June 5, 2019, while CoreCivic was preparing its Opposition to the Motion for Class Certification, Plaintiffs filed their 21-page MPSJ. (Dkt. 97, 97-1.) The MPSJ is supported by 42 Exhibits (totaling approximately 480 pages). (*See* Dkt. 97-3 to 97-43.) Plaintiffs request summary judgment on one issue—whether participants in the Voluntary Work Program ("VWP") are "employees" who are "employed by" CoreCivic under California law—and two claims (minimum-wage claim and wage-statement claim). (Dkt. 97-1.)

CoreCivic filed its 35-page Opposition to Plaintiffs' Motion for Class Certification on July 11, 2019. (Dkt. 118.) That Opposition was supported by 33 Exhibits (totaling approximately 940 pages). (*See* Dkt. 118-1 to 118-9.) Plaintiffs filed their 15-page Reply on August 1, 2019, which was supported by three more Declarations and two more Exhibits. (*See* Dkt. 127, 127-1 to 127-05.) On that same day, Plaintiffs filed a Motion to Exclude Evidence that CoreCivic submitted in support of its Opposition to the Motion for Class Certification. (Dkt. 128.) CoreCivic filed its Response to that Motion on September 5, 2019. (Dkt. 132.)

Oral argument is set for October 10, 2019, on Plaintiffs' Motion for Class Certification, Motion to Exclude Evidence, and Motion for Partial Summary Judgment, and on Defendant's Motion for Judgment on the Pleadings. (Dkt. 129.) Before filing this Opposition, undersigned counsel asked Plaintiffs' counsel if they would withdraw the MPSJ or stipulate to continue briefing, but they refused. (*See* Declaration of Jacob Lee ("Lee Decl."), ¶¶ 17-18.)

## II.  LEGAL ARGUMENT.

### A.  Plaintiffs Cannot Seek Summary Judgment Prior to Class Certification.

Rule 23(c)(2) requires notice of class certification to putative class members and an opportunity to opt-out before a judgment on the merits has been rendered. *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 547-49 (1974); *Schwarzschild v. Tse*, 69 F.3d 293, 295-96 (9th Cir. 1995). "This rule exists in part to protect defendants from unfair 'one-way intervention,' where the members of a class not yet certified can wait for the court's ruling on summary judgment and either opt in to a favorable ruling or avoid being bound by an unfavorable one." *Villa v. San Francisco Forty-Niners, Ltd.*, 104 F. Supp. 3d 1017, 1021 (N.D. Cal. 2015). In that "one-way" situation, a putative class member "would not be bound by a decision that favors the defendant but could decide to benefit from a decision favoring the class." *Id*. If a defendant defeats class certification, it is left open to "being pecked to death by ducks. One plaintiff could sue and lose; another could sue and lose; and another and another until one finally prevailed; then everyone else would ride on that single success." *Tschudy v. J.C. Penney Corp.*, 2015 WL 5098446, at *6 (S.D. Cal. 2015) (quoting *Fireside Bank v. Superior Court*, 155 P.3d 268, 274 (Cal. 2007)).

To prevent plaintiffs and putative class members from skirting this protection, district courts generally will not adjudicate "the merits of a class action until the class has been properly certified and notified." *Schwarzschild*, 69 F.3d at 295; *see also Centeno v. Quigley*, 2015 WL 432537, at *2-3 (W.D. Wash. 2015)

(holding that a motion for summary judgment "is premature prior to class certification and [should be] denied"); *Gomez v. Rossi Concrete Inc.*, 2011 WL 666888, at *1 (S.D. Cal. 2011) (refusing to consider plaintiffs' partial motion for summary judgment before class notification). The only exception to this rule is if the defendant affirmatively consents to a pre-certification summary-judgment motion. *Wright v. Schock*, 742 F.2d 541, 546-47 (9th Cir. 1984).

