J. MARK WAXMAN (SBN 58579)
mwaxman@foley.com
NICHOLAS J. FOX (SBN 279577)
nfox@foley.com
**FOLEY & LARDNER LLP**
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
T: 858.847.6700 // F: 858.792.6773

EILEEN R. RIDLEY (SBN 151735)
eridley@foley.com
ALAN R. OUELLETTE (SBN 272745)
aouellette@foley.com
**FOLEY & LARDNER LLP**
555 California Street, Suite 1700
San Francisco, CA 94104-1520
T: 415.434.4484 // F: 415.434.4507

ROBERT L. TEEL (SBN 127081)
lawoffice@rlteel.com
**LAW OFFICE OF ROBERT L. TEEL**
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
T: 866. 833.5529 // F: 855.609.6911

GEOFFREY M. RAUX (pro hac vice)
graux@foley.com
**FOLEY & LARDNER LLP**
111 Huntington Avenue
Boston, MA 02199-7610
T: 617.342.4000 // F: 617.342.4001

Attorneys for Plaintiffs SYLVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>CORECIVIC, INC.,<br><br>      Defendant.<br><br>CORECIVIC, INC.,<br><br>      Counter-Claimant,<br><br>vs.<br><br>SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>      Counter-Defendants. | Case No. 3:17-CV-01112-JLS-NLS<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE FROM CLASS CERTIFICATION DECISION**<br><br>Date:  October 10, 2019<br>Time: 1:30 p.m.<br>Courtroom:  Courtroom 4D<br><br>Judge:  Hon. Janis L. Sammartino<br>Magistrate:  Hon. Nita L. Stormes |

Case No. 17-CV-01112-JLS-NLS

## I. INTRODUCTION

Defendant CoreCivic, Inc. ("Defendant") waives a white flag in its non-responsive opposition ("Opposition") to Plaintiffs Sylvester Owino and Jonathan Gomez's (collectively, "Plaintiffs") motion to exclude evidence ("Motion"). With respect to the issues that are relevant to whether Defendant violated a court order and whether its late-produced documents should be excluded, Defendant offers no legal or relevant factual support in either its Opposition or supporting declaration. In addition to not addressing the core issue of what Plaintiffs' Motion is about, Defendant appears to blame Plaintiffs for its violation of this Court's orders and appears to think that this blame offers it a valid excuse to violate a court order. The unavailing arguments Defendant submits in its Opposition are likely due to the fact that Defendant cannot cite to one piece of legal support for its position that the Court should not exclude its late-produced documents.

Further, Defendant's Opposition shows that it has no "insight" into its shortcomings in this matter. Defendant continuously minimizes, excuses, and justifies the inappropriateness of its actions. Nowhere in its Opposition does it communicate that this is something that it would not do again. In fact, rather than communicating any sense of being contrite, Defendant's Opposition makes clear that if faced with the same situation again in the future, it would not even hesitate for a moment to similarly disregard and violate this Court's orders. All of the above shows that the Court should grant Plaintiffs' Motion in its entirety and exclude the late-produced documents from consideration with respect to Plaintiffs' Motion for Class Certification ("Class Motion").

## II. ARGUMENT

Defendant proclaims at the start of its Introduction that "Plaintiffs' motion . . . fails to show that Defendant, CoreCivic, violated either the original Scheduling Order or the Court's Orders regarding the parties' Joint Motions for Determination of Discovery Disputes." Not so. In its Order on Joint Motion for Determination of Discovery Dispute No. 1, this Court: (1) ordered Defendant to produce documents regarding class members and their employment history by November 9, 2018; (2) ordered Defendant to complete

1  production of policies and procedures by January 15, 2019; and (3) ordered the remaining
2  document production be completed by March 15, 2019. [Dkt. 69 at 5-8.]  In its Order on
3  Joint Motion for Determination of Discovery Dispute No. 2, this Court reiterated the
4  March 15, 2019 deadline yet again.  [Dkt. 80 at 2-3.]  Defendant admits that the
5  production deadline for all "remaining documents responsive to Plaintiffs' requests for
6  Production" was March 15, 2019.  Defendant does not dispute that it served thousands of
7  documents past the March 15, 219 deadline and then utilized many of those documents as
8  support for its opposition to Plaintiffs' motion for class certification ("Class
9  Opposition").  Defendant even affirmatively declares these facts in its concurrently filed
10 Declaration of Jacob B. Lee  [Jacob B. Lee Declaration, ¶¶ 20, 22 (showing Defendant's
11 awareness of the March 15, 2019 class discovery cutoff); ¶ 26 (showing Defendant
12 intentionally utilized documents in its Class Opposition that it knowingly did not produce
13 to Plaintiffs prior to the close of class discovery); *see* ¶¶ 1-30 (showing that Defendant
14 made no attempt or effort, in the nearly three months from when Plaintiffs filed their
15 Class Motion (4/15/2019) to when Defendant filed its Class Opposition (7/11/2019), to
16 seek permission from this Court to use documents not produced during class discovery or
17 to reopen class discovery).]

