J. MARK WAXMAN (SBN 58579)
mwaxman@foley.com
NICHOLAS J. FOX (SBN 279577)
nfox@foley.com
**FOLEY & LARDNER LLP**
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
T: 858.847.6700 // F: 858.792.6773

EILEEN R. RIDLEY (SBN 151735)
eridley@foley.com
ALAN R. OUELLETTE (SBN 272745)
aouellette@foley.com
**FOLEY & LARDNER LLP**
555 California Street, Suite 1700
San Francisco, CA 94104-1520
T: 415.434.4484 // F: 415.434.4507

ROBERT L. TEEL (SBN 127081)
lawoffice@rlteel.com
**LAW OFFICE OF ROBERT L. TEEL**
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
T: 866. 833.5529 // F:855.609.6911

GEOFFREY M. RAUX (*pro hac vice*)
graux@foley.com
**FOLEY & LARDNER LLP**
111 Huntington Avenue, Suite 2500
Boston, MA 02199-7610
T: 617.342.4000 // F: 617.342.4001

Attorneys for Plaintiffs SYLVESTER OWINO,
JONATHAN GOMEZ, and the Proposed Class(es)

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>CORECIVIC, INC.,<br><br>      Defendant. | Case No. 3:17-CV-01112-JLS-NLS<br><br>**CLASS ACTION**<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| CORECIVIC, INC.,<br><br>      Counter-Claimant,<br><br>vs.<br><br>SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>      Counter-Defendants. | Date: October 10, 2019<br>Time: 1:30 p.m.<br>Place: Courtroom 4D<br><br>Judge: Hon. Janis L. Sammartino<br>Magistrate: Hon. Nita L. Stormes<br><br>DEMAND FOR JURY TRIAL |

Case No. 17-CV-01112-JLS-NLS

**TABLE OF CONTENTS**

I.     INTRODUCTION ...........................................................................................1

II.    CORECIVIC FAILS TO OPPOSE PLAINTIFFS' ARGUMENTS OR EVIDENCE ON THE MERITS ......................................................................1

III.   CORECIVIC FAILS TO DEMONSTRATE RELIEF IS PROPER UNDER RULE 56(D) ....................................................................................................2

    A.   CORECIVIC FAILS TO IDENTIFY SPECIFIC FACTS NEEDED TO OPPOSE THE MPSJ ....................................................................3

    B.   CORECIVIC FAILS TO DEMONSTRATE RELEVANCE TO SPECIFIC ISSUES ...............................................................................4

    C.   CORECIVIC DOES NOT DEMONSTRATE DILIGENCE IN SEEKING DISCOVERY .............................................................................6

IV.    CORECIVIC'S LACK OF DILIGENCE DOES NOT MAKE THE MPSJ PREMATURE ..................................................................................................8

V.     THE COURT CAN GRANT SUMMARY JUDGMENT BEFORE CLASS CERTIFICATION .............................................................................................9

VI.    CONCLUSION ..............................................................................................10

CERTIFICATE OF SERVICE..................................................................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)..................................................................................................3

*Big Lagoon Rancheria v. California*,
    789 F.3d 947 (9th Cir. 2015), *as amended* (July 8, 2015).........................................2, 6

*Brae Transp., Inc. v. Coopers & Lybrand*,
    790 F.2d 1439 (9th Cir. 1986).....................................................................................6

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)....................................................................................................5

*Cormier v. Pennzoil Expl. & Prod. Co.*,
    969 F.2d 1559 (5th Cir. 1992).....................................................................................8

*Cornwell v. Electra Central Credit Union*,
    439 F.3d 1018 (9th Cir. 2006).....................................................................................6

*Culwell v. City of Fort Worth*,
    468 F.3d 868 (5th Cir. 2006).....................................................................................10

*Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*,
    525 F.3d 822 (9th Cir. 2008).............................................................................2, 3, 10

