J. MARK WAXMAN (SBN 58579)
mwaxman@foley.com
NICHOLAS J. FOX (SBN 279577)
nfox@foley.com
**FOLEY & LARDNER LLP**
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
T: 858.847.6700 // F: 858.792.6773

EILEEN R. RIDLEY (SBN 151735)
eridley@foley.com
ALAN R. OUELLETTE (SBN 272745)
aouellette@foley.com
**FOLEY & LARDNER LLP**
555 California Street, Suite 1700
San Francisco, CA 94104-1520
T: 415.434.4484 // F: 415.434.4507

ROBERT L. TEEL (SBN 127081)
lawoffice@rlteel.com
**LAW OFFICE OF ROBERT L. TEEL**
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
T: 866. 833.5529 // F:855.609.6911

GEOFFREY M. RAUX (*pro hac vice*)
graux@foley.com
**FOLEY & LARDNER LLP**
111 Huntington Ave.
Boston, MA 02199-7610
T: 617.342.4000 // F: 617.342.4001

Attorneys for Plaintiffs SYLVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>CORECIVIC, INC.,<br><br>　　　　　　　　Defendant.<br><br>CORECIVIC, INC.,<br><br>　　　　　　　　Counter-Claimant,<br><br>vs.<br><br>SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Counter-Defendants. | Case No. 3:17-CV-01112-JLS-NLS<br><br>**CLASS ACTION**<br><br>**DECLARATION OF PLAINTIFF SYLVESTER OWINO IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL BRIEFING REGARDING STANDING**<br><br><br>Date:　December 19, 2019<br>Time:　1:30 p.m.<br>Place:　Courtroom 4D<br><br><br>Judge:　Hon. Janis L. Sammartino<br>Magistrate:　Hon. Nita L. Stormes |

I, Sylvester Owino, declare as follows:

1. I am above the age of eighteen (18). I am a named Plaintiff in the above-captioned action. I am familiar with the action, including the facts and claims at issue. The facts stated herein are of my own personal knowledge and experience, and if called upon to do so, I could and would competently testify thereto under oath.

2. I submit this Declaration in support of Plaintiffs' Supplemental Briefing Regarding Standing. (*See* D.I. 143.)

3. Although I was detained by the United States' Immigration and Customs Enforcement ("I.C.E.") only once, the result of that detention was that I spent almost 9.5 years in I.C.E. custody between November 7, 2005, and March 9, 2015. Of those 9.5 years, seven were spent detained in and transferred among CoreCivic's detention facilities, including CoreCivic's detention facilities in San Diego, California—the San Diego Correctional Facility, and its successor the Otay Mesa Detention Center. (I collectively refer to CoreCivic's facilities in San Diego as "OMDC" because my experiences were the same in both facilities.) To my knowledge, both of these facilities were owned, operated, and/or managed by CoreCivic (or its predecessor, Corrections Corporation of America) during all periods in which I was detained.

4. I was housed at OMDC for most of my period of detention, although I was transferred to other facilities for shorter periods of time (most of which were owned by CoreCivic). For example, from the start of my detention in 2005 until 2007, I was housed in OMDC. For three months in 2007, I was transferred to a facility in El Centro, California, after which I was transferred back to OMDC. In 2008, I was transferred for three months to a detention facility in Florence, Arizona, after which I returned to OMDC until 2013. In 2015, I was transferred to the Etowah Detention Center in Alabama, and was returned to OMDC in February 2015 before I was released from I.C.E.'s custody. The reasons for these transfers is detailed below. However, my detention under I.C.E.'s custody and being housed in CoreCivic's facilities was always related to my immigration status and was not related to any criminal charge or conviction.

-1-                              Case No. 17-CV-01112-JLS-NLS

5.     I have since been released from I.C.E. custody and CoreCivic's detention facilities.  However, since my release from I.C.E. custody through the present, I have not had and do not presently have lawful status within the United States.  Instead, I am currently seeking asylum in the United States, and my wife is petitioning to have my status adjusted.  It is my understanding that a potential consequence of not having lawful status within the United States means that I can again be detained by I.C.E. at any time, and placed back into a CoreCivic facility.

6.     Despite that I am currently not in I.C.E.'s custody, I have had and still have deeply held, sincere concerns and fears about potentially being detained again by I.C.E. and housed in a CoreCivic detention facility such as OMDC.

7.     My concerns and fears stem from my time spent in CoreCivic's detention facilities and the experiences I had during my time there, including working for low pay (or no pay), working long hours without meal or rest breaks, being ordered to work on days off, and always living day-to-day knowing that if I did not work when CoreCivic ordered, I ran a high risk of disciplinary action, including segregation from the general population or termination from my job (which deprived me of any money to purchase additional hygiene supplies due to the sparse supply rations CoreCivic provided to detainees).

8.     Moreover, given the increase in immigration "enforcement" by the Trump Administration and its various anti-immigrant policies—which target primarily people of color or those who speak English as a secondary language (if they speak English at all)—there is a real risk that I might be stopped, questioned, or detained by State or Federal officials.  Indeed, my seven years in I.C.E. custody while housed in a CoreCivic detention facility has taught me through experience that individuals who "look like immigrants" can easily be targeted and locked away—isolated from society for long periods of time.  This risk is significantly greater given that I currently do not have lawful status to be in the United States while my asylum case is pending, and that I can be removed from the country at any time and without reason.

///

9. In addition, my past comments speaking out about CoreCivic and I.C.E., combined with the fact that I am named Plaintiff in this litigation, further add to my concern that I.C.E. may seek to detain me again, or "make an example" out of me to any current or former detainees who dare to speak out against I.C.E. It would not be the first time this has happened.

10. Finally, I also have a wife and little daughter who depend on me. If I am detained again by I.C.E., my wife will have to raise our child by herself, and my daughter will grow up with me absent from her life for a long period of time. The fear of further and continued detention does not impact just me, but my family as well.

11. I sincerely believe that there is a high risk I.C.E. can and will attempt to detain me again, and should I.C.E. detain me, I believe that I would be re-housed in OMDC (operated by CoreCivic) given that I live in San Diego County and OMDC is also located in San Diego County, and given that I was previously housed at OMDC during my prior detention. If I am sent to OMDC (or another CoreCivic facility), I will again be exposed to CoreCivic's policies and practices concerning detainee labor that are the subject of this lawsuit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 15th day of November 2019, in San Diego, California.

_____
Sylvester Owino

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 15, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

*/s/ Eileen R. Ridley*
Eileen R. Ridley