| | |
|---|---|
| J. MARK WAXMAN (SBN 58579)<br>mwaxman@foley.com<br>NICHOLAS J. FOX (SBN 279577)<br>nfox@foley.com<br>**FOLEY & LARDNER LLP**<br>3579 Valley Centre Drive, Suite 300<br>San Diego, CA 92130<br>T: 858.847.6700 // F: 858.792.6773<br><br>EILEEN R. RIDLEY (SBN 151735)<br>eridley@foley.com<br>ALAN R. OUELLETTE (SBN 272745)<br>aouellette@foley.com<br>**FOLEY & LARDNER LLP**<br>555 California Street, Suite 1700<br>San Francisco, CA 94104-1520<br>T: 415.434.4484 // F: 415.434.4507 | ROBERT L. TEEL (SBN 127081)<br>lawoffice@rlteel.com<br>**LAW OFFICE OF ROBERT L. TEEL**<br>1425 Broadway, Mail Code: 20-6690<br>Seattle, Washington 98122<br>T: 866. 833.5529 // F:855.609.6911<br><br>GEOFFREY M. RAUX (pro hac vice)<br>graux@foley.com<br>**FOLEY & LARDNER LLP**<br>111 Huntington Ave.<br>Boston, MA 02199-7610<br>T: 617.342.4000 // F: 617.342.4001 |

Attorneys for Plaintiffs SYLVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>CORECIVIC, INC.,<br><br>　　　　　　　　Defendant.<br><br>CORECIVIC, INC.,<br><br>　　　　　　　　Counter-Claimant,<br><br>　vs.<br><br>SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Counter-Defendants. | Case No. 3:17-CV-01112-JLS-NLS<br><br>**CLASS ACTION**<br><br>**DECLARATION OF PLAINTIFF JONATHAN GOMEZ IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL BRIEFING REGARDING STANDING**<br><br><br>Date:　December 19, 2019<br>Time:　1:30 p.m.<br>Place:　Courtroom 4D<br><br><br>Judge:　Hon. Janis L. Sammartino<br>Magistrate:　Hon. Nita L. Stormes |

Case No. 17-CV-01112-JLS-NLS

I, Jonathan Gomez, declare as follows:

1. I am above the age of eighteen (18). I am a named Plaintiff in the above-captioned action. I am familiar with the action, including the facts and claims at issue. The facts stated herein are of my own personal knowledge and experience, and if called upon to do so, I could and would competently testify thereto under oath.

2. I submit this Declaration in support of Plaintiffs' Supplemental Briefing Regarding Standing. (*See* D.I. 143.)

3. I was detained by the United States' Immigration and Customs Enforcement ("I.C.E.") on one occasion, and spent about 15 months in I.C.E.'s custody (from June 19, 2012 – September 18, 2013). During my detention I was housed in CoreCivic's detention facilities in San Diego, California—the San Diego Correctional Facility, and its successor the Otay Mesa Detention Center. (I collectively refer to CoreCivic's facilities in San Diego as "OMDC" because my experiences were the same in both facilities.) To my knowledge, both of these facilities were owned, operated, and/or managed by CoreCivic (or its predecessor, Corrections Corporation of America) during all periods in which I was detained.

4. My detention in CoreCivic's facilities under the custody of I.C.E. was related to my immigration status and was not related to any criminal charge or conviction.

5. I have since been released from I.C.E.'s custody and CoreCivic's detention facilities. I currently have a valid green card, and have had one for many years—including when I was detained in 2012.

6. Despite that I have lawful status in the United States due to my green card, there is no guarantee that I will not be wrongfully detained again by I.C.E. or housed in a CoreCivic facility such as OMDC. For example, I was detained by I.C.E. in June 2012 based on my alleged "unlawful" status and presence in the United States—despite that I possessed a valid green card and could lawfully be in the country. As a result of this wrongful detention, I was housed at OMDC for 15 months before I was released, during

-1-   Case No. 17-CV-01112-JLS-NLS

which time I was subject to CoreCivic's policies and practices that are involved in this lawsuit.

7. Even though I am currently not in I.C.E.'s custody, I have had and still have deeply held, sincere concerns and fears about potentially being detained again by I.C.E. and housed in a CoreCivic detention facility such as OMDC. For example, I do not believe that I can realistically travel outside of the United States (even with my family). Despite that I have a valid green card, I genuinely fear that if I leave the country, I.C.E. or Customs (or another Federal agency) will make an issue of my past record and will detain me. I do not want my family to go through that again. As a result of that fear, my wife and I do not make plans to travel outside of the United States, even though it is one of her dreams to travel internationally.

8. My concerns and fears stem from my time spent in CoreCivic's detention facilities and the experiences I had during my time there, including working for low pay (or no pay), working long hours without meal or rest breaks, being ordered to work on days off, and always living day-to-day knowing that if I did not work when CoreCivic ordered, I ran a high risk of disciplinary action, including segregation from the general population or termination from my job (which deprived me of any money to purchase additional hygiene supplies due to the sparse supply rations CoreCivic provided to detainees).

9. Moreover, given the increase in immigration "enforcement" by the Trump Administration and its various anti-immigrant policies—which target primarily people of color or those who speak English as a secondary language (if they speak English at all)—there is a real risk that I might be stopped, questioned, or detained by State or Federal officials. Indeed, my 15 months in I.C.E. custody while housed in OMDC has taught me through experience that individuals who "look like immigrants" can easily be targeted and locked away—isolated from society for long periods of time.

10. In addition, the fact that I am named Plaintiff in this litigation further adds to my concern that I.C.E. may seek to detain me again, or "make an example" out of me to any current or former detainees who dare to speak out against I.C.E.

11. I also have a wife and four children (two boys and two girls) who all depend on me. If I am detained again by I.C.E., my wife will have to raise our four children by herself, and my children will grow up with me absent from their lives for long periods of time. The fear of further and continued detention does not impact just me, but my family as well.

12. And, as noted above, even with lawful status to be in the United States with my green card, I was wrongfully detained, and firmly believe that I may be detained again.

13. I sincerely believe that there is a significant risk that I.C.E. will attempt to detain me again, and should I.C.E. detain me again, I believe that I would be re-housed in OMDC (operated by CoreCivic) given that I live in San Diego County and OMDC is also located in San Diego County, and given that I was previously housed at OMDC during my prior detention. If I am sent to OMDC (or another CoreCivic facility), I will again be exposed to CoreCivic's policies and practices concerning detainee labor that are the subject of this lawsuit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this  15  day of November 2019, in San Diego, California.

_____
Jonathan Gomez

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 15, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

*/s/ Eileen R. Ridley*
Eileen R. Ridley