UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>           Plaintiffs,<br><br>v.<br><br>CORECIVIC, INC., a Maryland corporation,<br><br>           Defendant. | Case No.: 17-CV-1112 JLS (NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**<br><br>(ECF No. 149) |
| CORECIVIC, INC.,<br><br>           Counter-Claimant,<br><br>v.<br><br>SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>           Counter-Defendants. | |

   Presently before the Court is Plaintiffs and Counter-Defendants Sylvester Owino and Jonathan Gomez's Motion for Leave to File Documents Under Seal Regarding Supplemental Reply Brief Filed Pursuant to Court Order (D.I. 146) ("Mot.," ECF No. 149).

Having carefully considered Plaintiffs' arguments, the documents in question, and the law, the Court **GRANTS IN PART AND DENIES IN PART WITHOUT PREJUDICE** Plaintiffs' Motion.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing

*Foltz*, 331 F.3d at 1136).  The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case."  *Nixon*, 435 U.S. at 599.

Plaintiffs seek leave to file under seal unredacted copies of Exhibits B, C, and D to the Supplemental Declaration of Eileen R. Ridley in Support of Plaintiffs' Reply Brief in Response to Defendant's Supplemental Brief ("Supplemental Ridley Declaration"), which are excerpts from Plaintiffs' detainee files that "contain material designated by Defendant and Counter-Claimant CoreCivic, Inc., as 'Confidential' under the Protective Order entered in this case (*see* ECF No. 60), and/or contain personally identifying information related to detainees who are not parties to this litigation, or to CoreCivic's personnel."  *See* Mot. at 1.  Plaintiffs note that the "Court previously authorized similar redactions to public docket filings related to detainee identifying information, pursuant to 8 C.F.R. § 236.6."  *Id.* at 2 (citing ECF No. 107).

As before, the Court concludes that compelling reasons exist to file under seal identifying information concerning CoreCivic's detainees.  *See* ECF No. 107 at 4 ("The Court concludes that identifying information concerning detainees must remain under seal pursuant to Section 236.6.").  It is not clear to the Court, however, that there exist compelling reasons to file under seal identifying information concerning CoreCivic's personnel.  Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion.  Specifically, the Court **GRANTS** Plaintiffs' Motion to the extent it seeks leave to file under seal identifying information concerning Defendant's detainees but **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion to the extent it seeks leave to file under seal identifying information concerning Defendant's personnel.  The Court also **GRANTS** Defendant leave to file a renewed motion to articulate "compelling reasons" for the filing under seal of identifying information for its personnel.  *See, e.g.*, *Foltz*, 331 F.3d at 1136 ("[T]he presumption of access is not rebutted where, as here, documents subject to a protective order are filed under seal as attachments to a dispositive motion.").  Should Defendant fail to file a renewed motion <u>on or before December 23, 2019</u>, Plaintiffs **SHALL**

1  **FILE PUBLICLY** versions of the underlying proposed documents that are redacted in
2  accordance with this Order.[1]
3      **IT IS SO ORDERED.**

5  Dated: December 16, 2019

   *Janis L. Sammartino*
   Hon. Janis L. Sammartino
   United States District Judge

---

[1] The Court notes that this Order may have ramifications for the documents filed publicly in response to the Court's June 24, 2019 Order.  *See* ECF Nos. 110, 114.