UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CORECIVIC, INC., a Maryland corporation,<br><br>　　　　　　　　　　　　　Defendant. | Case No.: 17-CV-1112 JLS (NLS)<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S RENEWED MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**<br><br>(ECF No. 155) |
| CORECIVIC, INC.,<br><br>　　　　　　　　　　　　　Counter-Claimant,<br><br>v.<br><br>SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　　　　Counter-Defendants. | |

Presently before the Court is Defendant and Counter-Claimant CoreCivic, Inc.'s Renewed Motion for Leave to File Documents Under Seal ("Mot.," ECF No. 155), filed in response to the Court's December 16, 2019 Order Granting in Part and Denying in Part

Without Prejudice Plaintiffs' Motion for Leave to File Documents Under Seal. *See* ECF No. 152. Also before the Court are Plaintiffs and Counter-Defendants Sylvester Owino and Jonathan Gomez's Opposition ("Opp'n," ECF No. 156) and Defendant's Reply ("Reply," ECF No. 157). Having carefully considered the Parties' arguments, the documents in question, and the law, the Court **DENIES WITHOUT PREJUDICE** Defendant's Motion.

As the Parties are now well aware, *see* ECF Nos. 96, 100, 107, 122, 152, "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."

447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Plaintiffs sought leave to file under seal unredacted copies of Exhibits B, C, and D to the Supplemental Declaration of Eileen R. Ridley in Support of Plaintiffs' Reply Brief in Response to Defendant's Supplemental Brief ("Supplemental Ridley Declaration"), which are excerpts from Plaintiffs' detainee files that "contain material designated by Defendant and Counter-Claimant CoreCivic, Inc., as 'Confidential' under the Protective Order entered in this case (*see* ECF No. 60), and/or contain personally identifying information related to detainees who are not parties to this litigation, or to CoreCivic's personnel." *See* ECF No. 149 at 1. The Court concluded that "compelling reasons exist to file under seal identifying information concerning CoreCivic's detainees" pursuant to 8 C.F.R. § 236.6, ECF No. 152 at 3 (citing ECF No. 107 at 4), but expressed skepticism concerning the sealing of "identifying information concerning CoreCivic's personnel." *Id.* The Court therefore granted Plaintiffs' motion as to identifying information concerning Defendant's detainees but denied without prejudice the motion to the extent it sought leave to file under seal identifying information concerning Defendant's personnel.

Defendant now contends that compelling reasons exist to redact the full names of its personnel—or at least their first names—because "the unfettered release of personal identifying information of current and former CoreCivic/[Otay Mesa Detention Center ("OMDC")] personnel would seriously impede the facility's ability to protect both staff and detainees from foreseeable risks of ham, and would seriously compromise the orderly operation of OMDC." Mot. at 4. Defendant urges that the unsealed names of its personnel "would quickly spread among the detainee population at OMDC and pose a significant risk to staff and/or detainee safety and security." *Id.* Defendant supports its Motion with the

Declaration of Warden C. LaRose ("LaRose Declaration," ECF No. 155-1), who explains that, "if even partial employee information is released to a detainee and/or placed on the public docket, that information can be used by family members or other gang members who are not incarcerated to do research, such as by finding staff members' social media accounts, to locate additional personal identifying information of facility staff," which "can then be shared among the detainee population or published on the internet and/or social media sites." LaRose Decl. ¶ 15. Warden LaRose adds that, "[w]ith such information, detainees and/or their family or associates can threaten staff at their homes, or at the facility by correctly reciting their home address to them." *Id.* ¶ 16.

Plaintiffs oppose, arguing (among other things[1]) that Defendant "simply relies on generic statements about potential risks, oftentimes failing to differentiate between 'inmates' (detained as convicted felons) and 'detainees' (civilly detained while their immigration status is adjudicated." Opp'n at 5. Plaintiffs therefore oppose Defendant's request to file under seal the full names of its personnel as inconsistent with the Parties' practice of redacting only their first names pursuant to the Protective Order. *See, e.g.*, *id.* at 1 n.1. Plaintiff also acknowledges that stipulated practices concerning discovery may not suffice as compelling reasons to file information under seal. *See id.* (citing *Cochoit v. Schiff Nutrition Int'l, Inc.*, No. 16-cv-01371, 2018 WL 1895695, at *2 (C.D. Cal. Apr. 19, 2018); *Joint Equity Comm. of Investors of Real Estate Partners, Inc. v. Coldwell Banker Real Estate Corp.*, No. 10-cv-0401, 2012 WL 234396, at *2–3 (C.D. Cal. Jan. 24, 2012)).

Defendant rejoins that "Plaintiffs fail[ed] to attach any admissible evidence to their Opposition demonstrating that compelling reasons do not exist to keep staff members' first

---

[1] There is much discussion concerning the sealing of the full names versus first names of Defendant's personnel, with Plaintiffs noting that Defendant previously had sought to seal only the first names of its personnel, *see* Opp'n at 2–5, and Defendant noting that it was Plaintiff who redacted the full names—rather than just the first names—of its personnel in certain previously filed exhibits. *See* Reply at 1–6. The Court understands each side's reasons for raising these arguments; however, ultimately, they are only tangentially relevant to the central issue: whether Defendant has adduced compelling reasons for the names of its personnel to be filed under seal.

names under seal, or contradicting the evidence offered by CoreCivic through Warden LaRose's declaration." Reply at 7. Further, "[c]ompelling reasons exist to keep the full names of CoreCivic staff members under seal—namely, the protection of their safety and security, as well as that of the detainees, the facility, and the public in general." *Id.* at 9.

