J. MARK WAXMAN (SBN 58579)
mwaxman@foley.com
NICHOLAS J. FOX (SBN 279577)
nfox@foley.com
**FOLEY & LARDNER LLP**
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
T: 858.847.6700 // F: 858.792.6773

EILEEN R. RIDLEY (SBN 151735)
eridley@foley.com
ALAN R. OUELLETTE (SBN 272745)
aouellette@foley.com
**FOLEY & LARDNER LLP**
555 California Street, Suite 1700
San Francisco, CA 94104-1520
T: 415.434.4484 // F: 415.434.4507

ROBERT L. TEEL (SBN 127081)
lawoffice@rlteel.com
**LAW OFFICE OF ROBERT L. TEEL**
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
T: 866.833.5529 // F:855.609.6911

GEOFFREY M. RAUX (*pro hac vice*)
graux@foley.com
**FOLEY & LARDNER LLP**
111 Huntington Avenue
Boston, MA 02199-7610
T: 617.342.4000 // F: 617.342.4001

Attorneys for Plaintiffs SYLVESTER OWINO,
JONATHAN GOMEZ, and the Proposed Class(es)

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>CORECIVIC, INC.,<br><br>　　　　　　　　　Defendant.<br><br>CORECIVIC, INC.,<br><br>　　　　　　　　　Counter-Claimant,<br><br>vs.<br><br>SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　Counter-Defendants. | Case No. 3:17-CV-01112-JLS-NLS<br><br>**CLASS ACTION**<br><br>**SUPPLEMENTAL BRIEF REGARDING *NOVOA V. THE GEO GROUP, INC.* IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge: Hon. Janis L. Sammartino<br>Magistrate: Hon. Nita L. Stormes<br><br>DEMAND FOR JURY TRIAL |

Case No. 17-CV-01112-JLS-NLS

## I. INTRODUCTION

Pursuant to the Court's Order for Supplemental Briefing (ECF 154), Plaintiffs Sylvester Owino and Jonathan Gomez ("Plaintiffs") submit this Supplemental Brief regarding the Central District of California's recent Order Granting Plaintiffs' Motion for Class Certification in *Novoa v. The GEO Grp., Inc.*, No. EDCV 17-2514 JGB (SHKx), U.S. Dist. LEXIS 222675 (C.D. Cal. Nov. 26, 2019) (ECF 153). *Novoa* demonstrates why Plaintiffs' proposed CA Labor Law Class should be certified and reinforces the Court's tentative decision to certify the National Forced Labor and CA Forced Labor Classes.

## II. DISCUSSION

*Novoa* is a class action filed by current and former immigration detainees against The GEO Group, Inc. ("GEO"), which operates immigration detention facilities in California and throughout the United States. *Novoa*, U.S. Dist. LEXIS 222675, at *6. GEO, as with CoreCivic, is alleged to have (1) implemented a so-called "voluntary work program" ("VWP") for ICE detainees that violates California labor law, including by paying ICE detainees $1.00 per day for their work, (2) forced ICE detainees to clean GEO's facilities under threat of punishment or discipline, and (3) coerced ICE detainees to join its VWP by withholding basic living necessities. *Id.* at *7-17.

The *Novoa* Court certified plaintiffs' California-specific "Adelanto Wage Class" as to plaintiffs' claims for (1) violations of California's Minimum Wage Law; (2) unjust enrichment, and (3) violations of California's UCL. The *Novoa* Court also certified the Forced Labor Classes for violations of the CTVPA and TVPA. While GEO is a separate and distinct entity from CoreCivic, the policies and practices alleged in *Novoa* are substantively identical to CoreCivic's admitted enterprise-wide policies and practices that are at issue in Plaintiffs' pending motion for class certification. As the *Novoa* Court acknowledged, where class claims depend on the legality of a detention facilities' challenged policies and practices, they are uniquely suited for resolution as a class action.

### A. *Novoa* Illustrates Why Plaintiffs' CA Labor Class Should Be Certified.

GEO's VWP shares the same essential attributes and characteristics of CoreCivic's

VWP and is governed by the same challenged policies and practices. These policies and practices include (1) asserting control over every aspect of work performed by ICE detainees through the VWP, and (2) wrongfully classifying ICE detainees that work through the VWP as "volunteers" as opposed to employees under California law.

