EILEEN R. RIDLEY (SBN 151735)
eridley@foley.com
ALAN R. OUELLETTE (SBN 272745)
aouellette@foley.com
**FOLEY & LARDNER LLP**
555 California Street, Suite 1700
San Francisco, CA 94104-1520
T: 415.434.4484 // F: 415.434.4507

NICHOLAS J. FOX (SBN 279577)
nfox@foley.com
**FOLEY & LARDNER LLP**
11988 El Camino Real, Suite 400
San Diego, CA 92130
T: 858.847.6700 // F: 858.792.6773

ROBERT L. TEEL  (SBN 127081)
lawoffice@rlteel.com
**LAW OFFICE OF ROBERT L. TEEL**
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
T: 866.833.5529 // F: 855.609.6911

GEOFFREY M. RAUX (*pro hac vice*)
graux@foley.com
**FOLEY & LARDNER LLP**
111 Huntington Avenue
Boston, MA 02199-7610
T: 617.342.4000 // F: 617.342.4001

Attorneys for Plaintiffs SYLVESTER OWINO,
JONATHAN GOMEZ, and the Proposed Class(es)

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>CORECIVIC, INC.,<br><br>                Defendant.<br><br>CORECIVIC, INC.,<br><br>                Counter-Claimant,<br><br>vs.<br><br>SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>                Counter-Defendants. | Case No. 3:17-CV-01112-JLS-NLS<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' REPLY TO CORECIVIC'S RESPONSE [D.I. 177] TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY [D.I. 174] REGARDING CORECIVIC'S MOTION FOR JUDGMENT ON THE PLEADINGS [D.I. 117]**<br><br>Judge:  Hon. Janis L. Sammartino<br>Magistrate:  Hon. Nita L. Stormes<br><br>DEMAND FOR JURY TRIAL |

Case No. 17-CV-01112-JLS-NLS

## I. Introduction

The Parties sufficiently briefed the issues to which CoreCivic's recent string of "new authority" filings relate. Admittedly, neither Plaintiffs nor CoreCivic pointed to any new *controlling* authority on these issues. To avoid the prospect of an unending daisy-chain of filings attaching newly decided cases, and to permit the Court to dedicate its efforts to ruling on these issues, Plaintiffs make a few brief points in reply regarding the Seventh Circuit's decision in *Mussat v. IQVIA, Inc.*, Case No. 18-7162, 2020 WL 1161166 (7th Cir. Mar. 11, 2020), and the Southern District of California's decision in *Carpenter v. PetSmart, Inc.*, Case No. 19-cv-1731, 2020 WL 996947 (S.D. Cal. Mar. 2, 2020).

## II. Seventh Circuit's Decision in *Mussat v. IQVIA, Inc.*

*First*, CoreCivic contends that the Seventh Circuit left undisturbed the District Court's holding that the defendant did not waive its personal jurisdiction challenge under Rules 12(b)(2) and (g)(2) even though the defendant did not raise the defense in its first responsive pleading. (D.I. 177 at 2:19–3:6.) However, the only issue on appeal was the District Court's order striking the class allegations under Rule 12(f); CoreCivic's implication that the Seventh Circuit affirmatively left the waiver issue undisturbed simply misleads as to the issues properly on appeal in *Mussat*.[1]

*Second*, contrary to CoreCivic's position that the Seventh Circuit did not explain the significance between mass-tort actions and Rule 23 class actions (D.I. 177 at 3:23–4:7), the Seventh Circuit in fact did explain why the difference was meaningful. Plaintiffs in a mass-tort action are all named parties to the litigation—there are no absentee litigants—and thus each plaintiff must establish personal jurisdiction over the defendant in the forum. *See Mussat*, 2020 WL 1161166, at *3–*4. But in Rule 23 class actions, absentee litigants are represented by the named plaintiff, and absentee litigants are considered "parties" to the litigation for some purposes but not for others. *Id.* at *4. Given that courts look only

---

[1] In any event, the District Court's decision in *Mussat* is contrary to this Court's holdings that Rule 12(g) requires such challenges to be brought in the first responsive pleading. *See, e.g., Robinson v. OnStar, LLC*, Case No. 15-cv-1731, 2020 WL 364221, at *9 (S.D. Cal. Jan. 22, 2020).

to the named plaintiffs in putative class actions for a variety of issues, the Seventh Circuit found no reason to change that approach for personal jurisdiction issues. *Id.* at *4–*5.

