EILEEN R. RIDLEY (SBN 151735)
eridley@foley.com
ALAN R. OUELLETTE (SBN 272745)
aouellette@foley.com
**FOLEY & LARDNER LLP**
555 California Street, Suite 1700
San Francisco, CA 94104-1520
T: 415.434.4484 // F: 415.434.4507

NICHOLAS J. FOX (SBN 279577)
nfox@foley.com
**FOLEY & LARDNER LLP**
11988 El Camino Real, Suite 400
San Diego, CA 92130
T: 858.847.6700 // F: 858.792.6773

ROBERT L. TEEL  (SBN 127081)
lawoffice@rlteel.com
**LAW OFFICE OF ROBERT L. TEEL**
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
T: 866.833.5529 // F: 855.609.6911

GEOFFREY M. RAUX (*pro hac vice*)
graux@foley.com
**FOLEY & LARDNER LLP**
111 Huntington Avenue
Boston, MA 02199-7610
T: 617.342.4000 // F: 617.342.4001

Attorneys for Plaintiffs SYLVESTER OWINO,
JONATHAN GOMEZ, and the Proposed Class(es)

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>CORECIVIC, INC.,<br><br>　　　　　　　　　Defendant.<br><br>CORECIVIC, INC.,<br><br>　　　　　　　Counter-Claimant,<br><br>　vs.<br><br>SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Counter-Defendants. | Case No. 3:17-CV-01112-JLS-NLS<br><br>**CLASS ACTION**<br><br>**JOINT STATUS REPORT**<br><br><br>Judge:  Hon. Janis L. Sammartino<br>Magistrate:  Hon. Nita L. Stormes |

Case No. 17-CV-01112-JLS-NLS

Pursuant to the Court's Order: (1) Denying Without Prejudice Plaintiffs' Motion For Partial Summary Judgment, (2) Denying Defendant's Motion For Judgment On The Pleadings, (3) Denying As Moot Plaintiffs' Motion To Exclude, and (4) Granting In Part And Denying In Part Plaintiffs' Motion For Class Certification (ECF No. 179) (the "Order"), Plaintiffs Sylvester Owino and Jonathan Gomez ("Plaintiffs") and Defendant CoreCivic, Inc. ("Defendant") submit this Joint Status Report regarding the status of this litigation and their anticipated next steps. This Joint Status Report follows the parties' telephonic meet and confer on April 13, 2020.

## I.  PLAINTIFFS' STATEMENT

### A.  Estimate For Completion Of Discovery And Trial Readiness

Plaintiffs intend to diligently prosecute their claims on behalf of the Certified Classes. This action has been pending since May 31, 2017, and Plaintiffs believe that this matter should be set for trial. Accounting for the impact of the COVID-19 public emergency, Plaintiffs estimate that all non-expert discovery will be complete by February 2021 and that this case will be ready for trial by June 1, 2021. Plaintiffs request that the Court set case management, discovery and trial deadlines as soon as practicable.

### B.  Discovery

With respect to discovery, Judge Stormes set a deadline of June 1, 2020 for the parties to submit a discovery dispute deadline concerning various discovery issues, including any remaining disputes regarding ESI custodians and search terms (ECF No. 131). Plaintiffs will continue to meet and confer with Defendant in an effort to reach agreement on all discovery issues subject to the June 1, 2020 deadline as expeditiously as possible.

In addition, Plaintiffs have informed Defendant that they are seeking detainee files and disciplinary records for the class members, among other categories of responsive and relevant documents. Plaintiffs' prior discovery requests encompassed these documents, but Defendant only produced a limited subset of responsive documents and agreed to determine the scope of future productions after the Court ruled on Plaintiffs' motion for

class certification. Given that the Court has certified California-specific classes and a national class, Plaintiffs seek a complete production of records from Defendant from all CoreCivic facilities for the entire class periods, including the following:

- All disciplinary records for the class members;
- All detainee files[1] for the class members; and
- All policies and procedures not previously produced.

Defendant agrees with the relevance of the categories of information sought. During the April 13, 2020 meet and confer call, Defendant also stated that it does not believe that discovery should ramp up until after the resolution of Defendant's anticipated motion for reconsideration and petition for interlocutory appeal (which is discussed further below). Plaintiffs disagree with this position and believe that Defendant should comply with its discovery obligations without delay, including the collection and production of responsive and relevant documents. Plaintiffs will meet and confer with Defendant in an attempt to arrive at a mutually agreeable deadline for the production of complete records, but believe that such a deadline should be within a matter of 2-3 months.

Plaintiffs will also meet and confer with Defendant to ensure that Defendant produces documents identifying all class members and their last known addresses and contact information. This includes the need for Defendant to update previously produced documents to identify all class members during the relevant class periods (which run through the present).

Plaintiffs will begin additional deposition discovery as soon as the current stay at home orders are lifted.

