UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO, JONATHAN GOMEZ, on behalf of themselves, and all other similarly situated,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CORECIVIC, INC., a Maryland corporation,<br><br>　　　　　　　　　　　Defendant. | Case No.: 3:17-cv-1112-JLS-NLS<br><br>**ORDER REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 4**<br><br>**[ECF No. 184]** |
| AND RELATED CROSS ACTION | |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute No. 4. ECF 184. After due consideration and for the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

**I.　　BACKGROUND**

This case presents a putative class action brought by plaintiff civil immigration detainees confined at Defendant's detention facilities under the custody of Immigration and Customs Enforcement. ECF No. 67. Plaintiffs allege that they were either underpaid

1

while performing work under the Voluntary Work Program, where they were paid in the "one dollar a day program," or were forced to perform unpaid work under threat of punishment. *See id.* at 15-17.

On April 1, 2020, the Court granted in part and denied in part Plaintiffs' motion for class certification. ECF No. 179. Specifically, the following classes were certified:

- The California Forced Labor Class, comprising of "[a]ll ICE detainees who (i) were detained at a CoreCivic facility located in California between January 1, 2006 and the present, (ii) cleaned areas of the facilities above and beyond the personal housekeeping tasks enumerated in ICE's Performance Based National Detention Standards 2011 (the "ICE PBNDS"), and (iii) performed such work under threat of discipline irrespective of whether the work was paid or unpaid" as to all claims;

- The National Forced Labor Class, comprising of "[a]ll ICE detainees who (i) were detained at a CoreCivic facility between December 23, 2008 and the present, (ii) cleaned areas of the facilities above and beyond the personal housekeeping tasks enumerated in the ICE PBNDS, and (iii) performed such work under threat of discipline irrespective of whether the work was paid or unpaid" as to all claims; and

- The California Labor Law Class, comprising of "[a]ll ICE detainees who (i) were detained at a CoreCivic facility located in California between May 31, 2013 and the present, and (ii) worked through CoreCivic's [VWP] during their period of detention in California" as to some claims.

*Id.* at 12, 59. Following the Court's order, Defendant CoreCivic filed a motion for reconsideration of the class certification order. ECF No. 181. In this motion, CoreCivic requests that the Court reconsider the certification of each of these classes. *Id.* This motion remains pending in front of the Court.

On June 1, 2020, the parties filed the present motion. ECF No. 184. On June 3, the Court held a status conference and discussed the subject matter of the motion. ECF No. 185. Following the conference, the Court ordered the parties to further meet and confer on these issues, to lodge a status report summarizing any remaining issues with the Court on July 8, 2020, and set a further status conference. ECF No. 186. On July 15, 2020, the Court held a further status conference. ECF No. 191. Consistent with the discussion at the status conference, the Court makes the following rulings.

## II.   DISCUSSION

The joint motion for determination of discovery dispute raises two issues. The Court addresses each of these in turn.

### A.   Detainee Files

The first dispute involves the detainee files that Plaintiffs have requested that CoreCivic produce. ECF No. 184 at 2-8. Plaintiffs propose a plan for producing a representative sampling of detainee files covering the various CoreCivic facilities that would equate to about 3% of detainee files for all class members. *Id.* at 2-3. Plaintiffs argue that this percentage is sufficient to produce a statistically representative sample and is a smaller percentage compared to those requested in other cases. *Id.* at 3. CoreCivic objects to the proposal, arguing that Plaintiffs have not shown that the 3% would be necessary or proportionate to the needs of the case, but has not proposed an alternative percentage that it believes should be used and has not proposed an alternate plan.

Thus, based on the discussion at the July 15 status conference, the Court adopts Plaintiff's proposed plan for sampling detainee files. The parties shall work together and agree on a software program to use for random sampling. The motion as to this issue is **GRANTED**.

