UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO, JONATHAN GOMEZ, on behalf of themselves, and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CORECIVIC, INC., a Maryland corporation,<br><br>Defendant. | Case No.: 3:17-cv-1112-JLS-NLS<br><br>**ORDER ON PROPOSED CLASS NOTICES** |
| AND RELATED CROSS ACTION | |

On September 9, 2020, the Court held a status conference on Plaintiff's proposed class notices and class plan. ECF No. 197; *see* ECF Nos. 198, 199. As discussed during the conference, the Court hereby issues this order, ruling upon Defendant's objections to the class notices and finalizing the Long Form Class Notice and Short Form Class Notice.

To facilitate the discussion below, the classes are defined as follows:

1) **National Forced Labor Class**: All ICE detainees who (i) were detained at a CoreCivic facility between December 23, 2008 and the present, (ii) cleaned areas of the facilities above and beyond the personal housekeeping tasks enumerated

1

  in the ICE Performance-Based National Detention Standards ("PBNDS"), and (iii) performed such work under threat of discipline irrespective of whether the work was paid or unpaid;

2) **California Forced Labor Class**: All ICE detainees who (i) were detained at a CoreCivic facility located in California between January 1, 2006 and the present, (ii) cleaned areas of the facilities above and beyond the personal housekeeping tasks enumerated in the ICE PBNDS, and (iii) performed such work under threat of discipline irrespective of whether the work was paid or unpaid; and

3) **California Labor Law Class**: All ICE detainees who (i) were detained at a CoreCivic facility located in California between May 31, 2013 and the present, and (ii) worked through CoreCivic's Voluntary Work Program ("VWP") during their period of detention in California.

*See* ECF Nos. 179 at 59; 84-1 at 18-19.

**General Objections to Class Notices**

Defendant makes the following general objections to the class notices:

1. Defendant objects that the notices define the classes beyond what the Court certified. ECF No. 199 at 2. Specifically, Defendant argues that the National and California Forced Labor Class definitions are too broad and should be limited to those forced to clean in common living areas. Defendant also argues that the California Forced Labor Class period should begin on May 31, 2010. The Court understands that these two issues have been raised to the Court in Defendant's pending Motion for Reconsideration of the class certification. *See* ECF No. 181. However, until there is any modification made to the class certification order, the Court finds that these limitations are not part of the current class definitions. These two objections are **overruled**, subject to renewal if the Motion for Reconsideration is granted and the class definitions modified.

2. Defendant objects that the three classes are not treated as distinct in the notices. ECF No. 199 at 2-3. The Court **sustains** this objection and modifies the class notices to identify and name the three distinct classes.

3. Defendant objects that the notices do not inform class members about

Defendant's counterclaims. ECF No. 199 at 3. The Court **sustains in part** this objection and modifies the class notices to include mention of the offset for the California Labor Law Class.

4. Defendant objects to the mentions throughout the class notices that class members will not be retaliated against as prejudicial. ECF No. 199 at 3. The Court **sustains in part** this objection and modifies the class notices to mention retaliation only once in each notice.

5. Defendant objects to the mentions throughout the class notices of the possibility of settlement. ECF No. 199 at 3. The Court generally agrees that settlement should be mentioned but not excessively. Thus, the Court **sustains in part** this objection and will rule on the individual references to settlement below.

6. Defendant objects that the notices fail to inform class members of three other pending class action lawsuits. ECF No. 199 at 3. The Court **overrules** this objection.

7. Defendant objects to the short form summary notice as too cursory. ECF No. 199 at 3-4. The Court **overrules** this objection.

8. Defendant objects that Plaintiffs have not provided either form in Spanish. ECF No. 199 at 4. The Court agrees that Plaintiff should provide certified translations of the class notices in Spanish, using a court certified interpreter. Plaintiffs shall provide these translations and file them **within 21 days** of this order.

