UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO, JONATHAN GOMEZ, on behalf of themselves, and all other similarly situated,<br><br>                                    Plaintiff,<br><br>v.<br><br>CORECIVIC, INC., a Maryland corporation,<br><br>                                    Defendant. | Case No.: 3:17-cv-1112-JLS-NLS<br><br>**ORDER ON PROPOSED CLASS NOTICE PLAN** |
| AND RELATED CROSS ACTION | |

The Court previously issued an Order on Proposed Class Notices. ECF No. 200. As part of that order, the Court ordered Plaintiffs to supplement their class notice plan disclosures. *Id.* at 6-7. Pursuant to this order, Plaintiffs filed their Notice of Proposed Content for Class Notices (ECF No. 201), and Defendant filed its objections (ECF No. 202). The Court now rules on the objections as set forth below in this order.

**General Objections to Class Notices**

Defendant makes the following general objections to the Class Notice Plan:

1.   Defendant objects that the description of its counterclaims in the class notices do not mention its counterclaim for declaratory relief. This objection is

1

**overruled**.

2. Defendant objects that Plaintiffs have not provided the audio and video that will be used for various notices. As discussed more below in Specific Objections, this objection is **sustained**.

3. Defendant objects that Plaintiffs have not provided sufficient samples and mockups of their various advertisements and websites. As discussed more below in Specific Objections, this objection is **sustained**.

4. Defendant objects again to the definition of the Forced Labor Class and the scope of the class. The Court has already previously ruled that until there is any modification made to the class certification order, these objections are **overruled**, subject to renewal if the Motion for Reconsideration is granted and class definition modified.

**Specific Objections to Class Notice Plan**

Defendant makes the following specific objections to Class Notice Plan:

Exhibit 3: Defendant objects that Plaintiffs have only provided the text of the informational website, but have not provided the URL and any images, videos, or audio for the website. Without that information, Defendant argues that it cannot determine whether such content would be unduly prejudicial. The Court **sustains** this objection. Plaintiffs must provide the website, along with the URL and any non-text content such as images, video, or audio.

Exhibit 4: Defendant objects to the FAQ section as unnecessary and duplicative, except for questions 1 and 7. Defendant objects to question 7 because it does not mention its counterclaim, and to both questions 1 and 7 because translations have not been provided. Defendant also objects that the FAQ references "Court Documents" but does not include its Motion for Reconsideration. The Court **overrules** these objections except as to the translation objection, which is **sustained**. Plaintiff must provide a certified Spanish translation of questions 1 and 7.

Exhibit 5: Defendant objects to the Interactive Voice Response Script for the informational telephone line because the structure permits a caller to skip to each section.

2

This, Defendant argues, runs the risk of having the caller not listen to the entirety of the message. Defendant argues that the script should play in its entirety, with an option for the caller to replay each section if needed. The Court **sustains in part** this objection. The current script only gives two options at the end of each section: "You may stay on the line to hear this option again or press '*' to return to the main menu." *See* ECF No. 201-5. Plaintiffs must add a third option to the end of each section so that the caller also has the option to stay on the line, something to the effect of "You may stay on the line to continue to the next option, press '#' to hear this option again, or press '*' to return to the main menu."

  Defendant also objects to the script because no translation has been provided in Spanish or any other language it might be played. The Court **sustains** this objection. Plaintiffs must provide a certified Spanish translation of this script, as well as translations in any other language it may be played.

  Defendant additionally objects that the Plaintiffs have not provided the background audio that may be played with the script. The Court **sustains** this objection. If Plaintiffs do plan for audio to be played along with the script, it needs to be provided. If not, Plaintiffs must state so.

  <u>Exhibit 6</u>: Defendant object to the Press Release because the final paragraph "What is this Lawsuit about" does not inform readers about its counterclaim. The Court **sustains** this objection. To be consistent with the Class Notices, Plaintiff shall replace the last two sentences of this section with the following: "CoreCivic denies that it did anything wrong, and for the Voluntary Work Program claim, seeks an offset of any owed wages or damages by the amount it cost to house detainees and operate the program. The Court has not decided who is right."

