UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>                               Plaintiffs,<br>v.<br>CORECIVIC, INC., a Maryland corporation,<br><br>                               Defendant.<br>CORECIVIC, INC.,<br><br>                               Counter-Claimant,<br>v.<br>SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>                               Counter-Defendants. | Case No.: 17-CV-1112 JLS (NLS)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>(ECF No. 181) |

Presently before the Court is Defendant and Counter-Claimant CoreCivic, Inc.'s ("Defendant") Motion for Reconsideration ("Mot.," ECF No. 181), as well as the Declaration of Nicholas D. Acedo in support thereof ("Acedo Decl.," ECF No. 182),

Plaintiffs and Counter-Defendants Sylvester Owino and Jonathan Gomez's (collectively, "Plaintiffs") opposition thereto ("Opp'n," ECF No. 188), and Defendant's Reply in support thereof ("Reply," ECF No. 190). The Court vacated the hearing on the Motion and took it under submission pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 189. Having carefully considered the Parties' arguments, the evidence, and the law, the Court **DENIES** Defendant's Motion.

## BACKGROUND

The Court incorporates by reference the factual background as detailed in the Court's April 1, 2020 Order, *see* ECF No. 179 (the "Order") at 2–4.

On April 1, 2020, the Court issued the 59-page Order, denying without prejudice Plaintiffs' motion for partial summary judgment, denying Defendant's motion for judgment on the pleadings, denying as moot Plaintiffs' motion to exclude, and granting in part and denying in part Plaintiffs' motion for class certification. *See generally* Order. The Court certified Plaintiffs' proposed California and National Forced Labor Classes in their entirety and Plaintiffs' proposed California Labor Law Class as to the causes of action for failure to pay minimum wage, failure to provide wage statements for actual damages, failure to pay compensation upon termination, and imposition of unlawful conditions of employment. *See id.* at 59.

On April 15, 2020, Defendant filed the present Motion, seeking reconsideration of several portions of the Order.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." CivLR 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.*

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)) (emphasis in original). "Clear error or manifest injustice occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Young v. Wolfe,* CV 07-03190 RSWL-AJWx, 2017 WL 2798497, at *5 (C.D. Cal. June 27, 2017) (quoting *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## ANALYSIS

Defendant contends that the Order "overlooked or misapprehended several arguments and facts, resulting in clear error." Mot. at 1. Broadly, Defendant asserts: (1) the Court misapprehended Defendant's challenge to the Court's personal jurisdiction over the National Forced Labor Class, *see id.* at 2–7; (2) the Court impermissibly reversed the Parties' burdens in concluding that there was "significant proof" of a class-wide policy of forced labor, *see id.* at 7–19; (3) the class period for the California Forced Labor Class must be narrowed to reflect the appropriate statute of limitations, *see id.* at 19–20; and (4) the Court "overlooked Plaintiffs' failure to analyze commonality and predominance" for

///
///

the California Labor Law Class claims, *see id.* at 20–25. The Court will address each of these arguments, and any sub-arguments, in turn.[1]

## I.   Personal Jurisdiction over the National Forced Labor Class

First, Defendant asserts that the Court misapprehended its argument regarding personal jurisdiction, "which is that a personal jurisdiction defense to a putative class members' claims cannot be available prior to class certification because '[a] class complaint is filed only by a named plaintiff or plaintiffs,' and '[i]t does not become a class action until certified by the district court.'" Mot. at 3 (citations omitted). Because of this, Defendant claims "there is no legal basis to raise a personal jurisdiction challenge to putative class claims before [certification]." *Id.* (citations omitted). Defendant points to the recent decisions *Molock v. Whole Foods Market Group, Incorporated*, 952 F.3d 293 (D.C. Cir. 2020), and *Cruson v. Jackson National Life Insurance Company*, No. 18-40605, 2020 WL 1443531 (5th Cir. Mar. 25, 2020), for the proposition that personal jurisdiction challenges are not available prior to class certification and thus not subject to the waiver principles of Federal Rules of Civil Procedure 12(g) and (h). *See* Mot. at 4–7.

