STRUCK LOVE BOJANOWSKI & ACEDO, PLC
Daniel P. Struck, AZ Bar #012377
*(admitted pro hac vice)*
Rachel Love, AZ Bar #019881
*(admitted pro hac vice)*
Nicholas D. Acedo, AZ Bar #021644
*(admitted pro hac vice)*
Ashlee B. Hesman, AZ Bar #028874
*(admitted pro hac vice)*
Jacob B. Lee, AZ Bar #030371
*(admitted pro hac vice)*
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Tel.:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com

LAW OFFICE OF ETHAN H. NELSON
Ethan H. Nelson, CA Bar #262448
4 Park Plaza, Suite 1025
Irvine, California 92614
Tel.: (949) 229-0961
Fax: (949) 861-7122
ethannelsonesq@gmail.com

Attorneys for Defendant/Counter-Claimant
CoreCivic, Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Sylvester Owino and Jonathan Gomez, on behalf of themselves, and all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>CoreCivic, Inc., a Maryland corporation,<br><br>          Defendant. | NO. 3:17-cv-01112-JLS-NLS<br><br>**JOINT MOTION TO MODIFY CLASS NOTICE PLAN DEADLINE**<br><br>Judge:  Honorable Janis L. Sammartino<br>Magistrate Judge:  Honorable Nita L. Stormes |

|   |   |
|---|---|
| 1 | CoreCivic, Inc., a Maryland corporation, |
| 2 |   |
| 3 | Counter-Claimant, |
| 4 | v. |
| 5 | Sylvester Owino and Jonathan Gomez, on behalf of themselves, and all others similarly situated, |
| 6 |   |
| 7 | Counter-Defendants. |

The parties jointly request this Court to modify the execution deadline for the Class Notice Plan and move that deadline to 30 days after Defendant's pending Rule 23(f) Petition for Permission to Appeal is resolved.

The Court originally ordered Plaintiffs "to begin execution of the class notice plan" by January 19, 2021. (Dkt. 206 at 7.) On December 31, 2020, Plaintiffs requested the Court to modify that deadline and "tether[ it] to the date on which the Court issues its ruling on Defendant's Motion for Reconsideration of the Class Certification Order." (Dkt. 207 at 2–3.) Defendant's Motion for Reconsideration had been pending since June 11, 2020. (Dkt. 190.) Although disagreeing with the Motion's merits, Plaintiffs explained that, if granted, it could "significantly impact the notice program in terms of scope, the class members to whom the program is directed, and the cost associated with that implementation," and "cause confusion by disseminating incorrect information to the potential class members." (*Id.*) Delaying the execution date, they argued, would "eliminate the risk of beginning a notice program that potentially harms the certified classes."[1] (*Id.*) Defendant did not oppose that request. (Dkt. 208 at 4.)

On January 13, 2021, the Court denied Defendant's Motion for Reconsideration. (Dkt. 210.) The Court then ordered Plaintiffs to execute the Class

---

[1] A full grant would have resulted in the denial of certification of all classes; a partial grant could have resulted in the denial of certification of some of the classes or the scope of the classes. (Dkt. 181, 190.)

Notice Plan by February 9, 2021. (Dkt. 211.) On January 27, 2021, however, Defendant filed a Petition for Permission to Appeal Pursuant to Rule 23(F), in the Ninth Circuit. *See Owino v. CoreCivic, Inc.*, No. 21-80003 (9th Cir.), Doc. 1-3. Plaintiffs' Answer is due by February 8, 2021. *See* FRAP 5(b)(2).

In light of Defendant's Rule 23(f) Petition, the parties once again request the Court to modify the Class Notice Plan execution deadline. Like Defendant's Motion for Reconsideration, if the Rule 23(f) Petition is granted, the Ninth Circuit could ultimately decertify some or all the classes or reduce the scope of the classes. That would render the Class Notice Plan outdated and result in additional and/or wasted resources. For example, if the Ninth Circuit decertifies all classes, the resources expended to launch the Class Notice Plan will be wasted. If the Ninth Circuit decertifies some of the classes or narrows their scope, the Class Notice Plan will have disseminated inaccurate information to class members, requiring the parties to expend additional resources to correct the information and potentially causing confusion among class members.

To avoid that prejudice, the parties respectfully request the Court to move the Class Notice Plan execution deadline to 30 days after the pending Rule 23(f) Petition for Permission to Appeal is resolved. Defendant can provide status updates of the appeal at the Court's convenience.

/ / /

/ / /

/ / /

Dated: February 2, 2021

By s/ Nicholas D. Acedo
Daniel P. Struck
dstruck@strucklove.com
Rachel Love
rlove@strucklove.com
Nicholas D. Acedo
nacedo@strucklove.com
Ashlee B. Hesman
ahesman@strucklove.com
Jacob B. Lee
jlee@strucklove.com
STRUCK LOVE BOJANOWSKI & ACEDO, PLC

Ethan H. Nelson
LAW OFFICE OF ETHAN H. NELSON
ethannelsonesq@gmail.com

Attorneys for Defendant/Counter-Claimant CoreCivic, Inc.

By s/ Alan R. Ouellette
Eileen R. Ridley
Geoffrey Raux
Alan R. Ouellette
FOLEY & LARDNER LLP

Robert L. Teel
LAW OFFICE OF ROBERT L. TEEL

Attorneys for Plaintiffs/Counter-Defendants Sylvester Owino, Jonathan Gomez, and the Proposed Class(es)

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual of the United States District Court for the Southern District of California, I hereby certify that the content of this document is acceptable to Alan R. Ouellette, counsel for Plaintiffs, and that I have obtained authorization to affix his electronic signature to this document.

Dated: February 2, 2021    By    s/ Nicholas D. Acedo
Nicholas D. Acedo

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 2, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

Dated:  February 2, 2021       By   s/ Nicholas D. Acedo
                                    Nicholas D. Acedo