UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>                           Plaintiffs,<br>v.<br>CORECIVIC, INC.,<br>a Maryland corporation,<br>                           Defendant.<br>CORECIVIC, INC.,<br>                           Counter-Claimant,<br>v.<br>SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br>                           Counter-Defendants. | Case No.: 17-CV-1112 JLS (NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING APPEAL**<br><br>(ECF No. 220) |

Presently before the Court is Defendant and Counter-Claimant CoreCivic, Inc.'s ("CoreCivic") Motion to Stay Proceedings Pending Appeal ("Mot.," ECF No. 220). Also before the Court are Plaintiffs and Counter-Defendants Sylvester Owino and Jonathan

Gomez's (collectively, "Plaintiffs") response thereto ("Opp'n," ECF No. 221) and CoreCivic's reply in support thereof ("Reply," ECF No. 223). The Court vacated the hearing on the Motion and took it under submission without oral argument pursuant to Local Rule 7.1(d)(1). *See* ECF No. 222. Having considered the Parties' arguments, the evidence, and the law, the Court **GRANTS IN PART AND DENIES IN PART** CoreCivic's Motion, as follows.

## BACKGROUND

The factual background is well known to the Parties and the Court; accordingly, the Court does not repeat it here, but rather incorporates by reference the factual background as detailed in the Court's April 1, 2020 Order. *See* ECF No. 179 (the "Order") at 2–4.

On April 1, 2020, the Court issued the 59-page Order, denying without prejudice Plaintiffs' motion for partial summary judgment, denying CoreCivic's motion for judgment on the pleadings, denying as moot Plaintiffs' motion to exclude, and granting in part and denying in part Plaintiffs' motion for class certification. *See generally* Order. The Court certified Plaintiffs' proposed California and National Forced Labor Classes in their entirety and Plaintiffs' proposed California Labor Law Class as to the causes of action for failure to pay minimum wage, failure to provide wage statements for actual damages, failure to pay compensation upon termination, and imposition of unlawful conditions of employment. *See id.* at 59.

On April 15, 2020, CoreCivic filed a motion seeking reconsideration of several portions of the Order. *See* ECF No. 181. On January 13, 2021, following briefing on the motion, the Court denied CoreCivic's motion. *See* ECF No. 210. CoreCivic subsequently filed a Petition for Permission to Appeal under Federal Rule of Civil Procedure 23(f) ("Petition"), *see* ECF No. 212, which the Ninth Circuit granted, *see* ECF No. 216. On May 7, 2021, CoreCivic filed the present Motion seeking a stay of the proceedings in full pending the appeal. *See* Mot. Plaintiffs oppose in part. *See* Opp'n.

/ / /

/ / /

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 23(f), "[a]n appeal [from an order granting or denying class-action certification] does not stay proceedings in the district court unless the district judge or the court of appeals so orders." This provision was included to avoid unnecessary disruption and delay in district court proceedings. *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1713 n.9 (2017).

The need for a stay pending appeal may arise because "[i]t takes time to decide a case on appeal . . . . [I]f the court takes the time it needs, the court's decision may in some cases come too late for the party seeking review." *Nken v. Holder*, 556 U.S. 418, 421 (2009); *see also id.* at 427. However, "[a] stay is also an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Id.* at 427; *see also id.* at 433. Instead, it is "an exercise of judicial discretion and the propriety of its issue is dependent upon the circumstances of the particular case." *Id.* at 433. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34.

"The Ninth Circuit has not articulated a specific standard for evaluating a proposed stay pending decision of a Rule 23(f) appeal. Most district courts in this circuit apply the standard enumerated in *Nken v. Holder*, 556 U.S. 418 . . . (2009) and *Hilton v. Braunskill*, 481 U.S. 770, 776 . . . (1987)." *Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1072–73 (S.D. Cal. 2019) (footnote omitted). Under this standard, a court considers: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434 (quoting *Hilton*, 481 U.S. at 776). "The first two factors are the most critical." *Romero*, 383 F. Supp. 3d at 1073 (citing *Nken*, 556 U.S. at 434). "In weighing the four factors, courts use a flexible 'sliding scale'
/ / /

1  approach, 'so that a stronger showing of one element may offset a weaker showing of
2  another.'" *Id.* (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 964–66 (9th Cir. 2011)).

