UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO, JONATHAN GOMEZ, on behalf of themselves, and all other similarly situated,<br><br>                               Plaintiffs,<br><br>v.<br><br>CORECIVIC, INC., a Maryland corporation,<br><br>                               Defendant. | Case No.: 3:17-cv-1112-JLS-NLS<br><br>**ORDER REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 5** |
| AND RELATED CROSS ACTION | |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute No. 5. ECF 215. The parties raise to the Court, once again, a dispute regarding the scope of the ESI that Defendant CoreCivic must produce.[1] *Id.*

---

[1] On July 28, 2021, the Court issued an order granting in part and denying in part Defendant's motion to stay the case pending appeal. ECF No. 224. The Court granted the stay pending the appeal, "[a]part from the pending discovery dispute (ECF No. 215) and any California-focused discovery consistent with Judge Stormes' resolution of said dispute." *Id.* at 11. Accordingly, the Court finds it appropriate to now issue the order on this dispute.

The Court previously issued an Order on the ESI protocol that the parties should follow, specifically with regard to the custodians and search terms. ECF No. 192. In this instant motion, Plaintiffs argue that CoreCivic has failed to diligently search for and produce ESI documents in the last seven months. They ask the Court hold CoreCivic to the previously agreed to custodians and search terms and to set an interim discovery production schedule. *Id.* at 2-4. On the other hand, CoreCivic argues that it should not be held to the previously agreed to custodians and search terms because it has discovered that running those searches is practically too time-consuming and unduly burdensome. *Id.* at 11. Corecivic proposes that the Court limit the ESI custodians to ADO-level[2] individuals at facilities that housed 25,000+ detainees during the relevant time period—which would cut down the total number of custodians from approximately 980 to 150. *Id.*

Plaintiffs object to CoreCivic's proposal. First, Plaintiffs argue that the limitation to ADO-level custodians would create an evidentiary gap because it would omit collection from custodians that were directly responsible for directing and controlling the labor at issue. ECF No. 215 at 6. In addition, Plaintiffs argue that the limitation to the 25,000+ detainee minimum would mean CoreCivic would not collect and produce ESI from several large facilities that housed tens of thousands of class members. *Id.* at 7.

The Court appreciates both the volume of the ESI CoreCivic is faced with collecting and producing, as well as Plaintiffs' concerns about evidentiary gaps. With regard to whether custodians should be limited to ADO-level, it appears neither party truly has the data to be able to quantify what emails and information will be missing if

---

[2] ADO-level refers to administrative-team-level facility employees designated to be "on call" and approved by the Vice President, Facility Ops to assume the required duties and responsibilities of the Warden/Facility Administrator during non-business hours. They generally include the Warden/Facility Administrator, Assistant Warden/Assistant Facility Administrator, Chief of Security, and Chief of Unit Management. ECF No. 215-1 at 7 n.2.

the limitation is imposed.  Therefore, the Court **ORDERS** the following:

1. CoreCivic has represented that it is already collecting ESI from ADO-level custodians at the Otay Mesa Detention Center and San Diego Correctional Facility.  ECF No. 215 at 18 n.12.  The Court **ORDERS** CoreCivic to prioritize this production and produce this ESI to Plaintiffs by **August 31, 2021**.

2. For only these two facilities, CoreCivic shall run the full ESI search across all previously listed custodians (not limited to ADO-level) and produce this ESI to Plaintiffs by **September 30, 2021**.

3. After receiving these two productions, Plaintiffs shall review the documents and the parties shall provide a joint written status report regarding that ESI (including a comparison between the two productions that would show the additional types of documents and information gathered with the different custodian lists) by **October 31, 2021**.

4. The Court will hold a discovery conference on **November 9, 2021** at **10:00 a.m.** to discuss the status report with the parties and to determine how to further proceed with discovery given the district court's partial stay.

Finally,  CoreCivic states in its motion that "limiting the collection and production to the four ADO-level positions will result in the collection of ESI from approximately 150 custodians at the 11 largest facilities (25,000+) housing over 85% of the detainees at issue—a sufficiently representative sample of ESI to either prove or disprove Plaintiffs' claims, which are based on company-wide policies and procedures."  ECF No. 215 at 19.  The Court further **ORDERS** CoreCivic to provide evidentiary support in the form of an affidavit from a knowledgeable corporate representative that would substantiate this statement by **August 31, 2021**.

Armed with this additional information, the parties and the Court will be in a better

position going forward to evaluate how best to target relevant information while balancing concerns of undue burden.  Thus, the Court reserves ruling on the remainder of the joint motion for discovery dispute until after its November 9, 2021 conference.  If CoreCivic is able to show no significant difference when custodians are limited to ADO-level custodians at the Otay Mesa and San Diego facilities and is able to satisfactorily represent to the Court and Plaintiffs that the information gathered from its 25,000+ detainee facilities can be deemed representative of and be extrapolated to all facilities that house class members, the Court will consider adopting CoreCivic's proposed limitations.

**IT IS SO ORDERED.**

Dated:  July 30, 2021

Hon. Nita L. Stormes
United States Magistrate Judge