EILEEN R. RIDLEY (SBN 151735)
    eridley@foley.com
ALAN R. OUELLETTE (SBN 272745)
    aouellette@foley.com
**FOLEY & LARDNER LLP**
555 California Street, Suite 1700
San Francisco, CA 94104-1520
T: 415.434.4484 // F: 415.434.4507

GEOFFREY M. RAUX (*pro hac vice*)
    graux@foley.com
**FOLEY & LARDNER LLP**
111 Huntington Avenue
Boston, MA 02199-7610
T: 617.342.4000 // F: 617.342.4001

ROBERT L. TEEL (SBN 127081)
    lawoffice@rlteel.com
**LAW OFFICE OF ROBERT L. TEEL**
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
T: 866.833.5529 // F: 855.609.6911

Attorneys for Plaintiffs SYLVESTER OWINO,
JONATHAN GOMEZ, and the Proposed Class(es)

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>CORECIVIC, INC.,<br><br>　　　　　　　　Defendant.<br><br>CORECIVIC, INC.,<br><br>　　　　　　　　Counter-Claimant,<br><br>　vs.<br><br>SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Counter-Defendants. | Case No. 3:17-CV-01112-JLS-NLS<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' UPDATED STATUS REPORT REGARDING NINTH CIRCUIT APPEAL AND COMPARISON OF ADO-LEVEL AND NON-ADO-LEVEL ESI**<br><br>Judge: Hon. Janis L. Sammartino<br>Magistrate: Hon. Nita L. Stormes |

Plaintiffs Sylvester Owino and Jonathan Gomez ("Plaintiffs") hereby submit this Updated Status Report in response to the Court's Order Resetting Discovery/Status Conference [ECF 238].

I. **STATUS OF APPEAL**

On January 27, 2021, Defendant CoreCivic, Inc. ("CoreCivic") filed a Petition for Permission to Appeal, which sought review under Federal Rule of Civil Procedure 23(f) of this Court's order granting class certification and order denying reconsideration of the same. [ECF 212.] The Ninth Circuit granted CoreCivic's petition on March 10, 2021. [ECF 216.]

Following briefing from the parties, the Ninth Circuit on June 3, 2022 issued an Opinion affirming this Court's certification of each of the following classes:

(1) California Labor Law Class: All ICE detainees who (i) were detained at a CoreCivic facility located in California between May 31, 2013 and the present, and (ii) worked through CoreCivic's Voluntary Work Program ("VWP") during their period of detention in California.

(2) California Forced Labor Class: All ICE detainees who (i) were detained at a CoreCivic facility located in California between June 1, 2006 and the present, (ii) cleaned areas of the facilities above and beyond the personal housekeeping tasks enumerated in ICE PBNDS, and (iii) performed such work under threat of discipline irrespective of whether the work was paid or unpaid.

(3) National Forced Labor Class: All ICE detainees who (i) were detained at a CoreCivic facility between December 23, 2008 and the present, (ii) worked through CoreCivic's VWP, and (iii) purchased basic living necessities through CoreCivic's commissary during their period of detention.

The Ninth Circuit also reversed this Court's finding that CoreCivic had waived its personal jurisdiction challenge with respect to the claims of non-California-facility class

1  members for failing to raise such a defense in its first responsive pleading.[1]  Based on
2  CoreCivic's prior arguments, Plaintiffs anticipate that CoreCivic will attempt to assert a
3  personal jurisdiction challenge pursuant to *Bristol-Myers Squibb Co. v. Superior Ct. of
4  California, San Francisco Cty.*, 137 S. Ct. 1773, 1776 (2017).  Plaintiffs anticipate that
5  this personal jurisdiction challenge will involve the purely legal question of whether
6  *Bristol-Myers* applies to class actions in federal court and can be decided without
7  additional discovery on jurisdictional issues.  Indeed, Judge Sammartino in *Sousa v. 7-
8  Eleven, Inc.*, No. 19-CV-2142 JLS (RBB), 2020 WL 6399595, at *3–4 (S.D. Cal. Nov. 2,
9  2020) already held that *Bristol-Myers* does not apply to class actions in federal court.

On June 10, 2022, CoreCivic filed with the Ninth Circuit a motion for extension of time to file a petition for rehearing.  The Ninth Circuit granted that motion, extending CoreCivic's deadline to petition for rehearing to July 1, 2022.  As of the date of this Updated Status Report, CoreCivic has not yet filed a petition for rehearing.  Given the Ninth Circuit's ruling affirming all three certified classes, CoreCivic should be ordered to begin immediate collection and production of all ESI subject to this pending discovery dispute.

## II. STATUS OF DISCOVERY

### A. Pending Discovery Dispute Regarding Non-ADO-Level ESI

Pending the outcome of CoreCivic's appeal, this Court stayed this matter with the exception of a discovery dispute pertaining to appropriate custodians and search terms for production of electronically stored information ("ESI") maintained by CoreCivic and, specifically, whether CoreCivic should be required to abide by its previous agreement to

---

[1] Following the filing of CoreCivic's appeal, the Ninth Circuit decided *Moser v. Benefytt, Inc.*, 8 F.4th 872, 877 (9th Cir. 2021), which held that prior to class certification, a defendant does "not have 'available' a Rule 12(b)(2) personal jurisdiction defense to the claims of unnamed putative class members who were not yet parties to the case."  As a result, the Ninth Circuit held that CoreCivic did not waive the right to assert a personal jurisdiction challenge as to non-California-facility class members.

produce ESI from both ADO-level[2] and non-ADO-level[3] custodians. This dispute was the subject of the parties' Joint Motion for Determination of Discovery Dispute No. 5. [ECF 215.] To determine whether good cause existed for CoreCivic to renege on its agreement to produce non-ADO-level data, the Court ordered CoreCivic to collect and produce ESI from both ADO-level and non-ADO-level custodians at Otay Mesa Detention Center and San Diego Correctional Facility, such that the parties could assess and brief whether collection and production of non-ADO-level ESI across all of CoreCivic's facilities is warranted. This issue was briefed in the parties' Joint Status Report dated February 16, 2022. [ECF 232.]

