| | |
|---|---|
| 1 | STRUCK LOVE BOJANOWSKI & ACEDO, PLC |
| | Daniel P. Struck, AZ Bar #012377 |
| 2 | *(admitted pro hac vice)* |
| | Rachel Love, AZ Bar #019881 |
| 3 | *(admitted pro hac vice)* |
| | Nicholas D. Acedo, AZ Bar #021644 |
| 4 | *(admitted pro hac vice)* |
| | Ashlee B. Hesman, AZ Bar #028874 |
| 5 | *(admitted pro hac vice)* |
| | Jacob B. Lee, AZ Bar #030371 |
| 6 | *(admitted pro hac vice)* |
| | 3100 West Ray Road, Suite 300 |
| 7 | Chandler, Arizona 85226 |
| | Tel.: (480) 420-1600 |
| 8 | Fax: (480) 420-1695 |
| | dstruck@strucklove.com |
| 9 | rlove@strucklove.com |
| | nacedo@strucklove.com |
| 10 | ahesman@strucklove.com |
| | jlee@strucklove.com |

LAW OFFICE OF ETHAN H. NELSON
Ethan H. Nelson, CA Bar #262448
4 Park Plaza, Suite 1025
Irvine, California 92614
Tel.: (949) 229-0961
Fax: (949) 861-7122
ethannelsonesq@gmail.com

Attorneys for Defendant/Counter-Claimant CoreCivic, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sylvester Owino and Jonathan Gomez, on behalf of themselves, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CoreCivic, Inc., a Maryland corporation,<br><br>Defendant. | NO. 3:17-cv-01112-JLS-NLS<br><br>**DEFENDANT'S STATUS REPORT**<br><br>Date: July 6, 2022<br>Time: 10:00 a.m.<br>Courtroom: (Video-Conference)<br>Magistrate Judge: Honorable Nita L. Stormes |

| | |
|---|---|
| 1 | CoreCivic, Inc., a Maryland corporation, |
| 2 | |
| 3 | Counter-Claimant, |
| 4 | v. |
| 5 | Sylvester Owino and Jonathan Gomez, on behalf of themselves, and all others similarly situated, |
| 6 | |
| 7 | Counter-Defendants. |

Pursuant to this Court's June 7, 2022 Order Resetting Discovery/Status Conference (Dkt. 238), Defendant, CoreCivic, Inc. ("CoreCivic"), submits the following Status Report.

On June 3, 2022, the Ninth Circuit issued its opinion in CoreCivic's appeal affirming the Order granting Plaintiffs' Motion for Class Certification. CoreCivic intends to file a Petition for Rehearing and, to that end, filed an opposed Motion for Extension of Time in the Ninth Circuit on June 10, 2022, seeking to extend the deadline for the Petition from June 17, 2022 to July 1, 2022. The Ninth Circuit granted the Motion for Extension of Time on June 13, 2022. (Dkt. 239.) CoreCivic will file its Petition for Rehearing on or before July 1, 2022. In light of the still-pending appeal, the discovery stay should remain in place, and class-wide collection and production of ESI should also be stayed, as the previously certified classes may be reversed or narrowed on rehearing. Should that occur, CoreCivic will have incurred immense burden and cost for nothing. (*See* Dkt. 232 at 15–25.)[1]

Rather than providing an actual update, Plaintiffs make the same arguments they previously made and that CoreCivic previously addressed. (*See* Dkt. 232.) Again, collection of ESI for all ADO-level and non-ADO-level custodians for essentially one facility (as OMDC replaced SDCF) resulted in over 3.2 million documents to be reviewed. Even after deduplicating and threading, over 208,000

---

[1] The page numbers listed are those assigned by the CM/ECF system.

Defendant's Status Report      2      17cv01112-JLS-NLS

documents remained. (Id. at 15, n.11.)

As of the parties' last Joint Status Report on February 16, 2022, Plaintiffs had identified only 33 documents (out of over 38,000, or 0.09% of the total documents produced) that they believed showed that non-ADO-level ESI will include relevant and responsive documents. (Id. at 16.) The Court should disregard Plaintiffs' complaint that they were "deprived of the opportunity to fully review CoreCivic's non-ADO-level production" prior to filing that Joint Status Report. (Dkt. 240 at 4.) As previously demonstrated by CoreCivic, Plaintiffs ended up having two months to review ESI between completion of productions on December 13, 2021 and the filing of the parties' Joint Status Report on February 16, 2022—a full month more than they would have had under the original deadlines, which required completion of production by September 30, 2021 and the filing of the Joint Status Report by October 31, 2021. (Dkt. 232 at 15, n.11.)

Since then, Plaintiffs have had another six-plus months to review the ESI CoreCivic produced. And yet, in today's individual Status Report, Plaintiffs identify only four more documents they believe show that CoreCivic should be required to produce ESI for all non-ADO-level custodians—i.e., 37 documents out of over 38,000, or 0.1% of the total documents produced. (Dkt. 240 at 5.)

