STRUCK LOVE BOJANOWSKI & ACEDO, PLC
Daniel P. Struck, AZ Bar #012377
*(admitted pro hac vice)*
Rachel Love, AZ Bar #019881
*(admitted pro hac vice)*
Nicholas D. Acedo, AZ Bar #021644
*(admitted pro hac vice)*
Ashlee B. Hesman, AZ Bar #028874
*(admitted pro hac vice)*
Jacob B. Lee, AZ Bar #030371
*(admitted pro hac vice)*
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Tel.: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com

LAW OFFICE OF ETHAN H. NELSON
Ethan H. Nelson, CA Bar #262448
4 Park Plaza, Suite 1025
Irvine, California 92614
Tel.: (949) 229-0961
Fax: (949) 861-7122
ethannelsonesq@gmail.com

Attorneys for Defendant/Counter-Claimant
CoreCivic, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sylvester Owino and Jonathan Gomez, on behalf of themselves, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CoreCivic, Inc., a Maryland corporation,<br><br>Defendant. | NO. 3:17-cv-01112-JLS-NLS<br><br>**DEFENDANT'S SUPPLEMENTAL STATUS REPORT**<br><br>Date: July 13, 2022<br>Time: 11:00 a.m.<br>Courtroom: (Video-Conference)<br>Magistrate Judge: Honorable Nita L. Stormes |

| | |
|---|---|
| 1 | CoreCivic, Inc., a Maryland corporation, |
| 2 | |
| 3 | Counter-Claimant, |
| 4 | v. |
| 5 | Sylvester Owino and Jonathan Gomez, on behalf of themselves, and all others similarly situated, |
| 6 | |
| 7 | Counter-Defendants. |

Defendant, CoreCivic, Inc. ("CoreCivic"), submits the following Supplemental Status Report in preparation for the Discovery/Status Conference set for July 13, 2022 at 11:00 a.m. PDT.

In their June 29, 2022 Updated Status Report Regarding Ninth Circuit Appeal and Comparison of ADO-Level and Non-ADO-Level ESI, Plaintiffs claimed to have identified "even more documents demonstrating that CoreCivic's non-ADO-level custodians possess evidence critical to Plaintiffs' claims and distinct from that possessed by ADO-level custodians." (Dkt. 240 at 3–4.) Plaintiffs only specifically mentioned four new documents, however, only one of which actually pertained to claims that a detainee was forced to work in violation of the Trafficking Victims Protection Act ("TVPA"). (Dkt. 241 at 4–5.) That document was an email thread that started with an email from David Canez, Assistant Special Agent-in-Charge of the U.S. Department of Homeland Security Office of Inspector General Office of Investigations, regarding the allegation and ended with an email from Travis Nelson, a Deportation Officer with United States Immigration and Customs Enforcement to Richard Crouch, the Business Administrator for Otay Mesa Detention Center ("OMDC"), thanking him for his investigation and response to the allegation. (CCOG00226125.)

Although the complete email thread does not appear to have been previously included in the ADO-level documents CoreCivic produced, this does not mean that it contained unique information "distinct from that possessed by ADO-level

custodians." To the contrary, six documents (1) containing earlier parts of the complete thread or (2) that were not part of the thread but pertained to CoreCivic's investigation of the allegation were previously produced with ADO-level ESI from Assistant Warden ("AW") Garcia, AW Powell, and Chief of Unit Management Sawyer as CCOG00124395, CCOG00124400, CCOG00140825, CCOG00140826, CCOG00141051, and CCOG00141052 on August 31, September 14, and September 29, 2021. A simple search in the ESI CoreCivic previously produced for the detainee's name and/or A-number would have alerted Plaintiffs to the existence of these documents.

As for the three grievance logs, CoreCivic previously observed in its June 29, 2022 Status Report that Plaintiffs had not shown that the grievance logs they referenced were different than those CoreCivic had already produced as CCOG00008251; CCOG00008253; CCOG00025053–25055; CCOG00025059–25074; CCOG00025076–25080; CCOG00025084; CCOG00025088–25128; CCOG00025151–25152; CCOG0025154; and CCOG00025161–25164 separate and apart from ESI. (Dkt. 241 at 4 n.2.)[1] And for good reason—two of the grievance log entries Plaintiffs reference—Grievance No. 2018-2610-00119-G on CCOG00243393 and Grievance No. 2019-2610-00466-G on CCOG00243399[2]—are listed verbatim on grievances logs previously produced by CoreCivic as CCOG00008251 and CCOG00079738 on September 7, 2018 and April 15, 2019 as loose ESI. Again, a simple search in the documents CoreCivic previously produced for the grievance numbers, detainees' names and/or A-numbers, or the detention officers' names would have alerted Plaintiffs to the existence of these documents.

---

[1] These grievance logs ran from the beginning of the relevant time period (or as far back in the relevant time period as they were available) through February 2019.

[2] Plaintiffs identified this grievance log as CCOG243402, which CoreCivic previously informed the Court does not exist. (Dkt. 241 at 4.) By searching for the detention officer's name, however, CoreCivic was able to locate the grievance log and entry at issue in CCOG00243399.

Defendant's Supplemental Status Report      3      17cv01112-JLS-NLS

The only document Plaintiffs reference in their Updated Status Report that is "unique" is Grievance No. 2020-2610-00009-G on CCOG00216556, which is a grievance log that included grievances for 2020 and was created after the last round of grievance logs CoreCivic produced. This does not, however, justify the expensive and time-consuming ESI discovery Plaintiffs demand, as CoreCivic can easily and efficiently produce updated grievance logs outside of the ESI collection, review, and production process (like it did before) and will do so if and when the discovery stay is lifted.

Despite having many months to review the ESI CoreCivic produced for OMDC and SDCF, Plaintiffs have failed to provide the Court with good cause to require CoreCivic to engage in ESI discovery that would require at least five years and cost millions of dollars to complete, let alone shown that the likely benefit of such discovery would outweigh the immense burdens it would impose. *See* Fed. R. Civ. P. 26(b)(1). For the reasons stated in CoreCivic's portions of Dkt. 215, 232, 241, and this Supplemental Status Report, the Court should (1) limit the collection of ESI to only ADO-level custodians at facilities that have housed 25,000+ ICE detainees during the relevant time period (approximately 150 individuals as of February 2021), (2) either exclude custodians from CoreCivic's Facility Support Center ("FSC") (i.e., headquarters) or limit them to Vice President, Partnership Relations; Sr. Director, Partnership Relations; Vice President, Facility Operations; and Vice President, Operations Administration (approximately 39 individuals as of February 2021), and (3) allow CoreCivic a full year to complete the collection, review, and production of ESI once the discovery stay is lifted.

Dated: July 12, 2022

By s/ Jacob B. Lee
Daniel P. Struck
dstruck@strucklove.com
Rachel Love
rlove@strucklove.com
Nicholas D. Acedo
nacedo@strucklove.com
Ashlee B. Hesman
ahesman@strucklove.com
Jacob B. Lee
jlee@strucklove.com
STRUCK LOVE BOJANOWSKI & ACEDO, PLC

Ethan H. Nelson
LAW OFFICE OF ETHAN H. NELSON
ethannelsonesq@gmail.com

Attorneys for Defendant/Counter-Claimant CoreCivic, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 12, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

Dated: July 12, 2022

By s/ Jacob B. Lee