EILEEN R. RIDLEY (SBN 151735)
eridley@foley.com
ALAN R. OUELLETTE (SBN 272745)
aouellette@foley.com
**FOLEY & LARDNER LLP**
555 California Street, Suite 1700
San Francisco, CA 94104-1520
T: 415.434.4484 // F: 415.434.4507

GEOFFREY M. RAUX (*pro hac vice*)
graux@foley.com
**FOLEY & LARDNER LLP**
111 Huntington Avenue
Boston, MA 02199-7610
T: 617.342.4000 // F: 617.342.4001

ROBERT L. TEEL  (SBN 127081)
lawoffice@rlteel.com
**LAW OFFICE OF ROBERT L. TEEL**
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
T: 866.833.5529 // F: 855.609.6911

Attorneys for Plaintiffs SYLVESTER OWINO,
JONATHAN GOMEZ, and the Certified Classes

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>CORECIVIC, INC.,<br><br>　　　　　　Defendant.<br><br>_____<br><br>CORECIVIC, INC.,<br><br>　　　　　　Counter-Claimant,<br><br>　vs.<br><br>SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>　　　　　　Counter-Defendants. | Case No. 3:17-CV-01112-JLS-SBC<br><br>**CLASS ACTION**<br><br>**JOINT STATUS REPORT FOR JULY 19, 2023 APPEAL MANDATE HEARING**<br><br>Judge:  Hon. Janis L. Sammartino<br>Magistrate:  Hon. Steve B. Chu |

Plaintiffs Sylvester Owino and Jonathan Gomez ("Plaintiffs") and Defendant CoreCivic, Inc. ("CoreCivic") hereby submit this Joint Status Report in advance of the Appeal Mandate Hearing on July 19, 2023 at 9:00 a.m. [ECF No. 256].

## I. PLAINTIFFS' STATEMENT

The Ninth Circuit affirmed this Court's certification of each of the following classes:

(1) <u>California Labor Law Class</u>: All ICE detainees who (i) were detained at a CoreCivic facility located in California between May 31, 2013 and the present, and (ii) worked through CoreCivic's Voluntary Work Program ("VWP") during their period of detention in California.

(2) <u>California Forced Labor Class</u>: All ICE detainees who (i) were detained at a CoreCivic facility located in California between June 1, 2006 and the present, (ii) cleaned areas of the facilities beyond the personal housekeeping tasks enumerated in ICE PBNDS, and (iii) performed such work under threat of discipline irrespective of whether the work was paid or unpaid.

(3) <u>National Forced Labor Class</u>: All ICE detainees who (i) were detained at a CoreCivic facility between December 23, 2008 and the present, (ii) worked through CoreCivic's VWP, and (iii) purchased basic living necessities through CoreCivic's commissary during their period of detention.

As to the National Forced Labor Class, the Ninth Circuit held that CoreCivic had not waived its personal jurisdiction challenge with respect to the claims of non-California-facility class members for failing to raise such a defense in its first responsive pleading.[1]

Based on these rulings, Plaintiffs propose the following steps for (1) CoreCivic's personal jurisdiction challenge, (2) fact discovery, (3) class notice, and (4) additional pretrial deadlines and the setting of a trial date.

---

[1] Following the filing of CoreCivic's appeal, the Ninth Circuit decided *Moser v. Benefytt, Inc.*, 8 F.4th 872, 877 (9th Cir. 2021), which held that prior to class certification, a defendant does "not have 'available' a Rule 12(b)(2) personal jurisdiction defense to the claims of unnamed putative class members who were not yet parties to the case." As a result, the Ninth Circuit held that CoreCivic did not waive the right to assert a personal jurisdiction challenge as to non-California-facility class members.

-1-    Case No. 17-CV-01112-JLS-SBC

### A. CoreCivic's Personal Jurisdiction Challenge To The National Forced Labor Class

Based on CoreCivic's prior arguments, Plaintiffs anticipate that CoreCivic will attempt to renew its personal jurisdiction challenge pursuant to *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 137 S. Ct. 1773, 1776 (2017). *See Owino v. CoreCivic, Inc.*, 60 F.4th 437, 447 (9th Cir. 2022) ("Owino's challenge to the merit of CoreCivic's personal jurisdiction defense is an issue for the district court to resolve.").

Plaintiffs propose the following briefing schedule for the resolution of this issue in the event CoreCivic wants to maintain a personal jurisdiction defense:

- CoreCivic must file a motion on this issue by August 4, 2023;
- Plaintiffs may file a response by August 25, 2023; and
- CoreCivic may file a reply brief by September 8, 2023.

