UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO, JONATHAN GOMEZ, on behalf of themselves, and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CORECIVIC, INC., a Maryland corporation,<br><br>Defendant. | Case No.: 17cv1112-JLS-SBC<br><br>**ORDER FOLLOWING FEBRUARY 23, 2024, DISCOVERY DISPUTE CONFERENCE** |
| AND RELATED CROSS ACTION | |

Before the Court is the parties' updated joint statement of discovery dispute. (ECF No. 279.)

## I. BACKGROUND

On July 28, 2021, presiding District Judge Jannis L. Sammartino issued an order granting in part and denying in part Defendant's motion to stay the case pending its Rule 23(f) appeal. (ECF No. 224.) The Court granted the stay pending the appeal, "[a]part from the pending discovery dispute (ECF No. 215) and any California-focused discovery consistent with Judge Stormes' resolution of said dispute." (*Id*. at 11.) On May 15, 2023,

Magistrate Judge Nita L. Stormes determined that it was appropriate to limit Defendant's ESI production ". . . as to the California facilities to ADO-level[1] custodians and to include only facilities that house 25,000+ detainees." (ECF No. 252 at 9.) In the order, Judge Stormes highlighted that "[t]his order is without prejudice to a further determination of whether it applies nationwide, after the stay on nationwide discovery is lifted." (*Id.*)

On November 2, 2023, the stay was lifted when District Judge Jannis L. Sammartino determined that the Court may exercise specific jurisdiction over Defendant with respect to the claims of the nationwide class members. (ECF No. 274.) Judge Sammartino referred the parties to the Magistrate Judge to "resolve any outstanding discovery or scheduling concerns." (*Id.* at 16.) On December 13, 2023, the Court held a status conference, and Magistrate Judge Steve B. Chu ordered the parties to submit an updated joint statement of discovery dispute. (ECF No. 276.) On January 19, 2024, the parties' filed a joint statement of discovery dispute in accordance with this Court's Chamber Rules. (ECF No. 279.) On February 23, 2024, the Court conducted a discovery dispute conference via Zoom. (ECF No. 283.) The parties' appeared through their counsel of record, and the Court heard the parties' respective positions.

## II.   DISCUSSION

The parties' discovery dispute centers around the scope of ESI that Defendant shall produce regarding: (1) facilities outside of California that house less than 25,000 detainees; (2) ADO-level and non-ADO level custodians; and (3) the Facility Support Center ("FSC") custodians. (*See* ECF No. 279.)

---

[1] ADO-level refers to administrative-team-level facility employees designated to be "on call" and approved by the Vice President, Facility Ops to assume the required duties and responsibilities of the Warden/Facility Administrator during non-business hours. They generally include the Warden/Facility Administrator, Assistant Warden/Assistant Facility Administrator, Chief of Security, and Chief of Unit Management. (ECF No. 215-1 at 7 n.2.)

As Judge Stormes noted, due to the immense volume of data at issue, the Court must find a way to balance the needs of the case and the burden of production, which is required under the proportionality requirement of Rule 26(b)(1). (*See* ECF No. 252.) Accordingly, and for the reasons set forth on the record, the Court **HEREBY** limits Defendant's ESI production for the non-California facilities to ADO-level custodians, and to include only facilities that house 25,000+ detainees. Additionally, the Court accepts Defendant's proposed limitation regarding Facility Support Center ("FSC") custodians and limits ESI to the following positions: (1) Vice President, Partnership Relations; (2) Sr. Director, Partnership Relations; (3) Vice President; Facility Operations; and (4) Vice President, Operations Administration.[2] (*See* ECF No. 279 at 8-10.) Due to the limitations granted herein, the Court **DENIES** Defendant's request to require Plaintiffs to share the cost of the ESI collection and production.

Lastly, as Defendant represents that the ESI collection and production will take a year to complete, the Court **ORDERS** the parties to file a **joint status report every 90 days** from the date of this order to update the Court on the progress of the ESI production.[3] The fourth status report, which the parties shall file in one year, must include a proposed scheduling order.

**IT IS SO ORDERED.**

Dated: February 27, 2024

Hon. Steve B. Chu
United States Magistrate Judge

---

[2] The Court understands that in February 2021, 39 individuals held corporate-level positions, but the numbers may have changed since. If the ESI produced indicates that discovery is needed for additional individuals or positions, then the parties are directed to inform the Court, and the issue may be revisited at a later time.

[3] Based upon the joint status report, the Court may set a status conference to discuss the parties' progress.