UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL TATE, SR., <br><br> Petitioner, <br><br> v. <br><br> UNKNOWN, <br><br> Respondent. | Case No.: 24-CV-756 JLS (LR) <br><br> **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Lionel Tate, Sr. is a state prisoner currently incarcerated at Calipatria State Prison. Petitioner, proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging both a 1993 Santa Clara County Superior Court conviction and sentence as well as the conditions of his confinement during his incarceration at California State Prison, Solano. *See* ECF No. 1 ("Pet.") at 1, 7–15.[1] Petitioner has paid the $5.00 filing fee. *See* ECF No. 2. Having carefully considered the Petition and the applicable law, the Court **DISMISSES** this case **WITHOUT PREJUDICE**.

///

---

[1] All page citations to the Petition refer to the blue page numbers affixed to the top right corner of each page in CM/ECF.

## FAILURE TO NAME A PROPER RESPONDENT

As a preliminary matter, Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name as respondent the state officer with custody. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rules Governing § 2254 Cases, Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden of a petitioner's correctional institution is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* Instead, "the 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rules Governing § 2254 Cases, Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).

So, for the Court to entertain the Petition, Petitioner must name either the warden in charge of the state correctional facility in which he is presently confined or the current Director of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam). Petitioner has named neither party. Consequently, the Court lacks personal jurisdiction. *See* Pet. at 1.

## HABEAS JURISDICTION

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 497 (1973). Petitioner's state court conviction occurred in the Superior Court of California, County of Santa Clara, which is within the jurisdictional boundaries of the United States District Court for the Northern District of California. *See* 28 U.S.C. § 84(a). Petitioner is presently confined at Imperial County's Calipatria State Prison, which is within the jurisdictional boundaries of the United States District Court for the Southern District of California. *See* 28 U.S.C. § 84(d). Thus, habeas jurisdiction exists in both the Southern and Northern Districts.

When a habeas petitioner is challenging a judgment of conviction, the district court of the district in which the judgment of conviction was entered is a more convenient forum because of the accessibility of evidence, records and witnesses. *See Braden*, 410 U.S. at 497, 499 n.15 (recognizing that the district where the conviction occurred is often the more convenient forum); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968). Thus, it is generally the practice of the district courts in California to transfer habeas actions questioning judgments of conviction to the district in which the judgment was entered. Here, that would be the Northern District of California.

For the reasons that follow, however, the Court elects dismissal without prejudice in lieu of transfer.

## CLAIM CHALLENGING CONDITIONS OF CONFINEMENT

A Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for at least one of the claims Petitioner presents. In ground four of the Petition, Petitioner asserts that "CDCR, CSP-Sol, destroyed my legal materials denying me access to the courts." Pet. at 10. Specifically, Petitioner asserts that on May 8, 2023, correctional personnel "destroyed [his] legal materials and then lied claiming no involvement," which prevented him from presenting evidence supporting his claims in other pending cases against the same institution. *Id.*

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Meanwhile, "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id.* at 499.

Upon review, ground four of the Petition is not cognizable through habeas because success on that ground "would not necessarily lead to [Petitioner's] immediate or earlier release from confinement." *See* 28 U.S.C. § 2254(a); *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc). To the extent Petitioner seeks to challenge the conditions

of his confinement, he must do so, if at all, in a civil rights complaint filed pursuant to 42 U.S.C. § 1983. *See id.* at 927 ("[A] § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus.").

Moreover, while Petitioner is currently confined at Calipatria, Petitioner alleges that the events at issue took place during his incarceration at California State Prison, Solano, *see* Pet. at 10, 15, 19-31, which is in Solano County and therefore within the jurisdictional boundaries of the Eastern District of California. *See* 28 U.S.C. § 84(b). So, the proper venue for any claims concerning his conditions of confinement while at Solano is the Eastern District. *See* 28 U.S.C. § 1391(b).

The instant Petition presents claims challenging Petitioner's conviction and sentence (both imposed in Santa Clara County) and claims challenging the conditions of his confinement in Solano County. Because these two groups of claims are best resolved in two different districts—neither of which is the Southern District—the Court declines to transfer the instant case and instead finds dismissal without prejudice appropriate. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought.").

## CONCLUSION AND ORDER

For the reasons discussed above, the Court **DISMISSES** this case **WITHOUT PREJUDICE** to Petitioner seeking habeas relief in the Northern District of California with respect to his Santa Clara County Superior Court conviction.[2] To the extent Petitioner wishes to pursue claims concerning the conditions of his confinement during his time of

---

[2] Petitioner also indicates that (1) this is not his first federal petition challenging this same conviction, (2) he filed a prior action in the Northern District of California which was denied on the merits, and (3) the Ninth Circuit Court of Appeals has not given him permission to file a second or successive petition. *See* Pet. at 6. Because the Northern District is the more convenient and appropriate forum for any challenge to Petitioner's Santa Clara County conviction, Petitioner indicates "unknown" with respect to the prior case number/date of decision, *see id.*, and this action is independently subject to dismissal, the Court finds it unnecessary to address Petitioner's prior petition in this Order.

incarceration at California State Prison, Solano, this dismissal is similarly without prejudice to Petitioner filing a new civil rights complaint pursuant to 42 U.S.C. § 1983 in the Eastern District of California.

**IT IS SO ORDERED.**

Dated: May 6, 2024

Hon. Janis L. Sammartino
United States District Judge