# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CORECIVIC, INC., a Maryland corporation,<br><br>Defendant. | Case No.: 17-CV-1112 JLS (SBC)<br><br>**ORDER SETTING FACT DISCOVERY AND CLASS NOTICE SCHEDULE** |
| CORECIVIC, INC., a Maryland corporation,<br><br>Counterclaimant,<br><br>v.<br><br>SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,<br><br>Counterdefendants. | |

On May 3, 2024, the Court expressed concerns that the Parties were not proceeding diligently with fact discovery and class notice. ECF No. 289 (the "Order") at 8–11 & n.3. The Court therefore ordered the Parties to file proposed fact discovery and class notice

schedules. *Id.* The Parties filed both schedules in a Joint Status Report ("JSR," ECF No. 292) on June 4, 2024.

Before setting a schedule, the Court will address three issues raised by the Parties JSR. First, rolling ESI production deadlines. Plaintiffs Sylvester Owino and Jonathan Gomez (collectively, "Plaintiffs") request that the Court require Defendant CoreCivic, Inc., "to produce [ESI] on a rolling basis every two weeks until complete, with a substantial completion deadline of December 1, 2024." JSR at 2. Per Plaintiffs, such interim deadlines will allow them to "process and analyze ESI produced by CoreCivic as it is received by CoreCivic." *Id.* Defendant responds that commencing with rolling deadlines immediately would be inefficient and risk subpar results. *Id.* at 10. Because Defendant uses an active learning algorithm—coupled with contract attorney review—to process ESI for relevance, it is most efficient to begin ESI processing only after ESI has been collected from substantially all custodians. *See* JSR at 9–12. To begin processing with a limited pool of ESI, per Defendants, risks inconsistent coding and less-effective algorithm training. *Id.* Defendant concedes, however, that rolling productions of ESI can commence once processing of the full pool of ESI has begun. *Id.* at 10 & n.6. Defendant estimates this processing will take approximately four months from start to finish. *Id.*

The Court is persuaded by Defendant's efficiency argument. Defendant shall begin rolling productions of ESI every two weeks on either (A) the date when Defendant has collected ESI from substantially all custodians or (B) October 30, 2024 (approximately four months before Defendant's deadline to complete ESI production), whichever is earlier.

Second, privilege. Defendant seems to be under the impression that it need only complete *substantially* all its ESI production by February 27, 2025, i.e., "completion of production of all ESI that has not been marked 'privileged' or 'for further review.'" *See id.* That assumption is incorrect. Defendant must complete *all* ESI production by February 27, 2025. The Court sees no reason why Defendant cannot complete review of ESI marked "privileged" or "for further review" simultaneously with its review of other ESI.

///

Third, production of detainee files. Plaintiffs request that Defendant be required to produce a random sampling of detainee files—using the methodology previously approved by this Court, *see* ECF No. 192 at 3—within 120 days of the Parties' finalization of a sampling process. JSR at 12. Defendant contends producing such files is "simply not possible," but provide no reason why this is so. *Id.* And given that the Court ordered the Parties to agree on a sampling procedure in July of 2020, ECF No. 192 at 3—and no progress appears to have been made since then—the Court is strongly disinclined to countenance further delay. The Court will therefore adopt Plaintiffs' proposed detainee-file-production schedule.

Accordingly, the Court **SETS** the following fact discovery and class notice schedule.

| Event | Deadline |
|---|---|
| In line with ECF No. 192, Parties to agree on software program to use for random sampling of detainee files in accordance with previously adopted sampling plan. | July 15, 2024 |
| Defendant to commence rolling production of detainee files every two weeks. | July 29, 2024 |
| Parties to complete preliminary identification of fact witnesses from Defendant's California facilities for deposition.[1] | July 31, 2024 |
| Plaintiffs to complete analysis of updated class member data and demographic analysis. | August 1, 2024 |
| Plaintiffs to file updated class notice plan materials. | September 1, 2024 |
| Defendant to agree or object to updated notice plan. | September 20, 2024 |
| Last day for Defendant to commence rolling productions of nationwide ESI every two weeks. | October 30, 2024 |
| Plaintiffs to begin class notice program. | November 4, 2024 |
| Defendant to complete production of sampled detainee files. | November 12, 2024 |

---

[1] Though Plaintiffs' proposed interim deadlines were "dependent on Plaintiffs' receipt of ESI from CoreCivic's FSC and facilities outside of California on a rolling basis," JSR at 4, because Plaintiffs have already received ESI from Defendant's California facilities, the Court sees no reason why Plaintiffs cannot (1) identify fact witnesses associated with those facilities for deposition and (2) commence those depositions.

| | |
|---|---|
| Plaintiffs to complete class notice program. | December 4, 2024 |
| Defendant to complete *all* (not substantially all) production of nationwide ESI. | February 27, 2025 |
| Parties to file proposed schedule for remainder of proceedings. | March 6, 2025 |

Further, the Parties **SHALL** continue to file joint status reports every ninety days from the February 27, 2024 Order.

**IT IS SO ORDERED**.

Dated: June 26, 2024

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge