UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CORECIVIC, INC., a Maryland corporation,

Defendant.

CORECIVIC, INC., a Maryland corporation,

Counterclaimant,

v.

SYLVESTER OWINO and JONATHAN GOMEZ, on behalf of themselves and all others similarly situated,

Counterdefendants.

Case No.: 17-CV-1112 JLS (SBC)

**ORDER GRANTING DEFENDANT'S EX PARTE MOTION TO STAY DEADLINE TO BEGIN PRODUCTION OF DETENTION FILES**

(ECF No. 295)

Presently before the Court is Defendant and Counterclaimant CoreCivic, Inc.'s ("Defendant") *Ex Parte* Motion to Stay Deadline to Begin Production of Detention Files ("Mot.," ECF No. 295). Plaintiffs and Counterdefendants Sylvester Owino and Jonathan

1

Gomez (collectively, "Plaintiffs") have not filed a response to the Motion.

On June 26, 2024, the Court ordered Defendant to begin rolling productions of random sample of detainee files by July 29, 2024.  ECF No. 293.  Defendant now asks the Court to stay this deadline, citing intervening circumstances.  Specifically, U.S. Immigration and Customs Enforcement ("ICE") has now claimed ownership of the detainee files.  *See* Decl. Counsel ¶¶ 11, ECF No. 294-2.  ICE contends Defendant cannot release any files or other ESI until ICE reviews the documents and verifies that their release complies with federal non-disclosure statutes and regulations.  *See id.*  ICE estimates this process will require an approximately six-month extension of this matter's current discovery deadlines.  *Id.* ¶ 21.  This requested extension is the subject of Defendant's contested, noticed Motion to Extend Deadlines ("Extension Mot.," ECF No. 294).

Defendant argues that if the Court declines to stay its rapidly approaching deadline, it will be stuck "between a rock and a hard place."  Mot. at 4.  Specifically, absent a stay, Defendant will be forced to chose between violating an order of a federal agency or violating an order of this Court.  *Id.*  Instead, per Defendant, the Court should stay its preliminary deadline until "the issues in the Motion to Extend are resolved."  *Id.*

District courts have "broad discretion" to stay actions pending before them.  *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  This discretion includes the power to stay an action pending resolution of independent proceedings if "it is efficient for [the court's] own docket and the fairest course for the parties."  *Leyva v. Certified Grocers of Cal.*, 593 F.2d 857, 863 (9th Cir. 1979).  When determining whether a stay is appropriate, courts must consider (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  "[I]f there is even a fair possibility that the stay for which [the moving party] prays will work damage to someone else," the moving party must "make out a clear case of hardship or inequity in being required to go forward."  *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).  Moreover,

17-CV-1112 JLS (SBC)

"[a] stay should not be granted unless it appears likely the [independent] proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864.

The Court agrees that a stay is warranted here. First, given Defendant's assurances that it will continue "to work in the background to identify and gather files," any prejudice to Plaintiffs that stems from the stay will be minimal. *See* Mot. at 3–4. Second, CoreCivic unquestionably faces hardship if the Court forces it to disobey an ICE order without first resolving the legal issues implicated by ICE's contentions. Third, a stay will give the Court and the Parties adequate time to address the above-referenced legal issues. Accordingly, the Court **GRANTS** Defendant's Motion and **STAYS** Defendant's deadline to begin the rolling production of detainee files until the resolution of Defendant's Extension Motion.

**IT IS SO ORDERED**.

Dated: July 25, 2024

Hon. Janis L. Sammartino
United States District Judge

17-CV-1112 JLS (SBC)