# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sylvester Owino and Jonathan Gomez, on behalf of themselves, and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>CoreCivic, Inc., a Maryland corporation,<br><br>        Defendant. | Case No. 17cv1112-JLS (MSB)<br><br>**ORDER GRANTING JOINT MOTION FOR SUPPLEMENTAL PROTECTIVE ORDER** |
| CoreCivic, Inc., a Maryland corporation,<br><br>        Counter-Claimant,<br><br>v.<br><br>Sylvester Owino and Jonathan Gomez, on behalf of themselves, and all others similarly situated,<br><br>        Counter-Defendants. | |

The Court, having held a telephonic discovery hearing on August 28, 2024, regarding production of detention files and electronically stored information ("ESI") pertaining to U.S. Immigration and Customs Enforcement ("ICE") detainees whose information may be protected by 8 U.S.C. § 1367 and/or 8 C.F.R. § 208.6, **IT IS HEREBY ORDERED** that the following Supplemental Protective Order is entered. This Supplemental Protective Order provides additional protections to the above-referenced documents and does not replace or otherwise alter the existing Order Granting Joint Motion for Entry of Protective Order ("Protective Order") (Dkt. 60),

the provisions of which remain in effect.

## SUPPLEMENTAL PROTECTIVE ORDER

1. The Court has been fully briefed as to ICE's concerns with respect to 8 U.S.C. § 1367 and 8 C.F.R. § 208.6 and the limitations they impose on the federal government's ability to disclose information pertaining to detainees with "1367 protections" and asylum claims.

2. Nevertheless, the Court finds that the detention files and ESI at issue should be produced in connection with this litigation (*see* Dkt. 192, 252, 284, 293) and therefore orders their production pursuant to the terms of this Supplemental Protective Order.

3. CoreCivic shall produce the detention files and ESI with the label: CONFIDENTIAL/ATTORNEYS' EYES ONLY. CoreCivic is not required to make redactions to any such documents.

4. Unless otherwise provided in this Supplemental Protective Order or the existing Protective Order, access to documents marked "CONFIDENTIAL/ ATTORNEYS' EYES ONLY" will be restricted to: the Court and its officers; attorneys in this action and their support staff, including paralegals, legal interns, and legal assistants; testifying or consulting experts; any person noticed for deposition or designated as a trial witness to the extent reasonably necessary to prepare such person to testify, except as prohibited by this Order; U.S. agency officials who are decision makers related to this litigation; where production is required by the Federal Rules of Civil Procedure; or where production is ordered by the Court. Any person to whom disclosure is made will be furnished with a copy of this Order and will be subject to the Order.

5. Documents marked "CONFIDENTIAL/ATTORNEYS' EYES ONLY" shall not be disclosed to the public or to any current or former inmate or detainee, and will be handled accordingly at all times barring written agreements by CoreCivic and ICE to modify or remove the designation or a Court order.

17cv1112-JLS (MSB)

6. Use of documents marked "CONFIDENTIAL/ATTORNEYS' EYES ONLY" in a deposition or court proceeding shall be governed by Paragraphs 9 and 12 of the existing Protective Order (Dkt. 60).

7. Use of documents marked "CONFIDENTIAL/ATTORNEYS' EYES ONLY" in filings on the public docket shall be governed by Paragraphs 10–11 of the existing Protective Order (Dkt. 60).

8. Additional protections and limitations on dissemination and use of CONFIDENTIAL INFORMATION as stated in the existing Protective Order (Dkt. 60) shall also apply to documents marked "CONFIDENTIAL/ATTORNEYS' EYES ONLY" pursuant to this Supplemental Protective Order.

9. The Court may modify this Order in the interests of justice or for public policy reasons.

**IT IS SO ORDERED.**

Dated: September 10, 2024

Honorable Michael S. Berg
United States Magistrate Judge

3                                          17cv1112-JLS (MSB)