STRUCK LOVE BOJANOWSKI & ACEDO, PLC
Daniel P. Struck, AZ Bar #012377
*(admitted pro hac vice)*
Rachel Love, AZ Bar #019881
*(admitted pro hac vice)*
Nicholas D. Acedo, AZ Bar #021644
*(admitted pro hac vice)*
Ashlee B. Hesman, AZ Bar #028874
*(admitted pro hac vice)*
Jacob B. Lee, AZ Bar #030371
*(admitted pro hac vice)*
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Tel.: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com

LAW OFFICE OF ETHAN H. NELSON
Ethan H. Nelson, CA Bar #262448
4 Park Plaza, Suite 1025
Irvine, California 92614
Tel.: (949) 229-0961
Fax: (949) 861-7122
ethannelsonesq@gmail.com

Attorneys for Defendant/Counter-Claimant
CoreCivic, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sylvester Owino and Jonathan Gomez, on behalf of themselves, and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CoreCivic, Inc., a Maryland corporation, <br><br> Defendant. | NO. 3:17-cv-01112-JLS-MSB <br><br> **JOINT STATUS REPORT** <br><br> Judge: Honorable Janis L. Sammartino <br> Magistrate Judge: Honorable Michael S. Berg |

| | |
|---|---|
| 1 | CoreCivic, Inc., a Maryland corporation, |
| 2 | |
| 3 | Counter-Claimant, |
| 4 | v. |
| 5 | Sylvester Owino and Jonathan Gomez, on behalf of themselves, and all others similarly situated, |
| 6 | |
| 7 | Counter-Defendants. |

Pursuant to ECF No. 284, Plaintiffs Sylvester Owino and Jonathan Gomez ("Plaintiffs") and Defendant CoreCivic, Inc. ("CoreCivic") hereby submit this Joint Status Report regarding electronically stored information ("ESI") review and production.

## I. PLAINTIFFS' STATEMENT

Plaintiffs agree with Defendant's representation, below, that Defendant has made two productions of nationwide ESI (first on October 30, 2024 and then on November 13, 2024). Plaintiffs are in the process of reviewing the productions and are awaiting further productions of nationwide ESI by Defendant.

## II. DEFENDANT'S STATEMENT

In the parties' August 26, 2024 Joint Status Report (Dkt. 305), CoreCivic stated it had identified approximately 179 custodians at 12 facilities that fit within the parameters set by the Court for production of ESI (Dkt. 284). Since then, CoreCivic has further revised the list by identifying additional custodians who were inadvertently counted twice, either because they were at two different facilities, held multiple ADO-level positions, transferred between facilities at issue, etc. during the relevant timeframe. (*See* Dkt. 305.) This has resulted in a revised total of 156 custodians. CoreCivic does not anticipate any further revisions to the custodian list.

As of the date of this report, CoreCivic has collected ESI for approximately

102 of those custodians,[1] including facility-level and FSC-level custodians, with collections for 54 custodians remaining. CoreCivic has worked with its ESI vendor to develop a process to allow the vendor to perform the remaining collections, which should speed the process and result in fewer collection errors. The vendor has informed CoreCivic it expects to complete the collections for the remaining custodians by December 6, 2024, at which point all data will be available for review and production by the review team.

In the meantime, CoreCivic has begun reviewing and producing ESI from the custodians collected to date. CoreCivic has identified 929,381 documents (parent documents and family members) that hit on one or more of the agreed-upon search terms after de-duplication.[2] To facilitate timely and efficient review of such a large number of documents, the vendor is using TAR 2.0 Continuous Multi-Modal Learning technology to identify and prioritize likely responsive documents for review by the review team.[3]

---

[1] In the parties' last Joint Status Report, CoreCivic stated it had collected ESI for approximately 108 custodians. Upon further review, some of those were collections for the same person at different facilities, in different ADO-level positions, and/or for different timeframes. The revision process discussed above resulted in a revised total of 102 custodians for whom ESI has been collected.

[2] This number is from ESI collected to date. It will necessarily increase once the remaining collections are complete.

[3] As stated in the parties' June 4, 2024 Joint Status Report regarding ESI and other subjects, TAR 2.0 uses an algorithm to select an initial batch of documents that may be relevant based on the search terms provided. (Dkt. 292 at 9–10.) Those documents are then reviewed by a team of contract attorneys retained by the vendor and coded for (among other things) responsiveness. The results of those reviews are then input into the system, and the algorithm selects another batch of documents that may be relevant based on the new, more refined information it has received. This cycle continues until a pre-determined threshold is reached in which most of the relevant documents in the universe of ESI are likely to have already been identified and the burden of reviewing the remaining documents would outweigh the likelihood of identifying remaining documents that are relevant, responsive, and likely to be of use to the parties in resolving the claims. Throughout this process, counsel for CoreCivic

CoreCivic made its first production of nationwide ESI on October 30, 2024, and made a second production on November 13, 2024. CoreCivic has produced 19,059 pages of ESI from 4,211 documents to date.[4] CoreCivic will continue to make rolling productions every other Wednesday through December 11, 2024.[5] To avoid the need to make a production on Wednesday, December 25, 2024, CoreCivic will make that production on Friday, December 20, 2024. CoreCivic will thereafter continue making productions every other Friday until the production is complete (with the final production on February 27, 2025, pursuant to the Court's June 26, 2024 Order (Dkt. 293)).

---

serves as a second-level, quality-control review team to ensure that the contract review attorneys are accurately identifying and coding relevant and responsive documents and that the algorithm is receiving accurate information to allow it to refine its search for relevant and responsive documents. (Id.)

[4] 494 of the documents were produced in a native format (e.g., Excel) that would have added thousands of pages to the page count had they been produced in a non-native image format.

[5] Due to the nature of the TAR 2.0 process, which starts slowly at first as the algorithm learns to recognize potentially relevant documents and then moves more quickly as the algorithm is refined, CoreCivic expects future productions to increase in size.

Dated: November 25, 2024

By s/ Jacob B. Lee
Daniel P. Struck
dstruck@strucklove.com
Rachel Love
rlove@strucklove.com
Nicholas D. Acedo
nacedo@strucklove.com
Ashlee B. Hesman
ahesman@strucklove.com
Jacob B. Lee
jlee@strucklove.com
STRUCK LOVE BOJANOWSKI & ACEDO, PLC

Ethan H. Nelson
LAW OFFICE OF ETHAN H. NELSON
ethannelsonesq@gmail.com

Attorneys for Defendant/Counter-Claimant CoreCivic, Inc.

By s/Alan R. Ouellette(w/permission)
Eileen R. Ridley
Geoffrey Raux
Alan R. Ouellette
FOLEY & LARDNER LLP

Robert L. Teel
LAW OFFICE OF ROBERT L. TEEL

Attorneys for Plaintiffs/Counter-Defendants Sylvester Owino, Jonathan Gomez, and the Proposed Class(es)

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual of the United States District Court for the Southern District of California, I hereby certify that the content of this document is acceptable to Alan R. Ouellette, counsel for Plaintiffs, and that I have obtained authorization to affix his electronic signature to this document.

Dated: November 25, 2024   By  Jacob B. Lee
                              Jacob B. Lee

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 26, 2024, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

Dated: November 25, 2024   By  Jacob B. Lee
                              Jacob B. Lee