1

2

3

4        **UNITED STATES DISTRICT COURT**

5        **SOUTHERN DISTRICT OF CALIFORNIA**

6    Sylvester Owino and Jonathan Gomez,      Case No. 17cv1112-JLS (MSB)
     on behalf of themselves, and all others
7    similarly situated,                      **ORDER ENTERING PARTIES'**
                                              **JOINT PROPOSED SCHEDULE**
8                    Plaintiffs,              **FOR REMAINDER OF**
                                              **PROCEEDINGS WITH**
9    v.                                       **MODIFICATIONS [ECF NO. 325]**

10   CoreCivic, Inc., a Maryland
     corporation,
11
                     Defendant.
12
     CoreCivic, Inc., a Maryland
13   corporation,

14                   Counter-Claimant,

15   v.

16   Sylvester Owino and Jonathan Gomez,
     on behalf of themselves, and all others
17   similarly situated,

18                   Counter-Defendants.

19

20

21        Pursuant to the Court's Order Setting Fact Discovery and Class Notice

22   Schedule [ECF No. 293], the parties submitted their Joint Proposed Schedule for

23   Remainder of Proceedings on March 6, 2025.  (ECF No. 325 ("Proposed

24   Schedule").)  The Court has reviewed the Proposed Schedule and has cause to make

25   some adjustments to the schedule.  For example, the Court requires a mandatory

26   settlement conference after an Early Neutral Evaluation conference is held.  See

27   CivLR 16.1(d).  Accordingly, the Court will enter the Proposed Schedule as the

28   official Scheduling Order, with some modifications as follows:

| Date | Description |
|------|-------------|
| April 17, 2026 | Deadline to serve interrogatories, requests for production, and requests for admissions |
| June 19, 2026 | Fact discovery deadline |
| July 24, 2026 | Expert designations |
| September 4, 2026 | Rebuttal expert designations |
| October 2, 2026 | Rule 26(a)(2)(A) and (B) disclosures |
| November 6, 2026 | Expert discovery deadline |
| December 11, 2026 | Pretrial motions deadline (including dispositive and *Daubert* motions) |
| December 28, 2026 | Confidential briefs for Mandatory Settlement Conference |
| January 5, 2027 at 9:30 a.m. | Mandatory Settlement Conference |
| January 22, 2027 | Memoranda of Contentions of Fact and Law and other filings required by LR 16.1(f)(2) |
| January 22, 2027 | Rule 26(a)(3) pretrial disclosures |
| January 29, 2027 | LR 16.1(f)(4) meet and confer deadline |
| February 5, 2027 | Objections to Rule 26(a)(3) disclosures |
| February 5, 2027 | Plaintiffs to provide proposed Pretrial Conference Order to Defendant |
| February 12, 2027 | Proposed Pretrial Conference Order to be lodged in accordance with LR 16.1(f)(6) |
| February 18, 2027 at 1:30 p.m. | Final Pretrial Conference |

1.     A Mandatory Settlement Conference shall be conducted on **January 5, 2027**, at **9:30 a.m.**, in the chambers of **Magistrate Judge Michael S. Berg** located at **221 West Broadway, second floor, San Diego, CA 92101**.

2.    Upon arrival, parties should check in with Judge Berg's chambers using the callbox located by the second-floor elevators.  All discussions at the Mandatory Settlement Conference will be informal, off-the-record, privileged, and confidential.  Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

a.    **Personal Appearance of Parties Required**:  All named parties, party representatives, claims adjusters for insured defendants, and the principal attorney(s) responsible for the litigation, must be present **in person** and prepared to discuss and resolve the case.  Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

b.    **Full Settlement Authority Required**:  A party or party representative with full settlement authority must be present at the conference. Retained outside corporate counsel must not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter into a settlement.  A government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference has (1) primary responsibility for handling the case, and (2) authority to negotiate and recommend settlement offers to the government official(s) having ultimate settlement authority.

c.    **Confidential Settlement Statements Required**:  By **December 28, 2026**, the parties shall submit directly to Magistrate Judge Berg's chambers (via hand delivery or by e-mail to the Court at efile_berg@casd.uscourts.gov), confidential settlement statements.  The statements are limited to ten (10) pages, plus an additional ten (10) pages of exhibits.  Each party's settlement statement must outline (1) significant facts established during discovery and the effect these facts have on the issues in the case; (2) counsel's

insights regarding how best to reach settlement; (3) a **specific demand/offer for
settlement**; and (4) any previous settlement negotiations or mediation efforts.  The
Mandatory Settlement Conference statement **must not merely repeat** what was
contained in the Early Neutral Evaluation conference brief or any earlier settlement
brief.  To the extent specific discovery responses, portions of deposition testimony,
or expert reports are pertinent to the Court's evaluation of the matter, these
documents must be attached as exhibits.  Evidence supporting or refuting either
party's claim for damages must also be identified and included as an exhibit.  A
general statement, such as a party will "negotiate in good faith," is **not** a specific
demand or offer.  The settlement statement should be submitted confidentially and
need not be shared with other parties.

        d.      **Requests to Continue a Mandatory Settlement Conference**:
Any request to continue the Mandatory Settlement Conference, or request for relief
from any of the provisions or requirements of this Order, must be sought by a
**written application**.  **Absent good cause, requests for continuances will not be
considered unless submitted in writing no fewer than seven (7) calendar days
prior to the scheduled conference.**

      **If the case is settled in its entirety before the scheduled date of the
conference, counsel and any unrepresented parties must still appear in person,
unless a written joint notice confirming the complete settlement of the case is
filed no fewer than twenty-four (24) hours before the scheduled conference.**

      **IT IS SO ORDERED.**

     3.      The Parties shall continue to file joint status reports every ninety days.
(See ECF No. 293 at 4.)

Dated:  March 24, 2025

Honorable Michael S. Berg
United States Magistrate Judge