UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO and JONATHAN GOMEZ, *on behalf of themselves and all others similarly situated*,<br><br>        Plaintiffs and Counter-Defendants,<br><br>v.<br><br>CORECIVIC, INC.,<br><br>        Defendant and Counter-Claimant. | Case No.:  17cv1112-JLS (MSB)<br><br>**ORDER GRANTING JOINT MOTION FOR RECONSIDERATION OF ORDER GRANTING JOINT MOTION TO EXTEND DISCOVERY RESPONSE DEADLINE AND ALL REMAINING CASE DEADLINES**<br>**[ECF NO. 351]** |

Before the Court is the parties' Joint Motion for Reconsideration of the Court's May 4, 2026, Order [ECF No. 350].  (See ECF No. 351 ("Joint Motion").)  For the reasons set forth below, the Joint Motion is **GRANTED**.

### I.    BACKGROUND

On May 1, 2026, the parties filed a Joint Motion to Extend Discovery Response Deadline and All Remaining Case Deadlines By Ninety (90) Days.  (See ECF No. 349.)  The parties requested that all remaining deadlines in the Scheduling Order be extended by ninety days to preserve the sequencing of expert discovery, dispositive motion practice, and pretrial proceedings.  (Id. at 2.)

//

On May 4, 2026, the Court extended the deadline to complete fact discovery to coincide with the deadline to complete expert discovery but left the rest of the Scheduling Order intact.  (See ECF No. 350.)

On May 20, 2026, the parties filed a Joint Motion for Reconsideration of the Court's Order Granting Joint Motion to Extend Discovery Response Deadline and All Remaining Case Deadlines By Ninety (90) Days with Modification.  (See ECF No. 351.)

## II.   APPLICABLE LAW

"[A] motion for reconsideration should not be granted, absent **highly unusual circumstances** . . . ."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (emphasis added).  Also, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time" that could reasonably have been raised earlier.  Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

Local rules may impose further limitations on motions for reconsideration.  For example, pursuant to the Local Civil Rules of Practice for the United States District Court for the Southern District of California:

> Whenever any motion . . . has been made to any judge and has been refused in whole or in part, or has been granted conditionally or on terms, and a subsequent motion . . . is made for the same relief in whole or in part upon the same or any alleged different state of facts, it will be the continuing duty of each party and attorney seeking such relief to present to the judge to whom any subsequent application is made an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior [motion], including inter alia: (1) when and to what judge the [motion] was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior [motion].

CivLR 7.1(i)(1).

Bearing this legal standard in mind, the Court must determine whether reconsideration of the Court's May 4, 2026, Order [ECF No. 350] is warranted.

### III.    DISCUSSION

On May 20, 2026, the Court held a Telephonic Case Management Conference, during which counsel for the parties further explained the need for a continuance of all remaining deadlines in the Scheduling Order.  (See ECF No. 352.)  Following the conference, Magistrate Judge Berg conferred with District Judge Sammartino's chambers regarding the Joint Motion.

### IV.    CONCLUSION

Having conferred with the Honorable Janice L. Sammartino, and for good cause shown, the Court **GRANTS** the Joint Motion and **ISSUES** the following Amended Scheduling Order:

| EVENT | PREVIOUS DEADLINE | NEW DEADLINE |
|---|---|---|
| Written Discovery Deadline | April 17, 2026 | **Unchanged** |
| Fact Discovery Deadline | June 19, 2026 | **October 1, 2026** |
| Expert Designations | July 24, 2026 | **November 5, 2026** |
| Rebuttal Expert Designations | September 4, 2026 | **December 17, 2026** |
| Rule 26(a)(2)(A) and (B) Disclosures | October 2, 2026 | **January 19, 2027**[1] |
| Expert Discovery Deadline | November 6, 2026 | **February 18, 2027** |
| Pretrial Motions Deadline[2] | December 11, 2026 | **March 25, 2027** |
| Mandatory Settlement Conference Confidential Briefs Due[3] | December 28, 2026 | **April 12, 2027** |
| Mandatory Settlement Conference with the Honorable Michael S. Berg | January 5, 2027, at 9:30 a.m. | **April 19, 2027, at 9:30 a.m.** |
| Memoranda of Contentions of Fact and Law and Other Filings Required by Civ LR 16.1(f)(2) | January 22, 2027 | **April 22, 2027** |

[1] The parties' proposed deadline of January 18, 2027, is a Court holiday.

[2] Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  Failure to make a timely request for a motion date may result in the motion not being heard.

[3] All guidelines in the Court's March 24, 2025, Scheduling Order remain in place.  (See ECF No. 326.)

3

17cv1112-JLS (MSB)

| Rule 26(a)(3) Pretrial Disclosures Deadline | January 22, 2027 | **May 6, 2027** |
|---|---|---|
| Civ LR 16.1(f)(4) Meet and Confer Deadline | January 29, 2027 | **May 13, 2027** |
| Deadline to Object to Rule 26(a)(3) Pretrial Disclosures | February 5, 2027 | **May 20, 2027** |
| Plaintiffs to Provide Proposed Pretrial Conference Order to Defendant | February 5, 2027 | **May 20, 2027** |
| Proposed Pretrial Conference Order to be Lodged per Civ LR 16.1(f)(6) | February 12, 2027 | **May 27, 2027** |
| Final Pretrial Conference with the Honorable Janice L. Sammartino | February 18, 2027, at 1:30 p.m. | **June 3, 2027, at 1:30 p.m.** |

**IT IS SO ORDERED**.

Dated:  May 20, 2026

Honorable Michael S. Berg
United States Magistrate Judge

17cv1112-JLS (MSB)