Here, Plaintiffs' MPSJ must be denied because (1) it seeks summary judgment on the merits of a predicate issue and two claims, (2) the Court has not yet resolved class certification, and (3) CoreCivic has not consented—and does not consent—to the adjudication of these merits issues before a class-certification ruling. *See Gessele v. Jack in the Box, Inc.*, 2012 WL 3686274, at *3 (D. Or. 2012) ("[P]laintiffs cannot seek summary judgment prior to class certification if defendant has not waived the one-way intervention doctrine.").

### B. The Court Should Postpone Further Briefing on Plaintiffs' Motion for Partial Summary Judgment Until Merits Discovery Closes.

A district court has "broad discretion to manage its own docket, which includes the inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Gress v. Smith*, 2017 WL 2833390, at *3 (E.D. Cal. 2017) (internal quotation marks and citations omitted). Courts routinely exercise that discretion to postpone consideration of premature summary-judgment motions and allow a fair, orderly, and efficient administration of the case. *See*, *e.g.*, *Seaman v. Sedgwick, LLP*, 2014 WL 12695096, at *2-3 (C.D. Cal. 2014); *Seismic Structural Design Assocs., Inc. v. Gensler*, 2013 WL 12122303, at *10 (C.D. Cal. 2013); *Mohamed v. U.S. Dep't of Agric. Food & Nutrition*, 2009 WL 462710, at *2 (E.D. Cal. 2009).

Plaintiffs' MPSJ is premature. The Court's Scheduling Order contemplates resolving the issue of class certification first before considering motions for summary judgment. Indeed, the Court has not even set a deadline for merits

discovery or dispositive motions, and it admonished the parties to prioritize class discovery and defer non-class discovery until after class certification is resolved. (Dkt. 57.) Despite that admonition, Plaintiffs filed their MPSJ in the midst of class-certification briefing. The Court has not ruled on class certification, nor has it held oral argument; in fact, briefing related to their Motion for Class Certification is still going. (*See* Dkt. 121 & 129.)

The Court should proceed first with resolving Plaintiffs' Motion for Class Certification. The significance of that Motion cannot be overstated. *See Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 957 (9th Cir. 2005) (quoting *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 834 (7th Cir. 1999)) (recognizing that a decision on class certification often "sounds the death knell of the litigation"). Resolution of the Motion for Class Certification will also shape the remainder of this litigation and could moot Plaintiffs' MPSJ. For example, if the Court does not certify the California Labor Law Class, only the named Plaintiffs' individual claims remain. They may not have viable claims depending on when their claims accrued and the applicable statute of limitations, issues that are both before the Court in the class-certification briefing. (Dkt. 118 at 24, 27-31.) If the Court finds that neither have a viable state law claim, then the time, money, and resources expended to defend against the MPSJ will have been wasted.

Plaintiffs' MPSJ also raises significant legal questions with permanent, far-reaching implications. Plaintiffs request a declaratory judgment that all immigration detainees who participate in federally mandated work programs are "employees" as a matter of California law and therefore entitled to labor law protections. And because Plaintiffs also seek summary judgment on two state-law claims, CoreCivic must raise its affirmative defenses in response, including preemption and derivative immunity (sovereign and intergovernmental).

The Court should postpone all dispositive motions until after the close of merits discovery so that the parties can efficiently conduct discovery that covers as

much ground as possible. This will allow the Court to consider all merits arguments on all claims and defenses at one time, with the benefit of a complete record. Premature and piecemeal consideration of the merits is an inefficient use of party and judicial resources. *See Seaman*, 2014 WL 12695096, at *2-3 ("The Court declines to force either party to litigate issues still subject to discovery before the appropriate time under the Court's Scheduling Order. Entertaining the motion at this time … presents at least some risk of incomplete factual development."); *Mohamed*, 2009 WL 462710, at *2 (vacating motions for summary judgment without prejudice "in view of the uncertainty of the development of the case through the discovery process and consideration of other claims").

Finally, Plaintiffs will suffer no prejudice if their MPSJ is postponed. It appears that the timing of the Motion was intended to distract CoreCivic from preparing its Response to the Motion for Class Certification.