18      Notably, in its January 15, 2019 Order, this Court also ruled that Defendant had
19 waived any objections to Plaintiffs' requests for production of documents both as to their
20 "language or scope."  [Dkt. 69 at 8, fn. 5 ("The dispute presented to the Court did not
21 challenge the language or scope of any specific request, and time has now passed for
22 Defendant to raise such a challenge.").]  The late-produced documents relied on by
23 Defendant are indisputably relevant to class discovery and responsive to Plaintiffs'
24 requests for production of documents.

25      Defendant, having waived its objections by failing to timely submit a discovery
26 dispute (as Plaintiff was repeatedly forced to do as a result of Defendant's failure to
27 comply with its discovery obligations), was under a Court Order to produce all relevant
28 and responsive documents by March 15, 2019.  Defendant failed to do so and—more

egregiously—used late-produced documents in support of its Class Opposition. Plaintiffs' Motion seeks to exclude the late-produced documents from the Court's consideration of the Class Motion.[1]

### A.   Defendant Does Not Address The Relevant Issues In Dispute

Defendant's Opposition does not address the core issue raised by Plaintiffs in their Motion. Plaintiffs' Motion is not about the sufficiency of discovery responses, a failure to produce documents, meet and confer efforts, or joint discovery disputes. Plaintiffs' Motion is about Federal Rule of Civil Procedure 16(f)(1)(C), which provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(iv), *if a party or its attorney . . . . fails to obey a scheduling or other pretrial order*." (Italics added.) Here, the sole issue is whether to preclude Defendant from relying on documents produced after the close of class discovery in support of its Class Opposition.

Despite the scheduling order and subsequent orders that closed class discovery on March 15, 2019, Defendant produced a significant number of documents (over 8,400) for the first time on July 8, 2019 and July 11, 2019, which was (1) several months after the close of class discovery, and (2) several months after Plaintiffs' April 15, 2019 filing of their Class Motion. [Ridley Decl., ¶ 2-3.] Defendant than utilized and relied on a large amount of those documents in its Class Opposition.

There is no shortage of authority to show that excluding these documents is proper. In *Hovenkotter v. SAFECO Ins. Co. of Illinois*, No. C09-0218JLR, 2010 WL 3984828, at *2 (W.D. Wash. Oct. 11, 2010), the plaintiff produced an expert declaration after the close of class discovery that it relied on in its motion for certification. The court granted

---

[1] The Opposition attempts to distract from this narrow issue by relying on a lengthy—and inaccurate—recitation of the procedural history of discovery in this case. Plaintiffs never agreed that the scope of production would be limited to specific detainees or facilities. Rather, Plaintiffs sought—and the Court approved—an order requiring Defendant to produce all relevant documents responsive to Plaintiffs' requests for production by March 15, 2019, which necessarily included—by Defendant's own admission—documents relating to "detainee misconduct, "commissary items and pricing," and Defendant's provision of "basic necessities" to detainees. [Opp. at 3:10-4:28.]

the defendant's motion to strike/exclude the expert declaration because it was filed after the close of class discovery and the court stated that it "will not consider the [the expert declaration] in determining class certification issues."  Similarly, in *Terrill v. Electrolux Home Prod., Inc.*, 274 F.R.D. 698, 700–02 (S.D. Ga. 2011), a district court granted a plaintiffs' motion for leave to file a new motion for certification because of "new evidence [that] comes from documents produced by Defendant 'after the close of class certification discovery, after Plaintiffs filed their motion for class certification, and the day before [Defendant] filed its opposition to the motion.'"[2]

At its heart, Plaintiffs' Motion is about the fact that Defendant never sought this Court's consent to modify the scheduling order pursuant to Fed. R. Civ. P. 16(b)(4) so as to allow class discovery to continue past March 15, 2019.  Defendant never sought leave of this Court to rely on documents for its Opposition that it did not produce prior to the close of class discovery.  Nowhere in the Opposition or its supporting declaration does Defendant provide this Court with information as to why it failed to seek leave of court or permission to reopen class discovery.  Nowhere in the Opposition or declaration does Defendant state the unfortunate circumstances, hardship, or honest mistake that prevented it from seeking permission to not proceed in conformity with a court order.  Due to the lack of any argument, testimony or evidence on these topics, the only reasonable inference is that Defendant cannot offer any valid justification for its failure to seek leave of court in the three months between when Plaintiffs filed the Class Motion and Defendants filed the Class Opposition.

### B.   Defendant Cannot Blame Plaintiffs For Its Own Violation Of The Scheduling Order

Defendant repeatedly argues in its Opposition that its violation of this Court's orders was Plaintiffs' fault.  Defendant somewhat astonishingly takes the position in its

---

[2] Defendant's Opposition does not cite to any legal authority to the contrary.  Defendant's entire Opposition only includes one "*see*"-cite to Rule 26 of the FRCP and two "*see*"-cites to cases relating to courts' ability to give a non-moving party an opportunity to respond after the submission of new evidence with a reply brief.  Defendant has no *direct authority* for anything it argues in its entire Opposition.