*Frederick S. Wyle, P.C. v. Texaco, Inc.*,
    764 F.2d 604 (9th Cir. 1985).......................................................................................6

*Wright v. Schock*,
    742 F.2d 541 (9th Cir. 1984)..................................................................................9, 10

*Harper v. Delaware Valley Broadcasters, Inc.*,
    743 F. Supp. 1076 (D. Del. 1990) ..............................................................................5

*Kim v. Commandant, Defense Language Institute,
    Foreign Language Center*,
    772 F.2d 521 (9th Cir. 1985).......................................................................................9

*Metabolife Int'l., Inc. v. Wornick*,
    264 F.3d 832 (9th Cir. 2001).......................................................................................3

*Midbrook Flowerbulbs Holland B.V. v. Holland America Bulb Farms, Inc.*,
   874 F.3d 604 (9th Cir. 2017) ................................................................................ 4

*Mohamed v. U.S. Dep't of Agric. Food & Nutrition*,
   2009 WL 462710 (E.D. Cal. 2009) ....................................................................... 9

*Robbins v. The Coca-Cola Co.*,
   2014 WL 12160766 (S.D. Cal. 2014) ............................................................... 2, 3

*Seaman v. Sedgwick, LLP*,
   2014 WL 12695096 (C.D. Cal. 2014) .................................................................. 9

*Singh v. Am. Honda Fin. Corp.*,
   925 F.3d 1053 (9th Cir. 2019) .............................................................................. 3

*Stevens v. Corelogic, Inc.*,
   899 F.3d 666 (9th Cir. 2018) ....................................................................... *passim*

*Stitt v. Williams*,
   919 F.2d 516 (9th Cir. 1990) ............................................................................ 6, 7

*Tatum v. Cty. & Cnty. of San Francisco*,
   441 F.3d 1090 (9th Cir. 2006) .............................................................................. 4

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) .............................................................................................. 6

*Washington v. The GEO Group, Inc.*,
   Case No. 17-cv-05806, (W.D. Wash. Sept. 24, 2019) ......................................... 5

*Yeager v. Bowlin*,
   693 F.3d 1076 (9th Cir. 2012) .............................................................................. 2

**State Cases**

*Martinez v. Combs*,
   49 Cal. 4th 35 (2010) ....................................................................................... 1, 2

**Federal Statutes**

Fed. R. Civ. P. 56 ......................................................................................................... 3

Fed. R. Civ. P. 56(b) .................................................................................................... 9

Fed. R. Civ. P. 56(d) ........................................................................................... *passim*

Rule 56(e) ................................................................................................................5

Rule 56(f) ............................................................................................................2, 10

## I. Introduction

Since the filing of Plaintiffs' Motion for Partial Summary Judgment ("MPSJ") (D.I. 97), CoreCivic has had three full months to conduct discovery it deemed necessary for its opposition (and actually over one year since discovery commenced), or to seek additional time if it was incapable of obtaining that discovery through diligence. Electing to do neither, CoreCivic waited until the deadline to file its Opposition before requesting more time for discovery. (D.I. 133 ["Opp."].) Yet CoreCivic is conspicuously silent as to what it was doing while the MPSJ was pending, and is similarly silent as to why it did not seek relief earlier. The conclusion to be drawn is that it has done nothing in the last three months to prepare its Opposition, which is confirmed in the Lee Declaration regarding what CoreCivic *intends* to do, not what it has *already done*. The likely reason for its failure to pursue discovery is buried away in the Lee Declaration: CoreCivic wants to file *its own cross-motion*. (D.I. 133-1 ["Lee Decl."] at ¶ 3.) Despite that merits discovery began over one year ago, and the MPSJ was filed over three months ago, CoreCivic waited until now to request more time for discovery ostensibly as to *its own* motion. However, Rule 56(d) relief is intended to *oppose* summary judgment, not to take discovery for a cross-motion.[1] Thus, CoreCivic's tardy request for discovery should be denied, and the MPSJ granted.