The Court recognizes that there may be compelling reasons to seal the home addresses, social security or driver's license numbers, dates of birth, family information, or similarly sensitive information to avoid exposing Defendant's personnel and their families to harm. *See, e.g.*, *Kamakana*, 447 F.3d at 1184 (affirming lower court's decision to maintain under seal "officers' home address and social security numbers[, which] could expose the officers and their families to harm or identity theft"); *Goodman v. Las Vegas Metro. Police Dep't*, No. 2:11-CV-01447-MMD, 2013 WL 5743638, at *3 (D. Nev. Oct. 16, 2013) (sealing dates of birth of police officers and information regarding the family of a law enforcement officer); *Pryor v. City of Clearlake*, No. C 11-0954 CW, 2012 WL 3276992, at *4 (N.D. Cal. Aug. 9, 2012) (sealing police officer's "personal address, identification information and birthdate . . . , as well as . . . information concerning his pay" and employment application, which contained "personal identification and contact information . . . , his references and relatives, as well as background information about his prior experience, education, military service and employment"). The question, therefore, is whether Defendant has established that publication of the first names of its personnel is similarly sensitive such that it would foreseeably result in harm.[2] The Court concludes that it has not.

The Court acknowledges Warden LaRose's extensive experience, understands his concerns, and appreciates his insight; nonetheless, his declaration does not establish compelling reasons to maintain the confidentiality of the first names of Defendant's personnel. Warden LaRose opines, based on an impressive 23 years' professional

---

[2] Defendant's detainees already have access to the last names of its personnel, and "[t]he Court cannot keep secret what is already public." *United States v. Nicholas*, 594 F. Supp. 2d 1116, 1119 (C.D. Cal. 2008).

experience, "that the unfettered release of personal identifying information of current and former CoreCivic/OMDC personnel would seriously impede the facility's ability to protect both staff and detainees from foreseeable risks of harm, and would seriously compromise the orderly operation of OMDC." LaRose Decl. ¶ 5. There are, however, several unfounded assumptions underlying Warden LaRose's conclusion. First, the public docketing of the exhibits at issue is hardly "unfettered access"—the records in this action are available behind a paywall to those motivated enough to access them. Second, it is questionable to what extent a first name qualifies as "identifying information." Third, Defendant has not established that the first names of its personnel are, in fact, "personal" and confidential.[3] Ultimately, "[a]s presented to the Court, [d]efendant['s] concern regarding retaliation is speculation, and the Court must rule on motions to seal 'without relying on hypothesis or conjecture.'" *Sheppard v. Mandalay Bay, LLC*, No. 218CV01120RFBVCF, 2018 WL 7500285, at *1 (D. Nev. Nov. 28, 2018) (quoting *Kamakana*, 447 F.3d at 1179 (9th Cir. 2006)).

Defendant also cites no authority in which a court has found that compelling reasons exist to file under seal the first names of correctional officers or other correctional personnel. On the other hand, the Court has located contrary authority. *See, e.g.*, *Pryor v. City of Clearlake*, No. C 11-0954 CW, 2012 WL 3276992, at *4 (N.D. Cal. Aug. 9, 2012) (denying motion to seal names of officers); *see also Sandoval v. Cnty. of Sonoma*, No. 11-CV-05817-TEH, 2015 WL 163544, at *2 (N.D. Cal. Jan. 12, 2015) ("The Court recognizes that the publicly filed material includes the names of certain officers of the Sonoma County Sheriff's Office, as well as an email summary of the incident at issue in this case. However, [the] Sheriff [defendant] has given the Court virtually no justification, much less compelling reasons, to withhold this information from public view.").

/ / /

---

[3] Indeed, it appears that over 1,000 of Defendant's correctional officers have profiles on LinkedIn, many of which are publicly available. *See* https://www.linkedin.com/company/corecivic/people/?keywords=correctional%20officer.

For these reasons, the Court concludes that Defendant has failed to establish that compelling reasons exist to redact the names—first, last, or both—of its personnel.[4] Although the Court harbors significant doubts regarding Defendant's ability to establish compelling reasons to maintain the first names of its personnel under seal, the Court **DENIES WITHOUT PREJUDICE** Defendant's Motion and **GRANTS** Defendant leave to file a second renewed motion <u>on or before January 23, 2020</u>. Should Defendant elect not to file a renewed motion, the Parties **SHALL MEET AND CONFER** regarding how to allocate responsibility for refiling all filings affected by this Order and **SHALL FILE** a joint status report <u>on or before January 27, 2020</u>.

**IT IS SO ORDERED.**

Dated: January 9, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[4] The Court regrets that the Parties have expended so much time and effort redacting this information; however, the Court's prior Orders did not address the sealing of the names of Defendant's personnel. *See, e.g.*, ECF No. 107. To the extent clarification was required, the Parties were free to seek it from the Court.