As with CoreCivic's VWP, GEO's VWP entails a wide-range of potential work assignments, including "food service, laundry, dorm cleaning, cores/hallway, court/visit, recreation, floor crew, barbershop, intake, medical detail, paint detail, and warehouse." *Id*. at *9-10. Irrespective of the nature of the work, GEO "sets work schedules, assigns detainee workers to shifts . . . [and] provides needed equipment and instructions." *Id*. at *10. In spite of this, GEO does not afford the ICE detainees that work through its VWP the protections required for employees under California law and only pays ICE detainees "$1.00 per day for participating in the program" through a deposit into the ICE detainees' commissary account. *Id*. In certifying Adelanto Wage Class, the *Novoa* Court found that plaintiffs satisfied the requirements of Rule 23(a) and Rule 23(b)(3). In certifying the Adelanto Wage Class, the *Novoa* Court rejected several arguments advanced by CoreCivic here.

First, with respect to Rule 23(a)(3)'s typicality requirement, it is irrelevant that Plaintiffs worked in most, but not all, of the possible job assignments available through CoreCivic's VWP when they were assigned duties as a kitchen worker, janitor and porter. [ECF 84-3 (Owino Decl.) at ¶¶ 5, 8-9; ECF 84-4 (Gomez Decl.) at ¶ 5.] This is because "[t]he key inquiry for typicality" is whether Plaintiffs suffered an injury resulting from CoreCivic's VWP. *Novoa,* U.S. Dist. LEXIS 222675, at 37-38. In *Novoa*, even though plaintiffs' "situations were not identical, they all have the same theory of injury, which if proven, could establish their California wage law, unfair competition, and unjust enrichment claims." *Id*. at *38. Here, Plaintiffs and the putative class members were all injured by CoreCivic's policies and practices depriving ICE detainees of the protections for employees such as the right to be paid minimum wage and to receive accurate and

complete wage statements.[1]

Further, as confirmed by CoreCivic's Rule 30(b)(6) witness, CoreCivic's policies and practices that result in an employer-employee relationship are the same for every ICE detainee and do not depend on the ICE detainee's job assignment. Specifically, for every ICE detainee in the VWP, CoreCivic controls (1) the wages paid to ICE detainees, (2) their hours and shifts, (3) the decision to hire or fire an ICE detainee, (4) evaluations of the ICE detainees' job performance, (5) the training provided to ICE detainees, (6) the provision of tools and equipment necessary for ICE detainees to complete their job assignments, (7) whether bonuses or other incentives will be provided and the amount and form of the bonuses, and (8) the supervision of ICE detainees for the entire duration of their shifts. [ECF 85 (Ridley Decl.) at Ex. 3 (Ellis Dep. (Vol. 1)), at 100:22-125:19; *see also id.* at Ex. 6 (Figueroa Dep.) at 151:18-153:18.] Where, as here, there is a common policy or practice, the "typicality requirement can be met notwithstanding varying fact patterns supporting class member claims." *Novoa*, U.S. Dist. LEXIS 222675, at *42 (citing *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 560 (9th Cir. 2019)).

Second, the *Novoa* Court rejected GEO's contention that its statute of limitations defense defeated typicality. As the *Novoa* Court explained, "this action does not involve a sole named plaintiff whose claims are obviously time barred and where denial of class certification . . . would be warranted." *Id* at *43. Here, Plaintiffs' claims for unpaid wages and for violations of the UCL are all governed by a four year statute of limitations. *White v. Home Depot U.S.A., Inc.*, No. 17-cv-00752-BAS-AGS, 2019 U.S. Dist. LEXIS 40810, at *64 (S.D. Cal. March 13, 2019) ("The limitations period applicable to wage claims is generally three years . . . As a practical matter, however, the limitations period is four years if the plaintiff raises a claim pursuant to California's Unfair Competition Law . . . ") (citations omitted). Mr. Owino was released on March 9, 2015 and Mr. Gomez was released on September 18, 2013, and their claims are both timely under a four-year statute

---

[1] Similarly, it is irrelevant that the Plaintiffs had different jobs in the VWP as their injury (and the injury of the putative class) is based on CoreCivic's policies and procedures.

of limitation based on the May 31, 2017 filing date of the original complaint. [ECF 84-3 (Owino Decl.) at ¶ 2; ECF 84-4 (Gomez Decl.) at ¶ 5.] Even if some of Plaintiffs' claims were time-barred, the proposed classes can be certified conditioned on the addition of Achiri Geh, who worked through the VWP between April 2017 and October 2019, as an additional Plaintiff and Class Representative. *Nat'l Fed'n of the Blind v. Target Corp.*, 582 F.Supp.2d 1185, 1201 (N.D. Cal. 2007) (providing that if Rule 23 is satisfied, "the court may certify the class conditioned upon the substitution of another named plaintiff.").