*Third*, CoreCivic notes that *Mussat* did not address its argument that Rules 4(k)(1) and (k)(2) confer specific jurisdiction in only Tennessee and Maryland. (D.I. 177 at 3:9-22.) Aside from the fact that the Seventh Circuit likely did not address several of CoreCivic's arguments because CoreCivic is not a party in *Mussat*, the Seventh Circuit did expressly note the difference between *service of process* under Rule 4(k)—"how" and "where" process must be effected—and a court's exercise of *specific personal jurisdiction* over a defendant. *See Mussat*, 2020 WL 1161166, at *5.

### III. Southern District of California's Decision in *Carpenter v. PetSmart, Inc.*

*First*, *Carpenter* pre-dates the Seventh Circuit's decision in *Mussat*; therefore, *Carpenter* could not have considered *Mussat* in the analysis. *See Carpenter*, 2020 WL 996947 at *3 (observing that "no circuit has decided the issue" as to whether the Supreme Court's decision in *Bristol-Myers* also applied to "a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of whom were injured there" (citation omitted)). The Seventh Circuit was the first to do so.

*Second*, *Carpenter* acknowledges that its holding is against the typical approach employed by District Courts in the Ninth Circuit. *Id.* at *4 ("In the Ninth Circuit, district courts have typically followed the first approach [by holding that there is no unfairness to a defendant vis-à-vis out-of-state plaintiffs' claims if a court has jurisdiction over the class representative's claims]."). Indeed, this Court has squarely held that "where a federal court sits in federal question jurisdiction, the due process concerns are different than those animating *Bristol-Myers* and a court would not apply *Bristol-Myers* when sitting in federal question jurisdiction." *In re Packaged Seafood Prods. Antitrust Litig.*, 338 F. Supp. 3d 1118, 1172 (S.D. Cal. 2018) (citing *Sloan v. Gen. Motors LLC*, 287 F. Supp. 3d 840, 859 (N.D. Cal. 2018)).

*Third*, a fundamental difference between the claims at issue in this case (and in *Mussat*) and those at issue in *Carpenter* is that Plaintiffs' putative nation-wide class in this

case is premised on CoreCivic's violations of a *Federal* statute based on the same policies and practices across all CoreCivic facilities, whereas the plaintiff's claims in *Carpenter* were ostensibly based on *state*-specific law (such as California's consumer protection laws or a state's common law).  See *Carpenter*, 2020 WL 996947 at *1.[2]

This distinction is critical because state-law claims may vary depending on which State's law controls a particular claim.  CoreCivic, like any other defendant doing business in multiple States, would undoubtedly expect to be sued in any of those States for wrongful conduct occurring within or directed towards the State, and would also likely expect that the State's substantive law would control those state-specific claims.  But CoreCivic might not expect to defend itself in one forum based on claims of non-resident plaintiffs whose injury did not occur there.  In other words, non-resident plaintiffs cannot forum-shop looking for the forum with the most favorable law.  Not only do those non-resident plaintiffs lack any connection with the forum, but the defendant would not expect to defend against non-resident plaintiffs' claims in that forum or under that forum's law.

But the result is different with Federal-law claims because those claims invoke the same substantive law regardless of the forum in which a lawsuit is located—a point subtly underscored by the Parties' citation to various cases from other Federal courts on these issues.[3]  Thus, for Plaintiffs' proposed nation-wide class, the same substantive law governs CoreCivic's actions regardless of the State in which that conduct occurs.  So long as a District Court can properly exercise specific personal jurisdiction over forum-related conduct, there is no constitutional prohibition on exercising personal jurisdiction over the

---

[2] *Carpenter* did involve a nation-wide claim arising under the Federal Magnuson-Moss Warranty Act (15 U.S.C. § 2301).  *See id.*  However, *Carpenter* did not distinguish between state-law claims and Federal-law claims in its analysis of specific personal jurisdiction and whether *Bristol-Myers* applied to Federal class actions.  *See generally id.*

[3] Plaintiffs acknowledge that Federal courts may reach disagreement over substantive and procedural issues arising under Federal law, but the nation-wide structure of the Federal system allows the Supreme Court and Circuit Courts of Appeals to resolve these disagreements and provide uniformity.  The same cannot necessarily be said of a nation-wide class attempting to invoke the substantive statutory or common law of 50 separate State sovereigns.  *See, e.g.*, *Carpenter*, 2020 WL 996947, at *8–*9 (noting the nation-wide class claim for common law fraud was really fifty separate fraud claims, one for each State).  Disagreements regarding Federal-law claims are ones of degree, not of kind.