**C.     Plaintiffs' Counsel's Access To Detained Class Members**

Plaintiffs have informed Defendant of their intent to determine a procedure under which (1) class members that are currently detained at a CoreCivic facility are notified of

---

[1] Defendant's suggestion that they do not know what documents constitute a "detainee file" is belied by the testimony of Defendant's Rule 30(b)(6) witness, Jason Ellis (and other CoreCivic witnesses), who testified that Defendant maintains a "detainee file" for every ICE detainee detained at Defendant's facilities.

-2-                                    Case No. 17-CV-01112-JLS-NLS

1  their membership in the class(es), and (2) class counsel be granted access to currently
2  detained class members.  This is consistent with the guidance provided by the Court at the
3  December 19, 2019 hearing on the motions subject to the Order.  Plaintiffs will propose a
4  specific method for notification and access to class members that are presently detained to
5  Defendant.

### D. Plaintiffs' Motion For Partial Summary Judgment

Plaintiffs informed Defendant that they are considering filing a renewed Motion for Partial Summary Judgment, which was denied without prejudice in the Order.  Plaintiffs requested that Defendant identify the specific discovery that it believes is "essential to oppose summary judgment" so that the parties' can complete any "essential" discovery as efficiently as possible prior to Plaintiffs filing a renewed Motion.  Defendant was not in a position during the April 13, 2020 meet and confer discussion to identify such discovery and, to date, has not identified any "essential" discovery needed to oppose Plaintiffs' Motion for Partial Summary Judgment.

Plaintiffs also oppose Defendant's request for the Court to issue an order providing that the parties are limited to filing one dispositive motion after the close of fact discovery (which Defendant did not raise and the parties did not discuss on their meet and confer call).  Such an atypical limitation would be unwarranted here, particularly given that discrete legal issues exist that can be adjudicated at this time based on undisputed material facts concerning Defendant's operations.  As Plaintiffs explained to Defendant on the April 13, 2020 meet and confer call, an adjudication of the legal issue of whether certain ICE detainees were "employees" of Defendant under California law would significantly advance the resolution of this case and conserve both the parties' and Court's resources if the Court determines that there is no genuine dispute of material fact that would preclude the adjudication of a discrete legal issue.

### E. Defendant's Motion For Reconsideration And Petition For Interlocutory Appeal

Defendant informed Plaintiffs of its intent to file a motion for reconsideration of the

-3-                    Case No. 17-CV-01112-JLS-NLS

Order and to seek interlocutory appeal of the Order. Plaintiffs will oppose both and will also oppose any request for a stay by Defendant in conjunction with the same.

### F. Settlement And ADR

Plaintiffs inquired if Defendant is interested in participating in settlement discussions at this time. Defendant declined to participate in settlement discussions. Plaintiffs are amenable to participating in settlement discussions or any ADR-procedures ordered by the Court, including mediation and/or an Early Neutral Evaluation.

## II. DEFENDANT'S STATEMENT

### A. Relief From The Order Granting Class Certification

Defendant will be filing a Motion for Reconsideration challenging the Court's certification of the California Forced Labor Class, the National Forced Labor Class, and the California Labor Law Class on the same date this Joint Status Report is filed. Depending on the outcome of that Motion, Defendant intends to raise those and other issues in a Rule 23(f) Petition to the Ninth Circuit.

### B. Discovery And Related Deadlines

Because the Motion for Reconsideration and Rule 23(f) Petition, if granted, would substantially narrow the scope of necessary merits discovery, Defendant requests that such discovery be stayed pending their resolution. This will allow the parties and the Court (to the extent it must resolve discovery disputes) to avoid the unnecessary waste of time and resources, as the National Forced Labor Class includes over 1.1 million detainees, for whom Plaintiffs have requested complete "detainee files."[2] At a conservative estimate of 50 pages per file, production of just the "detainee files" (a term Plaintiffs have not defined, and which could therefore theoretically include much more than 50 pages per file), this

---

[2] During the April 13, 2020 telephonic meet and confer, counsel for Defendants acknowledged that certain disciplinary records and policies and procedures are relevant and that the parties would need to work out how to go about producing them. As noted here and in Defendant's response to Plaintiffs' Second Set of Requests for Production, Defendant does not concede the relevance of the complete "detainee files," and did not do so during the meet and confer.