//

//

### B. ESI Protocol

The second dispute involves the protocol for production of electronically stored information ("ESI") maintained by CoreCivic—specifically with respect to the search terms and custodians. ECF No. 184 at 8-20. Appendix 1 of the joint motion summarizes both the search terms and custodians that had been agreed to at the time of the filing of the motion and also the additional search terms and custodians that Plaintiffs would like to add to the ESI search. *See id.* at 34-40.

First, as to the custodians, in their July 8 status report, CoreCivic agreed to add three additional custodians: (1) Safety/Grievance Manager, (2) Disciplinary Hearing Officer, and (3) Vice President, Federal and Local Partnership Relations. Thus, CoreCivic should include these three custodians in its ESI search. Per the status report, CoreCivic also seeks to remove custodians with the job titles Director, Food Service and Senior Director, Food Service from Search 1. On this issue, the Court will hold CoreCivic to their prior agreement to include these custodians. The final remaining issue as to the custodians is that Plaintiffs seek to include several custodians in non-leadership positions. ECF No. 184 at 9. CoreCivic objects to this request, arguing that even though these personnel may have relevant knowledge, they are unlikely to have relevant documents in the form of ESI, and even if they did, it would likely be duplicative of documents of those in leadership positions. On this issue, the Court agrees with CoreCivic and will not require it to add any non-leadership custodians to the search list. Accordingly, the request as to custodians is **GRANTED IN PART** and **DENIED IN PART**. CoreCivic shall run its ESI search using only the agreed upon custodian list in Appendix 1 with no subtractions and only the additions of the three custodians: (1) Safety/Grievance Manager, (2) Disciplinary Hearing Officer, and (3) Vice President, Federal and Local Partnership Relations.

Second, as to the search terms, Plaintiffs seek to add several terms to both Search 1 and Search 2, as shown in Appendix 1. CoreCivic objects to the request, citing the

tremendous burden and because it believes the terms that Plaintiffs seek to add would largely hit on duplicative documents.  Also, as stated in the parties' July 8 status report, CoreCivic seeks to remove a few terms from Search 1, including "kitchen," "laundry," "laundr*," and "Food Service."  Similar with custodians, the Court will hold CoreCivic to the terms previously listed in Appendix 1.  As for the additional search terms, the Court generally agrees with CoreCivic that the additions sought by Plaintiffs are too many and cause significant burden to run the search and review the documents.  However, as discussed during the July 15 status conference, Plaintiffs did identity some areas that they believe not covered by the current terms.  Thus, the Court will permit Plaintiffs to add **five additional search terms** to each of Search 1 and Search 2, where the same five new terms will be added to both searches.  Otherwise, CoreCivic shall run the search as agreed to in Appendix 1, with no subtractions and no other additions.  Plaintiffs shall choose and submit the additional 5 terms to CoreCivic within **seven days of this order**.  Accordingly, the request as to search terms is **GRANTED IN PART** and **DENIED IN PART**.

Finally, the parties also dispute the relevant time period for ESI as to CoreCivic's facilities inside California.  Plaintiffs argue that the class for the California Forced Labor class is defined "between January 1, 2006 and the present" and thus, ESI discovery should start on January 1, 2006.  Defendant CoreCivic argues that the time period should actually start May 31, 2010 for the reasons as stated in its motion for reconsideration.  *See* ECF No. 181 at 19-20.  For this issue, the Court will decline making an official ruling until the District Judge makes a determination on the motion for reconsideration.  However, the Court expects the parties to continue engaging in discovery and producing documents.  The Court notes that, until and unless an order is issued on the motion for reconsideration, the current class certification order and the class definitions therein stand.  Thus, CoreCivic should proceed with discovery with this in mind and make an informed decision as to what documents it wants to produce now versus waiting for a

determination on the motion for reconsideration.

### III. CONCLUSION

For the foregoing reasons, the parties' Joint Motion for Determination of Discovery Dispute No. 4 is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs shall provide the additional search terms to CoreCivic within 7 days of this order and CoreCivic shall run the ESI search as enumerated in this order.

**IT IS SO ORDERED.**

Dated:  July 20, 2020

Hon. Nita L. Stormes
United States Magistrate Judge