**Specific Objections to Long Form Class Notice**

Defendant makes the following specific objections to the Long Form Class Notice:

Summary page: Defendant objects to the scope of the class definitions and class period for the California Forced Labor Class. ECF No. 199 at 4. These **objections** are overruled, consistent with above. Defendant also objects to references to retaliation and settlement. These objections are **overruled as to this instance**, as this is the first mention of either in this long form notice. Defendant also objects to the statement that class member

information is confidential because the notice does not qualify the statement with discovery requirements.  The Court **sustains** this objection and modifies the class notice summary to clarify that information about class members will be confidential subject to what is permitted under the Federal Rules of Civil Procedure and by court order.

Index:  Defendant objects to the order of certain questions. ECF No. 199 at 4.  These objections are **overruled**.

Question 1:  Defendant objects to mentions of confidential and retaliation in this question.  ECF No. 199 at 4.  These objections are **sustained** and such references are removed.

Question 2:  Defendant objects that the scope of the class is too broad.  ECF No. 199 at 4-5.  Consistent with above, this objection is **overruled**.  Defendant also objects that this question fails to mention CoreCivic's counterclaims.  These objections is **overruled as to this instance**.  The Court finds that the more appropriate place to mention this is in Question 5.

Question 5:  Defendant objects to the scope of the class definition as to the forced labor classes.  ECF No. 199 at 5.  Consistent with above, this objection is **overruled**.  Defendant also objects to this question not mentioning its counterclaims.  Consistent with above, the Court **sustains in part** this objection and modifies this question to include mention of the offset for the California Labor Law Class.

Question 6:  Defendant objects that this question does not include reference to its counterclaim.  ECF No. 199 at 5.  The Court **sustains** this objection and modifies this question to include mention of Defendant's counterclaim.

Question 8:  Defendant objects to the scope of the class and the class period of the California Forced Labor Class.  ECF No. 199 at 5.  Consistent with above, this objection is **overruled**.

Question 9:  Defendant objects to this question as not accurately defining who is not

included in the lawsuit. ECF No. 199 at 5. The Court **sustains** this objection and modifies this question to more directly and accurate reflect who is not included in this lawsuit.

Question 12: Defendant objects to this question because it does not mention its counterclaim. ECF No. 199 at 5. The Court **sustains** this objection and modifies this question to mention the offset for the California Labor Law class. Defendant also objects to the mention of retaliation in this question. The Court **sustains** this objection and removes the reference. The Court also **modifies** this question to add that class members will not have to pay Defendant money regardless of the outcome of the case.

Question 13: Defendant argues acceptance of the Exclusion Request Form should be based on the date it was postmarked and that the opt-out period should be 120 days rather than 60. ECF No. 199 at 6. The Court **sustains in part** this objection and modifies this question to use the postmark date and the opt-out period to be 90 days.

Question 14: Defendant objects to mention of settlement in this question. The Court **sustains in part** this objection and modifies the question to replace the word settlement with resolution.[1]

Question 15: Defendant objects to this question which deals with retaliation. ECF No. 199 at 6. The Court **sustains** this objection and removes this question.

The form and content of the Long Form Notice to be mailed to the class members shall be substantially in the form attached as **Attachment A** to this Order.

**Specific Objections to Short Form Class Notice**

Defendant's objections to the short notice form primarily focus on the issues

---

[1] The Court notes that settlement is also mentioned in Questions 12 and 13. Defendant did not specifically object to those instances so the Court will not remove them. Furthermore, each reference to settlement in those questions relate to what a class member is bound by if they remain in the class and because they would be part of and bound by a settlement, the Court finds references to settlement to be appropriate for those questions.

5

discussed above as to the scope of the Forced Labor Classes and the class period for the California Forced Labor Class. Consistent with above, these objections are **overruled**.

The form and content of the Short Form Notice to be published in print and digitally shall be substantially in the form attached as **Attachment B** to this Order.

**Objections to Class Notice Plan**

Defendant's primary objection to the Class Notice Plan is that Plaintiffs have not provided the actual content of the notices that will be published in various formats (including television, radio, social media, online advertising, and website). ECF No. 199 at 6. The Court agrees that Plaintiff must provide the actual content of these notices so that they may be evaluated by Defendant and the Court. Accordingly, within **21 days of this order**, Plaintiff must provide the proposed content for the class notices that will be distributed in each media format contemplated in the Class Notice Plan in English to the Court and Defendant. **Within 7 days** of Plaintiff providing the content, Defendant shall file their objections. The Court will then take the matter under submission.