  Defendant also objects to the press release because no translation has been provided in Spanish or any other language it might be played (such as an Indian translation if it will be on PR Newswire's India newsline). The Court **sustains** this objection. Plaintiffs must provide a Spanish translation of this script, as well as

translations in any other language it may be published.

Exhibits 7 and 8: Defendant objects to each of the scripts for various forums for television, radio, and online ads (Exhibit 7) and the banner ads (Exhibit 8). Because many objections are common across the various forums, the Court will rule on the objection, and note which forum/advertisement it applies to.

- Defendant objects that the scripts fail to state that the lawsuit is limited to Ice/Immigration Detainees as opposed to those detained in CoreCivic facilities for other purposes. The Court **sustains** this objection. Each ad must make clear that you had to be detained at a CoreCivic facility "by ICE/Immigration." This applies to the TV/Radio 30 second audio, display banner ad, Google Ads 1 (border), and Exhibit 8 banner ads.
- Defendant objects that references to the "California Voluntary Work Program" are inaccurate because the program is just the "Voluntary Work Program." The Court **sustains** this objection. Plaintiff must change all references to this program to be the "Voluntary Work Program." This applies to the display banner ad, Facebook ad, Google Ads 1 (border), Google Ads 2 (ICE), Google Ads 3 (Legal), and Exhibit 8 banner ads.
- Defendant objects to the language in the ads that states a viewer's rights "are affected" because they may not actually fit the criteria to be class members. The Court **sustains** this objection. Plaintiffs must change this to state that viewer's rights "may be affected." This applies to the display banner ad, Google Ads 1 (border), Google Ads 2 (ICE), and Exhibit 8 banner ads.
- Defendant objects that background video, audio, and/or images that accompany the ads have not been provided, and thus, cannot be judged for unduly prejudicial content. The Court **sustains** this objection. Plaintiffs must provide any video, audio, and/or images that it may use with these ads. This applies to the TV/Radio 30 second audio.
- Defendant objects that mockups of ads have not been provided and thus,

cannot be judged for unduly prejudicial content. The Court **sustains** this objection. Plaintiffs must provide full and complete mockups of ads that will be display on Facebook, Instagram, Google Ads 1 (border), Google Ads 2 (ICE), Google Ads 3 (Legal), and Exhibit 8 banner ads.

- Defendant objects that translations into Spanish or any other language in which an ad may be displayed have not been provided. The Court **sustains** this objection. Plaintiff must provide appropriate translations for ads in any language they may be displayed. This applies to the Facebook ad, Google Ads 1 (border), Google Ads 2 (ICE), Google Ads 3 (Legal), and Exhibit 8 banner ads.

- For the Google ads 1 (border), Defendant objects that the language "after crossing the border" may confuse or mislead viewers. The Court **overrules** this objection.

- For the Exhibit 8 banner ads, Defendant objects to the images shown. The Court **sustains** the objection as to the top banner ad (showing the younger male), but **overrules** the objection to the bottom banner ad (showing the elder male). Plaintiffs may substitute another image but must select individuals that have neutral expressions. If Plaintiffs intend to substitute the image in the first banner ad, the new ad must be provided to Defendant.

<u>Exhibit 9</u>: Defendant objects to the online search terms that Plaintiffs have provided as not sufficiently targeted and too broad in some instances. While there are many search terms listed, the point of class notice is to reach as many potential class members as possible so they can make an educated decision as to whether they want to participate in the lawsuit and visitors to the websites seeing the ad can judge themselves whether they fit the various criteria to be a class member. Thus, the Court **overrules** these objections.

Defendant also objects because translations of the search terms into Spanish or any other language in which an ad may run have not been provided. The Court **sustains** this

objection. Plaintiffs must provide the translations.

### Conclusion

Plaintiffs must make any additional content as ordered above within **21 days of this order**. **Within 7 days** of Plaintiff providing the additional content, Defendant shall file their objections. The Court will then take the matter under submission and issue an order on any remaining objections.

**IT IS SO ORDERED.**

Dated:  October 28, 2020

Hon. Nita L. Stormes
United States Magistrate Judge