Plaintiffs argue that the Court should deny reconsideration of the personal jurisdiction ruling. First, Plaintiffs posit that, procedurally, Defendant only seeks reconsideration of the Court's certification order, but this argument concerns Defendant's motion for judgment on the pleadings rather than the motion for class certification, rendering this challenge improper. *See* Opp'n at 4–5. Second, Plaintiffs claim that

---

[1] The Court notes that, in its Reply, Defendant raises an entirely new request that the Court "modify" and/or clarify the scope of the Forced Labor Classes. *See* Reply at 6–7. Defendant claims these classes should contain "only non-VWP workers," "[a]lthough the proposed class definition includes detainees who were 'paid or unpaid.'" *Id.* at 6. Although Defendant argues that "[c]larification now is critical," *id.*, consistent with the weight of authority in the Ninth Circuit and this District, the Court declines to address an argument raised for the first time on reply. *See Autotel v. Nev. Bell Tel. Co.*, 697 F.3d 846, 852 n.3 (9th Cir. 2012) ("'[A]rguments raised for the first time in a reply brief are waived.'") (alteration in original) (quoting *Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 672 F.3d 1160, 1166 n.8 (9th Cir. 2012)); *United States v. Boyce*, 148 F. Supp. 2d 1069, 1085 (S.D. Cal. 2001), *amended* (Apr. 27, 2001) (collecting cases declining to consider arguments first raised in reply briefs and "noting that considering arguments raised for first time in reply brief deprives opposing party of adequate opportunity to respond") (citations omitted), *aff'd*, 36 F. App'x 612 (9th Cir. 2002).

Defendant does not show that the Court committed clear error or misapprehended Defendant's argument. *See id.* at 5. Plaintiffs point out that, during oral argument, Defendant stated, as to the waiver issue, "[t]here's cases on both sides, admittedly, but what I think that that allows, what I think that gives you is the discretion. It gives you discretion. It's not a hard-and-fast rule." *Id.* at 6 (citing ECF No. 159 ("Tr.") at 40:20–41:8) (emphasis and internal quotation marks omitted). If the Court had discretion in deciding the issue, its decision was not clearly erroneous. *Id.* Plaintiffs also claim that Defendant's argument that the defense was "unavailable," but that Defendant also preserved it by asserting it in its Answer, illustrates the flaws in Defendant's argument. *Id.* at 7–8. If the defense was available to preserve, it was available to assert in Defendant's pre-answer motion, and therefore was waived by Defendant's failure to do so. *Id.* Even if the defense could have been preserved in the Answer, Defendant did not, because it admitted the personal jurisdiction allegations in its original answer. *Id.* at 8–9. Moreover, "[Defendant's] argument fails to appreciate the distinction between when a defense is *available* to a defendant and when the defense is ripe for adjudication," a distinction addressed in the Order. *Id.* at 9 (emphasis in original). Plaintiffs argue that *Molock* is inapposite, as there, the defendant raised the jurisdictional issue in its pre-answer motion and therefore preserved it. *Id.* Plaintiffs assert that *Cruson* does not warrant reconsideration, given that it is not controlling authority, it departs from the view of a majority of district courts considering the waiver issue, its reasoning is flawed, and it is inapposite given Defendant's admission to personal jurisdiction here. *Id.* at 9–11. Plaintiffs invite the Court to consider the recent decision in *Mussat v. IQVIA, Incorporated*, 953 F.3d 441 (7th Cir. 2020), "[i]f the Court is inclined to accept CoreCivic's invitation to follow non-binding authority." Opp'n at 11.

In its Reply, Defendant argues that Plaintiffs' procedural argument is "frivolous." Reply at 1. Moreover, Defendant contends that it "has consistently maintained that a personal-jurisdiction challenge to the putative class members' claims is *not* available until and unless the class is certified," Reply at 2 (citation omitted) (emphasis in original), and

the statement from oral argument quoted by Plaintiffs was merely an argument "in the alternative" that there is no "'hard-and-fast' waiver rule," *id.* (citation omitted). Defendant argues that Plaintiffs "avoid entirely, however, the crux of CoreCivic's argument that, until and unless the class is certified, there is no '*legal* basis' to raise the defense, and therefore it was not 'available' at that time for purposes of Rule 12(g)(2)," thereby "conced[ing] that neither the Court's Order nor *McCurley* and its progeny have addressed this argument." *Id.* at 1–2 (citation omitted).

Although the Court would not go so far as to call the argument "frivolous," the Court agrees that Plaintiffs' procedural argument is not compelling, and therefore the Court will not deny Defendant's Motion as to this point on that ground. Nonetheless, the Court concludes that Defendant has failed to raise any argument meriting reconsideration of the Order's waiver ruling. Defendant has presented no newly discovered evidence or intervening change in controlling law to merit reconsideration; rather, Defendant simply contends that this Court misapprehended, and therefore failed to address, its argument concerning personal jurisdiction. Respectfully, the Court disagrees.