## ANALYSIS

CoreCivic seeks a stay of all proceedings in this Court pending its appeal, *see* Mot. at 3, although, in its Reply, CoreCivic notes that it also has no objection to resolving the discovery dispute currently pending before Magistrate Judge Nita L. Stormes, *see* Reply at 6. In their Opposition, Plaintiffs confirm that they only object to a stay as to limited ESI and detainee file discovery as well as the resolution of the pending discovery dispute, but otherwise support a stay of the proceedings. Opp'n at 1. Plaintiffs indicate that they do not seek discovery at this time for all 24 facilities owned by CoreCivic, but only for its three California facilities. *See id.* CoreCivic contends that the discovery requested by Plaintiffs pending the appeal is not limited to CoreCivic's three California facilities. Reply at 1 (citations omitted). However, given that Plaintiffs repeatedly and specifically request that the stay not extend to ESI and detainee files for CoreCivic's three California facilities, *see, e.g.*, Opp'n at 1, 7, 10, for purposes of the present Motion, the Court will consider only the issue of the California-focused discovery; any discovery focused on CoreCivic's out-of-state facilities will be subject to the stay of the remainder of the proceedings that all Parties agree is warranted here.

In its Motion, CoreCivic does not address the *Nken* factors. *See generally* Mot. Rather, CoreCivic relies on the Court's inherent authority to control its docket economically. *See id.* at 3 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Ultimately, CoreCivic argues that to incur the significant fees and expenses to complete class discovery only to have the classes decertified would result in irreparable financial injury, and that that hardship would far outweigh any prejudice to Plaintiffs caused by a stay. *See id.* at 6. In arguing that a stay as to the California-focused discovery is not warranted, Plaintiffs rely on the *Nken* factors. *See* Opp'n at 4–9. In reply, CoreCivic argues that Plaintiffs' reliance on *Nken* "is misplaced" and that the Court should instead apply the *Landis* test. Reply at 2 (citations omitted). CoreCivic contends that *Hilton* and *Nken* apply

to requests to stay particular orders or judgments rather than an entire proceeding. *Id.* (citations omitted).

The Court elects to apply the *Nken* standard to the present dispute. As previously noted, the majority of district courts within the Ninth Circuit apply the *Nken* standard in assessing motions to stay pending a Rule 23(f) appeal, *see Romero*, 383 F. Supp. 3d at 1072–73; *see also Delisle v. Speedy Cash*, No. 3:18-CV-2042-GPC-RBB, 2019 WL 7755931, at *1 (S.D. Cal. Oct. 3, 2019) (granting motion to stay pending appeal pursuant to *Nken* factors after denial of a motion to compel arbitration of putative class action), and this Court recently applied the *Nken* factors in denying a motion to stay pending a Rule 23(f) appeal, *see In re Packaged Seafood Prod. Antitrust Litig.*, No. 15-MD-2670 JLS (MDD), 2020 WL 2745231 (S.D. Cal. May 27, 2020). The Court sees no reason to depart from the majority view adopted by this Court and other judges within this District; at any rate, the *Landis* factors essentially are subsumed within the *Nken* factors.

Accordingly, the Court considers in turn each of the *Nken* factors as they apply to this matter.

I. **Likelihood of Success on the Merits**

Although CoreCivic "need not demonstrate that it is more likely than not that [it] will win on the merits" of the appeal, *Leiva-Perez*, 640 F.3d at 966, it must show at least "'a reasonable probability' or 'fair prospect' of success." *F.T.C. v. Qualcomm Inc.*, 935 F.3d 752, 755 (9th Cir. 2019). "It is not enough that the chance of success on the merits be better than negligible." *Nken*, 556 U.S. at 434.