At the time of that Joint Status Report, Plaintiffs were deprived of the opportunity to fully review CoreCivic's non-ADO-level production due to Plaintiffs' repeated failure to comply with Court-imposed deadlines for production. As set forth in greater detail in the Joint Status Report, CoreCivic failed to comply with initial deadlines of August 31, 2021 and September 30, 2021 to produce ADO-level and non-ADO-level ESI, respectively. [ECF 232.] As a result, the Court was required to extend these deadlines by several months to November 1, 2021 and December 1, 2021, respectively. [*Id.*] CoreCivic failed to abide by these deadlines as well, failing to complete its final production of non-ADO-level data until December 13, 2021. [*Id.*]

**B.    Plaintiffs Have Identified Additional Non-ADO-Level Documents Containing Unique and Relevant Evidence.**

Since the parties' prior Joint Status Report, Plaintiffs have identified even more

---

[2] As used herein, "ADO-level" has the same meaning as used in ECF 215 and refers to administrative-team-level facility employees designated to be "on call" and approved by the Vice President, Facility Ops to assume the required duties and responsibilities of the Warden/Facility Administrator during non-business hours. They generally include the Warden/Facility Administrator, Assistant Warden/Assistant Facility Administrator, Chief of Security, and Chief of Unit Management.

[3] As used herein, "non-ADO-level" refers to the custodians for which CoreCivic was ordered to produce ESI in the Court's Order Regarding Joint Motion for Determination of Discovery Dispute No. 4 [ECF 192], excluding the ADO-level custodians.

documents demonstrating that CoreCivic's non-ADO-level custodians possess evidence critical to Plaintiffs' claims and distinct from that possessed by ADO-level custodians. For example, the non-ADO-level ESI contains "Grievance Logs" maintained by CoreCivic for the express purpose of tracking complaints by ICE detainees. In many instances, these complaints were monitored and tracked exclusively by non-ADO-level custodians and, based on the documents produced by CoreCivic, never elevated to the attention of ADO-level custodians. Further, these complaints demonstrate that CoreCivic employees frequently subjected detainees to threats, coercion, and physical harm— evidence that directly supports Plaintiffs' forced labor claims. These include complaints wherein a detainee "stat[ed] that D/O [Detention Officer] Herrera threatened him" (CCOG00216556); a detainee complained that he "became defensive due to Officer Carini taking out his MK-9" and questioned "why are you trying to threaten me with your pepper spray" (CCOG00243393); and a detainee said "she felt that due to her trauma that she's gone through, stated that D/O Perry acted as though she was upset and intimidated her" (CCOG243402).[4] CoreCivic's non-ADO-level production also contains an email discussing a complaint that an ICE detainee "was coerced to work without pay or remuneration"—a document directly relevant to both forced labor and California Labor Code issues (CCOG00226125).

     Thus, in addition to the numerous documents cited in the parties' Joint Status Report, the above documents further confirm that CoreCivic's non-ADO-level ESI provides unique insight regarding the implementation of CoreCivic's policies that are absent from the ADO-level ESI. Accordingly, Plaintiffs respectfully request that the Court issue an order requiring CoreCivic to abide by its previously agreed upon ESI parameters and produce responsive documents for both ADO-level and non-ADO-level custodians.

---

[4] Due to size and the fact that these documents were produced in native Excel format, these documents are not attached hereto. Plaintiffs can provide the documents discussed herein to Judge Stormes' chambers if requested.

| | | |
|---|---|---|
| 1 | DATED: June 29, 2022 | **FOLEY & LARDNER LLP** |
| 2 | | Eileen R. Ridley |
| | | Geoffrey Raux |
| 3 | | Alan R. Ouellette |
| 4 | | |
| 5 | | |
| | | */s/* Eileen R. Ridley |
| 6 | | Eileen R. Ridley |
| 7 | | Attorneys for Plaintiffs SYLVESTER OWINO, JONATHAN GOMEZ, and the Proposed |
| 8 | | Class(es) |
| 9 | | |
| | | **LAW OFFICE OF ROBERT L. TEEL** |
| 10 | | Robert L. Teel |
| 11 | | lawoffice@rlteel.com |
| | | 1425 Broadway, Mail Code: 20-6690 |
| 12 | | Seattle, Washington 98122 |
| | | Telephone: (866) 833-5529 |
| 13 | | Facsimile: (855) 609-6911 |
| 14 | | Attorneys for Plaintiffs SYLVESTER OWINO, |
| 15 | | JONATHAN GOMEZ, and the Proposed Class(es) |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 29, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

/s/ Eileen R. Ridley
Eileen R. Ridley