Three of the documents are grievance logs that Plaintiffs claim would only be found in the ESI of non-ADO-level custodians. But CoreCivic has already produced available grievance logs for the facilities at issue at Bates Nos. CCOG00008251; CCOG00008253; CCOG00025053–25055; CCOG00025059–25074; CCOG00025076–25080; CCOG00025084; CCOG00025088–25128; CCOG00025151–25152; CCOG0025154; and CCOG00025161–25164 separate and apart from ESI. The fact that one or more appeared in non-ADO-level ESI does not justify imposing the unreasonable burden that would result from full collection and production of ESI for all non-ADO-level custodians at all facilities at issue, and

Plaintiffs still have not shown otherwise.[2]

As for the complaints Plaintiffs reference, they highlight only one grievance from each log, where each log contains hundreds, and as many as 1,000+ in one instance, of grievances. The first grievance Plaintiffs reference regarding DO Herrera states that the detainee filed a grievance accusing DO Herrera of threatening him only after the detainee received a disciplinary write-up from DO Herrera. (CCOG00216556.) The grievance was found to be not in the detainee's favor, and DO Herrera was reminded of the need to always be professional when dealing with detainees. (Id.) There is no indication in the log that DO Herrera threatened the detainee to force him to work. (Id.)

The second grievance Plaintiffs reference regarding DO Carini states that review of the Milestone surveillance footage showed the detainee challenging DO Carini in response to verbal directives from DO Carini, and that the detainee's aggressive behavior resulted in a disciplinary report, of which the detainee was found guilty. (CCOG00243393.) The grievance was found not in the detainee's favor, and there is no indication in the log that the dispute had anything to do with working. (Id.)

The third grievance Plaintiffs cite is purportedly found in CCOG243402. That Bates number, however, is not a valid number, as it appears to be missing two placeholder zeros before the rest of the digits. But even including those zeros, the resulting grievance log does not contain the quoted language, such that CoreCivic cannot respond to the substance of the grievance.

The fourth document Plaintiffs cite is an email thread that originated with the DHS Office of Inspector General, and pertains to a claim received by the Office of Civil Rights and Civil Liberties that a detainee was coerced to work without pay at OMDC. (CCOG00226125.) The remainder of the thread shows that CoreCivic

---
[2] Plaintiffs have not shown that the grievance logs they reference are different than those already produced by CoreCivic.

investigated the claim and reported that it had no record of that detainee ever working at OMDC during the two weeks he was at the facility in January 2018. (Id.) More specifically, there was no record with the Jobs Coordinator of the detainee holding a position in the VWP, no signed work agreement in his detainee file, and no record of any wages being submitted or posted while he was at the facility. (Id.)

Although this last document may arguably be relevant to the claims and defenses at issue in this case, CoreCivic has never claimed that non-ADO-level ESI will include <u>no</u> relevant and responsive documents. Rather, CoreCivic has consistently maintained that it is unlikely to contain <u>unique</u> documents and information such that the likely benefit to be gained by requiring CoreCivic to produce ESI for all positions outweighs the burden doing so will impose. (Dkt. 232 at 15–25.) Plaintiffs fail to show that this document contains unique information that cannot be obtained elsewhere. Based on its experience in related VWP cases, CoreCivic expects that ADO-level ESI will result in many such documents regarding claims by detainees of being forced to work that are investigated and found to be baseless.

Finally, despite having another six-plus months to review the ESI CoreCivic produced, as well as the detailed analysis CoreCivic submitted comparing the ADO-level ESI to the non-ADO-level ESI (id.), Plaintiffs have failed to show that requiring CoreCivic to collect and produce ESI from all custodians would be proportional to the needs of the case, as they have failed to show that the burden or expense that would result outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1). Indeed, Plaintiffs have failed to show any benefit to be gained from such discovery.

The purpose of ESI discovery is to identify specific facility practices and procedures relating to cleaning done by detainees beyond their personal living spaces, but during CoreCivic's review of the non-ADO documents, it did not identify any relevant substantive emails or attachments with content which either

was not duplicative of ESI from an ADO custodian or which could more quickly and readily be obtained from the facility or extracted from available structured data on a facility-wide basis. (Dkt. 232 at 25.) The Court should limit ESI to ADO-level custodians. If it does not, CoreCivic estimates the complete production will take at least five years and will cost millions of dollars—burdens that Plaintiffs have not shown are outweighed by any benefit that might result. (Dkt. 215.)

Dated: June 29, 2022

By s/ Jacob B. Lee
Daniel P. Struck
dstruck@strucklove.com
Rachel Love
rlove@strucklove.com
Nicholas D. Acedo
nacedo@strucklove.com
Ashlee B. Hesman
ahesman@strucklove.com
Jacob B. Lee
jlee@strucklove.com
STRUCK LOVE BOJANOWSKI & ACEDO, PLC

Ethan H. Nelson
LAW OFFICE OF ETHAN H. NELSON
ethannelsonesq@gmail.com

Attorneys for Defendant/Counter-Claimant CoreCivic, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 29, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

Dated: June 29, 2022

By s/ Jacob B. Lee
Jacob B. Lee