The Court may set a hearing or decide the issue based on the parties' briefing. Plaintiffs believe that the resolution of this threshold issue should be prioritized since it impacts, *inter alia*, the scope of further discovery and Plaintiffs' class notice program.

### B. Dispositive Motions

Plaintiffs intend to file a dispositive motion seeking an adjudication of the issue of employment status of the California Labor Law Class as soon as possible in compliance with the Court's order denying without prejudice Plaintiffs' prior dispositive motion on this issue.

### C. Status of Discovery

The parties completed briefing on pending discovery disputes which remain unresolved due to the stay on discovery. The discovery disputes concern (1) the scope of the ESI collection and production at CoreCivic's Facility Support Center ("FSC") [ECF No. 252 at fn.2], (2) whether CoreCivic is excused from its prior agreement (and obligations under this Court's prior orders[2]) to collect and produce ESI from CoreCivic's facilities outside of California that housed less than 25,000 detainees [*Id* at 4:14-6:17, fn.4],

---

[2] *See* ECF No. 192 at 4:1-6:1.

1  and (3) whether CoreCivic is excused from its prior agreement (and obligation under this
2  Court's prior orders[3]) to collect ESI from both "ADO-level" and "non-ADO-level" ESI
3  custodians at its facilities outside of California [*Id*. at 6:18-8:14, fn.5]. For the reasons
4  previously briefed by Plaintiffs, CoreCivic's existing discovery obligations should be
5  maintained because the information is foundational to the National Forced Labor Class and
6  imposing further limitations on Plaintiffs' ability to conduct discovery would unduly
7  prejudice the prosecution of the claims of the National Forced Labor Class.

8        Given that the parties completed briefing on these issues over one year ago, Plaintiffs
9  will not belabor the Court with additional argument here. In light of CoreCivic's lengthy
10 argument below, however, Plaintiffs note their objection to CoreCivic's request that the
11 Court simply adopt Judge Stormes' ruling with respect to the California-specific classes
12 and apply them globally. Briefly, CoreCivic has not produced *any* ESI from the
13 previously-ordered custodians from its facilities outside of California or its FSC. If the
14 Court is inclined to agree with CoreCivic's position, Plaintiffs propose that—at a
15 minimum—the Court first order the production of ESI from a subset of CoreCivic's
16 facilities outside of California from both ADO-level and non-ADO-level custodians, as
17 well as custodians at the FSC, in order for the Court to even be in a position to evaluate the
18 merits of CoreCivic's arguments (which, to date, CoreCivic has not attempted to support
19 other than through a declaration from Jason Ellis, CoreCivic's Managing Director for
20 Business Unit, One Division One, which Judge Stormes deemed "not sufficient to
21 substantiate CoreCivic's previous argument in its motion" (ECF No. 252 at 5:12-14)).
22 Plaintiffs will submit further briefing on these issues if the Court determines it will assist
23 the Court in resolving the pending discovery disputes.

24       After these issues are resolved, Plaintiffs further request that the Court set firm
25 deadlines for CoreCivic to complete its ESI collection and production,[4] as well as its

---

[3] *See* ECF No. 192 at 4:1-6:1.
[4] The Court has previously admonished CoreCivic for failing to timely comply with its discovery obligations. [*See* ECF 224 at 9:7 ("the Court is disinclined to reward CoreCivic for delaying in complying with its discovery obligations").] Plaintiffs respectfully request that the Court set firm deadlines for CoreCivic's compliance with its obligations to collect

production of detainee files. [*See* ECF No. 192 at 3:12-26 (ordering the collection and production of a random sampling of detainee files based on parameters proposed by Plaintiffs).]

### D.  Class Notice

Prior to the granting of CoreCivic's Petition for Permission to Appeal pursuant to Rule 23(f), Plaintiffs obtained Court-approval of its Class Notice Program. Before the plan was executed, the Ninth Circuit granted CoreCivic's petition and this action was stayed pending the resolution of CoreCivic's appeal. [ECF No. 224.]

Plaintiffs request updated class member data from CoreCivic for each of its facilities (or an order from the Court in the event CoreCivic denies this request). This information is necessary given that all three Certified Classes run through the present and the data provided by CoreCivic previously is now more than a couple of years old. In terms of timing of class notice, Plaintiffs believe it would be in the best interest of the parties and the Certified Classes to resolve CoreCivic's personal jurisdiction challenge to the National Forced Labor Class before Plaintiffs finalize and implement a notice program. After the personal jurisdiction challenge is resolved and updated class member data is provided, Plaintiffs request a reasonable amount of time for their experts to update and modify the previously approved class notice program before setting a deadline for its implementation.