### C. The Court Should Deny or Defer Ruling on Plaintiffs' Motion for Partial Summary Judgment to Allow CoreCivic a Realistic Opportunity to Conduct Essential Merits Discovery.

Rule 56(d) authorizes a district court to deny or defer ruling on a motion for summary judgment if a nonmovant shows by declaration "that, for specified reasons, it cannot present facts essential to justify its opposition." "The purpose of Rule 56(d) is to prevent the nonmoving party from being 'railroaded' by a premature summary judgment motion." *Lanier v. San Joaquin Valley Officials Ass'n*, 2016 WL 7178706, at *4 (E.D. Cal. 2016) (citation omitted). This Court has recognized that Rule 56(d) relief should be granted "fairly freely where a summary judgment motion is filed before a party has had a realistic opportunity to pursue discovery relevant to its theory of the case." *Crossfit, Inc. v. Nat'l Strength & Conditioning Ass'n*, 2015 WL 12434308, at *6 (S.D. Cal. 2015) (internal quotation marks and citation omitted). This Court has also recognized that "Rule 56(d) *requires*, rather than merely permit[s], discovery where the nonmoving party has

not had the opportunity to discover information that is essential to its opposition." *Robbins v. The Coca-Cola Co.*, 2014 WL 12160766, at *2 (S.D. Cal. 2014) (internal quotation marks and citation omitted).

CoreCivic intends to raise various factual and legal arguments in opposition to Plaintiffs' MPSJ, including affirmative defenses asserting immunity and preemption that must be resolved at the same time. (Lee Decl., ¶ 3.) But additional discovery is required to allow CoreCivic to present those facts. CoreCivic has not yet had a realistic opportunity to discover this information thus far. Although discovery was not bifurcated in this matter, the focus of discovery up to this point has been on class certification related issues. (Dkt. 57.) As the Court is aware, CoreCivic has produced tens of thousands of documents spanning hundreds of thousands of pages in response to Plaintiffs' Requests for Production, focusing primarily on those documents that were most relevant to class certification.

CoreCivic must be provided the opportunity to develop the following information before responding to Plaintiffs' MPSJ:

- Written discovery and/or depositions of ICE and USMS personnel regarding the increased operational and regulatory burdens that would result from a finding that detainees participating in the federally mandated VWP are CoreCivic employees under California law;
- Written discovery and/or depositions of ICE and USMS personnel regarding federal control over the VWP at each facility;
- Written discovery and/or depositions of personnel from other federal, state, and local entities that operate similar detainee work programs regarding their implementation of those programs;
- Written discovery and/or depositions of Plaintiffs and/or putative class members regarding their participation in the VWP;
- Declarations from CoreCivic personnel regarding the increased operational and regulatory burdens that would result from a finding

that detainees participating in the VWP are CoreCivic employees under California law;

- Declarations from CoreCivic personnel regarding the level of control CoreCivic exerts over ICE detainees in its facilities, as compared to the level of control CoreCivic exerts over convicted prisoners in the same or similar facilities; and

- Declarations from CoreCivic personnel regarding ICE's control over the VWP at each facility.

(Lee Decl., ¶¶ 4-10.)

There is no reason to believe these facts do not exist. (*Id*., ¶ 12.) The difficulty, however, lies in identifying those ICE (and other federal government agency) employees who are the best sources of this information, in addition to the regulatory steps CoreCivic must take under *Touhy v. Ragen*, 340 U.S. 462 (1951), to obtain any discovery from ICE and other federal government agencies. (*Id*., ¶¶ 12-13.) CoreCivic will face similar difficulty identifying those CoreCivic employees who are the best sources of this information, whether at the corporate or facility level, for the applicable time periods. (*Id*., ¶ 12.) This decision will necessarily be impacted by the Court's ruling on Plaintiffs' Motion for Class Certification, which will establish which classes, if any, may proceed, and for what time frame. (*Id*.) CoreCivic is a large company, with sometimes frequent turnover, especially at the facility level, making the identification of the proper declarants more difficult the further back in time CoreCivic is required to go. (*Id*.)