Opposition that "[a]ny untimeliness in CoreCivic's productions was caused by Plaintiffs' failure to timely disclose their putative classes and refusal to timely disclose the witnesses they intended to rely on in seeking to certify those classes." [Opp. at 9:23-25.] First, Plaintiffs' proposed classes were encompassed by their operative Complaint, and Plaintiffs' were not under any obligation to disclose the witnesses that submitted declarations in support of the Class Motion. Moreover, testimony through a written declaration is not a document created as a business record and maintained in the ordinary course of business such as CoreCivic's late-produced documents. Indeed, CoreCivic submitted voluminous declarations in support of their Class Opposition—none of which Plaintiffs are seeking to exclude from the Court's consideration. Rather, Plaintiffs' Motion only concerns *documents* that CoreCivic was under a firm Court order to timely produce.

Second, noticeably absent from the Opposition is any assertion that Plaintiffs utilized documents in their Class Motion that Defendant did not have access to. This is because all the documentary evidence Plaintiffs relied on, for the Class Motion and Class Reply, was produced *during* class discovery and *by the Defendant* itself. [Ridley Decl., ¶ 4.] None of the documents Plaintiffs utilized for their Class Motion should have caught Defendant off guard. Defendant's feigning of confusion and surprise by what Plaintiffs filed is not genuine. Even assuming arguendo that Defendant was confused and surprised by the Class Motion, that in *no way* provides Defendant with a legal basis to violate this Court's scheduling order.

### C. Prejudice Is Present In This Situation

Defendant argues that Plaintiffs suffered no prejudice from its reliance on late-produced documents in its Class Opposition. [Opposition, p. 11.] This is not so. "A litigant's failure to abide by discovery deadlines is prejudicial when it prevents the opposing party from timely reviewing relevant evidence." *Shatsky v. Syrian Arab Republic*, 312 F.R.D. 219, 226 (D.D.C. 2015). Here, Defendant's failure to abide by the discovery deadline for the close of class discovery prevented Plaintiffs from timely

reviewing a large amount of relevant evidence that Plaintiffs could have conducted discovery on or utilized or incorporated in their Class Motion. [Ridley Decl., ¶ 5.] Defendant would not have utilized irrelevant documents with its Class Opposition. If the late-produced documents were not relevant to the Class Motion, they would not have been necessary for inclusion with the Class Opposition, and Defendant would not fight their exclusion from consideration as to Plaintiffs' Class Motion. It goes without saying that Plaintiffs would have liked to review all relevant documents *prior* to filing their Class Motion. Rather than producing all relevant evidence responsive to Plaintiffs' Requests for Production, Defendant is now seeking to selectively produce cherry-picked documents that Defendant considers favorable to its position while simultaneously depriving Plaintiffs access to documents that are likely damaging to the same. This is fundamentally unfair and prejudicial. Therefore, Defendant's argument that Plaintiffs were not prejudiced by Defendant's failure to timely produce the late-produced documents is contrary to both the facts and basic common sense.

## III.  **CONCLUSION**

Plaintiffs respectfully request that the Court grant their motion to exclude in its entirety and grant any other relief that the Court deems just and proper. As stated above, Defendant's Opposition shows that it has no "insight" into its shortcomings in this matter. It continuously minimizes, excuses, and justifies the inappropriateness of its actions. It is apparent that Defendant would not hesitate to violate a future court order if it feels justified in doing so. "Parties cannot pick and choose when to comply with a court order depending on counsel's unilaterally determined excuses or justifications not to comply with the order. The order is either obeyed or appealed." *Shatsky v. Syrian Arab Republic*, 312 F.R.D. 219, 228 (D.D.C. 2015). Defendant's intentional failure to obey this Court's orders and its feeling of justification in doing so provides even more reasons for the Court to exclude the late-produced documents.

| | |
|---|---|
| DATED:  September 26, 2019 | **FOLEY & LARDNER LLP**<br>J. Mark Waxman<br>Eileen R. Ridley<br>Geoffrey Raux<br>Nicholas J. Fox<br>Alan R. Ouellette<br><br>*s/ Eileen R. Ridley*<br>Alan R. Ouellette<br>Attorneys for Plaintiffs SYLVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)<br>Email: aouelette@foley.com<br><br>Robert L. Teel<br>LAW OFFICE OF ROBERT L. TEEL<br>ROBERT L. TEEL<br>lawoffice@rlteel.com<br>1425 Broadway, Mail Code: 20-6690<br>Seattle, Washington 98122<br>Telephone:(866) 833-5529<br>Facsimile: (855) 609-6911<br><br>Attorneys for Plaintiffs SYLVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es) |