## II. CoreCivic Fails To Oppose Plaintiffs' Arguments or Evidence on the Merits

The MPSJ's central issue is whether CA Labor Law Class members are CoreCivic's "employees" under California law, which informs the other two claims in the MPSJ. (MPSJ, at 13:10 – 22:5.) In California, "employ" means (1) to exercise control over the wages, hours, or working conditions; (2) to suffer or permit to work; or (3) to engage (i.e., common law employment). *See Martinez v. Combs*, 49 Cal. 4th 35, 64 (2010).

Despite CoreCivic's professed need for discovery, the MPSJ is supported almost entirely by CoreCivic's own evidence—e.g., policies, documents, and testimony from personnel or contractors. (D.I. 97-4 [MPSJ Index].) Moreover, almost all of the MPSJ's

---

[1] CoreCivic fails to distinguish between discovery needed to *oppose* the MPSJ and discovery to *support* its cross-motion, and is silent as to whether its cross-motion is limited to the MPSJ's legal issues—a good indication the proposed discovery is far broader.

-1-     Case No. 17-CV-01112-JLS-NLS

evidence was used in Plaintiffs' Class Certification Motion, thus narrowing the scope of evidence to which CoreCivic must respond. (*Compare id.*, *with* D.I. 85-1 [Class Cert. Index].) Given that the MPSJ is based on CoreCivic's documents and testimony—which establish "employee" status for detainee workers—one can only imagine CoreCivic's sudden need for more discovery is intended to create factual issues as to its *own* evidence.[2]

Faced with the prospect of contradicting its own evidence, CoreCivic chooses not respond to the MPSJ's merits (e.g., identifying genuinely disputed facts or arguing contrary positions).  Moreover, CoreCivic fails to identify specific legal arguments it believes would defeat the MPSJ; why *existing* facts are insufficient to support those arguments; what specific facts it still needs through discovery; how those facts will support the arguments; or what diligence it has exercised in pursuing such discovery.  The Court should deny Rule 56(d) relief, and proceed to the MPSJ's merits based on current briefing. *See Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).[3]

## III. CoreCivic Fails To Demonstrate Relief Is Proper Under Rule 56(d)

CoreCivic invokes Rule 56(d) to request more discovery "to raise various factual and legal arguments in opposition to Plaintiffs' MPSJ." (Opp. at 9:4-6; 8:15 – 12:8.) Rule 56(d) provides "a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *Stevens*, 899 F.3d at 678 (citation omitted). A party requesting relief must demonstrate that, "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). If this showing is made, the Court has discretion to (1) defer or deny summary judgment; (2) permit additional discovery; or (3) order other relief. *See id.*; *Big Lagoon Rancheria v. California*, 789 F.3d 947, 955 (9th Cir. 2015), *as amended* (July 8, 2015).[4]

---

[2] *But see Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) (general rule is that a party cannot create issues of fact by contradicting its prior testimony).

[3] But a grant of summary judgment without ruling on a Rule 56(d) request is reviewed *de novo*. *See Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018). Cases herein cite to Rule 56(d) or former Rule 56(f), which are ostensibly the same. *See* Fed. R. Civ. P. 56(d), advisory committee's note to 2010 amendment.

[4] Relying on *Robbins v. The Coca-Cola Co.*, 2014 WL 12160766 (S.D. Cal. 2014),

### A. CoreCivic Fails To Identify Specific Facts Needed To Oppose the MPSJ

The party requesting Rule 56(d) relief must show: (1) the *specific facts* it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the facts are *essential* to its opposition. *See Family Home & Fin. Ctr.*, 525 F.3d at 827 (citation omitted); *Stevens*, 899 F.3d at 678 ("A party seeking to delay summary judgment for further discovery must state what other *specific* evidence it hopes to discover . . . ." (citation and quotation omitted) (emphasis in *Stevens*)). Here, CoreCivic does not identify *specific* facts to adduce in discovery; instead, it lists at least 54 *categories* of information that it contends are needed to oppose the MPSJ's single legal issue and two discrete claims. (Lee Decl. at ¶¶ 4 – 11.)