Third, the *Novoa* Court rejected the argument advanced by GEO (and by CoreCivic in this case) that individualized inquiries defeated commonality under Rule 23(a)(2) and predominance under Rule 23(b)(3). The *Novoa* Court found commonality because "[w]hether GEO may be deemed an 'employer' under the alternative definitions in Martinez v. Combs, is a dominating question shared by Plaintiffs and the putative . . . class members." *Novoa*, U.S. Dist. LEXIS 222675, at *50. Further, "[i]t is well-established" that predominance "in employment cases is rarely defeated on the grounds of differences among employees so long as liability arises from a common practice or policy of an employer." *Id*. at *50-51 (quoting *Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918, 938 (9th Cir. 2009)). "Blanket corporate policies 'often bear heavily on questions of predominance and superiority.'" *Id.* at *51. (quoting *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 958 (9th Cir. 2009)). The *Novoa* Court held that plaintiffs' allegation that "GEO exercised control over their hours or working conditions, and/or 'suffer[ed] to permit [them] to work' under the same uniform policies or company-wide practices" necessitated a finding of commonality. *Id*. (quoting *Martinez v. Combs*, 49 Cal. 4th 35, 64 (2010)).

CoreCivic's failure to maintain employment records as required by California law also does not preclude a finding of predominance and commonality.[2] The issues resulting from CoreCivic's failure to pay minimum wage bears only on damages calculations over and above the amounts provided for under California's Labor Code and IWC Wage Order

---

[2] Labor Code § 226 establishes specific penalties for failure to provide wage statements.

5-2001, § 5.A, *See, e.g.,* IWC Wage Order 5-2001, § 5.A (authorizing payment of "half the usual or scheduled day's work" in an amount not less than minimum wage). However, "[t]he mere fact that there might be differences in damage calculations is not sufficient to defeat class certification." *Novoa*, U.S. Dist. LEXIS 222675, at \*42 (quoting *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 560 (9th Cir. 2019)).

Fourth, *Novoa* confirms that Rule 23(b)(3) superiority requirement is satisfied because the putative class members' "[f]ear of negative immigration consequences" and the reality that they are often "unable to bring their claims due to their tenuous situations only militates in favor of certification." *Id*. at \*57 (citing *Gunnells v. Healthplan Servs.*, 348 F.3d 417, 426 (4th Cir. 2003)).

In short, because Plaintiffs' and the proposed CA Labor Class' claims all depend on the legality of policies and practices that are generally applicable to every ICE detainee that worked through CoreCivic's VWP (regardless of the work they did), class action treatment is appropriate. At a minimum, Plaintiffs' CA Labor Class should be certified as to Plaintiffs' claims for unpaid wages, failure to provide wage statements, unjust enrichment, and violations of the UCL.

**B.     The Forced Labor And Basic Necessities Classes Should Be Certified.**

The *Novoa* Court certified plaintiffs' proposed classes for violations of the TVPA and CTVPA because they are premised on the legality of GEO's alleged policies or practices, including the practice of forcing ICE detainees to clean GEO's facilities without pay under threat of discipline and by duress and hardship through the practice of withholding basic living necessities in order to coerce them into joining the VWP. *Novoa* also confirms that the withholding of basic living necessities is actionable as a violation of the TVPA and CTVPA and that the claims are capable of classwide resolution. *Id*. at \*38, fn. 11. *Novoa* bolsters the Court's tentative decision to certify the Forced Labor Classes, and supports certification of the Basic Necessities Classes.

**III.   CONCLUSION**

For the foregoing reasons, *Novoa* demonstrates why Plaintiffs' proposed classes

1 | should be certified.

2 | DATED:  January 17, 2020

**FOLEY & LARDNER LLP**
J. Mark Waxman
Eileen R. Ridley
Geoffrey Raux
Nicholas J. Fox
Alan R. Ouellette


*/s/* Eileen R. Ridley
Eileen R. Ridley
Attorneys for Plaintiffs SYLVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)

**LAW OFFICE OF ROBERT L. TEEL**
Robert L. Teel
  lawoffice@rlteel.com
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
Telephone:  (866) 833-5529
Facsimile:  (855) 609-6911

Attorneys for Plaintiffs SYLVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 17, 2020, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

/s/ Eileen R. Ridley
Eileen R. Ridley