defendant related to the same claims by non-resident putative class members that are based on the same conduct and that arise under the same Federal statute.[4]

*Fourth*, although *Carpenter* dismisses the concern that class action practice would be fundamentally altered if Due Process required personal jurisdiction over each putative class member's claim based on forum-specific conduct (*see id.* at *6), the decision also overlooks numerous nation-wide class actions predicated only on specific personal jurisdiction vis-à-vis the named plaintiff's claims. *See, e.g.*, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) (nation-wide class action filed in California against defendant headquartered in Arkansas and incorporated in Delaware); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) (nation-wide class action filed in Kansas against defendant headquartered in Oklahoma and incorporated in Delaware); *Evans v. IAC/Interactive Corp.*, 244 F.R.D. 568 (C.D. Cal. 2007) (certifying Texas resident to represent nation-wide class where claims were based on the same common course of conduct and policies).[5]

*Fifth*, despite *Carpenter*'s insistence that its holding only affects the forum where nation-wide class actions can be filed—i.e., the few forums where the defendant is subject to *general* personal jurisdiction—the decision overlooks (1) the practical impact of requiring an injured plaintiff to leave the forum where she was injured by the defendant's forum-specific conduct simply to pursue nation-wide class claims for similarly injured persons; (2) the choice-of-law issues that would still pervade a nation-wide class action even if filed in a forum exercising general personal jurisdiction over the defendant (which itself might deprive the plaintiff of her forum's law if different from that of the defendant's home forum); or (3) the distinction between state-specific claims and Federal claims.

---

[4] Indeed, the potential for inconsistent rulings increases greatly if a putative nation-wide class alleging violations of Federal law must be divided into separate actions filed in separate States. Although state-specific classes based on state-specific law do not pose a great risk of inconsistent rulings, the same is not true for Federal-law claims, which are based on the same conduct arising under the same Federal statute.

[5] *See also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) ("Nothing in Rule 23 . . . limits the geographical scope of a class action that is brought in conformity with that Rule."); *Al Haj v. Pfizer, Inc.*, 338 F. Supp. 3d 815, 818–19 (N.D. Ill. 2018) (noting that defendant could not identify any case prior to *Bristol-Myers* holding that specific personal jurisdiction must be established as to all absent class members).

*Sixth*, in any event, *Carpenter* does not address the issue of a defendant's waiver of a personal jurisdiction challenge through its failure to raise the defense in its first responsive pleading—which CoreCivic failed to do here.  This Court recently reaffirmed that a defendant's failure to assert a personal jurisdiction challenge under *Bristol-Myers* in its first responsive pleading constitutes waiver of the defense.  *See Robinson*, 2020 WL 364221, at *9.

### IV. The Parties Have Sufficiently Briefed the Issues for the Court

The Parties' original briefing in Plaintiffs' Motion for Class Certification and CoreCivic's Motion for Judgment on the Pleadings sufficiently addressed the various issues raised in those motions.  The Court requested supplemental briefing on particular issues several times (D.I. 143, 154, 168), and had pointed questions for each Party during oral argument on the motions (D.I. 154, 159).  The Parties have also informed the Court on several occasions of new case authority related to issues briefed in the motions.  (D.I. 153, 171, 172, 173, 174, 177-1.)

Adding a case here or there does not change the Court's original and correct general inclinations:  (1) Class Certification is proper because putative class members were subject to the same CoreCivic policies, procedures, and practices regardless of which CoreCivic facility housed the detainees; and (2) Judgment on the Pleadings is improper because CoreCivic failed to raise the defense in its original Rule 12(b) motion, and in any event *Bristol-Myers* does not apply to a putative nation-wide class action under Rule 23 based on the same violation of a *Federal* statute.

1  DATED:  March 26, 2020

**FOLEY & LARDNER LLP**
Eileen R. Ridley
Geoffrey Raux
Nicholas J. Fox
Alan R. Ouellette


*/s/ Eileen R. Ridley*
Eileen R. Ridley
Attorneys for Plaintiffs SYLVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)


**LAW OFFICE OF ROBERT L. TEEL**
Robert L. Teel
  lawoffice@rlteel.com
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
Telephone:  (866) 833-5529
Facsimile:  (855) 609-6911

Attorneys for Plaintiffs SYLVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 26, 2020, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

/s/ Eileen R. Ridley
Eileen R. Ridley