-4-    Case No. 17-CV-01112-JLS-NLS

would require Defendant to produce nearly 57,000,000 pages of documents. Requiring Defendant to begin doing so while the class definitions at issue remain in flux would impose an unnecessary and disproportionate burden on Defendant in violation of Rule 26(b)(1). This is particularly true where, as here, Plaintiffs have not identified the documents they believe constitute the "detainee file," and have not provided any explanation as to the necessity of producing each and every file in its entirety or made any showing as to the importance of the files to resolving the issues in this matter or that the likely benefit of producing the files outweighs the burden and/or expense of doing so. For these reasons, as well as the current pandemic that limits both sides' ability to conduct discovery, the Court should stay any further discovery in this matter until the Motion for Reconsideration and Rule 23(f) Petition are resolved.[3, 4]

Plaintiffs' proposed timeline for merits discovery (once it begins) is untenable, and would be even without the current pandemic and its associated disruptions. As set forth above, production of just the detainee files would be impossible to complete by February 2021, even if the Motion for Reconsideration and Rule 23(f) Petition had already been resolved, given that the files must be gathered, reviewed, and produced from over 20 facilities spread across the country, many of which have likely been placed in off-site storage to the extent they still exist at all.[5] Plaintiffs' belief that the production could be completed in 2-3 months is unrealistic, especially given that the parties will need to engage in additional discovery beyond mere production of detainee files, including written discovery and depositions on both sides, which Plaintiffs acknowledge. Defendant

---

[3] This includes any discovery that is the subject of Judge Stormes's August 19, 2019 Order. (Doc. 131.)

[4] Defendant disputes Plaintiffs' characterization of its previous productions as "only … a limited subset of responsive documents," as Defendant has produced 103,855 pages of Bates-numbered images. Of those, Defendant has produced 412 native files such as detainee rosters and disciplinary logs, each with a single Bates number, but that, if printed, would yield an additional 321,507 pages of information. Nevertheless, Defendant acknowledges that much remains to be done with respect to discovery—on both sides.

[5] Defendant's standard records retention period is three years.

estimates the parties will need at least 12 months to complete merits discovery once it begins, and possibly as much as 18-24 months.[6]

Plaintiffs' belief that this matter will be ready for trial by June 1, 2021 ignores the reality and logistics of the claims they seek to bring to trial, which encompass more than 20 facilities nationwide and seek redress for alleged injuries that occurred as long as 14 years ago. It also fails to account for dispositive motion briefing, which both sides will undoubtedly want to engage in. Indeed, Plaintiffs have already stated they intend to re-file their Motion for Partial Summary Judgment ("MPSJ") on the issue of whether Defendant employs(ed) detainees who participate(d) in the Voluntary Work Program. Defendant requests that any Scheduling or Case Management Order the Court issues in this matter limit each side to one dispositive motion, to be filed after the completion of discovery. Although Plaintiffs note that Defendant was "not in a position during the April 13, 2020 meet and confer discussion to identify" the discovery it would need in order to respond to the MPSJ, Plaintiffs similarly were unable to articulate any reasons why the issues raised in that motion need to be resolved now, and cannot wait until discovery is complete.[7] Even now, Plaintiffs offer only vague generalities that early resolution of the MPSJ would advance the case and conserve resources, without explaining how. Resolution of whether Defendant employed Plaintiffs will not terminate the litigation, or even litigation regarding the claims asserted by the California Labor Law Class, as that is but one of many issues that must be resolved in order to fully resolve those claims, including the applicability of Defendant's affirmative defenses, including but not limited to derivative sovereign immunity and intergovernmental immunity.

C. **Settlement And ADR**

Plaintiffs correctly state that Defendant is not interested in participating in settlement

---

[6] In addition to discovery from Plaintiffs, Defendant will need to seek written discovery from and/or depositions of ICE personnel, which will require *Toughy* requests to ICE to get approval for ICE personnel to respond. In Defendant's experience, such requests can take up to six months to get a response.

[7] Clearly, the parties discussed the MPSJ during the April 13, 2020 telephonic meet and confer.

-6- Case No. 17-CV-01112-JLS-NLS

discussions at this time, such that there is no need to order mediation or any other alternative dispute resolution procedures. Nevertheless, should the Court do so, Defendant will participate in good faith.

DATED:  April 15, 2020

**FOLEY & LARDNER LLP**
Eileen R. Ridley
Geoffrey Raux
Nicholas J. Fox
Alan R. Ouellette


*/s/* Eileen R. Ridley
Eileen R. Ridley
Attorneys for Plaintiffs SYLVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)

**LAW OFFICE OF ROBERT L. TEEL**
Robert L. Teel
  lawoffice@rlteel.com
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
Telephone:  (866) 833-5529
Facsimile:  (855) 609-6911

Attorneys for Plaintiffs SYLVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)

DATED: April 15, 2020

**STRUCK LOVE BOJANOWSKI & ACEDO, PLC**
Daniel P. Struck
Rachel Love
Nicholas D. Acedo
Ashlee B. Hesman
Jacob B. Lee


*/s/* Jacob B. Lee
Jacob B. Lee

**LAW OFFICE OF ETHAN H. NELSON**
Ethan H. Nelson

Attorneys for DEFENDANT/COUNTER-CLAIMANT CORECIVIC, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 15, 2020, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

*/s/* Eileen R. Ridley
Eileen R. Ridley