Defendant objects to the internet search terms that will be utilized to display ads on Google search result pages as too broad. Plaintiffs only provided some "representative key terms" in its submission, not a finalized list of search terms. Thus, along with the proposed content for the internet ads that must be provided within 21 days, Plaintiffs must also provide the proposed finalized list of search terms that will trigger the internet ads **within 21 days of this order**. Defendant shall include any objections to the search terms in their filing **within 7 days** of Plaintiffs' submission.

Defendant also objects that Plaintiffs' direct mail plan only proposes a query of the United States Postal Service database as to any changes of address but does not propose anything for foreign addresses for class members. ECF No. 199 at 7. The Court **overrules** this objection.

Because of the above supplemental requirements, the Court defers ruling on

Plaintiffs' Class Notice Plan until those supplements are made.

**IT IS SO ORDERED.**

Dated: September 15, 2020

Hon. Nita L. Stormes
United States Magistrate Judge

# ATTACHMENT A

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

# If you were detained at a CoreCivic, Inc. facility (formerly Corrections Corporation of America) in the United States, a lawsuit may affect your rights

*A court authorized this notice. This is not a solicitation from a lawyer.*

**YOUR INFORMATION WILL BE KEPT CONFIDENTIAL EXCEPT AS ALLOWED UNDER THE FEDERAL RULES OF CIVIL PROCEDURE OR BY COURT ORDER**
**NO ONE WILL RETALIATE AGAINST YOU FOR PARTICIPATING IN THIS LAWSUIT**

- There is a class action lawsuit in the United States District Court for the Southern District of California that alleges that CoreCivic, Inc. (formerly called Corrections Corporation of America):

  (1) Forced detainees to clean areas of the facility outside of their personal living area under threat of punishment, and

  (2) Did not pay minimum wage, did not provide wage statements, did not pay earned compensation upon termination, and imposed unlawful terms and conditions of employment to detainees who were detained in a California facility and who participated in the Voluntary Work Program.

- CoreCivic denies the allegations in the lawsuit and denies that it did anything wrong.

- You are included in the lawsuit if you fall into any of these categories:

  (1) **National Forced Labor Class**: You were detained at any CoreCivic facility in the United States any time between December 23, 2008 and the present and were coerced or forced to clean areas of the facility outside of your personal living area under threat of punishment.

  (2) **California Forced Labor Class**: You were detained at any CoreCivic facility in California any time between January 1, 2006 and the present and were coerced or forced to clean areas of the facility outside of your personal living area under threat of punishment.

  (3) **California Labor Law Class**: You were detained at any CoreCivic facility in California any time between May 31, 2013 and the present and participated in the Voluntary Work Program.

- The lawsuit has not been decided yet. If the lawsuit is decided in favor of detainees, or there is a settlement, you may be eligible to receive money. See *Question 6* for more detail.

**Your legal rights may be affected, and you have a choice to make now.**
**Read this Notice carefully.**

1

| YOUR LEGAL RIGHTS & OPTIONS IN THIS LAWSUIT ||
|---|---|
| **DO NOTHING** | Stay in this lawsuit.  Bound by the outcome.  Give up your right to sue on your own behalf. |
| **ASK TO BE EXCLUDED** | Get out of the lawsuit. Not bound by the outcome.  Keep your right to sue on your own behalf.<br><br>You must submit the attached Exclusion Request Form by **Month 00, 2020.** |

**WHAT IS IN THIS NOTICE**

**INFORMATION ABOUT THE LAWSUIT** ................................................................................ Page 3

1. Why are you receiving this Notice?
2. What is the lawsuit about?
3. Why is this a class action lawsuit?
4. What are the Plaintiffs asking for?
5. What does the Defendant say about this lawsuit?
6. Has the Court decided who is right?
7. Is there any money available now?

**WHO IS INCLUDED IN THE LAWSUIT** ................................................................................ Page 4

8. Who is included in this lawsuit?
9. Who is not included in the lawsuit?
10. Do I need a lawyer?
11. How do I participate in the lawsuit?
12. What happens if I am a Class Member in the lawsuit?