By necessity, a 59-page order addressing four distinct motions will not be able to devote significant real estate to each and every argument advanced by the parties or the bases for the Court's decision. However, the Court considered Defendant's argument and rejected it. The Order noted Defendant's claims that "'courts have approved such jurisdictional challenges at the class-certification stage,'" Order at 9 (citation omitted), and that "'CoreCivic had no good faith basis to challenge personal jurisdiction over the non-plaintiff, putative class members' claims' prior to class certification," *id.* (citation omitted), but nonetheless found that the defense was "available" at the time Defendant filed its pre-answer motion and therefore waived, *see id.* at 10. In so deciding, the Court cited Defendant's Notice of Supplemental Authority, which argued that it is not appropriate to challenge personal jurisdiction over nationwide putative class claims in a Rule 12(b) motion, *see id.* (citing ECF No. 171 at 2–4; *Molock*, 2020 WL 1146733, at *2–3), and cited several class-action cases where a court found that failure to assert the personal jurisdiction

defense at the time of the initial response to the complaint constituted a waiver, *see id.* (citing *McCurley v. Royal Seas Cruises, Inc.*, 331 F.R.D. 142, 165 (S.D. Cal. 2019); *Mussat v. Enclarity, Inc.*, 362 F. Supp. 3d 468, 470 (N.D. Ill. 2019)), which support the Court's conclusion, despite Defendant's contrary argument, that the defense is "available" before class certification. While it may very well be that courts have decided this issue both ways, the Court did not commit clear error in finding the defense waived on the facts before it. Accordingly, the Court **DENIES** Defendant's request to reconsider the Order's waiver ruling.

## II. "Significant Proof" of a Class-wide Policy of Forced Labor

Second, Defendant argues that the Court erred in concluding that there was adequate evidence that Defendant instituted a class-wide policy. Mot. at 7–8. Defendant argues that, in arriving at this conclusion, "the Court impermissibly placed the burden on *CoreCivic* to *disprove* Plaintiffs' interpretation of the policies, and relieved Plaintiffs of *their* burden to present 'significant proof' that the policies were implemented as they say they were." *Id.* at 8 (emphasis in original). Defendant urges the Court to reconsider its determination "that it was 'not clear from the face of the policies' that they do *not* require all detainees to clean common living areas," *id.* at 11 (citing Order at 40), as that conclusion "fails to consider the policy as a whole," *id.* Defendant further claims that the Court's conclusion that Plaintiffs' "four declarations created at least an issue of fact that it could not resolve at this stage . . . is erroneous." *Id.* at 15 (citing Order at 41). Defendant argues that the Court's ruling is inconsistent with the Supreme Court's ruling in *Wal-Mart Stores, Incorporated v. Dukes* and therefore cannot stand. *Id.* at 15–16 (citing 564 U.S. 338, 350–51 (2011)). Finally, Defendant asserts that, even if the policy requires all detainees to clean common living areas, the Court "overlook[ed] key evidence not mentioned or discussed in the Order" in concluding that Defendant "'may … procure[] this labor under threat of punishment,'" *id.* at 16 (citing Order at 41) (alteration and ellipses in original), and further,

/ / /

/ / /

"[s]uch speculation is insufficient to establish a uniform classwide policy," *id.* at 19 (citing *Koike v. Starbucks Corp.*, 378 F. App'x 659, 661 (9th Cir. 2010)).[2]

Plaintiffs respond that Defendant's burden-shifting argument "does not find any support in the Court's Certification Order, nor does CoreCivic point to any supposed burden shifting. Rather, CoreCivic merely reasserts the exact same arguments that the Court duly considered and rejected in ruling on Plaintiffs' Motion for Class Certification." Opp'n at 20–21 (citation omitted). Plaintiffs further contend that Defendant's reliance on *Wal-Mart* is inapt, as there the "plaintiffs alleged a general corporate policy of conferring discretion on local managers to make employment decisions," *id.* at 21 (citing 564 U.S. at 339), while here, "CoreCivic implemented an enterprise-wide policy and practice, memorialized in writing, which required ICE detainees to work under threat of discipline," *id.* (citing Order at 33–34). Plaintiffs argue that Defendant's arguments concerning the interpretation of its policies "ha[ve] already been rejected by the Court, and the Motion does nothing to alter that result here." *Id.* at 22 (citation omitted). Plaintiffs cite evidence they contend refutes Defendant's interpretation of the policy at issue. *Id.* at 23–25. Plaintiffs argue that, to the extent Defendant's argument presents "disputed questions of fact regarding the terms of its written policies . . . , they cannot be resolved at the class certification stage." *Id.* at 25 (citing *Negrete v. ConAgra Foods, Inc.*, No. CV 16-0631 FMO (AJWx), 2019 WL 1960276, at *11 (C.D. Cal. Mar. 29, 2019))).