Plaintiffs do not address the issue of likelihood of success on the merits, *see* Opp'n at 9 (noting only that CoreCivic does not address the issue in its Motion and arguing that, even assuming this requirement was satisfied, a stay of discovery would still be inappropriate), and CoreCivic addresses the issue only in a footnote in its Reply, *see* Reply at 2 n.1. Nonetheless, the fact remains that CoreCivic successfully petitioned the Ninth Circuit to hear its appeal. Granting a Rule 23(f) petition is "the exception rather than the

///

rule." *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 959 (9th Cir. 2005). The Ninth Circuit has held:

> Review of class certification decisions will be most appropriate when: (1) there is a death-knell situation for either the plaintiff or defendant that is independent of the merits of the underlying claims, coupled with a class certification decision by the district court that is questionable; (2) the certification decision presents an unsettled and fundamental issue of law relating to class actions, important both to the specific litigation and generally, that is likely to evade end-of-the-case review; or (3) the district court's class certification decision is manifestly erroneous.

*Id.* at 959.

In its Petition, CoreCivic argued that the Court's Order presented two unsettled and fundamental legal issues concerning class actions and was manifestly erroneous. *See generally* Case 21-80003, Dkt. Entry 1-3 ("Pet. to Appeal") (9th Cir. Jan. 27, 2021). Citing *Chamberlan*, the order granting CoreCivic's Petition does not address CoreCivic's likelihood of success. *See* ECF No. 216. Nevertheless, the fact a petition is granted raises a "fair prospect" of success. *See Leiva-Perez*, 640 F.3d at 967 (discussing *O'Brien v. O'Laughlin*, 557 U.S. 1301 (2009), which noted that, for purposes of stay pending appeal, the fact a certiorari petition was granted raises a "fair prospect" of success on the merits of the appeal). Accordingly, CoreCivic has made the necessary showing of likelihood of success on the merits. *See id.* at 967–68.

**II.    Irreparable Injury to Movant**

It is a "bedrock requirement that stays must be denied to all petitioners who d[o] not meet the applicable irreparable harm threshold, regardless of their showing on the other stay factors." *Leiva-Perez*, 640 F.3d at 965 (citation omitted). To clear the threshold, CoreCivic must show "that an irreparable injury is the more probable or likely outcome." *Id.* at 968. "[S]imply showing some possibility of irreparable injury" is not enough. *Nken*, 556 U.S. at 434–35.

/ / /

CoreCivic argues that "[t]he time and expense associated with conducting . . . class discovery is so massive that it is illogical to force it now, when the Ninth Circuit could reverse class certification and eliminate entitlement to any class discovery." Mot. at 3. Regarding ESI across all 24 facilities, CoreCivic estimates that it would take approximately 5,088 hours to collect an estimated 47.7 million items from the 980 individual custodians from whom Plaintiffs have requested ESI and an additional two years to process the data. *Id.* at 4. CoreCivic further estimates that it would cost more than $2 million "to process, deduplicate, and cull this ESI for more than 24 facilities," *id.*, and that document review would cost $6.8 to $9.1 million, *see id.* at 5. Regarding nationwide detainee files, CoreCivic has been ordered to produce approximately 35,000 files, which CoreCivic estimates will contain between 3 and 3.5 million pages that will cost more than $400,000 to scan. *See id.* at 5–6. CoreCivic argues that incurring these fees and expenses only to have the classes decertified would result in irreparable financial injury that would far outweigh any harm to Plaintiffs as a result of the stay. *See id.* at 6.

Plaintiffs argue that CoreCivic would not be irreparably harmed absent a stay, as financial injury alone is not generally irreparable and, had CoreCivic complied with its discovery obligations, it would have substantially completed the California-focused discovery ordered more than ten months ago that Plaintiffs now seek. *See* Opp'n at 5–6 (citations omitted). Further, in arguing for adoption of its ESI protocol, CoreCivic argued that its approach would capture the necessary and relevant information "'without imposing an overbroad and undue burden on CoreCivic.'" *Id.* at 6–7 (quoting ECF No. 184 at 12) (emphasis omitted). Plaintiffs contend that this representation undermines CoreCivic's irreparable injury argument. *See id.* at 7. Finally, Plaintiffs argue that CoreCivic is obligated to collect and produce the California documents regardless of the outcome of the appeal, as these documents "are largely coextensive with the documents and information relevant to Plaintiffs' individual claims, which will proceed irrespective of the outcome of the pending appeal." *Id.*