### E.  Pretrial Deadlines and Trial Date

For the reasons discussed above, Plaintiffs believe it is premature to set additional pretrial deadlines or a trial date until CoreCivic's personal jurisdiction challenge is resolved and firm timelines are established for CoreCivic's compliance with its obligations to collect and produce relevant documents and ESI. Plaintiffs will seek the setting of pretrial deadlines and a trial date immediately following the completion of these steps.

## II.  CORECIVIC'S STATEMENT

CoreCivic agrees with Plaintiffs' summary of the outcome of the appeal in the Ninth Circuit, the class definitions, and the status of CoreCivic's personal jurisdiction challenge

---

and produce documents and ESI to avoid further delay.

-4-                                                 Case No. 17-CV-01112-JLS-SBC

and provides the following responses to Plaintiffs' positions.

A. **CoreCivic's Personal Jurisdiction Challenge To The National Forced Labor Class**

CoreCivic agrees that the personal jurisdiction issue should be resolved before any further orders are entered as to nationwide class discovery, as an order finding that the Court lacks personal jurisdiction over CoreCivic as to all claims arising out of any non-California facilities would eviscerate the National Forced Labor Class and obviate the need for any discovery as to such non-California facilities.

CoreCivic also agrees with Plaintiffs' proposed briefing deadlines.

B. **Dispositive Motions**

The April 1, 2020 Order denying without prejudice Plaintiffs' Motion for Partial Summary Judgment regarding the employment status of VWP participants did not require Plaintiffs to re-file the Motion within any particular timeframe, such that it is not clear what Plaintiffs mean when they state they will re-file it "as soon as possible in compliance with the [Order]." (*See* Dkt. 179 at 8:4–7.) CoreCivic requests that the Court issue an Order postponing briefing on the employment status issue until after briefing is complete on the personal jurisdiction issue, consistent with Plaintiffs' position (which CoreCivic agrees with) that resolution of the personal jurisdiction issue should be a priority.

C. **Status of Discovery**

On May 15, 2023, Magistrate Judge Stormes ruled on the parties' Joint Motion for Determination of Discovery Dispute No. 5. (Dkt. 252.) Specifically, she ruled that, "given the significant burden concerns with ESI production in this case," it was "appropriate to excuse CoreCivic from having to produce documents from the California City Correctional Center at this time (since it houses less than 25,000+ detainees)." (Dkt. 252 at 6:12–14.) As to whether to require CoreCivic to produce ESI from both ADO-level and non-ADO-level custodians,[5] Judge Stormes recognized that "[t]he volume of the data that is at issue

---

[5] ADO staff are administrative-team-level facility employees designated to be "on call" and approved by the Vice President, Facility Ops to assume the required duties and responsibilities of the Warden/Facility Administrator during non-business hours. They

here is immense" and found that "the balance [between 'the needs of the case and the burden of production in a way that is realistically achievable'] is better met by limiting the ESI production to ADO-level custodians." (Id. at 8:10–14.)

Although Judge Stormes specifically limited her rulings to the California facilities consistent with the Order Granting in Part and Denying in Part Defendant's Motion to Stay Proceedings Pending Appeal (Dkt. 224; Dkt. 225 at 3:6–10, 6:27–28 n. 4, 8:27–28 n. 5), there is no reason for the Court to rule any differently with regard to all facilities at issue nationwide. Plaintiffs merely repeat the same argument here that they have made at least four times before (Dkt. 215, 232, 241, and 248)—i.e., that CoreCivic previously agreed and was ordered to produce ESI from all facilities for both ADO-level and non-ADO-level custodians. Plaintiffs have never shown, however, that they would be denied "foundational" discovery or otherwise prejudiced as to their nationwide claims if the facilities and custodians for which nationwide ESI must be collected, reviewed, and produced were narrowed in the way CoreCivic has proposed.[6] (Dkt. 215, 232, 241, and 248.) Moreover, Plaintiffs have never shown that the immense burden that would be imposed on CoreCivic is in any way proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). To the contrary, the "[immense] volume of the data" that was at issue with respect to the two California facilities will be exponentially more immense if it is expanded out to all facilities and custodians at issue. (*See* Dkt. 215 at 13:20–19:24 (estimating the time and cost to collect, review, and produce ESI for all facilities and custodians at issue).)

CoreCivic therefore requests that, to the extent the non-California facilities remain at issue following a ruling on personal jurisdiction, the Court extend Judge Stormes' May 15, 2023 Order to all facilities at issue nationwide. Plaintiffs ask that the Court repeat the process already used by Judge Stormes for the California facilities to determine the

---

generally include the Warden/Facility Administrator, Assistant Warden/Assistant Facility Administrator, Chief of Security, and Chief of Unit Management. (Dkt. 252 at 3:26–28 n.1.)