The time frame at issue is particularly important with regard to California City Correctional Center ("CaCCC"), which has not housed ICE detainees since late 2013; and when it housed them it did so under a different correctional services structure than the contract that governs the other two facilities in California. (*Id*., ¶ 14.) If the applicable class period for the California labor law classes is determined to be three years prior to the filing of Plaintiffs' Complaint (filed on

May 31, 2017), CaCCC would not be included. (*Id*.) If, however, the applicable class period is determined to be four years prior to the filing of the Complaint, detainees housed at CaCCC from May 31, 2013 to the date CaCCC stopped housing ICE detainees would be part of the class(es). (*Id*.) Requiring CoreCivic to begin gathering the information listed above and in the attached Declaration for CaCCC even though it may ultimately be unnecessary would only waste time and resources in a case that already involves significant time and resources.[1] (*Id*.)

These facts are necessary to establish—or at least demonstrate triable issues of fact as to—CoreCivic's defenses that it does not "employ" VWP participants, as that term is defined under California law; that it is immune from California's labor laws with respect to VWP participants under the doctrines of intergovernmental immunity and sovereign immunity as a federal government contractor; and that California's labor laws are preempted by federal law. (*Id*., ¶ 15.) Without these facts, CoreCivic cannot establish that it does not exert sufficient control over VWP participants to be considered their employer, and/or that it exerts too much control over ICE detainees generally to be considered their employer. (*Id*., ¶ 16.) CoreCivic will similarly be unable to establish that application of California's labor laws to CoreCivic as it pertains to operation of the VWP would discriminate against the federal government by imposing a burden on the federal government's operations or policy objectives that is not imposed on similar facilities housing state and local pretrial detainees, or that it was acting pursuant to the authorization and direction of the federal government and within the scope of the same. (*Id*.) Finally, CoreCivic cannot establish that application of California's labor laws to the VWP at CoreCivic facilities would burden or interfere with the federal government's

---

[1] If the Court declines to certify the class, such detailed discovery may not be proportional to the needs of the case, if there is only one or two (depending on the applicable statute of limitations) Plaintiffs with individual claims.

Memorandum in Opposition to Motion for Partial Summary Judgment     9     17cv01112-JLS-NLS

immigration enforcement policy.[2] (*Id.*)

In both *Crossfit, Inc.* and *Robbins*, this Court denied premature motions for summary judgment without prejudice where the nonmoving parties had not yet had the opportunity to develop evidence necessary to oppose the motions. Plaintiffs will suffer no prejudice from a similar outcome here, as discussed above. The Court should either deny the MPSJ without prejudice or defer ruling on it until CoreCivic has had a realistic opportunity to conduct discovery to support its arguments.

## III. CONCLUSION

For these reasons, the Court should deny Plaintiffs' Motion for Partial Summary Judgment. Alternatively, it should postpone further briefing until after the close of merits discovery or at least until CoreCivic has had a realistic opportunity to conduct essential discovery. If this relief is denied, CoreCivic requests a 60-day extension of time, from the date of the Court's Order, to file a substantive response to Plaintiffs' Motion.

---

[2] Although the Court addressed some of these arguments in its Order on CoreCivic's Motion to Dismiss, those rulings were made in the context of a Rule 12(b)(6) motion, which requires the Court to accept as true the factual allegations of the Complaint for purposes of the motion. CoreCivic is entitled to present facts demonstrating that the facts alleged in the Complaint are not true, and/or are insufficient to establish liability.

Dated: September 5, 2019

By s/ Jacob B. Lee
Daniel P. Struck
dstruck@strucklove.com
Rachel Love
rlove@strucklove.com
Nicholas D. Acedo
nacedo@strucklove.com
Ashlee B. Hesman
ahesman@strucklove.com
Jacob B. Lee
jlee@strucklove.com
STRUCK LOVE BOJANOWSKI & ACEDO, PLC

Ethan H. Nelson
LAW OFFICE OF ETHAN H. NELSON
ethannelsonesq@gmail.com

Attorneys for Defendant/Counter-Claimant CoreCivic, Inc.

3574033.1