*First*, the MPSJ's central issue is whether CoreCivic "employs" CA Labor Law Class members; thus, CoreCivic must identify specific facts *still needed* to oppose this issue. *See* Fed. R. Civ. P. 56(d); *Stevens*, 899 F.3d at 678; *Family Home & Fin. Ctr.*, 525 F.3d at 827. CoreCivic fails to do so, instead broadly stating that "written discovery and/or depositions" of unnamed individuals may provide information related to its 54 *categories*. The Opposition does not point to any concrete fact requiring more discovery, an omission accentuated by CoreCivic's extensive document production (Opp. at 9:10-13), discovery to Plaintiffs, and defense of six depositions—yet CoreCivic cannot identify any fact needed to oppose the MPSJ that was produced in prior discovery.

---

CoreCivic argues this relief is actually *required*. (Opp. at 8:27 – 9:3.) But the Ninth Circuit consistently holds that Rule 56(d) relief is *discretionary*, and a court abuses discretion in denying relief only when the requesting party shows more discovery would defeat the motion. *See Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1076 (9th Cir. 2019).

Moreover, this Court decided *Robbins* based on *Metabolife Int'l., Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). But *Metabolife*'s assertion that Rule 56(d) relief is "required" is unsupported and out of context. First, as noted above, Ninth Circuit law is that this relief is discretionary. Second, *Anderson* noted in *dicta* that a nonmoving party's burden to oppose summary judgment is qualified—i.e., "that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson*, 477 U.S. at 250 n.5. However, the Court *assumed* in passing there was ample time for discovery in that case (*id.*); the Court never *held* such relief is *required*. Third, *Metabolife*'s assertion is also *dicta* (i.e., unnecessary to resolve the issue and as a divination of *Anderson*'s *dicta*). *See Metabolife Int'l.*, 264 F.3d at 846. Fourth, *Metabolife* cited Rule 56(d) to show why the discovery-favoring policies of Rule 56 control over the discovery-limiting procedures in California's Anti-SLAPP statute. *Id.*

*Second*, CoreCivic's proposed discovery is vastly overbroad. Notably, the MPSJ focuses on "employee" status of the CA Labor Law Class, yet much of CoreCivic's proposed discovery is *nation-wide* in scope. (Lee Decl. at ¶ 6 ["at each CoreCivic facility"]; ¶ 10 [control over detainees "in its facilities"]; ¶ 11 [I.C.E.'s control "at each facility"].) Exaggerating the volume of discovery beyond facts essential to oppose *California-specific* issues does not warrant relief, nor is such expansive discovery needed to contradict the testimony of CoreCivic's personnel.[5]

*Third*, there is no basis to postpone the MPSJ just so CoreCivic can seek discovery to support its cross-motion. Rule 56(d) focuses on facts essential *to oppose* summary judgment, but CoreCivic fails to identify any specific facts, let alone distinguish which categories, tht are needed solely for that purpose. Further, conclusory statements that discovery is still needed are insufficient to avoid a summary judgment ruling. *See Stevens*, 899 F.3d at 678 – 79.

### B.  CoreCivic Fails To Demonstrate Relevance To Specific Issues

Even if CoreCivic identified specific facts, it still fails to show the relevance—conceptually and affectively—of the 54 categories to the MPSJ's issues. *See Stevens*, 899 F.3d at 678 (citation omitted) ("A party seeking to delay summary judgment . . . must state . . . the relevance of that evidence to its claims."). But "relevance" is not broad in the traditional discovery sense; to the contrary, "relevance" under Rule 56(d) means those facts that if proved would *change the outcome* of the motion. *See Midbrook Flowerbulbs Holland B.V. v. Holland America Bulb Farms, Inc.*, 874 F.3d 604, 620 (9th Cir. 2017); *Tatum v. Cty. & Cnty. of San Francisco*, 441 F.3d 1090, 1101 (9th Cir. 2006).