**EXCLUDE YOURSELF FROM THE LAWSUIT** ..................................................................... Page 6

13. Can I get out, or exclude myself from the lawsuit?
14. What happens if I exclude myself from the class action?
15. Can anyone retaliate against me for participating or excluding myself?

**ADDITIONAL INFORMATION** ............................................................................................. Page 6

16. How can I get more information?

**EXCLUSION REQUEST FORM** ........................................................................................... Page 8

2

|  **INFORMATION ABOUT THE LAWSUIT**  |
|---|

**1.      Why are you receiving this Notice?**
You are receiving this notice because records indicate that you were detained in the custody of the U.S. Immigration and Customs Enforcement ("ICE") at a facility operated by CoreCivic, Inc. ("CoreCivic"). CoreCivic was formerly known as Corrections Corporation of America.

Similarly situated detainees have filed a class action lawsuit against CoreCivic, and that lawsuit affects your right to sue and any recovery that you may be entitled to receive.

**2.      What is this lawsuit about?**
A lawsuit against CoreCivic has been certified as a class action in the U.S. District Court for the Southern District of California. The lawsuit is known as *Owino, et al. v. CoreCivic, Inc.*, No. 3:17-cv-1112-JLS-NLS.

This lawsuit alleges that CoreCivic violated the Federal Trafficking Victims Protection Act ("TVPA") by coercing and forcing detainees to clean the facilities above and beyond personal housekeeping tasks listed in ICE's Performance Based National Detention Standards under threat of punishment. Areas that detainees were coerced and forced to clean include common living and recreational areas, bathrooms, showers, the cafeteria, offices, and the kitchen, regardless of whether detainees were paid for their work.

For detainees in California, the lawsuit alleges that CoreCivic violated the California Trafficking Victims Protection Act ("CATVPA"), in addition to the TVPA.

For participants in the Voluntary Work Program in California, the lawsuit also alleges that CoreCivic violated California law by not paying detainees the minimum wage required under California law, by not providing wage statements, by not paying wages upon termination, and by imposing unlawful conditions of employment.

**3.      What is a class action lawsuit?**
In a class action lawsuit, one or more people called "Class Representatives" (in this case Sylvester Owino and/or Jonathan Gomez) sue on behalf of other people (you) who have similar claims. The people together are a "Class" or "Class Members." The people who sued—and all the Class Members like them—are called the Plaintiffs. The company they sued (in this case CoreCivic) is called the Defendant. One court resolves the claims for all Class Members.

**4.      What are the Plaintiffs asking for?**
The Plaintiffs are asking for money damages and restitution allowed under California and Federal law, as well as attorney's fees and costs incurred in connection with the lawsuit.

3

**5.     What does the Defendant say about this lawsuit?**

CoreCivic denies that it did anything wrong, and contends that it did not coerce or force detainees to clean areas of the facility outside of their personal living area under threat of punishment and did not violate Federal or California law.

CoreCivic also denies that it violated California law with respect to participants in the Voluntary Work Program in its California facilities and seeks an offset of any owed wages or damages by the amount it cost to house detainees and operate the Voluntary Work Program.

**6.     Has the Court decided who is right?**

No. By establishing the Class and issuing this Notice, the Court is not suggesting that the Plaintiffs will win or lose this case. The Plaintiffs must prove their claims at a trial and CoreCivic must prove its counterclaim at trial.

**7.     Is there any money available now?**

No. There is no guarantee that money or benefits ever will be awarded. If any money or benefits are awarded, you will be notified about next steps.

| **WHO IS INCLUDED IN THE LAWSUIT** |
|---|

**8.     Who is included in this lawsuit?**

You are included in this lawsuit IF you were a detainee in the custody of ICE and fall into one of these 3 categories:

(1) You were detained at any CoreCivic facility in the United States any time between December 23, 2008 and the present, AND you were forced or coerced to clean areas of the facility outside of your personal living area under threat of punishment.  You are included even if you got paid for this work.