/ / /

---

[2] Defendant makes one further argument, "that the Court erred in ruling that the federal TVPA and California TVPA do not include a subjective element and are otherwise subject to a classwide causation inference," but does not substantively address this argument, instead "recogniz[ing] that these issues are more suitable for appellate review and mention[ing] them here to further preserve them." Mot. at 19 n.5. The Court declines to address an argument only raised in a footnote and not substantively briefed by the parties. *See Cheever v. Huawei Device USA, Inc.*, No. 18-CV-06715-JST, 2019 WL 8883942, at *3 (N.D. Cal. Dec. 4, 2019) ("'Arguments raised only in footnotes, or only on reply, are generally deemed waived' and need not be considered.") (citing *Estate of Saunders v. Comm'r*, 745 F.3d 953, 962 n.8 (9th Cir. 2014); *Sanders v. Sodexo, Inc.*, No. 2:15-cv-00371-JAD-GWF, 2015 WL 4477697, at *5 (D. Nev. July 20, 2015) ("Many courts will disregard arguments raised exclusively in footnotes." (quoting Bryan Garner, *The Redbook: A Manual on Legal Style* 168 (3d ed. 2013)))).

On reply, Defendant contends that "[P]laintiffs do not address at all CoreCivic's argument that the text of the Sanitation and Hygiene Policy contradicts the Court's ruling that it requires *all* detainees to clean common living areas," Reply at 4 (citing Order at 19–21), "[n]or do they address CoreCivic's argument that the text of the Detainee Handbook contradicts the Court's ruling that detainees may be coerced to clean these areas under threat of punishment," *id.* (citing Order at 24–27). Defendant claims Plaintiffs likewise "do not confront CoreCivic's contention that the Court impermissibly placed the burden on *CoreCivic* to *disprove* Plaintiffs' interpretation of the policies." *Id.* (citing Order at 16–19, 22–24) (emphasis in original). Finally, Defendant argues that *Negrete*, cited by Plaintiffs for the proposition that factual disputes should not be resolved at the class certification stage, relied on authority rejected by the Supreme Court in *Wal-Mart*. *Id.* at 5 (citations omitted).

The Court finds Defendant's arguments to be without merit. First, the Court did not reverse the burden of proof. The Order unequivocally "concludes that ***Plaintiffs sufficiently have demonstrated*** for purposes of class certification that Defendant implemented common sanitation and discipline policies that together may have coerced detainees to clean areas of Defendant's facilities beyond the personal housekeeping tasks enumerated in the ICE PBNDS," Order at 40 (emphasis added), and "that, for purposes of class certification, ***Plaintiffs sufficiently have established*** that Defendant instituted uniform sanitation and disciplinary policies that were applied class-wide," *id.* at 42 (emphasis added). Thus, on its face, the Order determined that ***Plaintiffs*** provided adequate evidence at this stage of the litigation. Defendant, of course, was entitled to refute that evidence, and attempted to do so. However, the Court, in engaging in its "rigorous analysis" of the satisfaction of the Rule 23 requirements, *see Wal-Mart*, 564 U.S. at 350–51 (citation and internal quotation marks omitted), simply found the evidence offered by

///

///

///

Defendant to be less persuasive than Plaintiffs'.[3] That is entirely different, and a far cry, from shifting the burden of proof to Defendant to "disprove" Plaintiffs' interpretation. *See* Mot. at 8.

To the extent Defendant argues that the Court erred, in light of the Supreme Court's ruling in *Wal-Mart*, in finding the evidence presented by Plaintiffs to be "significant proof," the Court again disagrees. The Court instead agrees with Plaintiffs that *Wal-Mart* is distinguishable, given that, here, Plaintiffs presented proof of a written company-wide policy. *See* Opp'n at 21 (citing 564 U.S. at 339; Order at 33–34). Had Plaintiffs rather generally alleged the policy and submitted only four declarations to evidence that policy, *Wal-Mart* very likely would have compelled a different conclusion in this case. But that was not the evidence before this Court. In finding that the written policy in combination with the declarations was "significant proof" adequate to certify the class, the Order was not clearly erroneous.