/ / /

1    CoreCivic responds that "the scope of the UCL-related discovery depends on the
2    outcome of the class-certification appeal," and that, "[i]f the California Labor class is not
3    certified, then the only relevant ESI to be collected and produced and detainee files . . . are
4    those relating only to the two named Plaintiffs." Reply at 5. CoreCivic does not indicate
5    what its time and money outlays would be for only the three requested facilities as opposed
6    to all 24.

7    The Court finds that CoreCivic has failed to establish that it is likely to suffer an
8    irreparable injury absent a full stay of the proceedings. Although, as a general matter,
9    Plaintiffs are correct that "'[m]onetary injury alone "is not normally considered
10   irreparable,"'" Opp'n at 5 (quoting *In re Packaged Seafood Prod. Antitrust Litig.*, 2020
11   WL 2745231, at *6), courts analyzing this issue pursuant to the *Nken* factors "have found
12   irreparable harm probable where an appeal may result in decertification of the class,
13   thereby resulting in a substantial waste of time and resources," *Romero*, 383 F. Supp. 3d at
14   1075 (citations omitted); *see also Delisle*, 2019 WL 7755931, at *4 ("Defendants'
15   arguments regarding the burden of discovery are well taken.") (citations omitted). "On the
16   other hand, courts have found routine discovery and litigation costs that are unavoidable
17   regardless of the outcome of the appeal do not amount to irreparable harm." *Romero*, 383
18   F. Supp. 3d at 1075 (citations omitted).

19   Plaintiffs contend that the California-focused discovery is largely coextensive with
20   the documents relevant to their individual Unfair Competition Law and Private Attorney
21   General Act claims, which Plaintiffs note will be litigated regardless of the outcome of the
22   appeal. Opp'n at 7. CoreCivic responds only that "Plaintiffs fail to provide any factual or
23   legal authority to support that bald assertion," Reply at 3, but CoreCivic similarly fails to
24   provide any authority for its contrary position, *see generally id.* And, while CoreCivic
25   appears to try to shift the burden to Plaintiffs of showing that a stay as to the California-
26   focused discovery is unwarranted, *see, e.g., id.* at 5 (arguing that "Plaintiffs make no effort
27   to show" that Plaintiffs would be harmed during a stay or that CoreCivic would not be
28   damaged), as the Court noted previously, "[t]he party requesting a stay"—here,

1 | CoreCivic—"bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 433–34. On the record presently before this Court, it is not clear that the California-focused discovery Plaintiffs request would necessarily be irrelevant to their individual claims and therefore mooted by the pending appeal. Accordingly, the Court is disinclined to find the incurrence of such discovery costs by CoreCivic to constitute irreparable harm.

Furthermore, the Court is disinclined to reward CoreCivic for delaying in complying with its discovery obligations. More than a year ago, on June 4, 2020, Judge Stormes ordered that all fact discovery be completed by August 6, 2021. *See* ECF No. 187 at 1. Despite the fact that that deadline is rapidly approaching, it appears CoreCivic has undergone the ESI collection and processing process for only one of its 24 facilities. *See* Declaration of Jacob B. Lee ("Lee Decl.," ECF No. 220-1) ¶¶ 11, 14–17. As to the ESI for the remainder of its facilities, CoreCivic has yet to even identify the date ranges during which the requested custodians held relevant positions, *see id.* ¶ 9, much less collect and index their data, *id.* ¶ 10. It does not appear that CoreCivic has begun review of any of the data. *Id.* ¶¶ 22–23. That CoreCivic complains this process for all 24 facilities would take "more than five years to complete" seems, if anything, to counsel against further delay. Reply at 6.

Accordingly, based on the facts of this case, the Court finds that CoreCivic has failed to show that it likely would be irreparably harmed by a refusal to stay the California-focused discovery.