[6] *See* Dkt. 232 at 15:17–17:2 (arguing why the non-ADO-level documents Plaintiffs relied on to argue against narrowing the facilities and custodians failed to support Plaintiffs' position); Dkt. 241 at 3:14–5:17 (same).

appropriate scope of nationwide ESI discovery—i.e., comparison of a subset of ADO-level and non-ADO-level ESI, "as well as custodians at the FSC"—but provide no basis to believe that this exercise would yield any different results[7] and no proposed parameters to carry it out. Should the Court be inclined to consider Plaintiffs' request, CoreCivic requests that the parties be permitted to brief the issue first.

Regarding the Facility Support Center ("FSC") custodians—i.e., individuals hold corporate-level leadership positions, the parties previously briefed this issue in their Joint Status Report Regarding Proposed ESI Limitations. (Dkt. 248.) There, CoreCivic proposed that the FSC positions be limited to four positions that would be most likely to be involved in decision-making with respect to promulgation, interpretation, enforcement, and revision of the policies and procedures at issue in this case. (Id. at 9:17–11:15.) Magistrate Judge Stormes reserved ruling on this issue, as it was outside the California-only discovery that was not stayed by the Order Granting in Part and Denying in Part Defendant's Motion to Stay Proceedings Pending Appeal. (Dkt. 224; Dkt. 252 at 4:25–28 n.2.) CoreCivic requests that the Court adopt its proposal for limiting the FSC custodians. Collection and production of FSC-level ESI should be postponed, however, until the Court rules on the personal jurisdiction issue, as elimination of the non-California facilities would significantly reduce the number of individuals to be collected for each position.

Finally, regarding production of detainee files, similar concerns apply as to the scope and timing of the production—if the non-California facilities are eliminated on the basis of lack of personal jurisdiction over CoreCivic as to those facilities, there will be no need to collect and produce detainee files for those facilities.

D.   **Class Notice**

CoreCivic agrees that production of updated class member data is appropriate given

---

[7] The declaration of Jason Ellis was submitted during one of several rounds of briefing on this issue. Because Judge Stormes did not consider the declaration sufficient on its own to support CoreCivic's positions, she required further evidence and briefing. Following that further evidence and briefing, Judge Stormes adopted CoreCivic's proposals to limit ESI discovery for the California facilities to those facilities that housed 25,000+ detainees during the relevant timeframe and to ADO-level custodians. (Dkt. 252 at 4:14–8:14.)

the passage of time since the last such production, but requests that any such production be postponed until after the Court resolves the personal jurisdiction issue since, as noted above, an order finding that the Court lacks personal jurisdiction over CoreCivic as to all claims arising out of any non-California facilities would eviscerate the National Forced Labor Class and require updated data from only one facility—Otay Mesa Detention Center, the only California facility that has continued to house class members since the last production of class member data. CoreCivic further agrees that the Court should resolve the personal jurisdiction issue before Plaintiffs finalize and implement a notice program.

### E.     Pretrial Deadlines and Trial Date

CoreCivic agrees that it would be premature to set a trial date and associated pretrial deadlines at this time, given the issues discussed above that remain to be resolved. Instead, CoreCivic requests that the Court hold a Case Management Conference and issue a new Scheduling Order after it has ruled on the personal jurisdiction issue.

DATED:  July 14, 2023

**FOLEY & LARDNER LLP**
Eileen R. Ridley
Geoffrey Raux
Alan R. Ouellette


/s/ Eileen R. Ridley
Eileen R. Ridley
Attorneys for Plaintiffs SYLVESTER OWINO, JONATHAN GOMEZ, and the Proposed Class(es)


**LAW OFFICE OF ROBERT L. TEEL**
Robert L. Teel
    lawoffice@rlteel.com
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
Telephone:  (866) 833-5529
Facsimile:  (855) 609-6911

Attorneys for Plaintiffs SYLVESTER OWINO, JONATHAN GOMEZ, and the Certified Classes

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

*/s/* Jacob B. Lee
Daniel P. Struck
dstruck@strucklove.com
Rachel Love
rlove@strucklove.com
Nicholas D. Acedo
nacedo@strucklove.com
Ashlee B. Hesman
ahesman@strucklove.com
Jacob B. Lee
jlee@strucklove.com

Ethan H. Nelson
LAW OFFICE OF ETHAN H. NELSON
ethannelsonesq@gmail.com

Attorneys for Defendant/Counter-Claimant CoreCivic, Inc.

## CONSENT TO FILE JOINT MOTION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to all parties, and I have obtained authorization to affix their electronic signature(s) to this document.

*/s/* Eileen R. Ridley
Eileen R. Ridley

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 14, 2023, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

/s/ Eileen R. Ridley
Eileen R. Ridley