*First*, CoreCivic just concludes the 54 categories are needed for "various factual and legal arguments" in its MPSJ Opposition (Opp. at 9:4-6; Lee Decl. at ¶ 3)—an utter failure to identify *what specific issues* the facts, if obtained, would support—e.g., control over the wages, hours, or working conditions, etc. Absent this connection, CoreCivic does not

---

[5] Indeed, if the Court grants relief, one would reasonably expect CoreCivic to pursue all discovery identified in the Lee Declaration.

demonstrate conceptual relevance of any proposed discovery to the MPSJ's issues.[6]

*Second*, many of the 54 categories lack conceptual relevance to the CA Labor Law Class's "employee" status. For example, CoreCivic identifies discovery from third-parties, such as other Federal, State, and local entities operating similar work programs. (Lee Decl. at ¶ 7.) But this information is conceptually *irrelevant* because it has no bearing on whether *CoreCivic* employs the CA Labor Law Class. (Nor does it mean that other work programs are compliant with California law.)[7] The same is true for discovery related to "burdens" of compliance or increased operational costs (*id.* at ¶¶ 5, 9), which have no bearing on whether CoreCivic employed detainee workers. Nor does CoreCivic point to specific facts altering the analysis in the MPSJ (which is based on CoreCivic's own evidence).[8]

---

[6] CoreCivic generically references "affirmative defenses" it might raise, and mentions preemption and derivative immunity (sovereign and intergovernmental). (Opp. at 7:24-26; Lee Decl. at ¶ 3.) However, CoreCivic already raised preemption in its Motion To Dismiss (D.I. 18-1 at 22:17 – 25:12), which the Court rejected (D.I. 38 at 30:11 – 37:9). Although the Court was limited to the pleadings, CoreCivic does not identify facts still needed that would affect the Court's prior conclusion. CoreCivic similarly fails to identify needed facts for its derivative immunity defense (instead referencing the 54 broad categories).

Moreover, Rule 56(e) precludes reliance solely on allegations, denials, or affirmative defenses to defeat summary judgment. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The need for specific facts to defeat summary judgment has greater emphasis when a nonmoving party bears the burden of proof at trial on the issue (e.g., affirmative defenses). *Id.* Summary judgment should be *granted* if a defendant invokes an affirmative defense to oppose summary judgment without factual support. *See, e.g.*, *Harper v. Delaware Valley Broadcasters, Inc.*, 743 F. Supp. 1076, 1090 – 91 (D. Del. 1990), *aff'd*, 932 F.2d 959 (3d Cir. 1991) (granting summary judgment for plaintiff when defendants sought to defeat plaintiff's summary judgment motion in part based on an affirmative defense in the answer but without factual support in the opposition).

Thus, when Rule 56(e)'s factual support requirement and Rule 56(d)'s diligence and specificity requirements are read together, CoreCivic's vague "affirmative defense" reference (including preemption and immunity)—absent specific facts needed to support those defenses—is ineffective to defeat the properly noticed and supported MPSJ.

[7] CoreCivic may mention the District Court's reversal of its prior summary judgment denial regarding intergovernmental immunity. *See Washington v. The GEO Group, Inc.*, Case No. 17-cv-05806, Dkt. No. 306-1 (W.D. Wash. Sept. 24, 2019). This ruling does not affect the analysis here because (1) the District Court's filing is only a proposed order; (2) California's statutory framework is different from Washington's framework; (3) facts unique to the circumstances in *GEO Group* have no bearing on the circumstances here; and (4) the *GEO Group* ruling does not excuse any lack of diligence in seeking needed discovery. Plaintiffs can provide further briefing on this case if the Court desires.