(2) You were detained at the one of these CoreCivic facilities in California:

      1. Otay Mesa Detention Center in Otay Mesa, California
      2. San Diego Correctional Facility in Otay Mesa, California
      3. California City Correctional Facility in California City, California

Any time between January 1, 2006 and the present, AND you were forced or coerced to clean areas of the facility outside of your personal living area under threat of punishment. You are included even if you got paid for this work.

(3) You were detained at any CoreCivic facility in California listed above any time between May 31, 2013 and the present, AND you participated in the Voluntary Work Program.

4

9. **Who is not included in the lawsuit?**

If you were NOT detained at a CoreCivic facility in the United States during the time periods in *Question 8* above, you are NOT included in this lawsuit.

If you did NOT clean areas of the facility outside of your personal living area under threat of punishment, you are NOT a member of the National Forced Labor Class or California Forced Labor Class.

If you were NOT a participant in the Voluntary Work Program in California, you are NOT a member of the California Labor Law Class.

If you are not a member of ANY class, you are NOT included in this lawsuit.

10. **Do I have a lawyer representing me?**

Yes. The Court has approved Sylvester Owino and Jonathan Gomez to serve as the Class Representatives. The Court also decided that the law firms Foley & Lardner LLP, and the Law Office of Robert L. Teel, are qualified to represent all Class Members. Together the law firms are called "Class Counsel." They are experienced in handling similar cases. You will not be responsible to pay for costs or fees for Class Counsel.

More information about these law firms, their practices, and their lawyers' experience is available at https://www.foley.com and https://universaljustice.org.

You may also enter an appearance through your own attorney, but at your own expense.

11. **How do I participate in the lawsuit?**

If you would like to be a Class Member in this class action lawsuit, you do not need to do anything. Doing nothing means you will automatically be part of the Class. The Class Representatives and Class Counsel will represent your interests in the lawsuit. If any decisions are made or money or benefits awarded, you will be notified on what you need to do next.

12. **What happens if I am a Class Member in the lawsuit?**

As a Class Member in this class action, you will have to follow and comply with any court decision in the case, whether favorable or unfavorable. You will be bound by any settlement or judgment entered in this lawsuit, including any damages award. Any damages award may be reduced to pay the costs and fees of Class Counsel, and if you are a member of the California Labor Law class, any offset if CoreCivic prevails on its counterclaim. Regardless of the outcome of the case, you will not have to pay money to CoreCivic by electing to be a class member in this case.

If you elect to remain as a Class Member, you will also lose any right to pursue similar claims for this time period on your own behalf, and you will not be able to file another lawsuit raising similar claims.

5

|**EXCLUDE YOURSELF FROM THE LAWSUIT**|
|---|

**13.     Can I exclude myself from the Lawsuit?**
Yes. If you do not want to be included in this lawsuit, you can ask to be excluded. If you exclude yourself, you will not be part of any settlement or judgment in the lawsuit. You will retain your right to pursue similar claims for this time period on your own behalf.

To exclude yourself, you must submit an Exclusion Request Form, which is attached at the end of this notice. Your Exclusion Request Form must be postmarked no later than [**90 days from the date of postmark**].

The Exclusion Request Form is attached at the end of this Notice.  It is also available at **www.websiteURL.com**. You can also prepare your own exclusion request, but your request must be in writing.

Your Exclusion Request Form must be sent to the Notice Administrator by:
(1)  Mail:
  **CoreCivic Litigation**
  PO Box 0000
  City, ST 00000
(2)  Email: [insert email]
(3)  Fax: 000-000-0000

Exclusion requests must be postmarked no later than **Month 00, 2020**.

**14.     What happens if I exclude myself from the class action?**
If you exclude yourself from the lawsuit, you will not be bound by any decision, judgment or settlement in the case and will not receive any owed wages or damages in this lawsuit if Plaintiffs prove their claims. You also keep your rights to sue CoreCivic on your own.

|**ADDITIONAL INFORMATION**|
|---|

**15.     How can I get more information?**
You can get more information about the class action lawsuit on the website at **www.websiteURL.com**. Important information about the lawsuit including the Court's Order Certifying the Class, the Complaint that the Plaintiffs submitted, the Defendant's Answer to the Complaint and Counterclaims, as well as an Exclusion Request Form are all available on the website

You may also speak to one of the lawyers by calling **[telephone]**.