Defendant further claims that, "when construed in context," the policies at issue "refute any suggestion of coercion," Mot. at 8, and urges the Court to "reconsider th[e] determination [that it is not clear from the face of the policies that they do not require all detainees to clean common living areas] because it fails to consider the policies as a whole,"

---

[3] Importantly, the Order did not state that the Court could not, or would not, resolve ***any*** factual disputes, solely that it could not resolve factual disputes "***of this nature*** at this stage in the litigation." Order at 41 (citations omitted) (emphasis added). This statement of the law is accurate and not clearly erroneous. The relevant inquiry at the class certification stage is whether Plaintiffs have produced adequate proof of a class-wide policy, ***not*** whether they are able to succeed on the merits of their claims. *See, e.g.*, *Ellis v. Costco Wholesale Corp.*, 285 F.R.D. 492, 524 (N.D. Cal. 2012) ("Defendant's response on this point is unpersuasive and irrelevant to commonality. It does not argue that there are any intra-class differences in the rate of AGM or GM promotions; rather, it makes a classwide argument that there is in fact no disparity in the promotion rate to GM. The Court need not resolve this factual question at the certification stage; rather, it presents a common question suitable for classwide resolution." (citing *Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 983 n.8 (9th Cir. 2011)); *Ellis,* 657 F.3d at 983 n.8 (rejecting Costco's argument that "[t]here is no commonality absent (a) statistical proof of under-promotion of women and (b) a plausible link between the practice and the impact," because it would essentially "turn class certification into a mini-trial") (emphasis omitted)). The Court found, on the evidence before it, that Plaintiffs met this burden. Refusing to turn the class certification inquiry into a "mini trial" and reach the merits of issues not necessary to class certification was not clear error.

*id.* at 11. However, the Court did consider the policies as a whole. In fact, Defendant points out that the Court relied in part on Subsection C of the at-issue policy to arrive at its conclusion, but argues that "Plaintiffs did not take issue with Subsection C in their Motion, and thus CoreCivic did not have an opportunity to provide sworn explanations." *Id.* at 14. Thus, having considered the policies in full in arriving at the conclusions expressed in the Order—more fully, apparently, than Defendant would like—the Court declines to reanalyze the policies based on substantive arguments Defendant either could have raised earlier or has already raised. The Court does not believe its interpretation of the policy at issue to rise to the high standard of "clearly erroneous."

Finally, Defendant claims that the Court's conclusion "that the policy '***may*** have coerced' detainees to clean common living areas" is "speculation . . . insufficient to establish a uniform classwide policy," citing the Ninth Circuit's decision in *Koike*. Mot. at 19 (citations omitted) (emphasis in original). But the language Defendant relies on does not support its argument. Indeed, the language highlighted by Defendant in *Koike* is not concerned with speculation (a word that does not even appear in the decision), but rather with whether the evidence at issue was adequate to establish satisfaction of the Rule 23 requirements. *See* 378 F. App'x at 661. The Ninth Circuit held it was not. *See id.* However, in *Koike*, it appears that, similar to *Wal-Mart*, the evidence at issue was distinguishable from that before this Court. Here, there is a written, company-wide policy to support Plaintiffs' claims. In *Koike*, the plaintiffs instead relied on nebulous "business pressures." *See id.* Thus, the Court does not find that its reasoning was clearly erroneous in light of *Koike*; rather, *Koike* supports the Court's conclusions.[4] Again, it would be improper for the Court to determine, at the class certification stage, whether the policy in

---

[4] At any rate, the Court's decision was not based on speculation. The Ninth Circuit in *Blackie v. Barrack* rejected a similar argument that the district court "improperly engaged in speculation when determining whether a common question exists." *See* 524 F.2d 891, 901 (9th Cir. 1975) ("Neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies the Rule.").

fact coerced the class members to clean; the Court only needed to assess whether Plaintiffs had offered sufficient proof of a class-wide policy that could plausibly be read to do so. The Court found that Plaintiffs did, and that decision was well supported. Accordingly, the Court **DENIES** Defendant's request for reconsideration of this portion of the Order.

### III. Narrowing of the Class Period for the California Forced Labor Class

Third, Defendant argues that the seven-year statute of limitations for the California Trafficking Victims Protection Act means that the start of the class period for the California Forced Labor Class should be May 31, 2010, seven years before the filing of the Complaint, rather than January 1, 2006. Mot. at 19. Defendant states that "[t]he Court did not expressly address this dispute," but "should resolve it now so that the parties understand the scope of class-notice and merits discovery." *Id.* at 20 (citations and footnote omitted).

Plaintiffs argue that "[t]he Court previously addressed this issue in its ruling on CoreCivic's Motion to Dismiss, where the Court concluded that Plaintiffs 'cannot state a claim for events that occurred prior to January 1, 2006,' which resolved the question of the appropriate Class Period for Plaintiffs' claims under the California TVPA." Opp'n at 21 n.18 (citing ECF No. 38 at 29). Plaintiffs assert this issue "is more suitable for consideration as a dispositive motion after Plaintiffs are afforded discovery on this issue." *Id.*

Defendant counters that the Court's order on its motion to dismiss "only concluded that the Class cannot go further back than January 1, 2006, because that is when the California TVPA was enacted." Reply at 5 (citing ECF No. 38 at 29). Defendant further claims that "[t]his is a legal question that will help define and limit the scope of discovery," and Plaintiffs "do not explain why more discovery is necessary" on this issue. *Id.* at 6 (citation omitted).