**III.    Substantial Injury to Other Parties**

Plaintiffs submit that a stay of the proceedings in their entirety would substantially harm Plaintiffs, given that this action has been pending for four years and CoreCivic has not even begun collecting and producing documents foundational to both the claims of the Plaintiffs individually and the classes. Opp'n at 7. Given that some of the relevant information and knowledge is known to current and former CoreCivic employees and civil immigration detainees whose recollections will deteriorate and who may become

geographically dispersed, Plaintiffs contend that any further delay would be prejudicial. *Id.* at 8. Finally, Plaintiffs note that one basis for CoreCivic's evasion of class certification is the absence of documents relevant to the class claims due to CoreCivic's failure to maintain accurate and complete timekeeping records, making the direct and circumstantial evidence concerning work assignments and scheduling contained in ESI and detainee files essential to Plaintiffs' ability to prove their claims. *Id.* CoreCivic does not meaningfully respond to these arguments. *See generally* Reply.

"In light of such concerns, and [CoreCivic's] inability to show the probability of irreparable injury absent a stay, this court cannot conclude that the balance of hardships tips sharply in [CoreCivic's] favor." *Amaro v. Gerawan Farming, Inc.*, No. 114CV00147DADSAB, 2016 WL 10679467, at *4 (E.D. Cal. Nov. 14, 2016) (denying motion to stay in part because alleged violations were more than six years old, the court had only recently concluded the class certification stage after approximately two and one-half years, and many of the class members were seasonal and/or migrant farmworkers, so further delay could result in a loss of evidence). Accordingly, the Court finds that the harm to Plaintiffs and the class members outweighs CoreCivic's alleged harms.

## IV. Public Interest

Finally, Plaintiffs claim that the public interest would not be served by a complete stay, as the public has interests in both the efficient prosecution of Plaintiffs' individual and class claims and holding CoreCivic accountable for its failures to comply with California and federal law. Opp'n at 9. Again, CoreCivic does not address this issue. *See generally* Mot.; Reply.

Here, "[t]he public has an interest in . . . seeking to hold alleged corporate wrongdoers accountable," *In re Packaged Seafood Prod. Antitrust Litig.*, 2020 WL 2745231, at *10, as well as "in the proper enforcement of California's employment laws," *Amaro*, 2016 WL 10679467, at *4 (citation omitted). These interests weigh against a full stay of the litigation. On the other hand, because the Parties agree that a stay of the bulk of the litigation pending the appeal is appropriate, permitting the California-focused

discovery to proceed would not impede the public's "interest in efficient use of judicial resources." *Romero*, 383 F. Supp. 3d at 1077 (citation omitted). Accordingly, the Court concludes that the public interest lies with Plaintiffs.

In sum, the full stay requested by CoreCivic is not warranted because CoreCivic has failed to show that it is likely to suffer irreparable harm. *See Leiva-Perez*, 640 F.3d at 965. While CoreCivic has demonstrated some likelihood of success on the merits, the balance of harms weighs in Plaintiffs', rather than CoreCivic's, favor, and the public interest favors permitting the California-focused discovery to proceed. Accordingly, while the Court grants in part CoreCivic's Motion, given the Parties' agreement that a stay of the majority of the proceedings pending appeal is appropriate, the Court denies its request to stay the California-focused discovery.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** CoreCivic's Motion (ECF No. 220). Apart from the pending discovery dispute (ECF No. 215) and any California-focused discovery consistent with Judge Stormes' resolution of said dispute, the Court **STAYS** this matter pending resolution of CoreCivic's Rule 23(f) appeal. The Parties **SHALL FILE** a joint status report, not to exceed twenty (20) pages, within twenty-one (21) days after the Ninth Circuit's mandate issues. The joint status report **SHALL INCLUDE** specific proposals as to how the Parties wish to proceed with the case at bar in light of the Ninth Circuit's order.

**IT IS SO ORDERED.**

Dated: July 28, 2021

Hon. Janis L. Sammartino
United States District Judge