[8] Instructive here is *Stevens*, in which relief was denied where plaintiff sought Rule 56(d) relief—after taking 16 depositions, and serving 42 interrogatories and 114 document

*Third*, CoreCivic fails to show how any of these unidentified facts would be affectively relevant—i.e., how they would affect the outcome. CoreCivic simply lists 54 categories of information, without explanation as to how the categories relate to specific facts still needed, or how those facts (if proved) are determinative of the MPSJ.

### C. CoreCivic Does Not Demonstrate Diligence in Seeking Discovery

CoreCivic must also demonstrate diligence in pursuing the needed discovery. *See Big Lagoon Rancheria*, 789 F.3d at 955; *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986) (a party "cannot complain if it fails to pursue discovery diligently before summary judgment"); *Frederick S. Wyle, P.C. v. Texaco, Inc.*, 764 F.2d 604, 612 (9th Cir. 1985) ("[A] party opposing summary judgment is required to provide 'specific facts' . . . or explain why he cannot immediately do so."). Moreover, if a party had ample opportunity to conduct discovery—or if the evidence is within its control— relief should be denied. *See Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006); *Stitt v. Williams*, 919 F.2d 516, 526 (9th Cir. 1990) (denial proper where party had one month between expiration of discovery stay and summary judgment hearing to take depositions). Here, CoreCivic fails to demonstrate *any* diligence.

*First*, CoreCivic only identifies information it *intends* to pursue; it does not detail any efforts *undertaken* in the *three months* since Plaintiffs filed the MPSJ (let alone since discovery began). (Lee Decl. at ¶ 4.) CoreCivic's failure to pursue this discovery earlier does not constitute cause now for more time. *See Stitt*, 919 F.2d at 526.

*Second*, even though class discovery was prioritized, the Court allowed simultaneous merits and class discovery, only setting a filing date for the Class Certification Motion. (D.I. 57 [Sch. Ord.].) CoreCivic concedes it *could have* pursued merits discovery (Opp. at 4:1-2),[9] and Plaintiffs could as well (*see, e.g.*, D.I. 102 [Joint Disc. Mot. No. 3] at 9:11-18).

---

requests—for further discovery in a general for all allegedly privileged documents where no attorney was listed as an author or recipient, coupled with a bare assertion the "documents are likely to be directly relevant to each of the elements [of the claim]." *Stevens*, 899 F.3d at 678.

[9] Especially given merits and class discovery may overlap to some degree. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (citation and quotation omitted).

But CoreCivic does not explain why it did not even attempt to obtain this information.

*Third*, as noted above, the MPSJ relies almost entirely on CoreCivic's own testimony and documents, which were submitted with the Class Certification Motion. CoreCivic provides no explanation for its lack of effort in pursuing targeted discovery to support specific facts needed to oppose the MPSJ, or why existing discovery is insufficient.[10]

*Fourth*, several categories require minimal diligence to pursue. For example, CoreCivic states it needs discovery from *Plaintiffs*. (Lee Decl. at ¶ 8.) Aside from some basic written discovery, CoreCivic elected not to take either Plaintiff's deposition—which CoreCivic now claims it needs, despite having seven months to do so for class certification, and three more months since Plaintiffs filed the MPSJ (during which time CoreCivic still did not pursue that discovery). *See also Stitt*, 919 F.2d at 526.

Similarly, many categories require discovery from CoreCivic's *own employees*. (Lee Decl. at ¶¶ 9 – 11.) There is no plausible explanation why CoreCivic did not pursue this discovery. In fact, the only "obstacle" CoreCivic identifies speculative: CoreCivic "*will* face . . . difficulty*" identifying personnel with relevant information. (Opp. at 10:15-17; Lee Decl. at ¶ 13.) Not only is this speculative hurdle reflective of CoreCivic's lack of diligence, but the argument is undermined by CoreCivic's prior filings. For example, the MPSJ is limited to California issues, meaning corporate or California employees may have relevant information, which is about 875 in total (D.I. 117-4 [Peaks Decl.] at ¶¶ 5 – 6), and which could be narrowed further based on subject matter.[11] But CoreCivic provides no detail on actions taken to identify personnel or obtain discovery *in its own possession*.