You can also write to: Owino v. CoreCivic, Inc. Class Action, **[address]**.

6

You may also contact the Notice Administrator at: <mark>[insert website and email and phone number]</mark>

You may also seek the advice of your own attorney if you desire.

**DO NOT CONTACT THE COURT FOR INFORMATION**

# EXCLUSION REQUEST FORM

Please carefully read the attached Notice of Class Action before filling out this form.

**DO NOT FILL OUT THE FORM IF YOU WANT TO REMAIN PART OF THE CASE**

If you want to **exclude** yourself from the Class, please sign and date this form and send it to Class Counsel on or before **[90 days from the date of mailing]**.

Your Exclusion Request Form must be sent to the Notice Administrator by mail, email, fax, or other delivery method on or before [**90 days from the date of mailing**], to:

> Mail:
> **CoreCivic Litigation**
> PO Box 0000
> City, ST 00000
>
> Email: [insert email]
>
> Fax: 000-000-0000

I want to be **excluded** from the class that has been certified in the case of *Owino, et al. v. CoreCivic, Inc., No. 3:17-cv-1112-JLS-NLS*, U.S. District Court for the Southern District of California.

**PRINT NAME:** _____

**SIGNATURE:** _____

**ADDRESS:** _____

_____

_____

**PHONE:** _____

**EMAIL:** _____

**DATED:** _____

8

# ATTACHMENT B

# Were you detained at a CoreCivic, Inc. facility in the United States?

*A class action lawsuit may affect your rights.*

**What is this lawsuit about?**
This lawsuit alleges that CoreCivic, Inc. ("CoreCivic"), formerly called Corrections Corporation of America, (1) coerced and forced detainees in its facilities to clean areas of the facilities outside of their personal living area under threat of punishment, and (2) did not pay minimum wage, did not provide wage statements, did not pay earned compensation upon termination, and imposed unlawful terms and conditions of employment to detainees who were detained in a California facility and who participated in the Voluntary Work Program.  Corecivic denies these allegations and has asserted affirmative counterclaims.

**Who is included?**
You are included in this lawsuit if you were detained at a CoreCivic facility while in the custody of the U.S. Immigration and Customs Enforcement ("ICE") and fall into any of these 3 categories:

(1) You were detained at any CoreCivic facility in the United States any time between December 23, 2008 and the present, **AND** you cleaned areas of the facility outside of your personal living area under threat of punishment.  You are included even if you got paid for this work.

(2) You were detained at one of these CoreCivic facilities in California: Otay Mesa Detention Center in Otay Mesa, CA, the San Diego Correctional Facility in Otay Mesa, CA, or the California City Correctional Facility in California City, CA any time between January 1, 2006 and the present, **AND** you cleaned areas of the facility outside of your personal living area under threat of punishment.  You are included even if you got paid for this work.

(3) You were detained at any CoreCivic facility in California listed above any time between May 31, 2013 and the present, **AND** you participated in the Voluntary Work Program.

You are not included in this lawsuit if you do not fall into any of the 3 categories listed above.


**What are your Options?**
You have choices to make now.

(1) <u>**Do nothing**</u>. If you do nothing, you will automatically be included in the lawsuit and you give up your right to sue about the claims in this lawsuit. If you stay in the lawsuit, you can hire your own attorney at your expense, but you don't have to.  Your participation in this lawsuit will be kept confidential except as allowed under the Federal Rules of Civil Procedure or by court order and no one can retaliate against you for your participation. You will be part of any settlement or judgment in the lawsuit.

(2) **Ask to be excluded**. If you **do not** want to be included in this lawsuit, you must submit an Exclusion Request Form by **Month 00, 2020**. You can get an Exclusion Request Form online at **[www.insertwebsite.com]**, by calling **000-000-0000**, or writing to the administrator. If you get out of the lawsuit, you will not be part of any settlement or judgment in the lawsuit.  You keep your right to sue on your own behalf and are not bound by the outcome of the lawsuit.

**This is only a summary.**  For more information visit **[www.insertwebsite.com]**, call **000-000-0000** or write to CoreCivic Litigation**, Address, City, ST 00000**.