Again, Defendant is not requesting reconsideration on the basis of newly discovered evidence or an intervening change in controlling law, so it appears Defendant is arguing that the Court committed clear error in failing to address explicitly this one-paragraph argument raised in Defendant's opposition to class certification. *See* ECF No. 118 at 17–

18. The Court does not find, on the record before it, that its failure to narrow the class period pursuant to Defendant's request was clear error. In certifying the class without narrowing the class period, the Court did not ignore or overlook Defendant's argument, but rather implicitly rejected it. In its motion to dismiss, Defendant argued that Plaintiffs' federal TVPA claim was time-barred to the extent it relied on conduct before May 31, 2007, in light of the ten-year statute of limitations applicable to such claims. ECF No. 18-1 at 12–13. The Court rejected that argument, "declin[ing] to impose a statute of limitations bar at this stage in the proceedings." ECF No. 38 at 26. It is the Court's view that the same reasoning applies to the California TVPA claim at the class certification stage. *See, e.g.*, *In re Northrop Grumman Corp. ERISA Litig.*, No. CV 06-06213 MMM JCX, 2011 WL 3505264, at *12 (C.D. Cal. Mar. 29, 2011) (collecting cases noting it would be premature to make a determination on a tolling claim at the class certification stage); *see also Aldapa v. Fowler Packing Co. Inc.*, No. 115CV00420DADSAB, 2018 WL 10322910, at *2 (E.D. Cal. Feb. 16, 2018) (same). If discovery indicates that the class period should be limited, the Court will entertain a motion to that effect; however, at this stage in the litigation and on the record before it, the Court is not inclined to narrow the class period. In short, the Order's refusal to narrow the class period at this stage is supported by the case law and not clearly erroneous. Accordingly, the Court **DENIES** Defendant's Motion as to this ground.

**IV.    Commonality and Predominance as to the California Labor Law Class Claims**

Finally, Defendant argues that, "[c]iting *Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998), the Court overlooked Plaintiffs' failure to analyze commonality and predominance for each of its Labor Law claims." Mot. at 20 (citing Order at 44). Defendant urges the Court to "reconsider its decision to excuse Plaintiffs' failure and deny certification of the CA Labor Law Class." *Id.* at 21. Defendant argues that, "[a]t a minimum," the Court should revisit its decision certifying this class to pursue the ninth claim for waiting time penalties. *Id.* Defendant argues that Plaintiffs omitted this claim from the list of claims pursued by this class, and Defendant therefore presumed Plaintiffs were not pursuing this class claim and failed to address it in their opposition. *Id.*

Regardless, Plaintiffs "failed to make *any* showing that it satisfied Rule 23." *Id.* (emphasis in original). Defendant also challenges the Court's "decision to come up with a classwide damages formula" for the minimum wage claim. *Id.* (citing Order at 44). First, Defendant argues that Plaintiffs bear the burden of providing a valid formula, but they failed to do so, and this failure should defeat certification. *Id.* at 21–23 (citations omitted). Second, Defendant claims "the Court's proposed model is faulty." *Id.* at 23. Defendant claims that the model "will not allow an accurate estimation as to how many hours each detainee actually worked," *id.*, and "is impermissibly based on averages," *id.* at 24.

Plaintiffs counter that, while Defendant's Motion argues against certification of the entire class, Defendant offers no arguments regarding the claims for imposition of unlawful terms and conditions of employment or failure to provide timely and accurate wage statements. Opp'n at 13. Nor does Defendant offer any substantive analysis of the waiting time penalties claim, merely asserting an argument—rejected by the Court in its Order—that Defendant did not have notice that this claim was to be asserted by this class. *See id.* (citing Order at 12 n.3). As to Defendant's argument "that individual damages calculations preclude a finding that common issues predominate," Plaintiffs argue that this issue "was addressed in the briefing on the class certification motion," and "[t]he Ninth Circuit has consistently rejected this argument." *Id.* (citation omitted). Plaintiffs argue that Defendant's reliance on non-wage-and-hour class actions should be disregarded in light of the Ninth Circuit's analysis in *Vaquero v. Ashley Furniture Industries*. *Id.* at 14–15 (citing 824 F.3d 1150 (9th Cir. 2016)). Here, there can be no dispute that Defendant caused the class's injury. *Id.* at 15–16. Furthermore, Defendant's own recordkeeping failures should not preclude certification due to the inability to calculate damages based on complete employment records. *Id.* at 16. Plaintiffs contend that both "[t]he Supreme Court and Ninth Circuit have repeatedly rejected this argument in wage and hour class actions," finding that representative evidence is permitted to establish damages when the employer has failed to keep proper records. *Id.* at 16–19 (citations omitted). Plaintiffs argue that the
///

cases cited by Defendant prohibiting averaging "have no application here, as they have nothing to do with calculating unpaid wages on a class-wide basis." *Id.* at 20.