Perhaps oddest of all, CoreCivic implies it could not obtain this information in just three months; however, in the same timespan for its Class Certification Opposition, CoreCivic was able to identify *seventeen* declarants and prepare declarations for each.[12]

---

[10] If relief is granted, one would also expect CoreCivic's supporting evidence to come mostly from future discovery; otherwise CoreCivic could have opposed on the merits.

[11] For example, a security officer would not have information about contract negotiations with the U.S. Government, or costs to operate the work program. (*See* Lee Decl. at ¶ 9(a).)

[12] Resulting in 480 pages of testimony and exhibits from corporate-level directors and

But when confronted with its own evidence in the MPSJ, CoreCivic insists that *even if* it tried to obtain information from its personnel, it would have faced difficulty in doing so.

*Fifth*, and perhaps most tellingly of all, since Plaintiffs filed the MPSJ, and even since filing its Opposition, CoreCivic has still taken no discovery. If CoreCivic has no urgency to pursue this discovery, it cannot be essential for opposing summary judgment. *See, e.g.*, *Cormier v. Pennzoil Expl. & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (plan vaguely identifying depositions of defendant's employees to determine the subject equipment's manufacturer was insufficient, as well as the one month that elapsed between denial of continuance and summary judgment during which no discovery occurred).

## IV.     CoreCivic's Lack of Diligence Does Not Make the MPSJ Premature

CoreCivic also contends the MPSJ is "premature," and the Court should postpone all dispositive motions until the *close* of discovery. (Opp. at 6:14 – 8:13.) CoreCivic's arguments fail for several reasons. *First*, an early resolution of a discrete legal issue—"employee" status—will actually promote efficiencies because that determination will impact Labor Code claims. *Second*, CoreCivic cannot use its own failure to pursue needed discovery on this discrete issue to claim the MPSJ is "premature."[13] *Third*, although class discovery was prioritized, the Court did not prohibit full merits discovery, and the lack of a merits discovery cut-off date is immaterial given that merits discovery has been open for over one year since the Scheduling Order issued. *Fourth*, the lack of a dispositive motion

---

facility personnel (including wardens); geographically covering California, Georgia, Arizona, Texas, Ohio, and Tennessee (corporate); and topically addressing facility-level financial activity, operational and procedural activity, commissary operations, disciplinary policies, work programs, detainee supply rations, and development of facility policies, as well as national detention operations, compliance with I.C.E. standards and policies, and national and state employment. (*See generally* D.I. 118-2 through -9.)  Nor does CoreCivic explain why the 17 declarants—some of whom are corporate-level directors—could not provide any of this information (e.g., compliance, burdens, and costs).

[13] It is also difficult to conclude the MPSJ's filing was intended to distract CoreCivic from class certification. (Opp. 8:11-13.) Plaintiffs filed the Class Certification Motion on April 15, 2019, and CoreCivic's opposition was due on July 11, 2019.  Thus, when the MPSJ was filed on June 5, 2019, CoreCivic was almost two months into the three-month timeframe to oppose class certification. Moreover, the MPSJ was noticed for hearing on October 10, 2019—four motions after it was filed, and three months before CoreCivic's opposition was due. There was ample time to oppose the motions and to take discovery.

deadline is also of no consequence because absent Court direction a party can file a dispositive motion before the deadline (which is actually 30 days after close of all discovery absent Court modification (*see* Fed. R. Civ. P. 56(b))).[14]

## V. The Court Can Grant Summary Judgment Before Class Certification

CoreCivic also contends that ruling on summary judgment prior to class certification is improper because of the "one-way intervention" rule—i.e., summary judgment in favor of Plaintiffs incentives CA Labor Law Class members to remain in the class, whereas an adverse ruling may incentive those members to opt-out. (Opp. at 5:9 – 6:13.) However, the contention is a procedural distraction, overlooking the Court's discretion on the issue.