In its Reply, Defendant asserts that "Plaintiffs do not defend the Court's reliance on *Hernandez*," "[n]or do they defend the Court's decision to allow Claim Nine to be certified." Reply at 7 (citations omitted). Defendant takes issue with Plaintiffs' interpretation of *Vaquero* and the import of *Comcast Corporation v. Behrend*, 569 U.S. 27 (2013), in wage-and-hour class actions. *Id.* at 7–8. Defendant maintains that certification must be denied because Plaintiffs failed to propose a reliable model, and "the record [does not] enable t[he] court to do so." *Id.* at 8–9. Defendant finally asserts that Plaintiffs "miss the important point that damages in a wage-and-hour case must be based on the number of hours that the employee actually worked rather than an average." *Id.* at 10.

Starting with Defendant's argument that the Court should reconsider its supposed excusing of Plaintiffs' burden, as an initial matter, the Court believes Defendant to have waived this argument by failing to raise it in its opposition to Plaintiffs' motion for class certification. *See, e.g.*, *CG Tech. Dev., LLC v. 888 Holdings PLC*, No. 216CV00856RCJVCF, 2017 WL 10259732, at *2 (D. Nev. Oct. 5, 2017) ("Because Plaintiffs failed to raise this issue earlier, Plaintiffs have waived this argument on reconsideration."). Plaintiffs' failure to address this issue in detail in their certification motion was, or should have been, as readily apparent to Defendant as it was to the Court. Nonetheless, the Court did not clearly err in deciding to assess the merits of Plaintiffs' claims on the substantial evidence before it. The Court did not apply the wrong standard, or certify the class without making a finding that adequate support existed to do so. The Court merely avoided prolonging this litigation with another round of briefing by undertaking its "rigorous analysis" of Plaintiffs' claims on the voluminous record already before it.

The Court also declines to reconsider its decision to certify the class as to Plaintiffs' ninth cause of action for waiting time penalties pursuant to the California Labor Code. The motion for class certification clearly states that the class is pursuing claims for "violations

of the California Labor Code." ECF No. 84 at 17. Thus, the decision to consider this claim on the merits was not clearly erroneous, nor was the Court's application of the law to this claim.

Finally, Defendant's challenges to the damages issues are not well taken. None of the cases Defendant cites for the proposition that "[c]ourts in this District consistently rule that such a failure of proof alone defeats class certification" are binding on this Court; they are all district court decisions from the Northern and Central Districts of California. Mot. at 22–23. At any rate, the cases Defendant cites do not stand for the proposition that a plaintiff must present a fully formed damages model in order for a class to be certified. For instance, in *In re Myford Touch Consumer Litigation*, cited by Defendant, the court noted, in finding certification inappropriate, that the problem was that

> Plaintiffs have not even told the Court what data it should look for. For example, where Plaintiffs seek incidental and consequential damages, do they seek to recover for the loss of time in taking their vehicles to Ford for repair? Without knowing the scope and methodology of the claim and nature of underlying data to be used, the Court cannot conduct the inquiry required by *Comcast*.

No. 13-CV-03072-EMC, 2016 WL 7734558, at *15 (N.D. Cal. Sept. 14, 2016), *on reconsideration in part*, No. 13-CV-03072-EMC, 2016 WL 6873453 (N.D. Cal. Nov. 22, 2016). Similarly, in *Longest v. Green Tree Servicing LLC*, the court found it could not assess whether the proffered model, which had been accepted in other cases, was adequate "without evidence of the data upon which [the expert who formulated the model] relies and consideration of whether that data is pertinent to the facts of *this* case." 308 F.R.D. 310, 333 (C.D. Cal. 2015) (emphasis in original). And in *Daniel F. v. Blue Shield of California*, the court noted that a plaintiff seeking to certify a class "must establish through evidentiary proof that damages are capable of measurement on a classwide basis." 305 F.R.D. 115, 130 (N.D. Cal. 2014) (*Comcast*, 133 S. Ct. at 1432–33 (citation omitted)) (internal quotation marks omitted). Accordingly, the burden on Plaintiffs is an evidentiary one, to present proof that damages are capable of being measured on a class-wide basis; it is not

necessarily Plaintiffs' burden at the class-certification stage to present a fully formed damages model, when discovery was not yet complete and pertinent records may have been still within Defendant's control. The Court was satisfied that Plaintiffs proffered adequate evidence that damages could be potentially assessed on a class-wide basis, and the Court does not believe that conclusion to be clearly erroneous.