*First*, the "one-way intervention" rule is a procedural red herring because the rule relates to the *timing* of when a Court might consider summary judgment vis-à-vis class certification—and does *not* relate to additional time for discovery, which is CoreCivic's real requested relief. The concerns underlying the rule focus on the *res judicata* effect prior to class certification: Granting pre-certification summary judgment has *res judicata* effect only as to the named representatives, and unnamed class members are not bound by that determination. *See Wright v. Schock*, 742 F.2d 541, 544 (9th Cir. 1984).

Importantly, the "one-way intervention" rule is not a basis for more time to conduct discovery. Rule 56(d) addresses the requirements for such relief; the "one-way intervention" rule only addresses the timing of a dispositive or merits motion prior to class certification. CoreCivic cannot rely on the timing rule as a basis to conduct discovery that it should have undertaken already.

*Second*, if the Court defers Plaintiffs' MPSJ until after class certification to avoid complications with the "one-way intervention" rule, there is no reason the briefing on the

---

[14] *Seaman v. Sedgwick, LLP*, 2014 WL 12695096 (C.D. Cal. 2014), is inapplicable on this point because the Court in that case had already set a hearing date for dispositive motions, yet defendant filed an early summary judgment motion contrary to the scheduling order. *Mohamed v. U.S. Dep't of Agric. Food & Nutrition*, 2009 WL 462710 (E.D. Cal. 2009), is also inapplicable because the cross-motions in that case were brought before any discovery had taken place (in addition to lingering questions as to ripeness of the claims and the scope of the record for the Court's review of the underlying administrative findings). In any event, the Court's inherent power to control its docket should not excuse lack of diligence.

MPSJ could not have been completed already as scheduled. In other words, *but for* CoreCivic's lack of diligence and belated continuance request, the MPSJ would have been fully briefed, argued, and submitted. The Court could simply defer the *ruling* on the MPSJ until after class certification procedures are complete.[15]

Because CoreCivic fails to identify any specific facts—determinative as to particular issues—that it could not obtain through diligence, there is no basis for Rule 56(d) relief. Accordingly, this Reply should conclude briefing on Plaintiffs' MPSJ, and the Court should proceed to consider the merits of the MPSJ—and issue a ruling after class certification—and based on the briefing and evidentiary record before it. *See Family Home & Fin. Ctr.*, 525 F.3d at 827; *Culwell v. City of Fort Worth*, 468 F.3d 868, 874 (5th Cir. 2006) (party relying solely on Rule 56(f) motion failed to show disputed material facts in opposition to summary judgment).

## VI.  Conclusion

For the foregoing reasons, the Court should grant Plaintiffs' MPSJ, and deny CoreCivic's unsupported request for relief under Rule 56(d).

DATED: SEPTEMBER 26, 2019

**FOLEY & LARDNER LLP**
J. Mark Waxman
Eileen R. Ridley
Geoffrey Raux
Nicholas J. Fox
Alan R. Ouellette


*/s/ Nicholas J. Fox*
Nicholas J. Fox
Attorneys for Plaintiffs and the Proposed Classes

[Additional counsel on following page]

---

[15] Any "postponement" of the MPSJ should apply only to the hearing; the MPSJ briefing should have been completed but for CoreCivic's failure to pursue needed discovery. Although the Court could deny the MPSJ without prejudice, this procedural option simply vindicates CoreCivic's lack of diligence because briefing will re-open anew once Plaintiffs re-refile the motion. A continuance of the hearing maintains the MPSJ's status quo without regard to lack of diligence; a denial without prejudice wipes the slate clean.

-10-　　　Case No. 17-CV-01112-JLS-NLS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LAW OFFICE OF ROBERT L. TEEL**
Robert L. Teel
 lawoffice@rlteel.com
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
Telephone: (866) 833-5529
Facsimile: (855) 609-6911

Attorneys for Plaintiffs SYLVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 26, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

*/s/ Nicholas J. Fox*
Nicholas J. Fox