As to Defendant's belief that "the Court's proposed model is faulty," Mot. at 23, the Court respectfully disagrees. Defendant argues that *Kamar v. Radio Shack* is inapposite, but the Court finds the decision in *Kamar* supports the Court's conclusions in multiple respects. First, it is clear the court in *Kamar* rejected, at least in part, the plaintiffs' damages model, as the court noted that, "[c]ontrary to Plaintiffs' suggestions, the Court cannot simply presume an eight hour workday." 254 F.R.D. 387, 401 (C.D. Cal. 2008), *aff'd sub nom. Kamar v. RadioShack Corp.*, 375 F. App'x 734 (9th Cir. 2010). This undercuts the argument the Court already rejected *supra* that a plaintiff must provide an affirmative damages model that the court accepts in order to merit class certification. Furthermore, while RadioShack kept certain records, it may not have kept *all* the records necessary to determine, for example, its reporting time obligations, making it more analogous to this case than Defendant suggests. *See id.* at 401–03 (explaining that RadioShack argued that it lacked "the daily or weekly schedules that store managers generate for all the years within the class period," and, "[w]ithout those schedules, how could it be determined whether RadioShack's total hours data reflect only the hours actually worked, or also include additional hours of pay that are mandated by the reporting time regulation?"). Ultimately, the court concluded: "RadioShack's representations about its record keeping and payment practices have been unclear and inconsistent. The Court will not presume that it lacks the records that it is statutorily required to maintain in determining whether or not common proof of Plaintiffs' claims is possible." *Id.* at 403; *see also In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 527 F. Supp. 2d 1053, 1068 (N.D. Cal. 2007) ("As numerous courts have recognized, it is manifestly disingenuous for a company to treat a class of employees as a homogenous group for the purposes of internal policies and compensation, and then

assert that the same group is too diverse for class treatment in overtime litigation. This is particularly true in a situation such as this, where the difficulty of proving hours worked and compensation received is exacerbated by defendant's complete failure to maintain pertinent records. Accordingly, plaintiffs have satisfied their burden and demonstrated that common issues predominate."). This Court did not err in applying the same logic on the basis of the facts before it.

Finally, contrary to Defendant's assertions, there is no rule prohibiting the use of averages in assessing damages, particularly in situations like this one where the evidentiary difficulties are a product of Defendant's own timekeeping deficiencies. The Court agrees with Plaintiffs' interpretation of *Bluford v. Safeway Stores, Incorporated*, 216 Cal. App. 4th 864 (2013), and *Aldapa*, *see* Opp'n at 19–20. The prohibition on averaging concerns an employer's compliance with California's minimum wage laws, not the calculation of damages in class actions. *See, e.g.*, *Wright v. Renzenberger, Inc.*, No. CV136642FMOAGRX, 2018 WL 1975076, at *5–6 (C.D. Cal. Mar. 8, 2018) (summarizing California case law regarding "pay averaging"). Moreover, *Bell v. Farmers Insurance Exchange*, which Defendant cites for the proposition that averaging is not allowed, *see* Mot. at 25, actually supports the Order's damages conclusions, as there, the court upheld all but a small portion of the damages award, reasoning: "In our view, it was within the discretion of the trial court to weigh the disadvantage of statistical inference—the calculation of average damages imperfectly tailored to the facts of particular employees—with the opportunity it afforded to vindicate an important statutory policy without unduly burdening the courts." 115 Cal. App. 4th 715, 751, *as modified on denial of reh'g* (Mar. 9, 2004). In short, the Court did not clearly err in finding that a possible means of assessing class-wide damages exists in this case. Accordingly, the Court **DENIES** Defendant's Motion as to this ground.

///

///

///

# CONCLUSION

In light of the foregoing, the Court **DENIES** Defendant's Motion.[5]

**IT IS SO ORDERED.**

Dated: January 13, 2021

*(signature)*
Hon. Janis L. Sammartino
United States District Judge

---

[5] The Court notes that this is the second motion for reconsideration filed by Defendant in this matter. *See* ECF No. 47. The Court finds it prudent to remind Defendant that reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters.*, 229 F.3d at 890. Reconsideration should not be routinely requested and used to rehash arguments on the merits. The Court urges Defendant to use discretion in seeking reconsideration of future orders and to be mindful of the Court's finite resources.